SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521
mumhofer@spertuslaw.com
emitchell@spertuslaw.com
lenriquez@spertuslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association, JOSEPH BURK, HARRY TASHDJIAN, KARYN PINSKY, CHARLES MALOW, CHARLES VAN SCOY, GEORGE FREM, GARY WHITTER, and LEANDRO SUAREZ, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 2:20-cv-02291 <br><br> (to be related to *Orange County Catholic Worker et al v. County of Orange, et al*, Case No. 18-CV-00155-DOC-JDE) <br><br> **NOTICE OF RELATED CASE** <br><br> **[C.D. Cal. L.R. 83-1.3]** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 83-1.3, Plaintiffs LA Alliance for Human Rights, an unincorporated association, Joseph Burk, Harry Tashdjian, Karyn Pinsky, Charles Malow, Charles Van Scoy, George Frem, Gary Whitter, and Leandro Suarez ("Plaintiffs") file the instant Notice of Related Case. This case calls for a determination of the same or substantially identical questions of law

NOTICE OF RELATED CASE

and fact and is likely to entail substantial duplication of labor for the judges assigned to each respective case.

## I.   These Cases Should Be Related Because They Call for a Determination of the Same or Substantially Identical Questions of Law

In *Orange County Catholic Worker et al v. County of Orange, et al*, Case No. 18-CV-00155-DOC-JDE, Judge Carter has made specific determinations of law surrounding the issue of sufficiency of shelter needed for those experiencing homelessness, including as required under the Ninth Circuit opinion issued in *Martin v. City of Boise,* 920 F.3d 584 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 674 (2019).   This case involves substantially the same issue, and plaintiffs anticipate similar or identical legal issues will be submitted to the Court for determination.

Additionally, the County of Los Angeles is a defendant in this case, and any legal issues decided herein, or any agreement entered into, would necessarily affect all 88 cities within Los Angeles County because i) the County has a continuing obligation to provide support services to indigent persons including and in particular those experiencing homelessness, and ii) plaintiffs argue for the County's obligation to provide shelter beds in a more comprehensive manner affecting all 88 cities within its jurisdiction.  On September 23, 2019, plaintiffs in *Orange County Catholic Worker* filed a motion to file a supplemental complaint against the city of Bellflower [Docket No. 339]; that same day, plaintiffs filed a notice of settlement and settlement agreement with the City of Bellflower [Docket No. 341]. On October 7, 2019 the Court granted plaintiffs' motion to file the supplemental complaint [Docket No. 351] and signed the settlement order [Docket No. 355].  The city of Bellflower is within the County of Los Angeles; therefore, any substantive order or agreement occurring in this case would necessarily affect the city of Bellflower and potentially the settlement reached in the *Orange County Catholic Worker* case. Moreover, upon information and belief, several other cities with the County of Los Angeles are considering a

similar path as Bellflower and voluntarily entering into a pre-filing or concurrent-filing settlement with plaintiffs in *Orange County Catholic Worker*, and this case would affect those cities and settlements similarly. Finally, the parties in this case anticipate a potential amended complaint or crossclaim against other cities within Los Angeles County which could include Bellflower and other cities in current negotiations.

## II. In the Interests of Judicial Economy and Consistency, the Cases Should be Related.

In light of the substantially similar legal issues presented in these cases, litigating these cases separately would create a substantial duplication of labor if heard by different judges. Judge Carter, having presided over *Orange County Catholic Worker* and related cases, is already familiar with the law surrounding these issues. Moreover, having separate judges within the same district deciding the same issue may result in inconsistent rulings on crucial issues, such as the sufficiency of number of beds needed to resume enforcement of certain quality of life laws under *Martin v. City of Boise*, as well as the intricacies involved in siting constitutionally appropriate shelters for those experiencing homelessness. Accordingly, relating these two cases is appropriate under Local Rule 83-1.3.1.

Dated: March 11, 2020    */s/ Elizabeth A. Mitchell*
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*