BROOKE WEITZMAN SBN 301037
WILLIAM WISE SBN 109468
ELDER LAW AND DISABILITY
RIGHTS CENTER
1535 E 17th Street, Suite 110
Santa Ana, California 92705
t. 714-617-5353
e. bweitzman@eldrcenter.org
e. bwise@eldrcenter.org

CAROL A. SOBEL SBN 84483
WESTON ROWLAND  SBN 327599
LAW OFFICE OF CAROL SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, California 90401
T. 310 393 3055
e. carolsobellaw@gmail.com
e. rowland.weston@gmail.com

PAUL L. HOFFMAN SBN  71244
CATHERINE SWEETSER SBN 271142
SCHONBRUN, SEPLOW, HARRIS &
 & HOFFMAN
11543 W. Olympic Blvd.
Los Angeles, California 90064
t.  310 396 7031
e. hoffpaul@aol.com
e. csweetser@sshhlaw.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>       Defendants. | Case No.: 2:20-cv-02291 DOC-KES<br><br>EX PARTE APPLICATION FOR INTERVENTION AND APPEARANCE AT THE CONFERENCE SET FOR MARCH 19, 2020<br><br>Action filed:  March 10, 2020<br><br>Date: March 19, 2020<br>Time: 10:00 a.m.<br>Ctrm: 1 (1st Street Federal Courthouse)<br><br>Assigned to the Hon. David O. Carter |

1

## I. EX PARTE APPLICATION TO INTERVENE

Pursuant to Fed. R. Civ. Proc. 65 and Local Civil Rule 65-1, Applicant Orange County Catholic Worker ("OCCW") files for an Ex Parte order to allow OCCW to intervene as a matter of right in this action and/or to intervene at the conference set for March 19, 2020 at 10:00 am. in Courtroom 1 of the United States District Court in Los Angeles, California before the Honorable David O. Carter. Absent the requested relief, *OCCW* will suffer irreparable harm because the March 19 conference is likely to deal with matters that directly and adversely impact *OCCW*.

Counsel for *OCCW* advised each counsel below of this Ex Parte Application by email. Attorney Mitchell, counsel for Plaintiffs, was advised on March 16, 2020. Counsel for the City and County were advised on March 17, 2020. There is no indication of their positions on the Ex Parte Application.

This Ex Parte Application is based on the Complaint, the Memorandum of Points and Authorities below, the Notice of Related Case, the argument of counsel, and such further evidence as the Court may consider regarding this Application.

Pursuant to Local Civil Rule 7-19, Plaintiff provides the following information:

Elizabeth A. Mitchell
Spertus, Landes & Umhofer LLP
617 W. 7th Street, Suite 200
Los Angeles, California 90017
T: (213) 205-6520
E: emitchell@spertuslaw.com

Micheal N. Feuer
City Attorney
200 N. Main Street
City Hall East, Rm. 800
Los Angeles, California 90012
T: (213) 978-8100
E: mike.feuer@lacity.org

Mary Wickham
Los Angeles County Counsel
Kenneth Hahn Hall of Administration
500 West Temple Street #648
Los Angeles, California 90012
T: (213) 974-1833
E. mwickham@counsel.lacounty.gov

Dated: March 17, 2020

Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL

By: _____/s/ Carol A. Sobel_____
      CAROL A. SOBEL
Attorneys for Applicant Intervenor

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action involves a lawsuit brought primarily by business owners in downtown Los Angeles, who seek to have this Court issue orders to compel the City and County of Los Angeles to take action against unhoused persons that, in many instances, contravenes existing judicial decisions involving the City of Los Angeles.

The case was initially assigned to the Honorable Steven Wilson in the Central District - Western Division. On March 11, 2020, Plaintiffs filed a Notice of Related Case. [Doc. 10], asserting that this matter is related to *Orange County Catholic Worker, et al. v. County of Orange*, Case No. 18-CV-00155-DOC-JDE ("*OCCW*").

The Orange County Catholic Worker, the organizational plaintiff in the related case, now moves to intervene in this action. Intervention is mandatory as the cases involve related issues and an adverse determination in *LA Alliance* could directly and adversely impact the unhoused individuals are represented by the Catholic Worker.

## I. A DETERMINATION IN *LA ALLIANCE* WILL POTENTIALLY AFFECT THE CONSENT DECREE IN *OCCW*

There are two reasons to grant intervention to *OCCW* in this action. The first reason to grant intervention is, as Plaintiffs argued in their Notice of Related Case, the two actions involve the "[d]etermination of the [s]ame or [s]ubstantially [i]dentical [q]uestions of []aw." Notice of Related Case at p. 2.

> In Orange County Catholic Worker et al v. County of Orange, et al, Case No. 18-CV-00155-DOC-JDE, Judge Carter has made specific determinations of law surrounding the issue of sufficiency of shelter needed for those experiencing homelessness, including as required under the Ninth Circuit opinion issued in Martin v. City of Boise, 920 F.3d 584 (9th Cir. 2019), cert. denied, 140 S. Ct. 674 (2019). This case involves substantially the same issue, and plaintiffs anticipate similar or identical legal issues will be submitted to the Court for determination.

*Id.*

The second reason to grant intervention was also advanced in the Notice of Related Case. As Plaintiff LA Alliance states, the County of Los Angeles is named as a defendant in this action. LA Alliance recognizes that any action involving the County may impact all 88 incorporated municipalities within the County, one of

which is already a party to the consent decree in *OCCW* over which this Court already has continuing jurisdiction by agreement of the parties in *OCCW*.

> Additionally, the County of Los Angeles is a defendant in this case, and any legal issues decided herein, or any agreement entered into, would necessarily affect all 88 cities within Los Angeles County because i) the County has a continuing obligation to provide support services to indigent persons including and in particular those experiencing homelessness, and ii) plaintiffs argue for the County's obligation to provide shelter beds in a more comprehensive manner affecting all 88 cities within its jurisdiction. On September 23, 2019, plaintiffs in Orange County Catholic Worker filed a motion to file a supplemental complaint against the city of Bellflower [Docket No. 339]; that same day, plaintiffs filed a notice of settlement and settlement agreement with the City of Bellflower [Docket No. 341]. On October 7, 2019 the Court granted plaintiffs' motion to file the supplemental complaint [Docket No. 351] and signed the settlement order [Docket No. 355]. The city of Bellflower is within the County of Los Angeles; therefore, any substantive order or agreement occurring in this case would necessarily affect the city of Bellflower and potentially the settlement reached in the Orange County Catholic Worker case. Moreover, upon information and belief, several other cities with the County of Los Angeles are considering a similar path as Bellflower and voluntarily entering into a pre-filing or concurrent-filing settlement with plaintiffs in *Orange County Catholic Worker*, and this case would affect those cities and settlements similarly. Finally, the parties in this case anticipate a potential amended complaint or crossclaim against other cities within Los Angeles County which could include Bellflower and other cities in current negotiations.

*Id.* at pp. 2-3.

To illustrate why LA Alliance believes these two actions are necessarily related, their counsel raises the issue of potentially "inconsistent rulings on crucial issues, such as the sufficiency of number of beds needed to resume enforcement of certain quality of life laws under *Martin v. City of Boise*[.]" Both *Jones v. City of Los Angeles*, 444 F.3d 1118 (9th Cir. 2006) *(vacatur issued following settlement),* and then *Martin v City of Boise*, 902 F.3d 1031 (9th Cir. 2019), were central to the *OCCW* litigation on the issue of what constitutes an appropriate "indoor" shelter bed that would override the Eighth Amendment claim of unhoused persons.

**II. THE CATHOLIC WORKER IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT**

Federal Rules of Civil Procedure 24(a) provides that a a party "who claims an interest relating to the property or transaction that is the subject of the action, and is

4

so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" must be allowed to intervene in a case "unless existing parties adequately represent that interest." Fed. R. of Civ. Proc. 24(a)(2).

To be granted intervention as a matter of right, OCCW must demonstrate that 1) it has a "significant protectable interest" relating to the matter that is the subject of the action; 2), a decision in the action may, as a practical matter, impair or impede OCCW's ability to protect its interest; 3) the request to intervene is timely; and 4) the existing parties may not adequately represent OCCW's interest. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). OCCW's application satisfies each of these prongs of the test for intervention as of right.

Rule 24(a) does not require a specific legal or equitable interest. Instead, "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (internal citation omitted). An interest is sufficient if resolution of a plaintiff's claims "actually will affect the applicant." *United States v. City of Los Angeles*, 288 F.3d 391, 398-99 (9th Cir. 2002). While "no specific legal or equitable interest need be established, ... [n]evertheless, the movant must demonstrate a significantly protectable interest." *Greene v. U.S.*, 996 F.2d 973, 976 (9th Cir. 1993) (citations omitted).

As noted by LA Alliance, at the heart of their case is the question of what meets the requirements of *Martin*, to have adequate appropriate shelter. This question is central to the consent decree in *OCCW* with the County and municipal defendants in the *OCCW* action. The consent decrees provide that no enforcement of anti-camping and similar quality of life violations may occur unless and until there is appropriate alternative indoor facilities available equal to, or greater than, 60% of the unhoused population in the defendant entity as determined by the most recent Point-in-time count. This is a "significant protectable interest" on behalf of OCCW, satisfying the first element of the intervention by right test.

To satisfy the third element of the test for intervention as of right, "[a]pplicants

need not demonstrate that their interests would be impaired in a legal sense, only that their interests "would be substantially affected in a practical sense." *Sw. Ctr. for Biological Diversity*, 268 F.3d , at 822 (9th Cir. ) (quoting Fed. R. Civ. P. 24 advisory committee's note). As Plaintiffs' Notice of Related Case underscores, a decision by the Court in this action could directly "impair or impede" intervenor OCCW's "ability to protect its interest" because a different and potentially less favorable resolution for unhoused persons in this action would undermine the consent decree in *OCCW* and would likely cause the defendants in that action to seek to reopen those agreements. On this basis, the second element of the test is met.

The request to intervene is timely. It is made only two days after this Court agreed to the transfer of this matter as a related case and before the defendants in *LA Alliance* have appeared. Timeliness is measured by three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay," if any. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (internal citation omitted). A motion made "at an early stage of the proceedings" will usually meet the timeliness element. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion to intervene timely "less than three months after complaint was filed and less than two weeks after the answer was filed").

Finally, intervention is necessary because there is no party that will represent the interests of *OCCW* and the unhoused persons it represents. "[T]he burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Whether another party's representation of Applicants' interests is adequate depends on: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "The 'most important factor' in assessing the

adequacy of representation is 'how the interest compares with the interests of existing parties.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (quoting *Arakaki*, 324 F.3d at 1086).

No existing party will adequately represent the interests of OCCW in this instance. No party to this action will vigorously defend the constitutional and statutory rights of unhoused persons.[1] The plaintiffs in *LA Alliance* bring this action after a failed attempt to intervene in *Mitchell v. City of Los Angeles*, Case No. 2:16-cv-01750-SJO-JPR and overturn key elements in the permanent injunction approved by the Honorable S. James Otero and agreed to by the parties to protect the property interests of unhoused persons. The defendant City opposed the interests of unhoused persons in multiple actions against the City, including the *Jones* case, raising the constitutional rights of unhoused persons left with no alternative but to reside on the sidewalks because of the lack of available housing, including shelter.

### III. CONCLUSION

Because the instant action threatens to impact the consent decree in *OCCW*, intervention should be granted. At minimum, intervention should be granted for the March 19, 2020 conference as the matters likely to be discussed are at the core of the consent decree in *OCCW*.

Dated: March 17, 2020

                              Respectfully submitted,

                              ELDER LAW & DISABILITY RIGHTS CENTER
                              LAW OFFICE OF CAROL A. SOBEL
                              SCHONBRUN, SEPLOW, HARRIS & HOFFMAN

                              By: /s/   Carol A. Sobel
                              CAROL A. SOBEL
                              Attorneys for Plaintiffs

---

[1] In the motion to intervene in *Mitchell*, Hal Bastian, a plaintiff in *LA Alliance*, submitted a declaration using the term "undesirables" to identify unhoused persons. *See* Dec. of Bastian at ¶¶ 11,14 [2:16-cv-01750-SJO-JPR   Document 120-3, p.44].