BROOKE WEITZMAN SBN 301037
WILLIAM WISE SBN 109468
ELDER LAW AND DISABILITY
RIGHTS CENTER
1535 E 17th Street, Suite 110
Santa Ana, California 92705
t. 714-617-5353
e. bweitzman@eldrcenter.org
e. bwise@eldrcenter.org

CAROL A. SOBEL SBN 84483
WESTON ROWLAND SBN 327599
LAW OFFICE OF CAROL SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, California 90401
T. 310 393 3055
e. carolsobellaw@gmail.com
e. rowland.weston@gmail.com

PAUL L. HOFFMAN SBN 71244
CATHERINE SWEETSER SBN 271142
SCHONBRUN, SEPLOW, HARRIS &
 & HOFFMAN
11543 W. Olympic Blvd.
Los Angeles, California 90064
t. 310 396 7031
e. hoffpaul@aol.com
e. csweetser@sshhlaw.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | Case No.: 2:20-cv-02291 DOC-KES <br><br> [PROPOSED] ORDER RE: <br><br> EX PARTE APPLICATION FOR INTERVENTION AND APPEARANCE AT THE CONFERENCE SET FOR MARCH 19, 2020 <br><br> Action filed: March 10, 2020 <br><br> Date: March 19, 2020 <br> Time: 10:00 a.m. <br> Ctrm: 1 (1st Street Federal Courthouse) <br><br> Assigned to the Hon. David O. Carter |

1

Pursuant to Fed. R. Civ. Proc. 65 and Local Civil Rule 65-1, Applicant Intervenor Orange County Catholic Worker ("OCCW") filed an Ex Parte Application to Intervene as of Right in this action or, in the alternative, to be granted Intervenor status for the purpose of the conference with the parites set by the Court for March 19, 2020 at 10:00 a.m. in Courtroom 1 of the United States District Court located in Los Angeles, California.

The Court has reviewed the Ex Parte Application. The Plaintiff in this action filed a Notice of Related Case, seeking to transfer the action from the assigned judge, the Hon. Steven V. Wilson, to this Court based on the consent decree entered in *Orange County Catholic Worker, et al. v. County of Orange*, Case No. 18-CV-00155-DOC-JDE ("*OCCW*"). Applicant Intervenor argues that, absent the requested relief, OCCW will suffer potentially irreparable harm because the March 19 conference is likely to deal with matters that directly and adversely impact *OCCW*.

Counsel for Applicant Intervenor *OCCW* gave notice to counsel for each of the parties in this action of this Ex Parte Application.

## I.   THE STANDARD FOR INTERVENTION

Intervention is mandatory where cases involve related issues and an adverse determination in one, here *LA Alliance,* could directly impact the unhoused individuals in the other case, *OCCW*. In the Notice of Related Case, Plaintiffs argued that this Court should accept the transfer of *LA Alliance* specifically because core issues in the two cases are directly related. Plaintiff *LA Alliance* explicitly contended that the two actions involve the "[d]etermination of the [s]ame or [s]ubstantially [i]dentical [q]uestions of []aw." Notice of Related Case at p. 2. This Court agrees and on that basis acepted the transfer.

> In Orange County Catholic Worker et al v. County of Orange, et al, Case No. 18-CV-00155-DOC-JDE, Judge Carter has made specific determinations of law surrounding the issue of sufficiency of shelter needed for those experiencing homelessness, including as required under the Ninth Circuit opinion issued in Martin v. City of Boise, 920 F.3d 584 (9th Cir. 2019), cert. denied, 140 S. Ct. 674 (2019). This case

2

> involves substantially the same issue, and plaintiffs anticipate similar or identical legal issues will be submitted to the Court for determination.

*Id.*

The second reason to grant intervention was also advanced by Plaintiffs in the Notice of Related Case concerning the defendant County of Los Angeles. LA Alliance recognizes that any action involving the County may impact all 88 incorporated municipalities in the County, one of which is already a party to the consent decree in *OCCW* over which this Court already has continuing jurisdiction.

> Additionally, the County of Los Angeles is a defendant in this case, and any legal issues decided herein, or any agreement entered into, would necessarily affect all 88 cities within Los Angeles County because i) the County has a continuing obligation to provide support services to indigent persons including and in particular those experiencing homelessness, and ii) plaintiffs argue for the County's obligation to provide shelter beds in a more comprehensive manner affecting all 88 cities within its jurisdiction. On September 23, 2019, plaintiffs in Orange County Catholic Worker filed a motion to file a supplemental complaint against the city of Bellflower [Docket No. 339]; that same day, plaintiffs filed a notice of settlement and settlement agreement with the City of Bellflower [Docket No. 341]. On October 7, 2019 the Court granted plaintiffs' motion to file the supplemental complaint [Docket No. 351] and signed the settlement order [Docket No. 355]. The city of Bellflower is within the County of Los Angeles; therefore, any substantive order or agreement occurring in this case would necessarily affect the city of Bellflower and potentially the settlement reached in the Orange County Catholic Worker case. Moreover, upon information and belief, several other cities with the County of Los Angeles are considering a similar path as Bellflower and voluntarily entering into a pre-filing or concurrent-filing settlement with plaintiffs in *Orange County Catholic Worker*, and this case would affect those cities and settlements similarly. Finally, the parties in this case anticipate a potential amended complaint or crossclaim against other cities within Los Angeles County which could include Bellflower and other cities in current negotiations.

*Id.* at pp. 2-3.

The Court agrees with LA Alliance on the possibility of potentially "inconsistent rulings on crucial issues, such as the sufficiency of number of beds needed to resume enforcement of certain quality of life laws under *Martin v. City of Boise*[.]" Both *Jones v. City of Los Angeles*, 444 F.3d 1118 (9th Cir. 2006) *(vacatur issued following settlement),* and *Martin v City of Boise*, 902 F.3d 1031 (9th Cir. 2019), are central to the *OCCW* litigation on the issue of an appropriate "indoor"

shelter bed that would override the Eighth Amendment claim of unhoused persons.

## II. THE CATHOLIC WORKER IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT

### A. The Standard for Intervention as of Right

Federal Rules of Civil Procedure 24(a) provides that a a party "who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" must be allowed to intervene in a case "unless existing parties adequately represent that interest." Fed. R. of Civ. Proc. 24(a)(2).

To be granted intervention as a matter of right, OCCW must establish that 1) it has a "significant protectable interest" relating to the matter that is the subject of the action; 2), a decision in the action may, as a practical matter, impair or impede OCCW's ability to protect its interest; 3) the request to intervene is timely; and 4) the existing parties may not adequately represent OCCW's interest. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The Court finds that OCCW's application satisfies each of these prongs of the test for intervention as of right.

### B. Intervenor OCCW Has a "Signficant Protectable Interest"

Rule 24(a) does not require a specific legal or equitable interest. Instead, "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (internal citation omitted). An interest is sufficient if resolution of a plaintiff's claims "actually will affect the applicant." *United States v. City of Los Angeles*, 288 F.3d 391, 398-99 (9th Cir. 2002). While "no specific legal or equitable interest need be established, ... [n]evertheless, the movant must demonstrate a significantly protectable interest." *Greene v. U.S.*, 996 F.2d 973, 976 (9th Cir. 1993) (citations omitted).

### C. OCCW is Likely to Be Impacted by Rulings in *LA Alliance*

As argued by LA Alliance, at the heart of their case is the question of what facilities meet the requirements of *Martin* for available and appropriate shelter. This

question is central to the consent decree in *OCCW* with the County and municipal defendants in the *OCCW* action. This is a "significant protectable interest" on behalf of OCCW, satisfying the first element of the intervention by right test. This interest is likely to be impacted by any decision in the case at bar.

Applicant Intervenor OCCW also satisfies the third element of the test for intervention as of right. "Applicants need not demonstrate that their interests would be impaired in a legal sense, only that their interests "would be substantially affected in a practical sense." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's note).

As Plaintiffs' Notice of Related Case underscores, a decision by the Court in this action could directly "impair or impede" intervenor OCCW's "ability to protect its interest" because a different and potentially less favorable resolution for unhoused persons in this action would undermine the consent decree in *OCCW* and would likely cause the defendants in that action to seek to reopen those agreements

**C.    The Request to Intervene is Timely**

The request to intervene in this instance is timely. It is made with a few days of this Court accepting transfer of this matter as a related case and before the defendants in *LA Alliance* have appeared. Timeliness is measured by three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay," if any. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (internal citation omitted). A motion made "at an early stage of the proceedings" will generally satisfy the timeliness requirement. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion to intervene was timely when filed "less than three months after the complaint was filed and less than two weeks after the answer was filed").

**D.    No Party in this Action That Will Represent the Interests of OCCW**

Finally, the Court finds that there is no party that will represent the interests of Intervenor Applicant *OCCW* and the unhoused persons it represents. With this

element, "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Whether another party's representation of Applicants' interests is adequate depends on: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003). "The 'most important factor' in assessing the adequacy of representation is 'how the interest compares with the interests of existing parties.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (quoting *Arakaki*, 324 F.3d at 1086).

No existing party will adequately represent OCCW's interests here. As the Intervenor Applicant asserts, the plaintiffs in *LA Alliance* bring this action after attempting to intervene in *Mitchell v. City of Los Angeles*, Case No. 2:16-cv-01750-SJO-JPR, challenging a permanent injunction approved by the Honorable S. James Otero to provide due process for the property interests of unhoused persons on Los Angeles' Skid Row. The defendant City opposed the interests of unhoused persons in multiple actions, including *Jones* and *Mitchell*.

## III.  CONCLUSION

The Court finds that the Applicant Intervenor has met the requirements for intervention as of right as this action has a significant potential to directly impact the consent decree in *OCCW,* over which this Court has continuing jurisdiction.

Dated: _____

UNITED STATES DISTRICT JUDGE

Lodged by:

LAW OFFICE OF CAROL A. SOBEL

   By: /s/   Carol A. Sobel
CAROL A. SOBEL
Attorneys for Plaintiffs