MICHAEL FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-6952
Facsimile (213) 978-7011
arlene.hoang@lacity.org
jessica.mariani@lacity.org

Attorneys for Defendant CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association, JOSEPH BURK, HARRY TASHDJIAN, KARYN PINSKY, CHARLES MALOW, CHARLES VAN SCOY, GEORGE FREM, GARY WHITTER, and LEANDRO SUAREZ, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: 2:20-cv-02291-DOC-KES<br>Assigned to Judge David O. Carter<br><br>**STATEMENT OF DEFENDANT CITY OF LOS ANGELES RE: EX PARTE APPLICATION TO INTERVENE**<br><br>**Emergency Status Conference:**<br><br>**Location:** 350 W. 1st Street<br>Suite 4311 – Courtroom 1<br>Los Angeles, CA 90012<br>**Date:** March 19, 2020<br>**Time:** 10:00 a.m. |

Within hours of the filing of the Orange County Catholic Worker's ("Intervenor") *Ex Parte* Application For Intervention And Appearance At The Conference Set for March 19, 2020 (Dkt. No. 16, the "Application"), the Court issued an order granting that application before any parties to this action had an opportunity to oppose it.

In order to preserve all rights, objections, and arguments of Defendant City of Los Angeles (the "City") with respect to the Intervenor's Application, the City respectfully submits to the Court that it intended to timely oppose the *ex parte* application within the 24-hour timeframe allowed by the Court's rules, on the grounds that the Intervenor (1) did not sufficiently establish the necessity for relief on an *ex parte* basis, and (2) did not satisfy the requirements for intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

With respect to Rule 24(a), neither of the Intervenor's two asserted grounds for intervention demonstrate a "significant protectable interest" at stake in this action to warrant intervention. *See Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (affirming denial of motion to intervene as of right based on failure to demonstrate a "significant protectable interest"). Even if the Intervenor had a significant protectable interest in this action, the Intervenor failed to show how a decision involving the County of Los Angeles in this action will impair or impede the Intervenor's ability to protect any such interest in a consent decree with the City of Bellflower (which is not a party here) in a case that Plaintiffs claim is related to this one. Finally, the Intervenor did not establish that no existing party would adequately represent that interest. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1087-88 (9th Cir. 2003) (affirming denial of motion to intervene where intervenors' interests would be adequately represented by existing parties).

///

//

//

1

STATEMENT OF DEFENDANT CITY OF LOS ANGELES RE: EX PARTE APPLICATION FOR INTERVENTION

Dated: March 17, 2020

MICHAEL N. FEUER, City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
ARLENE N. HOANG, Deputy City Attorney
JESSICA MARIANI, Deputy City Attorney

/s/ Jessica Mariani
Deputy City Attorney
Attorneys for Defendant City of Los Angeles