# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.<br>　　　　Plaintiff(s),<br><br>vs.<br><br>City of Los Angeles, et. al.<br>　　　　Defendant(s). | CASE NO. 20-02291-DOC<br><br>Hon. David O. Carter<br>Courtroom 1<br><br>ORDER GRANTING INTERVENORS' EX PARTE APPLICATION TO INTERVENE AS OF RIGHT<br><br>Complaint Filed: March 10, 2020 |

1

ORDER GRANTING EX PARTE APPLICATION TO INTERVENE

Pursuant to Federal Rule of Procedure 24, Plaintiffs LA CAN and LACW have moved to intervene as of right or, in the alternative, for permissive intervention in this case.

Proposed Intervenor LA CAN is a grassroots, non-profit organization that has operated in Skid Row and throughout Los Angeles for approximately two decades. The primary purpose of the organization is to organize and empower community residents to work collectively to address systemic poverty and oppression in the community. For example, in 2016, LA CAN was a supporter of Measure HHH and since then, has spent considerable resources working to ensure accountability in the spending of Measure HHH funds, including threatening litigation in 2016 to prevent the expenditure of funds on projects that were not authorized by the proposition. LA CAN is a membership organization with unhoused members who are currently unsheltered on the streets of Los Angeles. LA CAN moves to intervene in this lawsuit on its own behalf and on behalf of its members who are unsheltered in Skid Row and throughout Los Angeles.

Proposed Intervenor Los Angeles Catholic Worker, ("LACW"), founded in 1970, is an unincorporated lay Catholic community of women and men that operate a free soup kitchen, hospitality house for the homeless, hospice care for the dying and by-monthly newspaper. In furtherance of its mission, the Hippie Kitchen provides food and other services, including access to dental care, over-the-counter medications, podiatry services, toiletries and other personal items, including shopping carts.

Both LA CAN and LACW were plaintiffs in *Mitchell v. City of Los Angeles*, along with four homeless individuals who lived on the streets in Skid Row, and who were arrested for incredibly minor quality of life offenses or subjected to street cleanings, and had all of their belongings seized and destroyed or otherwise stored in a location that was completely inaccessible to them. The individual plaintiffs in the action assigned their rights to enforce the settlement to LA CAN and LACW.

ORDER GRANTING EX PARTE APPLICATION TO INTERVENE

In *Mitchell v. City of Los Angeles*, the parties entered into significant negotiations and finally reached a tentative settlement. The Court retained jurisdiction to enforce the settlement, and the Court dismissed the case. After the settlement was finalized, the Plaintiffs in this case, then operating under the name Downtown Alliance for Human Rights, filed a motion to intervene, which was denied as untimely. The Plaintiffs filed a notice of appeal, but subsequently dismissed that appeal and simultaneously filed this instant lawsuit, making the same allegations as those outlined in Plaintiffs' Motion to Intervene and as discussed below, seeking in part to invalidate the settlement agreement in *Mitchell*.

## I. PROPOSED INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Federal Rules of Civil Procedure 24(a) provides that a party "who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" must be allowed to intervene in a case "unless existing parties adequately represent that interest." Fed. R. of Civ. Proc. 24(a)(2).

To be granted intervention as a matter of right, Proposed Intervenors must demonstrate that 1) they have a "significant protectable interest" relating to the matter that is the subject of the action; 2) a decision in the action may, as a practical matter, impair or impede Proposed Intervenors' ability to protect its interest; 3) the request to intervene is timely; and 4) the existing parties may not adequately represent proposed Intervenors' interest. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "Though the applicant bears the burden of establishing these elements, we have repeatedly instructed that 'the requirements for intervention are [to be] broadly interpreted in favor of intervention.'" *Smith v. Los Angeles Unified School District*, 830 F.3d 843, 853 (9th Cir. 2016). Proposed Intervenors easily satisfy each of these prongs.

Proposed Intervenors have a significant protectable interest in this litigation. Rule 24(a) does not require that the protectable interest at stake in the litigation be a

specific legal or equitable interest. *In re Estate of Ferdinand E. Marcos Human Rights Litigation*, 536 F.3d 980, 984–85 (9th Cir. 2008)( quoting *S. Cal. Edison Co. v. Lynch,* 307 F.3d 794, 802 (9th Cir.2002). Proposed Intervenors have a legally protectable interest in the settlement in *Mitchell v. City of Los Angeles*, which Plaintiffs explicitly and implicitly challenge in this lawsuit. Plaintiffs allege in the seventh cause of action that the settlement in *Mitchell* was a project under CEQA, for which an environmental review was required. *See* Comp., ¶ 165. The eleventh cause of action challenges the settlement on due process and equal protection grounds, namely that the settlement distinguished between Skid Row and the rest of the City without a rational reason for doing so. In addition to those causes of action that explicitly mention the *Mitchell* settlement, other causes of action, including the first, third through fourth, and seventh causes of action for negligence, nuisance, and violations of substantive due process, relate to conditions in Skid Row that Plaintiffs allege throughout the complaint were caused by the *Mitchell* injunction and settlement. *See e.g.*, Comp., ¶¶ 30, 37, 48; Comp., Pg. 47. [1]

To satisfy the second prong of the test for intervention as a matter of right, Proposed Intervenors must show that "the disposition of this case will, as a practical matter, affect" the interest at stake. *California ex rel Lockyer v. U.S.*, 450 F.3d 436, 442 (9th Cir. 2006). Again, as with all of the factors, the proposed intervenors "need not demonstrate that their interest would be impaired in a legal sense, only that their

---

[1] Proposed Intervenors also have legally protected interests stemming from advocacy to pass and subsequently to protect the integrity of Measure HHH, *see Washington State Building & Construction Trades v. Spellman*, 684 F.2d 627 (9th Cir. 982), as well as on behalf of their members, who have a protectable interest to be free from increased enforcement and the violation of their constitutional rights. Although less concrete than the right to protect their settlement, Courts have recognized these as sufficient interests to support intervention, particularly where, as here, there is no other representation of unsheltered homeless people in Los Angeles, who are most likely to be impacted by any proposed remedies in this case.

ORDER GRANTING EX PARTE APPLICATION TO INTERVENE

interest 'would be substantially affected in a practical sense." *Sw. Ctf. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir.) (quoting Fed. R. Civ. P. 24, Advisory Committee Notes).

    Here, the remedy sought by the Plaintiffs could have the effect of undermining or even invalidating Proposed Intervenors' settlement with the City of Los Angeles. Indeed, Plaintiffs are seeking to do so here, just Plaintiffs explicitly sought to do when they moved to intervene in the *Mitchell*, and they intended to object to and ultimately aimed to invalidate the settlement. This is a more than sufficient showing for intervention. *See e.g., Idaho Farm Bureau Fed. v. Babbit*, 58 F.3d 1392, 1398 (1995) (decision in another case that could result in a legal decision undermining the result of another case is sufficient showing of impairment to support intervention). In addition, however, the settlement could also result in orders related to the expenditures of Measure HHH funds and changes in the allocation of resources, as well as the increased criminalization and enforcement of laws against LA CAN's members. All of these potential outcomes, contemplated by the sweeping complaint filed by Plaintiffs, could impact Proposed Intervenors' rights.

    Third, as the City of Los Angeles has not yet answered, the request is timely. A request made "at an early stage of the proceedings" will generally satisfy the timeliness requirement. *See Citizens for Balanced Use v. Mont.Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

    Finally, the parties in this case have distinct interests to those of the Proposed Intervenors and cannot adequately represent the Proposed Intervenors' interests. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 (1972). Proposed Intervenors are the only party that represent the interests of unhoused persons. Proposed Intervenors easily show they have a protectable interest that could be affected by the resolution in this case, that they were timely in seeking to intervene, and that none of the parties can protect their interests. As such, Proposed Intervenors are entitled to intervene as a matter of right.

## II. LA CAN AND LACW SHOULD BE ALLOWED PERMISSIVE INTERVENTION

In the alternative, this court finds that the Proposed Intervenors have also met the requirements of Rule 24(b), which allows permissive intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is in the "broad discretion of the trial court." *GOJO Indus., Inc. v. Barough*, ("*GOJO*"), No. SACV171382DOCJDEX, 2018 WL 5880829, at *3 (C.D. Cal. Apr. 2, 2018). LACAN and LACW represent important interests in this case that are otherwise not represented and as such, should be allowed to permissively intervene.

As noted above, none of the parties currently in the case, include any individual who is currently unsheltered in Los Angeles. On the other hand, LA CAN and LACW have members and clients who live on the streets. Moreover, organizers and staff of LA CAN and LACW monitor what is happening on the streets, not just in Skid Row, but throughout Los Angeles. For example, the complaint alleges that the encampment under the overpass at Venice and the 405 is blocking the sidewalk. LA CAN has organizers and members that regularly visit that encampment and are familiar with the conditions there. The sweeps and property seizures at the overpass at Venice and the 405 divert LA CAN's resources; yet this lawsuit is alleging the need for increased sweeps and enforcement. Complaint at 177.

Similarly, LA CAN, as mentioned above, has unhoused members that reside on Skid Row and would be impacted by increased sweeps and enforcement. Not only are their interests affected, their participation will aid the court in determining the factual context of the litigation and in proving or disproving the parties' statements about accessibility and state-created danger. It will also aid the court to hear from un-sheltered individuals, as the only unhoused individual who is a Plaintiff became sheltered prior to the lawsuit beginning.

The Court finds that LA CAN and LACW have meet the standard for

intervention as of right, as this litigation has significant potential to impact the settlement reached in the *Mitchell* case. It is so ORDERED.

Dated: March 18, 2020

*David O. Carter*

The Honorable David O. Carter
United States District Judge