SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association, JOSEPH BURK, HARRY TASHDJIAN, KARYN PINSKY, CHARLES MALOW, CHARLES VAN SCOY, GEORGE FREM, GARY WHITTER, and LEANDRO SUAREZ, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 200 inclusive,<br><br>Defendants. | Case No. 2:20-cv-02291 DOC-KES<br><br>**STATUS CONFERENCE REPORT**<br><br>**Date: March 19, 2020**<br>**Time: 10:00AM**<br>**Ctrm: 350 W. 1st Street**<br>　　　**Los Angeles, CA 90012**<br>　　　**Courtroom 1** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs hereby submit the following Report in advance of the status conference scheduled for March 19, 2020:

STATUS CONFERENCE REPORT

Plaintiffs understand and appreciate that this crisis is unfolding rapidly. The County and City are juggling a tremendous amount and significant efforts have gone into managing competing interests while maintaining public health to the extent possible. Plaintiffs thank and commend the County and City for their tremendous work, and submit this status report to identify issues that remain a priority for Plaintiffs.

**Permanent/Interim Solutions**

After the COVID-19 pandemic has abated, the homeless crisis will remain, and as the Court as noted, there needs to be a plan in place to resettle individuals who are in emergency shelters or hotels/motels into a more sustainable solution rather than back on the streets. Those solutions will take time to implement, and planning for them should begin immediately.

According to the City and County Joint Status Report, Docket No. 43, there are 400 beds set to open in March, and an additional "1,000-plus" interim or permanent supportive beds planned to open in the next several months. While the addition of any interim and permanent beds is welcome, 1,400 beds are less than 5% of the goal of 60% of unsheltered beds in the County.

In response to the Court's requirement that the City evaluate whether it is going to accept the modular housing model proposal presented by the Court on March 19, 2020, the City has indicated it is "still collecting information" to determine whether modular housing is feasible under "state and local building and fire codes" and it is unclear if they are "certified for occupancy."

The urgency of the homelessness crisis requires a different approach. Building and code variances can be easily and swiftly granted, particularly during an emergency. The threshold question is whether the City and County are prepared to pursue a solution on this scale, immediately. If cost and land are not an issue for the Defendants, bureaucratic barriers can be overcome through

variances and alterations. The Court's willingness to actively facilitate large-scale solutions presents a unique and powerful opportunity—the Defendants must decide whether they are prepared to seize that opportunity.

There are other, low-cost solutions exist which would fit within the same parameters, but these, too, would require immediate planning and implementation[1]:

- SHARE! collaborative housing can begin to scale up immediately for $4,000 per bed.
- Tiny houses may be used to create small, medium, or larger villages, at a cost of approximately $5,000 per bed.
- 3D printed homes can be produced in 24 hours and cost $4,000 per home.

**Hotel/Motel Rooms**

Plaintiffs have undertaken significant efforts to secure the leasing of hotel/motel rooms, but the County, which is facilitating the funding for this effort, has yet to close key deals. A broker has sent a master lease and indicated that if terms could be reached, over 30 hotels would be willing to participate, and likely more. Plaintiffs sent the master lease and concerned terms to the County the morning of March 25 and connected the County with the relevant brokers. As of the time of this filing, no further action has been taken. Plaintiffs request this Court discuss with the County, and potentially the broker if the Court deems it appropriate, to determine whether an acceptable deal may be reached as soon as possible.

//

//

---

[1] Hard copies of all options and proposals, including contact information, will be available at the March 26, 2020 hearing.

**Emergency Shelters**

As of the March 24, 2020 hearing, eight temporary shelters had been opened in recreation centers throughout the city. Yet the City noted it has the "capability" to open "up to 42" shelters "based on need." All parties agree that the need exists, yet is it unclear when, if ever, the remaining shelters will be opened.

Furthermore, while Plaintiffs appreciate and applaud efforts to include only those exhibiting symptoms consistent with COVID-19 in the emergency shelters, it is unclear how many, if any, individuals have demonstrated positive symptoms and have been taken to quarantine locations and how many, if any, have refused quarantine and what has happened with those individuals.

**Conclusion**

Plaintiffs are heartened by the City's and County's efforts to support and assist the homeless during the COVID-19 crisis. This crisis has underscored the vulnerability of the homeless population, and the urgent need for action on behalf of the unsheltered. Plaintiffs remain focused on the longer-term goal of providing sustainable shelter and services for the homeless and securing clean and safe streets for the benefit of all.

Dated: March 25, 2020

*/s/ Matthew Donald Umhofer*
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*