Jeffrey Lewis (Bar No. 183934)
Sean Rotstan (Bar No. 316041)
**JEFF LEWIS LAW**
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274
Tel. (310) 935-4001
Fax. (310) 872-5389
E-Mail: Jeff@JeffLewisLaw.com

Attorneys for Proposed Intervenor-
Plaintiff VENICE STAKEHOLDERS
ASSOCIATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No.: 20-CV-02291-DOC-KES<br><br>**PROPOSED INTERVENOR-PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO INTERVENE AS ADDITIONAL PLAINTIFF**<br><br>Date:<br>Time:<br>Crtm:　1 (1st Street Federal Courthouse)<br><br>Hon. David O. Carter<br>Courtroom 1<br><br>Complaint Filed: March 10, 2020 |

　　TO ALL ATTORNEYS OF RECORD, pursuant to Local Rule 7-19, Proposed Intervenor-Plaintiff Venice Stakeholders Association ("VSA") files this ex parte application to allow VSA to intervene as an additional plaintiff, participate in this action, and participate in status conferences.

---

EX PARTE APPLICATION

1  Counsel for VSA advised counsel for plaintiffs, the City of Los Angeles and
2  the County of Los Angeles by email on April 10, 2020 regarding this application.
3  Attorney Elizabeth Mitchell representing Plaintiffs LA Alliance for Human Rights,
4  Charles Malow, Charles Van Scoy, Gary Whitter, George Frem, Harry Tashdjian,
5  Joseph Burk, Karyn Pinksky, and Leandro Suarez expressed that she did not oppose
6  the application. There is no indication of the remaining parties' positions to date
7  regarding the ex parte application.

8  This ex parte application is based on the complaint, the Memorandum of
9  Points and Authorities below, the argument of counsel, and such further evidence as
10 the Court may consider regarding this Application.

11 Pursuant to Local Civil Rule 7-19, VSA provides the following information:

| | |
|---|---|
| Elizabeth Anne Mitchell, Esq.<br>Matthew Donald Umhofer, Esq.<br>**SPERTUS LANDES AND UMHOFER LLP**<br>617 West 7th Street, Suite 200<br>Los Angeles, CA 90017<br>Tel. (213) 205-6520 | Mary Wickham<br>**LA COUNTY ATTORNEY**<br>Hahn Hall of Admin.<br>500 W. Temple St. # 648<br>Los Angeles, CA 90017<br>Tel. (213) 974-1833 |
| Arlene Nancy Hoang, Esq.<br>Scott D. Marcus, Esq.<br>Jessica Mariani, Esq.<br>**LA CITY ATTORNEY'S OFFICE**<br>200 North Main Street Room 675<br>Los Angeles, CA 90012<br>Tel. (213) 978-7558 | Byron J. McLain, Esq.<br>**FOLEY AND LARDNER LLP**<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071-2411<br>Tel. (213) 972-4500 |
| Brooke Alyson Weitzman, Esq.<br>William R. Wise, Jr., Esq.<br>**ELDER LAW AND DISABILITY RIGHTS CENTER**<br>1535 East 17th Street Suite 110<br>Santa Ana, CA 92705<br>Tel. (714) 617-5353 | Brandon D. Young, Esq.<br>**MANATT PHELPS AND PHILLIPS LLP**<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Tel. (310) 312-4281 |
| Shayla Renee Myers, Esq.<br>**LEGAL AID FOUNDATION OF LA**<br>7000 S. Broadway<br>Los Angeles, CA 90003<br>Tel. (213) 640-3983 | Catherine Elizabeth Sweetser, Esq.<br>**SCHONBRUN SEPLOW**<br>11543 West Olympic Boulevard<br>Los Angeles, CA 90064<br>Tel. (310) 396-0731 |



Carol A. Sobel, Esq.
Weston C. Rowland, Esq.
**LAW OFFICE OF CAROL A. SOBEL**
725 Arizona Avenue Suite 300
Santa Monica, CA 90401
Tel. (310) 393-3055

DATED: April 14, 2020       **JEFF LEWIS LAW**

By: ___s/ Jeffrey Lewis___
Jeffrey Lewis
Sean C. Rotstan

Attorneys for Proposed Intervenor-Plaintiff VENICE STAKEHOLDERS ASSOCIATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Summary of Relief Sought

Proposed Intervenor-Plaintiff Venice Stakeholders Association ("VSA") files this ex parte application to intervene. Plaintiff filed this action on March 10, 2020. VSA previously applied, ex parte, for leave to participate in this action as an amicus party (Doc. 45). That application was denied. (Doc. 57). VSA now seeks to intervene as a plaintiff.

This current action, brought by the Los Angeles Alliance for Human Rights ("LA Alliance") an unincorporated association made up primarily of business owners in Downtown Los Angeles, seeks to have this court issue orders to compel the City and County of Los Angeles to take actions regarding homelessness that could greatly impact property owners, property renters and the homeless in all areas of Los Angeles County, not just downtown Los Angeles. VSA has a direct and tangible interest in this litigation that will be necessarily impaired if the existing Plaintiffs settle this case, prevail after trial or do not prevail. The complaint on file in this action and this Court's future orders potentially impact all areas within Los Angeles County including the Venice district of Los Angeles. The prayer for relief in the complaint includes a prayer for injunctive relief. If this Court issues (or withholds) injunctive relief pursuant to a trial or settlement, that relief will necessarily affect the provision of services to the homeless in Venice and that, in turn, will impact the quality of life of Venice residents, both property owners and renters. VSA is comprised of property owners and renters who live within Venice and are directly impacted by the homeless and the City and County's efforts to address the needs of the homeless. VSA seeks to intervene for purposes of helping the Court fashion injunctive and declaratory relief. VSA disclaims all interest in any awards of damages.

## II. Background

### A. Proposed Intervenor

VSA, founded in 2009, is a nonprofit organization dedicated to civic improvement. The VSA supports slow growth, the limits of the Venice Local Coastal Specific Plan, neighborhood safety, better traffic circulation, increased parking for residents, neighborhood beautification projects, historic preservation, habitat restoration and protection of coastal waters. Representing residents in the Venice district of the City of Los Angeles, California, the VSA has grappled with the horrendous impact of the increase of the homeless population in Venice from approximately 400 persons in 2014 to 1,100 persons now, as documented by the Los Angeles Homeless Services Authority's annual homeless count.

The VSA provides research, education, advocacy and litigation support for Venice Beach residents to ensure that their voices are heard. VSA is presently in litigation against the City of Los Angeles, the California Coastal Commission and the Los Angeles County Metropolitan Transportation Authority over the erection of a 154-bed homeless shelter complex in violation of the California Environmental Quality Act, *VSA v. City of Los Angeles*, Case No. 19STCP00044 and *VSA v. Los Angeles County Metropolitan Transportation Authority*, Case No. 19STCP00629.[1]

## III. Proposed Intervenor is Entitled to Intervene as a Matter of Right

Federal Rules of Civil Procedure 24(a) provides that a party "who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" must be allowed to intervene in a case

---

[1] Those cases are presently under discretionary writ review by the California Court of Appeal, Second District, *Venice Stakeholders Association v. Superior Court of Los Angeles County*, Case Number B304424.

"unless existing parties adequately represent that interest." (Fed. R. of Civ. Proc. 24(a)(2)).

To be granted intervention as a matter of right, the Proposed Intervenor must demonstrate that 1) it has a "significant protectable interest" relating to the matter that is the subject of the action; 2) a decision in the action may, as a practical matter, impair or impede the Proposed Intervenor's ability to protect its interest; 3) the request to intervene is timely; and 4) the existing parties may not adequately represent proposed Intervenors' interest. (*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). "Though the applicant bears the burden of establishing these elements, we have repeatedly instructed that 'the requirements for intervention are [to be] broadly interpreted in favor of intervention.'" (*Smith v. Los Angeles Unified School District*, 830 F.3d 843, 853 (9th Cir. 2016)). VSA satisfies each of these prongs.

### A. VSA has a Significant Protectable Interest in This Litigation

Rule 24(a) does not require that the protectable interest at stake in the litigation be a specific legal or equitable interest.

> The 'interest' test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the 'interest' test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.

(*In re Estate of Ferdinand E. Marcos Human Rights Litigation*, 536 F.3d 980, 984–85 (9th Cir. 2008)(quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir.2002)).

As set forth in the accompanying declaration of VSA's president, Mark Ryavec, VSA has a legally protectible interest in the outcome of this case. VSA provides research, education, advocacy and litigation support for Venice Beach residents to ensure that their voices are heard. (Ryavec Decl. ¶ 12). VSA, founded in 2009, is a nonprofit organization dedicated to civic improvement. The VSA



Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

- 6 -
EX PARTE APPLICATION

1  supports slow growth, the limits of the Venice Local Coastal Specific Plan,
2  neighborhood safety, better traffic circulation, increased parking for residents,
3  neighborhood beautification projects, historic preservation, habitat restoration and
4  protection of coastal waters. (Ryavec Decl. ¶ 10).

### B. A Decision in this Action May Impair VSA's Ability to Protect it Property and Other Interests in the Venice Area

To satisfy the second prong of the test for intervention as a matter of right, VSA must show that "the disposition of this case will, as a practical matter, affect" the interest at stake. (*California ex Rel. Lockyer v. U.S.*, 450 F.3d 436, 442 (9th Cir. 2006)). Again, as with all of the factors VSA "need not demonstrate that their interest would be impaired in a legal sense, only that their interest 'would be substantially affected in a practical sense." (*Sw. Ctf. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir.) (quoting Fed. R. Civ. P. 24, Advisory Committee Notes)). Here, the remedy sought by the existing Plaintiffs will directly impact the quality of life of the renters and homeowners who comprise VSA and live in Venice. (See Ryavec Decl., ¶¶ 14-20).

### C. The Request is Timely

VSA's request is timely. A motion made "at an early stage of the proceedings" will generally satisfy the timeliness requirement. (See *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011)). This case was filed in March and this application was filed the following month, April. A prior request for modest participation as an amicus party was denied.

### D. Existing Parties May Not Represent VSA's Interests

Finally, the parties in this case simply cannot adequately represent VSA's interests. Whether another party's representation of Applicants' interests is adequate depends on: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed



Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

intervenor would offer any necessary elements to the proceeding that other parties would neglect." (*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). The burden to show that a party's interests may not be adequately represented is minor: "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (*Trbovich v. United Mine Workers of America*, S. 528, 538 (1972)).

### i. Differences between the Alliance and VSA as to Potential Settlement

Due to the long history of disruption of the Venice community by this large, unruly and occasionally dangerous population, prior to the filing of this lawsuit, VSA had discussions about joining the Alliance. In those discussions, VSA asked for an agreement that any new facilities that might be developed pursuant to a settlement of the Alliance suit not be placed within 200 feet of any residences or schools. The Alliance's counsel declined to give that assurance to VSA and thus, while VSA supports many of the Alliance's causes of action, VSA could not join the suit as a co-plaintiff.

### ii. Differences Between the Alliance and VSA as to LAMC 41.18

Los Angeles Municipal Code section 41.18 prohibits lying, sitting and sleeping on public rights-of-way. VSA supports amendments to Section 41.18 proposed by City Councilman Mitchell O'Farrell and the Venice Neighborhood Council that would be more restrictive regarding minimum distances of the homeless camping from residences, parks, and schools than is the current city practice. The Alliance's lead counsel has advised the VSA that the Alliance does not support the O'Farrell/VNC amendments. VSA has concerns that any settlement of this lawsuit may impact the interpretation or enforcement of Section 41.18 in a manner that does not adequately address the burden that the current city interpretation of pertinent lawsuits places on Venice residents.



### E. VSA's Concerns Regarding How Homeless are Housed During Pandemic

VSA urges the Court to order the city and county of Los Angeles to focus all temporary housing for the homeless on structures, buildings and single-occupancy tents, installed off-street, that allow for ample and enforceable self-quarantine. The City of Los Angeles is currently re-purposing city recreation centers for use as temporary shelters for the homeless. While the concept of converting recreation centers to shelters appears appropriate in this crisis, it is contraindicated by the nature of the population itself. (See Ryavec Decl., ¶¶ 14-20.)

### IV. VSA Should be Allowed Permissive Intervention

Even if VSA is not entitled to intervene as a matter of right, it should be allowed to intervene under the Court's authority pursuant to Rule 24(b), which allows permissive intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." (Fed. R. Civ. P. 24(b)(1)(B)).[2] Permissive intervention is in the "broad discretion of the trial court." VSA represents interests in this case that are not otherwise represented insofar as they represent a different geographic region, Venice, and the renters and homeowners in Venice have different needs than the business owners in downtown Los Angeles.

One of the factors to be considered by the court is "whether [the] part[y] seeking intervention will significantly contribute to full development of the underlying factual issues." (GOJO, 2018 WL 5880829, at *9 (C.D. Cal. Apr. 2, 2018). VSA is actively engaged with the community and local officials pertaining to homeless issues and balancing property rights against the rights of the homeless.

---

[2] On March 17, 2020, this Court granted intervention to Orange County Catholic Worker, the lead plaintiff in *Orange County Catholic Worker, et al. v. County of Orange*, 18-CV-00155-DOC-JDE ("OCCW"). On March 18, 2020, this Court granted intervention by LA CAN and LACW. (Doc. 29.)

At this stage of the litigation, the court has the discretion to allow VSA to intervene in the lawsuit as permissive intervenor.

## V. Conclusion

Based on the foregoing, VSA respectfully requests that the Court grant the application. VSA's president, Mark Ryavec, is available to personally or telephonically attend any proceedings at the invitation of the Court.

DATED: April 14, 2020

**JEFF LEWIS LAW**

By: ___s/ Jeffrey Lewis___
Jeffrey Lewis
Sean C. Rotstan

Attorneys for Proposed Intervenor-Plaintiff VENICE STAKEHOLDERS ASSOCIATION