SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.:  2:20-cv-02291-DOC-KES <br> Assigned to Judge David O. Carter <br><br> **PLAINTIFFS' RESPONSE TO CITY AND COUNTY PLAN IMPLEMENTING COURT ORDER DATED MAY 15, 2020** <br> . |

Plaintiffs LA Alliance for Human Rights, Charles Van Scoy, Harry Tashdjian, George Frem, Leandro Suarez, Joseph Burk, Gary Whitter, Karyn Pinsky, and Charles Malow (collectively "Plaintiffs") hereby submit the following response to Defendants City and County's separate plans filed in response to the Order re: Preliminary Injunction issued May 15, 2020:

///

///

1

PLAINTIFFS' RESPONSE TO CITY AND COUNTY PLAN IMPLEMENTING COURT ORDER

Plaintiffs recognize the tremendous amount of work that has gone into developing the City and County's respective plans within just a few days and support efforts to provide alternative housing to thousands in a thoughtful manner, including outreach and hygiene efforts. However, there are several issues that concern Plaintiffs about each plan.

### City's "Phase 1" and "Phase 2" Should Happen Simultaneously

Plaintiffs applaud the City's plan to create alternative housing for 3,100 persons estimated to reside near the freeways within a matter of months. However, it must be made clear that the plan to provide alternative housing and relocate approximately 3,100 persons is separate and distinct from Project Roomkey and recreation center exit plans. The Court's order, to Plaintiff's understanding, has nothing to do with Project Roomkey and rec center exit plans which must be handled separately and simultaneously. Plaintiffs object to the timing of the freeway-targeted shelters occurring only after Project Roomkey and Recreation Center exit plans take place. The two plans are not mutually exclusive.

Plaintiffs recognize the City's plan is carefully crafted to comply with Centers for Disease Control and Prevention (CDC) and Department of Public Health (DPH) guidelines concerning COVID-19 which provides: "If individual housing options are not available, allow people who are living unsheltered or in encampments to remain where they are." *See Interim Guidance on Unsheltered Homelessness and Coronavirus Disease 2019 (COVID-19) for Homeless Service Providers and Local Officials*, at https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-shelters/unsheltered-homelessness.html#facility-encampments (last visited May 19, 2020 at 3:58pm). According to the Court's order, housing accommodations which would meet COVID-19 distancing requirements must be provided, therefore no conflict should exist preventing the City from implementing plans immediately.

If the City's position is that its resources are taxed to capacity, and there is an inability to work on both Project Roomkey and rec center exits and freeway clearing simultaneously, that should be explained and ultimately resolved.

**County Needs to Increase Bed Capacity and Funding**

Plaintiffs further applaud the implementation of pilot projects and outreach by the County to homeless individuals near freeways. However, County's plan does not address the 3,000-4,000 individuals under, above, and around freeways that are within the county but not in the City of LA or unincorporated areas. While the County notes its intent to work with other cities within its borders, no timeline or concrete details have been provided for that to occur. And while the County notes it is not responsible for "hygiene, housing, or enforcement policies" within other cities' borders, it IS responsible for maintaining public health and providing healthcare to indigents within the County.

Most importantly, the County is the entity that receives most of the funding from the state and federal government, as well as income through Measure H, Property taxes, and other sources. As such, the County should be increasing its commitment to provide shelter for more than "200-350" people. It is also unacceptable that the County would not commit to additional funding for operational costs for the City shelters that will be coming online in the next several months; a commit to simply "work together" or even go to a mediator is not sufficient, and highlights the upcoming issues that will arise as the parties work towards larger solutions.

Finally, Plaintiffs note that given the health crisis, voluntary relocation away from freeways is inadequate. Plaintiffs concur that persons voluntarily moving into alternative options is ideal, and voluntary compliance should be fully maximized. However, given the health crisis, particularly the nexus between pulmonary health, freeway proximity, and COVID-19, the County has an obligation to ensure those locations are ultimately cleared of human habitation.

Dated: May 20, 2020

*/s/ Elizabeth A. Mitchell*
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*