Carol A. Sobel (SBN 84483)
**LAW OFFICE OF CAROL A. SOBEL**
725 Arizona Ave.
Santa Monica, California 90401
Tel:  (31) 393-3055
Email: carolsobel@aol.com

Shayla R. Myers (SBN 264054)
**LEGAL AID FOUNDATION
OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel: (213) 640-3983
Email: smyers@lafla.org

Catherine Sweetser (SBN 271142)
**SCHONBRUN SEPLOW HARRIS
& HOFFMAN, LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Tel:  (310) 396-0731
Email: catherine.sdshhh@gmail.com

*Attorneys for Intervenors CANGRESS
 and Los Angeles Catholic Worker*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.<br>Plaintiff(s),<br><br>vs.<br><br>City of Los Angeles, et. al.<br>Defendant(s). | CASE NO. 20-CV-02291-DOC-KES<br><br>Hon. David O. Carter<br>Courtroom 1<br><br>INTERVENORS LOS ANGELES COMMUNITY ACTION NETWORK AND LOS ANGELES CATHOLIC WORKER OBJECTIONS TO MAY 15, 2020 PRELIMINARY INJUNCTION<br><br>]<br><br>Complaint Filed:  March 10, 2020 |

Intervenors Los Angeles Community Action Network (LA CAN) and Los Angeles Catholic Worker (LACW) respectfully object to this Court's May 15, 2020 order, which was not requested by any party and issued *sua sponte.* We recognize that the negotiations have been difficult and that the County and City are attempting to streamline funding sources to provide additional services to individuals in the city of Los Angeles, but this order is not the solution to the stalling of those negotiations.

As this Court has noted, an injunction is an extraordinary remedy. That is particularly true where, as here, the Court issues a mandatory injunction. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (mandatory injunctions, rather than preserving the status quo *pendente lite*, are "particularly disfavored" subject to a higher standard).[1] Intervenors appreciate the willingness of the Court to consider extraordinary relief at this extraordinary time. Moreover, intervenors welcome the Court's thoughtful recognition of the harm caused by prolonged exposure to pollution and environmental hazards. These harms underscore Intervenors' concerns about the City and County's inadequate response to the threat of COVID-19 to individuals who are unhoused, and in particular, to individuals who are suffering from physical effects brought on by chronic homelessness, including the effects of living too close to freeways. The Court's recognition of these negative health impacts is appreciated. At the same time, however, Intervenors object to the Court's May 15, 2020 preliminary injunction in so far as it requires the City and County to relocate individuals who are homeless away from these locations.

First, Intervenors are concerned that following the order could result in the City and County's prioritization of people based on factors other than those recognized by public health officials as most likely to result in negative outcomes and death during this current pandemic

---

[1] The Court's Order does not address the higher standard for a Mandatory Injunction, which should be denied "unless the facts and law clearly favor" the moving party. *Id.*

**INTERVENORS' OBJECTIONS TO PRELIMINARY INJUNCTION**

Second, intervenors object that the *sua sponte* Preliminary Injunction entered by the Court orders that individuals who are camping near freeway overpasses, underpasses and ramps "be humanely relocated away from such areas."  Order re: Preliminary Injunction, Dkt. 108 ("Order") at 5.  The legal justification to do so stems from this Court's finding that there is a serious question whether the City and County have failed to meet their obligation to provide services to unhoused individuals as required by Welfare and Institutions Code Section 17000 *et seq* and the United States Constitution.  *See* Order at 4.  As an initial matter, obligations for support under Welfare and Institutions Code Section 17000 *et seq* run not to cities but to counties (or in the case of San Francisco, a city and county), which are political subdivisions of the state.  *See Hunt v. Superior Court*, 21 Cal.4th 984, 991 (1999).

Moreover, the relocation of people away from freeways, as mandated by the Court, will not remedy the legal harm caused by any failure to adequately provide shelter or services.  Even if the Court may order defendants to provide shelter or alternative forms of housing, as the Court has also done, *see* Order at 6, the focus on and requirement that individuals experiencing homelessness be relocated from near freeways is not a remedy to the legal injury identified by the Court. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). This is particularly true where the relief ordered by the Court was not sought in the complaint.  *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (relief ordered by the Court must be related to the complaint).  And no person who has been harmed by living near a freeway has requested to be displaced from these locations or has requested an injunction regulating where they are allowed to live.  On the other hand, the plaintiffs would not have standing to seek this relief.  *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

**INTERVENORS' OBJECTIONS TO PRELIMINARY INJUNCTION**

Finally, at a minimum, although this Court clarified[2] that it was not the Court's intention to require the City and County to relocate individuals immediately, given the current pandemic and public health guidance which counsels against such actions, that assurance is not reflected on the face of the order.  Without such clarification, the Court's order could be interpreted as requiring the clearing of encampments, even during the pandemic.  *See e.g.,* Plaintiffs' Response to City and County Plan Implementing Court Order, Dkt. 116 at 3 (indicating their position that the COVID-19 crisis obligates the County to clear encampments, rather than allowing individuals to remain in their present location for the duration of the pandemic).[3]

Dated: April 6, 2020                    Respectfully submitted,

                                        Schonbrun Seplow Harris & Hoffman LLP

                                        _____/s/Catherine Sweetser_____
                                        Attorneys for Intervenors

                                        Law Office of Carol A. Sobel

                                        _____/s/ Carol A. Sobel_____

                                        Legal Aid Foundation of Los Angeles

                                        _____/s/ Shayla Myers_____
                                        Attorneys for Intervenors

---

[2] *See e.g.,* Transcript of May 15, 2020 Proceedings, Dkt. 117 at p. 14.
[3] Intervenors reserve the right to address the issues raised by other parties.

**INTERVENORS' OBJECTIONS TO PRELIMINARY INJUNCTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**INTERVENORS' OBJECTIONS TO PRELIMINARY INJUNCTION**