**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 20-02291-DOC-KESx                              Date: August 10, 2020

Title: LA ALLIANCE FOR HUMAN RIGHTS ET AL V. CITY OF LOS ANGELES ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING EX PARTE APPLICATION TO INTERVENE [154]**

    Federal Rules of Civil Procedure 24(a) provides that a party "who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" must be allowed to intervene in a case "unless existing parties adequately represent that interest." Fed. R. of Civ. Proc. 24(a)(2). To be granted intervention as a matter of right, Proposed Intervenors must demonstrate that 1) they have a "significant protectable interest" relating to the matter that is the subject of the action; 2) a decision in the action may, as a practical matter, impair or impede Proposed Intervenors' ability to protect its interest; 3) the request to intervene is timely; and 4) the existing parties may not adequately represent Proposed Intervenors' interest. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Even if Proposed Intervenors were not entitled to intervene as a matter of right, they request to be allowed to intervene under the Court's authority pursuant to Rule 24(b), which allows permissive intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is in the broad discretion of the trial court.

    Proposed Intervenor-Plaintiffs the Latino Coalition of Los Angeles ("LCLA") and Pastor Josue Tiguila ("Pastor Josh") intend to intervene because of "multiple distinct issues which are

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 20-02291-DOC (KESx) | Date: August 10, 2020 |

Page 2

unique to Latinos experiencing homelessness in Los Angeles County which are not remotely represented by the current parties in this action." Mot. at 3. Among these issues are (1) Latinos are undercounted in the homeless count for unique cultural and systemic reasons and (2) because Latinos experience homelessness as a family unit at a rate higher than other racial or ethnic groups. *Id*. at 4–7.

Though the Court is sympathetic to the unique circumstances affecting Latinos experiencing homelessness, those reasons alone do not compel the Court to find that the current parties in this action do not adequately represent the interests that LCLA and Pastor Josh advocate for. Indeed, this Court granted intervention for the current Plaintiff-Intervenors in part based on their assertions that they would be "the only party that represent the interests of unhoused persons." *See* Dkt. 29 at 5. In contrast, Proposed Intervenors do not argue that the interests of unhoused persons are lacking in this lawsuit. Instead, they argue that the interests of Latinos experiencing homelessness are not adequately represented. But the Court does not find it necessary or practical to allow an organization representing a specific ethnic group to intervene. Indeed, other than explaining the unique circumstances that affect Latinos experiencing homelessness in LA, Proposed Intervenors do not explain why the current parties do not or cannot adequately represent those interests. In short, they have not shown that existing parties may not adequately represent Proposed Intervenors' interests, and thus the Court **DENIES** the application. *Donnelly*, 159 F.3d at 409.

However, that does not mean that LCLA, Pastor Josh, or other interested organizations will have no voice in this process. As the parties witnessed at the August 7 hearing, the Court is often open and willing to hear the concerns of groups who work on the front lines helping individuals experiencing homelessness in LA County. In the future, the Court may invite these groups to provide input informally just as it did at the hearing on August 7.

For the reasons stated above, the application to intervene is **DENIED**.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk:rrp |