# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. LA CV 20-02291-DOC (KESx)    Date: January 31, 2021

Title: LA Alliance for Human Rights et al v. City of Los Angeles et al.

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

|  Kelly Davis  |  N/A  |
| Courtroom Clerk | Court Reporter |

**PROCEEDINGS:** Order to Appear and Show Cause

Pursuant to the agreement entered into between the City of Los Angeles and the County of Los Angeles dated June 18, 2020, this Court agreed to monitor the joint efforts of the City of Los Angeles and the County of Los Angeles to respond to their rapidly accelerating and increasingly deadly epidemic of homelessness. The parties to that Agreement, Plaintiffs and Intervenors, are hereby invited to appear and show cause why the Court should not deploy any and all equitable remedies to address the crisis of homelessness gripping the City and County of Los Angeles. While it is the understanding of the Court that the County has complied with its obligations under the agreement, it does not appear the City has made similar progress.

The homelessness crisis, combined with the impact of the Covid crisis and soaring mental health and substance abuse issues among the unsheltered, has led to what all parties agree is now a crisis approaching that which would typically follow a significant natural disaster in Southern California with no end in sight. Pursuant to the agreement of the parties in June, whereby the Court undertook to monitor the City's and County's agreements and efforts, the Court has conducted several status conferences and other less formal discussions with plaintiffs, defendants and interested third parties. The Court witnessed on January 29, 2021 the impact of a significant rain event on the homeless in Skid Row. The Court notes that the average rainfall in Downtown Los Angeles in January is 3.12 inches http://www.laalmanac.com/weather/we08.php and that on just two days, January 28 and 29, 2021, .98 inches and .72 inches of rain fell on Skid Row creating extraordinarily harsh conditions for the unsheltered.
http://www.laalmanac.com/weather/we13a.php.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. <u>LA CV 20-02291-DOC (KESx)</u>                        Date: January 31, 2021
                                                                                                                     Page 2

       The Court also notes that while some ad hoc efforts were made to respond to the crisis presented by the storm and its severe impact on the homeless in downtown — particularly elderly women and victims of mental illness, at least one of whom was naked and suffering from hypothermia— it was only through the efforts of Councilman Kevin DeLeon, Union Rescue Mission, Skid Row Advisory Council, Salvation Army, Volunteers of America and Downtown Women's Center that additional suffering and loss of life was averted. These conditions cannot be allowed to continue!

       It is the Court's concern that despite seven months of promises, conferences, plans and meetings, nothing substantial has been done to remediate the appalling and dangerous conditions in Los Angeles' Skid Row for the homeless population. It should be noted that 1,383 homeless persons died in the City and County of Los Angeles in 2020, and this reflects a 32% increase of the number of homeless deaths recorded in 2019.

       Indeed, if the impact of homelessness on the City and County could be calculated, it appears to the Court the conditions are substantially worse than those existing in June, 2020, when the parties agreed to the initial set of action steps and funding commitments, notwithstanding the fact that the County has made the payments to the City which it promised to make.

       Therefore, the Court is convening and inviting the parties to appear on Skid Row at the Downtown Women's Center, located at the corner of 5th and San Pedro, on **Thursday, February 4, 2021**, to present evidence of any actions already taken and completed to address the homelessness crisis from the onset of this litigation in March, 2020, to the present, and provide progress and status reports regarding the agreement of June 18, 2020. Social distancing protocol will be observed as in all prior hearings.

In addition, on or before **February 16, 2021**, the parties shall provide the following:
       1. An inventory of city and county properties which will serve as locations for temporary housing, including the location of the property and capacity in terms of the number of beds it can facilitate.
       2. A report disclosing all available funds to service the homeless and how these funds are to be allocated.
       3. Briefs addressing all equitable remedies available to the Court that would require the City of Los Angeles and its elected officials to take action to provide relief to the homeless community, said briefs to be filed and served on or before February 16, 2021 (the Court will schedule an additional hearing to consider these briefs following their submission); and,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. <u>LA CV 20-02291-DOC (KESx)</u>　　　　　　　　　　　　　　Date: January 31, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

　　　　Although the Court is reluctant to substitute its judgment for that of elected officials as to what action is necessary to alleviate the current crisis in the streets of Los Angeles City and County, the Court, cannot allow the paralysis of the political process to continue to endanger the lives of homeless and the safety of the communities in which they reside The City and County of Los Angeles have been given a reasonable opportunity to devise and implement a strategy to address the homeless crisis in their respective jurisdictions.

　　　　The Court is also aware of the burden placed on private property owners by the failure of the City and the County to act to identify locations on city and county property where the homeless can be housed in a humane way and to which services can be directed.

　　　　The Court is further aware of the danger to life and dignity of the homeless and to the people of Los Angeles by this apparent abdication of responsibility by local authorities to keep the streets safe and passable. It seems self-evident that any significant adverse weather event or other natural disaster will likely decimate the homeless population to a much greater extent than other residents of the City and County.

　　　　By Emergency Proclamation dated March 20, 201, 7Los Angeles Mayor Eric Garcetti declared as follows:

*". . . Los Angeles City Charter Sec. 231 and Los Angeles Administrative Code Sec. 8.22 empower the Mayor of the City of Los Angeles to proclaim the existence or threatened existence of a local emergency when and occurrence which by reason of its magnitude is or is like to become beyond the control of the normal services, personnel, equipment and facilities of the regularly constituted branches and departments of the City government."*.

　　　　Clearly the Los Angeles City Charter places in the hands of its Mayor the authority to take all action necessary to end this "local emergency" as it appears that homelessness in this region has gone "*beyond the control of the normal services, personnel, equipment and facilities of the regularly constituted branches and departments of the City government."*

　　　　Therefore, the Court specifically requests the parties address in their briefs the following:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. <u>LA CV 20-02291-DOC (KESx)</u>　　　　　　　　　　　　　　　　　　　　Date: January 31, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

1. the outer limit of the Court's structural equitable remedy power in these circumstances, with particular reference to the breadth and significance of the orders upheld by the Supreme Court; and,
2. an agreed upon statement of facts regarding current conditions

In preparing their Status Conference presentation and their briefing of the issues the Court has identified, the Court requests the parties address the comments of Chief Justice Roberts in oral argument in *Brown v. Plata,* 563 U.S. 493 (2011) concerning the prospect of government by federal district court order. The Chief Justice's concern in Plata is the Court's concern now —what if various federal district courts order various structural remedies that exhaust a local government's capacity and budget?— but that concern must be balanced against the demonstrated immediate loss of life occurring in the streets as a result of homelessness and the impositions on the public and private property owners by this systemic failure of government.

If the Court lacks jurisdiction to address these issues, then what remedy is available in the face of an apparent failure on the part government officials to act? If the Court does not specifically order the construction and staffing of tents such as those erected this past week, will not more homeless persons, including women and disabled veterans simply perish due to exposure, suicide and/or the ravages of substance abuse?

The Court respectfully requests the presence of Los Angeles Mayor Garcetti and City Attorney Feuer. The Court believes the attendance of Chairwoman Solis the County Board of Supervisors will be beneficial. The Court invites third party briefing in regard to the issues identified above.

The difficult legal issues address herein are not unprecedented. They deal with questions of the extent and limits of a federal district court's authority to act after a long period of inaction by local government officials that is reminiscent of the conditions district courts faced in the aftermath of ***Brown v. Board of Education***. There of course, the constitutional violations were of a different sort (though increasingly it is obvious that the impact of homelessness on communities of color is so immense that to call it other than intentional is to ask the Court to blind itself to apparent reality.)

The Court finds expedited briefing and an early hearing on these issues is made necessary by the exigent circumstances of the clear and present danger to the lives of those now residing on Skid Row.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. <u>LA CV 20-02291-DOC (KESx)</u>                                                                 Date: January 31, 2021
                                                                                                                                            Page 5

<u>     The Court must determine whether the failure to address life-threatening conditions now existing on Skid Row and throughout the City and County is a result of a lack of adequate resources, or reflects an unwillingness on the part of local officials to acknowledge the nature and extend of the crisis and make the hard choices and difficult decisions necessary to effectively address these life-threatening conditions.  The Court is encouraged by the County's continuing payments and the development of the Los Virgenes Project, however paralysis in the City appears to be complete. The Court hopes this impression is proven wrong and to that end looks forward to discussing these issues with the Mayor and City Attorney on **February 4, 2021**.</u>

                                                                                                                        <u>            </u>:

MINUTES FORM 11                                                                              Initials of Deputy Clerk:
CIVIL-GEN                                                                                               <u>kd</u>