RODRIGO A. CASTRO-SILVA (SBN 185251), *County Counsel*
rcastro-silva@counsel.lacounty.gov
LAUREN M. BLACK (SBN 192302), *Assistant County Counsel*
AMIE S. PARK (SBN 273346), *Deputy County Counsel*
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

BYRON J. MCLAIN (SBN 257191)
bmclain@foley.com
FOLEY & LARDNER, LLP
555 South Flower Street, Suite 3300
Los Angeles, California 90071
Telephone: (310) 972-4500
Facsimile: (213) 486-0065

LOUIS R. MILLER (SBN 54141)
smiller@millerbarondess.com
MIRA HASHMALL (SBN 216842)
EMILY A. RODRIGUEZ-SANCHIRICO (SBN 311294)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC-KES** <br><br> **DEFENDANT COUNTY OF LOS ANGELES' OBJECTION TO COURT'S ORDER [DKT. 224]** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

The County of Los Angeles ("County") appreciates this Court's dedication and commitment to support persons experiencing homelessness in the City and County of Los Angeles. The County objects, however, to the February 23, 2021 order stating that the Court intends to appoint the Social Justice Legal Foundation and Hueston Hennigan, LLP, to provide assistance "in the form of additional research into the law, the parties' arguments, and the record." [Dkt. 224.]

I.  **UNDERLYING LITIGATION**

On March 10, 2020, Plaintiffs filed the underlying complaint in this matter against the City of Los Angeles ("City") and the County asserting 14 federal and state law claims for relief. [Dkt. 1.] Plaintiff LA Alliance for Human Rights is an unincorporated association whose members reside within the City. [*Id.* ¶ 76.] Plaintiffs and Alliance members Charles Van Scoy, Harry Tashdjian, George Frem, Leandro Suarez, Joseph Burk, Gary Whitter, Karyn Pinsky, and Charles Malow are business owners and current and former PEH in the Skid Row area of the City. [*Id.* ¶¶ 76-122.] The litigation also includes Intervenors Los Angeles Community Action Network, Los Angeles Catholic Worker, and Orange County Worker (collectively, "Intervenors").

On March 19, 2020, the Court held an emergency status conference in light of the COVID-19 pandemic. [Dkt. 90.] At the conference, the parties agreed to stay the litigation in order to work with the Court to explore settlement. [*Id.* at 116:19-117:22.] The parties also agreed the Court could engage in *ex parte* conversations with parties and non-parties to facilitate settlement. [*Id.*]

Since that time, the parties have engaged in extensive settlement negotiations, and participated in a number of public status conferences at the Court's request. The County and the City reached a groundbreaking agreement to provide 6,700 beds for PEH in the City of Los Angeles within 18 months. [Dkt. 137.]

II.  **THE COURT'S ORDER**

On February 23, 2021, this Court issued an order with a novel suggestion.

[Dkt. 224.]  The Court stated that it would like the Social Justice Legal Foundation and Hueston Hennigan, LLP to provide assistance "in the form of additional research into the law, the parties' arguments, and the record" directly to the Court. [*Id*. at 1.]

The Court gave the parties five court days to "lodge any objection to this order and appointment." [*Id*. at 2.]

### III.    THE LAW DOES NOT PERMIT THIS ARRANGEMENT

The Court's proposal to appoint Social Justice Legal Foundation and Hueston Hennigan, LLP to provide legal assistance to the Court is precluded by law.

In *Reed v. Cleveland Board of Education*, 607 F.2d 737 (6th Cir. 1979), the Sixth Circuit recognized that weighty cases addressing serious public issues put "a severe strain on the resources of a district court." *Id*. at 748.  As such, there are circumstances in which district courts may appoint a special master and/or experts on "*nonlegal* subjects" to aid the special master or the court.  *Id*. (Emphasis added). The authority for the appointment of a special master, and expert advisors or consultants to advise the special master, derives from Rule 53 of the Federal Rules of Civil Procedure.  *Id*. at 746.  Court-appointed experts, by contrast, are governed by Rule 706 of the Federal Rules of Evidence and are subject to discovery and cross examination.  *Id*.

Here, it appears that the Court is going to have Hueston Hennigan, LLP conduct "research into the law, the parties' arguments, and the record." [Dkt. 224.] The order thus proposes appointing Hueston Hennigan, LLP and the Social Justice Legal Foundation to advise the court on the law.  This is plainly improper.

The *Reed* court rejected an identical proposition.  On the question of whether a court can appoint an expert to provide legal advice, the *Reed* court held that the answer is no:

> [W]e do not approve the practice of appointing legal advisors to a
> master or the court[.]  The District Judge clearly had no intention to

abdicate his judicial responsibility in this case.  Nevertheless, to the extent that he relied on advice received in chambers from a 'legal expert' there was a partial abdication of his role[.]  607 F.2d at 747-748.

Accordingly, the *Reed* court concluded that *"[i]n the absence of an express agreement by all the parties [...] a court may not avail itself of legal advice from one who is neither counsel in the case nor subject to the oath and discipline imposed on members of his staff."*  *Id*. at 748 (emphasis added).

While *nonlegal* subjects may be outside the realm of a particular court's expertise, all courts "are presumed to be informed on legal issues[.]" *Id*. at 747.  The *Reed* court explained that, even as it relates to legal issues, district courts are "not without assistance." *Id*.  Courts can turn to the attorneys of record in the case, their qualified law clerks, and where appropriate, amicus curiae. *Id*.

Notwithstanding the Court's desire to have additional assistance in this matter, "[t]he adversary system as it has developed in this country precludes the court from receiving out-of-court advice on legal issues in a case.  He must depend on his own resources, which include the work of his staff and the offerings of counsel." *Id*. at 748.

## IV.  HUESTON HENNIGAN, LLP

The County has concerns about Hueston Hennigan, LLP's engagement on the Court's behalf.  As the Court noted, Hueston Hennigan, LLP represents the Southern California Edison Company and Edison Internal (together "SCE") with respect to the Bobcat Fire. [Dkt. 224 at 1.]  The County and SCE have adverse roles in connection with litigation arising out of that disaster. [*Id*. at 2.]  There are also other County matters in which Hueston Hennigan, LLP has been, or is, adverse to the County.  This heightens the County's concerns regarding its proposed role in this case—if nothing else, it could create the potential appearance of bias against the County.

## V. CONCLUSION

The County respectfully objects to the Court's appointment of the Social Justice Legal Foundation and Hueston Hennigan, LLP.

DATED: March 1, 2021              MILLER BARONDESS, LLP


                                  By:  /s/ Louis R. Miller
                                       LOUIS R. MILLER
                                       Attorneys for Defendant
                                       COUNTY OF LOS ANGELES