**BROOKE WEITZMAN** SBN 301037
**WILLIAM WISE** SBN 109468
ELDER LAW AND DISABILITY
RIGHTS CENTER
1535 E 17th Street, Suite 110
Santa Ana, California 92705
t. 714-617–5353
e. bweitzman@eldrcenter.org
e. bwise@eldrcenter.org

Attorneys for Intervenor OCCW

**CAROL A. SOBEL** SBN 84483
**WESTON ROWLAND** SBN 327599
LAW OFFICE OF CAROL SOBEL
1158 26th Street, #552
Santa Monica, California 90403
T. 310 393 3055
e. carolsobellaw@gmail.com
e. rowland.weston@gmail.com

ATTORNEYS FOR ALL INTERVENORS

**SHAYLA R. MYERS** SBN 264054
LEGAL AID FOUNDATION OF
    LOS ANGELES
7000 Broadway
Los Angeles, CA 90003
t. 213 640-3983
e. smyers@lafla.org

Attorneys for Intervenor CANGRESS

**PAUL L. HOFFMAN** SBN 71244
**CATHERINE SWEETSER** SBN 271142
SCHONBRUN, SEPLOW, HARRIS &
    HOFFMAN & ZELDES
11543 W. Olympic Blvd.
Los Angeles, California 90064
t. 310 396 7031
e. hoffpaul@aol.com
e. csweetser@sshhlaw.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>    Plaintiffs,<br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No.: 2:20-cv-02291 DOC-KES<br><br>INTERVENORS ORANGE COUNTY CATHOLIC WORKER and CANGRESS OBJECTIONS TO ORDER APPOINTING HUESTON HENNIGAN AND THE SOCIAL JUSTICE LEGAL FOUNDATION TO ADVISE THE COURT<br><br>Date: March 1, 2021<br>Time: None<br>Ctrm: Ronald Reagan - 9D<br><br>Action filed: March 10, 2020 |

Intervenors Orange County Catholic Worker ("OCCW") and CANGRESS file this objection to the Court's Order [Dkt. 224], issued February 23, 2021, regarding the appointment of the law firm of Hueston Hennigan to advise the Court on arguments made by the parties and intervenors in this action. In addition to joining in the argument and authorities submitted in the objection filed by the Defendant County, Intervenors file the additional bases below and object to the appointment of Hueston Hennigan and the Social Justice Legal Foundation ("SJLF") in the role described in the Court's Order.

### I. Hueston Hennigan's Participation Raises Ethical Concerns Not Addressed by the Court's Order of Appointment

**A. Ethical Restrictions**

Based on information on the SJLF's website, Fellows are mentored by members of the law firm. The Board of Directors of the SJLF is composed of partners at Hueston Hennigan and the funds to pay the Fellows come from the firm. The involvement of the firm and Fellows to advise the Court raises several concerns.

The Court disclosed the fact that the firm is currently engaged in litigation with the two government defendants in this case. While those conflicts, standing alone, may be sufficient to disqualify the firm's participation in any manner in this case, Intervenors respectfully submit that additional ethics concerns support their objection.

The federal judiciary has extensive and strict ethical rules for law clerks. *See https://www.fjc.gov/content/340816/maintaining-public-trust-ethics-federal-judicial-law-clerks-revised-fourth-edition.* To avoid even the appearance of impropriety, these restrictions extend far beyond the revelation of current conflicts, including disclosures to the Court prior to excepting employment during a clerkship.

The Court's Order describes the anticipated role of these outside participants as that of a law clerk, reviewing the arguments of the parties and advising the Court of the merits of each, without permitting the parties to know the content of that advice.

1

Unlike law clerks, who are constrained by the federal judiciary to ensure that they serve no other "client" than the Court, there are no similar limits on an outside firm or the Social Justice Legal Foundation Fellows appointed by the Court to advise the Court. If a "possible conflict" arises based on the actions of a law clerk, the required response is to remove the clerk from the case to avoid even the appearance of impropriety. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995).

### B. Additional Conflicts Exist With Hueston Hennigan's Clients

To avoid the appearance of impropriety, the Court transferred a pending case in which Hueston Hennigan represented a party. In addition, the Court disclosed the firm's representation in ongoing litigation against the defendants. Intervenors submit that this is not sufficient, particularly if the issue of conflicts, both actual and potential, is based solely on a narrow conflict check and what the firm determines to reveal.

Intervenors believe that the firm's conflicts are greater than disclosed and base their objection on this factor as well. Intervenors are aware that Hueston Hennigan represents Palantir, a large technology firm. Based on court records, Intervenors believe that Hueston Hennigan currently represents Palantir in active litigation. Palantir's work includes providing services to law enforcement agencies to develop computer algorithms for predictive policing.

Intervenor CANGRESS is the co-founder and major participant in the Stop LAPD Spying Coalition ("Coalition"). The Coalition has opposed the Defendant City's contracts with Palantir and sued the City to obtain information on these programs. One such Palantir program used algorithms to identify so-called "chronic offenders," reinforcing structural racism assumptions in policing. The list produced by Palantir's contract was used to target primarily communities of color and poor communities, including more than 100 individuals in Central Division, which includes Skid Row. The advocacy of Intervenor CANGRESS and the Coalition resulted in cancellation of Palantir's contract with the LAPD for a specific program; however,

Intervenors believe that Palantir continues to have contracts with the City that directly impact the Intervenors' interests. This includes contracts with Mayor Garcetti's office, the Los Angeles Fire Department and law enforcement consortiums in the Los Angeles region that include the Los Angeles County Sheriff's Department. Intervenor continues to work to expose the structural racism underlying Palantir's work and to end the City's relationship with Palantir.

## II.  Appointment of Forensic Experts

Based on their advocacy over the years and litigation brough by their counsel, Intervenors believe it would be beneficial for the Court to appoint non-lawyers with expertise in the areas of information the Court has sought from the Defendants. Over the course of the past year, the Court has repeatedly identified instances in which requested information was not produced directly.

For example, a forensic expert in accounting could aide in ensuring that the Defendants are fulfilling their obligations under the Court's settlement. A forensic accountant could also identify existing funds and evaluate whether alternative programs to those that exist now might be more beneficial to addressing the needs of people experiencing homelessness. Similarly, an expert in real estate could help the Court assess available public property for creation of different types of housing to meet the need to provide more stability than is available from shelters.

Dated: March 1, 2021          Respectfully submitted,

                                                        ELDER LAW & DISABILITY RIGHTS CENTER
                                                        LAW OFFICE OF CAROL A. SOBEL
                                                        LEGAL AID FOUNDATION OF LOS ANGELES
                                                        SCHONBRUN, SEPLOW, HARRIS, HOFFMAN &
                                                            ZELDES


                                                            /s/   Carol A. Sobel
                                                        By: CAROL A. SOBEL
                                                        Attorneys for Intervenors