# EXHIBIT 19

Exhibit 19 Page 1004

MILLER BARONDESS, LLP

ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

March 15, 2021

LOUIS R. MILLER
DIRECT DIAL: (310) 552-5251
SMILLER@MILLERBARONDESS.COM

*VIA ELECTRONIC MAIL ONLY*

Matthew Umhofer
Elizabeth Mitchell
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

Re:   *L.A. Alliance, et al. v. City of Los Angeles, et al.* (CDCA Case No. 2:20-cv-02291)

Counsel:

In accordance with Local Rule 7-3, we are writing to set forth the grounds for the County of Los Angeles' ("County") motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.[1]  The County is committed to working to combat the homelessness crisis, as evidenced by the non-exhaustive list of actions the County submitted to the Court in its March 4, 2021 submissions (Dkt. 235).[2]

Plaintiffs' claims against the County, however, are legally untenable.

**Plaintiffs' Claims Are Not Justiciable**

Plaintiffs have a standing problem.  Plaintiffs' injuries are allegedly caused by the growth of the homeless population in Skid Row.  The Complaint focuses on the City of Los Angeles ("City"), and on court orders and settlements reached in litigation to which the County was not a party.  (Compl. ¶¶ 25-37.)  Plaintiffs have failed to allege a causal nexus between their injuries and the alleged conduct of the County.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

---

[1] Plaintiffs filed this action on March 10, 2020.  [Dkt. 1.]  On March 19, 2020, the Court held an emergency status conference in light of the COVID-19 pandemic.  [Dkt. 90.]  At the conference, the parties agreed to stay the litigation in order to work with the Court to explore settlement.  [*Id*. at 116:19-117:22.]  In light of Plaintiffs' recent notice of intent to file a motion for preliminary injunction, this case is no longer stayed.  [Dkt. 240.]

[2] The County has also engaged in good-faith negotiations with the parties to this lawsuit for a full year.

502118.1

Exhibit 19 Page 1005

MILLER BARONDESS, LLP

Matthew Umhofer
Elizabeth Mitchell
March 15, 2021
Page 2

The links in the causal chain are far too numerous and speculative to support standing. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26 (1976) (plaintiffs lacked standing to challenge a new IRS rule for tax-exempt status for charitable hospitals as the Court found it speculative that a change in policy would result in greater access to private hospitals); *Warth v. Seldin*, 422 U.S. 490 (1975) (taxpayers lacked standing to challenge exclusionary zoning regulations in another town as the link between their increased tax payments to fund low-income housing in their town was not sufficiently tied to the alleged failure to support low-income housing in a separate town); *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) (plaintiffs lacked standing to challenge the alleged failure of a district attorney to prosecute fathers of illegitimate children who did not pay child support as the link between unpaid child support and the exercise of prosecutorial discretion was far too attenuated); *see also Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1141-42 (9th Cir. 2013) (plaintiffs lacked standing to assert general claim against state and local agencies for failure to curb greenhouse gas emissions as the link between their alleged failure to set emissions standards and global warming was far too attenuated). Plaintiffs have not connected the County's actions and efforts regarding homelessness to their alleged harm.

Plaintiffs' standing is also compromised by a lack of redressability. Article III standing requires Plaintiffs to establish that their injuries can be redressed by the federal court in this action. While Plaintiffs allege that they are seeking compensatory damages on some claims, the Complaint, fairly interpreted, seeks a federal court injunction requiring the County and the City to spend hundreds of millions of dollars of taxpayer funds in a specific manner to create housing for people experiencing homelessness. (*See*, *e.g.*, Compl. ¶ 32 ("it is clear that the *only way* out of the current crisis is to provide beds to the unsheltered") (emphasis added).) While the County shares this public policy goal, the Supreme Court has repeatedly cautioned federal trial courts that federalism and equity prohibit issuing injunctions that interfere with matters of state and local government discretion. (*See* Dkt. 235.) Those principles apply with great force in this novel public interest lawsuit. To date, Plaintiffs have not cited a single case that would support the type of equitable relief they seek.

### The Claims Against The County Fail As A Matter Of Law

The federal claims asserted against the County fail as a matter of law. On the Fourteenth Amendment claim, Plaintiffs do not allege *which* fundamental right the County allegedly violated, let alone support that allegation with well-pled allegations of fact. Plaintiffs also do not specify any impermissible classification that was made in violation of the Equal Protection Clause.

**Exhibit 19 Page 1006**

MILLER BARONDESS, LLP

Matthew Umhofer
Elizabeth Mitchell
March 15, 2021
Page 3

On both the Substantive Due Process and Equal Protection Clause theories, Plaintiffs have the burden of establishing that the County took any action with deliberate indifference to Plaintiffs' rights. Plaintiffs' Complaint is bereft of any such allegations.

Plaintiffs also have the burden, but failed to allege, that the County took any such action pursuant to an official policy, custom or practice, which is required to establish municipal liability under 42 U.S.C section 1983. Finally, the state-created danger doctrine does not apply. There are no allegations that any County employee did anything to put any Plaintiff at risk of imminent bodily injury. This is a narrow doctrine that does not apply to this lawsuit.

As this is a federal-question jurisdiction case, the dismissal of these federal claims should result in a dismissal of the state-law claims. Supplemental jurisdiction is inappropriate given the allegations and remedies sought in this lawsuit.

The state law claims fare no better:

- The violation of mandatory duty claim, on its face, directs the County to exercise discretion in a particular manner. The County has exercised its discretion and provides aid and care. This claim fails as a matter of law.

- The waste of public funds claim fails to allege that the County has done anything fraudulent, collusive, ultra vires, or in violation of a specific obligation. Plaintiffs simply allege that they want the County to spend discretionary funds in a different manner. That is not a waste of public funds claim.

- The negligence and public nuisance claims fail. The County has breached no duty owed to Plaintiffs, is not liable for any purported nuisance, and is immune from liability under Government Code section 815 *et seq*.

- The private nuisance claim relates to incorporated property in the City of Los Angeles. The County is not a proper defendant on this claim.

- The CEQA claim appears to mistakenly name the County. These allegations relate to the City alone.

The crux of every claim is that Plaintiffs want the County to exercise its discretionary decision-making in a different way. That is exactly what the law prohibits.

502118.1

**Exhibit 19 Page 1007**

MILLER BARONDESS, LLP

Matthew Umhofer
Elizabeth Mitchell
March 15, 2021
Page 4

\*      \*      \*

Please let us know your availability on March 16 or March 17 to discuss these issues.

Sincerely,

Louis R. Miller

LRM:eas

cc:    Scott Marcus, Senior Assistant City Attorney
       Carol Sobel, Counsel for Intervenors
       Shayla Myers, Counsel for Intervenor CANGRESS

502118.1

**Exhibit 19 Page 1008**