RODRIGO A. CASTRO-SILVA (SBN 185251), *County Counsel*
rcastro-silva@counsel.lacounty.gov
LAUREN M. BLACK (SBN 192302), *Assistant County Counsel*
AMIE S. PARK (SBN 273346), *Deputy County Counsel*
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1830 | Fax: (213) 626-7446

BYRON J. MCLAIN (SBN 257191)
bmclain@foley.com
FOLEY & LARDNER, LLP
555 South Flower Street, Suite 3300
Los Angeles, California 90071
Tel.: (310) 972-4500 | Fax: (213) 486-0065

LOUIS R. MILLER (SBN 54141)
smiller@millerbarondess.com
MIRA HASHMALL (SBN 216842)
EMILY A. RODRIGUEZ-SANCHIRICO (SBN 311294)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC-KES**<br><br>**DECLARATION OF UNITED WAY OF GREATER LOS ANGELES IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' RESPONSE TO NAACP, ET AL.'S AMICUS BRIEF [DKT. 264]**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

508101.1

Case No. 2:20-cv-02291 DOC-KES

DECLARATION OF UNITED WAY OF GREATER LOS ANGELES IN SUPPORT OF DEFENDANT COUNTY'S RESPONSE TO NAACP, ET AL.'S AMICUS BRIEF

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# DECLARATION OF ELISE BUIK

I, Elise Buik, declare as follows:

1.      I, Elise Buik, currently serve as the President and CEO at the United Way of Greater Los Angeles ("UWGLA").  I have been the President and CEO since March 2005 and lead the organization's work to end homelessness in Los Angeles County.

2.      I have personal knowledge of the facts set forth herein, and if called as a witness, I can and would competently testify to all of said facts.  I make this declaration in support of the County's Response to Amici Curiae NAACP-Compton, CORE-California, and Committee for Safe Havens' Brief ("Amicus Brief").  UWGLA also submitted its own letter brief [Dkt. 253], which touches on many of the same issues and is attached hereto as Exhibit A.

3.      I reviewed the Amicus Brief.  I focused, in particular, on the plan outlined at pages 11 and 12.  The plan proposes establishing "Safe Havens" of 10,000 to 20,000 people experiencing homelessness.  I am writing to express my serious concerns with this approach.

4.      The FEMA analogy Amici Curiae are invoking is incorrect and misleading.  When there is a natural disaster, you can help a person secure temporary housing in a recreation center or tents, but in a matter of days or weeks they can return to their home or community—and if that is not possible, the federal government will provide that permanent housing replacement.  People experiencing homelessness in Los Angeles County, including those in Skid Row, do not have homes to readily return to.  As a result, there is a significant risk that emphasizing short-term, interim housing while ignoring permanent supportive solutions will create a whole class of individuals who remain in these isolated encampments with nowhere else to go—and because the proposed solution would not be addressing the underlying causes of homelessness, more people would likely replace those who had been moved to the large scale camps.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

508101.1

2

Case No. 2:20-cv-02291 DOC-KES

DECLARATION OF UNITED WAY OF GREATER LOS ANGELES IN SUPPORT OF DEFENDANT COUNTY'S RESPONSE TO NAACP, ET AL.'S AMICUS BRIEF

5.      Homelessness is not an unexpected natural disaster.  The homelessness crisis is driven by, among other things, poverty, systemic racism, chronic issues like trauma, substance disorders, and mental health issues—and of course a lack of permanent housing.  None of this can be resolved with a military-type short-term response.  That is why UWGLA is committed to an individual, humane approach to resolving homelessness based on best practices and proven solutions.  That means acknowledging that people experiencing homelessness have preferences and social connections, including relationships with outreach workers—and these relationships are critical to breaking the cycle of poverty and homelessness.  Homelessness must be addressed person by person.  There is no one size fits all solution.

6.      Mass encampments and the displacement of homeless individuals from their chosen locations denies them control over their lives, interferes with the individualized outreach process, and is deeply dehumanizing.  It is fundamentally inconsistent with trying to empower and rehabilitate people experiencing homelessness.

7.      As UWGLA explained in its March 24, 2021 letter to the Court, we have other concerns about this approach.  [Exh. A (Dkt. 253).]

(a)     The focus on specific locations—like Skid Row—is not aligned with the priorities and guidance of public health and housing experts. Of course the Skid Row community deserves particular investment and support, but this must be in the context of creating permanent solutions in every community across the County and not forcing people to move far from their support networks. It also means prioritizing resources by vulnerability first, not geography.

(b)     Measure H and Proposition HHH are fueling meaningful progress and should not be derailed by diverting resources to a singular effort to create mass encampments for people experiencing homeless who are currently living in Skid Row.  These two ballot measure are our first significant dedicated

DECLARATION OF UNITED WAY OF GREATER LOS ANGELES IN SUPPORT OF DEFENDANT COUNTY'S RESPONSE TO NAACP, ET AL.'S AMICUS BRIEF

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

local investment in ending homelessness and they are funding coordinated, smart strategies that combine temporary and permanent solutions. Any new efforts must be built on top of these existing efforts.

(c)      Shifting resources from permanent housing solutions to pay for short-term shelter would be deeply counterproductive.  Decades of underinvestment and inaction cannot be the excuse to prioritize bandaids and short-term solutions. Short-term solutions, like interim housing, are only truly effective when there is a clear pathway from the short-term housing to sufficient supportive and affordable housing—otherwise the consequence is that people will be stuck in shelter beds and temporary housing for years to come.

8.      Finally, the Amici Curiae reveal some of their disappointing motivations when they say, "Those most adversely affected by homelessness respectfully request that their voices be heard in the formulation of solutions." Those most adversely affected by homelessness are the people experiencing homelessness themselves—not people with safe and stable homes.  The proposed solution, which appears to be motivated by a desire to move people who do not have homes out of sight and out of mind, is simply wrong.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of April, 2021, at Los Angeles, California.

Elise Buik

---

DECLARATION OF UNITED WAY OF GREATER LOS ANGELES IN SUPPORT OF DEFENDANT COUNTY'S RESPONSE TO NAACP, ET AL.'S AMICUS BRIEF

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400