SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association, JOSEPH BURK, HARRY TASHDJIAN, KARYN PINSKY, CHARLES MALOW, CHARLES VAN SCOY, GEORGE FREM, GARY WHITTER, and LEANDRO SUAREZ, individuals, Plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 200 inclusive, Defendants.,<br><br>Defendants. | CASE NO. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**OPPOSITION TO DEFENDANT COUNTY AND DEFENDANT CITY'S *EX PARTE* MOTION TO STAY ORDER PENDING APPEAL** |

The urgency requiring the City and County to act cannot be understated.  As the court set forth in its preliminary injunction, the City and County are legally responsible for the acts and omissions that led to this crisis.  And the harm is not disputed: as conceded by the County's Director of Department of Public Health, *people are dying simply because they are homeless*.  Nowhere is this more apparent than on Skid Row, the county's epicenter of homelessness.  By the time briefing is finished in Defendants' interlocutory appeal, 385 people will have perished.  There is no reason Defendants cannot appeal the order while also providing housing or shelter for individuals who desperately need it.  Delaying provision of shelter helps no one.

Several factors are considered when the subject of a preliminary injunction seeks a stay pending appeal: (1) whether the party seeking a stay has made a strong showing of likelihood to succeed on the merits of the appeal; (2) whether the party seeking a stay will be irreparably injured absent a stay; (3) whether issuance of the stay would substantially injure other parties interested in the proceeding; and (4) that the stay is in the public interest.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  At a minimum, the moving party must show (1) at least a substantial case for relief on the merits of their appeal; (2) that the irreparable harm is at least probable; and (3) that the balance of harms is in favor of the party seeking a stay.  *Leiva-Perez v. Holder*, 640 F.3d 962, 965-67 (9th Cir. 2011).  These factors are evaluated on a "sliding scale," and a stronger showing of one element may compensate for a weaker showing of another factor.  *Id*. at 964.

None of the factors here favor a stay.  The Court has concluded the City and County are not likely to succeed on the merits.  (ECF No. 277 at 67-90.)  City and County argue they will be financially injured absent a stay which will result in diversion of funds from other projects (ECF No. 284 at 2021; ECF No. 282 at 22-23); their arguments are not compelling because both the City and County have sufficient funds to do both.  (ECF No. 277 at 49, noting the treasury has a balance of "10-ish billion dollars"; *see also* discussion *infra* pp. 3-4.)  Persons experiencing

homelessness, who are members of LA Alliance, will be substantially injured if the stay is granted. (ECF No. 277, p. 92 finding "[n]o harm could be more grave or irreparable than the loss of life.".)  Finally, the Court has already determined public interest favors implementation of the injunction.  (*Id*. at 92-93.)

In support of their motion to stay, Defendants cite largely recycled arguments to support the claim they are likely to succeed on the merits.  To save the Court time and resources in re-litigating those same issues, Plaintiffs refer the Court to ECF Nos. 239 (Plaintiffs Response to Request for Briefing); 265 (Plaintiffs Motion for Preliminary Injunction), and 268 (Plaintiffs Opposition to Defendant County's Motion to Dismiss), and supporting documents included therewith, and incorporate said pleadings herein by reference.

Plaintiffs note, in addition, that both City and County claim Plaintiffs lack standing because they do not represent persons experiencing homelessness.  Not so. (*See, e.g.* ECF No. 265-2, Declarations of Mary Brannon, Maria Diaz, Gregory Gibson, Javier Gonzales, Ann Jackson, Wenzial Jarrell, and Luis Zaldivar, all of whom are members of LA Alliance and are currently experiencing homelessness in and around Skid Row.)  Defendants' attempts to paint Plaintiffs as uncaring or greedy business owners fail by a quick review of the facts: Plaintiffs/LA Alliance members are current and formerly unhoused individuals, residents, community members, businesses, non-profits, and service providers all coming together to fight against what has become the accepted standard of death and despair in Los Angeles. (*See* ECF No. 265-2.)

Defendant County's submission of the declarations of Todroff and McGloin demonstrate the exact type of wrong-headed thinking that has led to the crisis on our streets.  Ms. Todroff claims "[I]t is . . . not possible to construct new interim housing sites within 90 days."  But at the Court's first hearing March 19, the parties were informed of 20,000 units that were immediately available for less than $20,000 per bed. (Hr'g Tr. at 39-51, Mar. 19, 2020, ECF No. 39.)  Santa Ana raised a shelter in

just 28 days.  (*Id*. at 36.)  Pop-up tents, modular units, and collaborative housing all provide options that can provide relief to thousands of people in a matter of days-to-weeks at significantly lower costs than hotels.  Yet instead, Ms. Todroff claims the "only potentially viable approach . . . is to use hotels and motels" which would cost significant resources and in turn cause the county to close interim housing sites supporting 5,331 beds (Declaration of Cheri Todroff ¶¶ 8-9, ECF No. 282-1) or lay off 500 county employees (Declaration of Matt McGloin ¶ 5, ECF No. 282-3).  Because dozens of options are available within 90-180 days for relatively low cost, and because funds are available (particularly within Measure H which year-after-year has millions of dollars in unspent funds remaining in its coffers), these declarations should be given no credence.  Of particular concern is Mr. McGloin's admission regarding the dearth of sub-acute mental health and substance abuse treatment beds, which has been well-documented by the County, that the County has "no immediate solution."  (*Id*. at ¶ 8.)  The lack of solution itself evidences the need for immediate implementation of the equitable orders contained in the injunction.

Defendant City's submission of the Declaration of Richard Llewellyn regarding the $1 billion in funds that have not yet been obtained by the City (ECF No. 284-1) contradicts previous statements made by the City Controller (ECF No. 277 at 49) particularly considering the City's increased efforts to recoup FEMA-reimbursable expenses.  (*Id*. at 48.)  If the City does not have sufficient funds in the operating account to advance the funds required, Plaintiffs may borrow money against anticipated tax revenue and federal grant receipts. (Declaration of Richard Llewellyn, ECF No. 284-1, ¶¶ 12, 17.)  To the extent the Court wishes to provide the City more time to obtain the funds, Plaintiffs defer to the Court.

While many of the Court's legal bases supporting the order for preliminary injunction are novel, the dire situation facing the unhoused population far outweighs the concerns regarding new legal theories and satisfies the Ninth Circuit's "sliding scale" approach.  *Leiva-Perez*, 640 F.3d at 964.  Defendants are capable of, and

should be required to, comply with the provisions of the injunction while simultaneously prosecuting their interlocutory appeal.

Dated: April 24, 2021             Respectfully submitted,

/s/ Elizabeth A. Mitchell
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*