RODRIGO A. CASTRO-SILVA (SBN 185251), *County Counsel*
rcastro-silva@counsel.lacounty.gov
LAUREN M. BLACK (SBN 192302), *Assistant County Counsel*
AMIE S. PARK (SBN 273346), *Deputy County Counsel*
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1830 | Fax: (213) 626-7446

BYRON J. MCLAIN (SBN 257191)
bmclain@foley.com
FOLEY & LARDNER, LLP
555 South Flower Street, Suite 3300
Los Angeles, California 90071
Tel.: (310) 972-4500 | Fax: (213) 486-0065

LOUIS R. MILLER (SBN 54141)
smiller@millerbarondess.com
MIRA HASHMALL (SBN 216842)
EMILY A. RODRIGUEZ-SANCHIRICO (SBN 311294)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC-KES**<br><br>**DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:  May 10, 2021<br>Time:  8:30 a.m.<br>Crtrm.:  9D<br>　　　411 West Fourth St.<br>　　　Santa Ana, CA 92701<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................... 1

II.  ARGUMENT .................................................................................................. 1

    A.  Plaintiffs Lack Article III And Prudential Standing ............................. 1

        1.  Plaintiffs' Injuries Are Not Fairly Traceable to the County ......... 2

        2.  Plaintiffs Have Not Shown Redressibility .................................... 4

        3.  Plaintiffs Also Lack Prudential Standing ..................................... 5

    B.  Plaintiffs Have Not Stated A Claim Against The County ...................... 6

        1.  Plaintiffs Have Not Stated a Substantive Due Process Claim .......................................................................................... 6

        2.  Plaintiffs Have Not Asserted a Procedural Due Process Claim .......................................................................................... 8

        3.  The Mandatory Duty Claim Fails as a Matter of Law ................. 9

        4.  The Waste Claim Fails as a Matter of Law ............................... 11

        5.  The County Is Immune From Plaintiffs' Tort Claims ............... 11

III.  CONCLUSION ........................................................................................... 12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>FEDERAL CASES</u>

*Americopters, LLC v. F.A.A.*,
  441 F.3d 726 (9th Cir. 2006) ..................................................................... 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 8

*Christensen v. Yolo Cty. Bd. of Supervisors*,
  995 F.2d 161 (9th Cir 1993) ...................................................................... 8

*Halverson v. Skagit County*,
  42 F.3d 1257 (9th Cir. 1994) ..................................................................... 8

*Harris v. Bd. of Supervisors, L.A. Cty.*,
  366 F.3d 754 (9th Cir 2004) ...................................................................... 5

*Harris v. Board of Supervisors*,
  366 F.3d 754 (9th Cir. 2004) ................................................................... 10

*Harris v. County of Riverside*,
  904 F.2d 497 (9th Cir. 1990) ..................................................................... 8

*Horne v. Flores*,
  557 U.S. 433 (2009) ................................................................................... 5

*Huezo v. L.A. Cmty. Coll. Dist.*,
  672 F. Supp. 2d 1045 (C.D. Cal. 2008) ..................................................... 5

*Lewis v. Casey*,
  518 U.S. 343 (1996) ................................................................................... 5

*Ogden Martin Sys., Inc. v. San Bernardino County, Cal.*,
  932 F.2d 1284 (9th Cir. 1991) ................................................................. 11

*Olympic Sports Prods. v. Universal Athletic Sales Co.*,
  760 F.2d 910 (9th Cir. 1985) ................................................................... 11

*Rizzo v. Goode*,
  423 U.S. 362 (1976) ................................................................................... 5

*Rodde v. Bonta*,
  357 F.3d 988 (9th Cir. 2004) ..................................................................... 5

*Santa Cruz Homeless Union v. Bernal*,
  No. 20-cv-09425- SVK, 2021 WL 222005 (N.D. Cal. Jan. 20, 2021) ............. 7

*Tyler v. Cuomo*,
  236 F.3d 1124 (9th Cir. 2000) ............................................................. 3, 4

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

*United States v. Lazarenko,*
    476 F.3d 642 (9th Cir. 2007)..................................................................6

*Warth v. Seldin,*
    422 U.S. 490 (1975) .............................................................................7

*Young v. City of Visalia,*
    687 F. Supp. 2d 1141 (E.D. Cal. 2009) .................................................8

**STATE CASES**

*Ass'n for Neighborhood Rehab., Inc. v. Bd. of Assessors of City of Ogdensburg,*
    917 N.Y.S.2d 734 (N.Y. App. Div. 2011) ............................................3

*Caldwell v. Montoya,*
    10 Cal. 4th 972 (1995) .......................................................................12

*Cooke v. Superior Court,*
    213 Cal. App. 3d 401 (1989) ...............................................................10

*Freeny v. City of San Buenaventura,*
    216 Cal. App. 4th 1333 (2013) .............................................................12

*Haggis v. City of Los Angeles,*
    22 Cal. 4th 490 (2000) .........................................................................9

*Hunt v. Superior Court,*
    21 Cal. 4th 984 (1999) .........................................................................9

*Matter of J.P.,*
    486 Mass. 117 (Mass. 2020) ...............................................................3

*San Diego Gas & Elec. Co. v. Superior Court,*
    13 Cal. 4th 893 (1996) .........................................................................8

*State v. Pippin,*
    200 Wash. App. 826 (Wash. Ct. App. 2017) ........................................3

*Sundance v. Municipal Court,*
    42 Cal. 3d 1101 (1986) .......................................................................11

*Tailfeather v. Bd. of Supervisors,*
    48 Cal. App. 4th 1223 (1996).............................................................9, 10

*Taylor v. Buff,*
    172 Cal. App. 3d 384 (1985) ...............................................................12

**STATE STATUTES**

Cal. Civ. Proc. Code § 526a ......................................................................11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Cal. Gov't Code § 815.6 ........................................................................9

Cal. Welf. & Inst. Code § 17000 ...................................................6, 9, 10

Cal. Welf. & Inst. Code § 17001 .......................................................9, 10

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) ........................................................................2

**OTHER AUTHORITIES**

U.S. Const. amend. XIV ........................................................................8

U.S. Const. art. III................................................................1, 3, 6

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## I.      <u>INTRODUCTION</u>

While the County shares the goal of providing shelter to all people experiencing homelessness ("PEH"), this is not the proper forum to address how this should be accomplished.  It is well established that citizens cannot sue their local government in federal court to demand that the government spend taxpayer funds in a different manner as fully detailed in the County's Motion to Dismiss ("Motion").  Yet that is exactly what this case is about, as confirmed by Plaintiffs' Opposition to the County's Motion ("Opposition"):  "This lawsuit was brought not because of the County's lack of *effort* or *money*, but because of a failure of *progress* and *results* in protecting those experiencing homelessness."  (Opp. at 1:11-13 (Plaintiffs' emphasis).)

Plaintiffs allege they have standing because they are property and business owners who allegedly suffered economic injuries because of the expansion of homeless encampments in Skid Row.  However, Plaintiffs fail to allege and cannot allege how the County is responsible for their injuries.  The problem of homelessness is multifaceted and involves complex issues of mental health, domestic violence, drug abuse and dependency, education, public housing, and personal finance.  There are no well-pled allegations of fact showing causation by the County.  In fact, Plaintiffs acknowledge the County has made substantial efforts to *reduce* homelessness and that such efforts are "impressive and commendable."

It is undisputed that Skid Row is located within the incorporated territory of the City of Los Angeles ("City"), and thus the City is the government entity that is responsible for municipal affairs.  The County does not have jurisdiction to enforce anti-vagrancy laws and hence cannot clear the sidewalks, as Plaintiffs request.

## II.      <u>ARGUMENT</u>

### A.      <u>Plaintiffs Lack Article III And Prudential Standing</u>

Plaintiffs agree they must establish both Article III and prudential standing to survive the County's Motion and that it is their burden to do so.  (Opp. at 5:4 –

1   10:7.)  Plaintiffs have not done so.

2   **1.   Plaintiffs' Injuries Are Not Fairly Traceable to the County**

3   In its Motion, the County demonstrated how Plaintiffs' injuries were only

4   traceable, if at all, to recent federal court orders in litigation involving the City, in

5   which the County was not a party.  (Mot. at 16:15 – 17:2.)  In their Opposition,

6   Plaintiffs only offer conclusory statements or new factual allegations not alleged in

7   their Complaint to argue they have Article III standing.  (Opp. at 8:12 – 9:2.)  In

8   fact, Plaintiffs do not even *cite* to their Complaint in arguing that they have met the

9   traceability element.  (*Id.*)

10   Plaintiffs claim they have met the traceability element because the County

11   "centralizes its services" and otherwise "incentivized homeless persons to relocate

12   to areas of significant health and safety risk" (*id.* at 8:16-18), but they do not cite the

13   Complaint because it is *not alleged in the Complaint*.  *Americopters, LLC v. F.A.A.*,

14   441 F.3d 726, 732 n.4 (9th Cir. 2006) (on a Rule 12(b)(1) motion, a plaintiff must

15   either identify well-pled allegations in its complaint or submit evidence to establish

16   subject matter jurisdiction).  Because this theory is not alleged or supported by

17   competent evidence, it must be disregarded.

18   Moreover, Plaintiffs do not present any evidence of this "centralization"

19   theory in their Complaint, Opposition, or motion for preliminary injunction because

20   it is nonsensical.  The County's action of providing much needed services to those

21   in need does not, and should not, violate the law.  The premise of the theory is also

22   wrong.  The County does not concentrate services in Skid Row.  It provides services

23   throughout the County.  There are over 48,000 PEH in the County and just over

24   2,000 in Skid Row.  These numbers contradict Plaintiffs' baseless contention that

25   the County somehow incentivizes PEH to move to Skid Row by "concentrating"

26   services there.

27   Plaintiffs also claim that the County "is completely failing" in its duty to care

28   for indigent persons, that the County "has wasted and continues to waste Measure H

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1 funds," and that the "County, together with the City, fund and direct LAHSA which

2 is ineffective in several ways." (Opp. at 8:19 – 9:2.) But these are conclusory

3 assertions that are not tied to *Plaintiffs'* harm. Plaintiffs are not homeless, and they

4 are not indigent. (Mot. at 10:5 – 11:11 (summarizing Plaintiffs' allegations).) They

5 are property and business owners in Skid Row, and they claim to have suffered

6 harm because *the City* has not enforced its anti-vagrancy laws in Skid Row, which

7 has led to an increase in homeless encampments. (*Id.*)

8       There is no Article III standing because the theory of liability involves

9 numerous third parties whose independent decisions collectively have a significant

10 effect on Plaintiffs' injuries. (Mot. at 17:17 – 18:5 (citing cases).) It is widely

11 recognized that there are a variety of factors that contribute to homelessness. *Matter*

12 *of J.P.*, 486 Mass. 117, 124 (Mass. 2020) ("We further note that people become

13 homeless for many reasons, including, but not limited to, being a domestic abuse

14 survivor, being unemployed or underemployed, and falling on hard times."); *State v.*

15 *Pippin*, 200 Wash. App. 826, 844-45 (Wash. Ct. App. 2017) (noting that the

16 Washington Legislature found that "there are many causes of homelessness,

17 including a shortage of affordable housing; a shortage of family-wage jobs which

18 undermines housing affordability; a lack of an accessible and affordable health care

19 system . . .; domestic violence; and a lack of education and job skills necessary to

20 acquire adequate wage jobs" (citation omitted)); *Ass'n for Neighborhood Rehab.,*

21 *Inc. v. Bd. of Assessors of City of Ogdensburg*, 917 N.Y.S.2d 734, 736 (N.Y. App.

22 Div. 2011) ("While indigency is certainly a major cause of homelessness, the

23 evidence established that there are other causes—often overlapping—including

24 mental health problems, substance abuse and domestic violence.").

25       Plaintiffs cite *Tyler v. Cuomo*, 236 F.3d 1124 (9th Cir. 2000), but that case

26 actually supports the Motion. *Tyler* was a lawsuit brought by homeowners claiming

27 the City of San Francisco, the U.S. Department of Housing and Urban Development

28 ("HUD"), a non-profit housing corporation ("Mission Housing"), and a property

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**3**

1    developer violated federal law by approving a low-income housing project in the

2    Mission District of San Francisco.  Because the City of San Francisco approved the

3    project, the Ninth Circuit held that plaintiffs' claims against HUD, Mission Housing

4    and the developer necessarily relied upon the Memorandum of Agreement ("MOA")

5    entered into between HUD and the City.  *Id.* at 1130-31.  Plaintiffs' theory under the

6    MOA was that HUD, Mission Housing, and the developer owed a duty to plaintiffs

7    to respond to their objections to the project.

8         However, the Ninth Circuit held that plaintiffs' theory did not support

9    standing.  *Tyler*, 236 F.3d at 1135-37.  As to HUD, plaintiffs lacked standing

10   because HUD did not have any contractual duties under the MOA to respond to

11   plaintiffs' objections—the City was the only signatory with that obligation.  *Id.* at

12   1135-36.  Thus, plaintiffs did not "tie" their injury to HUD's alleged improper

13   conduct.  *Id.*  As to Mission Housing and the developer, plaintiffs lacked standing

14   because they were not signatories to the MOA, and thus they did not owe plaintiffs

15   any duties thereunder.  *Id.*

16        The County is in the exact same position as HUD, Mission Housing, and the

17   developer in *Tyler*.  Plaintiffs allege they have suffered economic injuries because of

18   the lack of enforcement of anti-vagrancy laws in Skid Row, but it is undisputed that

19   the *City* has authority over, and responsibility for, municipal affairs in Skid Row.

20   (Mot. at 17:3-16.)  The County does not enforce anti-vagrancy laws in Skid Row,

21   and thus Plaintiffs cannot (and do not) allege the County failed to enforce such laws.

22   (*Id.*)  Thus, Plaintiffs have not "tied" their injury to the County's conduct.

23              **2.    Plaintiffs Have Not Shown Redressibility**

24        As a remedy, Plaintiffs seek injunctive relief requiring the County and the

25   City to spend hundreds of millions of dollars of taxpayer funds in a specific manner

26   to create housing for all PEH in Skid Row.  (*See, e.g.*, Compl. ¶ 32 ("[I]t is clear the

27   *only way* out of the current crisis is to provide beds to the unsheltered." (emphasis

28   added)).)  The County cited multiple U.S. Supreme Court decisions that prohibit this

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

type of judicial interference with matters of local policy.  (Mot. at 19:3 – 21:13 (citing *Rizzo v. Goode*, 423 U.S. 362 (1976), *Lewis v. Casey*, 518 U.S. 343 (1996), and *Horne v. Flores*, 557 U.S. 433 (2009).)  In their Opposition, Plaintiffs argue that this Court enjoys broad remedial powers that would support issuance of their requested injunction (Opp. at 5:8-17), but *Rizzo*, *Lewis* and *Horne* hold that those powers have limits.

Plaintiffs cite *Rodde v. Bonta*, 357 F.3d 988 (9th Cir. 2004), but that case is inapposite.  There, plaintiffs claimed they were current and future Medi-Cal patients who required services at a medical facility that was going to be shut down.  *Id.* at 990.  The district court preliminarily enjoined closure of the facility, which was a narrow prohibitory injunction to preserve the *status quo*.  *Id.* at 997 n.11 (noting that plaintiffs only seek "to maintain the *status quo* while this litigation is pending").  Plaintiffs also cite *Harris v. Board of Supervisors, Los Angeles County*, 366 F.3d 754 (9th Cir 2004), but *Harris* involved the same type of prohibitory preliminary injunction to preserve the *status quo*.  *Id.* at 764 (noting the district court's preliminary injunction was designed "to maintain the status quo" by preventing the closing of hospitals and reduction of available beds during the litigation).

*Rodde* and *Harris* do not support the broad and unprecedented mandatory injunctive relief that Plaintiffs seek.[1]  Plaintiffs are seeking an expansive mandatory injunction requiring this Court to intrude upon matters that are entrusted to elected local government officials.  The Court does not have authority to issue that relief.

### 3.    <u>Plaintiffs Also Lack Prudential Standing</u>

For prudential standing, Plaintiffs rely on their allegations in the Complaint in

---

[1] Plaintiffs also cite *Huezo v. Los Angeles Community College Dist.*, 672 F. Supp. 2d 1045 (C.D. Cal. 2008), but that case involved a tailored injunction designed to remedy specific ADA violations.  *Id.* at 1051-55 (denying plaintiff's request for broader relief).  This case does not support the broad and unprecedented federal court injunction that Plaintiffs seek here.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   support of the causality prong of Article III standing.  (Opp. at 9:20 – 10:7.)  While

2   Plaintiffs include no citations to the Complaint itself, they allege four general

3   "actions":  (i) the County "centralizes its services" for PEH; (ii) the County is failing

4   to satisfy its obligations under Welfare & Institutions Code section 17000; (iii) the

5   County has "wasted" Measure H funds; and (iv) the County helps fund and direct

6   LAHSA.  (*Id.* at 8:16 – 9:2.)  These allegations are insufficient.  The

7   "centralization" theory is not in the Complaint, nor is the LAHSA allegation (which

8   would fail regardless).  The other two are not factual allegations.  They are legal

9   claims which, as set forth below, fail as a matter of law.  There are *no* allegations of

10  a causal nexus between *Plaintiffs'* injuries and the County's conduct.  Thus,

11  Plaintiffs are pursuing nothing more than generalized grievances against the County,

12  which is not permissible.  *United States v. Lazarenko*, 476 F.3d 642, 649-50 (9th

13  Cir. 2007).

14          **B.**     **Plaintiffs Have Not Stated A Claim Against The County**

15                  **1.**     **Plaintiffs Have Not Stated a Substantive Due Process Claim**

16          In their Opposition, Plaintiffs assert they have stated a viable substantive due

17  process claim under the state-created danger doctrine.  (Opp. at 10:10 – 12:13.)

18  Not so.

19          Plaintiffs are misapplying the state-created danger doctrine.  The doctrine

20  applies when a government official *affirmatively* places a person at risk of imminent

21  bodily harm.  (Mot. at 26:3-6.)  The doctrine does not apply when a government

22  defendant is accused of somehow creating a danger by *providing* social and mental

23  health services to the indigent.  Plaintiffs have not cited any such case because it

24  does not exist.  Instead, Plaintiffs rely on inapposite cases where government

25  officials affirmatively placed people in imminent risk of bodily harm.  (Opp. at

26  11:17 – 12:13 (citing *Hernandez* (officers forced attendees at political rally to exit

27  into a crowd of violent protestors), *Kennedy* (officer knew aggressor was violent,

28  promised to warn victim, but failed to do so), *Grubbs* (nurse placed in clinic alone at

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  night with violent inmates), and *Wood* (officer left passenger stranded alone at night

2  in a high crime area).)

3      Plaintiffs also cite *Santa Cruz Homeless Union v. Bernal*, No. 20-cv-09425-

4  SVK, 2021 WL 222005 (N.D. Cal. Jan. 20, 2021), but that case involved very

5  different circumstances.  There, the defendant city planned to close and clear parks

6  with large homeless populations.  The court issued a preliminary injunction—a

7  prohibitory injunction designed to maintain the *status quo*—because the CDC

8  guidelines stated that homeless persons who would have to relocate faced a greater

9  risk of COVID-19 infection.  Thus, *Bernal* has nothing to do with Plaintiffs' theory

10  of liability here, specifically that the County "centralizes" services in Skid Row,

11  which incentivizes PEH, of their own volition, to relocate to Skid Row.  *See Warth*

12  *v. Seldin*, 422 U.S. 490, 509 (1975) (pleadings must be something more than an

13  ingenious academic exercise in the conceivable).

14      Moreover, Plaintiffs' "concentration" or "centralization" theory is not even

15  alleged in the Complaint.  In the Opposition, Plaintiffs only cite to the following in

16  their Complaint: Paragraphs 25-26 (history of Skid Row, the City's containment

17  policy and creation of LAHSA), 33-42 (allegations of harm suffered by the

18  homeless), 96-98 (allegations of current state of Skid Row), 108 (allegations of

19  harm to auto shop in Mar Vista—not Skid Row), 115 (allegations of confrontation

20  between one plaintiff and homeless persons in Skid Row), 122 (allegations of

21  difficulty walking on the sidewalks of Skid Row) and 188-90 (mere recitation of the

22  elements of a state-created danger claim).  (Opp. at 11:15.)  None of these

23  allegations involve anything *the County* allegedly did (other than create LAHSA

24  with the City over 20 years ago), and these Paragraphs certainly cannot be read to

25  assert a "centralization" of services theory.

26      Further, Plaintiffs have not alleged the County did anything to affirmatively

27  place Plaintiffs in danger with deliberate indifference and pursuant to an official

28  policy, practice or custom.  In the Opposition, Plaintiffs assert that all they need to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   do is recite the elements of a municipal liability claim (Opp. at 13:17 – 14:10), but

2   that is not the law.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (affirming dismissal

3   because plaintiffs relied only on conclusory allegations that federal officials

4   purposefully adopted an *unconstitutional policy* of arresting detainees after

5   September 11, 2001 because of race, religion or national origin); *Young v. City of*

6   *Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (holding that, in "light of

7   *Iqbal*," the Ninth Circuit's "pleading standard for *Monell* claims (i.e. 'bare

8   allegations') is no longer viable").  Yet Plaintiffs rely only on a threadbare recital of

9   the elements of municipal liability in their Complaint.  (Compl. ¶¶ 194-97.)

10              **2.    Plaintiffs Have Not Asserted a Procedural Due Process Claim**

11          There is no procedural due process claim asserted in the Complaint.  The 14th

12   Amendment due process claim alleges only "arbitrary" action (substantive due

13   process) and "discrimination" (equal protection).  There is no allegation the County

14   did anything to take away Plaintiffs' liberty or property based on a constitutionally

15   infirm set of procedures.

16          Plaintiffs cannot amend their Complaint to assert such a theory.  Procedural

17   due process does not apply to broadly applicable, quasi-legislative acts as here.

18   *Halverson v. Skagit County*, 42 F.3d 1257, 1261 (9th Cir. 1994) ("[G]overnmental

19   decisions which affect large areas and are not directed at one or a few individuals do

20   not give rise to the constitutional procedural due process requirements of individual

21   notice and hearing; general notice as provided by law is sufficient."); *Christensen v.*

22   *Yolo Cty. Bd. of Supervisors*, 995 F.2d 161, 166 (9th Cir 1993) (no individual notice

23   and hearing required where county zoning decisions affect a large number of people

24   and individuals are not targeted); *Harris v. County of Riverside*, 904 F.2d 497, 501-

25   02 (9th Cir. 1990) (no individual notice and hearing required where county

26   decisions affect vast areas and large numbers of people); *see also San Diego Gas &*

27   *Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 951 (1996) (homeowners were not

28   entitled to due process notice and opportunity to be heard regarding PUC policy

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

because it was a quasi-legislative act "designed not to adjudicate individual rights and obligations but to develop a legislative record and adopt a general policy or promulgate general regulations").

**3.**      **The Mandatory Duty Claim Fails as a Matter of Law**

Plaintiffs assert the County violated California Government Code section 815.6 and Welfare & Institutions Code section 17000 ("WIC § 17000"). Plaintiffs contend that, under WIC § 17000, the County owes a duty to provide housing to the unhoused, and this obligation is a "mandatory duty" actionable under Government Code section 815.6.  This allegation is unsupported by law.

To establish a claim for violation of a mandatory duty, a plaintiff must first prove the statute at issue is "*obligatory*, rather than merely discretionary or permissive, in its directions to the public entity; it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken."  *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498 (2000).  Further, it is not enough that the public entity has an obligation to perform a function if the function itself involves the exercise of discretion.  *Id.*

Plaintiffs misrepresent what WIC § 17000 requires.  WIC § 17000 imposes two obligations on counties: (1) to provide general assistance to the indigent; and (2) to provide medically necessary care to "medically indigent persons."  *Hunt v. Superior Court*, 21 Cal. 4th 984, 1002-03 (1999).  Section 17001 leaves it to the Board of Supervisors to adopt the "standards of aid and care."  Cal. Welf. & Inst. Code § 17001 ("The *board of supervisors of each county*, or the agency authorized by county charter, shall adopt standards of aid and care for the indigent and dependent poor of the county or city and county." (emphasis added)).  Because the County has *discretion* to determine how to discharge its obligations, the mandatory duty claim fails.  *Haggis*, 22 Cal. 4th at 498; *Tailfeather v. Bd. of Supervisors*, 48 Cal. App. 4th 1223, 1246 (1996) ("Achieving the mandated level of care requires the exercise of considerable discretion as the County chooses between a multitude of

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 Avenue of The Stars, Suite 1000   Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

1  potential courses of action.").

2  Plaintiffs do not, and cannot, contend the County has failed to discharge its

3  obligations under WIC § 17000.  They concede the County provides general

4  assistance and medically necessary care.  Their mandatory duty claim is based on a

5  more expansive reading of the "health care" obligation, in that, according to

6  Plaintiffs, the County's obligation to provide "subsistence" medical care includes

7  shelter.  (Opp. at 16:23-28.)  Plaintiffs do not cite any statute or case that supports

8  this argument, because there is none.[2]

9  The County has exercised its discretion and determined how to support its

10  indigent residents.  Plaintiffs acknowledge as much in the Complaint, describing

11  "the significant percentage of County funds allocated to departments to address

12  issues of homelessness, including those housed and treated in County jails,

13  emergency treatment and transport, Department of Mental Health, LA County Fire

14  Department, medical treatment through various hospitals and treatment centers, and

15  criminal prosecution and defense costs, not to mention funding General Relief and

16  other myriad social services."  (Compl. ¶ 64.)

17  Plaintiffs' argument, therefore, is not that the County has failed to discharge

18  a mandatory obligation.  Their argument is that the County was required to

19  discharge its obligations in a *different way*.  The inquiry can end there.  The County

20  has acted by exercising its discretion.  *Tailfeather*, 48 Cal. App. 4th at 1246

21  (because counties have discretion to determine the type of relief they provide under

22  WIC sections 17000 and 17001, a court's role is limited to determining "whether the

23  County has abused or exceeded its discretion under the governing statutes—not to

24  dictate how that discretion must be exercised").

25

26  [2] Plaintiffs' cited cases, *Cooke v. Superior Court*, 213 Cal. App. 3d 401 (1989)

27  (dental care), and *Harris v. Board of Supervisors*, 366 F.3d 754 (9th Cir. 2004)

28  (hospital beds), do not establish a "right" to housing under WIC § 17000.

Miller Barondess, llp
Attorneys at Law
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

### 4.     The Waste Claim Fails as a Matter of Law

In their Opposition, Plaintiffs confirm their theory of liability under California Code of Civil Procedure section 526a is the County negligently spent taxpayer money.  (Opp. at 17:3 – 18:2.)  That is not a viable theory.  *Sundance v. Municipal Court*, 42 Cal. 3d 1101, 1138-39 (1986) ("[T]he term 'waste' as used in section 526a means something more than an alleged mistake by public officials in matters involving the exercise of judgment or wide discretion.  To hold otherwise would invite constant harassment of city and county officers by disgruntled citizens and could seriously hamper our representative form of government at the local level." (alteration in original) (citation omitted)).  Plaintiffs' citation to appellate decisions that pre-date *Sundance* goes nowhere.  *Ogden Martin Sys., Inc. v. San Bernardino County, Cal.*, 932 F.2d 1284, 1288 (9th Cir. 1991) ("When reviewing issues of state law, we are 'bound to follow the decisions of a state's highest court in interpreting that state's law.'" (quoting *Olympic Sports Prods. v. Universal Athletic Sales Co.*, 760 F.2d 910, 912-13 (9th Cir. 1985))).

### 5.     The County Is Immune From Plaintiffs' Tort Claims

Plaintiffs do not respond to the County's arguments that Plaintiffs did not state claims for negligence, public nuisance, or private nuisance against the County. In its Motion, the County fully details Plaintiffs' failure to sufficiently allege their negligence claim because Plaintiffs did not identify a statute that gave rise to a duty, and that the public and private nuisance claims failed for the same reason.  (Mot. at 31:8-24.)  Because Plaintiffs did not respond to these arguments, they are waived.

Plaintiffs only respond to the County's alternative argument that the County is immune from suit.  Plaintiffs argue that, because they only seek injunctive and declaratory relief, the County is not immune from their tort claims (Opp. at 18:5-15), but that is not correct.  Plaintiffs seek an intrusive and burdensome injunction that *requires* the County to spend hundreds of millions of dollars in a specific manner.  This remedy is far more burdensome on the County's finances than a mere

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  damages lawsuit.  This is why governmental immunity applies.  *See Caldwell v.*

2  *Montoya*, 10 Cal. 4th 972, 981 (1995) (discretionary act immunity protects

3  "*basic policy decisions*" that are committed to coordinate branches of government

4  (citation omitted)); *see also Taylor v. Buff*, 172 Cal. App. 3d 384, 390 (1985);

5  *Freeny v. City of San Buenaventura*, 216 Cal. App. 4th 1333, 1341 (2013).

6  **III.   CONCLUSION**

7       For the foregoing reasons, the County respectfully requests that the Court

8  dismiss it from this lawsuit.

9

10  DATED:  April 26, 2021          MILLER BARONDESS, LLP

11

12

13  By: _____

14          LOUIS R. MILLER

15          Attorneys for Defendant
            COUNTY OF LOS ANGELES

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067.

On April 26, 2021, I served true copies of the following document(s) described as:

**DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2021, at Los Angeles, California.

_____
Alexandria Alamango

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**SERVICE LIST**

*LA Alliance for Human Rights, et al. v. City of Los Angeles, et al.*
**Case No. 2:20-cv-02291**

| | |
|---|---|
| Matthew Donald Umhofer<br>Elizabeth A. Mitchell<br>SPERTUS, LANDES & UMHOFER, LLP<br>617 West 7th Street, Suite 200<br>Los Angeles, CA 90017 | Attorneys for Plaintiffs<br>*LA ALLIANCE FOR HUMAN RIGHTS, JOSEPH BURK, HARRY TASHDJIAN, KARYN PINSKY, CHARLES MALOW, CHARLES VAN SCOY, GEORGE FREM, GARY WHITTER, and LEANDRO SUAREZ* |
| | Telephone:  213-205-6520<br>Facsimile:   213-205-6521<br>Email: matthew@spertuslaw.com;<br>emitchell@spertuslaw.com |
| Rodrigo A. Castro-Silva<br>Amie S. Park<br>Thomas J. Faughnan<br>Lauren M. Black<br>OFFICE OF THE COUNTY COUNSEL<br>500 West Temple Street, Suite 468<br>Los Angeles, CA 90012 | Attorneys for Defendant<br>*COUNTY OF LOS ANGELES*<br><br>Telephone:  213-974-1830<br>Facsimile:   213-626-7446<br>Email: rcastro-silva@counsel.lacounty.gov;<br>apark@counsel.lacounty.gov;<br>tfaughnan@counsel.lacounty.gov;<br>lblack@counsel.lacounty.gov |
| Brandon D. Young<br>MANATT, PHELPS & PHILLIPS, LLP<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067 | Attorneys for Defendant<br>*COUNTY OF LOS ANGELES*<br><br>Telephone:  310-312-4000<br>Facsimile:   310-312-4224<br>Email: bdyoung@manatt.com |
| Byron J. McLain<br>FOLEY & LARDNER, LLP<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071 | Attorneys for Defendant<br>*COUNTY OF LOS ANGELES*<br><br>Telephone:  310-972-4500<br>Facsimile:   213-486-0065<br>Email: bmclain@foley.com |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| | |
|---|---|
| 1   Arlene Nancy Hoang | Attorneys for Defendant |
| 2   Scott D. Marcus<br>     Jessica Mariani | *CITY OF LOS ANGELES* |
| 3   LOS ANGELES CITY ATTORNEY'S<br>     OFFICE | Telephone:  213-978-6952 |
| 4   200 North Main Street | Facsimile:  213-978-7011<br>Email: arlene.hoang@lacity,org; |
| 5   7th Floor, Room 675 | scott.marcus@lacity.org; |
| 6   Los Angeles, CA 90012 | jessica.mariani@lacity.org |
| 7   Brooke Alyson Weitzman | Attorneys for Intervenor |
| 8   William R. Wise<br>     ELDER LAW AND DISABILITY | *ORANGE COUNTY CATHOLIC*<br>*WORKER* |
| 9   RIGHTS CENTER | |
| 10   1535 East 17th Street, Suite 110<br>     Santa Ana, CA 92705 | Telephone:  714-617-5353<br>Email: bweitzman@eldrcenter.org; |
| 11 | bwise@eldrcenter.org |
| 12   Paul L. Hoffman | Attorneys for Intervenors |
| 13   Catherine E. Sweetser<br>     SCHONBRUN SEPLOW HARRIS & | *ORANGE COUNTY CATHOLIC*<br>*WORKER, LOS ANGELES* |
| 14   HOFFMAN, LLP | *COMMUNITY ACTION NETWORK,* |
| 15   11543 West Olympic Boulevard<br>     Los Angeles, CA 90064 | *LOS ANGELES CATHOLIC WORKER,*<br>*and CANGRESS* |
| 16 | |
| 17 | Telephone:  310-396-0731<br>Facsimile:  310-399-7040 |
| 18 | Email: hoffpaul@aol.com; |
| 19 | csweetser@sshhlaw.com |
| 20   Carol A. Sobel | Attorneys for Intervenors |
| 21   Weston C. Rowland<br>     LAW OFFICE OF CAROL SOBEL | *LOS ANGELES COMMUNITY ACTION*<br>*NETWORK, LOS ANGELES CATHOLIC* |
| 22   725 Arizona Avenue, Suite 300 | *WORKER, ORANGE COUNTY* |
| 23   Santa Monica, CA 90401 | *CATHOLIC WORKER, and CANGRESS* |
| 24 | Telephone:  310-393-3055 |
| 25 | Facsimile:  310-451-3858<br>Email: carolsobellaw@gmail.com; |
| 26 | rowland.weston@gmail.com |
| 27 | |
| 28 | |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Shayla R. Myers
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003

Attorneys for Intervenors
*LOS ANGELES COMMUNITY ACTION NETWORK, LOS ANGELES CATHOLIC WORKER, and CANGRESS*

Telephone:   213-640-3983
Facsimile:    213-640-3988
Email: smyers@lafla.org

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

509212.1

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS