MICHAEL N. FEUER, City Attorney (SBN 111529)
KATHLEEN A. KENEALY, Chief Deputy City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 North Main Street, City Hall East, 7th Floor
Los Angeles, California 90012
Telephone: 213-978-4681
Facsimile: 213-978-7011
Email:  Scott.Marcus@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 20-02291 DOC (KES)<br><br>**DEFENDANT CITY OF LOS ANGELES' SUBMISSION OF REPORTS PURSUANT TO PRELIMINARY INJUNCTION ORDER [DKT. 277]**<br><br>**Hon. David O. Carter**<br>**United States District Judge** |

In compliance with Section V(2)(a)(iv)[1] of the Preliminary Injunction Order ("Order") issued by this Court on April 20, 2021 [Dkt 277], Defendant City of Los Angeles ("City") hereby submits reports from Mayor Eric Garcetti and the Los Angeles City Council explaining why an emergency declaration has not been issued. The reports from Mayor Garcetti and the City Council are attached hereto as **Exhibits A** and **B**, respectfully.

DATED: April 27, 2021

MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
ARLENE N. HOANG, Deputy City Attorney
JESSICA MARIANI, Deputy City Attorney

By: /s/ *Scott Marcus*
SCOTT MARCUS, Senior Assistant City Attorney
Counsel for Defendant City of Los Angeles

---

[1] The Court declined to stay this portion of the Order. *See* Amended Order Granting In Part and Denying In Part Defendants' *Ex Parte* Applications To Stay [Dkt. 287]. Complying with this non-stayed provision of the Order in no way waives any argument the City may make to stay or challenge the Order on appeal.

# EXHIBIT A



ERIC GARCETTI

MAYOR

April 26, 2021

The Honorable David O. Carter
United States District Court for the Central District of California
Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street, Courtroom 9 B
Santa Ana, CA 92701-4516

Re: *LA Alliance for Human Rights, et al. v. City of Los Angeles, et al.*, Case No. 2:20-cv-02291-DOC-KES

Dear Judge Carter:

This letter responds to your April 20th order to explain my position on the declaration of a local emergency regarding homelessness in the City of Los Angeles.

There is no precedent nor clear authority for using a local emergency declaration for a decades-long social crisis involving multiple government systems as opposed to a natural disaster (e.g. fires, earthquakes), civil unrest, or the current COVID public health emergency. As a City, we have determined that a declaration of an emergency will not provide me as Mayor, nor the members of the Los Angeles City Council, with any additional authority or powers in support of our commitment to implement immediate and comprehensive solutions to address the crisis of people experiencing homelessness in the City of Los Angeles.

The City is currently operating under the following declarations and legal authority:
- A 2015 declaration of a shelter crisis pursuant to Government Code Section 8698 et seq.
- The 2019 amendments to LAMC Sections 12.80 and 12.81 to align the City's shelter crisis regulations with the Government Code.
- The 2021 declaration of the COVID-19 emergency pursuant to the Los Angeles City Charter and LAAC Section 8.27.




The Honorable David Carter
April 26, 2021
Page 2 of 2

Together these provisions provide the City with the authority, for example, to use public facilities for housing, to access certain funding streams, and to allow for a more nimble procurement and contracting process. Additionally, I am reserving the right to continue emergency powers related to homelessness past the conclusion of the COVID-19 pandemic emergency.

Finally, as the Court is aware, the proposed City budget released last week allocates nearly $1 billion to confronting and solving the crisis of homelessness -- a recognition of the magnitude of this moral challenge and the vast effort required to address it. Once approved by the City Council, this budget, along with funds coming from federal, state, and local sources, will provide the City for the first time with the resources for a full-scale, FEMA-level response to this crisis.

As Mayor, I remain fully committed to quickly advancing solutions that work and keeping our City on the path to providing housing, healing, and hope to our most vulnerable neighbors.

Respectfully submitted,

*[signature]*

ERIC GARCETTI
Mayor of Los Angeles

# EXHIBIT B



# CITY OF LOS ANGELES
## OFFICE OF THE CHIEF LEGISLATIVE ANALYST

SHARON M. TSO
CHIEF LEGISLATIVE ANALYST

KAREN E. KALFAYAN
EXECUTIVE OFFICER

ROOM 255 · CITY HALL
200 N. SPRING STREET
LOS ANGELES, CA 90012
213.473.5709
FAX 213.485.8983

April 26, 2021

The Honorable David O. Carter
United States District Judge
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street,
Courtroom 9D
Santa Ana, CA 92701-4516

Dear Judge Carter:

Per your request, please find below my response on behalf of the Los Angeles City Council to your question regarding why the City Council has not issued a declaration of local emergency relative to the homelessness crisis.

Section 231(i) of the Los Angeles City Charter grants the Mayor the exclusive authority to declare a local emergency and coordinate the City's emergency response activities. The Mayor is empowered to declare the existence of a local emergency or disaster when he finds that any of the circumstances described in LAAC Section 8.22 exist, or at any time a disaster or local emergency is declared by the President of the United States or the Governor of California.

A local emergency is defined in Article 3, Section 8.22 of the Los Angeles Administrative Code (LAAC) as "any occurrence which by reason of its magnitude is or is likely to become beyond the control of the normal services, personnel, equipment and facilities of the regularly constituted branches and departments of the City government." Generally, a local emergency is declared due to a specific situation, such as fire, flood, earthquake, epidemic, drought, civil unrest, or other conditions.

When the Mayor declares a local emergency, he is required by LAAC Section. 8.27 to submit a resolution ratifying the existence of a local emergency and the need for a continuing state of local emergency to the City Council for approval. The Council must act on this resolution within seven days of the original declaration, and must reconsider the declaration every ten regular Council meeting days, but no longer than 30 calendar days, thereafter unless the state of emergency is terminated sooner.

If I may be of further assistance, please let me know.

Very truly yours,

*Sharon M. Tso*
SHARON M. TSO
Chief Legislative Analyst

SMT:jwd