FILED

MAY 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association; et al., <br><br>    Plaintiffs-Appellees, <br><br> LATINO COALITION OF LOS ANGELES; JOSUE TIGUILA, <br><br>    Intervenor-Plaintiffs-Appellees, <br><br>  v. <br><br> COUNTY OF LOS ANGELES, a municipal entity, <br><br>    Defendant-Appellant, <br><br> and <br><br> CITY OF LOS ANGELES, a municipal entity, <br><br>    Defendant. | No. 21-55395 <br><br> D.C. No. 2:20-cv-02291-DOC-KES <br> Central District of California, Los Angeles <br><br> ORDER |
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association; et al., <br><br>    Plaintiffs-Appellees, <br><br> LATINO COALITION OF LOS ANGELES; JOSUE TIGUILA, <br><br>    Intervenor-Plaintiffs- | No. 21-55404 <br><br> D.C. No. 2:20-cv-02291-DOC-KES |

MN/MOATT

|  |  |
|---|---|
| Appellees, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity, <br><br>　　　　　Defendant-Appellant, <br><br> and <br><br> COUNTY OF LOS ANGELES, a municipal entity, <br><br>　　　　　Defendant. |  |
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association; et al., <br><br>　　　　　Plaintiffs-Appellees, <br><br> LATINO COALITION OF LOS ANGELES; JOSUE TIGUILA, <br><br>　　Intervenor-Plaintiffs-Appellees, <br><br> v. <br><br> CANGRESS, DBA Los Angeles Community Action Network (LA CAN), <br><br>　　　　　Intervenor-Appellant, <br><br> COUNTY OF LOS ANGELES, a municipal entity; CITY OF LOS ANGELES, a | No. 21-55408 <br><br> D.C. No. 2:20-cv-02291-DOC-KES |

| |
|---|
| municipal entity, |
| Defendants. |

Before: McKEOWN, BERZON, and HUNSAKER, Circuit Judges.

These appeals arise from a lawsuit filed against the City and County of Los Angeles alleging constitutional and statutory violations related to the homelessness crisis in the region. On April 20, 2021, the district court entered a preliminary injunction requiring the City and County to take actions to address what it determined to be a worsening public health and safety emergency, and to provide the court with a series of reports and audits related to this crisis. On April 25, 2021, the district court granted in part the City and County's ex parte applications to stay the preliminary injunction and scheduled an evidentiary hearing for May 27, 2021 for the purpose of considering modifications to its order. The City and County have filed emergency motions to stay the preliminary injunction pending appeal, and the City has requested an immediate temporary administrative stay pending resolution of the stay motions. In this order, we consider only the request for an administrative stay.

We find that a brief administrative stay is warranted to preserve the status quo until the district court's May 27, 2021 evidentiary hearing as these further proceedings may impact whether a stay pending appeal is necessary or justified. *See Doe v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019) (explaining that an

administrative stay "is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits and does not constitute in any way a decision as to the merits of the motion for stay pending appeal."). The district court's April 20, 2021 preliminary injunction is stayed until June 15, 2021.

Appeal Nos. 21-55395, 21-55404 and 21-55408 are consolidated.

Appellants City and County of Los Angeles and appellee LA Alliance for Human Rights are directed to file concurrent supplemental briefs on June 3, 2021 addressing the impact, if any, of the further proceedings in the district court on the issues presented in the stay motions. In addition, it would be helpful to the court to hear the views on the emergency stay of the parties to these appeals that have not sought a stay, including intervenors. These parties may also file a brief on June 3, 2021 addressing the stay motions.

The following briefing schedule shall govern these consolidated appeals: the opening briefs and excerpts of record are due June 3, 2021; the answering briefs are due June 17, 2021; and the optional reply briefs are due June 24, 2021. *See* 9th Cir. R. 3-3. All parties on a side are encouraged to join in a single brief to the greatest extent practicable. *See* 9th Cir. R. 28-4. Failure to file timely an opening brief shall result in the automatic dismissal of the appeal by the Clerk for failure to prosecute. *See* 9th Cir. R. 42-1.

The Clerk will schedule these appeals to be heard on the July 2021 calendar. *See* 9th Cir. Gen. Order 3.3(g).