SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, an unincorporated association, JOSEPH BURK, HARRY TASHDJIAN, KARYN PINSKY, CHARLES MALOW, CHARLES VAN SCOY, GEORGE FREM, GARY WHITTER, and LEANDRO SUAREZ, individuals, Plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 200 inclusive, Defendants.,<br><br>Defendants. | CASE NO. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**PLAINTIFFS' BRIEF RE MAY 26, 2021 STATUS CONFERENCE**<br><br>**Hearing:** May 26, 2021<br>**Time:**     10:00am<br>**Court:**    350 W. 1st Street<br>                  Los Angeles, CA 90012 |

Plaintiffs LA ALLIANCE FOR HUMAN RIGHTS, et al. respectfully submit the following Brief in advance of the hearing on May 26, 2021 to raise three issues of concern to the Court and the Parties.

Plaintiffs LA ALLIANCE FOR HUMAN RIGHTS, et al. commend the City and County's cooperation to reach an unprecedented agreement to provide 6,700 beds within nine months (6,000 beds) and eighteen months (700 beds) respectively. The production this City has witnessed under this agreement is exceptional and demonstrates the significant success that can be achieved through cooperation of both effort and finances of our local government agencies.  However, in light of the hearing scheduled for May 26, 2021, Plaintiffs wish to raise three significant issues that are apparent from Defendant City's April 15, 2021 status report (ECF No. 267.).

*First*, the primary purpose behind the agreement was to "house or shelter [] (persons experiencing homelessness) living within 500 feet of freeway overpasses, underpasses and ramps within the City of Los Angeles."  (Binding Term Sheet ¶ 1, June 18, 2020, ECF No. 136; Memorandum of Understanding ¶ III(A), Oct. 13, 2020, ECF No. 185-1.) The secondary purpose of the agreement was "to give priority to providing housing or shelter to [] (persons experiencing homelessness aged) 65+" and "other vulnerable (persons experiencing homelessness)" within City limits.  (*Id*.)  This agreement was indeed a response to the Court's Preliminary Injunction which ordered "individuals experiencing homelessness camped within 500 feet of an overpass, underpass, or ramp [] be offered housing . . . and subsequently humanely relocated at least 500 feet away from such areas." (Preliminary Injunction ¶ III, May 22, 2020, ECF No. 123.)  However, the City's report noted that out of the 6,195 beds developed under this agreement, only 396 individuals served were within 500 feet of a freeway.  (COVID-19 Homelessness Roadmap, City-County MOU, Interventions Open and Occupiable on April 16, 2021, Apr. 15, 2021, ECF No. 267-1; COVID-19 Homelessness Roadmap Quarterly Reporter, Quarter Ending March 31, 2021 at 5, Apr. 15, 2021, ECF No. 267-2.) Given that the estimate of individuals in encampments within 500 feet of freeway overpasses, underpasses, and ramps within the City of Los Angeles is approximately 3,100 (City's Alternative Plan to Address Persons Experiencing Homelessness at 8.

ECF No. 123-1), only 12.8% of individuals experiencing homelessness are being served by these new projects which were intended to specifically serve that population. It is also unclear why 1,343 "other (persons experiencing homelessness)," not identified by one of the three target categories, have been served by this agreement, yet only 396 individuals leaving near freeways, and only 601 persons experiencing homelessness aged 65 and older have been served. This appears to be a material breach of the agreement between Defendant City, Defendant County, and the Court.

*Second* there are ten (10) Project Roomkey hotels included in the bed count, representing 1,464 beds. (COVID-19 Homelessness Roadmap, City-County MOU, Interventions Open and Occupiable on April 16, 2021, Apr. 15, 2021, ECF No. 267-1.) However, these are expenses which are—or should be—reimbursed by the federal government. As of March 2021, the City had failed to request tens millions of dollars in reimbursement from the Federal Emergency Management Agency (FEMA),[1] even though the federal government increased the reimbursement percentage to 100% through September, 2021.[2] It remains unclear whether FEMA reimbursement has been, or will be, requested for these projects. If the City is not reimbursed by FEMA for these projects, the City is wasting valuable funds desperately needed for homeless housing. If the City is being reimbursed by FEMA, the City should not also be reimbursed by the County. (*See* City-County

---

[1] Benjamin Oreskes, et al., *L.A. is entitled to federal aid to put homeless people in hotels. It hasn't asked for any yet*, Los Angeles Times (Mar. 3, 2021, 4:28 PM), https://www.latimes.com/homeless-housing/story/2021-03-03/la-slow-submit-fema-aid-paperwork-homeless-hotels.

[2] Joseph R. Biden, Jr., Memorandum to Extend Federal Support to Governors' Use of the National Guard to Respond to COVID-19 and to Increase Reimbursement and Other Assistance Provided to States, The White House Office of Communications (Jan. 21, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/21/extend-federal-support-to-governors-use-of-national-guard-to-respond-to-covid-19-and-to-increase-reimbursement-and-other-assistance-provided-to-states/.

Memorandum of Understanding at 4, Oct. 13, 2020, ECF No. 185-1 (The purpose of the MOU is "[t]o assist CITY with funding services . . . .").) It is also unclear whether these beds will continue to exist past September, 2021, when FEMA reimbursement is no longer an option. To the extent these beds are being "double counted," they should be removed from the list of projects under the City and County's Memorandum of Understanding, in which case the City is in material breach of the agreement between Defendant City, Defendant County, and the Court.

*Third*, the City reports 3,000 "Rapid Rehousing/Shared Housing" scattered site beds which are "in process" but have only served 385 total persons experiencing homelessness. (COVID-19 Homelessness Roadmap Quarterly Report, Quarter Ending March 31, 2021 at 1, Apr. 15, 2021, ECF No. 267-2.) Yet in a separate submission the City reports only 644 Rapid Rehousing/Shared Housing beds "in process" (COVID-19 Homelessness Roadmap, City-County MOU, Interventions Open and Occupiable on April 16, 2021, Apr. 15, 2021, ECF No. 267-1.) Presumably, the City will explain the difference in the two reportable numbers at the upcoming hearing. However, the accountability for use of these "beds" is in question as no physical structure may be verified and, upon information and belief, LAHSA will not disclose identifying information for individuals utilizing the vouchers. Furthermore, the MOU between these parties permits rental assistance, including rapid rehousing, "but only for the duration of the assistance." (City-County Memorandum of Understanding at 4, Oct. 13, 2020, ECF No. 185-1.) Therefore, because only 385 persons experiencing homelessness have been served to date (City of Los Angeles Quarterly Status Report, ECF No. 267-2), only 385 beds should be counted, not 644.

Plaintiffs are not parties to the agreement discussed herein, and were not involved in negotiating the terms thereof.  However, Plaintiffs are interested in seeing the project's success to the extent it means more housing and shelter for individuals on the street, and the safe and humane relocation from dangerous and unhealthy encampments.

Dated: May 24, 2021					Respectfully submitted,


					*/s/ Elizabeth A. Mitchell*
					SPERTUS, LANDES & UMHOFER, LLP
					Matthew Donald Umhofer (SBN 206607)
					Elizabeth A. Mitchell (SBN 251139)

					*Attorneys for Plaintiffs*