MICHAEL N. FEUER, City Attorney (SBN 111529)
KATHLEEN A. KENEALY, Chief Deputy City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 North Main Street, City Hall East, 7th Floor
Los Angeles, California 90012
Telephone: 213-978-7508
Facsimile: 213-978-7011
Email:  Arlene.Hoang@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 20-02291 DOC (KES)<br><br>**DEFENDANT CITY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT [Dkt. 1] [FRCP 8, 12(b)(1) and 12(b)(6)]**<br><br>Date:  August 9, 2021<br>Time:  8:30 a.m.<br>Courtroom:  9D<br><br>**Hon. David O. Carter**<br>**United States District Judge** |

# **TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………………...1

II. SUMMARY OF RELEVANT COMPLAINT ALLEGATIONS……………………...1

III. MOTION TO DISMISS STANDARDS…………………………………………….2

IV. DISMISSAL PURSUANT TO RULE 12(b)(1) IS APPROPRIATE……………….3

    A. Plaintiffs have not met their burden to establish standing…………………….3

    B. The Complaint violates separation of powers and federalism principles……..5

V. PLAINTIFFS' FEDERAL CLAIMS FAIL..……………………………………….6

    A. Plaintiffs' Federal Disability-Related Claims Fail…………………………6

        1. Plaintiffs cannot establish they have been discriminated against by the City by reason of their disabilities…………………………………7

        2. The temporary obstructions Plaintiffs complain of do not constitute violations of the disability access laws………………………………..8

        3. The City's sidewalks are accessible when viewed in their entirety……..8

    B. Plaintiffs' California Disabled Persons Act Claim Fails…………………..…9

    C. Plaintiffs' Section 1983 claims for relief are not viable…………………..10

        1. Plaintiffs' due process and equal protection violation claim fails……...10

        2. Plaintiffs' Twelfth Claim fails……………………………………….12

    D. Plaintiffs' *Monell* (Fourteenth) claim cannot be established………...……….14

    E. Plaintiffs have not alleged a taking under federal or state law…………...….15

VI. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND LEGAL INSUFFICIENCY…………………………………..17

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

A. The court should decline to assert supplemental jurisdiction over Plaintiffs' other state law claims………………………………..………………17

B. Plaintiffs have not alleged a claim for common law negligence………......18

   1. The City cannot be negligent for failing to clean up homeless encampments in all unidentified public spaces…………………………19

   2. Plaintiffs cannot ask this court to tell the City how and when to enforce laws……………………………………………………………......19

   3. Plaintiffs' allegations concerning Prop HHH do not support a viable claim…………………………………………………….…..20

C. Plaintiffs fail to state a public or private nuisance claim……………….20

   1. Plaintiffs' nuisance claims are barred by discretionary immunity and separation of powers…………...…………………………….21

   2. Plaintiffs cannot allege the requisite nuisance elements…………….21

   3. Plaintiffs have not stated a public nuisance claim where no harm was specially injurious to them.…………………………….………..23

D. Plaintiffs' Claim for Violation of Section 526a Fails……………...……..23

VII.

CONCLUSION…………………………………………………………....…...25

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Air Pegasus v. United States*,
424 F.3d 1206 (Fed. Cir. 2005) ................................................................. 16

*Albright v. Oliver*,
510 U.S. 266 (1994) .................................................................................. 10

*Allen v. Wright*,
468 U.S. 737 ............................................................................................... 5

*ASARCO, Inc. v. Kadish*,
490 U.S. 605 (1989) .................................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2008) .................................................................................... 2

*Baker v. City of San Diego*,
463 F. Supp. 3d 1091 ................................................................................ 11

*Baker v. McCollan*,
443 U.S. 137 (1979) .................................................................................. 10

*Barbian v. Panagis*,
694 F.2d 476 (7th Cir. 1982) .................................................................... 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................... 3

*Blackwell v. City & Cty. of San Francisco*,
506 Fed. Appx. 585 (9th Cir. 2013) ........................................................... 8

*Bottini v. City of San Diego*,
27 Cal.App.5th 281 (2018) ....................................................................... 15

*Brass v. Cnty. of Los Angeles*,
328 F.3d 1192 (9th Cir. 2003) .................................................................. 14

*Cantrell v. City of Long Beach*,
241 F.3d 674 (9th Cir. 2001) .............................................................. 23, 24

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Carlsbad Technology, Inc. v. HIF Bio, Inc.*
    556 U.S. 635 (2009) ......................................................................................... 17

*Carter v. City of Los Angeles*,
    224 Cal. App. 4th 808,825 (2014), *vacated in part by Wilkins-Jones*, 2012 U.S. Dist.
    LEXIS 107127 (N.D. Cal. Jul. 31, 2012) ................................................... 10

*Citizens for Odor Nuisance Abatement v. City of San Diego*,
    8 Cal. App. 5th 350 (2017) .................................................................... 21, 22

*City of Stockton v. Superior Court*,
    212 Cal.4th 730 (2007) ............................................................................... 18

*Cobine v. City of Eureka*,
    250 F. Supp. 3d 423 (N.D. Cal. 2017) ................................................. 12, 13

*Contreras v. Anderson*,
    59 Cal.App.4th 188 (1997) ......................................................................... 19

*County of Santa Clara v. Superior Court*,
    50 Cal.4th 35 (2010) ................................................................................... 23

*Culinary Studios, Inc. v. Newsom*,
    2021 U.S. Dist. LEXIS 23775*, 2021 WL 427115 (E.D. Cal. Feb. 8, 2021) ........... 11

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ...................................................................................... 3

*De Cambio Comdiv S.A. de C.V. v. United States*,
    48 Fed. Cl. 137 (Fed. Cl. 2000) ................................................................. 15

*Dunn v. City of Los Angeles*,
    2017 U.S. Dist. LEXIS 220742 (C.D. Cal. Apr. 26, 2017) ......................... 9

*Eastburn v. Regional Fire Protection Authority*,
    31 Cal.4th 1175 (2003) ............................................................................... 18

*El Escorial Owners' Assn. v. DLC Plastering, Inc.*,
    154 Cal.App.4th 1337 (2007) ..................................................................... 22

*Engquist v. Oregon Dep't of Agric.*,
    478 F.3d 985 (9th Cir. 2007) ...................................................................... 16

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Equity Lifestyle Props., Inc. v. County of San Luis Obispo*,
 548 F.3d 1184 (9th Cir. 2007) ............................................................................. 3

*In re Firearm Cases*,
 126 Cal. App. 4th 959 (2005) ............................................................................. 22

*Fox v. County of Fresno*,
 170 Cal.App.3d 1238 (1985) .............................................................................. 18

*Friends of H St. v. City of Sacramento*,
 20 Cal. App. 4th 152 (1993) .............................................................................. 21

*Gates v. Superior Court*,
 32 Cal.App.4th 481 (1995) ................................................................................. 19

*Hernandez v. City of San Jose*,
 897 F.3d 1125 (9th Cir. 2018) ........................................................................... 13

*Herzberg v. County of Plumas*,
 133 Cal. App. 4th 1 (2005) ................................................................................ 24

*Hodel v. Indiana*,
 452 U.S. 314 .................................................................................................... 11

*Hollingsworth v. Perry*,
 570 U.S. 693 (2013) ............................................................................................ 4

*Horne v. Flores*,
 557 U.S. 433 (2009) ............................................................................................ 6

*Humane Soc'y of the United States v. State Bd. of Equalization*,
 152 Cal. App. 4th 349 (2007) ............................................................................ 24

*Janis v. Cal. State Lottery Com*,
 68 Cal. App. 4th 824 (1998) .............................................................................. 20

*Johnson v. City of Seattle*,
 474 F.3d 634 (9th Cir. 2007) ............................................................................. 12

*Jones v. City of L.A.*,
 444 F.3d 1118 (9th Cir. 2006), *vacated by settlement, Jones v. City of L.A.*, 505 F.3d
 1006 (9th Cir. 2007) ............................................................................................ 6

v

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Juliana v. United States*,
    947 F.3d 1159 (9th Cir. 2020) ........................................................................ 4

*Ketchum v. Cty. of Alameda*,
    811 F.2d 1243 (9th Cir. 1987) ...................................................................... 11

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) ........................................................................................ 3

*Koll-Irvine Ctr. Prop. Owners Ass'n v. Cty. of Orange*,
    24 Cal. App. 4th 1036 (1994) ...................................................................... 23

*Leer v. Murphy*,
    844 F.2d 628 (9th Cir. 1988) ...................................................................... 10

*Lewis v. Casey*,
    518 U.S. 343 (1996) (Thomas, J., concurring) ............................................. 5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ........................................................................................ 4

*Lipton v. Pathogenesis Corp.*,
    284 F.3d 1027 (9th Cir. 2002) ...................................................................... 2

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................ 3

*Lyons v. Santa Barbara Cty. Sheriff's Office*,
    231 Cal. App. 4th 1499 (2014) .................................................................... 24

*M.S. v. Brown*,
    902 F.3d 1076 (9th Cir. 2018) ...................................................................... 4

*Martinez v. City of Clovis*,
    943 F.3d 1260 (9th Cir. 2019) .................................................................... 11

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ...................................................................... 3

*Michenfelder v. City of Torrance*,
    28 Cal.App.3d 202 (1972) ............................................................................ 19

*Midgett v. Tri-Ct. Metro. Transp. Dist. of Oregon*,
    254 F.3d 846 (9th Cir. 2001) .................................................................... 5, 9

vi

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Moden v. United States*,
404 F.3d 1335 (Fed. Cir. 2005) ...............................................................15, 16

*Monell v. Dept. of Social Services*,
436 U.S. 658 (1978)..................................................................................10, 14

*Montoya v. City of San Diego*,
2021 U.S. Dist. LEXIS 52340 (S.D. Cal. Mar. 19, 2021)...........................8, 9

*Munger v. City of Glasgow Police Dept.*,
227 F.3d 1082 (9th Cir. 2000) ........................................................................13

*Navajo Nation v. United States*,
631 F.3d 1268 (Fed. Cir. 2011) ......................................................................15

*Omnia Comm. Co. v. United States*,
261 U.S. 502 (1923)........................................................................................16

*Patel v. Kent Sch. Dist.*,
648 F.3d 965 (9th Cir. 2011) ....................................................................12, 13

*Portman v. Cty. of Santa Clara*,
995 F.2d 898 (9th Cir. 1993) ..........................................................................11

*Rizzo v. Goode*,
423 U.S. (1976)............................................................................................5, 6

*San Diego Gas & Elec. Co. v. Superior Court*,
13 Cal.4th 893 (1996) .....................................................................................22

*San Mateo Union High Sch.Dist. v. County of San Mateo*,
213 Cal. App. 4th 418 (2013) .........................................................................20

*Sarfaty v. City of Los Angeles*,
765 Fed. Appx. 280 (9th Cir. 2019)..................................................................8

*Searcy v. Hemet Unified School District*,
177 Cal.App.3d 792 (1986) ............................................................................18

*Simon v. E. Kentucky Welfare Rights Org.*,
426 U.S. 26 (1976)............................................................................................3

*Sosa v. DIRECTV, Inc.*,
437 F.3d 923 (9th Cir. 2006) ..........................................................................12

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Soto v. Los Angeles Cty. Flood Control Dist.*,
  2016 U.S. Dist. LEXIS 197210 (C.D. Cal. May 24, 2016)...................................... 8, 9

*Spokeo, Inc. v. Robins*,
  ___ U.S. ___, 136 S.Ct. 1540 (2016)........................................................................ 3

*State Dep't of State Hosps v. Superior Court*,
  61 Cal.4th 339 (2015) ............................................................................................ 18

*Steinle v. City & County of San Francisco*,
  919 F.3d 1154 (9th Cir. 2019) .............................................................................. 21

*Sumner Peck Ranch, Inc. v. Bureau of Reclamation*,
  823 F. Supp. 715 (E.D. Cal. 1993) ....................................................................... 21

*Sundance v. Municipal Court*,
  42 Cal. 3d 1101 (1986) .......................................................................................... 25

*Susman v. Los Angeles*,
  269 Cal.App.3d 803 ............................................................................................... 19

*Takhar v. People ex rel. Feather River Air Quality Management Dist.*,
  27 Cal. App. 5th 15 (2018) .................................................................................... 24

*Taliaferro v. Locke*,
  182 Cal.App.2d 752 (1960) .................................................................................... 16

*Taylor v. Buff*,
  172 Cal. App. 3d 384 (1985) ............................................................................ 20, 21

*Tobe v. City of Santa Ana*,
  9 Cal.4th 1069 (1995) ............................................................................................ 17

*Turner v. City & County of San Francisco*,
  892 F. Supp. 1197 (N.D. Cal. 2012)...................................................................... 23

*United States v. Lazarenko*,
  476 F.3d 642 (9th Cir. 2007) ................................................................................... 4

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*,
  454 U.S. 464 (1982).................................................................................................. 4

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Venuto v. Owens-Corning Fiberglas Corp.*,
   22 Cal. App. 3d 116 (1971) ......................................................................................23

*Wade v. Regional Credit Ass'n*,
   87 F.3d 1098 (9th Cir. 1996) ....................................................................................17

*Wash. Envtl. Council v. Bellon*,
   732 F.3d 1131 (9th Cir. 2013) ....................................................................................4

*Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*,
   114 F. 3d 976 (9th Cir. 1997) .....................................................................................7

*Zelig v. County of Los Angeles*,
   27 Cal.4th 1112 (2002) ............................................................................................20

**Statutes**

28 U.S.C. §1367(c)(3) ................................................................................................. 17

42 U.S.C. Section 1983 ...................................................................................... 10, 11, 14

42 U.S.C. § 12132 ......................................................................................................... 7

Americans with Disabilities Act (ADA) ............................................................... 6, 7, 8, 9

Cal. Civ. Code § 54(c) .................................................................................................. 9

Cal. Civ. Code § 3493 ................................................................................................. 23

Cal. Gov. Code §§ 810, *et seq.* ................................................................................. 18

Cal. Gov. Code §818.2 ................................................................................................. 19

Cal. Gov. Code §§ 820.2 and 815.2(b) .............................................................. 19, 20, 21

Cal. Gov. Code § 815(a) .............................................................................................. 18

California Code of Civil Procedure section 526a ............................................... 23, 24, 25

California's Disabled Persons Act (CDPA) ................................................................... 9

Rehabilitation Act Section 504 ............................................................................... 6, 7, 9

Welf. & Inst. Code, § 17000-17001.5 ........................................................................... 17

ix

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**Other Authorities**

28 C.F.R. 35.150(a) .................................................................................................. 8

Fifth Amendment ..................................................................................................... 17

Fifth and Fourteenth Amendments ......................................................................... 10

Cal. Const., art. I, §19 ............................................................................................. 15

Federal Rules of Civil Procedure Rules 12(b)(1), 12(b)(6) and 8 ........................... 1

FRCP 12(b)(1) ...................................................................................................... 2, 3

FRCP 12(b)(6) ................................................................................................ 2, 3, 17

Local Rule 7-3 ........................................................................................................ 17

Rule 8 ................................................................................................................ 2, 18

U.S. Const., 5th Amend. Article I ........................................................................... 15

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## I.    INTRODUCTION

While Defendant City of Los Angeles ("the City") agrees with Plaintiffs that homelessness is among the greatest challenges facing our region, Plaintiffs' efforts to address it through this lawsuit are misguided.  First, Plaintiffs lack standing and wrongfully ask the court to ignore fundamental principles of federalism and separation of powers, and to intrude into the City's handling of complex policy issues that should be addressed by the elected City leaders, not the court.  Indeed, as Plaintiffs acknowledge, the City's leaders have already devoted great efforts, money, and resources to address homelessness, and the City has only increased those efforts in recent years.  *See* Compl., Dkt. 1, ¶¶ 2, 18, 74.

Second, even if Plaintiffs had standing and asserted alleged harms that could be appropriately redressed by the judicial branch, Plaintiffs' complaint is still not viable because it fails to adequately plead any of the thirteen claims Plaintiffs seek to assert against the City.  Thus, dismissal of Plaintiffs' Complaint against the City pursuant to Rules 12(b)(1), 12(b)(6) and 8 of the Federal Rules of Civil Procedure ("FRCP") is warranted.

## II.    SUMMARY OF RELEVANT COMPLAINT ALLEGATIONS

LA Alliance for Human Rights claims to be "a broad coalition of Los Angeles stakeholders who understand that homelessness in LA is a human rights crisis and are working towards solutions to address the crisis and its related impact on health and safety issues throughout the region" (Compl. ¶ 76), while the individual Plaintiffs are residents and/or business owners in the City.  Compl. ¶¶ 76-122.

Plaintiffs' Complaint alleges that "[t]he City and County combined spend over a billion dollars annually providing police, emergency, and support services to those living on the streets" (Compl. ¶ 2) and acknowledges that "[o]fficials in both the County and City have gone to great lengths in the last couple years to address this crisis, and their efforts are impressive and commendable."  Compl. ¶ 18.  Despite recognizing that the City's extensive efforts to address homelessness are "considerable," "admirable,"

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

"impressive" and commendable" (Compl. ¶¶ 18, 74), Plaintiffs' lawsuit is premised on the notion that those tremendous efforts have not resulted in the change Plaintiffs wish to see in solving the exceptionally challenging and complex homelessness crisis.

Chief among their complaints, Plaintiffs allege that due to settlements and court orders in civil litigation, the City has been unable to fully enforce certain provisions of its Municipal Code that prohibit camping and regulate personal property in public spaces, which Plaintiffs allege has, in turn, led to encampments impeding sidewalks and an "accumulation of piles of personal property on the streets." *See* Compl. ¶¶ 4-5, 47-49. Plaintiffs allege that encampments have been allowed to persist in certain parts of the City, such as Skid Row, Venice, and under the 405 freeway, more than in others. Compl. ¶¶ 185-186.  Plaintiffs also complain that the City has "wasted" voter-approved Proposition HHH funds because the City focused on developing permanent housing solutions over the interim solutions Plaintiffs contend would be cheaper and a better use of funds.  *See* Compl. ¶¶ 61-62.

**III.  MOTION TO DISMISS STANDARDS**

As discussed infra (sections IV(A) and VI(A)), because Plaintiffs have not and cannot establish standing for any of their claims for relief, the Complaint should be dismissed.  FRCP 12(b)(1).  Dismissal is also warranted under FRCP 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, *citing Twombly,* 550 U.S. at 555.  When "the basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that a plaintiff "cannot cure the flaws" in his claims, dismissal without leave to amend is appropriate. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  In addition, a complaint that fails to meet the dictates of Rule 8, which requires fair notice

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

to a defendant of the claims against it and the grounds on which those claims rest, is subject to dismissal under Rule 12(b)(6).  *Twombly,* 550 U.S. at 555.

## IV.   **DISMISSAL PURSUANT TO RULE 12(b)(1) IS APPROPRIATE**

### A.   **Plaintiffs have not met their burden to establish standing**

"Federal courts are courts of limited jurisdiction" and they are presumed to lack jurisdiction unless the plaintiffs affirmatively establish their standing to pursue each claim and each form of relief they seek.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 352 (2006). The jurisdictional question of standing precedes, and does not require, analysis of the merits of Plaintiffs' claims. *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2007).  Plaintiffs do not meet their burden.

To establish Article III standing, Plaintiffs must establish, as the "irreducible constitutional minimum," all the following: (1) they suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely as opposed to merely speculative the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly… allege facts demonstrating' each element. [Citation.]" *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S.Ct. 1540, 1547 (2016).  The Ninth Circuit recognizes a plaintiff cannot rely on a bare legal conclusion to assert injury-in-fact, "or engage in an ingenious academic exercise in the conceivable to explain how defendants' actions caused his injury." *Maya v. Centex Corp*., 658 F.3d 1060, 1068 (9th Cir. 2011).

Plaintiffs have not established standing for each claim for relief they seek – nor can they – because there is no causal connection or redressability.  To demonstrate a causal connection, Plaintiffs must establish that their injuries are "fairly traced" to the City's actions and not resulting from the independent action of some third party not before the court.  *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976);

3

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1141 (9th Cir. 2013). Plaintiffs cannot establish redressability because the court lacks the power to issue the relief requested in the Complaint. *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) ("Even where a plaintiff requests relief that would redress her claimed injury, there is no redressability if a federal court lacks the power to issue such relief.") (citations omitted); *see also Juliana v. United States*, 947 F.3d 1159, 1172, 1175 (9th Cir. 2020) (directing dismissal on redressability grounds where plaintiffs sought declaratory and injunctive relief to address climate change by compelling executive and legislative branches to reduce fossil fuel emissions because such relief was not within the power of an Art. III court).

Indeed, "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Article III, the court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances' pervasively shared and most appropriately addressed in the representative branches. [Citation.]" *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 474-475 (1982). The Supreme Court confirmed that such cases do not present "cases" or "controversies" under Article III and are barred for constitutional reasons. *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 127, n.3 (2014).

Furthermore, Plaintiffs cannot meet the prudential standing requirements.[1] "A litigant 'raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.'" *Hollingsworth v. Perry*, 570 U.S. 693, 705-06 (2013) (citations omitted); *see also* "*United States v. Lazarenko*, 476 F.3d 642, 649-50 (9th Cir. 2007) (internal citation omitted). Here, Plaintiffs'

---

[1] There is no allegation in the Complaint that any individually named plaintiff, or any member of organizational plaintiff LA Alliance, is an unsheltered Angeleno. Rather, it is alleged all Plaintiffs are residents or business owners in the City. Compl., ¶¶ 76-122.

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Complaint is premised on generalized grievances that the City is not doing enough—or at least not doing what Plaintiffs want the City to do—to solve homelessness, cleanup homeless encampments, and enforce public right-of-way ordinances against the homeless.  But Article III precludes the court from dictating how the City exercises its discretion.  *Allen v. Wright*, 468 U.S. 737, 760 ("'[a] federal court . . . is not the proper forum to press' general complaints about the way in which government goes about its business."); *see also ASARCO, Inc. v. Kadish*, 490 U.S. 605, 616 (1989) (rejecting injuries based on "observation of conduct with which one disagrees" as sufficient to confer standing). While Plaintiffs may disagree with the City's discretionary decisions, they lack standing to challenge them in the courts; their remedy lies at the polling places and legislatures.

**B.      The Complaint violates separation of powers and federalism principles**

Indeed, what Plaintiffs seek to do through this lawsuit is usurp the discretionary authority of elected local officials and to have the court step into their shoes to address the homelessness crisis in the way Plaintiffs see fit.  This effort is a flagrant violation of the longstanding doctrines of federalism and separation of powers, which limit the role of the federal judiciary.  *See Lewis v. Casey*, 518 U.S. 343, 385 (1996) ("Principles of federalism and separation of powers impose stringent limitations on the equitable power of federal courts) (Thomas, J., concurring).

The Ninth Circuit and Supreme Court have consistently recognized that "a federal court must exercise restraint when a plaintiff seeks to enjoin any non-federal government agency, be it local or state." *Midgett v. Tri-Ct. Metro. Transp. Dist. of Oregon*, 254 F.3d 846, 851 (9th Cir. 2001); *see also Rizzo v. Goode*, 423 U.S. at 380 (1976) (noting that "principles of federalism…have applicability where injunctive relief is sought, not against the judicial branch of the state government, but against those in charge of an executive branch of an agency of state or local governments"). Government has traditionally been afforded the "widest latitude in the dispatch of its own internal affairs" and, accordingly, politically accountable local officials are owed

5

significant deference in shaping policies to deal with complex social issues. *See Rizzo*, 423 U.S. 362 at 380.  The City has the right to dispatch its own internal, municipal affairs and the court cannot encroach upon City Council's and Mayor's discretion and functions.  *Jones v. City of L.A.*, 444 F.3d 1118, 1138 (9th Cir. 2006), *vacated by settlement*, *Jones v. City of L.A.*, 505 F.3d 1006 (9th Cir. 2007).  The Ninth Circuit has specifically advised on the boundaries of the federal courts' power to address the homelessness crisis, noting that while federal courts have power to prevent enforcement of unconstitutional ordinances (which Plaintiffs do not allege here), federal courts cannot dictate the precise way the City should address homelessness.  *Id.*

These doctrines arguably apply with even greater force here, where Plaintiffs admit there is no single cause of the current homelessness crisis, nor a single action, agency, or official that can be ordered to fix it.  By asking the court to insert itself into the political branch's daily running of the City's affairs, Plaintiffs ignore the sound limitations placed on a federal court's authority, and instead ask the court to substitute its judgment for that of local officials to address homelessness in the precise way Plaintiffs see fit, without regard for competing opinions or for other crises that draw on local resources.  *See Horne v. Flores*, 557 U.S. 433, 448 (2009) ("Federalism concerns are heightened when…a federal-court decree has the effect of dictating state or local budget priorities.").  In short, what Plaintiffs seek to achieve through this lawsuit cannot be accomplished without violating federalism and separation of powers principles.

## V.    PLAINTIFFS' FEDERAL CLAIMS FAIL

### A.    Plaintiffs' Federal Disability-Related Claims Fail

Plaintiffs' Ninth and Tenth claims for violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act both fail.  Plaintiffs do not establish the City has discriminated against them solely by reason of their disabilities, and instead seek to use the ADA and Rehabilitation Act as tools to address more generalized grievances about the City's policy towards homeless people and their property on sidewalks.  Such grievances about policy decisions are not what these

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

statutes were intended to apply to, and in any event, the City's sidewalks are passable when viewed in their entirety.

### 1.    Plaintiffs cannot establish they have been discriminated against by the City by reason of their disabilities

To state a claim under Title II of the ADA and Section 504 of the Rehabilitation Act, Plaintiffs must establish that they are qualified individuals with disabilities who were either excluded from participation in or denied a benefit, or were discriminated against by the City solely by reason of their disability.  *See* 42 U.S.C. § 12132; *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F. 3d 976, 978-79 (9th Cir. 1997).  Here, Plaintiffs have not sufficiently alleged actionable discrimination by the City "solely by reason of disability" because they have not shown the two disabled plaintiffs (or any people with disabilities) are uniquely injured *solely because of their disability*, which is an essential requirement of an ADA claim.  *See Weinreich*, 114 F. 3d at 978-79 ("A plaintiff proceeding under Title II of the ADA must, similar to a section 504 plaintiff, prove that the exclusion from participation in the program was 'solely by reason of disability.'")

Indeed, to the contrary, Plaintiffs affirmatively allege that the sidewalks are *equally* blocked for *all* residents.  *See e.g.,* Compl., ¶ 2 ("Large items obstruct the free passage and use of the streets and sidewalks."); Compl., ¶ 5 ("The massive build-up of property and tents has made the sidewalks unpassable" and further noting that a non-disabled plaintiff "Karyn Pinsky must walk with her young son in a stroller in the middle of traffic.  The Inner-City Arts Center must hire security to walk with students and staff to and from campus."); Compl., ¶ 45 ("Disabled persons in wheelchairs such as plaintiffs Charles Van Scoy and Leandro Suarez must choose daily whether to stay in their homes or walk into the middle of the street with oncoming traffic. *Mothers with young children in strollers, like plaintiffs Deisy Suarez and Karyn Pinksy, do the same.*") (Emphasis added).  Plaintiffs' claims are, therefore, insufficient to state a viable claim under the ADA or Rehabilitation Act.

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## 2. The temporary obstructions Plaintiffs complain of do not constitute violations of the disability access laws

Temporary obstructions such as those Plaintiffs complain of, including human beings and their personal property, are not the type of fixed architectural barriers addressable as ADA accessibility violations. *See Montoya v. City of San Diego*, 2021 U.S. Dist. LEXIS 52340, at *24 (S.D. Cal. Mar. 19, 2021) (denying preliminary injunction based on alleged sidewalk obstructions from dockless scooters and bikes on multiple grounds, including that the plaintiffs did not demonstrate that "dockless vehicles can be considered architectural barriers of the kind the ADA and its companion state statutes are meant to target."). Indeed, the regulatory language Plaintiffs cite to indicates that public entities are required to "maintain in operable working condition ***those features of facilities and equipment*** that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Compl. ¶ 174 (citing 28 C.F.R. §35.133(a)(2011)) (emphasis added).[2]

## 3. The City's sidewalks are accessible when viewed in their entirety

A public entity is required to maintain existing facilities, including sidewalks built before January 26, 1992, in a way that ensures they are readily accessible to, and usable by, individuals with disabilities *when viewed in their entirety*. *See* 28 C.F.R. 35.150(a); *see also Soto v. Los Angeles Cty. Flood Control Dist.*, 2016 U.S. Dist. LEXIS 197210, at *13 (C.D. Cal. May 24, 2016) ("a public entity is only required to operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities.") (citation and emphasis omitted); *Blackwell v. City & Cty. of San Francisco*, 506 Fed. Appx. 585, 586

---

[2] Moreover, if the court were to find that the temporary obstructions from homeless individuals and their belongings are the type of barriers to which the ADA applies, then the *Willits* settlement would preclude Plaintiffs' claim for injunctive relief because it is based on the same set of facts, *i.e.,* that disabled individuals in wheelchairs have trouble maneuvering sidewalks. *See Sarfaty v. City of Los Angeles*, 765 Fed. Appx. 280, 281 (9th Cir. 2019).

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

(9th Cir. 2013) (affirming summary judgment for San Francisco related to sidewalks built before January 26, 1992, which were "existing facilities").  Here, Plaintiffs have made no allegations that the City's sidewalks were built after January 1992 such that they are not "existing facilities."  Nor does the Complaint allege that the sidewalks are inaccessible when viewed in their entirety.  Without such allegations, the Plaintiffs have failed to state a claim for an ADA violation.  *See e.g., Midgett v. Tri-County Metro. Transp. Dist.*, 254 F.3d at 849 ("The regulations implementing the ADA do not contemplate perfect service…"); *Soto,* 2016 U.S. Dist. LEXIS 197210, at *13 (noting that "the relevant question [was] not whether each Bike Path entry point is accessible, but whether, viewed in its entirety, the Bike Path can be entered and used by persons with disabilities. Therefore, the Bike Path could, in theory, comply with Title II even if certain entry points were inaccessible.") (Emphasis in original); *Montoya,* 2021 U.S. Dist. LEXIS 52340, at *24-25 ("the court [was] not convinced that Plaintiffs have demonstrated that they will succeed in showing that they have been denied meaningful access to the City's sidewalks when it considers the 5,000 miles of sidewalks the City has to maintain in relation to the number of Plaintiffs' 'documented obstructions.'").  For all these reasons, Plaintiffs' Ninth and Tenth claims for violation of the ADA and Section 504 of the Rehabilitation Act fail.

**B.     Plaintiffs' California Disabled Persons Act Claim Fails**

Plaintiffs' Eighth claim for violation of the California Disabled Persons Act ("CDPA"), which is based on the same conduct as the ADA and Rehabilitation Act claims although based on state law, fails for the same reasons as the federal claims. *See* Cal. Civ. Code § 54(c) (a violation of the ADA is a violation under California's Disabled Persons Act).  In addition, the CDPA does not apply to the City.  "Civil Code § 54.3 expressly limits its application to a 'person or persons, firm or corporation,' and does not define 'person or persons' or 'corporation' to include the City." *See Dunn v. City of Los Angeles*, 2017 U.S. Dist. LEXIS 220742, at *7 (C.D. Cal. Apr. 26, 2017) (granting motion to dismiss "because the City is not a 'person or persons, firm or corporation'

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

within the meaning of Cal. Civ. Code. § 54.3"); *Carter v. City of Los Angeles*, 224 Cal. App. 4th 808,825 (2014) (opining that "no California court" would likely hold a city liable for damages under the CDPA), *vacated in part by Wilkins-Jones*, 2012 U.S. Dist. LEXIS 107127 (N.D. Cal. Jul. 31, 2012). Thus, Plaintiffs' Eighth claim for relief fails and should be dismissed.

### C.    Plaintiffs' Section 1983 claims for relief are not viable

Plaintiffs' Eleventh, Twelfth, and Fourteenth constitutional claims under 42 U.S.C. Section 1983 and *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) lack merit.  "Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)); *Monell*, 436 U.S. at 691.  Thus, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146.  Plaintiffs have not and cannot demonstrate the City has deprived them of any constitutional interest.

### 1.    Plaintiffs' due process and equal protection violation claim fails

Plaintiffs have failed to allege sufficient facts to state their Eleventh Claim for violation of due process and equal protection.  The essence of Plaintiffs' claim is the City violated Plaintiffs' due process and equal protection rights under the Fifth and Fourteenth Amendments because City decisions addressing homelessness resulted in unhoused Angelenos living in certain areas more than others, thereby purportedly burdening certain communities and residents.  Compl., ¶¶ 185-186.  As a threshold issue, because Plaintiffs' allegations do not as a matter of law constitute an injury to any constitutional right, Section 1983 does not apply and Plaintiffs' claim fails outright.

10

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Additionally, to obtain relief on Section 1983 claims based upon procedural due process, the plaintiff must establish the existence of "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The Due Process Clause is not a "guarantee of certain minimal levels of safety and security." *Martinez v. City of Clovis*, 943 F.3d 1260, 1270-71 (9th Cir. 2019). Indeed "[t]he general rule is that a state is not liable for its omissions" and due process does not "impose a duty on the state to protect individuals from third parties." *Id*. Thus, "[s]imply failing to prevent acts of a private party is insufficient to establish liability" under the Due Process Clause. *Id.*, *citing Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). This is true "even if the state was remiss in allowing the third person to be in a position in which he might cause harm to a member of the public." *Ketchum v. Cty. of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).

Similarly, Plaintiffs do not state facts sufficient to support a claim for an equal protection violation. Business owners and housed residents are not a protected class, and therefore analysis is subject only to deferential rational basis review. *Hodel v. Indiana*, 452 U.S. 314, 331(1981) (laws that do not "employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate governmental purpose"). Community location is also not a suspect classification. *Culinary Studios, Inc. v. Newsom*, 2021 U.S. Dist. LEXIS 23775*, 2021 WL 427115 (E.D. Cal. Feb. 8, 2021) (applying the rational basis test to equal protection challenge claiming that COVID-19 policies discriminate against businesses based on their physical location). Indeed, nothing in the Complaint suggests that the City's decisions were motivated by an intent to discriminate against Plaintiffs – much less that any such discrimination was based on membership in the group they represent, i.e., business owners and housed residents in Skid Row. *Baker v. City of San Diego*, 463 F. Supp. 3d 1091, 1099-1100 (dismissing equal protection claims against Housing Commission and County for perpetuating

11

housing segregation and denying equal access to housing opportunities for minorities where plaintiffs failed to allege intent to discriminate against plaintiffs).

Equally fatal is that Plaintiffs do not plead facts the City took affirmative action to deprive them of any constitutional right. To the contrary, Plaintiffs contend the City has made deliberate and significant advances in developing housing interventions and providing services for persons experiencing homelessness throughout the City. *See e.g.,* Compl, ¶¶ 2, 18 & 74. Plaintiffs further cannot rely on the City's litigation settlements as the basis for their claims (Compl., ¶186, referencing the *Mitchell* settlement) because litigation-related conduct, including settlements, are protected petitioning activity, which precludes liability under the *Noerr-Pennington* doctrine. *See Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 929 (9th Cir. 2006). Thus, Plaintiffs' Eleventh claim for procedural due process and equal protection violation is not viable.

### 2. Plaintiffs' Twelfth Claim fails

Plaintiffs' Twelfth Claim is legally insufficient because the "state-created danger" doctrine does not apply here. The "state-created danger" doctrine is a limited deviation from the well-established rule that a public entity's omission or failure to protect a plaintiff against bodily harm inflicted by third parties generally does not violate the guarantee of due process. *See Cobine v. City of Eureka*, 250 F. Supp. 3d 423, 432-33 (N.D. Cal. 2017) (dismissing state-created danger claim where plaintiffs' allegations "[did] not confirm that the state action was the impetus that put Plaintiffs in an inherently dangerous situation."). This narrow exception applies only where: (1) "there is 'affirmative conduct on the part of the state in placing the plaintiff in danger'" and (2) "the state acts with 'deliberate indifference' to a 'known or obvious danger.'" *See Patel*, 648 F.3d at 974. To meet the first prong, a plaintiff must point to state conduct that "affirmatively place[s] the plaintiff in a position of danger,' that is, where the state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Cobine*, 250 F. Supp. 3d at 432; *see also Johnson v. City of Seattle*, 474 F.3d 634, 641 (9th Cir. 2007) (rejecting state-created danger claim because city's

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

decision to switch from aggressive crowd control operations plan to more passive plan for Mardi Gras celebration was not affirmative conduct that placed plaintiffs in a worse position than if the police had not devised an operational plan whatsoever). For the second prong, the "deliberate indifference" standard is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Cobine,* 250 F. Supp. at 432-33; *see also Patel*, 648 F.3d at 974-76 ("mere negligence–or even gross negligence–is not enough for deliberate indifference.").

In essence, Plaintiffs allege they have been harmed by unsheltered individuals engaging in activities (either lawful or unlawful) in the Skid Row area where they live and/or work. Compl., ¶¶ 189-190. But Plaintiffs do not allege the City, or any of its elected officials or employees, have taken any affirmative action that required Plaintiffs to live or work in Skid Row where they allegedly were harmed. Rather, where Plaintiffs choose to live or work is entirely up to them. Plaintiffs thus have not and cannot establish the City affirmatively created a state-created danger by restraining Plaintiffs' freedom to act on their own behalf by specifically directing the individual into a dangerous situation and eliminating other options by which the individual could have avoided that danger. *See Hernandez v. City of San Jose*, 897 F.3d 1125 (9th Cir. 2018) (Trump supporters stated claim of state-created danger when police allowed them to exit rally in only one direction towards counter-protesters the police knew were violent, and did not allow the supporters any other direction of travel by which they could have protected themselves); *Munger v. City of Glasgow Police Dept*., 227 F.3d 1082 (9th Cir. 2000) (when police ejected intoxicated man in only t-shirt and jeans from a bar at night in subfreezing temperature, refused to let him get into his car, and went looking for him afterwards, it was indisputable that the officers placed him "in a more dangerous position than the one in which they found him").

Further, any assertion of deliberate indifference on the part of the City is negated by Plaintiffs' express acknowledgement that the City has expended great efforts, money, and resources to address the homelessness crisis. *See* Compl., ¶ 2 ("The City and

13

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

County combined spend over a billion dollars annually providing police, emergency, and support services to those living on the streets."); ¶ 18 ("Officials in both the County and City have gone to great lengths in the last couple years to address this crisis, and their efforts are impressive and commendable"), ¶ 74 ("Plaintiffs do not suggest the City and County are doing nothing; the amount of effort and resources that have been devoted to addressing this issue is considerable and admirable.").  Far from alleging any deliberate indifference on the part of the City, Plaintiffs have solely alleged the City's extensive efforts are "considerable," "admirable," "impressive" and commendable," but have not resulted in the change Plaintiffs wish to see in solving the exceptionally challenging and complex homelessness crisis.  Compl., ¶¶ 18, 74.  This is a far cry from meeting the "stringent standard of fault" necessary to hold the City liable under the state-created danger doctrine, and thus Plaintiffs' Twelfth claim should be dismissed.

### D. Plaintiffs' *Monell* (Fourteenth) claim cannot be established

Plaintiffs seek to impose liability against the City pursuant to 42 U.S.C. § 1983 under *Monell*, a theory of liability that is not a standalone claim.  Because the Complaint is devoid of factual allegations regarding (a) any Constitutional violation and (b) any municipal policy or custom – which are required elements for *Monell* liability – Plaintiffs have not and cannot establish their Fourteenth claim, and it should be dismissed without leave to amend.  *See e.g., Brass v. Cnty. of Los Angeles*, 328 F.3d 1192, 1199-1200 (9th Cir. 2003) (the plaintiff did not state a valid claim for *Monell* liability because the "policy or custom" at issue did not violate plaintiff's constitutional rights).

Furthermore, a municipality can only be held liable for injuries caused by the execution of a policy or custom or by those whose edicts or acts may fairly be said to represent official policy.  *Monell*, 436 U.S. at 694.  Here, there are no factual allegations of any policy or custom.  Plaintiffs' allegations are conclusory only and fail to specify any policy or custom engaged in by the City that allegedly violated Plaintiff's fundamental rights.  This lack of any factual allegations of a policy or custom subjects

the claim to dismissal.

### E.    Plaintiffs have not alleged a taking under federal or state law

State and federal law prohibit the government from taking private property without just compensation.  U.S. Const., 5th Amend. Article I; Cal. Const., art. I, §19.[3] A regulatory takings (and inverse condemnation) plaintiff must allege, among other matters, that their injuries are the "direct, natural, or probable result" and not an incidental or consequential injury inflicted by governmental activity.  *Moden v. United States*, 404 F.3d 1335 at 14-15 (Fed. Cir. 2005).  This means a takings claim must be predicated on actions undertaken by the government, and not based on actions of third parties.  *See e.g. Navajo Nation v. United States*, 631 F.3d 1268, 1274 & 1276 (Fed. Cir. 2011) (rejecting takings claim because there was no credible evidence the federal government directed, or even encouraged, the third parties' conduct.  Thus, the disputed conduct of the third parties could not be attributed to the government for a takings claim); Casa *De Cambio Comdiv S.A. de C.V. v. United States*, 48 Fed. Cl. 137, 142-43 (Fed. Cl. 2000) (motion to dismiss granted, finding a takings claim will not lie even if the government knows its actions will pave the way for another to lose property at the hands of a third party).  Likewise, Plaintiffs here cannot state a takings or inverse condemnation claim because they do not allege their property injuries are the direct results of any identified governmental action.  Plaintiffs instead allege the contrary: a history of ongoing intervening acts breaking any direct predictability of injury to their property, including more than a century of polices, some detrimental and others beneficial (Compl. at ¶¶ 2, 9-13, 18, 25-32, 74), and illegal conduct by some non-parties (including some unsheltered Angelenos) including unlawful camping and property accumulation, wire tampering, make-shift heaters and open air fires, public prostitution, drug dealing, assaults, and increased frequency of crime.  *See* Compl. at ¶¶ 2-8, 33-38.

---

[3] Aside from a difference not relevant here, the federal and state clauses are construed congruently. *Bottini v. City of San Diego,* 27 Cal.App.5th 281, 312 (2018). Hence, the City addresses Plaintiffs' Fifth and Thirteenth claims for relief together.

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Even assuming *arguendo* that takings law is appropriate here, Plaintiffs' takings claims must still be dismissed because Plaintiffs do not and cannot allege facts to establish that the subject matter is "property" within the meaning of the takings clauses. *See Moden*, 404 F.3d 1335 at 14; *see also Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1002-04 (9th Cir. 2007) (If an interest is "speculative" or "discretionary," then the government's removal of the interest cannot constitute a constitutional taking of property). The gravamen of Plaintiffs' takings claims is that Plaintiffs' property suffered in value because the City failed to enforce prohibitions in the Los Angeles Municipal Code against unsheltered individuals, but such discretionary enforcement is insufficient to support the existence of a property interest owned by Plaintiffs to state a takings claim. *See Taliaferro v. Locke*,182 Cal.App.2d 752 (1960) (District Attorney had no mandatory obligation to investigate or prosecute persons where plaintiff complained about garbage, refuse and trash in the immediate proximity of their properties constituting a public nuisance.)

Furthermore, because Plaintiffs' allegations are limited to derivative injury caused by actions or inaction directed towards property not owned by Plaintiffs—specifically, sidewalks and other public rights of way—their alleged injuries are not compensable. *See Air Pegasus v. United States*, 424 F.3d 1206, 1215, 1217 (Fed. Cir. 2005) (no takings of heliport after government shut down commercial airspace because plaintiff did not actually own or operate any helicopters. No takings of right to access to navigable airspace from heliport because navigable airspace is public property not subject to private ownership.); *see also Omnia Comm. Co. v. United States,* 261 U.S. 502, 510-13 (1923) (government's requisition of steel producer's entire output which prevented plaintiff from exercising contractual purchase rights with the producer was a "consequential loss or injury" because the government action had not taken plaintiff's property but merely frustrated its performance and thus no compensation was due.) Furthermore, takings jurisprudence does not permit compensation for damages resulting from antagonistic uses of property by private actors which result from policy efforts by

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

local government to accommodate conflicting interests prevalent in large urban communities. *Barbian v. Panagis*, 694 F.2d 476, 486 (7th Cir. 1982) (no takings where city rezoned a strip of land adjacent to plaintiffs' home to accommodate access by a trucking company and approved a variance allowing the company to exceed local noise ordinance limitations. "The Fifth Amendment does not insulate homeowners from bearing the cost of urban change …"). For all these reasons, Plaintiffs' Fifth and Thirteenth Claims under federal and state law must be dismissed.

## VI. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND LEGAL INSUFFICIENCY

### A. The court should decline to assert supplemental jurisdiction over Plaintiffs' other state law claims

"Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1101 (9th Cir. 1996); *see also* 28 U.S.C. §1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.* 556 U.S. 635, 640-641 (2009). Accordingly, the court should decline to exercise supplemental jurisdiction and dismiss without prejudice Plaintiffs' first,[4] third through sixth and eighth claims for relief.[5] But even if jurisdiction is exercised, these claims are insufficiently pled, not legally plausible, and should be dismissed. FRCP 12(b)(6).

---

[4] Plaintiffs' second claim for violation of mandatory duty under Welfare and Institutions Code § 17000 is alleged only against the County. *See* Compl. Indeed, Section 17000 only imposes obligations on the County, and cannot support any relief against the City. Welf. & Inst. Code, § 17000-17001.5; *Tobe v. City of Santa Ana*, 9 Cal.4th 1069, 1104 n.18 (1995).

[5] As a result of the parties' meet and confer efforts following the Local Rule 7-3 meeting, Plaintiffs agreed to dismiss without prejudice their Seventh claim for violation of the California Environmental Quality Act ("CEQA"). As such, the City is not addressing the Seventh claim in this motion.

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**B.      Plaintiffs have not alleged a claim for common law negligence**

Plaintiffs' common law negligence claim is futile and violates Rule 8.  Plaintiffs vaguely and conclusory contend Defendants City and County – lumped together and without specificity– (a) failed to maintain unidentified public spaces, including parks, sidewalks, public buildings, "and certain undeveloped areas such as alongside freeways and other transportation routes" in a clean and safe condition and (b) failed to enforce laws.  Compl., ¶ 128.  Plaintiffs also allege the City breached unspecified duties regarding the passage of Proposition HHH by voters.  Compl., ¶¶ 130, 132.

The California Government Claims Act sets forth when and how a local government entity or public officers and employees may be sued.  Cal. Gov. Code §§ 810, *et seq*.  Liability against a municipality, if any, cannot arise out of common law, but rather, all tort liability of a public entity must be based on a specific statute declaring the entity to be liable, or at least creating some specific duty of care, and cannot be based solely on general common law tort provisions. Cal. Gov. Code § 815(a); *Eastburn v. Regional Fire Protection Authority,* 31 Cal.4th 1175, 1183 (2003); *see also Fox v. County of Fresno*, 170 Cal.App.3d 1238, 1241 (1985) ("In California, governmental tort liability must be based on statute.").  Duty cannot be alleged simply by stating that the defendant had a duty under the law; that is a legal conclusion and not a factual allegation.  *Searcy v. Hemet Unified School District,* 177 Cal.App.3d 792, 802 (1986).  Further, even when a duty exists, any applicable immunity statutes prevail over liability provisions.  *State Dep't of State Hosps v. Superior Court*, 61 Cal.4th 339, 348 (2015).[6]  Because Plaintiffs fail to plead any statute or enactment that imposes a specific duty on the City, because the City's law enforcement decisions are discretionary, and because the City is immune, Plaintiff's negligence claim fails.[7]

---

[6] If there is no actionable duty, the question of immunity does not arise.  *State Dep't of State Hosps*, 61 Cal.4th at 348.

[7] Any claim for monetary damages is barred because Plaintiffs failed to timely submit a Government Claim to the City.  *City of Stockton v. Superior Court,* 212 Cal.4th 730, 738 & 743 (2007).

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### 1.    The City cannot be negligent for failing to clean up homeless encampments in all unidentified public spaces

Plaintiffs' negligence claim is defective because Plaintiffs fail to plead facts specifying the public property that are the subject of their Complaint, or that the City owned, possessed or controlled all the properties to which Plaintiffs allegations apply. *See Contreras v. Anderson*, 59 Cal.App.4th 188, 197 (1997) (generally a defendant cannot be liable for the defective condition of property it does not own, possess or control).

### 2.    Plaintiffs cannot ask this court to tell the City how and when to enforce laws

Second, alleging the City was negligent for failing to enforce laws against unsheltered Angelenos is not a legally viable claim.  Plaintiffs do not have a legal right to dictate which laws are enforced or the manner of their enforcement, nor can the City be compelled to enforce laws in a particular manner *or at all*.  Decisions regarding whether and when to enforce laws are a matter of discretion.  *See Michenfelder v. City of Torrance,* 28 Cal.App.3d 202, 207 (1972) ("The decision of an officer whether to interfere with a citizen's liberty… is no less an exercise of discretion – hence the immunity provided in section 820.2 when he decides not to act."); *Gates v. Superior Court,* 32 Cal.App.4th 481, 507 (1995) (explaining that police deployment is "a discretionary policy determination"); *Susman v. Los Angeles,* 269 Cal.App.3d 803, 815(1969) ("Decisions that must be made by responsible public officials concerning the extent of police protection service to be provided in a community are the kind of discretionary determinations that should not be subject to review in tort litigation."); Gov. Code §818.2 ("[a] public entity is not liable for an injury caused by … failing to enforce any law."); Law revision Com. Comment to Gov. Code §818.2 (explaining that the purpose of section 818.2 is to immunize legislative and quasi- legislative action by specifically protecting the exercise of discretion by law enforcement officers in carrying

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

out their duties); *Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1132 (2002) (no liability for failing to protect individuals from crime).

Furthermore, the City is immune from liability.  *See* Gov. Code § 820.2 (public employee not liable for an injury resulting from an act or the omission that arises from an exercise of discretion); Gov. Code § 815.2(b) ("Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.")  Plaintiffs' anticipated argument that immunity does not apply because only equitable relief and no monetary damage is sought is unsupported.  Whether a governmental tort immunity applies does not depend on the form of the pleading, or relief sought.  Instead, the nature of the right sued upon is examined; if based on a breach of promise it is contractual; if based on a noncontractual duty it is tortious. *Janis v. Cal. State Lottery Com,* 68 Cal. App. 4th 824, 830 (1998).  Here, because there is no contractual duty alleged, Plaintiffs' claim is tortious and the immunities apply.

**3.    Plaintiffs' allegations concerning Prop HHH do not support a viable claim**

Third, the decisions regarding how the City's budget and funds should be allocated, such as how the funds generated by the voters' passage of Proposition HHH must be used and which streets and sidewalks should be cleaned, are discretionary such that no liability can lie against the City.  *See Taylor v. Buff*, 172 Cal. App. 3d 384, 390 (1985) ("A decision involving the allocation of limited funds is a purely discretionary one."); *San Mateo Union High Sch.Dist. v. County of San Mateo,* 213 Cal. App. 4th 418, 434 (2013) (treasurer who exercised discretion involving "crucial investment policy decisions that assessed the risks and advantages of competing investment opportunities" was immune from liability).  Accordingly, Plaintiffs' first claim for general negligence necessarily fails.

**C.    Plaintiffs fail to state a public or private nuisance claim**

Plaintiffs' third and fourth claims for public and private nuisance both fail.

20

### 1. Plaintiffs' nuisance claims are barred by discretionary immunity and separation of powers

As a threshold matter, Plaintiffs' state-law nuisance claims against the City fail as a matter of law because the City's policy decisions to address the homelessness crisis – including whether, where, and when to enforce anti-lodging laws and perform cleanups, and how funds in the City's budget should be allocated – are discretionary decisions, which are immune from liability under state law. Cal. Gov. Code §§ 820.2 and 815.2(b); *see also Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1162 (9th Cir. 2019); *Sumner Peck Ranch, Inc. v. Bureau of Reclamation*, 823 F. Supp. 715, 726 (E.D. Cal. 1993) (dismissing nuisance claim with prejudice on discretionary immunity ground); *Taylor*, 172 Cal. App. 3d at 390. Because the City cannot be compelled to act in any particular manner with respect to its discretionary decisions, Plaintiffs' nuisance claims necessarily fail as a matter of law.

The statutory immunity for discretionary governmental decisions is grounded in the separation of powers doctrine, which, as discussed above, bars Plaintiffs' nuisance claims. *See Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal. App. 5th 350, 366 (2017) (court could not compel the City to use its discretion in a particular manner); *Friends of H St. v. City of Sacramento*, 20 Cal. App. 4th 152, 159 (1993) (affirming denial of injunction to abate alleged public nuisance causing noise, decreased property values, and litter on separation of powers grounds because injunction would have necessarily involved "a legislative function beyond [court's] power to control"). There is no actionable nuisance claim against the City here, and instead, as the court explained in *Citizens for Odor Nuisance Abatement*, "any resolution likely lies in the political sphere…courts are comparatively ill situated to solve this type of problem." *Id.* at 366.

### 2. Plaintiffs cannot allege the requisite nuisance elements

Even if Plaintiffs' nuisance claims were not barred by discretionary immunity and the separation of powers doctrine, Plaintiffs cannot allege the elements of such claims.

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs contend the City is negligent in its handling of the homeless crisis. But a negligence claim presented in the garb of a nuisance claim cannot be considered apart from the negligence allegations. *See El Escorial Owners' Assn. v. DLC Plastering, Inc.*, 154 Cal.App.4th 1337, 1348-49 (2007) (where negligence and nuisance causes of action rely on the same facts about lack of due care, the nuisance claim is a negligence claim).

In addition, to prevail on a public or private nuisance theory, the City's conduct must be a substantial factor causing Plaintiffs' claimed harm. *Citizens*, 8 Cal. App. 5th at 361-66; *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal.4th 893, 938 (1996) (defendant's private nuisance must have caused plaintiffs to suffer substantial and unreasonable actual damage). To the extent Plaintiffs' nuisance claims could be characterized as relying on any current conduct (as opposed to an alleged past policy of "containment"), it is that the City allegedly allows homeless encampments to exist in Skid Row in breach of an alleged "obligation to keep sidewalks clear for use by the public." Compl. ¶ 43. However, a general "obligation" to maintain sidewalks does not equate to "a duty to take a positive action to prevent or abate the interference" which must exist before a defendant may be liable in the nuisance context for an alleged "failure to act." *See In re Firearm Cases*, 126 Cal. App. 4th 959, 988 (2005). Moreover, even assuming the City has a duty to clear streets and sidewalks, Plaintiffs acknowledge that the City spends substantial money and resources to fulfill that duty by clearing sidewalks pursuant to LAMC 56.11. *See* Compl., ¶¶ 2, 9. The City cannot be held liable for a public nuisance where the City has taken reasonable efforts to address encampments blocking sidewalks, even if the City has not been entirely successful in keeping its vast sidewalk system consistently clear of any obstructions. *Citizens*, 8 Cal. App. 5th at 364-65 (plaintiffs could not establish public nuisance based on city's failure to act, where city had made efforts to address alleged nuisance from sea lion waste odor, even though city's efforts were not entirely successful and plaintiffs pointed to more effective alternative methods). Plaintiffs have failed to state a nuisance cause of action.

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### 3. Plaintiffs have not stated a public nuisance claim where no harm was specially injurious to them

In order to prevail on a public nuisance theory, Plaintiffs have to show that the alleged nuisance was "specially injurious" to them, which they cannot do.  Cal. Civ. Code § 3493; *see also County of Santa Clara v. Superior Court*, 50 Cal.4th 35, 55 (2010).  In order to meet the "specially injurious" requirement, "[t]he damage suffered must be different in kind and not merely in degree from that suffered by other members of the public." *Koll-Irvine Ctr. Prop. Owners Ass'n v. Cty. of Orange*, 24 Cal. App. 4th 1036, 1040 (1994); *see also Venuto v. Owens-Corning Fiberglas Corp.*, 22 Cal. App. 3d 116, 125 (1971) (holding plaintiffs' alleged damage did not constitute a public nuisance where harm was not of a different kind, even if it was a different degree, than that suffered by the general public).  Plaintiffs cannot make the requisite showing of a special injury to them different in kind because this contradicts the entire thrust of their Complaint, which is that the same kind of alleged nuisance conditions, including crime, health, and fire risks, affect *everyone* in Skid Row (and indeed, throughout the County), including both housed and unhoused residents, business owners, and even those who only work in the area in the same way.  *See e.g.,* Compl ¶ 58.  For all these reasons, Plaintiffs' third and fourth claims for public and private nuisance fail as a matter of law.

### D. Plaintiffs' Claim for Violation of Section 526a Fails

Plaintiffs' Sixth Claim for violation of California Code of Civil Procedure section 526a should be dismissed.  First, Plaintiffs have not established that they have Article III standing to assert a section 526a claim in federal court.  While the mere status of being a taxpayer may be sufficient to confer standing under the permissive state court statute, that does not automatically confer Article III standing.  *See Cantrell v. City of Long Beach*, 241 F.3d 674, 683-84 (9th Cir. 2001) ("California's lenient taxpayer standing requirements do not relieve the [plaintiffs] of the obligation to establish a direct injury under the more stringent federal requirements for state and municipal taxpayer standing.") (citation omitted); *see also Turner v. City & County of San Francisco*, 892 F.

Supp. 1197 (N.D. Cal. 2012) (dismissing § 526a claim because Plaintiff lacked Article III standing).  Instead, "[t]o establish standing in a state or municipal taxpayer suit under Article III, a plaintiff must allege a direct injury caused by the expenditure of tax dollars; the pleadings of a valid taxpayer suit must set forth the relationship between taxpayer, tax dollars, and the allegedly illegal government activity."  *Cantrell*, 241 F.3d at 683 (citation omitted).  Here, Plaintiffs merely allege they "pay income tax, sales tax, property tax, and/or business license taxes and therefore have standing to bring an action under section 526a" (Compl. ¶ 157) and "the City and the County have spent enormous amounts of public funds on the homelessness crisis in ways that have had little or no effect on the crisis" (Compl. ¶ 159), yet Plaintiffs have not alleged the type of "direct pocketbook injury" necessary to establish Article III standing.

Second, even if Plaintiffs were found to have standing to assert the claim, California courts have consistently refused to apply Section 526a to principally "political" issues, and maintain that section 526a "should not be used to invade, supersede, or even intrude upon the discretion invested in the legislative and executive branches of government."  *Humane Soc'y of the United States v. State Bd. of Equalization*, 152 Cal. App. 4th 349, 356 (2007).  Cognizant of this limitation arising from separation of powers concerns, courts hold that "[i]n order to obtain injunctive relief in an action brought under Code of Civil Procedure section 526a, the taxpayer must establish that the expenditure of public funds which he seeks to enjoin is *illegal*."  *Herzberg v. County of Plumas*, 133 Cal. App. 4th 1, 23-24 (2005) (emphasis added); *Lyons v. Santa Barbara Cty. Sheriff's Office*, 231 Cal. App. 4th 1499, 1503 (2014) ("The trial court correctly ruled that a taxpayer's action may not be maintained where the challenged government conduct is legal."); see also *Takhar v. People ex rel. Feather River Air Quality Management Dist.*, 27 Cal. App. 5th 15 (2018).

Here, Plaintiffs do not and cannot meet the high bar to show that the expenditure of HHH funds is illegal; rather, at most, Plaintiffs complain that, in their opinion, the funds should be used in a different way. *See* Compl. ¶¶ 157-60.  This is a quintessential

example of a discretionary (and, in this case, voter-approved) expenditure of funds that cannot support a claim under section 526a. *See Sundance v. Municipal Court*, 42 Cal. 3d 1101, 1139 (1986) ("the courts should not take judicial cognizance of disputes which are primarily political in nature, nor should they attempt to enjoin every expenditure which does not meet with a taxpayer's approval.").

## VII.   CONCLUSION

For the foregoing reasons, and for any reasons that may arise at the hearing, the City respectfully requests that this motion to dismiss Plaintiffs' complaint be granted.


DATED:  June 16, 2021          MICHAEL N. FEUER, City Attorney
                               KATHLEEN A. KENEALY, Chief Deputy City Atty
                               SCOTT MARCUS, Senior Assistant City Attorney
                               GABRIEL S. DERMER, Assistant City Attorney
                               ARLENE N. HOANG, Deputy City Attorney
                               JESSICA MARIANI, Deputy City Attorney
                               By: /s/_____
                               Arlene N. Hoang, Deputy City Attorney
                               Counsel for Defendant City of Los Angeles

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT