SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, a non-profit corporation, JOSEPH BURK, GEORGE FREM, CHARLES MALOW, KARYN PINSKY, LEANDRO SUAREZ, HARRY TASHDJIAN, CHARLES VAN SCOY, and GARY WHITTER, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 200 inclusive, Defendants., <br><br> Defendants. | CASE NO. 2:20-CV-02291-DOC-KES <br><br> Assigned to Judge David O. Carter <br><br> **MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Hearing: November 29, 2021** <br> **Time:      10:00am** <br> **Court:     350 W. 1st Street** <br> **             Los Angeles, CA 90012** |

**TO THE COURT, PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE pursuant to Federal Rule of Civil Procedure 15, Plaintiffs LA ALLIANCE FOR HUMAN RIGHTS, JOSEPH BURK, GEORGE FREM, CHARLES MALOW, KARYN PINSKY, LEANDRO SUAREZ, HARRY TASHDJIAN, CHARLES VAN SCOY, and GARY WHITTER ("Plaintiffs"), will

i

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

and hereby do move the Court for an order granting leave to file an Amended and Supplemental Complaint for Damages and Injunctive Relief.  A copy of the proposed amended and supplemental complaint is attached to the Declaration of Elizabeth A. Mitchell as Exhibit A, which is filed concurrently herewith.

This motion is being filed after conference of counsel, pursuant to Local Rule 7-3, with defendant City of Los Angeles on October 12, 2021, and Intervenors LACAN, OCCW, and LACW on October 14, 2021.[1]  **Both City and Intervenors indicated they would likely not oppose this motion, but could not stipulate because a motion was needed under Rule 15(d).**  Defendant County of Los Angeles refused to meet and confer until its counsel saw a copy of the proposed amended complaint.  The proposed amended complaint was provided to the County on Monday October 25, 2019.  **On today's date the County indicated it would likely not oppose this motion,** but no telephonic or in-person meet and confer took place.  *See* Declaration of Elizabeth Mitchell.

This motion will be pursuant to Federal Rule of Civil Procedure 15(a)(2) and 15(d), and will be based upon this Notice, the accompanying Memorandum of Points and Authorities, attached exhibit, all the papers and pleadings on file on this action, and any such evidence and argument presented to the Court at the hearing in this manner.

Dated: October 29, 2021          Respectfully submitted,

*/s/ Elizabeth A. Mitchell*
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*

---

[1] Intervenors were granted party status at the outset of this litigation neither as plaintiffs, nor defendants.  It is unclear whether they are considered "party opponents" under the rules, and therefore whether a meet and confer is required.  Out of an abundance of caution, Plaintiffs sought to meet and confer.

11

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs filed this case March 10, 2020, to both enable and compel local leadership to move swiftly and comprehensively to address the homelessness crisis with significantly increased shelter and housing opportunities, significantly improved access to treatment and shelter, and safe and accessible public spaces for all Angelenos.  Nearly immediately litigation was suspended as the parties agreed to engage in settlement discussions directed at that exact result.  After a year with no agreement, litigation was reinstated and Plaintiffs filed a motion for preliminary injunction which was granted April 19, 2021.  On September 23, the Ninth Circuit vacated the order, largely identifying issues with standing and unpled claims. Plaintiffs file this Amended and Supplemental Complaint to additional claims and facts which both existed at the start of the litigation and have occurred since March, 2020.  Specifically the Amended and Supplemental Complaint reflects the following changes:

- Adds Wenzial Jarrell, an unsheltered Black man living in Skid Row, as a named plaintiff
- Adds Maria Diaz, Chestina Evans, Shinae Owsley, Christopher Roper, Milton Miles Smith, and Albert Albarran as named members of LA Alliance who are either unsheltered in Skid Row or living in affordable housing and subject to the dangers of the area
- Updates factual allegations regarding recent statistics and information and adding the history of housing failures and racism which both have caused and exacerbated the homelessness crisis.
- Updates the Equal Protection claim to include race-based discrimination
- Updates factual allegations regarding Measure H and Proposition HHH
- Removes CEQA claim

1

PLAINTIFFS MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

## II.    ARGUMENT

Rule 15(a)(2) provides in relevant part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. Proc. 15(a)(2).  Similarly, Rule 15(d) provides in relevant part:

> [T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. Pro. 15(d).

When a Plaintiff seeks to "include claims that occurred both before and after [Plaintiff] filed the original complaint . . . an 'amended and supplemental complaint' is [the] most appropriate [title]."  *Aguilar v. Carter's, Inc.*, 501 F. Supp. 3d 1030, 1033 (E.D. Wash. 2020); *see also Dells, Inc. v. Mundt*, 400 F. Supp. 1293, 1295 (S.D.N.Y. 1975) ("Because the 'Verified Amended Complaint' includes transactions or occurrence or events which have happened since the date of the pleading sought to be supplemented, it should properly have been entitled 'Amended and Supplemental Complaint.'").

"The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires."  *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1986).  The only time an amendment should not be permitted is when it "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  Likewise, absent prejudice to defendants, leave should be liberally granted to file a supplemental complaint.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

///

PLAINTIFFS MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

> Rule 15(d) of the Federal Rules of Civil Procedure provides for supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*Id.* (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963). Adding new claims and new parties is appropriate for a supplemental complaint because it "promote[s] the economical and speedy disposition of the controversy." *Id*. at 474; 476-77.

There is no prejudice to Defendants, nor indication of bad faith, futility, or delay. Though this action was filed March, 2020, litigation was stayed for nearly a year to explore settlement and from April to September the parties waited on a ruling from the Ninth Circuit on the preliminary injunction. As a result, this case has only been active for less than three months and no discovery has begun. Defendant City has yet to respond to the original complaint because the parties anticipated an amendment pending the outcome of the appeal. *See* ECF Nos. 343, 344.

## III.   CONCLUSION

Because this Amended and Supplemental Complaint is filed earlier in this lawsuit's active litigation stage, amending allegations and adding parties and claims is common and causes no prejudice or delay. As such, leave should be granted for Plaintiffs to file their proposed Amended and Supplemental Complaint.

Dated: October 29, 2021            Respectfully submitted,

/s/ Elizabeth A. Mitchell
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

3

PLAINTIFFS MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT