RODRIGO A. CASTRO-SILVA (SBN 185251), *County Counsel*
rcastro-silva@counsel.lacounty.gov
LAUREN M. BLACK (SBN 192302), *Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931), *Senior Deputy County Counsel*
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1830 | Fax: (213) 626-7446

BYRON J. MCLAIN (SBN 257191)
bmclain@foley.com
FOLEY & LARDNER, LLP
555 South Flower Street, Suite 3300
Los Angeles, California 90071
Tel.: (310) 972-4500 | Fax: (213) 486-0065

LOUIS R. MILLER (SBN 54141)
smiller@millerbarondess.com
MIRA HASHMALL (SBN 216842)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | CASE NO. 2:20-cv-02291 DOC-KES<br><br>**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: January 24, 2022<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

542564.3

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Los Angeles County ("County") hereby moves to dismiss all claims asserted by Plaintiffs in the First Amended Complaint against the County for lack of subject matter jurisdiction and for failure to state a claim. This Motion is set for hearing on January 24, 2022, at 8:30 a.m., before the Honorable David O. Carter in the United States District Court, Central District of California, Western Division, located at 411 West Fourth Street, Courtroom 9D, Santa Ana, California 92701-4516.

The Motion is well-taken. Under Rule 12(b)(1), dismissal for lack of subject matter jurisdiction should be granted because Plaintiffs have not sufficiently alleged Article III standing to assert their claims against the County. Plaintiffs have not alleged cognizable injuries that are "fairly traceable" to the alleged conduct of the County. Plaintiffs' claims are also not redressable because the broad and unmanageable injunction that they seek cannot be issued by this Court, as doing so would violate the separation of powers. The Court's Article III power does not permit intrusive intervention into legislative prerogatives about how to spend limited resources to serve the public. Plaintiffs raise generalized grievances, not an injury sufficient to confer standing.

In addition, under Rule 12(b)(6), Plaintiffs have not stated any of their federal or state law claims against the County. Plaintiffs assert federal claims against the County under 42 U.S.C. section 1983 and allege violations of the Fourteenth Amendment to the United States Constitution. But these claims fail because Plaintiffs have not alleged that (1) the County discriminated against Plaintiffs with deliberate indifference, (2) the County infringed on any constitutionally cognizable right of Plaintiffs without adequate process, (3) the County affirmatively placed any Plaintiff in imminent risk of bodily harm, or had a special relationship with them, or (4) the County could be liable, even if any of the above had been alleged, because

the harm was caused by an official County policy, practice or custom under *Monell*.

Plaintiffs have added the County to their disability discrimination claims under the California Disabled Persons Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, all stemming from sidewalk blockages by homeless encampments that allegedly impeded Plaintiffs Van Scoy's and Suarez's free passage by wheelchair.  But the FAC alleges no new facts showing that any of the challenged sidewalk obstruction occurred on County property.  And Plaintiffs do not—and cannot—allege that the obstructed City sidewalks constitute a County "program or activity receiving Federal financial assistance," as required to state a Section 504 claim.  The federal disability claims also fail for the independent reason that Plaintiffs Van Scoy and Suarez have not alleged that they were prevented from using sidewalks "by reason of their disabilities."

Plaintiffs' state law claims fail as well.  Plaintiffs cannot invoke state statutes that grant the County *discretion* over how to spend funds and provide services to combat homelessness, and they have failed to plead the essential elements of their claims in any event.  The negligence claim fails because Plaintiffs do not allege any breach of a statutory duty by the County.  The nuisance claim fails because Plaintiffs do not allege any nuisance that was created by the County.  Indeed, Plaintiffs admit the County has made significant efforts to abate the issues where it has authority to do so.  Further, the common law claims fail for an additional reason—the County and its policy-making officials are immune from suit under the California Government Code.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on November 23, 2021. (Declaration of Mira Hashmall ¶ 37 & Ex. 36.)  This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Mira Hashmall and exhibits attached thereto, the Request for Judicial Notice, the pleadings and records on file in this action, and any further evidence or argument received by the Court in connection with the Motion.

1  DATED: December 3, 2021          MILLER BARONDESS, LLP

                                    By:  /s/ Mira Hashmall
                                         MIRA HASHMALL
                                         Attorneys for Defendant
                                         COUNTY OF LOS ANGELES