RODRIGO A. CASTRO-SILVA (SBN 185251), *County Counsel*
rcastro-silva@counsel.lacounty.gov
LAUREN M. BLACK (SBN 192302), *Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931), *Senior Deputy County Counsel*
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1830 | Fax: (213) 626-7446

BYRON J. MCLAIN (SBN 257191)
bmclain@foley.com
FOLEY & LARDNER, LLP
555 South Flower Street, Suite 3300
Los Angeles, California 90071
Tel.: (310) 972-4500 | Fax: (213) 486-0065

LOUIS R. MILLER (SBN 54141)
smiller@millerbarondess.com
MIRA HASHMALL (SBN 216842)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC-KES** <br><br> **DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date:    January 24, 2022 <br> Time:    8:30 a.m. <br> Place:    Courtroom 9D <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9                                                                 Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 10

II.   FACTS..................................................................................................... 11

III.  LEGAL STANDARD .............................................................................. 12

IV.  THERE IS NO JUSTICIABLE CASE OR CONTROVERSY BETWEEN PLAINTIFFS AND THE COUNTY ........................................... 13

    A.    Plaintiffs' Claims Are Not Justiciable ...................................................... 13

V.   PLAINTIFFS' CLAIMS AGAINST THE COUNTY FAIL .......................... 15

    A.    Plaintiffs' Section 1983 Claims Fail As A Matter Of Law .................. 15

        1.    Plaintiffs Have Not Stated an Equal Protection Claim............... 16

            (a)    Plaintiffs' Geographic Discrimination Claim Fails ......... 16

            (b)    Homelessness in Los Angeles Is Not Traceable to a Policy of Racial Discrimination by the County .............. 18

        2.    The FAC Does Not State a Procedural Due Process Claim ....... 19

        3.    Plaintiffs Have Not Alleged a Substantive Due Process Claim........................................................................................... 20

            (a)    The County Did Not Put Plaintiffs in Danger ................. 20

            (b)    The Special Relationship Exception Is Inapplicable........ 23

        4.    Plaintiffs' "Municipal Liability" Claim Necessarily Fails ......... 24

    B.    Plaintiffs' Accessibility Claims Fail ................................................... 25

    C.    Plaintiffs' Remaining State Law Claims Fail As A Matter of Law...... 27

        1.    Plaintiffs Have Not Stated a Claim for Taxpayer Waste............ 27

        2.    Statutory Immunity Bars Plaintiffs' Remaining Claims ............ 28

        3.    The State Law Claims Suffer from Other Fatal Flaws............... 30

            (a)    Plaintiffs Have Not Stated a Section 17000 Claim .......... 30

            (b)    Plaintiffs Have Not Stated a Negligence Claim............... 31

            (c)    Plaintiffs Have Not Stated a Nuisance Claim ................. 33

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

VI.    CONCLUSION ...................................................................................................... 34

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*AE ex rel. Hernandez v. County of Tulare*,
666 F.3d 631 (9th Cir. 2012).................................................................................25

*Americopters, LLC v. F.A.A.*,
441 F.3d 726 (9th Cir. 2006).................................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .....................................................................................13, 25

*California v. Texas*,
141 S. Ct. 2104 (2021) .................................................................................13, 28

*Campbell v. State of Wash. Dep't of Soc. & Health Servs.*,
671 F.3d 837 (9th Cir. 2011)..................................................................21, 23, 24

*Cantrell v. City of Long Beach*,
241 F.3d 674 (9th Cir. 2001)..................................................................................27

*City of Los Angeles v. San Pedro Boat Works*,
635 F.3d 440 (9th Cir. 2011)..................................................................................34

*Collins v. City of Harker Heights, Tex.*,
503 U.S. 115 (1992) ...............................................................................................23

*Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau*,
847 F.2d 593 (9th Cir. 1988)..................................................................................16

*County of Sacramento v. Lewis*,
523 U.S. 833 (1998) ........................................................................................20, 22

*Culinary Studios, Inc. v. Newsom*,
517 F. Supp. 3d 1042 (E.D. Cal. 2021)..................................................................17

*Dalehite v. United States*,
346 U.S. 15 (1953) .................................................................................................32

*DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*,
489 U.S. 189 (1989) ................................................................................20, 21, 23, 24

*Dougherty v. City of Covina*,
654 F.3d 892 (9th Cir. 2011)............................................................................18, 24

*Engquist v. Or. Dep't of Agric.*,
553 U.S. 591 (2008) ...............................................................................................16

*Estate of Amos ex rel. Amos v. City of Page, Ariz.*,
257 F.3d 1086 (9th Cir. 2001)................................................................................23

4

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

*F.C.C. v. Beach Commc'ns, Inc.*,
508 U.S. 307 (1993) ................................................................................................17

*Herman Family Revocable Tr. v. Teddy Bear*,
254 F.3d 802 (9th Cir. 2001) ..................................................................................27

*Horne v. Flores*,
557 U.S. 433 (2009) ................................................................................................15

*In re Tourism Assessment Fee Litig.*,
2009 WL 10185458 (S.D. Cal. Feb. 19, 2009) .......................................................17

*Johnson v. City of Seattle*,
474 F.3d 634 (9th Cir. 2007) ..................................................................................21

*Jones v. City of Los Angeles*,
444 F.3d 1118 (9th Cir. 2006),
*vacated following settlement by* 505 F.3d 1006 (9th Cir. 2007) .....................34

*Juliana v. United States*,
947 F.3d 1159 (9th Cir. 2020) ................................................................................15

*LA All. for Human Rights v. County of Los Angeles*,
14 F.4th 947 (9th Cir. 2021) ..................................................................................27

*Langer v. Badger Co., LLC*,
2020 WL 7181076 (S.D. Cal. Dec. 7, 2020) ..........................................................26

*Lavan v. City of Los Angeles*,
693 F.3d 1022 (9th Cir. 2012) ................................................................................34

*Lawrence v. United States*,
340 F.3d 952 (9th Cir. 2003) ..................................................................................22

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ............................................................................16, 17

*Lewis v. Casey*,
518 U.S. 343 (1996) ................................................................................................15

*Lindsey v. Normet*,
405 U.S. 56 (1972) ..................................................................................................20

*Martin v. City of Boise*,
920 F.3d 584 (9th Cir. 2019),
*cert. denied*, 140 S. Ct. 674 (mem.) (2019)...........................................................17

*Martinez v. City of Clovis*,
943 F.3d 1260 (9th Cir. 2019)......................................................................20, 21, 22

*Mateos-Sandoval v. County of Sonoma*,
942 F. Supp. 2d 890 (N.D. Cal. 2013) ....................................................................25

*Monell v. Dep't of Soc. Servs. of City of N.Y.*,
436 U.S. 658 (1978) ......................................................................................18, 21, 24

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Patel v. Kent Sch. Dist.*,
648 F.3d 965 (9th Cir. 2011) ............................................................. 21, 23, 24

*Pers. Adm'r of Mass. v. Feeney*,
442 U.S. 256 (1979) ............................................................................... 17

*Raines v. Byrd*,
521 U.S. 811 (1997) ............................................................................... 14

*Rizzo v. Goode*,
423 U.S. 362 (1976) ............................................................................... 15

*Roberts v. County of Riverside*,
2020 WL 3965027 (C.D. Cal. June 5, 2020) ...................................... 18

*Schneider v. State of New Jersey, Town of Irvington*,
308 U.S. 147 (1939) ............................................................................... 31

*Schweiker v. Wilson*,
450 U.S. 221 (1981) ............................................................................... 15

*Shanks v. Dressel*,
540 F.3d 1082 (9th Cir. 2008) ............................................................... 19

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) ............................................................................... 14

*Terrell v. Samuel, Son & Co. (USA), Inc.*,
2020 WL 5372107 (C.D. Cal. Apr. 23, 2020)...................................... 19

*Town of Castle Rock, Colo. v. Gonzales*,
545 U.S. 748 (2005) ............................................................................... 20

*Turner v. City & County of San Francisco*,
892 F. Supp. 2d 1188 (N.D. Cal. 2012),
*aff'd* 617 F. App'x 674 (9th Cir. 2015)...................................... 27

*Village of Arlington Heights v. Metro. Hous. Dev. Corp.*,
429 U.S. 252 (1977) ............................................................................... 19

*Wash. Envtl. Council v. Bellon*,
732 F.3d 1131 (9th Cir. 2013)............................................................... 14

*Weinreich v. L.A. Cty. Metro. Transp. Auth.*,
114 F.3d 976 (9th Cir. 1997)............................................................... 27

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000)............................................................... 12

**STATE CASES**

*Bd. of Supervisors v. Superior Court*,
207 Cal. App. 3d 552 (1989)............................................................... 31

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Chiatello v. City & County of San Francisco*,
  189 Cal. App. 4th 472 (2010)..................................................................28

*Citizens for Odor Nuisance Abatement v. City of San Diego*,
  8 Cal. App. 5th 350 (2017).................................................................33, 34

*City of Dublin v. County of Alameda*,
  14 Cal. App. 4th 264 (1993)...................................................................14

*Clinton v. Cody*,
  2019 WL 2004842 (Cal. Ct. App. May 7, 2019) ....................................30

*Coshow v. City of Escondido*,
  132 Cal. App. 4th 687 (2005)..................................................................28

*County of San Diego v. State*,
  15 Cal. 4th 68 (1997)..............................................................................30

*Cty. Sanitation Dist. No. 2 v. County of Kern*,
  127 Cal. App. 4th 1544 (2005)................................................................19

*Freeny v. City of San Buenaventura*,
  216 Cal. App. 4th 1333 (2013)................................................................29

*HFH, Ltd. v. Superior Court*,
  15 Cal. 3d 508 (1975)..............................................................................29

*Hunt v. Superior Court*,
  21 Cal. 4th 984 (1999).............................................................................30

*Marquez v. State Dep't of Health Care Servs.*,
  240 Cal. App. 4th 87 (2015)....................................................................30

*Martinez v. Pac. Bell*,
  225 Cal. App. 3d 1557 (1990)..................................................................33

*Mendoza v. City of Los Angeles*,
  66 Cal. App. 4th 1333 (1998).............................................................31, 32

*Michenfelder v. City of Torrance*,
  28 Cal. App. 3d 202 (1972)......................................................................29

*Peter W. v. S.F. Unified Sch. Dist.*,
  60 Cal. App. 3d 814 (1976)......................................................................33

*Resolution Tr. Corp. v. Rossmoor Corp.*,
  34 Cal. App. 4th 93 (1995).......................................................................33

*Reycraft v. Lee*,
  177 Cal. App. 4th 1211 (2009).................................................................26

*Richeson v. Helal*,
  158 Cal. App. 4th 268 (2007)...................................................................14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9

7

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*San Diego Gas & Elec. Co. v. Superior Court*,
  13 Cal. 4th 893 (1996)...................................................................................33

*Scates v. Rydingsword*,
  229 Cal. App. 3d 1085 (1991)........................................................................30

*Schmid v. City & County of San Francisco*,
  60 Cal. App. 5th 470 (2021)...........................................................................28

*Schooler v. State*,
  85 Cal. App. 4th 1004 (2000)....................................................................29, 30

*Searcy v. Hemet Unified Sch. Dist.*,
  177 Cal. App. 3d 792 (1986)...........................................................................31

*Taylor v. Buff*,
  172 Cal. App. 3d 384 (1985)...........................................................................29

*Vanderhurst v. Tholcke*,
  113 Cal. 147 (1896).........................................................................................31

*Zelig v. County of Los Angeles*,
  27 Cal. 4th 1112 (2002)...................................................................................32

**FEDERAL STATUTES**

28 U.S.C. § 1367(a) ...........................................................................................27

29 U.S.C. § 794(a) .............................................................................................26

42 U.S.C. § 12132...............................................................................................25

42 U.S.C. § 1983............................................................................................15, 24

Rehabilitation Act of 1973, Pub. L. No. 93-112, § 504, 87 Stat. 355 (1973)11, 25, 26

**STATE STATUTES**

Cal. Civ. Code § 3479........................................................................................33

Cal. Civ. Code § 3480........................................................................................33

Cal. Civ. Code § 3481........................................................................................33

Cal. Civ. Code § 54(a) .......................................................................................25

Cal. Civ. Code § 54(c) .......................................................................................25

Cal. Civ. Proc. Code § 526a .................................................................11, 27, 28

Cal. Gov't Code § 814........................................................................................29

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Cal. Gov't Code § 815 ................................................................................................28

Cal. Gov't Code § 815(a)...........................................................................................31

Cal. Gov't Code § 818.2 .......................................................................................28, 29

Cal. Gov't Code § 820.2 .............................................................................................28

Cal. Welf. & Inst. Code § 10000 ...............................................................................30

Cal. Welf. & Inst. Code § 17000 ...........................................................11, 13, 30, 31


**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) .............................................................................................12

Fed. R. Civ. P. 12(b)(6) .............................................................................................13

Fed. R. Civ. P. 8...................................................................................................11, 26


**OTHER AUTHORITIES**

Cal. Const. art. XI, §§ 5(a)-(b), 7 ..............................................................................14

L.A., Cal., County Code tit. 1, ch. 1.12, § 1.12.010..................................................26

L.A., Cal., Mun. Code ch. IV, art. 1, § 41.18 ...........................................................11

L.A., Cal., Mun. Code Ch. VI, art. 2, § 62.01 ..........................................................26

U.S. Const. amend. V .................................................................................................15

U.S. Const. amend. XIV .............................................................................................16

U.S. Const. art. III.................................................................................................passim

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# I.    INTRODUCTION

Plaintiffs are local residents and business owners, several persons experiencing homelessness ("PEH"), and an organization formed to pursue this litigation.  But nearly two years after filing suit, Plaintiffs still cannot point to any violation of law or harm traceable to the County of Los Angeles ("County").  Plaintiffs brought this action to compel the County to spend hundreds of millions of dollars pursuant to their own agenda because, at the core, Plaintiffs disagree with the County's policies and allocation of funds, and believe they know better how to address homelessness.

The County shares Plaintiffs' desire to house and shelter PEH and address the complex and critically important issue of homelessness.  As laid out in the concurrently-filed Request for Judicial Notice ("RJN"), the County has dedicated billions of dollars to housing, shelter, services, and other resources for PEH.  As Plaintiffs acknowledge, the County's efforts, particularly in recent years, have been laudable.  In 2015, the County created its Homeless Initiative with 47 strategies and $100 million.  In 2016, it declared a local emergency on homelessness and set the stage for Measure H.  In 2017, Measure H was adopted, generating over $350 million annually and dramatically increasing services to PEH.

There is, of course, more work to be done.  The County and its partners are doing that work.  In its budget for Fiscal Year (FY) 2021-22, the County allocated $527 million for Homeless Initiative services alone.  This represents a $62 million increase over FY 2020-21 and is in addition to the millions of dollars in federal and State funds the County has earmarked for homelessness services.  The County is committed to addressing homelessness and strives to develop effective long-term strategies and well-proven solutions.

However, identifying and implementing those solutions is a quintessential legislative function incapable of being redressed by a federal court order dictating County policy.  Plaintiffs' action is misguided and fails on numerous grounds.  It

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

542539.9

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

should be dismissed.

## II.    FACTS

In the First Amended Complaint ("FAC"), Plaintiffs allege homelessness has negatively impacted Plaintiffs and their residential and commercial property near Skid Row and other places in the City of Los Angeles ("City").  The FAC updates statistics about homelessness generally, crime involving PEH, and responsive efforts undertaken by various municipalities (FAC ¶¶ 46, 50-54, 64, 72-84, 89-93), as well as expands on the history of Skid Row and alleged exclusionary zoning during depression-era Los Angeles (*id.* ¶¶ 31, 39-45).[1]

The FAC alleges 11 claims against the County.  Compared to the Complaint, the FAC: (1) revises Plaintiffs' theory of negligence to *respondeat superior* (*id.* ¶ 161); (2) contends that "beds themselves are medically necessary" under California Welfare & Institutions Code ("WIC") section 17000 (*id.* ¶ 172); (3) adds a race-based equal protection claim on behalf of new individual Plaintiffs that identify as Black and unhoused in the City (¶¶ 96(b)-(d), 96(h), 214); and (4) alleges a new theory of liability based on the "special relationship" doctrine to its substantive due process claim (*id.* ¶¶ 217-18).  Plaintiffs have also added the County to their claims of disability discrimination under the California Disabled Persons Act, Americans with Disabilities Act and Section 504 of the Rehabilitation Act, although there are no new allegations against the County to support any of those claims.  (*Id.* ¶¶ 194-210.)  Plaintiffs' claims for public and private nuisance, taxpayer waste (California Code of Civil Procedure § 526a), and "Municipal Liability" are identical to the Complaint.[2]

---

[1] Plaintiffs purport to "incorporate[]" the Court's entire preliminary injunction order in the FAC, which violates Rule 8 and Article III principles.  (*See* FAC ¶ 45.) Moreover, the preliminary injunction was overturned on appeal and vacated.

[2] The only new "law" or policy alleged is a new *City* ordinance (L.A., Cal., Mun. Code ch. IV, art. 1, § 41.18) that bans sitting, lying down and sleeping on sidewalks.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9

11

The County's commitment to combatting homelessness and serving PEH is undisputed.  (*See id.* ¶ 94 (noting the County's "significant" efforts).)  The public record of the County's extensive work on homelessness is set forth in the RJN.

Since the implementation of Measure H-funded strategies in July 2017, the County's homeless services system has placed nearly 72,000 people in permanent housing, of which more than 30,000 received funding through Measure H. (Declaration of Mira Hashmall ("Hashmall Decl.") Ex. 15, p. 15; Ex. 14, pp. 1-2.) Over the 2020-2021 fiscal year alone, 20,477 people were placed in permanent housing, with 7,702 of these placements funded through Measure H.  (*Id.*, Ex. 15, p. 15.)  The County Board of Supervisors approved an unprecedented $527.1 million in 2021-2022 for PEH.  (*Id.*, Ex. 16.)

Plaintiffs' criticism of the County's short-term and emergency housing placements ignores the facts.  More than 92,000 PEH have been placed in interim housing, with more than half of the placements funded in whole or in part by Measure H.  (*Id.*, Ex. 15, p. 3; Ex. 14, pp. 1-2, 75.)  Project Roomkey, a coordinated effort to house PEH in unused hotel rooms, has provided temporary shelter to over 8,500 people.  (*Id.*, Ex. 15, p. 3.)  The Board has allocated nearly equal funding for interim and permanent housing over the next fiscal year, in addition to $89 million for rapid rehousing and $50 million in street outreach and prevention.  (*Id.*, Ex. 16.) Thus, Plaintiffs' allegations that the County is indifferent and not effectively utilizing Measure H funds are baseless.

## III.   **LEGAL STANDARD**

Standing pertains to subject-matter jurisdiction under Article III and is properly challenged in a motion to dismiss under Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a challenge to subject-matter jurisdiction, "the district court is not confined by the facts contained in the four corners of the

(FAC ¶¶ 33, 59.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

12

complaint—it may consider facts and need *not* assume the truthfulness of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).

A court should dismiss a claim under Rule 12(b)(6) when the pleading lacks "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## IV. THERE IS NO JUSTICIABLE CASE OR CONTROVERSY BETWEEN PLAINTIFFS AND THE COUNTY

### A. Plaintiffs' Claims Are Not Justiciable

Under Article III, each Plaintiff asserting a claim must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *California v. Texas*, 141 S. Ct. 2104, 2113 (2021) (citation omitted). There are standing defects that pervade the FAC.

*First*, other than Plaintiffs' disability discrimination claims, the FAC purports to state all claims against the County on behalf of undifferentiated "Plaintiffs." But not every Plaintiff has standing to pursue each claim. Plaintiffs Smiland, Shinbane, Bastian, Shaw, Rich, Leandro Suarez, Deisy Suarez, Burk, Frem, Pinsky, and Tashdjian do not allege they are Black/African-American, or members of any other racial group that has been discriminated against. Nor do they allege they are indigent—most are prominent real estate developers and property owners in Skid Row. Thus, they cannot assert a claim under WIC section 17000 or for race-based discrimination. Frem alleges injuries to his Mar Vista business miles from Skid Row and thus has no standing to challenge policies or alleged nuisances there. And the nuisance allegations based on interference with property that "[e]ach Plaintiff . . . owns, leases, occupies, or otherwise controls" necessarily excludes the unhoused Plaintiffs. (FAC ¶ 182.) These deficiencies are evident throughout the FAC—by their own admission, some number of Plaintiffs are not eligible to assert the claim or have not suffered the injury alleged.

*Second*, Plaintiffs' alleged injuries are not traceable to the County. The FAC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

focuses on conduct by the City, and on court orders and settlements reached in litigation to which the County was not a party. (*See, e.g., id.* ¶¶ 36-37.)  Likewise, Skid Row is within the incorporated territory of the City of Los Angeles.  The City has authority over, and responsibility for, municipal affairs within its borders, including the general safety and welfare of its residents.  Cal. Const. art. XI, §§ 5(a)-(b), 7; *Richeson v. Helal*, 158 Cal. App. 4th 268, 277 (2007).  The County's authority is limited to the *unincorporated* areas.  *City of Dublin v. County of Alameda*, 14 Cal. App. 4th 264, 274-75 (1993).

The links in the causal chain are also far too tenuous to support standing.  *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1141-42 (9th Cir. 2013); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 44-46 (1976) (speculative or removed links in a causal chain cannot support standing).  Plaintiffs have failed to allege a nexus between their injuries and the County actions that they challenge.  *See, e.g.*, *Simon*, 426 U.S. at 42-44 (plaintiffs lacked standing to challenge new tax-exempt rule for charitable hospitals where it was speculative that change would increase access to private hospitals).  Moreover, to the extent Plaintiffs' injuries are due to increased PEH in Skid Row, there are countless factors that lead to homelessness.  Plaintiffs cannot allege a causal link between their harm and the County's efforts to address homelessness.  The County has dedicated numerous resources to combat and prevent homelessness and assist PEH.

*Third*, and the starkest standing defect, Plaintiffs' alleged injuries are not redressable.  The gravamen of the FAC is that there is a significant homelessness crisis, and Plaintiffs disagree with the County's strategy to address it.  Such "injuries" are not "capable of resolution through the judicial process." *Raines v. Byrd*, 521 U.S. 811, 819 (1997) (citation omitted).  Plaintiffs raise generalized grievances, not an injury sufficient to confer standing.

The Court's Article III power does not permit intrusive intervention into legislative prerogatives about how to spend limited resources to serve the public.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*See*, *e.g.*, *Horne v. Flores*, 557 U.S. 433, 472 (2009) (regardless of how "vitally important" a goal, a district court could not require state to increase funding in one geographic area); *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (overturning "inordinately—indeed, wildly—intrusive" order mandating changes to state prisons that "failed to accord adequate deference to the judgment" of local officials); *Rizzo v. Goode*, 423 U.S. 362, 366 (1976) (court order that police department implement program to handle grievances constituted an "an unwarranted intrusion by the federal judiciary into the discretionary authority committed to [the city officials] by state and local law to perform their official functions").

"It is beyond the power of an Article III court to order, design, supervise, or implement [a] requested remedial plan . . . [that] would necessarily require a host of complex policy decisions entrusted, for better or worse, to the wisdom and discretion of the executive and legislative branches." *Juliana v. United States*, 947 F.3d 1159, 1171-72 (9th Cir. 2020) (court could not compel a comprehensive climate-change scheme even though there was "much to recommend").

The law is clear. The complex issue of homelessness is simply not capable of being redressed by a federal court order that dictates County policy and mandates the expenditure of hundreds of millions of dollars in a specific manner.

## V.   PLAINTIFFS' CLAIMS AGAINST THE COUNTY FAIL

### A.   Plaintiffs' Section 1983 Claims Fail As A Matter Of Law

In their Tenth, Eleventh, and Thirteenth Causes of Action, Plaintiffs allege the County violated section 1983 by: (1) infringing on Plaintiffs' equal protection and procedural due process rights;[3] (2) violating their substantive due process rights; and (3) maintaining an "Unconstitutional Custom or Policy." The claims are untenable.

---

[3] Plaintiffs' Twelfth Cause of Action also cites the Fifth Amendment in passing, but the due process and equal protection components thereof only apply to the federal government. *Schweiker v. Wilson*, 450 U.S. 221, 226 n.6 (1981).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

### 1.    **Plaintiffs Have Not Stated an Equal Protection Claim**

To state an equal protection claim, Plaintiffs must first "identify the [defendant's] classification of groups" that were purportedly treated differently. *Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "[P]roof" that a government act has a "disproportionate impact on an identifiable group" is not enough; Plaintiffs must also plausibly show "the defendants acted with an intent or purpose to discriminate" and that the challenged classification cannot withstand the relevant level of scrutiny. *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001) (citation omitted).

Plaintiffs allege two equal protection violations: (1) geographic discrimination against people near "homeless encampments" (FAC ¶ 212); and (2) racial discrimination against African-Americans (*id.* ¶ 214).

### (a)    **Plaintiffs' Geographic Discrimination Claim Fails**

The FAC alleges that "by enforcing the law in some areas" and not in others, Defendants "have arbitrarily determined where homeless encampments may or may not be located," and disproportionately burdened "some persons, communities, and businesses over others." (FAC ¶ 212.) This "selective enforcement" theory does not support an equal protection claim.

*First*, Plaintiffs are not members of any class that was targeted by government action. Their proposed "class" is comprised of businesses and housed individuals who were incidentally affected by allegedly selective enforcement against third parties (PEH). *Lee*, 250 F.3d at 686 (discrimination must be "based upon membership in a protected class" (citation omitted)). Moreover, the Supreme Court has recognized that perfection in law enforcement is not possible, and "complaining that one has been singled out" because of the state's exercise of its "discretionary authority" in light of those practical limits does not trigger the Fourteenth Amendment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602-03, 604 (2008).

*Second*, because geographic location is not a protected class, Plaintiffs' claim

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

is subject to rational basis review, and Plaintiffs cannot plausibly allege the City's enforcement actions are not "rationally related to legitimate legislative goals." *Lee*, 250 F.3d at 687 (citation omitted); *e.g.*, *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1053 (E.D. Cal. 2021) (rational basis test governed equal protection challenge based on physical location of businesses); *In re Tourism Assessment Fee Litig.*, 2009 WL 10185458, at *15 (S.D. Cal. Feb. 19, 2009) (discrimination against people renting cars at airports versus other locations subject to rational basis test).

Government conduct is entitled to a "strong presumption of validity," and the Court's review must be "a paradigm of judicial restraint." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314-15 (1993). "[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices," and the challenged conduct, even if "improvident" in the Court's view, "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis." *Id.* at 313-14 (citation omitted). Here, Plaintiffs explicitly link their injury to the Ninth Circuit's "sweeping" decision in *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 674 (mem.) (2019), which precipitated a settlement by "the City" that "significantly limit[s]" the City's "enforcement" of its anti-vagrancy law. (FAC ¶¶ 36, 37, 213.) The City's compliance with *Martin* cannot be deemed "irrational."

*Third*, the FAC also fails to allege how discretionary enforcement of City laws equates to an intent by *the County* to treat Plaintiffs differently than other businesses and residents throughout the City. *See Lee*, 250 F.3d at 686 (the defendant must have "acted with an intent or purpose to discriminate against the plaintiff" (citation omitted)). "Discriminatory purpose" requires that "the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). Plaintiffs' alleged "disproportionate burden" is insufficient to support an equal protection claim. *Id.*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9

17

Case No. 2:20-cv-02291 DOC-KES

*Fourth*, Plaintiffs tie their claim to the anti-vagrancy provisions of the "Los Angeles Municipal Code," which is a City law.  (FAC ¶ 33.)  The County has no authority to alter the City's enforcement decisions.  The *City*'s enforcement of the *City*'s law is not—and cannot be—an unconstitutional *County* policy.  Thus, Plaintiffs cannot show that a County policy was the "moving force" behind their injuries. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

### (b)    Homelessness in Los Angeles Is Not Traceable to a Policy of Racial Discrimination by the County

Plaintiffs added a race-based equal protection claim, citing the higher rate at which African-Americans experience homelessness.  (FAC ¶ 214.)  The FAC alleges that "[t]he City and County have repeatedly made affirmative decisions and adopted policies and laws which has furthered this disparate treatment, knowing the result would have a continued and intensified disparate impact." (*Id*.)

Plaintiffs also added individual plaintiffs who identify as Black, but that does not cure the deficiencies in the equal protection claim.  Membership in a protected class, alone, does not demonstrate a violation of equal protection.  The FAC fails to allege any facts showing *the County* treated Plaintiffs differently, let alone intentionally *and* because of their race.  Plaintiffs do not identify any County program or benefit to which they were excluded, or any County policy that classifies people by race or has been applied differently based on race.  (*See Id.* ¶¶ 41, 43 (referencing "redlining policies" of "the City" and unnamed "federal, state, and local policies . . . in post-war Los Angeles").)  To the contrary, the FAC alleges that the Los Angeles Homeless Services Authority ("LAHSA," a joint agency) enrolls Black clients in equal proportion to their representation among PEH.  (*Id.* ¶ 42.)

Plaintiffs' reliance on the Skid Row containment "policy" is also misplaced.  Plaintiffs lump the County together with the City, which alone is grounds for dismissal. *Roberts v. County of Riverside*, 2020 WL 3965027, at *4 (C.D. Cal. June 5, 2020) (dismissing *Monell* claim where plaintiff lumped together municipal

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

defendants); *Terrell v. Samuel, Son & Co. (USA), Inc.*, 2020 WL 5372107, at *3 (C.D. Cal. Apr. 23, 2020) ("[A] lack of differentiation in the allegations against multiple defendants is typically cause for dismissal in any context.").

Skid Row is within the City's incorporated territory and under its exclusive jurisdiction. *See Cty. Sanitation Dist. No. 2 v. County of Kern*, 127 Cal. App. 4th 1544, 1612 (2005) (cities "are necessarily outside the jurisdiction and authority of County; County's authority extends only to the unincorporated areas"). The FAC asserts "the City implemented" the containment policy in the 1970s and that it has since denounced it. (FAC ¶¶ 30–31, 43.) Plaintiffs suggest that "City and County policies continue to concentrate [PEH]" in Skid Row, but point only to recent conduct by the City, such as the "DTLA2040 plan" that was "recommended to City Council." (*Id.* ¶¶ 39-40.) Plaintiffs also expressly complain throughout the FAC that homelessness is *not* contained. (*E.g.*, *id.* ¶¶ 23, 39, 51, 60, 67, 204, 213.)

The FAC alleges that Black/African American people are disproportionately at risk for homelessness. (*Id.* ¶¶ 41-44, 214.) However, disproportionate impact is not enough to state an equal protection claim or show discriminatory purpose. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). Plaintiffs' own allegations regarding the County, as well as statements by LAHSA's executive director, indicate both an awareness and desire to "dismantle[]" any "legacies of systemic racism"—the opposite of discriminatory intent. (*See, e.g.*, FAC ¶ 42.) In the absence of a discriminatory County policy or custom, the County cannot be the "moving force" behind any of Plaintiffs' alleged injuries.

### 2.   The FAC Does Not State a Procedural Due Process Claim

Plaintiffs assert a due process claim based on "allowing encampments in some areas and not others without review, public comment, vote, or other appropriate process." (FAC ¶ 213.) This claim fails because Plaintiffs have not alleged any "substantive property interest entitled to constitutional protection." *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008). Plaintiffs had no

constitutional right to weigh in on discretionary enforcement of municipal laws, nor the City's legal settlements. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause."). Moreover, the FAC addresses the City's actions. (FAC ¶ 213.) It does not allege a due process violation by *the County*.

### 3. Plaintiffs Have Not Alleged a Substantive Due Process Claim

There is no fundamental right to housing. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972). Nor do private citizens have a constitutional right to specific actions by their government. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196-97 (1989) ("[T]he State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them.").

The "state-created danger" and "special relationship" doctrines are narrow exceptions to the rule that the Constitution "confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests." 489 U.S. at 196. Even if conduct falls within an exception, it is actionable only if it was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Plaintiffs do not and cannot allege any such conduct by the County.

### (a) The County Did Not Put Plaintiffs in Danger

The Due Process Clause limits state action; it is not a "guarantee of certain minimal levels of safety and security." *DeShaney*, 489 U.S. at 195. "Simply failing to prevent acts of a private party is insufficient to establish liability." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019). To satisfy the state-created danger exception, Plaintiffs must allege (1) "affirmative actions" that "created or exposed [them] to an actual, particularized danger that [they] would not otherwise have faced"; (2) their injuries were "foreseeable"; and (3) deliberate indifference "to the known danger." *Id.*

542539.9

20

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

As an initial matter, the Ninth Circuit has only applied this exception to conduct by individual defendants, not government policies. *See, e.g.*, 943 F.3d at 1271 (law enforcement officer); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (teacher); *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007) (rule applies when "members of the public . . . sue state actors who fail to protect them from harm inflicted by third parties"); *see also Johnson*, 474 F.3d at 639 (separately analyzing *Monell* claim and holding that the city "had no constitutional duty to protect" plaintiffs and thus "its failure to do so . . . simply does not constitute a violation of the Due Process Clause" (citation omitted)). *DeShaney* and its progeny foreclose a mandate that the government always adopt the "least dangerous" policy.

Even assuming, *arguendo*, that the state-created danger doctrine could apply to County policies (it cannot), Plaintiffs' claim still fails. Plaintiffs challenge two "affirmative[]" policies: (1) "a strategy to contain homeless people in Skid Row," and (2) "focusing nearly exclusively on so-called permanent housing options." (FAC ¶ 217.) Neither satisfies the "affirmative act" requirement.

First, Plaintiffs cannot hold the County liable for *a City policy* with respect to Skid Row. (*See supra* V.A.1.(b).) The alleged Skid Row containment "policy" also pre-dates Plaintiffs' injuries by several decades. Plaintiffs therefore cannot show that any actions by the County "create[d] or expose[d] [them] to a danger which [they] would not have otherwise faced." *Campbell v. State of Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 845 (9th Cir. 2011) (citation omitted).

Second, the County's efforts to break the cycle of homelessness by prioritizing permanent housing solutions for PEH, as opposed to focusing on "emergency" shelters, do not remotely amount to a state-created danger. Plaintiffs disagree with the County's policy decisions and want a "quick fix." This is not enough. *See Johnson*, 474 F.3d at 641 (decision to abandon a more "effective[]" plan did not constitute "affirmative conduct that placed the [plaintiffs] in danger"). Moreover, Plaintiffs cannot tie the County's focus on achieving the right proportion

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

21
DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

of interim housing and permanent housing to greater danger than they would face if PEH were offered only temporary, emergency shelter.  (*See, e.g.*, FAC ¶ 10 (alleging that there is "inherent danger involved in being unsheltered").

Plaintiffs' allegations of systemic racism also do not satisfy the "affirmative action[]" requirement because they are missing the kind of obvious, immediate, and "particularized danger" to a specific individual that gives rise to a duty of care. *Martinez*, 943 F.3d at 1271.  And Plaintiffs have not alleged—and cannot allege— that systemic racism by the County caused their alleged injuries, which range from obstructed sidewalks to denials of insurance coverage.  *Lawrence v. United States*, 340 F.3d 952, 957 (9th Cir. 2003) ("[I]n each of the cases in which we have applied the danger-creation exception, ultimate injury to the plaintiff was foreseeable.").

The County also did not act with deliberate indifference.  The County devotes "significant" effort and resources to the homelessness crisis.  (FAC ¶ 94; *see also id.* ¶ 83 (County budget includes half a billion dollars "dedicated to addressing homelessness . . . wholly separate from, and in addition to, the significant percentage of County funds allotted to departments to address issues of homelessness, . . . not to mention funding General Relief and other myriad social services").

At most, Plaintiffs allege the County's use of taxpayer funds has not adequately addressed the homelessness crisis.  But the Supreme Court has rejected this as a viable basis for a due process challenge.  *See County of Sacramento*, 523 U.S. at 848-49 ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").  Plaintiffs' claim also runs afoul of the "presumption that the administration of government programs is based on a rational decision making process that takes account of competing forces," and "decisions concerning the allocation of resources to individual programs . . . and to particular aspects of those programs . . . involve a host of policy choices that must be made by locally elected representatives, rather than by federal judges." *Collins v. City of*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Harker Heights, Tex.*, 503 U.S. 115, 116 (1992).

### (b)   The Special Relationship Exception Is Inapplicable

"The special-relationship exception does not apply when a state fails to protect a person who is not in custody." *Patel*, 648 F.3d at 972 (citing *DeShaney*, 489 U.S. at 195-202). Involuntary restraint is the linchpin of this exception. *See Campbell*, 671 F.3d at 842 (custody must be "*against [plaintiff's] will*" (citation omitted)). The FAC does not allege a single interaction between Plaintiffs and the County, let alone that they were taken into County custody or restrained in any way.

Plaintiffs base their claim on the alleged "restraint on personal liberty exercised to draw in and contain homeless individuals in and near Skid Row." (FAC ¶ 218.) But, once again, Plaintiffs fail to allege the County's responsibility for any policy of containment with respect to Skid Row. (*See supra* V.A.1.(b).) Moreover, the centralization of municipal services in Skid Row is not equivalent to "custody" that gives rise to a special relationship. The Ninth Circuit has expressly rejected the notion that the government exerts "'de facto custody' . . . by exercising geographic control" over the place of the plaintiff's injury. *Estate of Amos ex rel. Amos v. City of Page, Ariz.*, 257 F.3d 1086, 1090-91 (9th Cir. 2001).

Plaintiffs' unsupported allegation that the City and County have "caused and/or exacerbated homelessness" (FAC ¶ 218) does not plead a custodial relationship akin to "incarceration, institutionalization, or other similar restraint of personal liberty" necessary to trigger the special relationship exception. *Patel*, 648 F.3d at 972 (quoting *DeShaney*, 489 U.S. at 200).

Plaintiffs cannot base a due process violation on allegations that the County "ha[s] acknowledged and recognized the role [it] has played in the crisis" and "the vulnerability of unhoused individuals to both the criminal and natural elements." (FAC ¶ 218; *see also id.* ¶¶ 41–42); *DeShaney*, 489 U.S. at 201 (no special relationship even though state "may have been aware of the dangers that [the child] faced in the free world"); *Campbell*, 671 F.3d at 843 ("In the special relationship

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

situation, the state's affirmative duty to protect . . . does *not* arise 'from the State's knowledge of the individual's predicament . . . .'" (citation omitted)).

Plaintiffs' allegation that the County has "assumed responsibility" for providing supportive services to PEH also does not create a "special relationship." (*See* FAC ¶ 218.)  *See DeShaney*, 489 U.S. at 201 ("[T]he State does not become the permanent guarantor of an individual's safety by having once offered him shelter."); *Campbell*, 671 F.3d at 843 ("expressions of intent to help" do not create a special relationship (citation omitted)); *cf. Patel*, 648 F.3d at 973 ("[A] state-law obligation does not necessarily create a duty of care under the Fourteenth Amendment.").[4]

### 4. Plaintiffs' "Municipal Liability" Claim Necessarily Fails

To state a claim under section 1983, Plaintiffs must allege: (1) they were deprived of a constitutional right; (2) a municipal policy; (3) the policy amounts to deliberate indifference to their constitutional right; and (4) the policy was the moving force behind the constitutional violation.  *Dougherty*, 654 F.3d at 900; *accord Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiffs' claim for "Municipal Liability for Unconstitutional Custom or Policy" is redundant of their deficient Tenth and Eleventh Causes of Action.  Moreover, because Plaintiffs fail to state a cognizable constitutional claim, the Thirteenth Cause of Action likewise fails.  *Dougherty*, 654 F.3d at 900.

Indeed, the "Municipal Liability" claim contains no new allegations.  (FAC ¶¶ 223-26.)  This "claim" does not challenge any policy or custom.  It merely "re-allege[s] and incorporate[s] by . . . reference" Plaintiffs' earlier allegations, and asserts the County and its "agents, with deliberate indifference, and conscious and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiffs, engaged in the unconstitutional conduct and omissions set forth above, all

---

[4] Plaintiffs also cannot satisfy the "deliberate indifference" element.  (*See supra* V.A.3.(a).)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

pursuant to policy, procedure, or customs held by the . . . County." (*Id.* ¶¶ 223-24.) That is not enough.

A plaintiff must "specify the content of the policies, customs, or practices" that "gave rise to [their] Constitutional injuries." *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 899 (N.D. Cal. 2013). The FAC's contention that the County engaged in "unconstitutional conduct and omissions set forth above, all pursuant to policy, procedure, or customs" mirrors allegations the Ninth Circuit deemed insufficient to survive dismissal. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (allegation that county "'maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs' that [plaintiff] elsewhere alleged" failed to state a claim); *Iqbal*, 556 U.S. at 678 (pleadings that offer "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" must be dismissed (citation omitted)).

### B.    Plaintiffs' Accessibility Claims Fail

The FAC added the County to discrimination claims under the California Disabled Persons Act ("CDPA") (Count Seven), the Americans with Disabilities Act ("ADA") (Count Eight), and Section 504 of the Rehabilitation Act (Count Nine), all stemming from sidewalk blockages by homeless encampments that allegedly impeded Plaintiffs Van Scoy and Suarez's free passage by wheelchair.

The CDPA creates a right to "full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, . . . public facilities, and other public places" for "[i]ndividuals with disabilities." Cal. Civ. Code § 54(a). A plaintiff can also state a CDPA claim by pleading an ADA violation. *Id.* § 54(c). To plead an ADA claim, a plaintiff must allege (1) he was a "qualified individual with a disability," (2) who was "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity, or [otherwise] subjected to discrimination," and (3) that exclusion, denial, or discrimination was "by reason of such disability." 42 U.S.C. § 12132. Section 504 of the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Rehabilitation Act similarly precludes discrimination in programs or activities funded by federal grants "solely by reason of . . . disability." 29 U.S.C. § 794(a).

Plaintiffs added the County to their disability discrimination claims, but they allege *no facts* showing sidewalk obstruction on County property. To the contrary, Suarez and Van Scoy both allege they have encountered obstructions due to encampments near their homes in Downtown Los Angeles. (FAC ¶¶ 133-38, 151-53.) These are City sidewalks over which the County has no jurisdiction, duty, or control. (L.A., Cal., Mun. Code Ch. VI, art. 2, § 62.01; L.A., Cal., County Code tit. 1, ch. 1.12, § 1.12.010.) Indeed, Plaintiffs attribute responsibility for the obstructed sidewalks to the City. (*See* FAC ¶ 59 ("[T]he City is consistently failing to ensure the minimum clearance (36 inches) under the ADA.); *id.* ¶ 60 ("In the Skid Row area . . . the City agreed to allow nearly unlimited property accumulation on the public sidewalks . . . ."); *id.* ¶ 196 (alleging Van Scoy and Suarez "are being denied full and equal access to . . . public sidewalks, by the policies and practices of the City of Los Angeles"); (*id.* ¶ 204 (alleging "discrimination and denial of access to the City's rights-of-way").)

Plaintiffs' conclusory allegation that "[t]hroughout Los Angeles, the City and County are failing to uphold their obligations to maintain clear and accessible sidewalks" (*id.* ¶ 202) fails under Rule 8. *See Langer v. Badger Co., LLC*, 2020 WL 7181076, at *3 (S.D. Cal. Dec. 7, 2020) (dismissing ADA claim for failure to allege locations of purported violations); *Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1224 (2009) (plaintiff must actually present himself to the public place to state a CDPA claim). The FAC also fails to allege the obstructed City sidewalks constitute a County "program or activity receiving Federal financial assistance," as required to state a Section 504 claim. 29 U.S.C. § 794(a). (*See* FAC ¶ 209 ("The City is a recipient of federal financial assistance and therefore subject to Section 504.").) Nor could it.

The federal claims also fail for the independent reason that Van Scoy and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Suarez have not alleged that they were prevented from using sidewalks "by reason of" their disabilities.  By their own allegations, "blocked sidewalks harm everyone who needs to use them and cannot," and the burden on Van Scoy and Suarez from blocked sidewalks is felt equally by other plaintiffs with no disability.  (FAC, Part III.D; *id.* ¶¶ 11, 58, 96(n).)  As the Ninth Circuit held, these allegations do not "offer sufficient evidence to make the required showing for Van Scoy and Suarez to succeed on [their] claim[s] at this stage." *LA All. for Human Rights v. County of Los Angeles*, 14 F.4th 947, 960 (9th Cir. 2021) (Plaintiffs not likely to prove denial of benefits was "by reason of their disabilities" where "allegations centered on the fact that blocked sidewalks '[p]ut [e]veryone at [r]isk'" (alterations in original)); *see also Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978-79 (9th Cir. 1997) ("[A] plaintiff proceeding under Title II of the ADA must, similar to a Section 504 plaintiff, prove that the exclusion from participation in the program was 'solely by reason of disability.'" (alteration in original) (citation omitted)).

### C.    Plaintiffs' Remaining State Law Claims Fail As A Matter of Law

Plaintiffs' federal claims are flawed, so the Court should decline supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(a).  Indeed, because Plaintiffs lack Article III standing, the Court *cannot* adjudicate the state law claims. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Moreover, as explained below, the state law claims are untenable.

### 1.    Plaintiffs Have Not Stated a Claim for Taxpayer Waste

Plaintiffs lack standing to assert their Sixth Cause of Action under Code of Civil Procedure section 526a for "taxpayer waste."  Section 526a does not automatically confer Article III standing. *Cantrell v. City of Long Beach*, 241 F.3d 674, 683-84 (9th Cir. 2001); *Turner v. City & County of San Francisco*, 892 F. Supp. 2d 1188, 1197 (N.D. Cal. 2012), *aff'd* 617 F. App'x 674 (9th Cir. 2015). Plaintiffs' claim is based on the theory that, *if* the County had made better use of its funds, it could have constructed enough homeless shelters such that, *if* the City

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

enforced its anti-vagrancy laws, Skid Row encampments would be eliminated. This tenuous, speculative sort of claim is not a legitimate "pocketbook" injury traceable to the County or redressable by the Court. *California*, 141 S. Ct. at 2113.

A claim "under Code of Civil Procedure section 526a will not lie where the challenged governmental conduct is legal." *Coshow v. City of Escondido*, 132 Cal. App. 4th 687, 714 (2005). The County's expenditures to help PEH are undeniably legal. And Plaintiffs' attempt to obtain sweeping injunctive relief based on their belief that the City and County have "misused and wasted" taxpayer funds on addressing homelessness (FAC ¶ 190) does not work. Section 526a "should not be applied to principally 'political' issues or issues involving the exercise of the discretion of either the legislative or executive branches of government." *Schmid v. City & County of San Francisco*, 60 Cal. App. 5th 470, 495-96 (2021) (citation omitted). "A claim under [526a] does not lie to attack exercises of administrative discretion and may not be employed to interfere with policymaking." *Id.*; *Chiatello v. City & County of San Francisco*, 189 Cal. App. 4th 472, 483 (2010) (courts should not enjoin every expenditure that does not meet with a taxpayer's approval).

Plaintiffs' policy disagreement with the County's funding decisions as compared to "alternative available measures" that they believe would be more "effective in addressing the crisis" is insufficient. (FAC ¶ 190.) Section 526a is not a tool for private citizens to dictate public policy. *See Coshow*, 132 Cal. App. 4th at 714 ("[A] taxpayer is not entitled to injunctive relief . . . where the real issue is a disagreement with [how] government has chosen to address a problem . . . .").

### 2.   Statutory Immunity Bars Plaintiffs' Remaining Claims

Under California law, public entities have absolute immunity unless "otherwise provided by statute." Cal. Gov't Code § 815. Governmental immunity shields public entities from claims based on "adopting or failing to adopt an enactment" or "failing to enforce any law," *id.* § 818.2, and "exercise[s] of . . . discretion . . ., whether or not such discretion be abused," *id.* § 820.2. *See also*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*Taylor v. Buff*, 172 Cal. App. 3d 384, 390 (1985) (budgetary and fiscal policy, allocation of finite resources, and choices between competing policy objectives are "discretionary" activities protected by governmental immunity); *HFH, Ltd. v. Superior Court*, 15 Cal. 3d 508, 519 (1975) ("basic policy decisions" immune from "governmental tort liability" (citation omitted)); *Michenfelder v. City of Torrance*, 28 Cal. App. 3d 202, 206-07 (1972) (same for law-enforcement decisions).

Plaintiffs' request for injunctive relief does not change the immunity analysis. *See Schooler v. State*, 85 Cal. App. 4th 1004, 1013-15 (2000) (rejecting plaintiff's argument that injunctive relief claims were not subject to immunity). Although Government Code section 814 states that immunity does not affect "the right to obtain relief other than money or damages," this provision does not "circumvent either its own underlying legislative policy or that of another section in the Tort Claims Act." *Id.* at 1013. The mandatory injunctive relief Plaintiffs seek would impose financial burdens on the County as real as money damages, and is therefore barred. *See id.* at 1014-15. Plaintiffs cannot plead around immunity.

Section 818.2 "recognizes that the wisdom of legislative or quasi-legislative action . . . should not be subject to review" by the courts. Cal. Gov't Code § 818.2 (Law Revision Comm'n Comments). Homelessness is a complex problem for which there is no easy fix. The County dedicates tremendous resources to developing strategies to address the crisis and house PEH. And it remains committed to this work, which requires that it weigh available policy options and carefully allocate resources. These sorts of basic policy decisions regarding law enforcement and municipal services are the crux of the immunity doctrine. *Freeny v. City of San Buenaventura*, 216 Cal. App. 4th 1333, 1341 (2013); *see also Taylor*, 172 Cal. App. 3d at 390 ("A decision involving the allocation of limited funds is a purely discretionary one . . . 'and thus immune from liability.'" (citation omitted)).

Plaintiffs ask the Court to substitute its judgment for these fundamental County policy choices. But it is not the Court's role to dictate local policy and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

budget priorities by usurping the County's discretionary decisions.  Immunity bars Plaintiffs' claims.  *See Schooler*, 85 Cal. App. 4th at 1014 ("[A]ny 'relief' allowed under section 814 cannot create duties that immunity provisions guard against.").

### 3.    The State Law Claims Suffer from Other Fatal Flaws

#### (a)    Plaintiffs Have Not Stated a Section 17000 Claim

The FAC alleges the County violated a "mandatory duty" under WIC section 17000, which provides that a county "shall relieve and support" indigent residents.  (FAC ¶¶ 167-74.)  Counties are not required to cover "all unmet needs" under section 17000, *Hunt v. Superior Court*, 21 Cal. 4th 984, 1014 (1999), only to provide "last resort" financial assistance and "medically necessary care," *County of San Diego v. State*, 15 Cal. 4th 68, 92, 104-05 (1997) (citations omitted).

Section 17000 forecloses Plaintiffs' theory that "beds themselves are medically necessary" within the meaning of section 17000.  (FAC ¶ 172.)  WIC confers broad discretion on counties to determine the form and structure of relief they provide.  *Scates v. Rydingsword*, 229 Cal. App. 3d 1085, 1089 (1991).  The statute does not mandate particular forms of assistance, such as provision of beds.[5]

Plaintiffs cite to section 10000 (FAC ¶ 169), which is a "general statement of policy" that "aid shall be administered and services provided promptly and humanely."  *Marquez v. State Dep't of Health Care Servs.*, 240 Cal. App. 4th 87, 120 (2015) (citation omitted).  This provision "does not set forth any specific duty or course of conduct an agency must take, but leaves to the agency's discretion how to pursue the policy goal." *Id.*  Accordingly, while the County is working hard to shelter PEH, neither section 17000 nor section 10000 creates a duty to provide beds.

Plaintiffs have not alleged that the County failed to provide any other required services.  (FAC ¶¶ 88, 93-94 (acknowledging the County provides significant health

---

[5] A state appellate court recently rejected the argument that counties have a mandatory duty under section 17000 to provide shelter for every homeless person. *See Clinton v. Cody*, 2019 WL 2004842, at *9 (Cal. Ct. App. May 7, 2019).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

services and aid to PEH).)  Nor have Plaintiffs alleged that an individual Plaintiff is indigent and was deprived of medically necessary care or general assistance.  Thus, Plaintiffs cannot plead a violation of section 17000, which only applies when an indigent person is "not supported and relieved by their relatives or friends, by their own means, or by state hospitals or other state or private institutions."

Plaintiffs' allegation that "the County has failed to meet its statutory obligation to provide appropriate mental health services" also fails.  (*See* FAC ¶ 89.) The FAC points only to third-party research, not any mandatory statutory duty.  (*See id.*)  The County's duty to provide mental health services under section 17000 is limited to services required by California's Short-Doyle law, and Plaintiffs do not allege they were qualified for and denied such services.  *Bd. of Supervisors v. Superior Court*, 207 Cal. App. 3d 552, 561-62 (1989).

### (b)   Plaintiffs Have Not Stated a Negligence Claim

To state a claim for negligence, Plaintiffs must allege (1) "a legal duty to use reasonable care," (2) breach, (3) "but for" and proximate cause, and (4) "injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339, 1342 (1998).  As a public entity, the County's liability must be based on a statute giving rise to a specific duty, and the statute "claimed to establish the duty must at the very least be identified" in the pleading.  *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d 792, 802 (1986); Cal. Gov't Code § 815(a).

The FAC alleges the County has an obligation to "control, maintain, and keep safe and clean the public and public-right-of-way areas," "make and enforce" health and safety laws, and "address[] and alleviate[]" harmful or offensive "conditions." (*See* FAC ¶ 161.)  But Plaintiffs identify no statute to support these allegations.[6]

_____

[6] Plaintiffs' cited authority is inapposite.  (*See* FAC ¶ 162 citing *Vanderhurst v. Tholcke*, 113 Cal. 147, 152 (1896), and *Schneider v. State of New Jersey, Town of Irvington*, 308 U.S. 147, 160-61 (1939).)  *Vanderhurst* and *Schneider* pre-date the Government Code and dealt only with the power of particular municipalities—

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Plaintiffs contend the County was "obligat[ed] . . . to implement" Measure H (*id.* ¶ 164), but Measure H merely authorized the County to raise the sales tax and earmark revenue for supportive services for PEH (*id.* ¶ 83). Even if Measure H could be interpreted as imposing a "duty of care" (it cannot), the FAC admits the County uses "hundreds of millions of dollars" in Measure H funds to aid PEH. (*Id.* ¶ 84.) Plaintiffs' criticism about Measure H programs is not actionable.

The County is committed to public transparency and accountability regarding the use of Measure H funding. (Hashmall Decl. Ex. 14, p. 6.) Plaintiffs cannot impose tort liability based on their policy disagreements. *See Zelig v. County of Los Angeles*, 27 Cal. 4th 1112, 1132 (2002) ("[P]ublic entities—and their employees—generally are not liable for failure to protect individuals against crime."); *Dalehite v. United States*, 346 U.S. 15, 26-38 (1953) (government's allocation of limited resources is an exercise of discretion not subject to challenge by a negligence suit). Further, Plaintiffs have not pleaded, and cannot plead, a causal relationship between their alleged injuries and any statutory duty. *See Mendoza*, 66 Cal. App. 4th at 1333 ("[P]rivate act[s] br[eak] the chain of proximate cause.").

Plaintiffs' attempt to circumvent these deficiencies by characterizing their theory of liability as *respondeat superior* goes nowhere. (FAC ¶ 161.) The FAC does not allege any conduct by an agent or employee, let alone a duty breached by such conduct or a causal relationship between that breach and Plaintiffs' claimed injuries. (*See id.* (alleging "Defendants, by and through their agents and employees" have failed to maintain undifferentiated "parks, sidewalks, streets, public buildings, and certain undeveloped areas such as alongside freeways and other transportation routes").) A public entity may be held vicariously liable under *respondeat superior*

_____

notably, not the County—to exercise control on municipal streets. Further, Plaintiffs attribute "the duty to keep sidewalks open" to the *City* alone. (*Id.*)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

principles "only if it is established that the employee would be personally liable for the conduct upon some 'acceptable theory of liability.'" *Peter W. v. S.F. Unified Sch. Dist.*, 60 Cal. App. 3d 814, 819 (1976) (citation omitted).  Plaintiffs allege no such conduct.  *Id.* (*respondeat superior* does not "relieve [plaintiffs] of the pleading requirements [they] must meet for this purpose").

### (c)   Plaintiffs Have Not Stated a Nuisance Claim

A nuisance is a non-trespassory invasion of a person's interest in the private use and enjoyment of land.  Cal. Civ. Code § 3479; *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 937 (1996).  A public nuisance (Count Three) is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons."  Cal. Civ. Code § 3480.  A private nuisance (Count Four) is any nuisance not otherwise defined as a public nuisance.  *Id.* § 3481.

Causation is an essential element of public and private nuisance claims.  "[T]he critical question is *whether the defendant created or assisted in the creation of the nuisance.*'"  *See Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal. App. 5th 350, 359 (2017) (citation omitted); *Resolution Tr. Corp. v. Rossmoor Corp.*, 34 Cal. App. 4th 93, 99 (1995) (defendant must be an "active participant" in the nuisance).  Causation requires (a) an act, or (b) a failure to act under circumstances in which the actor is under a duty to take positive action to prevent or abate the nuisance.  *Citizens for Odor*, 8 Cal. App. 5th at 359.

The FAC alleges that third-party PEH are breaking the law and that their waste, trash, and encampments are harming Plaintiffs' "property values," as well as "health and welfare."  (FAC ¶¶ 177, 179.)  But the County did not create the alleged nuisance—the waste, fires, or crime.  Nuisance liability cannot extend "to damage suffered as a proximate result of the independent intervening acts of others."  *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1565 (1990).

Plaintiffs point to alleged nuisances caused by PEH entirely within the incorporated boundaries of the City (not County jurisdiction).  Moreover, Plaintiffs

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

admit the County has made significant efforts to abate the issues where it has authority to do so.  (FAC ¶¶ 88, 93-94.)  *See Citizens for Odor*, 8 Cal. App. 5th at 364 (rejecting nuisance claim against city relating to odors from animal droppings because the fact that city "might have considered alternative approaches did not" show "the City caused the alleged nuisance by *failing to act*").

Nuisance law is limited by inherent principles of reasonableness.  *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 452 (9th Cir. 2011) (nuisance must be substantial and unreasonable).  Plaintiffs' theory that PEH are themselves an actionable, area-wide nuisance is baseless.  The Ninth Circuit has repeatedly affirmed that PEH have rights to exist in the streets with their personal property. *E.g.*, *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012); *Jones v. City of Los Angeles,* 444 F.3d 1118, 1132-37 (9th Cir. 2006), *vacated following settlement by* 505 F.3d 1006 (9th Cir. 2007).

## VI.  CONCLUSION

For the reasons set forth above, the County respectfully requests that the Court grant the Motion in its entirety.

DATED:  December 3, 2021          MILLER BARONDESS, LLP

By:        /s/ Mira Hashmall
                    MIRA HASHMALL
                    Attorneys for Defendant
                    COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

542539.9

Case No. 2:20-cv-02291 DOC-KES

DEFENDANT COUNTY OF LOS ANGELES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT