SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521
Email: mumhofer@spertuslaw.com
Email: emitchell@spertuslaw.com

*Attorneys for Plaintiffs*

MICHAEL N. FEUER, City Attorney (SBN 111529)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
RYAN SALSIG, Deputy City Attorney (SBN 250830)
200 North Main Street, City Hall East, 7th Floor
Los Angeles, California 90012
Telephone: 213-978-4681
Facsimile: 213-978-7011
Email: Scott.Marcus@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | CASE NO. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>***AMENDED* FULLY EXECUTED [PROPOSED] STIPULATED ORDER OF DISMISSAL AS TO DEFENDANT CITY OF LOS ANGELES ONLY [Fed. R. Civ. P. 41(a)(2)]** |

*AMENDED FULLY EXECUTED [PROPOSED] STIPULATED ORDER OF DISMISSAL AS TO DEFENDANT CITY OF LOS ANGELES ONLY*

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

On March 10, 2020, Plaintiff LA Alliance for Human Rights, *et al.* filed the above-captioned against the City of Los Angeles ("City") and the County of Los Angeles ("County") [ECF No. 1]. On November 1, 2021, Plaintiffs LA Alliance for Human Rights, Joseph Burk, Harry Tashdjian, Wenzial Jarrell, Karen Pinsky, Charles Malow, Charles van Scoy, George Frem, Gary Whitter, and Leandro Suarez (collectively "Plaintiffs") filed a First Amended and Supplemental Complaint against the City and the County ("FASC") [ECF No. 361].

In the FASC, Plaintiffs alleged thirteen separate claims for relief concerning the City and County's handling of the homelessness crisis, and contended the City and County violated, among other things, the Due Process and Equal Protection Clauses of the United State Constitution, the State Created Danger doctrine, state and federal disability laws, were negligent, created nuisances, and engaged in inverse condemnation and takings of real property. *Id.* The City and County each separately filed a motion to dismiss the FASC [ECF No. 369, 370], which were taken under submission on January 24, 2022, and all parties were Ordered to participate in a mediation [ECF Nos. 388, 391].

Following extensive discussions and multiple mediation sessions, Plaintiffs[1] and the City reached a settlement resolving the disputed claims in this Action as to the City only. A copy of the executed Settlement Agreement between Plaintiffs and the City ("Settlement Agreement") is attached hereto as Exhibit 1, the terms of which are expressly incorporated herein by reference.

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 41(a)(2), and good cause appearing therefore, the Court HEREBY ORDERS AND DECREES the following:

1.     The Court expressly incorporates all of the terms of the Settlement Agreement, attached as Exhibit 1, into this Order.

---

[1] Plaintiff Gary Whitter is not participating in this agreement.

*AMENDED FULLY EXECUTED [PROPOSED] STIPULATED ORDER OF DISMISSAL AS TO DEFENDANT CITY OF LOS ANGELES ONLY*

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

2.    The Court expressly retains exclusive jurisdiction for a period of five (5) years from the date of this Order to enforce the Settlement Agreement, and to resolve any future disputes regarding interpretation, performance, or enforcement of the Agreement.  See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994); *Flanagan v. Arnaiz*, 143 F.3d 540, 544 (9th Cir. 1998).

3.    Except as expressly provided otherwise in the Settlement Agreement, Plaintiffs and the City shall bear their own fees and costs in this Action.

4.    Plaintiffs' claims against the City only, as alleged in the First Amended and Supplemental Complaint are hereby dismissed with prejudice as to the City only. This Action shall proceed against the County and no claims alleged by Plaintiff Gary Whitter are dismissed by this Order.

IT IS SO ORDERED.

Dated: May ___ 2022

_____
Hon. David O. Carter,
United States District Judge

3

AMENDED FULLY EXECUTED [PROPOSED] STIPULATED ORDER OF
DISMISSAL AS TO DEFENDANT CITY OF LOS ANGELES ONLY

APPROVED AS TO FORM.

DATED:  May 24, 2022          Respectfully submitted,

*/s/ Elizabeth A. Mitchell*
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell
*Attorneys for Plaintiffs*

DATED:  May 24, 2022          MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney
ARLENE N. HOANG, Deputy City Attorney
JESSICA MARIANI, Deputy City Attorney
RYAN SALSIG, Deputy City Attorney

By: */s/ Scott Marcus*
Scott Marcus, Chief Assistant City Attorney
Counsel for Defendant City of Los Angeles

Pursuant to L.R. 5-4.3.4(a)(2)(i), all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

4

# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between the following Parties:

1)   Plaintiffs LA Alliance for Human Rights, Joseph Burk, Harry Tashdjian, Wenzial Jarrell, Karyn Pinsky, Charles Malow, Charles Van Scoy, George Frem, and Leandro Suarez ("Plaintiffs"); and

2)   Defendant City of Los Angeles ("City").

# RECITALS

WHEREAS, Plaintiffs filed a Complaint on March 10, 2020 in the Central District of California, Case No. Case 2:20-cv-02291-DOC-KES (the "Action") naming the City and the County of Los Angeles (the "County") as co-defendants in fourteen separate claims, including three that allege violations of 42 U.S.C. § 1983, concerning the City and County's handling of the homelessness crisis, and contended the City and County violated, among other things, the Due Process and Equal Protection Clauses of the United State Constitution, the State Created Danger doctrine, state and federal disability laws, were negligent, created or maintained nuisances, and engaged in inverse condemnation and takings of real property;

WHEREAS, the City expressly denies all claims alleged in the Action (and did so via a motion to dismiss), and further denies that the City and any of its officers, employees, or agents violated any laws, committed any wrongful acts or omissions, or are liable to the Plaintiffs as alleged in the Action;

WHEREAS, on April 20, 2021, the District Court entered a preliminary injunction against the City and County, ordering, among other things, the City to escrow $1 billion, cease any sales, transfers or leases of City-owned properties, shelter all residents of Skid Row, and prepare numerous audits and reports;

WHEREAS, on October 15, 2021, the United States Court of Appeals for the Ninth Circuit vacated the injunction issued by the District Court;

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

WHEREAS, on November 1, 2021, Plaintiffs filed a First Amended and Supplemental Complaint, the allegations and claims within which the City also expressly denies, and has filed a motion to dismiss them;

WHEREAS, the Plaintiffs and the City desire to fully and finally compromise and settle all claims arising out of or relating to all matters alleged or that could have been alleged in the Action with respect to the Parties, without any admission of fault, liability, or wrongdoing, in the interests of avoiding the additional expense and the inherent uncertainties of protracted litigation upon the terms and conditions set forth in this Agreement; and

WHEREAS, the purpose of this Agreement is to substantially increase the number of housing and shelter opportunities in the City of Los Angeles, and to address the needs of everyone who shares public spaces and rights of way in the City of Los Angeles, including both housed and unhoused Angelenos, to achieve a substantial and meaningful reduction in unsheltered homelessness in the City of Los Angeles.

**TERMS**

**1.  Definitions**

1.1.  <u>Agreement</u>.  The term "Agreement" as used herein shall refer to this Settlement Agreement and all associated documents, including all necessary orders and stipulations referred to herein.

1.2.  <u>LAHSA</u>.  "LAHSA" as used herein shall mean and refer to the Los Angeles Homeless Services Authority.

1.3.  <u>PEH</u>.  "PEH" as used herein shall mean persons experiencing homelessness.

1.4.  <u>City Shelter Appropriate</u>.   The term "City Shelter Appropriate" as used herein shall include any PEH within the City whom the City can reasonably assist, meaning the individual:

(A)  does not have a severe mental illness, and/or

SETTLEMENT AGREEMENT

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

(B) is not chronically homeless and has

    (i) a substance use disorder, or

    (ii) a chronic physical illness or disability requiring the need for professional medical care and support,

such that the individual (a) is unable to perform activities of daily living, including bathing, dressing, grooming, toileting, transferring between bed and chair, and feeding oneself, and/or (b) lacks medical and/or mental health care decision-making capacity, and/or (c) is a danger to themselves or others.

PEH who meet the definition of City Shelter Appropriate are typically, but not always, those with low- or medium-acuity needs according to accepted industry standards, including, but not limited to, through the use of an assessment tool, such as the Vulnerability Index-Service Prioritization Decision Assistance Tool (VI-SPDAT) or other similar assessment tool such as the CES Survey Packet or Next Step Tool as evaluated by a qualified outreach or clinical staff member.

The City will use its best efforts to engage the appropriate County entity, including, but not limited to, the Department of Mental Health (DMH), Department of Health Services (DHS), Department of Public Social Services (DPSS), or Department of Public Health (DPH), for intervention, treatment, services, and/or housing as appropriate for PEH who are not City Shelter Appropriate.

Moreover, the fact that an individual meets the criteria of "high acuity" according to accepted industry standards, has a severe mental illness, substance use disorder, chronic physical illness or disability, or otherwise is not included in the definition of City Shelter Appropriate, will not preclude the City from making an offer of shelter or housing to that individual if the City can reasonably assist that individual.

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

3

SETTLEMENT AGREEMENT

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1.5.    Parties.  The word "Parties" as used herein shall refer only to the parties to this Agreement, specifically the City of Los Angeles and Plaintiffs. The word "Parties" shall not refer to any individual or entity that is not a party to this agreement. The County of Los Angeles and Intervenors are not Parties to this Agreement at this time, but may be added with written consent from the Parties.

1.6.    Required Number.  The term "Required Number" as used herein is the number of housing or shelter solutions which is equal to the shelter and/or housing capacity needed to accommodate sixty percent (60%) of unsheltered City Shelter Appropriate PEH in the City based on LAHSA's 2022 Point in Time (PIT) Count.[1]

## 2.    Term and Continuing Jurisdiction

The Parties agree that the duration of the Agreement shall be five (5) years, during which point the Court shall have continuing jurisdiction to oversee and enforce this Settlement Agreement.  The obligations of the Parties in the remaining sections of this Agreement, and the releases contained herein, shall become effective and operative on the date(s) on which the respective Order approving this Agreement and dismissing the Action ("Order") is fully executed and entered by the Court, and shall be contingent upon the Court's executing and entry of the Order.  The Parties acknowledge that the Court may, in its sole discretion, appoint one or more Special Masters to assist the Court in overseeing and enforcing this Agreement.  If the Order is not executed and entered, this Agreement shall not become operative, and this litigation shall continue as if the proposed Agreement and its terms never existed.

---

[1] LAHSA's 2022 PIT Count is still in progress.  Once the 2022 PIT Count is confirmed by LAHSA and released, Defendant City will calculate the number of housing and shelter solutions needed to accommodate 60% of unsheltered City Shelter Appropriate PEH in the City and submit a report setting forth the Required Number under Section 2 and Milestones and Deadlines under Section 4. The Parties may submit a revised Agreement that includes the specific Required Number and Milestones and Deadlines.

4
SETTLEMENT AGREEMENT

**3.     Housing and Shelter for City Shelter Appropriate Individuals**

3.1.    The City agrees to create a Required Number of housing or shelter solutions, which is equal to, but (in the City's discretion) may be greater than, the shelter and/or housing capacity needed to accommodate sixty percent (60%) of unsheltered City Shelter Appropriate PEH within the City based on LAHSA's 2022 Point in Time count.

3.2.    Subject to Constitutional requirements and legal mandates, the City may choose, at its sole discretion, any housing or shelter solution, including but not limited to tiny homes, shared housing, purchased or master-leased apartments, hotels/motels, or other buildings, congregate shelters, permanent supportive housing, rental assistance/rapid rehousing, family reunification, sprung structures or tents, safe parking, safe sleeping/camping, affordable housing, and interim housing (including A Bridge Home beds), as long as the Milestones are met.  The housing or shelter solutions may be government- and/or privately-funded as long as each offer is adequate for the individual. Accommodations shall be made for those who qualify as disabled under the Americans with Disabilities Act.

3.3.    City agrees to implement an approach of equitably distributing housing and shelter solutions throughout the City.  The Required Number and 60% threshold is the minimum required by the Agreement, and the City is encouraged to and may provide (at its sole discretion) incentives and/or benefits for Council Districts that create more housing or shelter solutions beyond those required to accommodate 60% of the City Shelter Appropriate PEH in their district.

**4.     Street Engagement**

4.1.    City will continue to offer shelter or housing to City Shelter Appropriate PEH within the City and enforce public space regulations and health and safety laws consistent with its own protocol (Street Engagement Strategy)

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

5

SETTLEMENT AGREEMENT

and constitutional requirements.  No enforcement of public space regulations shall be taken against any individual unless that individual has first been offered an opportunity for housing or shelter or to relocate consistent with applicable laws.  City reserves the right, in its sole discretion, to revise or amend its Street Engagement Strategy, Los Angeles Municipal Code 41.18, or any similar ordinance, regulation, or protocol consistent with applicable constitutional requirements and is consistent with and meets the requirements of terms of this Agreement.

4.2.   Council District-wide Engagement

Once there are sufficient shelter or housing solutions to accommodate 60% of unsheltered City Shelter Appropriate PEH in a Council District as determined by the Required Number, the City, in its sole discretion, may implement and enforce public space regulations and ordinances within that entire Council District as to those individuals who refuse an offer of shelter or housing and/or decline to move to an alternative location where they may legally reside.  The City must provide notice to the Plaintiffs of its intention to implement and enforce District-wide.  If a Party to this Agreement files a written objection with the Court (or Special Master, if one is appointed by the Court for this purpose) within five court days of the notice, the Court (or Special Master) shall schedule a status conference to take place within court two days, or as soon as is practicable, to resolve the objection.  If no objection is filed, or if the Court (or Special Master) resolves the objection in favor of the City, City may implement and enforce public space regulations and ordinances throughout that District consistent with this Agreement.  Even after the City creates adequate and appropriate housing and shelter opportunities for 60% of unsheltered City Shelter Appropriate PEH in a Council District, no enforcement action shall be taken against any individual suspected of violating a public space regulation or ordinance unless that individual has first been offered adequate and appropriate

SETTLEMENT AGREEMENT

shelter or housing and/or to relocate to an alternative location consistent with applicable laws and this Agreement, except for time/manner/place regulations (such as LAMC 41.18 or similar ordinances) which may be enforced immediately and without such notice at any time.

4.3. City-wide Engagement

Once there are sufficient shelter or housing solutions to accommodate 60% of unsheltered City Shelter Appropriate PEH in the City as determined by the Required Number, the City, in its sole discretion, may implement and enforce public space regulations and ordinances throughout the City as to individuals who decline an offer of shelter or housing and/or decline to move to an alternative location where they may legally reside. The City must provide notice to the Plaintiffs of its intention to implement and enforce City-wide. If any Party to this Agreement files a written objection with the Court (or Special Master, if one is appointed by the Court for this purpose) within five court days of the notice, the Court (or Special Master) shall schedule a status conference to take place within two court days, or as soon as is practicable, to resolve the objection. If no objection is filed, or if the Court (or Special Master) resolves the objection in favor of City, City may implement and enforce public space regulations and ordinances throughout the City, consistent with this Agreement. Even after the City creates adequate and appropriate housing and shelter opportunities for 60% of the number of unsheltered City Shelter Appropriate PEH within the City, no enforcement action shall be taken against any individual suspected of violating a public space regulation or ordinance unless that individual has first been offered adequate and appropriate shelter or housing and/or to relocate to an alternative location consistent with applicable laws and this Agreement, except for time/manner/place regulations (such as LAMC 41.18 or similar ordinances) which may be enforced immediately and without such notice at any time.

SETTLEMENT AGREEMENT

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

4.4.     Nothing in this Agreement shall prohibit or prevent the City from enforcing laws otherwise applicable in the City that are not inconsistent with this Agreement.

**5.      Milestones and Deadlines**

5.1.     Within 30 days from the date information from the 2022 PIT Count is confirmed by LAHSA and released, the City will calculate the Required Number and provide its calculation with the Plaintiffs.  The Parties agree to meet and confer in good faith to resolve any objections to the calculation of the Required Number raised by Plaintiffs.  Any objection that cannot be resolved by the Parties may be heard by the Court if necessary.

5.2.     Thereafter the City will create plans and develop milestones and deadlines for: (i) the City's creation of shelter and housing solutions to accommodate a minimum of 60% of unsheltered City Shelter Appropriate PEH in each Council District as determined by the Required Number; (ii) the City's plan for encampment engagement, cleaning, and reduction in each Council District; (iii) the City's creation of shelter and/or housing to accommodate a minimum of 60% of unsheltered City Shelter Appropriate PEH in the City as determined by the Required Number; and (iv) the City's plan for encampment engagement, cleaning, and reduction in the City.  The City will provide the plans, milestones and deadlines to Plaintiffs, and the City and Plaintiffs agree to work together in good faith to resolve any concerns or disputes about the plans, milestones, and deadlines, and will consult with the Court for resolution, if necessary.  The City will provide a report setting forth the milestones and deadlines.  The Parties agree the City will promptly employ its best efforts to comply with established plans, milestones, and deadlines.

**6.      Street Engagement Dispute Resolution Process**

The Parties agree to design, in conjunction with the Court and/or Special Master, a dispute resolution process for individuals who are subject to the City's

8

SETTLEMENT AGREEMENT

Street Engagement Strategy in connection with the City's performance of this Agreement, pursuant to paragraph 4.

## 7.      **Status Updates**

7.1.    The City will provide quarterly status updates to the Court regarding its progress with this Agreement, including the number of housing or shelter opportunities created or otherwise obtained, the number of beds or opportunities offered, and the number of beds or opportunities currently available in each Council District.  The City will work with LAHSA to include in the quarterly status updates, to the extent possible: the number of PEH engaged, the number of PEH who have accepted offers of shelter or housing, the number of PEH who have rejected offers of shelter or housing and why offers were rejected, and the number of encampments in each Council District.

7.2.    The Parties will engage a mutually agreed-upon third party to provide data collection, analysis, comments, and regular public reports on the City's compliance with the terms of this Agreement. The City shall be responsible for paying all fees, if any, or for obtaining grants or other private funding, if needed.

## 8.      **Funding**

8.1.    Funding of housing and shelter opportunities created by the City shall be at the City's sole discretion.  The City agrees to: (i) Petition county, state, and federal government for additional funding, as may be available; (ii) Consider expediting public/private partnerships that utilize private capital and which require no up-front costs to the City; and (iii) Consider other possible funding mechanisms to pay for future housing or shelter, facilities, and services solutions for PEH.

8.2.    In the event of fires, floods, earthquakes, epidemics, quarantine restrictions, or other natural catastrophic occurrences; terrorist acts, insurrections or other large scale civil disturbances; or any local or fiscal emergency declared

9

SETTLEMENT AGREEMENT

by the Mayor of Los Angeles and the Los Angeles City Council under the authority vested in them by the Los Angeles City Charter and Los Angeles Administrative Code (or other applicable ordinances, resolutions, or laws), the obligations of the City as set forth in Sections 3, 4, and 5 of this Agreement shall be paused, and the Parties agree to meet and confer on any necessary and appropriate amendments to those obligations.

**9.    County Obligations**

The Parties agree that Defendant County of Los Angeles, who is not a party to this Agreement, is obligated to provide certain services to all PEH in the County, including PEH located within the City.  The Parties agree to cooperate in ensuring the County meets its obligations to provide adequate services to PEH within the City, and in fostering County-developed or County-funded housing, shelters, and treatment services for PEH who are not City Shelter Appropriate. These County responsibilities include, but are not limited to:

- Funding and providing wrap-around and supportive services[2] for PEH in housing or shelter established by the City.  Supportive services funded and provided by the County will include, but not be limited to, Department of Mental Health, Department of Health Services, Department of Public Health, and Department of Public Social Services, for intervention, services, and housing, as appropriate;

- Providing housing and treatment services for all unsheltered PEH within the City who are not City Shelter Appropriate;

- Providing and funding the Intensive Case Management Services (ICMS) and integrated health services necessary to ensure appropriate

---

[2] "Supportive services" as used herein refers to mental health and substance use disorder treatment, and other services, including mainstream services, which are traditionally funded by the County of Los Angeles.  City agrees to ensure each project will include case management, housing placement services, and homelessness reduction assistance or will work with appropriate agencies to do so.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

medical, mental health, substance use, and other services and treatment for permanent supportive units financed by the City;

- Requiring that permanent supportive housing (PSH) placements into units within City limits will prioritize PEH that are homeless in the City first (consistent with applicable constitutional and statutory laws), including units funded and operated by the County if they are within City limits;

- Increasing to at least 34 (from 22; numbers based on what is currently required and could be subject to change after the 2022 PIT Count results are released and analyzed) the number of Multi-Disciplinary Teams (MDTs) dedicated to conducting outreach exclusively in the City, allocating at least 1 team per Council District, coordinated by the City's outreach staff in the Office of the City Administrative Officer (CAO) and/or the Unified Homelessness Response Center (UHRC);

- Increasing to at least 10 (from 5.5; numbers based on what is currently required and could be subject to change after the 2022 PIT Count results are released and analyzed) the number of Homeless Outreach and Mobile Engagement (HOME) teams dedicated to conducting outreach exclusively in the City, allocating at least 1 team per two Council Districts, coordinated by the CAO and/or UHRC;

- Requiring outreach teams (including the increased number of teams referenced above) have direct access to sufficient County-funded licensed and unlicensed high service need beds necessary to provide housing and treatment services for PEH in the City, and require that these beds will either be exclusively for use by, or prioritize use by, PEH in the City.  In order to effectuate this access, the County will, in collaboration with LAHSA, County departments, and other relevant agencies and partners, establish a centralized, County-wide bed

11

SETTLEMENT AGREEMENT

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

management system that is inclusive of all types of shelter, housing, and care beds, and which will identify specific, available, and appropriate high service need beds for PEH in the City;

- Requiring a minimum of 50 mental health beds per 100,000 people in the County, or more as necessary to ensure access to inpatient treatment for PEH in the City and to prevent mentally ill individuals from falling into homelessness due to lack of available inpatient treatment;

- Increasing the number of high acuity public health (SUD/detox/drug rehabilitation) beds to specified level, and priority access for PEH regardless of the availability of insurance coverage;

- Providing City-directed outreach teams with direct access to Department of Mental Health, Department of Health Services, Department of Public Social Services, and Department of Public Health during outreach and other Street Engagement Strategy activities;

- Identify and make available sufficient County-owned land to other County jurisdictions, including City, for homeless housing on a $1 per year lease and allowing by right development; and

- Securing County commitment to prevention of inflow of new PEH in the City of Los Angeles, including commitment to registering individuals for SSI and Social Security, and other local (e.g., General Relief), state, and federal entitlement programs.

**10.** **Affordable Housing**

The Parties agree to cooperate to identify and reduce barriers to building more affordable housing.

**11.** **No Third Party Beneficiaries**

Notwithstanding anything in this Agreement to the contrary, there are no intended third-party beneficiaries that may assert rights or defenses under this Agreement, except the Parties to this Agreement.

12

SETTLEMENT AGREEMENT

**12.   Modification By Judicial Action**

If a court issues an order or judgment regarding the constitutionality of, or the City's ability to enforce, any law, code, ordinance, or regulation governing public spaces in the City (including but not limited to LAMC § 41.18), or any other part of this Agreement, and that order or judgment conflicts with or is inconsistent with any part of the terms of this Agreement, the Parties agree that the conflicting or inconsistent part(s) of this Agreement shall no longer be in effect, but all other terms of this Agreement that are not inconsistent with the order or judgment shall still remain in effect.  In the event a Party asserts that an order or judgment conflicts with or is inconsistent with a part of this Agreement, the Party shall notify the other Parties in writing.  If the Parties disagree as to whether a conflict or inconsistency exists, the question of whether a conflict or inconsistency exists shall be resolved according to Section 24 of this Agreement.

**13.   Releases and Waiver of California Civil Code Section 1542**

13.1.  The undersigned Plaintiffs to this Agreement, each on behalf of themselves, and their respective heirs, spouses, trustees, successors, assigns, agents, representatives, attorneys, employees, officers, directors, shareholders, members, managers, principals, partners, insurers, and predecessors do hereby forever release, acquit, and discharge the City and all of its boards, bureaus, departments, elected and appointed officials, administrators, officers, agents, employees, and all persons that acted on behalf of the City (collectively the "City Released Parties") from any and all claims, demands, actions, causes of action, suits, covenants, settlements, contracts, agreements, and liabilities for personal injuries, property damage, loss, cost or expense of every nature whatsoever, whether known or unknown, contingent or otherwise, at law or in equity, and whether or not expected to exist which the undersigned Plaintiffs to this Agreement had, have, or may have against the City Released Parties, and each of them, that arise out of or are related to the Action, and any allegations, events,

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

transactions or occurrences that were alleged or that could have been alleged therein (the "City Released Claims").

Nothing in this release and waiver is intended to include Plaintiffs' claims against the County, including for attorneys' fees, which Plaintiffs will continue to litigate against the County to judgment or settlement consistent with the terms of this Agreement.

13.2.  Plaintiffs acknowledge that they are familiar with the provisions of California Civil Code section 1542 and, except as otherwise provided herein, expressly waive and relinquish any and all rights or benefits that they may have under said section to the fullest extent permitted by law concerning any matters relating to the Parties' Actions.

California Civil Code section 1542 states:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs declare that they understand the full nature, extent and import of section 1542 of the California Civil Code and have been so advised by their attorneys.

13.3.  Plaintiffs warrant and represent that they have made no assignment, and will make no assignment, of any claim, chose in action, right of action, or any right, of any kind whatsoever, within the scope of the City Released Claims, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims within the scope of the City Released Claims.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

14

SETTLEMENT AGREEMENT

## 14.   Dismissal of the Action

Upon approval of this Agreement by the City Council and Mayor, which approvals are required for this Agreement to be final and binding, and after execution of this Agreement by all Parties and their respective counsel, Plaintiffs and the City shall jointly file a Stipulated Order of Dismissal, to which this Agreement will be attached as Exhibit 1.  At the conclusion of the Court's retained jurisdiction, subject to the City's compliance, Plaintiffs will take all additional actions and file all additional documents to effectuate dismissal of the Action as to the City with prejudice, if necessary.

## 15.   Settlement Payments and Attorneys' Fees

This City shall pay a total amount of $1,800,000, which shall be inclusive of all claims for damages, attorneys' fees, and/or costs claimed by Plaintiffs in the action.[3]  Such payment shall be made to the Spertus, Landes, & Umhofer, LLP, attorney-client trust account for distribution by Spertus, Landes, & Umhofer, LLP, as approved by Plaintiffs.  The Parties agree that nothing in this Agreement, including the City's payment of $1,800,000, will affect the Plaintiffs' right to pursue all damages, costs, and attorney's fees from the County or any other party other than the City.  Should the County ever seek contribution from the City for fees, costs, or damages awarded against the County through the date on which the order as entered, such contribution claims are solely between the City and the County and do not affect the terms of this Agreement nor involve Plaintiffs in any manner.  Plaintiffs agree not to oppose any motion by the City for a good faith settlement determination from the Court that may extinguish the County's potential claims for contribution from the City.

---

[3] Plaintiff Gary Whitter is not participating in this Agreement.  LA Alliance for Human Rights agrees to indemnify the City against any damages, attorneys' fees, and/or costs incurred by the City in the event Plaintiff Whitter pursues his claims against the City.

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

**16.    Non-Admission of Liability**

By entering into this Agreement, the City does not admit any liability, and explicitly denies any liability or wrongdoing of any kind arising out of or relating to any of the claims alleged in the Action.  Nothing herein constitutes an admission by the Parties as to any interpretation of laws, or as to the merits, validity, or accuracy of any of the claims or legal contentions made or which could be made in the Action.  Plaintiffs and the City have entered into this Agreement solely to avoid the time, expense, and risk of litigation.  The Parties agree that an express condition of this settlement is that there has been no finding of liability on the merits, and that this settlement and any document related to this settlement, including this Agreement and Order, and the confidential negotiations leading up to this settlement, shall be inadmissible in evidence and shall not be used for any purpose in this or any other proceeding except in an action or proceeding to approve, interpret, implement, or enforce the Agreement.

**17.    Knowing and Voluntary Agreement**

This Agreement is an important legal document that has been voluntarily and knowingly executed by the Parties.  The Parties, and each of them, specifically represent that, prior to signing this Agreement, (a) they have each been provided a reasonable period of time within which to consider whether to accept this Agreement, (b) they have each carefully read and fully understand all of the provisions of this Agreement, and (c) they are voluntarily, knowingly, and without coercion entering into this Agreement based upon their own judgment. Plaintiffs, and each of them, further specifically represent that, prior to signing this Agreement, they have conferred with counsel of their choice to the extent desired concerning the legal effect of this Agreement, and that the legal effect of this Agreement has been adequately explained to them.

SETTLEMENT AGREEMENT

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

**18.** **Entire Agreement; No Other Reliance**

This Agreement constitutes the entire agreement between the Plaintiffs and the City regarding the subject matter discussed hereof and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between or among the Parties relating to the subject matter hereof.  The Parties acknowledge that no representations, inducements, promises, agreements, or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in the Agreement, that they have not executed this Agreement in reliance on any such representation, inducement, promise, agreement, or warranty, and that no representation, inducement, promise, agreement, or warranty not contained in this Agreement including, but not limited to, any purported supplements, modifications, waivers, or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the Parties to this Agreement.  Any alteration, change, or modification of or to this Agreement shall be made by written instrument executed by each party hereto in order to become effective.

**19.** **Warranty of Authority**

Each individual or entity that executes this Agreement represents and warrants, in his, her, or its personal capacity, that he, she, or it is duly authorized and empowered to enter into this Agreement on behalf of the party it purports to represent.

**20.** **Counterparts**

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which shall constitute one agreement.

**21.** **Representation by Counsel and Understanding**

The Parties acknowledge that each of them has been represented in the settlement of the matter by its own counsel and represent that each of them has received independent legal advice from their respective attorneys and has been

17

SETTLEMENT AGREEMENT

fully advised of the nature of the Agreement and the possible rights and obligations released herein. Defendant City acknowledges it has the power and right to enter into, agree, and comply with this Agreement. The rule of construction that any ambiguities are to be resolved against the drafting part shall not be employed in the interpretation of the Agreement. The Parties further acknowledge that each of them has carefully read and fully understands all of the provisions of the Agreement, and that each of them is voluntarily entering into the Agreement.

**22.    No Waiver of Terms of Agreement**

The failure to insist upon compliance with any term, covenant or condition contained in the Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in the Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**23.    Governing Law**

This Agreement shall be construed in accordance with the laws of the State of California.

**24.    Duty to Meet and Confer**

If a dispute arises between the Plaintiffs and the City regarding the interpretation, performance, or enforcement of this Agreement, the Party raising the dispute shall provide written notice of the dispute to all other Parties, and all Parties agree to meet and confer within a reasonable time in a good faith effort to resolve any dispute. In the event that the Parties are unable to resolve the dispute within a reasonable time after the meeting, Plaintiffs or the City may, pursuant to the Order, submit the matter to the Court for review and decision.

DATED: **5/19/2022**                    By: _____

Don Steier, Chairman, for Plaintiff
LA Alliance for Human Rights

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

18

SETTLEMENT AGREEMENT

DATED:____05-19-2022____          _____
                                  Plaintiff Joseph Burk

DATED:_____           _____
                                  Plaintiff George Frem

DATED:_____           _____
                                  Plaintiff Wenzial Jarrell

DATED:_____           _____
                                  Plaintiff Charles Malow

DATED:_____           _____
                                  Plaintiff Karyn Pinsky

DATED:_____           _____
                                  Plaintiff Leandro Suarez

DATED:_____           _____
                                  Plaintiff Harry Tashdjian

DATED:_____           _____
                                  Plaintiff Charles Van Scoy

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

19
SETTLEMENT AGREEMENT

DATED:_____

Plaintiff Joseph Burk

DATED: 5/19/22

Plaintiff George Frem

DATED:_____

Plaintiff Wenzial Jarrell

DATED:_____

Plaintiff Charles Malow

DATED:_____

Plaintiff Karyn Pinsky

DATED:_____

Plaintiff Leandro Suarez

DATED:_____

Plaintiff Harry Tashdjian

DATED:_____

Plaintiff Charles Van Scoy

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

19

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

DATED:_____        _____

Plaintiff Joseph Burk


DATED:_____        _____

Plaintiff George Frem


DATED: 05-19-22              *Wenzial Jarrell*

Plaintiff Wenzial Jarrell


DATED:_____        _____

Plaintiff Charles Malow


DATED: 05-19-22              _____

Plaintiff Karyn Pinsky


DATED:_____        _____

Plaintiff Leandro Suarez


DATED:_____        _____

Plaintiff Harry Tashdjian


DATED:_____        _____

Plaintiff Charles Van Scoy


19

SETTLEMENT AGREEMENT

DATED:_____        _____

Plaintiff Joseph Burk

DATED:_____        _____

Plaintiff George Frem

.

DATED:_____        _____

Plaintiff Wenzial Jarrell

DATED: 5/23/2022        _____

Plaintiff Charles Malow

DATED:_____        _____

Plaintiff Karyn Pinsky

DATED: 23 MAY 2022        _____

Plaintiff Leandro Suarez

DATED: 05-23-22        _____

Plaintiff Harry Tashdjian

DATED: 5/23/22        _____

Plaintiff Charles Van Scoy

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

19

SETTLEMENT AGREEMENT

DATED:  May 19, 2022          MATTHEW W. SZABO

By: _____

City Administrative Officer, City of Los Angeles

**Approved as to Form**:

DATED:  May 19, 2022          SPERTUS, LANDES & UMHOFER, LLP

By: _____

Elizabeth A. Mitchell
Counsel for Plaintiffs LA Alliance for Human Rights, et al.

DATED:  May 19, 2022          MICHAEL N. FEUER, City Attorney

By: _____

Scott Marcus, Chief Assistant City Attorney
Counsel for Defendant City of Los Angeles

20

SETTLEMENT AGREEMENT