**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **LA ALLIANCE FOR HUMAN RIGHTS ET AL.,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**CITY OF LOS ANGELES ET AL.,**<br><br>    **Defendants.** | Case No. LA CV 20-02291-DOC-KES<br><br><br>**ORDER APPROVING STIPULATED DISMISSAL AND PROPOSED SETTLEMENT [421]** |

On May 19, 2022, Defendant City of Los Angeles ("City") and Plaintiffs LA Alliance for Human Rights, Joseph Burk, Harry Tashdjian, Wenzial Jarrell, Karyn Pinsky, Charles Malow, Charles Van Scoy, George Frem, and Leandro Suarez (collectively "Plaintiffs") filed a Stipulated Order of Dismissal and Exhibit 1, their Settlement Agreement (Dkt. 421). In their Stipulated Order, the parties informed the Court that they had reached a Settlement subject to the Court's approval of the terms; and dismissal with prejudice as to Defendant City of Los Angeles. The parties have requested that the Court retain jurisdiction to enforce the terms of the Settlement Agreement for a period of five years.

The parties have been aggressively litigating this case for over two years. In the process, they have generated a voluminous record comprised of several pre-trial hearings, orders, and a preliminary injunction. In the first year of litigation, the parties participated in multiple mediation sessions, including on June 12, 2020 (Dkt. 133); June 25, 2020 (Dkt. 141); September 10, 2020 (Dkt. 170); September 24, 2020 (Dkt. 179); and October 8, 2020 (Dkt. 184). These sessions resulted in a partial Memorandum of Understanding between the City and County of Los Angeles, with the City committing to create 6,700 beds in 18 months to prioritize sheltering unhoused people living by highways (Dkts. 136, 138). Just this year, the parties went to mediation sessions on February 15 (Dkt. 388), February 16 (Dkt. 394), February 22 (Dkt. 395), March 1 (Dkt. 397), and March 29, 2022 (Dkt. 401).

The agreement before the Court was not achieved in haste—it was the result of long and deliberate good-faith negotiations. In fact, the City and Plaintiffs have worked diligently to expand the barebones framework articulated in their Preliminary Settlement Agreement (Dkt. 408) to a more fleshed-out plan to partially combat homelessness in Los Angeles.

The Settlement Agreement creates a structure and enforcement mechanism for the City to create a substantial number of new beds for people experiencing homelessness. While this Agreement is not a solution to homelessness, it is a concrete step toward improving the lives of our neighbors who are currently suffering on the streets.

Procedurally, the Settlement Agreement does not affect the rights or obligations of non-settling parties or non-parties. As the City confirmed in its Reply, "nothing in the Court's order

affects any rights of the County or the Intervenors," and it does not prejudice the rights of other non-parties with respect to future challenges to City ordinances or suits on related issues. *See* City Reply (Dkt. 438) at 5. In particular, the Section titled, "County Obligations" imposes no responsibilities on the County of Los Angeles because they are not party to this Agreement—as the City notes, "[t]hese agreements are nothing more than Plaintiffs and the City's expressions of (a) their beliefs concerning the County, and (b) their intent to cooperate regarding their opined County's obligations." *Id.* at 7. In addition, the Settlement Agreement does not affect the parties' obligations under state or federal law, including state or federal disability law.

Having reviewed the Settlement Agreement and the parties' briefing, the Court finds that the Settlement Agreement is fair, reasonable, and adequate. Accordingly, the Court now approves the Settlement Agreement executed by the parties and attached as Exhibit 1, which is now incorporated in full into the Court's Order as though fully set forth herein. The Court shall retain jurisdiction for a period of five years to enforce the terms of the Settlement Agreement. Per the parties' agreement, the Court appoints Special Master Michele Martinez as the Monitor of the Settlement Agreement to assist the Court in overseeing and enforcing this Agreement.

Plaintiffs' claims against the City only, as alleged in the First Amended and Supplemental Complaint, are hereby dismissed with prejudice as to the City only, subject to the Court's retention of jurisdiction as set forth in Exhibit 1. This Action shall proceed against the County and no claims alleged by Plaintiff Gary Whitter are dismissed by this Order. Except as expressly provided otherwise in the Settlement Agreement, Plaintiffs and the City shall bear their own fees and costs in this Action.

The Clerk shall serve this minute order on the parties.

DATED: June 14, 2022

*David O. Carter*

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE