# FROM THE KINGDOM OF 'daredeemer'

ADRIAN D. MOON
955 NORTH LAKE AVE
PASADENA CA 91104
CELL: (626) 360-9896
EMAIL: adriandaredeemer@gmail.com

Attorney For Plaintiff-Defendant Intervenor...



FILED
CLERK, U.S. DISTRICT COURT

JUN 17 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES CENTRAL DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

## IN THE COUNTY OF LOS ANNGELES-C..C.B. INC.

**L.A. ALLIANCE FOR HUEMAN RIGHTS ET. AL.,**

　　　　Plaintiff- Intevenor-Appellee,

vs.,

**CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, ET. AL.**

　　　　Defendant-Intervenor-Appellant,

**ADRIAN D. MOON, An Individual,**

　　　　Plaintiff-Defendant Intervenor,

Case No. **2:20-cv-02291-DOC (kes)**

Identical Pending Lead Related Cases BA332095 ; BA362256 ; S273401 ET. AL.

**SUPPLEMENTAL EVIDENCE IN SUPPORT OF EMERGENCY MOTION FOR ORDERS FOR LEAVE OF COURT TO INTERVENE AS A ADDITIONAL PLAINTIFF-DEFENDANT INTERVENOR, SEE READ AND CONSIDER ATTACHED MOTION 10 (20) PAGES AND MOTION 11 (125) PAGES INCORPORATED BY THIS REFERENCE**

**DATE:** , 2022
**TIME: 10:00a.m. or soon thereafter to be heard**
**CTRM:** 10 A.
**LOC.: 411 W. FOURTH ST. SANTA ANA CA 92701**

**HONORABLE DAVID O. CARTER, presiding**

**COVID-19: HOST, HOST, OR HOLY SPIRIT**

## DECLARATION OF ADRIAN D. MOON

## MEMORANDUM OF POINTS AND AUTHORITIES

I AM ADRIAN D. MOON, (hereinafter, 'daredeemer') Plaintiff-Defendant Intervenor in Pro Se, Chosen one , begotten Son of the Almighty Creator, "EL ELYON" in the Mighty Name of Yeshua Jesus Christ the Messiah... paragon, with integrity and veracity, proclaim and decree as follows,

///

# FROM THE KINGDOM OF 'daredeemer'

1. On June 7, 2022, Defendants County of Los Angeles- Kathryn Barger-Liebrich Dismiss with Prejudice a frivolous retraining order in case County of Los Angeles v. Adrian D. Moon, case no. 22STRO02855, then re-filed the same exact frivolous Restraining Order in case no. 22STRO03447 in same courtroom with the same Recused Judge Patricia A. Young in retaliation for 'daredeemer' trying to ward off being "Homeless"   see, read , and consider attached Motions 10 (20) pages and Motion 11 (125) pages incorporated by this reference.

2. Unless this court Grants 'daredeemer's request to intervene as an Additional Plaintiff-Defendant Intervenor, Defendants shall continue to Attempt to Kill, Steal and Destroy 'daredeemer'.

'daredeemer' declares under the penalty of Sin , that the foregoing is true and correct, so help me GOD!

'liberia nos a malo'

DATED: June 17, 2022

ADRIAN D. MOON, Plaintiff-Defendant In Pro Se

SUPPLEMENTAL EVIDENCE IN SUPPORT OF EMERGENCY MOTION  FOR ORDERS FOR LEAVE OF COURT TO INTERVENE AS AN ADDITIONAL PLAINTIFF-DEFENDANT INTERVENOR ET. SEQ.   - 2

Electronically FILED by Superior Court of California, County of Los Angeles 6/9/2022 4:44 PM Sherri R. Carter, Executive Officer/Clerk, By S. Z. Gonzalez, Deputy Clerk

Received: 6/8/2022 7:50 PM

## WV-110 Temporary Restraining Order

*Clerk stamps date here when form is filed*

**① Petitioner (Employer)**

a. Name: COUNTY OF LOS ANGELES

Lawyer for Petitioner *(if any, for this case):*

Name: KENT M. SOMMER   State Bar No.:262832

Firm Name: OFFICE OF THE COUNTY COUNSEL

b. Your Address *(If you have a lawyer, give your lawyer's information.):*

Address: 500 WEST TEMPLE STREET, SUITE 648

City: LOS ANGELES   State: CA   Zip: 90012

Telephone: (213) 787-0361   Fax: (213) 626-5578

E-Mail Address: ksommer@counsel.lacounty.gov

*Fill in court name and street address*

Superior Court of California, County of
LOS ANGELES
Stanley Mosk Courthouse
111 NORTH HILL STREET
LOS ANGELES, CA 90012

**② Employee (Protected Person)**

Full Name: Kathryn Barger

*Court fills in case number when form is filed*

**③ Respondent (Restrained Person)**

Full Name: Adrian Moon

Case Number:
22STRO03447

Description:

Sex: ☒ M   ☐ F Height: 6'3"   Weight: 205   Date of Birth: June 1, 1960

Hair Color: Black   Eye Color: Brown   Age: 61   Race: Black

Home Address *(if known)*: 955 North Lake Avenue

City: Pasadena   State: CA   Zip: 91104

Relationship to Employee: None

**④ ☐ Additional Protected Persons**

In addition to the employee, the following family or household members or other employees are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Employee |
|---|---|---|---|---|
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

**⑤ Expiration Date**

*This Order expires at the end of the hearing scheduled for the date and time below:*

| Date: 06/29/22 | Time: 8:30 | ☒ a.m. ☐ p.m |
|---|---|---|

## This is a Court Order.

Judicial Council of California www.courts.ca.gov
Revised July 1, 2014 Mandatory Form
Code of Civil Procedure §§ 527.8 and 527.9
Approved by DOJ

**Temporary Restraining Order (CLETS-TWH)**
(Workplace Violence Prevention)

WV-110, Page 1 of 6 →

Motion 10 (20) pages



Case Number:

## To the Respondent:

The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may have to go to jail for up to one year, pay a fine of up to $1,000, or both.

**(6) Personal Conduct Orders**

☐ **Not Requested**   ☐ **Denied Until the Hearing**   ☒ **Granted as Follows:**

a.  You are ordered not do the following things to the employee
    ☐   and to the other protected persons listed in (4):

   (1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.

   (2) ☒ Commit acts of violence or make threats of violence against the person.

   (3) ☒ Follow or stalk the person during work hours or to or from the place of work.

   (4) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by e-mail, by fax, or by other electronic means.

   (5) ☒ Enter the workplace of the person.

   (6) ☒ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.

   (7) ☐ Other (specify):

     ☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(7).

b.  Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the petitioner.

**(7) Stay-Away Order**

☐ **Not Requested**   ☐ **Denied Until the Hearing**   ☒ **Granted as Follows:**

a.  You **must** stay at least ___100___ yards away from (check all that apply):

   (1) ☒ The employee

   (2) ☐ Each other protected person listed in (4)

   (3) ☒ The employee's workplace

   (4) ☒ The employee's home

   (5) ☐ The employee's school

   (6) ☐ The employee's children's school

   (7) ☐ The employee's children's place of child care

   (8) ☐ The employee's vehicle

   (9) ☐ Other (specify):

b.  This stay-away order does not prevent you from going to or from your home or place of employment.

## This is a Court Order.

Case Number:

### ( 8 ) No Guns or Other Firearms and Ammunition

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. You must:

(1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use Form WV-800, Proof of Firearms Turned In, Sold, or Stored for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm

### ( 9 ) Other Orders

☒ **Not Requested**     ☐ **Denied Until the Hearing**     ☐ **Granted as Follows** *(specify):*

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 9.

**To the Petitioner:**

### ( 10 ) Mandatory Entry of Order Into CARPOS Through CLETS

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☒ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the employer or the employer's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agencies listed below to enter into CARPOS:

Name of Law Enforcement Agency                    Address *(City, State, Zip)*

_____          _____

_____          _____

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

### ( 11 ) No Fee to Serve (Notify) Restrained Person     ☒ **Ordered**     ☐ **Not Ordered**

The sheriff or marshal will serve this Order without charge because:

a. ☒ The Order is based on a credible threat of violence or stalking.

b. ☐ The petitioner is entitled to a fee waiver.

**This is a Court Order.**

**Temporary Restraining Order (CLETS-TWH)**
(Workplace Violence Prevention)
→

Case Number:

(12) Number of pages attached to this Order, if any: _____

Date:        06/09/2022

*Patricia A. Young*
JUDGE

*Judicial Officer*

## Warnings and Notices to the Restrained Person in ❷

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item (8) above. The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and Form WV-109, *Notice of Court Hearing*, but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item (3).

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders.
- Read Form WV-120-INFO, *How Can I Respond to a Petition for Orders to Stop Workplace Violence?*, to learn how to respond to this Order.
- If you want to respond, fill out Form WV-120, *Response to Petition for Workplace Violence Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your response if the petition claims that you threatened violence against or stalked the employee, or placed the employee in reasonable fear of violence.
- You must have Form WV-120 served on the petitioner or the petitioner's attorney by mail. You cannot do this yourself. The person who does the service should complete and sign Form WV-250, *Proof of Service of Response by Mail*. File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.
- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use Form MC-030, *Declaration*, for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at *www.courts.ca.gov/forms*. If you do not know how to prepare a declaration, you should see a lawyer.
- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.
- At the hearing, the judge can make restraining orders against you that last for up to three years. Tell the judge why you disagree with the orders requested.

## This is a Court Order.



Case Number:

## Instructions for Law Enforcement

### Enforcing the Restraining Order
This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Orders
This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item 5 on page 1.

### Arrest Required if Order Is Violated
If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service
The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):

* The officer sees a copy of the Proof of Service or confirms that the Proof of Service is on file; or
* The restrained person was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
### If more than one restraining order has been issued, the orders must be enforced according to the following priorities: (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)
1. *EPO·* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order.* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## This is a Court Order.



Case Number:

*(Clerk will fill out this part )*
### —Clerk's Certificate—

Clerk's Certificate
[seal]

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date:    JUN 0 9 2022   Clerk, by _____, Deputy

J. González

**This is a Court Order.**

Revised July 1 2014

**Temporary Restraining Order (CLETS-TWH)**
(Workplace Violence Prevention)

WV-110, Page 6 of 6

**FL-300**

| PARTY WITHOUT ATTORNEY OR ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: ADRIAN D. MOON
FIRM NAME:
STREET ADDRESS: 955 NORTH LAKE AVE
CITY: PASADENA   STATE: CA   ZIP CODE: 91104
TELEPHONE NO.: (626) 360-9896   FAX NO.:
E-MAIL ADDRESS: adriandarredeemer@gmail com
ATTORNEY FOR (name): Respondent-Victim

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 17 2022

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Vanul Vicky Peloyan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 PENFIELD AVE
MAILING ADDRESS:
CITY AND ZIP CODE: CHATSWORTH CA 91311
BRANCH NAME: NORTH VALLEY DISTRICT

PETITIONER: CHRISTOPHER ALLEN DARDEN
RESPONDENT: ADRIAN D. MOON
OTHER PARENT/PARTY: LEE S. ARIAN

| REQUEST FOR ORDER ☐ CHANGE ☒ TEMPORARY EMERGENCY ORDERS | CASE NUMBER: |
|---|---|
| | 22CHRO00727 |

☐ Child Custody   ☐ Visitation (Parenting Time)   ☐ Spousal or Partner Support
☐ Child Support   ☐ Domestic Violence Order   ☐ Attorney's Fees and Costs
☐ Property Control   ☒ Other (specify): ISSUE BENCH WARRANTS AND SUBPOENAS
TO APPEAR AT HEARINGS ON JUNE 29, 2022 ET. SEQ.

[ALW concurrently with CH115, CH116]

## NOTICE OF HEARING

1.  TO (name(s)): CHRISTOPHER DARDEN, LEE S ARIAN
    ☒ Petitioner   ☐ Respondent   ☐ Other Parent/Party   ☒ Other (specify): DEFENDANTS

2.  **A COURT HEARING WILL BE HELD AS FOLLOWS:**

    a. Date: **JUNE 17. 2022**   Time: **8:30a.m.**   ☒ Dept.: **F-46**   ☐ Room.:
    b. Address of court ☒ same as noted above ☐ other (specify):

3.  **WARNING to the person served with the *Request for Order:*** The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order* (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. (See form FL-320-INFO for more information.)

    *(Forms FL-300-INFO and DV-400-INFO provide information about completing this form.)*

### (Proposed) COURT ORDER
*(FOR COURT USE ONLY)*

**It is ordered that:**

4.  ☐ Time ☐ for service ☐ until the hearing is shortened. Service must be on or before (date):

5.  ☐ A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before (date):

6.  ☐ The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows (specify date, time, and location):

7.  ☐ The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order*.

8.  ☒ Other (specify): BENCH WARRANTS ARE ISSUED AGAINST LEE S. ARIAN , ROBERT DUFOUR , FREDERICK BENNETT, LEAH GRESHON, PHU NGUYEN, MICHAEL MOORE, TRACI GRUNDLAND AND THEY ARE ORDERED TO APPEAR TO THEIR DEPOSITIONS ON JUNE 29, 2022 IN DEPT. F-46 AT 8:30 A.M.

Date: _____

_____
JUDICIAL OFFICER

Page 1 of 4

| Form Adopted for Mandatory Use | **REQUEST FOR ORDER** | Family Code, §§ 2045, 2107, 6224, |
|---|---|---|
| Judicial Council of California | | 6226, 6320–6326, 6380–6383; |
| FL-300 [Rev. July 1, 2016] | | Government Code, § 26826 |
| | | Cal. Rules of Court, rule 5.92 |
| | | www.courts.ca.gov |

**FL-300**

| PETITIONER: OARDEN | CASE NUMBER: |
|---|---|
| RESPONDENT: Nuoon | 22CIHRO 00727 |
| OTHER PARENT/PARTY: ARIAN | |

## REQUEST FOR ORDER

**Note**: Place a mark ☒ in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the paper, write your name, case number, and "FL-300" as a title. (You may use *Attached Declaration* (form MC-031) for this purpose.)

1. ☐ RESTRAINING ORDER INFORMATION
   One or more domestic violence restraining/protective orders are now in effect between *(specify)*:
   ☐ Petitioner  ☐ Respondent  ☐ Other Parent/Party  *(Attach a copy of the orders if you have one.)*
   The orders are from the following court or courts *(specify county and state)*:
   a. ☐ Criminal: County/state *(specify)*:  Case No. *(if known)*:
   b. ☐ Family: County/state *(specify)*:  Case No. *(if known)*:
   c. ☐ Juvenile: County/state *(specify)*:  Case No. *(if known)*:
   d. ☐ Other: County/state *(specify)*:  Case No. *(if known)*:

2. ☐ CHILD CUSTODY
   ☐ VISITATION (PARENTING TIME)  ☐ I request temporary emergency orders
   a. I request that the court make orders about the following children *(specify)*:

   | Child's Name | Date of Birth | ☐ Legal Custody to *(person who decides: health, education, etc)*: | ☐ Physical Custody to *(person with whom child lives)*: |
   |---|---|---|---|

   ☐ Attachment 2a.

   b. ☐ The orders I request for ☐ child custody ☐ visitation (parenting time) are:
      (1) ☐ Specified in the attached forms:
         ☐ Form FL-305  ☐ Form FL-311  ☐ Form FL-312  ☐ Form FL-341(C)
         ☐ Form FL-341(D)  ☐ Form FL-341(E)  ☐ Other *(specify)*:
      (2) ☐ As follows *(specify)*:  ☐ Attachment 2b.

   c. The orders that I request are in the best interest of the children because *(specify)*:  ☐ Attachment 2c.

   d. ☐ This is a change from the current order for ☐ child custody ☐ visitation (parenting time).
      (1) ☐ The order for legal or physical custody was filed on *(date)*:  . The court ordered *(specify)*:

      (2) ☐ The visitation (parenting time) order was filed on *(date)*:  . The court ordered *(specify)*:

   ☐ Attachment 2d.

**FL-300**

| PETITIONER: DAROEN<br>RESPONDENT: MOON<br>OTHER PARENT/PARTY: ARIAN | CASE NUMBER:<br>22CHRO 00727 |
|---|---|

3. [ ] **CHILD SUPPORT**
(Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195)
   a.  I request that the court order child support as follows:

Child's name and age          [ ] I request support for each child        Monthly amount ($) requested
                              based on the child support guideline. (if not by guideline)

[ ] Attachment 3a.

   b.  [ ] I want to change a current court order for child support filed on *(date):*
The court ordered child support as follows *(specify):*

   c.  I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.
   d.  The court should make or change the support orders because *(specify):*            [ ] Attachment 3d.

4. [ ] **SPOUSAL OR DOMESTIC PARTNER SUPPORT**
(Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)
   a.  [ ] Amount requested *(monthly):* $
   b.  [ ] I want the court to [ ] change [ ] end    the  current support order filed on *(date):*
The court ordered $                  per month for support.
   c.  [ ] This request is to modify (change) spousal or partner support after entry of a judgment.
I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration that addresses the same factors covered in form FL-157.
   d.  I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.
   e.  The court should should make, change, or end the support orders because *(specify):*        [ ] Attachment 4e.

5. [ ] **PROPERTY CONTROL**                                        [ ] I request temporary emergency orders
   a.  The [ ] petitioner [ ] respondent [ ] other parent/party    be given exclusive temporary use, possession, and
control of the following property that we [ ] own or are buying [ ] lease or rent *(specify):*

   b.  The [ ] petitioner [ ] respondent [ ] other parent/party   be ordered to make the following payments on debts
and liens coming due while the order is in effect:
Pay to: _____ For:_____ Amount: $ _____ Due date:_____
Pay to: _____ For:_____ Amount: $ _____ Due date:_____
Pay to:_____ For:_____ Amount: $ _____ Due date:_____
Pay to: _____ For:_____ Amount: $ _____ Due date: _____

   c.  [ ] This is a change from the current order for property control filed on *(date):*
   d.  Specify in Attachment 5d the reasons why the court should make or change the property control orders.

FL-300 [Rev. July 1, 2016]                **REQUEST FOR ORDER**                        Page 3 of 4

**FL-300**

| PETITIONER: | DARDEN | CASE NUMBER: |
|---|---|---|
| RESPONDENT: | MOON | 22CHRO 00727 |
| OTHER PARENT/PARTY: | ARIAN | |

6. ☐ ATTORNEY'S FEES AND COSTS
I request attorney's fees and costs, which total *(specify amount):* $                         . I filed the following to support my request:
  a. A current *Income and Expense Declaration* (form FL-150).
  b. A *Request for Attorney's Fees and Costs Attachment* (form FL-319) or a declaration that addresses the factors covered in that form.
  c. A *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a declaration that addresses the factors covered in that form.

7. ☐ DOMESTIC VIOLENCE ORDER

> • Do not use this form to ask for domestic violence restraining orders! Read form DV-505-INFO, *How Do I Ask for a Temporary Restraining Order,* for forms and information you need to ask for domestic violence restraining orders.
> • Read form DV-400-INFO, *How to Change or End a Domestic Violence Restraining Order* for more information.

  a. The *Restraining Order After Hearing* (form DV-130) was filed on *(date):*
  b. I request that the court ☐ change ☐ end   the personal conduct, stay-away, move-out orders, or other protective orders made in *Restraining Order After Hearing* (form DV-130). (*If you want to change the orders, complete 7c.*)
  c. ☐ I request that the court make the following changes to the restraining orders *(specify):*   ☐ Attachment 7c.

  d. I want the court to change or end the orders because *(specify):*   ☐ Attachment 7d.

8. ☒ OTHER ORDERS REQUESTED *(specify):*   ☒ Attachment 10.
ISSUE BENCH WARRANTS AGAINST LEE S. ARIAN, ROBERT DUFOUR, LEAH GERSHON, FREDERICK BENNETT, PHU NGUYEN, MICHAEL MOORE AND TRACI GRUNDLAND FOR NON-APPEARANCE TO HEARING ON JUNE 15, 2022 AND ORDER FOR THEM ALL TO APPEAR TO THEIR DEPOSITIONS ON JUNE 29, 2022.

9. ☐ TIME FOR SERVICE / TIME UNTIL HEARING   I urgently need:
  a. ☐ To serve the *Request for Order* no less than *(number):*        court days before the hearing.
  b. ☐ The hearing date and service of the the *Request for Order* to be sooner.
  c. I need the order because *(specify):*   ☐ Attachment 9c.

10. ☒ FACTS TO SUPPORT the orders I request are listed below. The facts that I write in support and attach to this request cannot be longer than 10 pages, unless the court gives me permission.   ☒ Attachment 10.
DEFENDANTS WERE ALL TIMELY NOTICED OF THEIR DEPOSITION SUBPOENAS AND NEVER APPEARED

*Defendant Lee S. Arian is under the private citizen's Arrest effectuated on June 2, 2022!*

I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments is true and correct.

Date: JUNE 16, 2022

ADRIAN D. MOON
(TYPE OR PRINT NAME)                                    (SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

FL-300 [Rev. July 1, 2016]    **REQUEST FOR ORDER**    Page 4 of 4

For your protection and privacy, please press the Clear



SHERRI R. CARTER
EXECUTIVE OFFICER / CLERK OF COURT

Leah C. Gershon
Court Counsel
111 North Hill Street, Suite 546
Los Angeles, CA 90012

## Superior Court of California
## County of Los Angeles

June 13, 2022

**VIA U.S. AND ELECTRONIC MAIL**

Adrian D. Moon
955 N. Lake Ave
Pasadena, CA 91104

Email: adriandaredeemer@gmail.com

RE:    Objections to Subpoenas
    *Darden v. Moon*, Los Angeles Superior Court, Case No. 22CHRO00727

Dear Mr. Moon:

On June 13, 2022, you left five Deposition Subpoenas for Personal Appearance in the Court Counsel drop box. The subpoenas were directed to Judges Lee Arian and Robert Sanchez DuFour, and to Court Counsel Frederick Bennett, Phu Nguyen and Leah Gershon. The subpoenas seek testimony in the above-referenced action, which is a civil harassment restraining order proceeding in which you are the respondent.

The subpoenas directed to Judges Arian and DuFour seek their personal appearance on June 15, 2022 "[a]s a legal expert in the Matters of Vacating, Set-aside and strickening (sic) Dufour's (T.R.O.) Order of April 29, 2022." Judge Arian is presently presiding over this case and Judge DuFour was previously assigned to this case.

The subpoenas directed to Court Counsel Bennett, Nguyen and Gershon seek their personal appearance on June 15, 2022, "[a]s a legal expert in the Matters of Vacating, Set-aside and strickening (sic) Dufour's (T.R.O.) Order of April 29, 2022 . . . and Clients Doreen Beth Boxer pro tem in *Canton v. Moon*, case no. 22STRO00624 not recusing herself as Boxer was never stipulated too! And Dianna Gould-Saltman, Judge in case *Brooks v. Moon,* case no. 21STRO04791 whereas Gould-Saltman never answered or consented to his (sic) disqualification on November 15, 2021 and won't Dismiss the Case with Prejudice, and Douglas W. Stern in case *Whetstone v. Moon*, case no. 21PDUD00319 will not recuse himself and Dismiss the Case with prejudice!!"

For the reasons set forth below, the subpoenas are ineffective and no one will be appearing in response to them.

*Attachment 10 (3) pages*

Adrian Moon, case no. 22CHRO00727
Objections to Subpoenas
June 13, 2022
Page 2 of 3

## Objections to Subpoenas



First, the subpoenas are in violation of a vexatious litigant order entered on May 10, 2018 in Los Angeles Superior Court, case number BD481244. That order amended the previous vexatious litigant order entered against you to preclude you from subpoenaing or conducting any third party discovery against any judicial officers and/or court personnel in any action without first obtaining leave of the presiding judge or his or her designee. That order also required you to pay the mileage and fees for one day of testimony in advance, as required by Government Code sections 68097.1 and/or 68097.2.

The subpoenas are also in violation of a second vexatious litigant order entered on August 24, 2020, in Los Angeles Superior Court, case number BA332095. That order provided:

"The Court hereby finds Defendant Adrian D. Moon is a vexatious litigant and that, accordingly, he shall not seek, nor shall he be issued from the clerk of the court, nor shall he serve, any subpoena or conduct any other discovery upon any third-party . . . in any matter within the Los Angeles Superior Court without first obtaining approval from the Court based on a showing of good cause."

Here, you have neither obtained leave of the presiding judge nor obtained approval from any judicial officer based on a showing of good cause to issue these subpoenas.

Second, you have not tendered sufficient witness as required. Government Code section 68097.2, subdivision (b) requires a $275 witness deposit to be tendered in connection with a subpoena for a trial court employee's testimony. (See also *Nick v. Department of Motor Vehicles* (1993) 12 Cal.App.4th 1407, 1415.) You have not remitted this fee for any of the trial court employees whose testimony you are seeking.

Third, with regard to Judges Arian and DuFour, you have not made any showing, much less the heightened showing, required to compel the attendance of a public official. (See *Deukmejian v. Superior Court* (1983) 143 Cal. App. 3d 632, 633 ["[A] busy public official should not be required to give evidence in his or her official capacity in the absence of 'compelling reasons'"]; *Westly v. Superior Court* (2004) 125 Cal. App. 4th 907 [Three-pronged test to compel the attendance of a public official requires that he or she has "direct personal factual information," "information that is directly relevant to material issues," and "information which cannot be obtained from any other source"].)

Finally, the subpoenas are improper because they are not reasonably calculated to lead to the discovery of evidence relevant to this restraining order proceeding between you and a private party. You have not set forth any basis as to how or why any of the subpoenaed persons can provide any testimony relevant to this dispute.

Adrian Moon, case no. 22CHRO00727
Objections to Subpoenas
June 13, 2022
Page 3 of 3

For the foregoing reasons, no judge or trial court employee will appear on June 15, 2022 in response to your subpoenas.

Sincerely,

Leah C. Gershon
Court Counsel

VICTIM MOON'S REPLY TO DEFENDANT GERSHON, ARIAN'S OBJECTIONS

① There is no Vexatious Litigant Motion filed by Defendants Gershon and Arian in this case!

② Fees are waived in this case!

③ Bench officers Dufour and Arian are Defendants in this case and are Material Witnesses as well!

④ Depositions are taken to Discover relevant evidence of the criminal conspiracy (Penal Code § 182 (a-e) of Defendants Arian, Dufour Moore, Darden et. al.

A. D. Moon
6/16/2022

SUBP-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ADRIAN D. MOON<br>955 NORTH LAKE AVE<br>PASADENA CA 91104<br><br>TELEPHONE NO.: (626) 360-9896    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: adriandaredeemer@gmail.com<br>ATTORNEY FOR *(Name)*: Respondent-Victim | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 17 2022**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Vahui Vicky Petoyan |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 9425 PENFIELD AVE |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: CHATSWORTH CA 91311 |
| BRANCH NAME: NORTH VALLEY DISTRICT |

| PLAINTIFF/PETITIONER: CHRISTOPHER ALLEN DARDEN |
|---|
| DEFENDANT/RESPONDENT: ADRIAN D. MOON |

| DEPOSITION SUBPOENA<br>FOR PERSONAL APPEARANCE | CASE NUMBER:<br>22CHRO00727 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:
TRACI GRUNDLAND DETECTIVE OF L.A.P.D.   100 W. 1ST STREET L.A. CA 90012   (213) 978-7750

1.  **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

    | Date: JUNE 29, 2022 | Time: 8:30 a.m. | Address: 9425 Penfield ave Dept. F-46. Chatsworth Ca 91311 |
    |---|---|---|

    a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

    b. ☒ This deposition will be recorded stenographically   ☒ through the instant visual display of testimony
    and by ☑ audiotape   ☒ videotape.

    c. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2.  ☒ If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

    matters regarding Criminal Complaints L.A.P.D. # 22-1708089 AND 22-1708092 AND THIS INSTANT CASE.

3.  *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued:  JUN 17 2022

V. PETOYAN
(TYPE OR PRINT NAME)

Sherri R. Carter

▶

(SIGNATURE OF PERSON ISSUING SUBPOENA)
CSA 3
(TITLE)

*(Proof of service on reverse)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-015 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA
FOR PERSONAL APPEARANCE**

Code of Civil Procedure §§ 2020.310,
2025.220, 2025.230, 2025.250, 2025.620
Government Code, § 68097.1
www.courts.ca.gov

SUBP-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ADRIAN D. MOON<br>955 NORTH LAKE AVE<br>PASADENA CA 91104<br><br>TELEPHONE NO.: (626) 360-9896          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* adriandaredeemer@gmail.com<br>ATTORNEY FOR *(Name):* Respondent-Victim | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 17 2022**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Vahui Vicky Petoyan |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 PENFIELD AVE
MAILING ADDRESS:
CITY AND ZIP CODE: CHATSWORTH CA 91311
BRANCH NAME: NORTH VALLEY DISTRICT

PLAINTIFF/PETITIONER: CHRISTOPHER ALLEN DARDEN
DEFENDANT/RESPONDENT: ADRIAN D. MOON

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE** | CASE NUMBER:<br>22CHRO00727 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
ROBERT SANCHEZ DUFOUR   9425 PENFIELD AVE DEPT. F-48, Chatsworth CA 91311   ( 818) 407-2294

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

   | Date: JUNE 29, 2022 | Time: 8:30 a.m. | Address: 9425 Penfield ave Dept. F-46. Chatsworth Ca 91311 |
   |---|---|---|

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

   b. ☒ This deposition will be recorded stenographically      ☒ through the instant visual display of testimony
   and by ☑ audiotape      ☒ videotape.

   c. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. ☒ If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

   matters regarding Criminal Complaints L.A.P.D. # 22-1708089 AND 22-1708092 AND THIS INSTANT CASE.

3. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: JUN 17 2022

V. PETOYAN
(TYPE OR PRINT NAME)          Sherri R. Carter

_____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

CSA 3
(TITLE)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-015 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA**
**FOR PERSONAL APPEARANCE**

Code of Civil Procedure §§ 2020.310,<br>2025.220, 2025.230, 2025.250, 2025.620<br>Government Code, § 68097.1<br>www.courts.ca.gov

**SUBP-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ADRIAN D. MOON<br>955 NORTH LAKE AVE<br>PASADENA CA 91104<br><br>TELEPHONE NO.: (626) 360-9896     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* adriandaredeemer@gmail.com<br>ATTORNEY FOR *(Name):* Respondent-Victim | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 17 2022**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Vahui Vicky Petoyan |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 9425 PENFIELD AVE |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: CHATSWORTH CA 91311 |
| BRANCH NAME: NORTH VALLEY DISTRICT |

| PLAINTIFF/PETITIONER: CHRISTOPHER ALLEN DARDEN |
|---|
| DEFENDANT/RESPONDENT: ADRIAN D. MOON |

| DEPOSITION SUBPOENA<br>FOR PERSONAL APPEARANCE | CASE NUMBER:<br>22CHRO00727 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
MICHAEL MOORE, CHIEF OF L.A.P.D.   100 W. 1ST STREET L.A. CA 90012   (213) 978-7750

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

| Date: JUNE 29, 2022 | Time: 8:30 a.m. | Address: 9425 Penfield ave Dept. F-46. Chatsworth Ca 91311 |
|---|---|---|

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

   b. ☒ This deposition will be recorded stenographically    ☒ through the instant visual display of testimony
       and by ☑ audiotape    ☒ videotape.

   c. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. ☒ If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

   matters regarding Criminal Complaints L.A.P.D. # 22-1708089 AND 22-1708092 AND THIS INSTANT CASE.

3. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued: **JUN 17 2022**

**V. PETOYAN**
(TYPE OR PRINT NAME)

Sherri R. Carter

(Proof of service on reverse)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

C8A3
(TITLE)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-015 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA**
**FOR PERSONAL APPEARANCE**

Code of Civil Procedure §§ 2020.310,<br>2025.220, 2025.230, 2025.250, 2025.620<br>Government Code, § 68097.1<br>www.courts.ca.gov

SUBP-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ADRIAN D. MOON<br>955 NORTH LAKE AVE<br>PASADENA CA 91104<br><br>TELEPHONE NO.: (626) 360-9896   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: adriandaredeemer@gmail.com<br>ATTORNEY FOR *(Name)*: Respondent-Victim | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 17 2022**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Vahui Vicky Petoyan |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 9425 PENFIELD AVE |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: CHATSWORTH CA 91311 |
| BRANCH NAME: NORTH VALLEY DISTRICT |

| PLAINTIFF/PETITIONER: CHRISTOPHER ALLEN DARDEN |
|---|
| DEFENDANT/RESPONDENT: ADRIAN D. MOON |

| DEPOSITION SUBPOENA<br>FOR PERSONAL APPEARANCE | CASE NUMBER:<br>22CHRO00727 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known)*:
PHU NGUYEN   111 NORTH HILL STREET #546 L.A. CA 90012   (213) 633-5804

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

   | Date: JUNE 29, 2022 | Time: 8:30 a.m. | Address: 9425 Penfield ave Dept. F-46. Chatsworth Ca 91311 |
   |---|---|---|

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

   b. ☒ This deposition will be recorded stenographically   ☒ through the instant visual display of testimony
   and by ☑ audiotape   ☒ videotape.

   c. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. ☒ If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

   matters regarding Criminal Complaints L.A.P.D. # 22-1708089 AND 22-1708092 AND THIS INSTANT CASE.

3. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: JUN 17 2022

V. PETOYAN
_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PERSON ISSUING SUBPOENA)

Sherri R. Carter                         CSA3
_____
(TITLE)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-015 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA
FOR PERSONAL APPEARANCE**

Code of Civil Procedure §§ 2020.310,
2025.220, 2025.230, 2025.250, 2025.620
Government Code, § 68097.1
www.courts.ca.gov

SUBP-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ADRIAN D. MOON<br>955 NORTH LAKE AVE<br>PASADENA CA 91104 | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>**Superior Court of California**<br>**County of Los Angeles** |

TELEPHONE NO.: (626) 360-9896          FAX NO. (Optional):

E-MAIL ADDRESS (Optional): adriandaredeemer@gmail.com

ATTORNEY FOR (Name): Respondent-Victim

**JUN 17 2022**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy

Vahui Vicky Petoyan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 9425 PENFIELD AVE

MAILING ADDRESS:

CITY AND ZIP CODE: CHATSWORTH CA 91311

BRANCH NAME: NORTH VALLEY DISTRICT

PLAINTIFF/PETITIONER: CHRISTOPHER ALLEN DARDEN

DEFENDANT/RESPONDENT: ADRIAN D. MOON

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE** | CASE NUMBER:<br>22CHRO00727 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of deponent, if known):

FREDERICK BENNETT 111 NORTH HILL STREET #546 L.A. CA 90012   (213) 633-5804

1.  **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

> Date: JUNE 29, 2022          Time: 8:30 a.m.          Address: 9425 Penfield ave Dept. F-46. Chatsworth Ca 91311

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

   b. ☒ This deposition will be recorded stenographically   ☒ through the instant visual display of testimony

      and by ☑ audiotape   ☒ videotape.

   c. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2.  ☒ If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

> matters regarding Criminal Complaints L.A.P.D. # 22-1708089 AND 22-1708092 AND THIS INSTANT CASE.

3.  *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

> **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: JUN 17 2022

V. PETOYAN

(TYPE OR PRINT NAME) Sherri R. Carter

(Proof of service on reverse)

▶

(SIGNATURE OF PERSON ISSUING SUBPOENA)

CSA3

(TITLE)

Page 1 of 2

**SUBP-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>ADRIAN D. MOON<br>955 NORTH LAKE AVE<br>PASADENA CA 91104<br><br>TELEPHONE NO.: (626) 360-9896    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* adriandaredeemer@gmail.com<br>ATTORNEY FOR *(Name):* Respondent-Victim | **FOR COURT USE ONLY**<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 17 2022**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Vanui Vicky Petoyan |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 PENFIELD AVE
MAILING ADDRESS:
CITY AND ZIP CODE: CHATSWORTH CA 91311
BRANCH NAME: NORTH VALLEY DISTRICT

PLAINTIFF/PETITIONER: CHRISTOPHER ALLEN DARDEN

DEFENDANT/RESPONDENT: ADRIAN D. MOON

| | |
|---|---|
| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE** | CASE NUMBER:<br>22CHRO00727 |

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
LEAH GERSHON 111 NORTH HILL STREET #546 L.A. CA 90012   (213) 633-5804

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

   | Date: JUNE 29, 2022 | Time: 8:30 a.m. | Address: 9425 Penfield ave Dept. F-46. Chatsworth Ca 91311 |
   |---|---|---|

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

   b. ☒ This deposition will be recorded stenographically    ☒ through the instant visual display of testimony
   and by ☑ audiotape    ☒ videotape.

   c. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. ☒ If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

   matters regarding Criminal Complaints L.A.P.D. # 22-1708089 AND 22-1708092 AND THIS INSTANT CASE.

3. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: JUN 17
V. PETOYAN
(TYPE OR PRINT NAME)    Sherri R. Carter
                        (Proof of service on reverse)

► _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

C843
(TITLE)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-015 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA**
**FOR PERSONAL APPEARANCE**

Code of Civil Procedure §§ 2020.310,<br>2025.220, 2025.230, 2025.250, 2025.620<br>Government Code, § 68097.1<br>www.courts.ca.gov

SUBP-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ADRIAN D. MOON<br>955 NORTH LAKE AVE<br>PASADENA CA 91104<br><br>TELEPHONE NO.: (626) 360-9896    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* adriandaredeemer@gmail.com<br>ATTORNEY FOR *(Name):* Respondent-Victim | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 17 2022**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Vanui Vicky Petoyan |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 9425 PENFIELD AVE |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: CHATSWORTH CA 91311 |
| BRANCH NAME: NORTH VALLEY DISTRICT |

| PLAINTIFF/PETITIONER: CHRISTOPHER ALLEN DARDEN |
|---|
| DEFENDANT/RESPONDENT: ADRIAN D. MOON |

| DEPOSITION SUBPOENA<br>FOR PERSONAL APPEARANCE | CASE NUMBER:<br>22CHRO00727 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
LEE S. ARIAN   9425 PENFIELD AVE DEPT. F-46, Chatsworth CA 91311   ( 818) 407-2295

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

| Date: JUNE 29, 2022 | Time: 8:30 a.m. | Address: 9425 Penfield ave Dept. F-46. Chatsworth Ca 91311 |
|---|---|---|

  a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

  b. ☒ This deposition will be recorded stenographically   ☒ through the instant visual display of testimony
     and by ☑ audiotape   ☒ videotape.

  c. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. ☒ If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

   matters regarding Criminal Complaints L.A.P.D. # 22-1708089 AND 22-1708092 AND THIS INSTANT CASE.

3. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: **JUN 17 2022**

**V. PETOYAN**
(TYPE OR PRINT NAME) Sherri R. Carter

► _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

CSA 3
(TITLE)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-015 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA**
**FOR PERSONAL APPEARANCE**

Code of Civil Procedure §§ 2020.310,
2025.220, 2025.230, 2025.250, 2025.620
Government Code, § 68097.1
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles 6/8/2022 7:55 PM Sherri R. Carter, Executive Officer/Clerk, By C. Davila, Deputy Clerk

Assigned for all purposes to: Patricia A. Young, (Department, ST13).

## WV-100    Petition for Workplace Violence Restraining Orders

Clerk stamps date here when form is filed.

Read *How Do I Get an Order to Prohibit Workplace Violence (Form WV-100-INFO)* before completing this form. **NOTE: Petitioner must be an employer with standing to bring this action under Code of Civil Procedure section 527.8.** Also fill out *Confidential CLETS Information (Form CLETS-001)* with as much information as you know.

**(1) Petitioner (Employer)**

  a.  Name: COUNTY OF LOS ANGELES

    is a    ☐ corporation     ☐ sole proprietorship

    ☒ *(specify):* GOVERNMENT ENTITY

    and is filing this suit on behalf of the employee identified in item **(2)**.

  b.  Lawyer for Petitioner *(if any for this case):*
    Name: KENT M. SOMMER      State Bar No.: 262832
    Firm Name: OFFICE OF THE COUNTY COUNSEL

Petitioner's Address *(if the petitioner has a lawyer, give the lawyer's information):*

  c.  Address: 500 WEST TEMPLE STREET, SUITE 648
    City: LOS ANGELES      State: CA   Zip: 90012
    Telephone: (213) 787-0361      Fax: (213) 626-5578
    E-Mail Address: ksommer@counsel.lacounty.gov

*Fill in court name and street address:*

**Superior Court of California, County of**
**LOS ANGELES**
Stanley Mosk Courthouse
111 NORTH HILL STREET
LOS ANGELES, CA 90012

*Court fills in case number when form is filed.*

**Case Number:**
22STRO03447

**(2) Employee in Need of Protection**

Full Name: Kathryn Barger

Sex: ☐ M   ☒ F     Age: _____

**(3) Respondent (Person From Whom Protection Is Sought)**

Full Name: Adrian Moon             Age: 61

Address *(if known):* 955 North Lake Avenue

City: Pasadena           State: CA   Zip: 91104

**(4) Additional Protected Persons**

  a.  Are you asking for protection for any family or household members of the employee or for any other employees at the employee's workplace or at other workplaces of the petitioner?

    ☐ Yes   ☐ No     *(If yes, list them):*

| Full Name | Sex | Age | Household Member? | Relationship to Employee |
|---|---|---|---|---|
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

  ☐ Additional protected persons are listed in Attachment 4a.

### This is not a Court Order.

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9

**Petition for Workplace Violence Restraining Orders**
(Workplace Violence Prevention)

WV-100, Page 1 of 6
→



*Motion 11   (125) pages*

Case Number:

b.  Why do these people need protection? *(Explain):*
   ☒ Response is stated in Attachment 4b.
   See attached declarations.

---

## ⑤ Relationship of Employee and Respondent

a.  How does the employee know the respondent? *(Describe):*    ☐ Response is stated in Attachment 5a.
   Employee does not know Respondent. Respondent is stalking and fixated on Employee as Employee is
   Supervisor of the 5th District of Los Angeles County.

b.  Respondent ☐ is  ☒ is not  a current employee of petitioner. *(Explain any decision to retain, terminate, or otherwise discipline the respondent):*    ☐ Response is stated in Attachment 5b.

---

## ⑥ Venue

Why are you filing in this county? *(Check all that apply):*
a.  ☒ The respondent lives in this county.

b.  ☒ The respondent has caused physical or emotional injury to the petitioner's employee in this county.

c.  ☒ Other *(specify):* Petitioner fears the actions of Respondent will escalate to violence or worse.

---

## ⑦ Other Court Cases

a.  Has the employee or any of the persons named in ④ been involved in another court case with the respondent?

☒ No  ☐ Yes  *If yes, check each kind of case and indicate where and when each was filed:*

| | Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(if known)* |
|---|---|---|---|---|
| (1) ☐ | Workplace Violence | | | |
| (2) ☐ | Civil Harassment | | | |
| (3) ☐ | Domestic Violence | | | |
| (4) ☐ | Divorce, Nullity, Legal Separation | | | |
| (5) ☐ | Paternity, Parentage, Child Support | | | |
| (6) ☐ | Eviction | | | |
| (7) ☐ | Guardianship | | | |
| (8) ☐ | Small Claims | | | |
| (9) ☐ | Postsecondary School Violence | | | |
| (10) ☐ | Criminal | | | |
| (11) ☐ | Other *(specify):* | | | |

b.  Are there now any restraining orders or criminal protective orders in effect relating to the employee or any of the persons in ④ and the respondent? ☒ No  ☐ Yes  *(If yes, attach a copy if you have one.)*

**This is not a Court Order.**

Case Number:

## (8) Description of Respondent's Conduct

a. Respondent has *(check one or more)*:

    (1) ☒ Assaulted, battered, or stalked the employee

    (2) ☒ Made a credible threat of violence against the employee by making knowing or willful statements or engaging in a course of conduct that would place a reasonable person in fear for his or her safety or the safety of his or her immediate family.

b. One or more of these acts *(check either or both)*:

    (1) ☒ Took place at the employee's workplace

    (2) ☒ Can reasonably be construed to be carried out in the future at the employee's workplace

    Address of workplace: Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012

c. Describe what happened. *(Provide details; include the dates of all incidents beginning with the most recent; tell who did what to whom; identify any witnesses)*:

    ☐ Response is stated in Attachment 8c.

    On April 16, 2022, Adrian Moon came to the residence of the of the petitioner in order to serve papers related to court case "Adrian Moon vs. Satan the Devil (People of California )." Superior Court Case No. BA332095 and BA362256. Mr. Moon also attempted to make a citizen's arrest on the petitioner (Supervisor Barger).

    See attached declarations from Kent M. Sommer detailing Mr. Moon's lengthy history with law enforcement as well as other recent restraining orders filed against him. Also included is Supervisor Barger's declaration detailing her concern and fear for her safety given the recent actions by Mr. Moon.

d. Was the employee harmed or injured?    ☐ Yes ☒ No *(If yes, describe harm or injuries)*:

    ☐ Response is stated in Attachment 8d.

e. Did the respondent use or threaten to use a gun or any other weapon?    ☐ Yes ☒ No *(If yes, describe)*:

    ☐ Response is stated in Attachment 8e.

**This is not a Court Order.**



Case Number: _____

f.  For any of the incidents described above, did the police come?  ☒ Yes  ☐ No  ☐ I don't know

If yes, did the employee or the respondent receive an Emergency Protective Order?

☐ Yes  ☒ No  ☐ I don't know

*If yes:* The order protects *(check all that apply):*

(1) ☐  The employee.  (2) ☐  The respondent.    c. ☐  One or more of the persons in ④.

*Attach a copy of the order if you have one.*

## Check the orders you want  ☑

⑨  ☒ **Personal Conduct Orders**

I ask the court to order the respondent **not** to do any of the following things to the employee or to any person to be protected listed in ④:

a.  ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b.  ☒ Commit acts of unlawful violence on or make threats of violence to the person.

c.  ☒ Follow or stalk the person during work hours or to or from the place of work.

d.  ☒ Contact the person, either directly or indirectly, by **any** means, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

e.  ☒ Enter the person's workplace.

f.  ☒ Other *(specify):*
☐ As stated in Attachment 9f.
Stay away from the personal residence of Supervisor Barger. _____
_____
_____
_____

*The respondent will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

⑩  **Stay-Away Order**

a.  I ask the court to order the respondent to stay at least ____100____ yards away from *(check all that apply):*

(1) ☒ The employee                      (8) ☒ The employee's vehicle

(2) ☐ The other persons listed in ④     (9) ☐ Other *(specify):*

(3) ☒ The employee's workplace          _____

(4) ☒ The employee's home               _____

(5) ☐ The employee's school             _____

(6) ☐ The school of the employee's      _____
children

(7) ☐ The place of child care of the employee's
children

**This is not a Court Order.**

Case Number:

b. If the court orders the respondent to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?          ☒ Yes  ☐ No   *(If no, explain):*

☐ Response is stated on Attachment 10b.

_____
_____

### (11) Guns or Other Firearms and Ammunition

Does the respondent own or possess any guns or other firearms?          ☐ Yes  ☐ No  ☒ I don't know

*If the judge grants a protective order, the respondent will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive a gun, other firearm, and ammunition while the protective order is in effect. The respondent will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any guns or firearms within his or her immediate possession or control.*

### (12) Request for Immediate Orders Without Notice

Do you want the court to make any of these orders now that will last until the hearing without notice to the respondent?     ☒ Yes  ☐ No   *(If you answered yes, explain why):*

☐ Response is stated on Attachment 12.

Petitioner fears that the actions of Respondent will escalate to violence or worse.
_____
_____
_____
_____

### (13) ☒ Request for Less Than Five Days' Notice

*You must have your papers personally served on the respondent at least five days before the hearing, unless the court orders a shorter time for service. (Form WV-200-INFO explains what is proof of personal service. Form WV-200, Proof of Personal Service, may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why:

☐ Response is stated in Attachment 13.

Mr. Moon in homeless and is difficult to locate. _____
_____
_____
_____

### (14) ☒ No Fee for Filing

I ask that there be no filing fee because the respondent has threatened violence against the employee, or stalked the employee, or acted or spoken in a manner that has placed the employee in reasonable fear of violence.

**This is not a Court Order.**

**Petition for Workplace Violence Restraining Orders**
(Workplace Violence Prevention)

Case Number:

(15) ☐ **No Fee to Serve Orders**

I ask the court to order the sheriff or marshal to serve the respondent with the others for free because this request for orders is based on a credible threat of violence or stalking.

(16) ☐ **Court Costs**

I ask the court to order the respondent to pay my court costs.

(17) ☐ **Additional Orders Requested**

I ask the court to make the following additional orders *(specify)*:

☐ Additional orders requested are stated in Attachment 17.

_____
_____
_____
_____
_____
_____
_____
_____

(18) Number of pages attached to this form, if any: **124**

Date: **6/8/2022**

KENT M. SOMMER
*Lawyer's name (if any)*

▶ *Kent Sommer*
*Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: **6/8/2022**

KENT M. SOMMER FOR COUNTY OF LA
*Name of petitioner*

▶ *Kent Sommer*
*Signature*

DEPUTY COUNTY COUNSEL
*Title*

**This is not a Court Order.**

**Petition for Workplace Violence Restraining Orders**
(Workplace Violence Prevention)

**DECLARATION OF SUPERVISOR KATHRYN BARGER**

I, KATHRYN BARGER, declare as follows:

1.     I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.     I am the elected official and Supervisor for the Los Angeles County's 5th Supervisorial District.

3.     On April 16, 2022, Adrien Moon came to my residence to serve me with papers related to the court case, "Adrian Moon vs. Satan the Devil (People of California)." Superior Court of California Case No. BA332095 and BA362256.

4.     Mr. Moon intended to not only serve me with the paperwork but he also wanted to perform a citizen's arrest of me.

5.     In the court document Mr. Moon refers to himself as "daredeemer" and "chosen one, begotten Son of the Almighty Creator."

6.     I have never given my home address to Mr. Moon.

7.     I am greatly concerned for my safety. After reading the court documents I am concerned about the mental well-being of Mr. Moon. I am aware of his stalking behavior and actions towards other individuals and that they too have sought restraining orders in order to protect themselves from Mr. Moon. I too believe that a restraining order is needed in order to ensure my safety.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 11 , 2022, at Los Angeles , California.

_____
SUPERVISOR KATHRYN BARGER

HOA.103668945.1

**DECLARATION OF KENT M. SOMMER**

I, KENT M. SOMMER, declare as follows:

1.      I am a lawyer duly admitted to practice before this Court. I am a Deputy County Counsel in the County of Los Angeles Office of the County Counsel, lawyers of record for the Petitioner, County of Los Angeles. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.      Mr. Moon has a lengthy history with the legal system, both criminal and civil. On April 1, 2008, the Superior Court of Los Angeles declared Mr. Moon a vexatious litigant.

Attached as Exhibit 1 to this declaration is a true and correct copy of an order and decision from Superior Court of California, County of Los Angeles Case No. 21PDRO00316.

3.      As of 5/1/2022, Mr. Moon is still considered vexatious litigant by the Los Angeles Superior Court.

Attached as Exhibit 2 to this declaration is a true and correct copy of California Courts Vexatious Litigants List as of May 1, 2022.

4.      On March 23, 2009, Mr. Moon was arrested for domestic violence. On August 13, 2009, he was arrested for forgery. In September 2010, he was sentenced to 200 months prison. He was released in 2018.

Attached as Exhibit 3 to this declaration is a true and correct copy of Mr. Moon's CLETS criminal record.

5.      On September 6, 2018, September 17, 2019, November 20, 2019, and January 10, 2020 he was arrested for parole violations. See Exhibit 3.

6.      In August 2018, Adrian Moon sent thirteen (13) emails over the course of two days to Cindy Delgado at the 5th District of the Board of Supervisors. On August 8, 2018, Mr. Moon came to the Hall of Administration ("HOA") to discuss the complaints detailed in his emails, despite being told not to come to the HOA. As noted in the Incident Report, "[Mr. Moon's] actions and persistence have caused I/Delgado and the rest of the 5th District to be alarmed."

HOA.103695208.1

Attached as Exhibit 4 to this declaration is a true and correct copy of the County of Los Angeles Sheriff's Department Incident Report for the August 8, 2018, incident.

7.    Mr. Moon violated the order deeming him a vexatious litigant on at least one occasion when he attempted to subpoena Supervisor Kathryn Barger in November 2021.

Attached as Exhibit 5 to this declaration is a true and correct copy of a letter from the law firm Lawrence Beach to Mr. Moon on November 5, 2021, detailing Mr. Moon's attempt to subpoena Sup. Barger and that it is a clear violation of a court order.

8.    On April 16, 2022, Mr. Moon went to Sup. Barger's residence and attempted to serve her with papers related to the lawsuit, "Adrian D. Moon vs. Satan the Devil (People of California)," Superior Court of California Case No. BA332095 and BA362256. Mr. Moon also wanted place Sup. Barger under citizen's arrest.

Attached as Exhibit 6 to this declaration is a true and correct copy of the April 16, 2022, San Marino Police Department report.

9.    In the court filing, Mr. Moon refers to himself as "daredeemer" as well as "begotten Son of the Almighty Creator EL ELYON in the Mighty Name of Yeshua Jesus Christ the Messiah."

Attached as Exhibit 7 to this declaration is a true and correct copy of Superior Court of California Case No. BA332095 and BA362256: Adrian D. Moon vs. Satan the Devil (People of California).

10.    The papers have handwritten notes at the top which includes Sup. Barger's license plate number and a description of her County issued vehicle. Mr. Moon has thus conducted surveillance on Sup. Barger and is stalking her. See Exhibit 7.

11.    On April 28, 2022, Mr. Moon again went to the San Marino Police Department to again request assistance placing Sup. Barger under citizen's arrest. Mr. Moon said that he was falsely imprisoned from 2009-2018 and he blames Sup. Barger for his arrest.

Attached as Exhibit 8 to this declaration is a true and correct copy of the April 29, 2022, San Marino Police Department report.

HOA.103695208.1                                    -2-

12. In the past month, three other individuals have obtained a restraining order against Mr. Moon. Two of the individuals were fraud victims of Mr. Moon and the third individual was an attorney that represented Mr. Moon in a prior action many years ago.

Attached as Exhibit 9 to this declaration is a true and correct copy of the filings and orders granting the restraining orders against Mr. Moon.

13. All three individuals were harassed by Mr. Moon and are concerned for their safety. See Exhibit 9.

14. Mr. Moon demonstrated a similar pattern and behavior towards those individuals as he has towards Sup. Barger. He has fixated on Sup. Barger and resorted to stalking her and seeking her out at her home. As noted in her own declaration, Sup. Barger is also concerned for her safety given the recent actions taken by Mr. Moon and that he has sought her out at her home. See Declaration of Supervisor Barger, included with this petition.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 8 , 2022, at _____ Los Angeles _____, California.

_Kent Sommer_
**KENT M. SOMMER, ESQ.**

Exhibit 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Family Division
Stanley Mosk Dept. - 1,

21PDRO00316
Moon, Adrian D.
vs
Whetstone, Leah

April 29, 2021
8:30 AM

Honorable David J. Cowan, Judge

Lorena Albino, Judicial Assistant

Marisa Charette(#14384), Court
Reporter

**NATURE OF PROCEEDINGS:**  Order to Show Cause Hearing Re Why 21PDRO00316 Should Not Be Dismissed for Mr. Moon's Failure to Obtain a Prefiling Order; Hearing on Application for Order to Vacate Prefiling Order

The following parties are present for the aforementioned proceeding:

No Appearances

The matter is called for hearing.

BACKGROUND

On April 1, 2008, Judge Mary Ann Murphy formally declared Adrian Moon (aka A.D. Moon, aka Adrian D. Moon, aka Adrian Damico Moon, aka Kaavon Moon, aka Damico Lott, aka A D Moon Company, aka A D Moon Co., aka A D Moon Construction Company, aka A D Moon Construction Co.) a vexatious litigant in Los Angeles Superior Court case no. BC340942, A D Moon v. Warren Cade, et al., and issued a prefiling order under CCP § 391.7 requiring Moon to obtain the permission of the presiding judge to file new litigation.

On April 12, 2021, Moon filed a Request for Civil Harassment Restraining Orders against Leah Whetstone, LASC case no. 21PDRO00316, Adrian D. Moon v. Leah Whetstone, pending in the Pasadena Courthouse. Moon did not obtain the permission of the presiding judge before filing the restraining order case.

On April 13, 2021, Moon filed a Request to File New Litigation seeking permission to file a small claims action against his landlord, Leah Whetstone, and Dorothea L. Brooks. Later that day, Moon filed a Supplement to his Request to File New Litigation, attaching a copy of a Temporary Restraining Order against Whetstone dated April 13, 2021 from 21PDRO00316.

On April 15, 2021, Moon filed an Ex Parte Application on April 15, 2021 seeking "an immediate notice and ruling on the emergency motions be rendered today, April 16, 2021, GRANTING the request to file the small claims action."

On April 16, 2021, Department 1 denied the Request to File New Litigation as Moon had not shown the proposed action had merit and was not being filed for purposes of harassment or delay. Department 1 denied the

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Family Division
### Stanley Mosk Dept. - 1,

21PDRO00316
Moon, Adrian D.
vs
Whetstone, Leah

April 29, 2021
8:30 AM

Ex Parte Application for the same relief, finding no exigency was shown. Department 1 issued an Order to Show Cause re: why 21PDRO00316 should not be dismissed for Moon's failure to obtain permission to file new litigation. After the hearing, Moon filed an Ex Parte Application to disqualify the undersigned under CCP sec. 170.6 for bias and to reverse the April 16 Order.

On April 19, 2021, the undersigned issued an Order Denying Peremptory Challenge and Striking Statement of Disqualification and Verified Answer, concluding the peremptory challenge was untimely and did not present legal grounds for disqualification. Thereafter, Moon filed an ex parte application to appoint Judge Kevin C. Brazile to determine disqualification.

On April 20, 2021, Department 1 denied Moon's ex parte application to appoint Judge Brazile to determine issues of disqualification.

On April 21, 2021, Moon filed an Ex Parte Application for Order of Arrest Warrant of Defendant Leah Whetstone for Contempt of Court Order (T.R.O.). Moon filed the Application in restraining order case 21PDRO00316.

On April 22, 2021, Department 1 denied Moon's ex parte application to arrest Whetstone, finding no proof of service of the application on Whetstone and explaining that restraining order case 21PDRO00316 is stayed pending discharge of the OSC re: dismissal for Moon's failure to obtain permission to file that case. Later that day, Moon submitted an Ex Parte Application to Vacate Prefiling Order and Remove Petitioner from Vexatious Litigant List. The Court declined to determine the matter on an ex parte basis and scheduled a hearing for April 29, 2021.

On April 26, 2021, Moon submitted a Supplement in Support of Ex Parte Application and Plaintiff's Response to O.S.C. Dated April 29, 2021 in Department 1.

On April 28, 2021, Moon submitted an Ex Parte Application to Effectuate the Immediate Arrests of Defendants Pursuant to a Private Citizens Arrest.

DISCUSSION

Order to Show Cause Re: Dismissal of 21PDRO00316

A vexatious litigant subject to a prefiling order under CCP sec. 391.7 may not "fil[e] any new litigation in the courts of this state in propria persona without first obtaining leave of the . . . presiding judge of the court where the litigation is proposed to be filed." (CCP sec. 391.7(a).) The "presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Family Division

Stanley Mosk Dept. - 1,

21PDRO00316

Moon, Adrian D.

vs

Whetstone, Leah

April 29, 2021

8:30 AM

delay." In Los Angeles Superior Court, the presiding judge has designated the supervising judge of the civil division (sitting in Dept. 1) to exercise this authority and responsibility. (See CCP § 391.7(e).)

On April 16, 2021, Department 1 scheduled an OSC re: why 21PDRO00316 should not be dismissed for Moon's failure to obtain permission to file new litigation, as was required due to his prefiling order. The Court explained that it will "discharge the OSC and retroactively permit the case to continue if Moon can show the application for a restraining order has merit and is not being filed for the purposes of harassment or delay—the same standard which would apply if Moon had sought permission to file the restraining order case in the first place." The Court indicated that any response must be filed at least five days before the hearing on April 29, 2021.

Moon did not file a timely response to the OSC—Moon's response (1) was not actually filed but incorrectly submitted to Department 26 of the Stanley Mosk courthouse, and (2) is untimely as it appears to have been submitted on April 25, 2021, less than five days before the April 29, 2021 hearing.

Regardless, the late-filed response does not establish grounds to grant permission to continue litigating the case. Moon's Response contains (1) a copy of an "Ex Parte Application for Order to Shorten Time to Hear T.R.O. dated May 11, 2021 to April 26, 2021 and to Consolidate Related Case No. 21PDRO00316 et al."; (2) an ex parte application to file new litigation seeking permission to file a small claims action, submitted to Department 1 on April 22, 2021; (3) a "Complaint About a California Judge, Court Commissioner or Referee" to the Commission on Judicial Performance dated April 22 and 23, 2021 regarding the undersigned and Judge Elaine Lu; (4) an ex parte application for the undersigned to submit to a mental health examination; (5) a copy of an affidavit dated April 20, 2021 wherein Moon appears to attempt to conduct a private citizen's arrest; (6) a copy of the April 23, 2021 Order denying the ex parte application to file the small claims action; (7) a copy of Judge Lu's April 23, 2021 Order denying Moon's Application to Vacate Prefiling Order; (8) a supplement in support of the Ex Parte Application for Order to Shorten Time to Hear T.R.O.; (9) a copy of Department 1's April 22, 2021 Order denying an ex parte application to arrest Whetstone for violation of a restraining order; and (10) a copy of a proposed order granting an ex parte application to shorten time for a hearing in 21PDRO00316.

None of the foregoing show any merit to Moon's contentions that he was harassed sexually or otherwise by Whetstone. The attachments largely consist of prior submissions by Moon which the Court has already considered and rejected—which themselves were not supported by any evidence other than Moon's allegations, which were not credible for the reasons set forth in this ruling and prior rulings. (See, e.g., Exh. 5 (affidavit of private citizen's arrest of the undersigned for "attempted murder, domestic terrorism, criminal conspiracy, profit racketeering, grand theft, kidnapping for ransom" and promising representation by a "Public Pretender")) The remaining documents are irrelevant to the merits of restraining order case 21PDRO00316. For example, in Moon's Supplement (Exhibit 8 above), he alleges Whetstone and Brooks "committed several counts of perjury" by filing restraining order case 21PDRO00337 and obtaining fee waivers therein—which has nothing to do with whether Whetstone ever harassed him or any other grounds for imposing a restraining order. Moon's continued

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
### Stanley Mosk Dept. - 1,

21PDRO00316
Moon, Adrian D.
vs
Whetstone, Leah

April 29, 2021
8:30 AM

assertions of harassment in Exhibit 1 are unsupported by any evidence and do not establish the merits of the restraining order case.

Restraining order case 21PDRO00316 is therefore automatically dismissed without prejudice for failure to obtain permission to continue litigating. (CCP § 391.7(c)) There is no evidence from which the Court could conclude the restraining order case has any merit.

Application to Vacate Prefiling Order and Remove Petitioner from Vexatious Litigant List

Pursuant to CCP § 391.8, a vexatious litigant subject to a pre-filing order under CCP § 391.7 may file an application to vacate the pre-filing order and remove his or her name from the Judicial Council's list of vexatious litigants subject to pre-filing orders. (CCP § 391.8(a).) The application shall be made before the judge who entered the order if that judge is available. (CCP § 391.8(a).) The pre-filing order may be vacated and removal of a vexatious litigant's name from the Judicial Council's list of vexatious litigants may be ordered only upon a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order. (CCP § 391.8(c).)

Thus, while a vexatious litigant determination may be erasable, erasure requires substantial evidence that the vexatious litigant has mended his or her ways or conduct. (Luckett v. Panos (2008) 161 Cal.App.4th 77, 83.) Substantial evidence that bears on whether a vexatious litigant has mended his or her ways is not some success in litigation, but evidence that he or she has given up suing people as a way of life. (Id. at 93-94.) Such evidence includes proof of a propensity for honesty, of genuine remorse for the costs of litigation inflicted on the defendants who were the object of previous lawsuits, and of some genuine effort at restitution toward the previous victims of his litigation where necessary, including actual payment of cost orders made by the courts in prior litigation. (Id.) The mechanism for review of the propriety of the original prefiling order is a timely appeal, not a petition to vacate the prefiling order. (In re Marriage of Rifkin & Carty (2015) 234 Cal.App.4th 1339, 1347.)

Moon argues the prefiling order should be vacated because Judge "Mary Ann Murphy was disqualified when she issued the pre-filing order in 2008, see notice and rulings made by [illegible] member David Julien Cowen [sic], April 16, 19, 20, 21, 22, 2021 [in] this case!" Moon claims "David Julian Cowan was read his Miranda Rights on April 20, 2021, but has failed to be ARRESTED AND IS A Fugitive from the Law," citing various "attached Motion[s] 1, 2, 3." Moon claims "Defendant David Julian Cowen active participated aided and abetted Defendants Whetstone and Brooks to [illegible] case no. 21PDRO00337, contempt of court order and committed severe counts of perjury, slander, false report, [illegible]."

In support, Moon attached a document entitled "PRIVATE CITIZEN'S ARREST UNDER PENAL CODE Sections 834 THROUGH 839 ET SEQ. AFTER CALLING 911" (the "Arrest Affidavit"). The Arrest Affidavit reads: "David Julian Cowan as an active member of C.C.B. Inc., you are under arrest under the charges of

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Family Division

Stanley Mosk Dept. - 1,

21PDRO00316
Moon, Adrian D.
vs
Whetstone, Leah

April 29, 2021
8:30 AM

obstruction of justice, attempted murder, domestic terrorism, criminal conspiracy, profit racketeering, grand theft, kidnapping for ransom. You have the right to remain silent anything you say can and will be used against you in all and any court of Law. You have a right to an attorney, and if you can't afford one, a Public Pretender shall be appointed to you. You have the right to turn yourself in to the Custody of the Los Angeles County Sheriff Department or the Los Angeles Police Department. Do you understand your rights. Amen, I've loved you through eternity." The Arrest Affidavit is dated April 20, 2021 and signed by Moon. Moon also attached copies of previous orders made by Department 1 in this case in April 2021.

The Application is DENIED for three reasons. First, the evidence provided—orders by Department 1 in April 2021 and the Arrest Affidavit—does not in any way show that Judge Murphy was disqualified in 2008. This would be irrelevant in any event—a petition to vacate a prefiling order does not permit review of the propriety of the original prefiling order. (Rifkin & Carty, supra, 234 Cal.App.4th at 1347.) Second, the evidence provided does not show that the undersigned "is a fugitive from the law." There is literally no evidence of "obstruction of justice, attempted murder, domestic terrorism, criminal conspiracy, profit racketeering, grand theft, [or] kidnapping for ransom" or of "perjury, slander, [or] false report."

Third and most significantly, the Arrest Affidavit does not constitute substantial evidence that Moon has mended his ways. (Luckett, supra, 161 Cal.App.4th at 93-94.) The Arrest Affidavit certainly does not "show a propensity for honesty," i.e., "an accurate confrontation with the facts on which the prior vexatious litigant finding was made, as well as intervening facts that might not put the application in a favorable light." (Id.) Based on the contents of the Affidavit and Application, Moon does not appear to understand why he was designated a vexatious litigant in the first place and does not appear to be honestly confronting the facts of his recent engagements with Department 1. Moon does not discuss his prior litigation at all, showing no "genuine remorse for the costs of litigation inflicted on the defendants who were the object of previous lawsuits." (Id.) Moon's repeated meritless filings herein and the unpermitted filing of the restraining order case demonstrate that Moon has not "give[n] up the habit of suing people as a way of life." (Id.) Therefore, Moon has not established grounds to vacate the prefiling order or remove his vexatious litigant designation. The Application is DENIED and Moon may not apply for this relief again for the next twelve months. (CCP § 391.8(b).)

Ex Parte Application to Effectuate Private Citizen's Arrest

Finally, Moon has filed an Ex Parte Application to Effectuate Private Citizen's Arrest of several parties, including the undersigned, Judge Murphy, and Leah Whetstone. Moon claims Judge Murphy entered the prefiling order against him "at the behest of her father 'SATAN,'" citing the Bible (John 8:44 NIV) for support. Moon claims the proposed arrestees are "active participants aided and abetted as members of C.C.B. Inc. a notorious organized crime syndicate (Lawyers and ex Lawyers) to attempt murder, obstruct justice, falsely accuse or imprison [illegible] Moon at the behest of SATAN!!!" In support, Moon provided a printout discussing judicial immunity and Letter of Intent to File Restraining Order and Complaint for Housing

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Family Division
### Stanley Mosk Dept. - 1,

21PDRO00316
Moon, Adrian D.
vs
Whetstone, Leah

April 29, 2021
8:30 AM

Discrimination which Moon sent to Leah Whetstone, Michelle Whetstone, and Dorothea L. Brooks on April 8, 2021 demanding $7,777.77 in settlement funds.

No grounds were given for relief, whether on an ex parte basis or otherwise. There is no valid basis for the arrest of any of the named respondents. Indeed, Moon did not even attach the Arrest Affidavit to this Application. Even had he done so, the Affidavit lacks credibility and is unsupported by any evidence of criminal activity. The Application is therefore frivolous. Further, there is no evidence of proof of service on respondents Whetstone, Cade-Daire, or Brooks or respondent Judges Lu, Murphy, or Martella. Moon alleges he gave notice to all interested parties "on April 25, 2021 at about noon, [by] stating "I will be going in to Dept. 1 for an Emergency Motion for orders to effectuate the Arrests" of the respondents, but there is no proof of service of a copy of the Application on any respondent.

CONCLUSION

The Court dismisses pending restraining order case 21PDRO00316 without prejudice pursuant to CCP § 391.7. The OSC re: dismissal is discharged.

The Application to Vacate Prefiling Order and Remove Petitioner from Vexatious Litigant List is DENIED. Moon may not apply for this relief again for twelve months. (CCP § 391.8(b).)

The Ex Parte Application to Effectuate Immediate Arrests is DENIED.

The Petitioner's Request for Restraining Order is discharged. All Temporary Restraining Orders, if any, are dissolved.

Case is dismissed.
Clerk to give notice.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, Sherri R. Carter, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Entry of the above minute order of April 29, 2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: April 29, 2021                    By:    /s/ Lorena Albino
                                              Lorena Albino, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Family Division
### Stanley Mosk Dept. - 1,

21PDRO00316
Moon, Adrian D.
vs
Whetstone, Leah

April 29, 2021
8:30 AM

Adrian D. Moon
955 North Lake Ave
Pasadena, CA 91104

Leah Whetstone
113 Marathon Rd
Altadena, CA 91001

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Family Division
### Pasadena Dept. - K

21PDRO00339
Whetstone, Leah
vs
Moon, Adrian Damico

May 11, 2021
8:30 AM

Honorable Sarah J. Heidel, Judge

Anthony Castillejo, Judicial Assistant                 Chani Ludwig (#13017), Court Reporter

---

**NATURE OF PROCEEDINGS:** Petition - Civil Harassment  filed by Petitioner on April 19, 2021

The following parties are present for the aforementioned proceeding:

      Adrian Moon, Respondent
      Leah Whetstone, Petitioner

The matter is called for hearing.

The parties are sworn and testify.

The Court strikes the portions of the Respondent's Opposition as follows:
- Issuance of a Bench Warrant against Plaintiffs..
- Referral to the Pasadena District Attorney...
- Order Thereon...

The Court finds that the Respondent has been deemed a vexatious litigant in the Los Angeles Superior Court.

The Court finds that Petition for Civil Harassment, filed by Petitioner, is true and correct.

The Court finds the party requesting the order of protection did not sustain the applicable burden of proof and accordingly the request is denied.  Any temporary restraining order earlier issued is hereby dissolved.

The case is ordered dismissed.

---

Minute Order                                                        Page 1 of 1

Exhibit 2

# VEXATIOUS LITIGANT LIST
From Prefiling Orders Received from California Courts
Prepared and Maintained by the Judicial Council of California
(Orders prohibiting future filings entered through May 1, 2022)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| MOHAMMED | Saleeamina | | Los Angeles Superior Court | SS024858 BC570001 | 01/22/15 05/7/2015 | aka Salee Amina; Salee Amina Mohammad; SaLee Amina; Salee Aubrein-Barnes, Salee Amina Barnes Mohammed; Salee Aubrein-Barnes Mohammed; Salee Barnes; Salee Aubrienne; Louise Barnes |
| MOHAMMED EL | Mizraim | | Contra Costa Superior Court | MSC0501346 | 11/04/05 | |
| MOHIUDDIN | Ahsan | | Los Angeles Superior Court | NC054184 | 08/13/10 | |
| MOLSKI | Jarek | | Santa Barbara Superior Court | 1172370 | 09/01/05 | Order states specifics. |
| MONAGHAN | Andrew | | Los Angeles Superior Court | BC293553 | 06/30/03 | |
| MONK | Pamela | Reny | Los Angeles Superior Court | 18STR007598 | 07/29/19 | |
| MONROE | Barbara | | Sonoma Superior Court | SCV259206 | 06/16/17 | |
| MONROE | Michael | | Fresno Superior Court | 02CECG01570 | 12/23/09 | aka Micheal Whitfield |
| MONTIEL | Yolanda | | Orange County Superior Court | 30-2018-00975896 | 09/21/18 | |
| MONTOYA | Russell | | San Bernardino Superior Court | RFLRS037141 | 10/20/08 | |
| MOON | A. | D. | Los Angeles Superior Court | BC340942 | 04/01/08 | Amended Order 6/4/2008 & Order 9/30/08 |
| MOON | Adrian | | Los Angeles Superior Court | BC340942 | 04/01/08 | Amended Order 6/4/2008 & Order 9/30/08 |
| MOON | Adrian | D. | Los Angeles Superior Court | BC340942 | 04/01/08 | Amended Order 6/4/2008 & Order 9/30/08 |
| MOON | Adrian | Damico | Los Angeles Superior Court | BC340942 | 04/01/08 | Amended Order 6/4/2008 & Order 9/30/08 |
| MOON | Kaavon | | Los Angeles Superior Court | BC340942 | 04/01/08 | Amended Order 6/4/2008 & Order 9/30/08 |
| MOORE | Carlyn | | Los Angeles Superior Court | BC593242 | 05/24/16 | |
| MOORE | D. | Jerome | Los Angeles Superior Court | YC072244 | 09/14/17 | Aka Darrell Jerome Moore |
| MOORE | Darrell | Jerome | Los Angeles Superior Court | YC072244 | 09/14/17 | Aka D. Jerome Moore |
| MOORE | Gardenia | | Los Angeles Superior Court | CF025845 | 09/21/00 | Order states specifics. |
| MOORE | Ivan | Rene | Los Angeles Superior Court | BC464111 | 10/09/12 | |
| MOORE | Lawrence | | San Diego Superior Court | 709757 | 07/21/97 | |
| MOORE | Nellie | R. | San Francisco Superior Court | 856844 | 04/08/92 | Order states specifics. |
| MOORE | Teresa | | San Diego Superior Court | 37202000033934CUPTSC | 12/03/20 | #NAME? |
| MOORE (D-62389) | Thomas | Eugene | Sacramento Superior Court | 06AS0S244 | 06/14/12 | |
| MOORE | Thomas | Eugene | Monterey Superior Court | M82821 | 09/13/07 | Alias for Jumah Thomas Ali-Moore |
| MOORE | William | | Santa Clara Superior Court | 104CV013148 | 04/20/04 | |
| MOORE ABDULLAHI ALI | Jumah | Thomas | Monterey Superior Court | M82821 | 09/13/07 | aka Jumah Thomas Ali-Moore |
| MOORE ALI | Jumah Abdullahi | Thomas | Monterey Superior Court | M82821 | 09/13/07 | aka Jumah Thomas Ali-Moore |
| MOORE, SR. | Darrell | J. | Court of Appeal, 2nd Dist, Div 3 | B234177 | 04/18/12 | Consolidated w/B231700 |
| MORALES (CDC #T-03815) | Jeffrey | Kurt | Santa Clara Superior Court | 106CV070757 | 05/29/07 | |
| MORALES | Martin | | Riverside Superior Court | RIC1811854 | 11/29/18 | |
| MORGAN | Matthew | | Alameda Superior Court | RG11580125 | 01/30/13 | (cons. RS11569163) |

# Exhibit 3

```
PAGE 01  05/19/22  13:50:04 CUP1 PRINT REQUESTED BY TERMINAL CSU1
TO: CSU1  FROM: CLETS              05/19/22  13:49:57
4EYG0CSU1J.IH

RE: QHY.CA0190095.08252321.KASPARY     DATE:20220519 TIME:13:49:55
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:KASPARYAN-WORK UP

*******************************************************************
DNA SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND
UPLOADED INTO THE CAL-DNA DATA BANK.  FOR INFO (510) 620-3300 OR
PC296.PC296@DOJ.CA.GOV.
*******************************************************************

** PALM PRINTS AVAILABLE AT DOJ FOR PALM PRINTS CONTACT
PALM.PRINT@DOJ.CA.GOV
** III MULTIPLE SOURCE RECORD

CII/A08252321
DOB/19600601    SEX/M  RAC/BLACK
HGT/603  WGT/230  EYE/BRO  HAI/BRO  POB/MI
NAM/01 MOON,ADRIAN DAMICO
    02 MOON,ADRIAN
    03 MOON,ADRAIN DAMICO

FBI/336832DD3
CDL/N7706288

INN/CDC-AF00335
MDS/CON 31556669; CON 91590303
OCC/CARPENTER; HANDYMAN; LABORER; UNEMPLOYED
* * * *

APPLICANT:        NAM:01
19821006  CASG SECURTY & INVEST SERV, SACRAMENTO

CNT:01    #358894
  APPLICANT SECURITY GUARD

20090205
 DISPO:NO LONGER INTERESTED
* * * *

APPLICANT:        NAM:01
19860808  CASO LA WHITTIER

CNT:01
  APPLICANT PEACE OFFICER AUXILIARY

19861121
 DISPO:NO LONGER INTERESTED
* * * *

APPLICANT:        NAM:01
19861031  CASD DEPT OF REAL ESTATE, SACRAMENTO

CNT:01    #00942841
  APPLICANT LICENSE CERT OR PERMIT
```

PAGE 02
20190624
 DISPO:NO LONGER INTERESTED
   COM: ACN-DRE91764561A0075
* * * *

APPLICANT:          NAM:01
19870127  CAPD HAWTHORNE

CNT:01     #CA0192800
  APPLICANT PEACE OFFICER AUXILIARY

20091218
 DISPO:NO LONGER INTERESTED
* * * *

APPLICANT:          NAM:02
19961219  CASG SECRETARY OF STATE, SACRAMENTO

CNT:01     #1119753
  APPLICANT LICENSE CERT OR PERMIT

20100112
 DISPO:NO LONGER INTERESTED
* * * *

APPLICANT:          NAM:02
20010615  CAPV PRIVATE SCHOOL, CALIFORNIA

CNT:01     #573290204
  APPLICANT PRIVATE SCHOOL EMPLOYEE
   COM: ST PHILLIP THE APOSTLE PASADEN
   COM: SCN-80211660022 ATI-I166MOA041

20091123
 DISPO:NO LONGER INTERESTED
* * * *

APPLICANT:          NAM:01
20030704  CASD ALCOHOLIC BEV CONTROL, SACRAMENTO
**ENTRY NOT SUBSTANTIATED BY FINGERPRINTS

CNT:01     #349400
  APPLICANT LICENSE CERT OR PERMIT

20030704
 DISPO:NO LONGER INTERESTED
* * * *

APPLICANT:          NAM:02
20060920  CAYO CAL-SOUTH, FULLERTON

CNT:01
  APPLICANT VOLUNTEER/VCA
   COM: SCN-C4762630004 ATI-M263MOA004

20190117
 DISPO:NO LONGER INTERESTED
   COM: ACN-DOJ90450167A2094

```
PAGE 03
* * * *


APPLICANT:          NAM:02
20090206  CASG SECURTY & INVEST SERV, SACRAMENTO


CNT:01
   APPLICANT SECURITY GUARD WITH FIREARM
     COM: SCN-X92C0370001 ATI-B037MOA648
* * * *


ARR/DET/CITE:        NAM:02  DOB:19600601
20090323  CASO LA INMATE RECEP CTR


CNT:01    #1847690-32993104
    -WARRANT
   273.6(A) PC-VIO CRT ORD TO PREVNT DOMESTC VIOL
  DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
    ARR BY:CARA OTHER LOS ANGELES CO
    WARRANT    #PAS9PS7163901
    COM: ADR-20090323 (2633,SANTA ROAD AVE, , ,ALTADENA,CA,   )
        TIME AT ADDRESS-(1 YEARS,)
    COM: PHOTO AVAILABLE
    COM: SCN-M15C0820006
* * * *


ARR/DET/CITE:        NAM:02  DOB:19600601
20090813  CASO LA CRESCENTA VALLEY


CNT:01    #2018854-32993104
    -WARRANT
   115(A) PC-OFFER/ETC FALSE/FORGE INSTRMNT FILE
    ARR BY:CASO LA ALTADENA
    WARRANT    #LACBA36031101
    COM: ADR-20090813 (2633,SANTA ROSA, , ,ALTADENA,CA,91001)
    COM: PHOTO AVAILABLE
    COM: SCN-M08C2250008
- - - -
COURT:              NAM:02
20091113  CASC LOS ANGELES METRO


CNT:01    #LACBA36031101
   115(A) PC-OFFER/ETC FALSE/FORGE INSTRMNT FILE
  DISPO:DISMISSED/DUE TO DELAY
    COM: :11 ADDTNL CNT OF 115(A) PC ALL ADDED CNT DISM


CNT:02-03
   470(A) PC-FORGERY
  DISPO:DISMISSED/DUE TO DELAY


CNT:04-05
    -ATTEMPTED
   487(A) PC-GRAND THEFT:MONEY/LABOR/PROP
  DISPO:DISMISSED/DUE TO DELAY
* * * *


CUSTODY:CDC          NAM:03
20101008  CASD CORR DELANO
```

```
PAGE 04
CNT:01     #AF0335
  115(A) PC-OFFER/ETC FALSE/FORGE INSTRMNT FILE
   SEN FROM: LOS ANGELES CO  CRT #BA33209501
   SEN: 200 MONTHS PRISON
   COM: 18 ADD CNTS 115(A)PC

CNT:02
  470(A) PC-FORGERY

CNT:03
  470(D) PC-FALSE CHECKS/RECORDS/CERTS/ETC
   COM: 3 ADD CNTS 470(D) PC

CNT:04
  132 PC-OFFER FALSE EVIDENCE
   COM: 3 ADD CNTS 132 PC

CNT:05
   -ATTEMPTED
  487(A) PC-GRAND THEFT:MONEY/LABOR/PROP
   -CHRG STAYED
   COM: 5 ADD CNTS 487(A)PC

CNT:06
  470(D) PC-FALSE CHECKS/RECORDS/CERTS/ETC
   -CHRG STAYED

CNT:07-09
  134 PC-PREPARE FALSE EVIDENCE
   -CHRG STAYED
   COM: SCN-915D2870015
* * * *

ARR/DET/CITE:        NAM:02  DOB:19600601
20180906  CAPD PASADENA

CNT:01     #5403674-32993104
   -WARRANT
  3455 PC-POST RELEASE COMMUNITY SUPV VIOLATION
  WARRANT   #REV8PR0553401
   COM: ADR-20180906 (0000,TRANSIENT, , ,PASADENA,CA, ,)
   COM: PHOTO AVAILABLE
   COM: SCN-L32L2490002
* * * *

ARR/DET/CITE:        NAM:02  DOB:19600601
20190917  CASO LA INDUSTRY

CNT:01     #5748784-32993104
   -WARRANT
  3455 PC-POST RELEASE COMMUNITY SUPV VIOLATION
  WARRANT   #REV8PR0755301
   COM: ADR-20190917 (50,HONOLULU ST,112,N,LAS VEGAS,NV,89110)
   COM: PHOTO AVAILABLE
   COM: SCN-L92M2600007
* * * *

CUSTODY:JAIL           NAM:01
```

```
PAGE 05
20190917  CASO LA INDUSTRY
**ENTRY NOT SUBSTANTIATED BY FINGERPRINTS

CNT:01    #5748784
  OFFENSE UNDETERMINED
    SEN: 145 DAYS JAIL

20191025
 DISPO:DISCHARGED
* * * *

ARR/DET/CITE:         NAM:02  DOB:19600601
20191120  CASO LA CNTRL ARRAIGN SUP

CNT:01    #5793012-32993104
  -COURT REMAND
  3455 PC-POST RELEASE COMMUNITY SUPV VIOLATION
   COM: ADR-20191120 (955,LAKE AVE, ,N,PASADENA,CA,91104)
   COM: PHOTO AVAILABLE
   COM: SCN-M53M3240001
* * * *

CUSTODY:JAIL          NAM:01
20191120  CASO LA CNTRL ARRAIGN SUP
**ENTRY NOT SUBSTANTIATED BY FINGERPRINTS

CNT:01    #5793012
  OFFENSE UNDETERMINED
    SEN: 130 DAYS JAIL

20200109
 DISPO:DISCHARGED
* * * *

ARR/DET/CITE:         NAM:02  DOB:19600601
20200110  CAPD PASADENA

CNT:01    #5832140-32993104
  -WARRANT
  3455 PC-POST RELEASE COMMUNITY SUPV VIOLATION
   WARRANT  #042677
   COM: ADR-20200110 (0000,TRANSIENT, , ,PASADENA,CA, ,)
   COM: PHOTO AVAILABLE
   COM: SCN-L32N0100007
********************************************************************
**                                                                **
**   THE ENTRIES PROVIDED BELOW ARE BASED UPON AN ARREST OR COURT **
**   DISPOSITION REPORT.  THE SUBJECT OF THE ENTRY HAS BEEN IDENTIFIED *
**   WITH THIS RECORD BASED UPON SOFT CRITERIA CONSISTING OF A NAME **
**   OR NUMBER MATCH.  POSITIVE IDENTIFICATION HAS NOT BEEN MADE  **
**   BECAUSE FINGERPRINTS WERE NOT RECEIVED FOR THE ENTRIES.  USE OF **
**   THIS INFORMATION IS THE RECEIVERS RESPONSIBILITY.            **
**                                                                **
********************************************************************
* * * *

ARR/DET/CITE:         NAM:01
19950518  CAPD PASADENA
```

```
PAGE 06
CNT:01     #97010420
  NO ARREST RECEIVED

CNT:02
  LOCAL ORDINANCE VIOLATION
- - - -
COURT:               NAM:01
19950713  CAMC PASADENA

CNT:01     #95M03243
  LOCAL ORDINANCE VIOLATION
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
* * * *

ARR/DET/CITE:        NAM:02
20070712  CASO LOS ANGELES

CNT:01     #0
  NO ARREST RECEIVED

CNT:02
  118(A) PC-PERJURY
- - - -
COURT:               NAM:02
20100830  CASC LOS ANGELES CENTRAL

CNT:01     #XCNBA36225601
  118(A) PC-PERJURY
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: 3 YEARS PROBATION,677 DAYS JAIL

20100830
 DISPO:CONDITION OF PROB-FIREARM RESTRICTION

20130302
 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
   COM: CONVICTION CERTIFIED BY JOHN A  CLARKE,EXECUTIVE
        OFFICER CLERK,CASCLOS ANGELES CENTRAL
   COM:DCN-P1007000631319000702
* * * *

ARR/DET/CITE:        NAM:02
20081209  CAPD PASADENA

CNT:01     #0
  NO ARREST RECEIVED

CNT:02
  SEE COMMENT FOR CHARGE
   COM: CHRG 632(A) PC
- - - -
COURT:               NAM:02
20091110  CASC PASADENA

CNT:01     #PAS9PS0044301
  SEE COMMENT FOR CHARGE
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
```

```
PAGE 07
    COM: :CHRG 632(A) PC
    COM:DCN-P1002023180919000870
* * * *

ARR/DET/CITE:          NAM:02
20090126  CASO LOS ANGELES

CNT:01      #0
  NO ARREST RECEIVED

CNT:02
    273.6(A) PC-VIO CRT ORD TO PREVNT DOMESTC VIOL

CNT:03      #0
    273.6(A) PC-VIO CRT ORD TO PREVNT DOMESTC VIOL
- - - -
COURT:                NAM:02
20091110  CASC PASADENA

CNT:01      #PAS9PS7163901
    273.6(A) PC-VIO CRT ORD TO PREVNT DOMESTC VIOL
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE

CNT:02-03
    273.6(A) PC-VIO CRT ORD TO PREVNT DOMESTC VIOL
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
    COM:DCN-P1002023180919000941
* * * *

ARR/DET/CITE:          NAM:02
20090220  CASC LOS ANGELES OR DIV

CNT:01      #0
  NO ARREST RECEIVED

CNT:02
    115(A) PC-OFFER/ETC FALSE/FORGE INSTRMNT FILE
- - - -
COURT:                NAM:01
20100909  CASC LOS ANGELES CENTRAL

CNT:01      #XCNBA33209501
    115(A) PC-OFFER/ETC FALSE/FORGE INSTRMNT FILE
*DISPO:CONVICTED
    CONV STATUS:FELONY
    SEN: 2 YEARS PRISON

CNT:02
    470(A) PC-FORGERY
*DISPO:CONVICTED
    CONV STATUS:FELONY
    SEN: 2 YEARS PRISON,CONSECUTIVE

CNT:03
    115(A) PC-OFFER/ETC FALSE/FORGE INSTRMNT FILE
*DISPO:CONVICTED
    CONV STATUS:FELONY
    SEN: 8 MONTHS PRISON,CONSECUTIVE
```

PAGE 08
   COM: ADD 17 CNTS OF 115(A)PC ALL CNTS CONVICTED

CNT:04
   -ATTEMPTED
   487(A) PC-GRAND THEFT:MONEY/LABOR/PROP
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: CONVICTED
   COM: ADD 5 CNTS OF 487(A)/664PC ALLCNTS CONVICTED STAYED
        PER 654PC

CNT:05
   470(D) PC-FALSE CHECKS/RECORDS/CERTS/ETC
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: 8 MONTHS PRISON
   COM: ADD 3 CNTS OF 470(D)PC ALL CNTS CONVICTED

CNT:06
   132 PC-OFFER FALSE EVIDENCE
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: 2 YEARS PRISON
   COM: ADD 3 CNTS OF 132PC ALL CNTS CONVICTED

CNT:07-09
   134 PC-PREPARE FALSE EVIDENCE
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: CONVICTED
   COM: STAYED PER 654 PC

20100909
 DISPO:PROBATION REVOKED
   SEN: 200 MONTHS PRISON
- - - -
COURT:                NAM:02
20120228  CASC LOS ANGELES CENTRAL

CNT:01    #XCNBA33209501
   470(D) PC-FALSE CHECKS/RECORDS/CERTS/ETC
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
   COM:DCN-P1006000631319000976
* * * *

ARR/DET/CITE:          NAM:02
20090921  CASO LOS ANGELES

CNT:01    #4009000673344999
  NO ARREST RECEIVED
   COM: DOA MISSING

CNT:02    #4009000673344999
  CHARGE NOT SPECIFIED
- - - -
COURT:                NAM:02
20100830  CASC LOS ANGELES METRO

```
PAGE 09
CNT:01      #BA36225601
  118(A) PC-PERJURY
*DISPO:CONVICTED
    CONV STATUS:FELONY
    SEN: 2 YEARS PRISON SS,36 MONTHS PROBATION,
         677 DAYS JAIL

 DISPO:CONVICTION CERT BY CLERK OF THE COURT
 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
      *     *     *     END OF MESSAGE     *     *     *
```

Exhibit 4

A TRADITION OF SERVICE

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
**INCIDENT REPORT**

DATE 2018-08-08 23:46  PAGE 1 OF 6

ACTION

CLASSIFICATION 1 - LEVEL / STAT CODE

Suspicious Circumstances - Possible Email Annoyance, 653m(b)PC / M / 444

CLASSIFICATION 2 - LEVEL / STAT CODE

CLASSIFICATION 3 - LEVEL / STAT CODE

CLASSIFICATION 4 - LEVEL STAT CODE

ADDITIONAL STAT CODES

DATE AND TIME OF OCCURRENCE
8/FROM 08/03/18 1234 HRS - 08/08/18 1600 HRS

LOCATION OF OCCURRENCE
500 W TEMPLE ST, LOS ANGELES CA 90012

'HALL OF ADMINISTRATION - 5TH DISTRICT'

CODE   V - VICTIM   •   W - WITNESS   •   I - INFORMANT   •   R - REPORTING PARTY   •   P - PARTY

| | | | LAST NAME | FIRST NAME | | | RACE | | | AGE | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 2 | DELGADO FIGUEROA | CINDY | NMN | F | H | | | 32 | |

00 W TEMPLE ST   LOS ANGELES   CA   90012

CDELGADO@BOS.LACOUNTY.GOV

| | | | LAST NAME | FIRST NAME | | SEX | RACE | DOB | AGE | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 2 | TORRES | DALIA | | F | H | 09-16-80 | 37 | |

I A COUNTY SECURITY OFFICER

320 W TEMPLE ST   LOS ANGELES   CA   90012   213-974-8000

CODE   S - SUSPECT   •   SJ - SUBJECT   •   M - PATIENT   •   MV - SUSPECT / VICTIM   •   SJAV - SUBJECT / VICTIM

| | | | |
|---|---|---|---|

NIYI S.A   517815   12

CSB - HOA   8511   P   SGT A. GONZALEZ   475186   8-09-18 / 0010 HRS

C.S.B. / D.B.

APPROVED BY LARCIS &
SCANNED
T. Helwajian
Date

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
INCIDENT REPORT CONTINUATION

URN# 918-01419-8515-444    TAG# 592    PAGE 2 of 5

CLASSIFICATION 1 / LEVEL / STAT CODE

CLASSIFICATION 2 / LEVEL / STAT CODE

CLASSIFICATION 3 / LEVEL / STAT CODE

| VEHICLE | LICENSE (STATE & NUMBER) | | YEAR | MAKE | MODEL | BODY TYPE | COLOR |
|---|---|---|---|---|---|---|---|
| VEHICLE FOR VICTIM # | | | | | | | |
| VEHICLE FOR SUSPECT # | REGISTERED OWNER | | IDENTIFYING FEATURES | | | | |
| STATUS  □ STOLEN   □ DAMAGED   □ EMBEZZLED   CHP 180 SUBMITTED?   □ STORED   □ IMPOUNDED   □ OUTSTANDING   □ YES  □ NO | | | GARAGE NAME & PHONE | | | | |
| DESCRIPTION OF DAMAGE | | | | | | | |

CODE: V - VICTIM  •  W - WITNESS  •  I - INFORMANT  •  R - REPORTING PARTY  •  P - PARTY

| CODE | # | d | LAST NAME | FIRST NAME | MIDDLE NAME | SEX | RACE | DOB | AGE | DRIVER'S LICENSE / STATE ID |
|---|---|---|---|---|---|---|---|---|---|---|
| P | 1 | / | MOON | ADRIAN | NMN | M | B | 06/01/60 | 48 | N7706285 CA |

RESIDENCE ADDRESS: 50 N. HONULULU ST APT # 112    CITY: LAS VEGAS    STATE: NV    ZIP: 89110    RESIDENCE PHONE (Area Code):

BUSINESS / SCHOOL (GRADE) ADDRESS: UNKNOWN    CITY:    STATE:    ZIP:    BUSINESS PHONE (Area Code):

ETHNIC ORIGIN:    EMAIL ADDRESS: ADRIANDAREDEEMER @GMAIL.COM    SOCIAL NETWORKING ACCOUNT:    CELL PHONE (Area Code):

VICTIM OF OFFENSE(S) (CLASSIFICATION) #:    VICTIM DESIROUS OF PROSECUTION? □ YES □ NO    VICTIM OF SEX CRIME DESIROUS OF CONFIDENTIALITY? □ YES □ NO    ENGLISH SPEAKING? □ YES □ NO    LANGUAGE:

| CODE | # | d | LAST NAME | FIRST NAME | MIDDLE NAME | SEX | RACE | DOB | AGE | DRIVER'S LICENSE / STATE ID |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

RESIDENCE ADDRESS:    CITY:    STATE:    ZIP:    RESIDENCE PHONE (Area Code):

BUSINESS / SCHOOL (GRADE) ADDRESS:    CITY:    STATE:    ZIP:    BUSINESS PHONE (Area Code):

ETHNIC ORIGIN:    EMAIL ADDRESS:    SOCIAL NETWORKING ACCOUNT:    CELL PHONE (Area Code):

VICTIM OF OFFENSE(S) (CLASSIFICATION) #:    VICTIM DESIROUS OF PROSECUTION? □ YES □ NO    VICTIM OF SEX CRIME DESIROUS OF CONFIDENTIALITY? □ YES □ NO    ENGLISH SPEAKING? □ YES □ NO    LANGUAGE:

| CODE | # | d | LAST NAME | FIRST NAME | MIDDLE NAME | SEX | RACE | DOB | AGE | DRIVER'S LICENSE / STATE ID |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

RESIDENCE ADDRESS:    CITY:    STATE:    ZIP:    RESIDENCE PHONE (Area Code):

BUSINESS / SCHOOL (GRADE) ADDRESS:    CITY:    STATE:    ZIP:    BUSINESS PHONE (Area Code):

ETHNIC ORIGIN:    EMAIL ADDRESS:    SOCIAL NETWORKING ACCOUNT:    CELL PHONE (Area Code):

VICTIM OF OFFENSE(S) (CLASSIFICATION) #:    VICTIM DESIROUS OF PROSECUTION? □ YES □ NO    VICTIM OF SEX CRIME DESIROUS OF CONFIDENTIALITY? □ YES □ NO    ENGLISH SPEAKING? □ YES □ NO    LANGUAGE:

CODE: S - SUSPECT  •  SJ - SUBJECT  •  M - PATIENT  •  S/V - SUSPECT / VICTIM  •  SJ / V - SUBJECT / VICTIM

| CODE | # | d | LAST NAME | FIRST NAME | MIDDLE NAME | | DOB | AGE | DRIVER'S LICENSE / STATE ID |
|---|---|---|---|---|---|---|---|---|---|
| SEX | RACE | ETHNIC ORIGIN | HAIR | EYES | HEIGHT | WEIGHT | | | CELL PHONE (Area Code) |
| RESIDENCE ADDRESS | | | | | CITY | STATE | ZIP | | RESIDENCE PHONE (Area Code) |
| BUSINESS / SCHOOL (GRADE) ADDRESS | | | | | CITY | STATE | ZIP | | BUSINESS PHONE (Area Code) |
| AKA | | | EMAIL ADDRESS | | | SOCIAL NETWORKING ACCOUNT | | | ENGLISH SPEAKING? □ YES □ NO LANGUAGE |
| MONIKER | | | CHARGE | | | BOOKING NUMBER | | | WHERE DETAINED OR CITE NUMBER |

| CODE | # | d | LAST NAME | FIRST NAME | MIDDLE NAME | | DOB | AGE | DRIVER'S LICENSE / STATE ID |
|---|---|---|---|---|---|---|---|---|---|
| SEX | RACE | ETHNIC ORIGIN | HAIR | EYES | HEIGHT | WEIGHT | | | CELL PHONE (Area Code) |
| RESIDENCE ADDRESS | | | | | CITY | STATE | ZIP | | RESIDENCE PHONE (Area Code) |
| BUSINESS / SCHOOL (GRADE) ADDRESS | | | | | CITY | STATE | ZIP | | BUSINESS PHONE (Area Code) |
| AKA | | | EMAIL ADDRESS | | | SOCIAL NETWORKING ACCOUNT | | | ENGLISH SPEAKING? □ YES □ NO LANGUAGE |
| MONIKER | | | CHARGE | | | BOOKING NUMBER | | | WHERE DETAINED OR CITE NUMBER |

76C300F - SH-FL-40A (Rev. 4/2014)

A TRADITION OF SERVICE

**COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT**
**INCIDENT REPORT**

URN# 918-01419-8515-444
LAG # 592
DATE 2018-06-08 20:41  PAGE 3 OF

| VEHICLE | LICENSE, STATE & NUMBER | | YEAR | MAKE | MODEL | BODY TYPE | COLOR |
|---|---|---|---|---|---|---|---|
| VEHICLE FOR VICTIM # | | | | | | | |
| VEHICLE FOR SUSPECT # | REGISTERED OWNER | | IDENTIFYING FEATURES | | | | |
| STATUS   STOLEN   STORED | DAMAGED   IMPOUNDED | EMBEZZLED   OUTSTANDING | CHP 180 SUBMITTED   YES   NO | GARAGE NAME & PHONE | | | |
| DESCRIPTION OF DAMAGE | | | | | | | |

| VEHICLE | LICENSE, STATE & NUMBER | | YEAR | MAKE | MODEL | BODY TYPE | COLOR |
|---|---|---|---|---|---|---|---|
| VEHICLE FOR VICTIM # | | | | | | | |
| VEHICLE FOR SUSPECT # | REGISTERED OWNER | | IDENTIFYING FEATURES | | | | |
| STATUS   STOLEN   STORED | DAMAGED   IMPOUNDED | EMBEZZLED   OUTSTANDING | CHP 180 SUBMITTED   YES   NO | GARAGE NAME & PHONE | | | |
| DESCRIPTION OF DAMAGE | | | | | | | |

**SCREENING FACTORS**

| 1. SUSPECT IN CUSTODY | 3. UNIQUE SUSPECT IDENTIFIERS | L. | 5. UNIQUE VEHICLE IDENTIFIERS |
|---|---|---|---|
| 2. SUSPECT NAMED / KNOWN | 4. VEHICLE IN CUSTODY | I. | 6. WRITER/REVIEWER DISCRETION |

**PROPERTY CODE:**    RELEASED TO

S - STOLEN • R - RECOVERED • L - LOST • F - FOUND • E - EMBEZZLED • D - DAMAGED • K - SAFEKEEPING
(Use all applicable Codes: for example, if property is both Stolen and Recovered, Code is S/R)

| CODE | ITEM # | QUAN. | DESCRIPTION (Include kind of article, trade name, identifying numbers, physical description, material, color, condition, age and present market value) | SERIAL # | VALUE |
|---|---|---|---|---|---|

76C300F - SH-R-49 (Rev. 4/2014)

918-01419-8515-444

4 of 5

On the indicated date and time, I was contacted by County Service Bureau Dispatch via my hand-held radio to respond to the Hall of Administration 8th floor and meet with Captain Steinbrenner #253796 regarding a possible disturbance that occurred earlier in the day. I responded to the 8th floor and met Captain Steinbrenner who asked me to contact the Board of Supervisor's 5th District Supervisor Staff Assistant Delgado (I/Delgado, Cindy FH 04/24/86) regarding a possible email annoyance report.

I approached I/Delgado who was already standing near the 8th floor security booth with L.A. County Security Officer Torres #644217 (I/Torres, Dalia FH 09-18-80). She stated the following, on August 3rd, 2018 she was contacted via phone by a male (later identified as P/Moon, Adrian MB 06-01-60) who told her that he was a constituent of the 5th district that lived in Altadena and wanted to complain about his Probation Officer. She informed P/Moon to email her all pertinent information regarding the problem.

A short time, later she began receiving several emails (11 in total) from P/Moon regarding a court case he was dealing with and not the complaint he initially told I/Delgado about. P/Moon then called I/Delgado to receive answers regarding his problem which she responded that she could not help because that was not an issue the board could resolve. The following Monday, August 6th at 1209Hrs, I/Delgado received another two emails showing more information from the court case he was involved in. After ignoring the emails, P/Moon called her officer once again but she was not in her office. The next day (August 7th, 2018) she received one more email that pertained to the same court case (13 total emails) as well as An phone call from P/Moon to schedule a meeting which was denied. She also told me that P/Moon called two more times, but she was out of the office and was unable to speak to him.

On today's date, P/Moon called I/Delgado to advise her that he was on his way to the Hall of Administration to speak to her about his complaint. I/Delgado advised P/Moon it was not necessary to show up because she would not have time to speak to him. Around 1400Hrs, she was contacted by I/Torres who stated that P/Moon had arrived to the 8th floor lobby and wished to schedule a meeting with her. She told I/Torres that she did not want to speak with P/Moon. Believing that P/Moon would not leave, she advised her Supervisor Stephanie English to contacted Deputy Personnel. I asked I/Delgado to print out all the emails sent by P/Moon.

918-01419-8515-444                                    5

Copies of the emails were attached to this report. All of the electronic contacts were made during the ordinary course and scope of business.

I contacted Security Officer Torres and asked her what occurred when P/Moon arrived to the 8th floor lobby. She told me that when he arrived, she asked if P/Moon had a scheduled appointment to meet with I/Delgado. P/Moon said he did not have an appointment. She directed him to the phone outside the security desk on the 8th floor, due to him being denied entry for not having a scheduled appointment. P/Moon ended his conversation on the phone, then he sat down on the couch inside the 8th floor lobby. P/Moon remained seated for approximately five to seven minutes. He stood up and walked south towards the elevators and out of view. On the security monitors located on the 8th floor desk, she observed P/Moon enter one of the elevators and left the location. For further, refer to I/Torres' Supplemental report attached to this report.

It should be noted that P/Moon has not made no direct threat towards anyone at this time however, his actions and persistence have caused I/Delgado and the rest of the 5th District to be alarmed.

During my investigation, Security Operations Unit ▅▅▅▅▅▅▅▅ responded to the 8th floor due to the fact that any threats made to the board of supervisors or any of their employees, are directed towards his unit. He advised me that there is an ongoing investigation regarding P/Moon for at least a decade.

A Photo of P/Moon is attached to this report and a report memo was given to I/Delgado.

## Delgado, Cindy

From:        Adrian Moon <adriandaredeemer@gmail.com>
Sent:        Friday, August 03, 2018 12:54 PM
To:          Delgado, Cindy
Subject:     Fwd: IRMO Moon: Responses to RFAs Set 3

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Jul 27, 2018, 12:10 PM
Subject: Re: IRMO Moon: Responses to RFAs Set 3
To: kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com>, carolyn makupsonhowardlaw.com <carolyn@makupsonhowardlaw.com>, kristen makupsonhowardlaw.com <kristen@makupsonhowardlaw.com>, <roye-randall@cssd.lacounty.gov>
Cc: <jlacey@da.lacounty.gov>, Joel Rubin <joel.rubin@latimes.com>

Kraig et.al.  Some of the Responses to Request For Admission , Set 3 are adequate, but some I need to compel futher qualified responses on the " Deny" there should be a detailed explanation as to why it was Denied and not Admitted ?  I will be submitting a Request to dispose , Jill Boddie, Debre Weinstrub, Thomas Trent Lewis, Joshua Weyser, and DP011 Marisol Rojas at the 8-8-18 hearings.  Jill Boddie actually won't be a problem as she has submitted a declaration to be called as a witness for the 8-8-18 hearings in her responsive pleadings.  I still have not received a response to my stipulation requests or counter.  Please provide by the end of business today.  As Always Your time and consideration in these matters are graciously appreciated  " A PROMPT RESPONSE IS REQUIRED "

All Praises and Glory To The Almighty Creator

On Fri, Jul 27, 2018 at 11:49 AM kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com> wrote:

Dear Mr. Moon:


Please find attached Ms. Boddie-Moon's Responses to your Requests for Admission Set 3 and Proof of Electronic Service.


Regards,


Kraig L. Kibble, Esq.

Law Offices of Makupson & Howard, A PC

301 East Colorado Boulevard, Suite 610

1

Pasadena, California 91101

Tel: (626) 356-0752

Fax: (626) 356-2436

http://secure-
web.cisco.com/1iZBENHq7EeyWf[b3mV8BUQrPsznM36x0nVRxJuC2TqQJeGZ9AUE3cJlR-
liVVxMwsSyea7ZI-tcsAHeAJwZ0H_KgM5_rV3y8dkt6t3-
m23Xt5xCqcqj3NRVxfMrau7ddD_c9Zf9h3BngwbsTMqSqIhmuPLAByRKG2-
8cgTe5MFXI1rWexY1lnoB2L9M2wFQD9hz8hnCwj9jvmH7hWeMAqHyKfYQvqvFrCoa9j4MYO3xd
XtHtVpangWUXFLeUBUtCr8zCZqfREtnknOhnwtHVAn0NFNbPQTIYNJb-
J6L4vl2QI2R_0BgmNM42SUdw-
DAfgyxqzIG9KxEk6Zsj9ddNrkFYHyeoy5NXx6jApFEA5Kn62hY2pOLoW-
jdLJeDpLR9SweaF3XqmQk44vXyoWE1kw/http%3A%2F%2Fwww.pasadenafamilylawfirm.com

This e-mail contains information that may be confidential or
attorney/client privileged. If you are not the intended recipient,
any disclosure or other use of this e-mail or the information
contained herein or attached hereto may be unlawful and is
strictly prohibited. If you have received this e-mail in error,
please notify the sender immediately and delete this e-mail
without reading, printing, copying or forwarding it to anyone.
Thank you for your kind cooperation.

## Delgado, Cindy

| | |
|---|---|
| **From:** | Adrian Moon <adriandaredeemer@gmail.com> |
| **Sent:** | Friday, August 03, 2018 12:54 PM |
| **To:** | Delgado, Cindy |
| **Subject:** | Fwd: IRMO Moon: Documents being Filed Today |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Thu, Jul 26, 2018, 1:18 PM
Subject: Re: IRMO Moon: Documents being Filed Today
To: kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com>, carolyn makupsonhowardlaw.com <carolyn@makupsonhowardlaw.com>, kristen makupsonhowardlaw.com <kristen@makupsonhowardlaw.com>, <roye-randall@cssd.lacounty.gov>
Cc: <jlacey@da.lacounty.gov>, Joel Rubin <joel.rubin@latimes.com>, <marisol.rojas@probation.lacounty.gov>

i am certain that all the statements of perjury commented by Jill Christie Boddie-Moon under the penalty of perjury will be addressed in the near future in a Criminal Court of Law;   Attachment 10: Declaration of Petitioner;  Paragraph 2: Jill Boddie contacted DPO11 Marisol Rojas on or about Feb. 23, 2018 and informed Rojas that I had left the Request For Admission, Set 1 on the GMC :Yucon, door!    Paragraph 3:  Kraig L. Kibble received a copy of the Request For Admission, Set 1 at the March 5, 2018 hearing in Dept. 27, ****** Ms Rojas, Please provide me with copies of all harassing and false reports provided to YOUR office since Jan. 19, 2018 to Present, especially the ones from Jill Christie Boddie-Moon.  Attach to this e-mail and reply to all.  Thank You Marisol ☐  And this above-mentioned motion was set on April 12, 2018 in Dept. 1, then a secret meeting (ex pate communication without Respondent present ) in Dept 2, But Defendant Thomas Lewis did not make an ruling on the motion, so it had to be re-set to August 8, 2018.

On Thu, Jul 26, 2018 at 11:04 AM kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com> wrote:

Dear Mr. Moon:


Please find attached the following documents being filed with the court today:


Responsive Declaration to Request for Order;


Memorandum of Points and Authorities in Opposition to Respondent's RFO Filed 07/02/2018;


Declaration of Kraig L. Kibble; and

1

Proof of Electronic Service.

Regards,

Kraig L. Kibble, Esq.

Law Offices of Makupson & Howard, A PC

301 East Colorado Boulevard, Suite 610

Pasadena, California 91101

Tel: (626) 356-0752

Fax: (626) 356-2436

http://secure-web.cisco.com/1esfA2lgatU9lUHhihUq0ZXGOal143AGc-
8ma98isNEBk0QIe1Sl_NNUclNc-
9a1ofjLrIRlwrKkuPZlHCEX_qqnZcTpgQmwZXgkoM8vxDWyWwpdSZDUEu-
t0iqZjgIv12Hr3pRAD5l2YNEQvPRSEkfbgrxUEaXI3hvSIIbSSfeMyHt7D_q1V3Hgrhbo1HcmZ8Cp4z
mKND38XtpChKhXYuxgkh3Rwx6cvTbn97oJq9DDfsfp6uURPIBt4eO_poApadZVYNXiDr5AFwJq-
AsvB9vp-CeBgy-aT3Zb2s50Zgs-
aoVv0KqvLICdhWTnaF7uYlEAh90cwb0OuaUDBlMXHcNLrJOT2WdroFqxRsthIwQq85EBKlxw5J37
uf5XIqPSSg4MASD160xpLcrKCD8hAaQ/http%3A%2F%2Fwww.pasadenafamilylawfirm.com

This e-mail contains information that may be confidential or
attorney/client privileged. If you are not the intended recipient,
any disclosure or other use of this e-mail or the information
contained herein or attached hereto may be unlawful and is
strictly prohibited. If you have received this e-mail in error,
please notify the sender immediately and delete this e-mail
without reading, printing, copying or forwarding it to anyone.
Thank you for your kind cooperation.

## Delgado, Cindy

| | |
|---|---|
| From: | Adrian Moon <adriandaredeemer@gmail.com> |
| Sent: | Friday, August 03, 2018 12:56 PM |
| To: | Delgado, Cindy |
| Subject: | Fwd: IRMO Moon: Documents being Filed Today |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 12:54 PM
Subject: Fwd: IRMO Moon: Documents being Filed Today
To: <cdelgado@bos.lacounty.gov>

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Thu, Jul 26, 2018, 1:18 PM
Subject: Re: IRMO Moon: Documents being Filed Today
To: kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com>, carolyn makupsonhowardlaw.com <carolyn@makupsonhowardlaw.com>, kristen makupsonhowardlaw.com <kristen@makupsonhowardlaw.com>, <roye-randall@cssd.lacounty.gov>
Cc: <jlacey@da.lacounty.gov>, Joel Rubin <joel.rubin@latimes.com>, <marisol.rojas@probation.lacounty.gov>

i am certain that all the statements of perjury commented by Jill Christie Boddie-Moon under the penalty of perjury will be addressed in the near future in a Criminal Court of Law; Attachment 10: Declaration of Petitioner; Paragraph 2: Jill Boddie contacted DPO11 Marisol Rojas on or about Feb. 23, 2018 and informed Rojas that I had left the Request For Admission, Set 1 on the GMC :Yucon, door! Paragraph 3: Kraig L. Kibble received a copy of the Request For Admission, Set 1 at the March 5, 2018 hearing in Dept. 27, ****** Ms Rojas, Please provide me with copies of all harassing and false reports provided to YOUR office since Jan. 19, 2018 to Present, especially the ones from Jill Christie Boddie-Moon. Attach to this e-mail and reply to all. Thank You Marisol ☐ And this above-mentioned motion was set on April 12, 2018 in Dept. 1, then a secret meeting (ex pate communication without Respondent present ) in Dept 2, But Defendant Thomas Lewis did not make an ruling on the motion, so it had to be re-set to August 8, 2018.

On Thu, Jul 26, 2018 at 11:04 AM kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com> wrote:

Dear Mr. Moon:

Please find attached the following documents being filed with the court today:

Responsive Declaration to Request for Order;

1

Memorandum of Points and Authorities in Opposition to Respondent's RFO Filed 07/02/2018;

Declaration of Kraig L. Kibble; and

Proof of Electronic Service.

Regards,

Kraig L. Kibble, Esq.

Law Offices of Makupson & Howard, A PC

301 East Colorado Boulevard, Suite 610

Pasadena, California 91101

Tel: (626) 356-0752

Fax: (626) 356-2436

http://secure-web.cisco.com/1zSpGcRQuSaTnbl9TliOGHO4A8rZ_K_fzqM2l4iaw-lD-
0Ey8XcXo0_MAZ4_LA0jFBROaGQKDXwdi6NDdvXm4bfmIhX-koHhglzzoFHk-
9itrcsuoRGPqaOCD8MAnLW2KMKN3ZHFneYvFI3apng7cL7tSEuI_UCLTe1916ypr_I4P66reVW9iX
qgm57Oqe2F_6KGKZMtjuD9RD0Vpd0-fIYa6jlI1owO1-5XAzYfonCcWz-
RXGz5fItWodUvwQLBVZ6qxTqpwP48D-Sp2bun35f-CVIX5fsPcB9AhtZ9--fwv-
hDWRUTRTZXzeyWb9n7LBbUUsMcJHJAWJwM5qAso815uE21CSr66hRcLw8fQsw11tyKB2Jk-
nbdqNUKaDOF-
Le3dx8JMh1hGYdgPiJ6WWQ/http%3A%2F%2Fwww.pasadenafamilylawfirm.com

This e-mail contains information that may be confidential or
attorney/client privileged. If you are not the Intended recipient,
any disclosure or other use of this e-mail or the information
contained herein or attached hereto may be unlawful and is
strictly prohibited. If you have received this e-mail in error,
please notify the sender immediately and delete this e-mail
without reading, printing, copying or forwarding it to anyone.
Thank you for your kind cooperation.

## Delgado, Cindy

| | |
|---|---|
| **From:** | Adrian Moon <adriandaredeemer@gmail.com> |
| **Sent:** | Friday, August 03, 2018 12:57 PM |
| **To:** | Delgado, Cindy |
| **Subject:** | Fwd: Delivery Status Notification (Failure) |
| **Attachments:** | icon.png |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 11:20 AM
Subject: Fwd: Delivery Status Notification (Failure)
To: <mark.garcia@probation.lacounty.gov>

---------- Forwarded message ---------
From: **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
Date: Thu, Aug 2, 2018, 3:29 PM
Subject: Delivery Status Notification (Failure)
To: <adriandaredeemer@gmail.com>

## Address not found

Your message wasn't delivered to **mark.garcia@probationlacounty.gov** because the domain probationlacounty.gov couldn't be found. Check for typos or unnecessary spaces and try again.

The response was:

```
DNS Error: 3605671 DNS type 'mx' lookup of probationlacounty.gov responded with code
NXDOMAIN Domain name not found: probationlacounty.gov
```

---------- Forwarded message ----------
From: Adrian Moon <adriandaredeemer@gmail.com>
To: mark.garcia@probationlacounty.gov

1

Cc:
Bcc:
Date: Thu, 2 Aug 2018 15:28:53 -0700
Subject: Fwd: Moon v. County of Los Angeles Probation Dept. et. all. Cases no. BH011878 ; 2:18-cv- 01558-svw- ffm " Matters of controversy "

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Wed, Aug 1, 2018, 1:11 PM
Subject: Moon v. County of Los Angeles Probation Dept. et. all. Cases no. BH011878 ; 2:18-cv- 01558-svw-ffm " Matters of controversy "
To: <howard.byas@probation.lacounty.gov>, <scott.kernan@cdcr.ca.gov>, <marisol.rojas@probation.lacounty.gov>, <kenneth.jew@probation.lacounty.gov>
Cc: Joel Rubin <joel.rubin@latimes.com>, <jlacey@da.lacounty.gov>


At the meeting yesterday with Ms. Rojas she stated she had a mental Health problem with serving GOD and believing on Christ Jesus, so she and Mr. Jew took it upon themselves to write a mental health referral on me in retaliation because of my spiritual beliefs. I was then directed to submit an list for reimbursement to Ms. Rojas through the Auxiliary Funds for expenses I have incurred in the last six months from borrowed funds for housing assistance, clothing, transportation and health care ... I owe the amount of approx. $ 3600.00 to Pastor Kevin Lee and another $ 5000.00 to others. I can provide your office w ----- Message truncated -----

2

## Delgado, Cindy

| | |
|---|---|
| From: | Adrian Moon <adriandaredeemer@gmail.com> |
| Sent: | Friday, August 03, 2018 12:58 PM |
| To: | Delgado, Cindy |
| Subject: | Fwd: Delivery Status Notification (Failure) |
| Attachments: | icon.png |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 11:19 AM
Subject: Fwd: Delivery Status Notification (Failure)
To: <mark.garcia@probation.lacounty.gov>

---------- Forwarded message ---------
From: **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
Date: Thu, Aug 2, 2018, 3:30 PM
Subject: Delivery Status Notification (Failure)
To: <adriandaredeemer@gmail.com>

## Address not found

Your message wasn't delivered to **mark.garcia@probationlacounty.gov** because the domain probationlacounty.gov couldn't be found. Check for typos or unnecessary spaces and try again.

The response was:

```
DNS Error: 4216689 DNS type 'mx' lookup of probationlacounty.gov responded with code
NXDOMAIN Domain name not found: probationlacounty.gov
```

---------- Forwarded message ----------
From: Adrian Moon <adriandaredeemer@gmail.com>
To: mark.garcia@probationlacounty.gov

1

Cc:

Bcc:

Date: Thu, 2 Aug 2018 15:30:08 -0700

Subject: Fwd: Moon v County of Los Angeles Probation Dept; William Munoz , Warden et. at. cases no. BH 011787 ; 2: 18 - cv- 01558 - SVW- FFM and Citizens Complaint against Kenneth Jew and Marisol Rojas et.al. with internal Affairs L.A. County Probation Office .

---------- Forwarded message ---------

From: **Adrian Moon** <adriandaredeemer@gmail.com>

Date: Thu, Aug 2, 2018, 2:40 PM

Subject: Moon v County of Los Angeles Probation Dept; William Munoz , Warden et. at. cases no. BH 011787 ; 2: 18 - cv- 01558 - SVW- FFM and Citizens Complaint against Kenneth Jew and Marisol Rojas et.al. with internal Affairs L.A. County Probation Office .

To: <howard.byas@probation.lacounty.gov>, <kenneth.jew@probation.lacounty.gov>, <marisol.rojas@probation.lacounty.gov>, <scott.kernan@cdcr.ca.gov>

Cc: Joel Rubin <joel.rubin@latimes.com>, <jlacey@da.lacounty.gov>


Marisol Rojas you have been served with a deposition subpoena for trial set for Aug. 8, 2018 at 9:00 a.m. in Dept 27... by Sheriff services . You stated adamantly that you will not appear as ordered, I don't have a problem with Mr. Byas or Jew's appearance in your contenptious absence but make sure who ever appears have my complete probation file and YOUR and Jew's mental health assessment evaluation reports and discipline records. And Mr. Byas , I still need the Accountability Report of the Auxiliary Funds distributed and made available to YOUR Dept. ? ? weekly , monthly , annual basis ???? A.S.A. P. " A PROMPT RESPONSE IS REQUIRED VIA E-MAIL "

## Delgado, Cindy

**From:**        Adrian Moon <adriandaredeemer@gmail.com>
**Sent:**        Friday, August 03, 2018 12:59 PM
**To:**          Delgado, Cindy
**Subject:**     Fwd: Delivery Status Notification (Failure)
**Attachments:** icon.png

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 11:18 AM
Subject: Fwd: Delivery Status Notification (Failure)
To: <mark.garcia@probation.lacounty.gov>

---------- Forwarded message ---------
From: **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
Date: Thu, Aug 2, 2018, 3:32 PM
Subject: Delivery Status Notification (Failure)
To: <adriandaredeemer@gmail.com>

## Address not found

Your message wasn't delivered to **mark.garcia@probationlacounty.gov** because the domain probationlacounty.gov couldn't be found. Check for typos or unnecessary spaces and try again.

The response was:

```
DNS Error: 4207108 DNS type 'mx' lookup of probationlacounty.gov responded with code
NXDOMAIN Domain name not found: probationlacounty.gov
```

---------- Forwarded message ---------
From: Adrian Moon <adriandaredeemer@gmail.com>
To: mark.garcia@probationlacounty.gov

1

Cc:
Bcc:
Date: Thu, 2 Aug 2018 15:31:50 -0700
Subject: Fwd: Adrian Moon v L.A. County Probation Dept.; William Muniz et. al. HD011898 ; 2:18-cv- 01558 SVW-FFM Supplemental Citizen Complaint against Kenneth Jew and Marisol Rojas

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Tue, Jul 31, 2018, 8:52 PM
Subject: Adrian Moon v L.A. County Probation Dept.; William Muniz et. al. HD011898 ; 2:18-cv- 01558-SVW-FFM Supplemental Citizen Complaint against Kenneth Jew and Marisol Rojas
To: <howard.byas@probation.lacounty.gov>, <scott.kernan@cdcr.ca.gov>
Cc: <jlacey@da.lacounty.gov>, Joel Rubin <joel.rubin@latimes.com>


Today, again insubordinates K. Jew and M. Rojas with there feeble attempts at intimidation and dumbfounded ignorance now say that I can transfer to another county apparently after reading Penal Code Sections 182 and 3003. They also stated that Auxiliary Funds are limited and not given to Negroes. I am requesting immediate removal from the Pasadena Office to the Pomona Office in lieu of Howard Byas's signing if the stipulation for Release on Personal recognizance without surety pending the final decisions of the above mentioned actions or discretionary discharge effective 7-19-18... Marisol Rojas were served with a Deposition Subpoena in case Boddie-Moon v. Moon, case no. BD481244 for Aug. 8, 2018 at 8:30 a.m. in Dept 27 Superior Court, 111 North Hill Street L.A. CA 90012, and Marsol is legally required to bring my complete case file . Marisol has started Kenneth will appear in Marisol' s stead Mr. Byas i need you. or Mr. Keenan to call me A.S.A. P.

I

2

## Delgado, Cindy

| | |
|---|---|
| From: | Adrian Moon <adriandaredeemer@gmail.com> |
| Sent: | Friday, August 03, 2018 1:00 PM |
| To: | Delgado, Cindy |
| Subject: | Fwd: Delivery Status Notification (Failure) |
| Attachments: | icon.png |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 11:17 AM
Subject: Fwd: Delivery Status Notification (Failure)
To: <mark.garcia@probation.lacounty.gov>

---------- Forwarded message ---------
From: **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
Date: Thu, Aug 2, 2018, 3:33 PM
Subject: Delivery Status Notification (Failure)
To: <adriandaredeemer@gmail.com>

## Address not found

Your message wasn't delivered to **mark.garcia@probationlacounty.gov** because the domain probationlacounty.gov couldn't be found. Check for typos or unnecessary spaces and try again.

The response was:

```
DNS Error: 3594552 DNS type 'mx' lookup of probationlacounty.gov responded with code
NXDOMAIN Domain name not found: probationlacounty.gov
```

---------- Forwarded message ----------
From: Adrian Moon <adriandaredeemer@gmail.com>
To: mark.garcia@probationlacounty.gov

1

Cc:
Bcc:
Date: Thu, 2 Aug 2018 15:33:32 -0700
Subject: Fwd: $ 15,000.00 in auxiliary funds and Discretionary Discharge effective July 19 , 2018: Moon v L.A County Probation Dept. case No's. HD011878 ; 2: 18- cv- 01558- SVW-FFM

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Mon, Jul 30, 2018, 9:44 AM
Subject: $ 15,000.00 in auxiliary funds and Discretionary Discharge effective July 19 , 2018: Moon v L.A County Probation Dept. case No's. HD011878 ; 2: 18- cv- 01558- SVW-FFM
To: <howard.byas@probation.lacounty.gov>, <scott.kernan@cdcr.ca.gov>, <marisol.rojas@probation.lacounty.gov>, <kenneth.jew@probation.lacounty.gov>, Ombudsman- L.A. County Probation Dept. <ombudsman@probation.lacounty.gov>, Joel Rubin <joel.rubin@latimes.com>, <jlacey@da.lacounty.gov>


I don't care how many donuts you've all eaten in the last several weeks   This is a NO BRAIN -ER !

## Delgado, Cindy

| | |
|---|---|
| **From:** | Adrian Moon <adriandaredeemer@gmail.com> |
| **Sent:** | Friday, August 03, 2018 1:01 PM |
| **To:** | Delgado, Cindy |
| **Subject:** | Fwd: Delivery Status Notification (Failure) |
| **Attachments:** | icon.png |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 11:16 AM
Subject: Fwd: Delivery Status Notification (Failure)
To: <mark.garcia@probation.lacounty.gov>

---------- Forwarded message ---------
From: **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
Date: Thu, Aug 2, 2018, 3:35 PM
Subject: Delivery Status Notification (Failure)
To: <adriandaredeemer@gmail.com>

## Address not found

Your message wasn't delivered to **mark.garcia@probationlacounty.gov** because the domain probationlacounty.gov couldn't be found. Check for typos or unnecessary spaces and try again.

The response was:

```
DNS Error: 3633951 DNS type 'mx' lookup of probationlacounty.gov responded with code
NXDOMAIN Domain name not found: probationlacounty.gov
```

---------- Forwarded message ---------
From: Adrian Moon <adriandaredeemer@gmail.com>
To: mark.garcia@probationlacounty.gov

1

Cc:

Bcc:

Date: Thu, 2 Aug 2018 15:34:48 -0700

Subject: Fwd: Adrian Moon v L.A. County Probation Dept., William Muniz , warden et. all. Case no. BH 011878 - Request for Discretionary Discharge and $ 2500.00 Auxillary Funds. C.D.C.R. # AF0335 ; Case no. X2047032

---------- Forwarded message ---------

From: **Adrian Moon** <adriandaredeemer@gmail.com>

Date: Sun, Jul 29, 2018, 6:57 PM

Subject: Fwd: Adrian Moon v L.A. County Probation Dept., William Muniz , warden et. all. Case no. BH 011878 - Request for Discretionary Discharge and $ 2500.00 Auxillary Funds. C.D.C.R. # AF0335 ; Case no. X2047032

To: <scott.kernan@cdcr.ca.gov>


In keeping you in the loop

---------- Forwarded message ---------

From: **Adrian Moon** <adriandaredeemer@gmail.com>

Date: Thu, Jul 26, 2018, 9:27 AM

Subject: Fwd: Adrian Moon v L.A. County Probation Dept., William Muniz , warden et. all. Case no. BH 011878 - Request for Discretionary Discharge and $ 2500.00 Auxillary Funds. C.D.C.R. # AF0335 ; Case no. X2047032

To: <howard.byas@probation.lacounty.gov>, <kenneth.jew@probation.lacounty.gov>, <marisol.rojas@probation.lacounty.gov>, Joel Rubin <joel.rubin@latimes.com>, <jl ----- Message truncated - --

## Delgado, Cindy

| | |
|---|---|
| From: | Adrian Moon <adriandaredeemer@gmail.com> |
| Sent: | Friday, August 03, 2018 1:04 PM |
| To: | Delgado, Cindy |
| Subject: | Fwd: Boddie-Moon v. Moon , case no. BD481244 . " DEMAND FOR JURY TRIAL " Trial Set for 8-8-18 at 9: 00 a.m. in Dept. 27. |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 10:27 AM
Subject: Re: Boddie-Moon v. Moon , case no. BD481244 . " DEMAND FOR JURY TRIAL " Trial Set for 8-8-18 at 9: 00 a.m. in Dept. 27.
To: k <kbleemin@aol.com>

Doc as long as everything is covered  you have no problem with me in Jesus name but you could have been a little discreet and used a separate email remember I can't leave the county, AMEN love u

On Fri, Aug 3, 2018, 10:05 AM Kevin Lee <kbleemin@aol.com> wrote:
Doc High school reunion in August want you and Andre to attend!August 17th-19th
Everything is covered!

> On Aug 2, 2018, at 4:56 PM, Adrian Moon <adriandaredeemer@gmail.com> wrote:
>
> Due to the outstanding determination of disqualification of Defendants Joshua Weyser , Thomas Lewis and  Debre Wientrub  I  am demanding a jury to be impaneled at the 8-8-18 , calendared trial in dept. 27 at 9:00 a.m. Also, I AM  requesting that Petitioner and her attorneys of record  turnover all discovery  to me no later than Monday , Aug. 6, 2018. at Noon  that includes discovery in the possession of Debre Wientrub , Judge turn-overed  by Misty Douglas, Supervisor  Sheriff Sales at the April 12, 2018 hearings.  Let's Meet and Confer.. regarding the stipulations requests .. Recap: 1. Retroactive living trust in the names of Adrian , Daelyn and Damico Moon 2.  Vacate, set aside and strike retroactively child support and spousal support orders of 3-8-08. 3.  Alimony in the amount of $ 5000.00 monthly or 50% of the monthly net  of Petitioner's disposable income ,which ever is higher. 4.  GMC Black Yucon.  " A PROMPT RESPONSE IS REQUIRED by noon Friday, Aug. 3, 2018 via e-mail. To GOD be the Glory, Amen
>
>
>

1

**Delgado, Cindy**

| | |
|---|---|
| **From:** | Adrian Moon <adriandaredeemer@gmail.com> |
| **Sent:** | Friday, August 03, 2018 1:02 PM |
| **To:** | Delgado, Cindy |
| **Subject:** | Fwd: Delivery Status Notification (Failure) |
| **Attachments:** | icon.png |

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Aug 3, 2018, 11:07 AM
Subject: Fwd: Delivery Status Notification (Failure)
To: <mark.garcia@probation.lacounty.gov>

---------- Forwarded message ---------
From: **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
Date: Thu, Aug 2, 2018, 3:35 PM
Subject: Delivery Status Notification (Failure)
To: <adriandaredeemer@gmail.com>

## Address not found

Your message wasn't delivered to **mark.garcia@probationlacounty.gov** because the domain probationlacounty.gov couldn't be found. Check for typos or unnecessary spaces and try again.

The response was:

```
DNS Error: 3610532 DNS type 'mx' lookup of probationlacounty.gov responded with code
NXDOMAIN Domain name not found: probationlacounty.gov
```

---------- Forwarded message ----------
From: Adrian Moon <adriandaredeemer@gmail.com>
To: mark.garcia@probationlacounty.gov

1

Cc:
Bcc:
Date: Thu, 2 Aug 2018 15:35:45 -0700
Subject: Fwd: ASSIGNMENT: MY LIFE UNTIL NOW re: Moon v. County of Los Angeles Probation Dept.
case nos. BH011878; 2:18-cv-01558-SVW-FFM

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Sun, Jul 29, 2018, 6:56 PM
Subject: Fwd: ASSIGNMENT: MY LIFE UNTIL NOW re: Moon v. County of Los Angeles Probation Dept.
case nos. BH011878; 2:18-cv-01558-SVW-FFM
To: <scott.kernan@cdcr.ca.gov>


Mr. Kernan  You were sent via  U.S. Mail a copy of writ petition and other documents: tracking # 7018 0680
0000 1264 6583  Please provide a qualified response when you receive the legal mailings , either by e-mail or
phone (702) 756-6336. Thanks In Advance !

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Fri, Jul 27, 2018, 11:25 AM
Subject: ASSIGNMENT: MY LIFE UNTIL NOW re: Moon v. County of Los Angeles Probation Dept. case
nos. BH011878; 2:18-cv-01558-SVW-FFM
To: <kenne ----- Message truncated -----

2

## Delgado, Cindy

**From:**       Adrian Moon <adriandaredeemer@gmail.com>
**Sent:**       Friday, August 03, 2018 1:05 PM
**To:**         Delgado, Cindy
**Subject:**    Fwd: Boddie-Moon v. Moon , case no. BD481244. Turn-Over of Documents - Form
                Interrogatories , Set 1,2 compelling further responses to Request For Admission , Set 3

---------- Forwarded message ---------
From: **Adrian Moon** <adriandaredeemer@gmail.com>
Date: Sat, Jul 28, 2018, 6:33 PM
Subject: Boddie-Moon v. Moon , case no. BD481244. Turn-Over of Documents - Form Interrogatories , Set 1,2 compelling further responses to Request For Admission , Set 3
To: kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com>, kristen makupsonhowardlaw.com <kristen@makupsonhowardlaw.com>, carolyn makupsonhowardlaw.com <carolyn@makupsonhowardlaw.com>, <roye-randall@cssd.lacounty.gov>
Cc: Joel Rubin <joel.rubin@latimes.com>, <jlacey@da.lacounty.gov>


All Praises and Glory To The Almighty Creator - Request For Admission , Set 3. I need further responses: Q. 1- I need copies of all 401K's.  Q. 2- I need the date you did a 703 exam and copy.  Q. 3 - I need copies of all IRA / Keogh plans.  Q. 4 - Admit or Deny, with detailed explanation as why you could not Admit to this Question. Q. 5 - I need a copy of your Retirement plans.  Q. 6 - I need copies of all bank statements for savings and checking.  Q. 7 - I need copies of all the receipts you have that showed that I did not pay off the GMC Yucon  and a detailed explanation as to why you could not Admit to this question.  Q. 8 - You violated an court order with not just removal of the minor children savings but many more, Admit or Deny , with a detail explanation as to why you could not Admit to this question.  Q. 9 -  You Denied this question without a detailed explanation as to why you could not Admit to this question and Admitted to this question in set 2 , one of them has to be perjury.  Q. 10 -  You admitted to not filing a timely or no opposition to the motion to deem establish as Admitted and Mandatory Sanctions, but a opposition was filed with at least 3 counts of perjury  on 7-26-18 , which I will request that YOUR office withdraw it.  Q. 11 - I need a detailed explanation as to why you could not Admit to this question and a copy of your 2016, 2017 W2's and the most recent paycheck stub.  Q. 12 - Admit or Deny with a detail explanation the relevance is I am trying to prove- up criminal parental Alienation . Q. 13 - Admit or Deny with a detail explanation as to why you could not Admit to this question, relevance is your're a whore and liar that falsely incarcerated me... You may redact acct. numbers , social security #'s from the requested documents to avoid any  frivolous motion by your office.  YOUR office still have not responded to the stipulation
Offer ?  As Always YOUR time and consideration in these matters are graciously appreciated . " A PROMPT RESPONSE IS REQUIRED " To GOD be the Glory

**Delgado, Cindy**

| | |
|---|---|
| From: | Adrian Moon <adriandaredeemer@gmail.com> |
| Sent: | Monday, August 06, 2018 12:09 PM |
| To: | Sylvia Andrews |
| Cc: | Delgado, Cindy; howard.byas@probation.lacounty.gov; kenneth.jew@probation.lacounty.gov; Lacey, Jackie; Joel Rubin; Ombudsman- L.A. County Probation Dept.; mark.garcia@probation.lacounty.gov; latonya.moore@probation.lacounty.gov; Arthur Sosa - Senior Director; scott.kernan@cdcr.ca.gov |
| Subject: | Re: Subpoena for DPO Marisol Rojas |

Ms. Silvia , the sheriff Dept served the Deposition Subpoena on Kenneth Jew, Supervisor who accepted it on behalf of his subordinate Marisol Rojas ？ So We find your actions as obstruction of Justice and contempt of the court issued subpoena... " A PROMPT RESPONSE IS REQUIRED ". Love u

On Mon, Aug 6, 2018, 11:18 AM Sylvia Andrews <SYLVIA.ANDREWS@probation.lacounty.gov> wrote:

Hello,

Please see attachment.

This subpoena is being returned to you because it has been improperly served.

All subpoenas must be sent directly to Probation Headquarters for processing.

Subpoenas are not to be sent directly to any area office, hall or camp.

We did not accept subpoenas via email or fax.

All subpoenas must be either sent by US Mail or delivered by process server.

1

The above attached handout will give you the information needed to properly serve a subpoena to Probation Headquarters.


Thanks,



**Sylvia J. Andrews, MPA**

**Administrative Services Bureau**

**Human Resouces**

**Risk Management**

**Civil Litigation Office**

**Subpoena Control and Request for Records**

**Civil Litigation Program Analyst**

**(562) 940-2854**

**Sylvia.andrews@probation.lacounty.gov**


INFORMATION CONTAINED IN THIS EMAIL IS: CONFIDENTIAL RISK MANAGEMENT/ AT DIRECTION OF THE COUNSEL/PRIVILEGED COMMUNICATION.


CONFIDENTIAL NOTICE: This email message and the attached document(s), if any, are intended only for the official and confidential use of the individual(s) or entity to which it is addressed. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivering the message and/or attached document(s) to the intended recipient(s), you are hereby given notice that any unauthorized use, dissemination, forwarding or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply email or telephone and delete the original message and any attached document(s) from your system. Thank you.

## Delgado, Cindy

| | |
|---|---|
| From: | Adrian Moon <adriandaredeemer@gmail.com> |
| Sent: | Tuesday, August 07, 2018 1:28 PM |
| To: | kraig makupsonhowardlaw.com; carolyn makupsonhowardlaw.com; kristen makupsonhowardlaw.com; roye-randall@cssd.lacounty.gov |
| Cc: | Joel Rubin; Lacey, Jackie; Delgado, Cindy; Maryetta Marks |
| Subject: | Re: IRMO Moon: Meet and Confer |

Defendant Jill Boddie et. at.  I sent to you all an e-mail stating about not needing accounts numbers, social security numbers... I have all that,  and if my wife brought any properties anytime after Nov. 1996 to present than I am entitled to full disclosure and HALF...  Even after separation  due to the fact, if she used money or sold sex to acquire properties , either solely or with one of her many " JOHNs "   then I am entitled to HALF.  Again your motion is frivolous , a dumb delay, harassing tactic steal more of my estate, Also withdraw your frivolous and late opposition to my motion to deem admission set 1 and 2 as established admitted and mandatory Sanctions or I will request the court to deem you and your office and Jill  vexatious litigants and Defendant Joshua Weyser already ruled on March 5, 2018 that You all had a Divorce Judgment in 2008 whereby denying me spousal support I assume Weyser thought I should have ask for Alimony... Lol.  Bring all my discovery to court tomorrow or else da Redeemer will get u... and give u your wages for your sins in Jesus name. " A PROMPT RESPONSE IS REQUIRED "

On Tue, Aug 7, 2018, 12:32 PM kraig makupsonhowardlaw.com <kraig@makupsonhowardlaw.com> wrote:

Dear Mr. Moon:

I send you this email to meet and confer with you regarding the Ex Parte Request for Order of which I gave you notice earlier this morning by leaving a message on your voicemail and sending you an email with the attached letter.

Please advise whether you would agree to accept Jill Boddie-Moon's Responses to your Form Interrogatories, and Responses to any future discovery requests that you might propound to Ms. Boddie-Moon, that would exclude the information according to the protective orders requested in B(i) – (vii) in the attached ex parte notice letter.

Thank you,

Kraig L. Kibble, Esq.

Law Offices of Makupson & Howard, A PC

301 East Colorado Boulevard, Suite 610

1

Pasadena, California 91101

Tel: (626) 356-0752

Fax: (626) 356-2436

http://secure-web.cisco.com/1N-MOJWSgssRDTNw7W5OTH-cP4pKUj_YgNQ6WQJLk65rHBId0QtMa0H0segYJ0SG_nwGdb2ui0byTudv_SQv_4vZyLRzbvu7Od0rUjfcWO9hjgrspaqSkIKiaXMMn83DhIDj0gy43LKedz78__ZeXv_3zdMuEF9t8nQ6ndqIvb0-4WV0naFjwgIB8lseX5nLrcNxRfgFYS-5coxiQlr-4qNbRw-nxpf5MNfhrogvA10yJndR4G-_DhztrqN7tb16wLueaEyvZgoIep7YEfjGpkRKYNY1YgqxREZffTv73who3mjr-V31TaZmJ2cvd3s4rIULbnV180gOp2tKLORYKyldTrOSFkSqP0n3JH-ukQq2XjAnJno9wL9sJYGlHnG2-KT28kEAuaROneHi7UG2s6w/http%3A%2F%2Fwww.pasadenafamilylawfirm.com

This e-mail contains information that may be confidential or attorney/client privileged. If you are not the intended recipient, any disclosure or other use of this e-mail or the information contained herein or attached hereto may be unlawful and is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and delete this e-mail without reading, printing, copying or forwarding it to anyone. Thank you for your kind cooperation.

## Delgado, Cindy

| | |
|---|---|
| From: | Adrian Moon <adriandaredeemer@gmail.com> |
| Sent: | Tuesday, August 07, 2018 2:56 PM |
| To: | scott.kernan@cdcr.ca.gov; terry.mcdonald@probation.lacounty.gov; darlyne.pettinicchio@probation.lacounty.gov |
| Cc: | Tami.Falconer@cdcr.ca.gov; Sara.Malone@cdcr.ca.gov; Delgado, Cindy; Ombudsman-L.A. County Probation Dept.; Joel Rubin; Lacey, Jackie |
| Subject: | re: ADRIAN MOON v. L.A. COUNTY PROBATION DEPT. , WILLIAM MUNIZ , Warden et. at. cases no. BH011878 , Superior Court - Central Dist. ;. 2: 18 - cv- 01558- SVW- FFM , U.S.C.D. Court. " STIPULATION " |

Scott in speaking with you secretary Cathy today,  She explained to me  that you were in receipt of the seven (7) CDCR Form 22 's  and a copy of the Writ petition, case no. BH011878 and all my e-mails, I have yet to hear from Terry, nor Darlyne with the Probation Dept. as you well know that this is a CDCR issue dating back as far as October 8, 2010, your predecessor informed you of my mighty existence. Framed in your initial speech " it's not us against them "  but  the righteous ( us ) against ( them ) criminals acting under the color of the law as State and Federal Employees.  I look forward to our expeditious " meet and confer " see C.C.R. sec. 3086 et. Seq.  " A PROMPT RESPONSE IS REQUIRED " To GOD be the Glory , Amen

1

Electronically FILED by Superior Court of California, County of Los Angeles 6/9/2022 12:33 PM Sherri R. Carter, Executive Officer/Clerk, By A. Gonzalez, Deputy Clerk

**NO FEE DUE**
**GOV'T CODE § 6103**

DAWYN R. HARRISON, Acting County Counsel
EDUARDO MONTELONGO, Assistant County Counsel
KENT M. SOMMER, Senior Deputy County Counsel
(SBN 262832) • *ksommer@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 787-0361 · Fax: (213) 626-5578

Attorneys for Petitioner, County of Los Angeles

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| County of Los Angles,<br><br>                    Plaintiff,<br><br>    v.<br><br>Adrian Moon<br><br>                    Defendant. | CASE NO. 22STRO03447<br><br>**EXHIBITS 5 - 9 TO PETITION**<br><br>**FOR WORPLACE VIOLENCE** |

EXHIBITS 5 - 9 TO PETITION FOR WORPLACE VIOLENCE

Exhibit 5

re: Criminal Complaint against Kathryn
Barger-Librick, case no. 22-

## LAWRENCE BEACH | ATTORNEYS AT LAW
## | ALLEN & CHOI · PC

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
2677 N. Main Street, Suite 370
Santa Ana, California 92705
T 714-479-0180
F 714-479-0181

November 5, 2021

Via E-Mail (adriandaredeemer@gmail.com)

Adrian Moon
955 North Lake Avenue
Pasadena, CA 91104

      Re:    *Leah Whetstone, et al. v. Adrian D. Moon*
           L.A.S.C. Case No. 21PDUD00319[1]

Dear Mr. Moon:

      This letter pertains to the two Deposition Subpoenas for Personal Appearance and Production of Documents and Things dated November 1, 2021 in the above-referenced matter ("Subpoenas"), directed to Supervisor Kathryn Barger of the County's Board of Supervisors and Chief Executive Officer Fesia Davenport of the County's Chief Executive Office. The Subpoenas are defective for numerous reasons and should be immediately withdrawn.

      First and foremost, the Subpoena to Supervisor Kathryn Barger appears be an additional copy of the subpoenas previously sent by you to my client, to which my office previously served objections on at least two occasions, and those objections are incorporated herein by this reference. These same objections also apply to your Subpoena to CEO Fesia Davenport.

      Also, as you know, the Subpoenas are a clear violation of the Order entered by the Court on August 24, 2020, in Los Angeles Superior Court Case No. BA332095, which provides:

         "The Court hereby finds that Defendant Adrian D. Moon is a vexatious litigant and that, accordingly, he shall not seek, nor shall he be issued from the clerk of the court, nor

---

[1] We cannot locate on the Court's website any case with this case number. In fact, we have been unable to locate any Superior Court action filed in 2021 in which you are a party.

LAWRENCE BEACH | ATTORNEYS AT LAW
ALLEN & CHOI · PC

Adrian D. Moon
Re: *Whetstone v. Moon*
November 5, 2021
Page 2

shall he serve, any subpoena or conduct any other discovery upon any third-party (including, but not limited to, employees of the County of Los Angeles, which shall include but not be limited to members of the Los Angeles County Board of Supervisors, the District Attorney, and the members of the Los Angeles County District Attorney's Office) in any matter within the Los Angeles Superior Court without first obtaining approval from the Court based upon a showing of good cause.

The Court hereby advises Defendant Adrian D. Moon that any violation of this Order may be considered an abuse of the judicial process and punishable as the Court deems appropriate which may include, but not be limited to, a contempt of court under Code of Civil Procedure § 1209...."

Third, the Subpoenas are improper because they are not reasonably calculated to lead to the discovery of evidence relevant to this proceeding. Pursuant to Code of Civil Procedure § 1987.1, the Court may "make an order quashing [a] subpoena" where the information sought is not relevant to the subject proceeding. *People v. Rhone* (1968) 267 Cal.App.2d 652, 657.1.[2] The burden is squarely upon the compelling party to establish the relevance of the evidence that said witness may provide. *In re Finn* (1960) 54 Cal.2d 807, 813. Moreover, misuse of subpoenas is punishable as a contempt of court. *Fabricant v. Superior Court* (1980) 104 Cal. App. 3d 905, 916. Here, the only matter that could be at issue in this proceeding appears to be your unlawful detainer dispute with your landlord. However, by the Subpoenas, you are trying to involve two high-ranking government officials who have no personal knowledge about or legal relevance to your dispute. Of course, that is improper. Because you have not and cannot establish any good cause to justify discovery from a third party as to the information sought by the Subpoenas, they are without merit.

Fourth, the Subpoenas are improper because they call for testimony from Supervisor Barger and CEO Davenport, who are high-ranking government officials. "Courts have recognized that high-ranking public officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions...The extraordinary circumstances test may be met when high-ranking officials have direct personal factual information pertaining to material issues in an action, and the information to be gained is not

_____

[2] In addition to quashing a subpoena, pursuant to the Court's inherent power and Code of Civil Procedure § 1987.1(a), the Court "...may make an order quashing the subpoena entirely, modifying it, or directing compliance with it upon those terms or conditions as the court shall declare, including protective orders. In addition, the court may make any other order as may be appropriate to protect the person from unreasonable or oppressive demands, including unreasonable violations of the right of privacy of the person."

LAWRENCE BEACH|         ATTORNEYS AT LAW
                |ALLEN & CHOI · PC

Adrian D. Moon
Re: *Whetstone v. Moon*
November 5, 2021
Page 3

available through any other sources." *Jarbo v. Cty. of Orange*, 2010 WL 3584440, at*1 (C.D. Cal. Aug. 30, 2010)(internal quotations omitted); *Coleman v. Schwarzenegger*, 2008 WL 4300437, at*2 (E.D. Cal. Sept. 15, 2008) ("[T]he settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions.") (emphasis added). Given this well-recognized legal doctrine, it is not surprising that California courts have likewise precluded a party from calling a high-ranking official to testify, even if they are a named party, absent extraordinary circumstances:

> "The general rule is based upon the recognition that '...an official's time and the exigencies of [her] everyday business would be severely impeded if every plaintiff filing a complaint against an agency head, in [her] official capacity, were allowed to take [her] oral deposition. Such procedure would be contrary to the public interest, plus the fact that ordinarily the head of an agency has little or no knowledge of the facts of the case.'" *(Nagle v. Superior Court*, [28 Cal.App.4th 1465, 1468 (1994)].) An exception to the rule exists only when the official has direct personal factual information pertaining to material issues in the action and the deposing party shows the information to be gained from the deposition is not available through any other source. *(Ibid.*, citing *Church of Scientology of Boston v. IRS*, [138 F.R.D. 9, 12 (1990)].)

*Westly v. Superior Court* (2004) 125 Cal.App.4th 907, 911.

Fifth, depositions do not proceed in open court, as the Subpoenas purport to require.[3]

Sixth, the deposition dates on the Subpoenas are scheduled for November 1, 2021, when the Subpoenas were purportedly served the day after (November 2, 2021). Thus, even if the Subpoenas were otherwise proper, they are based on insufficient notice and the required witness fees were not paid.

Seventh, the apparent objective of your Subpoenas is nothing more than an attempt to engage in a "fishing expedition" to harass and burden public servants. California courts have held that the blanket nature of similar subpoenas provides independent grounds for their quashing. *See, e.g., People* v. *Superior Court (Barrett)* (2000) 80 Cal.App.4th 1305, 1320 n.7; *People v. Serrata* (1976) 62 Cal.App.3d 9, 15 (quashing subpoena because of its "blanket nature").

---

[3] Parts of the documents you prepared are illegible, and therefore cannot be responded to because they cannot be read or understood.

LAWRENCE BEACH|      ATTORNEYS AT LAW
|ALLEN & CHOI·PC

Adrian D. Moon
Re: *Whetstone v. Moon*
November 5, 2021
Page 4


Given the above, there will be no appearance as a result of the Subpoenas, and we respectfully request that they be promptly withdrawn. Should you pursue your frivolous and harassing behavior further, please be advised that we shall seek to have you held in contempt of court (with all appropriate civil and/or criminal remedies), as well as seek an order for monetary sanctions against you for all of the costs and attorneys' fees needlessly expended as a result of your on-going abusive tactics. We sincerely hope that this will not be necessary.


Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

Paul B. Beach

EXHIBIT 6

San Marino Police Department
P: 626.300.0720

EVENT #2204160047

## POLICE EVENT INFORMATION

CLEARED

| DATE / TIME RECEIVED | DATE / TIME TRANSMITTED | FIRST DATE / TIME DISPATCHED | FIRST DATE / TIME EN ROUTE | FIRST DATE / TIME ARRIVED |
|---|---|---|---|---|
| 04/16/2022 12:52:57 | 04/16/2022 12:52:57 | 04/16/2022 12:58:36 | 04/16/2022 12:58:36 | 04/16/2022 12:58:36 |
| | | LAST DATE / TIME DISPATCHED | | LAST DATE / TIME ARRIVED |
| | | | | |

| CALLTAKER / ID# | DISPATCHER / ID# |
|---|---|
| T. Canizalez #343 | |

| PRIMARY UNIT DISPATCHED | BACKUP UNIT(S) DISPATCHED |
|---|---|
| 2L2 | 2L1, 2S |

| LOCATION | APT/UNIT |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇ | |

LOCATION NOTES

| POLICE O-AREA | POLICE AGENCY | POLICE DISTRICT / SECTOR / GRID |
|---|---|---|
| | San Marino Police Department | Beat 2 |

| POLICE RADIO | MERGED RADIO CHANNELS |
|---|---|
| | |

| CALL FOR SERVICE | ADDITIONAL CALLS FOR SERVICE |
|---|---|
| PUBAST(P) - PUBLIC ASSIST | |

| RISK | PRIORITY | TYPE | ORIGIN |
|---|---|---|---|
| Standard | P2 | ▇ DISPATCH ☐ TRU | Phone |

NARRATIVE

▇▇▇▇▇▇▇▇ /// POSS 2980 LORAIN - KATHRYN BARGER /// ADRIAN MOON PRIVATE CITIZENS ARREST AND SERVE PAPERS /// STATES HE IS VICTIM OF CRIME AND PETITIONER AND CROSS COMPLAINTANT FOR CIVIL AND CRIMINAL MATTER /// RP IN GRY TOYOTA COROLLA

## REPORTING PARTIES

| RP-1 FIRST NAME | LAST NAME | PHONE |
|---|---|---|
| | | |

| LOCATION | APT/UNIT |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇ | |

| NOTES | DATE / TIME |
|---|---|
| | 04/16/2022 12:52:57 |

## DISPOSITIONS

| D-1 PRIMARY DISPOSITION | ADDITIONAL DISPOSITION(S) | DATE / TIME |
|---|---|---|
| AST - ASSISTED | | 05/19/2022 13:43:38 |
| NOTES | | USER / ID# |
| | | T. Canizalez #343 |

| D-2 PRIMARY DISPOSITION | ADDITIONAL DISPOSITION(S) | DATE / TIME |
|---|---|---|
| AST - ASSISTED | | 04/16/2022 13:03:37 |
| NOTES | | USER / ID# |
| PAPERS LEFT IN MAILBOX | | T. Canizalez #343 |

## RELATED EVENTS

EXHIBIT 7

TO: Kathryn N Blee Barger RECEIVED D.100
Copy RECEIVED APR 1 5 2022 or

ADRIAN D. MOON
955 NORTH LAKE AVE
PASADENA CA 91104
CELL: (626) 360-9896
EMAIL: adriandaredeemer@gmail.com

Attorney For Petitioner-Victim and Cross-Plaintiff In Pro Se

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## CLARA SHORTRIDGE FOLTZ COURTHOUSE

## IN THE COUNTY OF LOS ANGELES-C.C.B. INC.

| | |
|---|---|
| **ADRIAN D. MOON,** on Habeas Corpus, | ) Case No. ___**BA332095 AND BA362256**___ |
| By the Authority of The Almighty Creator, | ) **EMERGENCY MOTION FOR ORDERS** |
| Petitioner-Victim and Cross-Plaintiff, | ) **UNDER RULE 5.151 AND SUPREMACY CLAUSE ARTICLE VI PARAGRAPH TWO** |
| vs. | ) **OF THE CALIFORNIA AND UNITED STATES CONSTITUTION FOR** |
| **SATAN THE DEVIL ( People of California),** | ) **DEFENDANT MICHAEL D. CARTER JUDGE TO FORWARD EMERGENCY** |
| ET. AL. | ) **MOTION FOR ORDERS TO DO DEPOSITIONS TO BE HEARD OR FOR RE-ASSIGNMENT IN DEPT. 100 ET. SEQ.** |
| At the Behest of Satan The Devil, | ) **( Proposed ) ORDER THEREON** |
| Respondents-Defendants, | ) DATE: APRIL 18, 2022 |
| | ) TIME: 8:30 a.m. or soon thereafter to be heard |
| | ) DEPT.: 108 |
| | ) LOC.: 210 W. Temple Street L.A. CA 90012 |
| | ) HONORABLE JUDGE MICHAEL D. CARTER |
| | ) COVID-19: HOST, HOAX , OR HOLY SPIRIT |

## DECLARATION OF ADRIAN D. MOON

## MEMORANDUM OF POINTS AND AUTHORITIES

I AM ADRIAN D. MOON, ( hereinafter, 'daredeemer') Attorney For Petitioner-Victim and Cross-Plaintiff In Pro Se, chosen one, begotten Son of the Almighty Creator, EL ELYON in the Mighty Name of Yeshua Jesus Christ the Messiah... paragon , with integrity and veracity , proclaim and decree as follows,

EMERGENCY MOTION FOR ORDERS UNDER RULE 5.151 AND THE SUPREMACY CLAUSE ARTICLE VI PARAGRAPH TWO FOR DEFENDANT MICHAEL D. CARTER JUDGE TO TRANSFER EMERGENCY MOTION FOR DEPOSITIONS FOR RE-ASSIGNMENT IN DEPT. 100 ET. SEQ. TO BE HEARD... - 1

1. On April 6, 2022, Defendant Michael D. Carter failed to recuse himself, but set his Determination of his Disqualification hearing for May 6, 2022 ! , but could not hear 'daredeemer's Emergency Motion to do Depositions on Christopher Allen Darden, Walter Henry Mueller ( no longer eligible to practice law , but is still on payroll with the Los Angeles County District Attorney's office, per Cynthia ) Kathryn Barger-Liebrich, Craig Mitchell, Michael Johnson to prepare the material evidence for the Hearing on May 6, 2022.

2. On April 11, 2022, 'daredeemer' was told by Clerk Supervisor Dawn of Dept. 108 that the motion shall be heard on April 15, 2022, about 9:30 a.m. 'daredeemer' arrived in Dept. 108 , Defendant Michael D. Carter was seen escaping out the back door ! Lol   The Clerk in dept. 108 informed 'daredeemer' that Defendant Michael D. Carter was gone for the Day !   The Clerk in dept. 108 informed 'daredeemer' that he called Michael D. Carter, Judge who informed the Clerk that all matters shall be heard on May 6, 2022.   See, read, and consider Minute Order of April 15, 2022.

**Pursuant to C.C.P. section 170.4 (a) ET. SEQ.**

3. Defendant Michael D. Carter can still hear default matters even after his imminent recusal on May 6, 2022. , but in lieu of this undisputed fact , Michael D. Carter , Judge can forward the Emergency Motion for Depositions to Dept. 100 to be heard or re-assigned to be heard.

4. 'daredeemer' has personal knowledge of the Undisputed Facts herein referred as to Treason, Criminal Conspiracy , Fraud, irreparable harm, immediate danger or any other statute, authority or Law to bring this Application on an Emergency Basis!  If called to testify 'daredeemer' could and would completely and competently at the hearing on the matter, and Oral Argument is Requested and Required GREAT CAUSE EXIST FOR THE RELIEF 'daredeemer' is seeking.   Defendants are currently fugitives at Large and to the peril of the Public Safety at Large.

'daredeemer' declares under the penalty of Sin that the foregoing is true and correct, So help me GOD !

///

'liberia nos a malo"

DATED: April 15, 2022

ADRIAN D. MOON, VICTIM

Moon v Satan et al.
case nos. BA332095 and BA362256

(Proposed) ORDER

As this matter came by regularly to the court after considering dave dehmer's declaration and Judiciary criminal misconduct to the satisfaction that this matter ought to be GRANTED!

FOR GOOD CAUSE SHOWING, IT IS SO ORDERED!

that 1 This Emerging Motion is hereby GRANTED in it's Entirety!

2. The Court Clerk in Dept. 105 is directed to Forward this Emergency Motion for orders for Depositions to the Clerk in Dept. 100 for adjudication or re-assignment pursuant to c.c.r.5 170.4(a) ET. SEQ.

Dated: April 18, 2022

Honorable Judge Michael D. CARTER
SUPERIOR COURT OF CALIFORNIA

EMERGENCY MOTION FOR ORDERS UNDER RULE 5.151 AND THE SUPREMACY CLAUSE ARTICLE VI PARAGRAPH TWO FOR DEFENDANT MICHAEL D. CARTER JUDGE TO TRANSFER EMERGENCY MOTION FOR DEPOSITIONS FOR RE-ASSIGNMENT IN DEPT. 100 ET. SEQ. TO BE HEARD... - 3

EXHIBIT 8

San Marino Police Department
P: 626.300.0720

## DR # 2022-00297 - Documentation Only - 2204290001 Report

| REPORT DATE / TIME | BEAT / REPORTING DISTRICT / SUBDIVISION 4 / SUBDIVISION 5 | | OCCURENCE START DATE / TIME - OCCURENCE END DATE / TIME |
|---|---|---|---|
| Apr 29, 2022 16:00 | Out of Jurisdiction / 226 | | Apr 28, 2022 16:14 - 17:23 |
| PRIMARY REPORTER | | WEATHER | |
| Arthur Burgos | | | |

ASSISTING PERSONNEL / TYPE(S)

Jose CORNEY #351 (Field Training Officer)

REPORT TAKEN LOCATION

SAN MARINO POLICE DEPARTMENT, 2200 HUNTINGTON DR, SAN MARINO, CA 91108

SAN MARINO POLICE DEPARTMENT, 2200 HUNTINGTON DR, SAN MARINO, CA 91108

955 N. LAKE AVE., 1, PASADENA, CA 91004

| IS VICTIM IN REPORT CONFIDENTIAL PER PC 293? | SHOOTING | SHOTS EFFECT | EMS / FIRE / OTHER LE AGENCIES ON SCENE |
|---|---|---|---|
| ☐ YES ☐ NO | ☐ YES ☐ NO | ☐ YES ☐ NO | ☐ YES ☐ NO |

UNIT

STAT REPORTING

☐ Juvenile

☐ Hate Crime

☐ Pursuit

☐ AED Deployed

☐ Confidential Victim (PC 293)

☐ Domestic Violence

☐ Courtesy Report

☐ No Prosecution Desired

☐ K9 Deployed

☐ Alcohol

☐ Transient-Related

☐ Use of Force

☐ Taser Deployed

*NOTIFICATIONS*

| NOTIFICATION-1 MADE | NOTIFICATION DATE |
|---|---|
| Patrol | Apr 28, 2022 16:14 |

NOTIFICATION DETAILS

Incident documentation

## NARRATIVE

### Background:

On 04-16-22 at approximately 1252 hours, officers responded to ▮▮▮▮▮▮▮▮ regarding a subject attempting to serve papers and Citizen's arrest documents against the resident. The subject requesting assistance was later identified as Adrian Moon.

### Narrative:

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| Arthur Burgos   Apr 29, 2022 18:01 (e-signature) | Jeremy BESTPITCH #316   Apr 30, 2022 14:33 (e-signature) |
| PRINT NAME | PRINT NAME |
| Arthur Burgos | Jeremy BESTPITCH #316 |

**San Marino Police Department**
P: 626.300.0720
Mark49 RMS Form v2.0 generated by T. Canzalez #343 on May 19, 2022 13:40

Pg 1 of 2

DR # 2022-00297 - Documentation Only - 2204290001 Report San Marino Police Department

Pg 2 of 2

On 04-28-22 at around 1614 hours, Moon came to the San Marino Police Department to speak with an officer regarding filing a citizen's arrest at ▮▮▮▮▮▮▮ Corporal Corney # 351 and I (Officer Burgos # 376), met with Moon at the front counter of the police department.

Moon told me that he needed assistance to arrest Kathryn Barger for false imprisonment. Moon stated that from 2009-2018, he had been falsely imprisoned for attempting to file documents. According to Moon, 37 counts were filed against him. From 2018-2020 there were 5 more violations against his rights.

Moon is blaming County Supervisor Barger for the arrest because she is the 5th district Supervisor that is in charge of his district. I asked Moon if he had reported this case to the public integrity division and he told me that he had contacted District Attorney Alan Yochelson ▮▮▮▮▮▮ but has not received any help from him.

I told Moon that I will document everything that he told me and that this process can take a long time. Moon agreed and provided documents of court dispositions which I have attached to this report. Moon added that he will furnish more paperwork at a later time. Moon then left the front counter without incident.

I reviewed the documents that Moon provided. A copy of court transcript proceedings dated 04-01-20 show that court case 0PR00351-01 was dismissed during that time. Many of the documents provided appear to be disposition notes from a court reporter (stenographer).

In one of the court documents from Court of Appeals filed on 02-25-22, I read that Moon was identified as a declared vexatious litigant. I searched the vexatious litigant list from the California Courts and I located Moon's name on page 56. The list is current as of 04-01-22. I attached a copy of the list to this report.

*REPORTING PARTY-1*

| REPORTING PARTY-1 (PERSON) | | | DOB / ESTIMATED AGE RANGE | |
|---|---|---|---|---|
| R-1 Moon, Adrian | | | 1960-06-01 | |
| SEX | RACE / ETHNICITY | PHONE NUMBER | EMAIL ADDRESS | |
| Male | Black / Not Hispanic Or Latino | (626) 360-9896 (primary, Mobile Phone) | | |

| HOME ADDRESS | BEEN AT LOCATION SINCE |
|---|---|
| 955 N. LAKE AVE., 1, PASADENA, CA 91004 | |

## INVOLVED LOCATIONS

LOCATION

SAN MARINO POLICE DEPARTMENT, 2200 HUNTINGTON DR, SAN MARINO, CA 91108

LOCATION

955 N. LAKE AVE., 1, PASADENA, CA 91004

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| Arthur Burgos   Apr 29, 2022 18:01 (e-signature) | Jeremy BESTPITCH #316   Apr 30, 2022 14:33 (e-signature) |
| PRINT NAME | PRINT NAME |
| Arthur Burgos | Jeremy BESTPITCH #316 |

**San Marino Police Department**
P: 626.300.0720
Mark43 RMS Form v2.0 generated by T. Canizalez #343 on May 19, 2022 13:40.

Pg 2 of 2

EXHIBIT 9

## CH-110    Temporary Restraining Order

Clerk stamps date here when form is filed.

FILED
Superior Court of California
County of Los Angeles

APR 29 2022

Sherri R. Carter, Executive Officer/Clerk

By _____
Yvonne Villarreal

*Person in ① must complete items ①, ②, and ③ only.*

**① Protected Person**

a.  Your Full Name: CHRISTOPHER DARDEN

Your Lawyer *(if you have one for this case):*

Name: CHRISTOPHER DARDEN    State Bar No.: 094959

Firm Name: DARDEN LAW GROUP, APC.

b.  Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.):*

Address: 9909 N. TOPANGA BLVD., RM. 227

City: CHATSWORTH    State: CA    Zip: 91311

Telephone: 310-654-3369    Fax:

E-Mail Address: christopherdardenlaw@gmail.com

*Fill in court name and street address.*

Superior Court of California, County of

NORTH VALLEY DISTRICT
CHATSWORTH COURTHOUSE
9425 Penfield Avenue, Room 1200
Chatsworth, CA 91311

*Court fills in case number when form is filed.*

Case Number:

**22CHRO00727**

**② Restrained Person**

Full Name: ADRIAN MOON

Description:

| | | |
|---|---|---|
| Sex: ☒ M  ☐ F  Height: 6'3"  Weight: 205 | | Date of Birth: 6-1-60 |
| Hair Color: BLK   Eye Color: BRN | Age: 61 | Race: BLACK |

Home Address *(if known)*: TERMINAL ANNEX

City: LOS ANGELES    State: CA    Zip: 90012

Relationship to Protected Person: NONE

**③ ☒ Additional Protected Persons**

In addition to the person named in ①, the following family or household members of that person are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Protected Person |
|---|---|---|---|---|
| MARCIA DARDEN | F | | ☒ Yes ☐ No | WIFE |
| CHRIS DARDEN, JR. | M | 24 | ☒ Yes ☐ No | SON |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ *Check here if there are additional persons. List them on an attached sheet of paper and write "Attachment 3 Additional Protected Persons" as a title. You may use form MC-025, Attachment.*

**④ Expiration Date**    *The court will complete the rest of this form.*

*This Order expires at the end of the hearing scheduled for the date and time below:*

Date: 5/18/22    Time: 8:30    ☒ a.m.  ☐ p.m.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. March 15, 2019 Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ

**Temporary Restraining Order (CLETS-TCH)**
(Civil Harassment Prevention)

CH-110, Page 1 of 6
→

Case Number: **22CHR000727**

## To the Person in ② :

The court has granted the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

**5  Personal Conduct Orders**

☐ Not Requested    ☐ Denied Until the Hearing    ☒ Granted as Follows:

a. ☒ You must not do the following things to the person named in ① and to the other protected persons listed in ③ :

(1) ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

(2) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

(3) ☒ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.

(4) ☐ Other (specify):

☐ Other personal conduct orders are attached at the end of this Order on Attachment 5a(4).

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the person in ① .

**6  Stay-Away Order**

☐ Not Requested    ☐ Denied Until the Hearing    ☒ Granted as Follows:

a. You must stay at least ___100___ yards away from (check all that apply):

(1) ☒ The person in ①
(2) ☒ Each person in ③
(3) ☒ The home of the person in ①
(4) ☒ The job or workplace of the person in ①
(5) ☐ The school of the person in ①
(6) ☒ The school of the children of the person in ①

(7) ☐ The place of child care of the children of the person in ①
(8) ☒ The vehicle of the person in ①
(9) ☐ Other (specify):

b. This stay-away order does not prevent you from going to or from your home or place of employment.

**7  No Guns or Other Firearms and Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. You must:

(1) Sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

## This is a Court Order.

 

Case Number:
**22CHR000727**

    (2)  File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form CH-800, Proof of Firearms Turned In, Sold, or Stored, for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm

**⑧ Possession and Protection of Animals**

☒ **Not Requested**    ☐ **Denied Until the Hearing**    ☐ **Granted as Follows** *(specify):*

a. ☐ The person in ① is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household. *(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

b. ☐ The person in ② must stay at least _____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

**⑨ Other Orders**

☒ **Not Requested**    ☐ **Denied Until the Hearing**    ☐ **Granted as Follows** *(specify):*

_____
_____
_____

☐ Additional orders are attached at the end of this Order on Attachment 9.

**To the Person in ①:**

**⑩ Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one).*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☐ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☒ By the close of business on the date that this Order is made, the person in ① or his or her lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

| Name of Law Enforcement Agency | Address *(City, State, Zip)* |
|---|---|
| LAPD- Topanga Station | 21501 Schoenborn St. Canoga Park, CA 91354 |

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

**This is a Court Order.**

Case Number: **22CHR000727**

(11) **No Fee to Serve (Notify) Restrained Person**   ☒ Ordered   ☐ Not Ordered

The sheriff or marshal will serve this Order without charge because:

a. ☒ The Order is based on unlawful violence, a credible threat of violence, or stalking.

b. ☐ The person in (1) is entitled to a fee waiver.

(12) Number of pages attached to this Order, if any: _____

Date: **APR 2 9 2022**

_____
Judicial Officer   AMIR AHARONOV

## Warnings and Notices to the Restrained Person in (2)

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control as stated in item (7) above. The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and form CH-109, *Notice of Court Hearing*, but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item (2).

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders.

- Read form CH-120-INFO, *How Can I Respond to a Request for Civil Harassment Restraining Orders?*, to learn how to respond to this Order.

- If you want to respond, fill out form CH-120, *Response to Request for Civil Harassment Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your response if the Request claims that you inflicted or threatened violence against or stalked the person in (1).

- You must have form CH-120 served by mail on the person in (1) or that person's attorney. You cannot do this yourself. The person who does the mailing should complete and sign form CH-250, *Proof of Service of Response by Mail*. File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.

- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use form MC-030, *Declaration*, for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at *www.courts.ca.gov/forms*. If you do not know how to prepare a declaration, you should see a lawyer.

**This is a Court Order.**

Case Number:
**22CHR000727**

- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.

- At the hearing, the judge can make restraining orders against you that last for up to five years. Tell the judge why you disagree with the orders requested.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Orders

This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item ④ on page 1.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b) ) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):

- The officer sees a copy of the Proof of Service or confirms that the Proof of Service is on file; or
- The restrained person was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

Rev. March 15 2019

**Temporary Restraining Order (CLETS-TCH)**
(Civil Harassment Prevention)

CH-110, Page 5 of 6



Case Number:
**22CHR000727**

## Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued, the orders must be enforced according to the following priorities** (see Pen. Code, § 136.2; Fam. Code, §§ 6383(h)(2), 6405(b)).

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced

*Clerk's Certificate*
*[seal]*

*(Clerk will fill out this part)*
### —Clerk's Certificate—

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date.                    Clerk. by _____ , Deputy

**This is a Court Order.**

**Temporary Restraining Order (CLETS-TCH)**
(Civil Harassment Prevention)
CH-110, Page 5 of 6

**CH-100**    Request for Civil Harassment Restraining Orders

Read *Can a Civil Harassment Restraining Order Help Me? (form CH-100-INFO)* before completing this form. Also fill out *Confidential CLETS Information (form CLETS-001)* with as much information as you know.

Clerk stamps date here when form is filed

**FILED**
Superior Court of California
County of Los Angeles

**APR 29 2022**

Sherr. R Carter, Executive Officer/Clerk of Court

By S Diosdado, Deputy

① **Person Seeking Protection**

a. Your Full Name:
CHRISTOPHER DARDEN    Age: 66

Your Lawyer *(if you have one for this case)*
Name: CHRISTOPHER DARDEN    State Bar No.: 94959
Firm Name: DARDENLAWGROUP, APC.

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*

Address: 9909 N. TOPANGA BLVD., ROOM 227

City: CHATSWORTH    State: CA  Zip: 91311

Telephone: 310-654-3369    Fax:

E-Mail Address: CHRISTOPHERDARDENLAW@GMAIL.COM

Fill in court name and street address:
Superior Court of California, County of

NORTH VALLEY DISTRICT
CHATSWORTH COURTHOUSE
9.25 Penfield Avenue, Room 1200
Chatsworth, CA 91311

Court fills in case number when form is filed

Case Number:
**22CHR000727**

② **Person From Whom Protection Is Sought**

Full Name: ADRIAN MOON    Age: 61

Address *(if known):* UNKNOWN

City: UNKNOWN    State: UNK  Zip: UNK

③ **Additional Protected Persons**

a. Are you asking for protection for any other family or household members? ☒ Yes ☐ No    *If yes, list them:*

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Marcia Darden | F | 7 | ☒ Yes ☐ No | wife |
| Chris Darden, JR | M | 24 | ☒ Yes ☐ No | Son |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |

☐ *Check here if there are more persons. Attach a sheet of paper and write "Attachment 3a—Additional Protected Persons" for a title. You may use form MC-025, Attachment.*

b. Why do these people need protection? *(Explain below)*
☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 3b—Why Others Need Protection" for a title.*

IN HIS RANTS MOON SAID "FUCK YOUR WIFE" and FUCK "YOUR KIDS."

**This is not a Court Order.**

Judicial Council of California  www.courts.ca.gov
Revised January 1, 2018 Mandatory Form
Code of Civil Procedure §§ 527.6 and 527.9    **Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)    CH-100, Page 1 of 6

Case Number:
**22CHR000727**

## 4 Relationship of Parties

How do you know the person in ②? *(Explain below)*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 4—Relationship of Parties" for a title.*

I REPRESENTED HIM IN A CRIMINAL CASE IN 2009

## 5 Venue

Why are you filing in this county? *(Check all that apply).*

a. ☐ The person in ② lives in this county.

b. ☒ I was harassed by the person in ② in this county.

c. ☐ Other *(specify)*:

## 6 Other Court Cases

a. Have you or any of the persons named in ③ been involved in another court case with the person in ②?

☐ Yes  ☒ No   *(If yes, check each kind of case and indicate where and when each was filed.)*

| | Kind of Case | Filed in (County, State) | Year Filed | Case Number (if known) |
|---|---|---|---|---|
| (1) ☑ | Civil Harassment | I have an | EPO | 2022 |
| (2) ☐ | Domestic Violence | | | |
| (3) ☐ | Divorce, Nullity, Legal Separation | | | |
| (4) ☐ | Paternity, Parentage, Child Custody | | | |
| (5) ☐ | Elder or Dependent Adult Abuse | | | |
| (6) ☐ | Eviction | | | |
| (7) ☐ | Guardianship | | | |
| (8) ☐ | Workplace Violence | | | |
| (9) ☐ | Small Claims | | | |
| (10) ☐ | Criminal | | | |
| (11) ☐ | Other *(specify)*: | | | |

b. Are there now any protective or restraining orders in effect relating to you or any of the persons in ③ and the person in ②? ☐ No  ☐ Yes   *(If yes, attach a copy if you have one.)*

## 7 Description of Harassment

Harassment means violence or threats of violence against you, or a course of conduct that seriously alarmed, annoyed, or harassed you and caused you substantial emotional distress. A course of conduct is more than one act.

a. Tell the court about the last time the person in ② harassed you.

(1) When did it happen? *(provide date or estimated date)*: APRIL 16, 2022, 4 22 22 & 4 23 22

(2) Who else was there? CHRIS DARDEN JR ON TWO OCCASIONS.

**This is not a Court Order.**

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)

 

Case Number: **22CHR000727**

⑦ a (3) How did the person in ② harass you? *(Explain below)*:

☒ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(3)—Describe Harassment" for a title.*

~~I WAS LEAVING AN EATERY WHEN MOON SUDDENLY APPEARED IN HIS CAR. HE HAD PAPERS WITH HIM. HE TOLD ME WAS GOING TO ARREST ME. HE SAID I'D BETTER REPLY TO HIS EMAILS. HE SAID HE KNEW WHERE I LIVED AND THAT HE WAS COMING TO MY HOME. HE SAID HE WAS GOING TO PHYSICALLY DETAIN ME AND THEN HAND ME OVER TO POLICE. PAPERS DESCRIBED ME IN DEROGATORY TERMS. HE ACCUSED ME OF BEING IN A CRIMINAL CONSPIRACY WITH THE JUDGES AND OTEHR CRIMES. HE WAS ANGRY.~~ **See Attached Declaration**

(4) Did the person in ② use or threaten to use a gun or any other weapon?

☐ Yes ☒ No *(If yes, explain below)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(4)—Use of Weapons" for a title.*

(5) Were you harmed or injured because of the harassment?

☐ Yes ☒ No *(If yes, explain below)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(5)—Harm or Injury" for a title.*

(6) Did the police come? ~~Yes~~ ☒ No
If yes, did they give you or the person in ② an Emergency Protective Order? ~~Yes~~ ☐ No
If yes, the order protects *(check all that apply)*:

☐ Me    ☐ The person in ②    ☐ The persons in ③.

*(Attach a copy of the order if you have one.)*

b. Has the person in ② harassed you at other times?

☒ Yes ☐ No *(If yes, describe prior incidents and provide dates of harassment below)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7b—Previous Harassment" for a title.*

**SEE ATTACHED DECLARATION**

**This is not a Court Order.**

Case Number **22CHR000727**

**Check the orders you want.** ☑

**8** ☒ **Personal Conduct Orders**

I ask the court to order the person in ② **not** to do any of the following things to me or to any person to be protected listed in ③:

a. ☑ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b. ☑ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

c. ☐ Other *(specify)*:

    ☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 8c—Other Personal Conduct Orders," for a title.*

*The person in ② will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**9** ☐ **Stay-Away Orders**

a. I ask the court to order the person in ② to stay at least **250** yards away from *(check all that apply)*:

  (1) ☑ Me.
  (2) ☑ The other persons listed in ③.
  (3) ☑ My home.
  (4) ☑ My job or workplace.
  (5) ☐ My school.
  (6) ☑ My children's school.
  (7) ☐ My children's place of child care.

  (8) ☑ My vehicle.
  (9) ☐ Other *(specify)*:

b. If the court orders the person in ② to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job? ☑ Yes ☐ No *(If no, explain below)*:

  ☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 9b—Stay-Away Orders," for a title.*

**10** **Guns or Other Firearms and Ammunition**

Does the person in ② own or possess any guns or other firearms? ☐ Yes ☐ No ☑ I don't know

*If the judge grants a protective order, the person in ② will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive a gun, other firearm, and ammunition while the protective order is in effect. The person in ② will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any guns or firearms within his or her immediate possession or control.*

**This is not a Court Order.**

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)



Case Number: **22CHR000727**

**(11)** ☒ **Temporary Restraining Order**

I request that a Temporary Restraining Order (TRO) be issued against the person in ② to last until the hearing. I am presenting form CH-110, *Temporary Restraining Order*, for the court's signature together with this *Request*.

Has the person in ② been told that you were going to go to court to seek a TRO against him/her?

☑ Yes ☐ No *(If you answered no, explain why below)*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 11— Temporary Restraining Order" for a title.*

**(12)** ☒ **Request to Give Less Than Five Days' Notice of Hearing**

*You must have your papers personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service (Form CH-200-INFO explains What Is "Proof of Personal Service"? Form CH-200, Proof of Personal Service, may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why below:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 12—Request to Give Less Than Five Days' Notice" for a title.*

MOON IS homeless AND HARD TO find.

**(13)** ☒ **No Fee for Filing or Service**

a. ☑ There should be no filing fee because the person in ② has used or threatened to use violence against me, has stalked me, or has acted or spoken in some other way that makes me reasonably fear violence.

b. ☐ The sheriff or marshal should serve (notify) the person in ② about the orders for free because my request for orders is based on unlawful violence, a credible threat of violence, or stalking.

c. ☐ There should be no filing fee and the sheriff or marshal should serve the person in ② for free because I am entitled to a fee waiver. *(You must complete and file form FW-001, Application for Waiver of Court Fees and Costs.)*

**(14)** ☐ **Lawyer's Fees and Costs**

I ask the court to order payment of my ☐ lawyer's fees ☐ Court costs.

The amounts requested are:

| Item | Amount | Item | Amount |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |

☐ *Check here if there are more items. Put the items and amounts on the attached sheet of paper or form MC-025 and write "Attachment 14—Lawyer's Fees and Costs" for a title.*

**This is not a Court Order.**

Case Number: **22CHR000727**

15 ☐ **Possession and Protection of Animals**

I ask the court to order the following:

a. ☐ That I be given the sole possession, care, and control of the animals listed below, which I own, possess, lease, keep, or hold, or which reside in my household.
(*Identify animals by, e.g., type, breed, name. color. sex.*)

_____

_____

I request sole possession of the animals because *(specify good cause for granting order)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 15a—Possession of Animals" for a title*

_____

_____

_____

b. ☒ That the person in ②must stay at least __200__ yards away from, and not take, sell. transfer, encumber, conceal, molest. attack, strike, threaten, harm, or otherwise dispose of, the animals listed above

16 ☐ **Additional Orders Requested**

I ask the court to make the following additional orders *(specify)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 16—Additional Orders Requested," for a title.*

_____

_____

_____

17 Number of pages attached to this form, if any: **6**

Date: __APRIL 28, 2022__

__CHRISTOPHER DARDEN__
*Lawyer's name (if any)*                    *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date. __APRIL 28, 2022__

__CHRISTOPHER DARDEN__
*Type or print your name*                    *Sign your name*

**This is not a Court Order.**

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)

22CHR000727

## DECLARATION OF CHRISTOPHER DARDEN

I, **Christopher Darden,** declare the following,

1. That, I am an attorney licensed to practice in the state of California.

2. That, I am seeking a protective order on behalf of myself, my wife and two of my children.

3. That I am an actual percipient witness to the facts stated in this declaration unless otherwise stated or indicated and I could testify under oath to these facts if called upon to do so in court.

4. I am seeking a protective order against Adrian Moon. My best recollection is that I represented Moon very briefly in a criminal case in 2009 (People v. Adrian Moon, Case number BA332095.) I made a special appearance at a bail hearing on Moon's behalf in November 2009. I do not recall if I appeared on his behalf at any other time or in any other case. I do recall that Moon had more than one open felony criminal case in 2009 or 2010. All I know is that in the matter where Moon was indicted (BA332095) Moon's bail was at $6,700,000. Moon was indicted by the Los Angeles County Grand Jury in a 26-count indictment[1] that included the following charges:

a) Three counts alleging a violation of Penal Code section 132 (Offering a Forged or False Documents in a Trial or Proceeding; (b) Nineteen counts alleging a violation of Penal Code section 115 (Knowingly procuring a Forged or False document), and (c) Fourteen counts alleging various felony violations of Penal Code sections 470(a), 470D, 664/487 and one count of Penal Code section 470(a), (Forgery and Attempted Grand Theft.)

5. Shortly after my court appearance in Moon's case he functioned as his own attorney for a while and later a court appointed attorney represented Moon at trial. He was convicted on all charges. Moon then hired a new lawyer, Russell Halpern, prior to sentencing. Moon was sentenced to 20 years in state prison.

---

[1] The trial court's Minute Order states Moon was convicted of thirty-eight counts.

22CHRU00727

6. As I recall, the basis of the charges included claims that Moon obtained multiple driver's licenses or Identification Cards (under false names) at the DMV and that Moon also procured and offered or filed some forged or false property Deeds of Trust relating to the residences and residential properties of his intended victims.

7. During the pendency of his criminal case Moon's mental competency was called into question and the court ordered that he be examined for mental competency.

8. Moon was released from prison in 2018 and immediately began sending me harassing emails many of which I ignored and deleted. The first emails began arriving in May or June 2018. As the years and months went on, Moon began sending more emails up until last weekend, April 2022. Moon has sent me approximately forty emails. These emails reference depositions and subpoenas and his attempt to order me, a handful of judges, and the prosecutor that convicted him to respond to his subpoenas and submit to depositions. As for me specifically, Moon addresses or describes me in derogatory terms and states that he is going to physically detain me and take me into custody.

9. In some of the emails, Moon alludes to his knowledge of my Facebook posts. Moon is also stalking me online.

10. On April 16, 2022, at about 3-430 pm, I was exiting a restaurant on Woodley Avenue (DiFranco's Sandwich Shop) when Moon suddenly drove-up and parked his car askew. He demanded that I identify myself and had legal papers in his hand. Moon stated that he was going to physically detain me, come to my home, read my rights, and hand me over to police. Moon claims that in 2009 I conspired with the prosecutor and judge to keep him in custody. Moon claims that I threatened the bail bond company with legal action and a criminal investigation if they proceeded to bail him out of jail. That is plain nuts. It never happened and from a practical standpoint, how could it happen that I could stop one of the largest bond companies in the nation from bailing out Moon? Moon neither had the assets nor cash to post a $7,000,000 bail bond. He did not even have the money to retain counsel through trial.

11. Moon gave me a copy of a weird document that included a demand that I stipulate to be deposed by him. The caption of the document read, "Adrian

22CHR000727

Moon (by the Authority of the Almighty Creator) v. Satan the Devil." The document was filed under his criminal case from 2009 and refereed to Moon as God's "Chosen One." Moon told me had been to my home and that he was going to return to my home and physically restrain me and arrest me. On the back of the documents Moon had written my clothing description and location. Moon stalked me at my home and then followed me to DiFranco's. Moon told me he knew where I lived and that he had been to my home. At DiFranco's I ordered food and ate at a table behind the sandwich shop, and I was not visible to the public so he could not have just happened upon me. He swooped up on me after I had taken about five steps from the corner of the restaurant and entered public view. Thus, he had to know exactly where I was already. Moreover, DiFranco's is not a place that I frequent, and I do not think I had been to the location in about 2 years. When I encountered Moon, he did not write anything in my presence, thus he wrote my clothing description down prior to his arrival and exit from DiFranco's. Moon is clearly stalking me.

12. Later that same evening, on April 16, 2022, between 5pm and 6pm or so, my son and I spotted Adrian Moon parked in front of my neighbor's home. Watching my house. He remained there over an hour.

13. On the evening of April 22, 2022, Moon called me twice on my cell phone, but I did not answer.

14. On April 22, 2022, at about 9:25 pm, Moon was again stalking me. An UberEats driver arrived at the gate to my home. When my son exited the house to retrieve the food Moon was parked askew in the street. He exited his car and told my son to tell me was present. I went outside, cursed at Moon and I told that "motherfucker" not to come to my home again. I told Moon, "Take your sorry raggedy ass away from my home." Moon ranted, "Fuck you. Fuck your wife. Fuck your mother. Fuck your children." Moon called me several bad names and shouted profanities at me. Moon claimed that I incarcerated him for 8 years for a crime he did not commit. But I was not a prosecutor in 2009. I was not his trial attorney either. I did not investigate him, and I did not even know he was to be indicted let alone participate in any grand jury hearing. Moon is delusional and needs psychiatric help. Moon stated, "Uhhuh, I know where you live now. I will be back. When I come back, I will bring a bunch of people. I'll be

3 | P a g e

22CHR000727

back and I won't be by myself. I'm not by myself now." At that point I realized there was someone crouched on the other side of my fence and shrubs watching me. Had that person wanted to harm me he could have done so easily in an ambush. I saw a male run to waiting vehicle. Moon jumped into his car and followed the waiting vehicle away from my home.

15. On the afternoon of April 23, 2022, I was speaking to a friend. We were inside the garage at my home. The garage door was up. My friend saw what she described as a "weird guy" walk by the open garage door. As I turned Moon suddenly appeared. Moon stated, "You're under arrest." Moon began repeating the Miranda rights. I closed the garage door and called 911.

16. Police arrived. Police helped me secure an Emergency Protective Order, at 5:12 p.m. on Saturday April 23, 2022. The EPO expires at the close of business on April 29, 2022. Moon was served with the EPO by Sheriff's Deputies at the Criminal Court's Building on April 25, 2022.

17. I know that Moon is stalking other people. He has stalked and attempted the arrest of at least one sitting county judge. He is the subject of a criminal investigation by the LA County Sheriff's Department. The LAPD's Threat Management Unit is also actively investigating stalking allegations levied against Moon, including the allegations contained herein.

18. Moon also asked me for a copy of his file. I do not have Moon's file. I never had Moon's file. I appeared with Moon in court one time. In 2009. Immediately upon the unsealing of the Indictment in October or November 2009 Moon represented himself at some of the following proceedings. If anyone has Moon's case file, it is either his trial attorney, his post-trial privately retained attorney, his appellate attorney, or Moon himself. A mentally competent person would realize this to be the case.

19. It is not just that Moon has repeatedly come to my home and stalked me that concerns me. Moon has a psychiatric history, and I am concerned that he is delusional and will eventually try to harm me or my wife or my children. Moreover, Moon's claims of a conspiracy are plain ludicrous and indicative of a deeper underlying psychiatric problem or mental illness. At some point he is going to lose whatever impulse control he has left and act upon his delusions. In seeking this order, I am trying to avoid a violent confrontation with Moon.

22CHR000727

20. When you research Moon you will see that he has filed several lawsuits, motions, and petitions, none of which had any legal merit. Some of his claims are also filed in federal court and Moon has complained about the judges that dismissed his baseless allegations. But one of the most telling facts about Moon is taken from the appellate court opinion in one of Moon's companion criminal cases wherein he was convicted of Perjury in violation of Penal Code section 118(a). In its statement of facts, the appellate court noted,

"Fred Roberts, a forensic identification specialist (fingerprint examiner) for the Los Angeles County Sheriff's Department, testified that on or about November 20, 2009, he went to the courtroom lock up of Division 34 of the Los Angeles Superior Court to take fingerprints samples from [Moon.] When he told [Moon] that he had been assigned to take his fingerprints, in order to compare [Moon's] fingerprints with those from another exemplar, [Moon] started chewing on his right thumb until it started bleeding. After Roberts was able to stop the bleeding and sufficiently clean [Moon's] thumb, he was able to run [Moon's] thumbprint." (See People v. Adrian Moon, California Court of Appeals Case No. B228146, dated November 2, 2011, Los Angeles County Superior Court Case No. BA362256.)

21. I did not research Moon's criminal history and I am not privy to all the facts of his prior cases. My best recollection is that we appeared together in court one time. Regardless, I have done nothing to warrant the constant harassment Moon has engaged in at my home and in front of my family. I have a small child and Moon has frightened her.

///

///

///

///

///

///

///

22CHR000727

22. If Moon is willing to chew off his own skin and fingerprints to avoid responsibility for his crimes, there is no telling how far he will go to harm me and my family. Accordingly, I respectfully request that my petition for a civil harassment restraining order be granted.

I declare under penalty of perjury that the foregoing is true and correct to best of my recollection, according to the laws of the State of California. Executed this 28th day of April 2022, at Los Angeles California.

CHRISTOPHER DARDEN

Electronically FILED by Superior Court of California, County of Los Angeles 2/4/2022 2:09 PM Sherri R. Carter, Executive Officer/Clerk, By C. Garmendez, Deputy Clerk

Assigned for all purposes to: Jeanmarie Warren, (Department, ST 25,

## CH-100  Request for Civil Harassment Restraining Orders

*Clerk stamps date here when form is filed.*

Read *Can a Civil Harassment Restraining Order Help Me? (form CH-100-INFO)* before completing this form. Also fill out *Confidential CLETS Information (form CLETS-001)* with as much information as you know.

### (1) Person Seeking Protection

a. Your Full Name: Louise Wilson        Age: 72

Your Lawyer *(if you have one for this case)*
Name: Theodore Theodosiadis    State Bar No.: 309664
Firm Name: Law Office of Theodore Theodosiadis

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*

Address: 333 S. Grand Ave. Suite 3310

City: Los Angeles        State: CA    Zip: 90071

Telephone: (213) 425-0025    Fax: (213) 210-2179

E-Mail Address: theo@theotlaw.com

*Fill in court name and street address.*

**Superior Court of California, County of Los Angeles**
Stanley Mosk Courthouse
111 N. Hill St.
Los Angeles, CA 90012

*Court fills in case number when form is filed.*

**Case Number:** 22STRO00626

### (2) Person From Whom Protection Is Sought

Full Name: Adrian Moon        Age: 50

Address *(if known):* Unknown

City:        State:    Zip:

### (3) Additional Protected Persons

a. Are you asking for protection for any other family or household members?  ☐ Yes  ☐ No  *If yes, list them:*

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |

☐ *Check here if there are more persons. Attach a sheet of paper and write "Attachment 3a—Additional Protected Persons" for a title. You may use form MC-025, Attachment.*

b. Why do these people need protection? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 3b—Why Others Need Protection" for a title.*

## This is not a Court Order.

Judicial Council of California   www.courts.ca.gov
Revised January 1, 2018, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)

CH-100, Page 1 of 6


Case Number: _____

### ④ Relationship of Parties

How do you know the person in ②? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 4—Relationship of Parties" for a title.*

Mr. Moon was sent to prison for committing fraud, and I was one of the people he defrauded.

### ⑤ Venue

Why are you filing in this county? *(Check all that apply):*
a. ☒ The person in ② lives in this county.
b. ☐ I was harassed by the person in ② in this county.
c. ☐ Other *(specify):* _____

### ⑥ Other Court Cases

a. Have you or any of the persons named in ③ been involved in another court case with the person in ②?

☐ Yes ☒ No *(If yes, check each kind of case and indicate where and when each was filed.)*

| Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(if known)* |
|---|---|---|---|
| (1) ☐ Civil Harassment | | | |
| (2) ☐ Domestic Violence | | | |
| (3) ☐ Divorce, Nullity, Legal Separation | | | |
| (4) ☐ Paternity, Parentage, Child Custody | | | |
| (5) ☐ Elder or Dependent Adult Abuse | | | |
| (6) ☐ Eviction | | | |
| (7) ☐ Guardianship | | | |
| (8) ☐ Workplace Violence | | | |
| (9) ☐ Small Claims | | | |
| (10) ☐ Criminal | | | |
| (11) ☐ Other *(specify):* | | | |

b. Are there now any protective or restraining orders in effect relating to you or any of the persons in ③ and the person in ②? ☒ No ☐ Yes *(If yes, attach a copy if you have one.)*

### ⑦ Description of Harassment

Harassment means violence or threats of violence against you, or a course of conduct that seriously alarmed, annoyed, or harassed you and caused you substantial emotional distress. A course of conduct is more than one act.

a. Tell the court about the last time the person in ② harassed you.
   (1) When did it happen? *(provide date or estimated date):* February 2, 2022
   (2) Who else was there?
       My daughter.

_____

_____

**This is not a Court Order.**

 

Case Number:

(7)  a. (3)  How did the person in (2) harass you? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(3)—Describe Harassment" for a title.*

He continues to come to my home even though I ask him not to. He leaves notes saying that he is going to place us under arrest if we don't pay him money. He leaves notes telling me that my daughter should be his wife. On February 1st, when I used my "Ring" doorbell to communicate to him that we wanted him to leave, he walked down my driveway yelling that he was "going to finish us" and be "done with it all." I have called the police twice and they have come by and given me cards with incident report numbers, and advised that we obtain straining orders against him. My attorney reached out to him and asked him to stop coming by, but he continues to harass us.

(4)  Did the person in (2) use or threaten to use a gun or any other weapon?

☐ Yes  ☒ No  *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(4)—Use of Weapons" for a title.*

(5)  Were you harmed or injured because of the harassment?

☐ Yes  ☒ No  *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7a(5)—Harm or Injury" for a title.*

(6)  Did the police come?  ☒ Yes  ☐ No

If yes, did they give you or the person in (2) an Emergency Protective Order?  ☐ Yes  ☒ No

If yes, the order protects *(check all that apply):*

☐ Me      ☐ The person in (2)      ☐ The persons in (3).

*(Attach a copy of the order if you have one.)*

b. Has the person in (2) harassed you at other times?

☒ Yes  ☐ No  *(If yes, describe prior incidents and provide dates of harassment below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 7b—Previous Harassment" for a title.*

January 30, 2022 - Same behavior as described above

January 31, 2022 - Same behavior as described above

February 1, 2022 - Same behavior as described above

**This is not a Court Order.**



Case Number:

**Check the orders you want.** ☑

**(8)** ☒ **Personal Conduct Orders**

I ask the court to order the person in **(2)** **not** to do any of the following things to me or to any person to be protected listed in **(3)**:

a. ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b. ☒ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

c. ☐ Other *(specify):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 8c—Other Personal Conduct Orders," for a title.*

*The person in* **(2)** *will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**(9)** ☒ **Stay-Away Orders**

a. I ask the court to order the person in **(2)** to stay at least __300__ yards away from *(check all that apply):*

  (1) ☒ Me.                     (8) ☐ My vehicle.

  (2) ☐ The other persons listed in **(3)**.   (9) ☐ Other *(specify):*

  (3) ☒ My home.

  (4) ☐ My job or workplace.

  (5) ☐ My school.

  (6) ☐ My children's school.

  (7) ☐ My children's place of child care.

b. If the court orders the person in **(2)** to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?  ☒ Yes ☐ No *(If no, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 9b—Stay-Away Orders," for a title.*

**(10)** **Guns or Other Firearms and Ammunition**

Does the person in **(2)** own or possess any guns or other firearms?  ☐ Yes ☐ No ☒ I don't know

*If the judge grants a protective order, the person in* **(2)** *will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive a gun, other firearm, and ammunition while the protective order is in effect. The person in* **(2)** *will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any guns or firearms within his or her immediate possession or control.*

**This is not a Court Order.**

Revised January 1, 2018

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)

CH-100, Page 4 of 6



Case Number: 

---

**(11)** ☒ **Temporary Restraining Order**

I request that a Temporary Restraining Order (TRO) be issued against the person in ② to last until the hearing. I am presenting form CH-110, *Temporary Restraining Order,* for the court's signature together with this *Request.*

Has the person in ② been told that you were going to go to court to seek a TRO against him/her?
  ☒ Yes  ☐ No  *(If you answered no, explain why below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 11—Temporary Restraining Order" for a title.*

---

**(12)** ☒ **Request to Give Less Than Five Days' Notice of Hearing**

*You must have your papers personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. (Form CH-200-INFO explains* What Is "Proof of Personal Service"? *Form CH-200,* Proof of Personal Service, *may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why below:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 12—Request to Give Less Than Five Days' Notice" for a title.*

I request the Court shorten the time to three days notice as Mr. Moon's harassment has become increasingly alarming.

---

**(13)** ☐ **No Fee for Filing or Service**

a. ☐ There should be no filing fee because the person in ② has used or threatened to use violence against me, has stalked me, or has acted or spoken in some other way that makes me reasonably fear violence.

b. ☐ The sheriff or marshal should serve (notify) the person in ② about the orders for free because my request for orders is based on unlawful violence, a credible threat of violence, or stalking.

c. ☐ There should be no filing fee and the sheriff or marshal should serve the person in ② for free because I am entitled to a fee waiver. *(You must complete and file form FW-001,* Application for Waiver of Court Fees and Costs *.)*

---

**(14)** ☐ **Lawyer's Fees and Costs**

I ask the court to order payment of my  ☐ lawyer's fees  ☐ Court costs.

The amounts requested are:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
|  | $ |  | $ |
|  | $ |  | $ |
|  | $ |  | $ |

☐ *Check here if there are more items. Put the items and amounts on the attached sheet of paper or form MC-025 and write "Attachment 14—Lawyer's Fees and Costs" for a title.*

**This is not a Court Order.**

---

**Request for Civil Harassment Restraining Orders**
(Civil Harassment Prevention)



Case Number:

**(15)** ☐ **Possession and Protection of Animals**

I ask the court to order the following:

a. ☐ That I be given the sole possession, care, and control of the animals listed below, which I own, possess, lease, keep, or hold, or which reside in my household.
*(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

I request sole possession of the animals because *(specify good cause for granting order)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 15a—Possession of Animals" for a title.*

_____

_____

_____

b. ☐ That the person in **(2)** must stay at least_____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

**(16)** ☐ **Additional Orders Requested**

I ask the court to make the following additional orders *(specify)*:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 16—Additional Orders Requested," for a title.*

_____

_____

_____

**(17)** Number of pages attached to this form, if any: _____

Date: February 4, 2022 _____

Theodore Theodosiadis _____
*Lawyer's name (if any)*                                    *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: February 4, 2022 _____

Louise Wilson _____
*Type or print your name*                                    *Sign your name*

**This is not a Court Order.**

(Page 1 of 6)

11/12

| CH-130 | Civil Harassment Restraining Order After Hearing |
|---|---|

Clerk stamps date here when form is filed.

FILED
Superior Court of California
County of Los Angeles

NOV 1 2 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: C. Andrews, Deputy

*Person in ① must complete items ①, ②, and ③ only.*

**①  Protected Person**

a.  Your Full Name:  Dorothea L. Brooks

   Your Lawyer *(if you have one for this case)*
   Name: Theodore Theodoriadis  State Bar No.: 309664
   Firm Name: Law Office of Theodore Theodoriadis

b.  Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*
   Address: 333 S. Grand Ave, Suite 3310
   City: Los Angeles  State: CA  Zip: 90071
   Telephone: 213 625 0025  Fax: _____
   E-Mail Address: Theo@theolaw.com

**②  Restrained Person**

Full Name:  Adrian Moon

Description:

Fill in court name and street address:

**Superior Court of California, County of**
Los Angeles Superior Court
Central District, Family Law
111 N. Hill Street
Los Angeles, CA 90012

Court fills in case number when form is filed.

**Case Number:**
21STRO04791

Sex: ☒ M  ☐ F  Height: 6'2  Weight: 210  Date of Birth: _____
Hair Color: Dark brown  Eye Color: Unknown  Age: 50  Race: African American
Home Address *(if known)*: 794 Mountainview
City: Altadena  State: CA  Zip: 91001
Relationship to Protected Person: Unrelated

**③  ☐ Additional Protected Persons**

In addition to the person named in ①, the following family or household members of that person are protected by the orders indicated below:

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |

☐ *Check here if there are additional persons. List them on an attached sheet of paper and write "Attachment 3— Additional Protected Persons" as a title. You may use form MC-025, Attachment.*

**④  Expiration Date**

*This Order, except for any award of lawyer's fees, expires at*

Time: 11:59  ☐ a.m. ☒ p.m. ☐ midnight on *(date)*: 11/12/2024

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2018, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ

**Civil Harassment Restraining Order After Hearing
(CLETS-CHO)**
(Civil Harassment Prevention)

CH-130, Page 1 of 6
→

page 32

| Case Number: |
|---|
| 21STRO04791 |

**(5) Hearing**

a. There was a hearing on (date): 11/12/202 at (time): 1:30 PM in Dept.: 35 Room: 411
(Name of judicial officer): Dianna Gould-Saltman _____ made the orders at the hearing.

b. These people were at the hearing:

(1) ☒ The person in (1).  (3) ☒ The lawyer for the person in (1) (name): Theodore Theodosich S

(2) ☐ The person in (2).  (4) ☐ The lawyer for the person in (2) (name): _____

☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on (date): _____ at (time): _____.

### To the Person in ❷:

**The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

**(6) ☒ Personal Conduct Orders**

a. You must not do the following things to the person named in (1)

☐ and to the other protected persons listed in (3):

(1) ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

(2) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

(3) ☐ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.

(4) ☐ Other (specify):

☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(4).

b. Peaceful written contact through a lawyer or process server or other person for service of legal papers related to a court case is allowed and does not violate this Order.

**(7) ☒ Stay-Away Orders**

a. You must stay at least 100 yards away from (check all that apply):

(1) ☒ The person in (1).
(2) ☐ Each person in (3).
(3) ☒ The home of the person in (1).
(4) ☐ The job or workplace of the person in (1).
(5) ☐ The school of the person in (1).
(6) ☐ The school of the children of the person in (1).

(7) ☐ The place of child care of the children of the person in (1).
(8) ☐ The vehicle of the person in (1).
(9) ☐ Other (specify): _____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

### This is a Court Order.

Revised January 1, 2018            **Civil Harassment Restraining Order After Hearing**            CH-130, Page 2 of 6
(CLETS-CHO)            →
(Civil Harassment Prevention)

page 33

Doc# 1 Page# 2 - Doc ID = 1808675925 - Doc Type = Restraining Order After Hearin

| Case Number: |
|---|
| 21STRO04791 |

(8) **No Guns or Other Firearms and Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. If you have not already done so, you must:

- Within 24 hours of being served with this Order, sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms in your immediate possession or control.

- File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form CH-800,* Proof of Firearms Turned In, Sold, or Stored, *for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm.

d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the person in (2) is not required to relinquish this firearm *(specify make, model, and serial number of firearm(s)):* _____

_____

The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in (2) may be subject to federal prosecution for possessing or controlling a firearm.

(9) ☐ **Lawyer's Fees and Costs**

The person in ___ must pay to the person in ___ the following amounts for

☐ lawyer's fees        ☐ costs:

| Item | Amount | Item | Amount |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

☐ Additional items and amounts are attached at the end of this Order on Attachment 9.

(10) ☐ **Possession and Protection of Animals**

a. ☐ The person in (1) is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household. *(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

b. ☐ The person in (2) must stay at least ____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

(11) ☐ **Other Orders** *(specify):*

_____

_____

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 11.

**This is a Court Order.**

page 34

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Family Division
### Stanley Mosk Dept. - 25

**22STRO00626**
**Wilson, Louise**
**vs**
**Moon, Adrian**

**April 22, 2022**
**8:30 AM**

Honorable Doreen B. Boxer, Commissioner

Albert Malfavon, Judicial Assistant                    Angelica Orsat(#14385), Court Reporter

---

**NATURE OF PROCEEDINGS:** Petition - Civil Harassment (non-violence)  filed by Petitioner on February 4, 2022

The following parties are present for the aforementioned proceeding:

> Adrian Moon, Respondent
> Theodore Theodosiadis, Attorney

The matter is called for hearing.

LACourtConnect appearances by:

> Theodore Theodosiadis

The parties are affirmed.

The Court calls cases 22STRO00624 and 22STRO00626 together for simultaneous proceedings.

The Court is in receipt of Respondent's request to continue matters.

Petitioner's counsel objects, indicating ready to proceed.

The Court and Respondent confer regarding clerical matters.

The Court can not find good cause to continue the case. The matter proceeds. Respondent's request to continue to May 2 is denied.

Crystal Wilson Canton, previously sworn, testifies.

Respondent cross-examines the Petitioner.

Respondent's Exhibit A (voicemail dated March 17, 2022) is marked for identification and admitted by reference only.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Family Division
## Stanley Mosk Dept. - 25

22STRO00626
Wilson, Louise
vs
Moon, Adrian

April 22, 2022
8:30 AM

The parties are ordered to maintain same exhibits in same condition throughout the period for appeal.

Respondent gives closing arguments.

The matters are deemed submitted.

The Court notes it is in receipt of complaints by Respondent, which are deemed statements of disqualification under Code of Civil Procedure Section 170.3.

Respondent's request to recuse is stricken. The Court finds no legal ground for disqualification.

As to case 22STRO00624:

Counsel request to add Respondent in case 22STRO00626 as protected party for case 22STRO00624. The Court finds the request appropriate and grants the request.

Case 22STRO00626 is dismissed with prejudice.

Restraining order may be renewed before expiration.

Respondent may file notice of appeal within 60 days.

Any temporary restraining order earlier issued is hereby dissolved.

The case is ordered dismissed.

**CH-130**   **Civil Harassment Restraining Order After Hearing**

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles

**APR 22 2022**

Sherri R. Carter, Executive Officer/Clerk of Court

By: A. Malfavon, Deputy

*Person in* ① *must complete items* ①, ②, *and* ③ *only.*

① **Protected Person**

  a. Your Full Name: Crystal Gail-Wilson Canton

  Your Lawyer *(if you have one for this case)*

  Name: Theodore Theodosiadis        State Bar No.: 309664

  Firm Name: Law Office of Theodore Theodosiadis

  b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*

  Address: 333 S Grand Ave. Suite 3310

  City: Los Angeles        State: CA    Zip: 90071

  Telephone: (213) 425-0025    Fax: (213) 210-2179

  E-Mail Address: theo@theotlaw.com

*Fill in court name and street address:*

**Superior Court of California, County of**
Los Angeles - Central District
111 North Hill Street
Los Angeles, CA 90012

*Court fills in case number when form is filed.*

**Case Number:**
22STRO00624

② **Restrained Person**

Full Name: Adrian Moon

Description:

Sex: ☒ M   ☐ F  Height: 6'2"     Weight: 210      Date of Birth: Unknown

Hair Color: Dark Brown     Eye Color: Unknown     Age: 50    Race: African-American

Home Address *(if known)*: Unknown

City: _____  State: _____  Zip: _____

Relationship to Protected Person: Unrelated

③ ☑ **Additional Protected Persons**

In addition to the person named in ①, the following family or household members of that person are protected by the orders indicated below:

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Louise Wilson | F | 72 | ☑ Yes ☐ No | MOTHER |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |

☐ *Check here if there are additional persons. List them on an attached sheet of paper and write "Attachment 3— Additional Protected Persons" as a title. You may use form MC-025, Attachment.*

④ **Expiration Date**

*This Order, except for any award of lawyer's fees, expires at*

Time: _____  ☐ a.m.  ☐ p.m. ☒ midnight on *(date):* 4/22/2027

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. March 15, 2019, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ

**Civil Harassment Restraining Order After Hearing**
**(CLETS-CHO)**
**(Civil Harassment Prevention)**

CH-130, Page 1 of 6
→

Case Number:

## ⑤ Hearing

a. There was a hearing on *(date)*: 4/22/2022 ___ at *(time)*: 8:30 AM ___ in Dept.: 25 ___ Room: 317 ___
*(Name of judicial officer)*: Doreen B. Boxer ___ made the orders at the hearing.

b. These people were at the hearing:

(1) ☑ The person in ①.   (3) ☑ The lawyer for the person in ① *(name)*: Theo Theodosiadis

(2) ☑ The person in ②.   (4) ☐ The lawyer for the person in ② *(name)*: ___

☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on *(date)*: ___ at *(time)*: ___ .

### To the Person in ②:

**The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

## ⑥ ☑ Personal Conduct Orders

a. You must not do the following things to the person named in ①

☑ and to the other protected persons listed in ③:

(1) ☑ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

(2) ☑ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

(3) ☑ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.

(4) ☐ Other *(specify)*:

☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(4).

b. Peaceful written contact through a lawyer or process server or other person for service of legal papers related to a court case is allowed and does not violate this Order.

## ⑦ ☒ Stay-Away Orders

a. You **must** stay at least ___ 100 ___ yards away from *(check all that apply)*:

(1) ☑ The person in ①.

(2) ☑ Each person in ③.

(3) ☑ The home of the person in ①.

(4) ☐ The job or workplace of the person in ①.

(5) ☐ The school of the person in ①.

(6) ☐ The school of the children of the person in ①.

(7) ☐ The place of child care of the children of the person in ①.

(8) ☑ The vehicle of the person in ①.

(9) ☐ Other *(specify)*:

___
___
___
___

b. This stay-away order does not prevent you from going to or from your home or place of employment.

### This is a Court Order.

**Civil Harassment Restraining Order After Hearing (CLETS-CHO) (Civil Harassment Prevention)**

Case Number:

( 8 ) **No Guns or Other Firearms and Ammunition**

    a. **You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.**

    b. If you have not already done so, you must:

       • Within 24 hours of being served with this Order, sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms in your immediate possession or control.

       • File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form CH-800,* Proof of Firearms Turned In, Sold, or Stored, *for the receipt.)*

    c. ☐ The court has received information that you own or possess a firearm.

    d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the person in ( 2 ) is not required to relinquish this firearm *(specify make, model, and serial number of firearm(s)):* _____

_____

    The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in ( 2 ) may be subject to federal prosecution for possessing or controlling a firearm.

( 9 ) ☐ **Lawyer's Fees and Costs**

    The person in ___ must pay to the person in ___ the following amounts for

    ☐ lawyer's fees    ☐ costs:

| Item | Amount | Item | Amount |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

    ☐ Additional items and amounts are attached at the end of this Order on Attachment 9.

( 10 ) ☐ **Possession and Protection of Animals**

    a. ☐ The person in ( 1 ) is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household. *(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

    b. ☐ The person in ( 2 ) must stay at least _____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

( 11 ) ☐ **Other Orders** *(specify):*

_____

_____

_____

_____

    ☐ Additional orders are attached at the end of this Order on Attachment 11.

**This is a Court Order.**

Case Number:

## To the Person in ①:

**(12) Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☑ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the person in ① or his or her lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

Name of Law Enforcement Agency                    Address *(City, State, Zip)*

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

**(13) Service of Order on Restrained Person**

a. ☑ The person in ② personally attended the hearing. No other proof of service is needed.

b. ☐ The person in ② did not attend the hearing.

(1) ☐ Proof of service of form CH-110, *Temporary Restraining Order,* was presented to the court. The judge's orders in this form are the same as in form CH-110 except for the expiration date. The person in ② must be served with this Order. Service may be by mail.

(2) ☐ The judge's orders in this form are different from the temporary restraining orders in form CH-110. Someone—but not anyone in ① or ③—must personally serve a copy of this Order on the person in ②.

**(14) ☑ No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because:

a. ☐ The Order is based on unlawful violence, a credible threat of violence, or stalking.

b. ☑ The person in ① is entitled to a fee waiver.

**(15)** Number of pages attached to this Order, if any: _____

Date: 4/22/2022

Judicial Officer    **DOREEN BOXER**

## This is a Court Order.

Case Number:

## Warning and Notice to the Restrained Person in ❷:

### You Cannot Have Guns or Firearms

Unless item 8d is checked, you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ④ on page 1.

### Arrest Required If Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed it, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):

* The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
* The restrained person was at the restraining order hearing or was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

Case Number:

## Conflicting Orders—Priorities of Enforcement

**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** *(See Pen. Code, § 136.2; Fam. Code, §§ 6383(h)(2), 6405(b).)*

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

*Clerk's Certificate*
*[seal]*

*(Clerk will fill out this part.)*
**—Clerk's Certificate—**

I certify that this *Civil Harassment Restraining Order After Hearing* is a true and correct copy of the original on file in the court.

Date: _____    Clerk, by _____ , Deputy

**This is a Court Order.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
### Stanley Mosk Dept. - 25

22STRO00624
Canton , Crystal Gail-Wilson
vs
Moon, Adrian

April 22, 2022
8:30 AM

Honorable Doreen B. Boxer, Commissioner

Albert Malfavon, Judicial Assistant                  Angelica Orsat(#14385), Court Reporter

---

**NATURE OF PROCEEDINGS:** Petition - Civil Harassment (non-violence) filed by Petitioner on February 4, 2022

The following parties are present for the aforementioned proceeding:

Crystal Gail-Wilson Canton , Petitioner
Adrian Moon, Respondent
Theodore Theodosiadis, Attorney

The matter is called for hearing.

LACourtConnect appearances by:

Crystal Gail-Wilson Canton, Theodore Theodosiadis

The parties are affirmed.

The Court calls cases 22STRO00624 and 22STRO00626 together for simultaneous proceedings.

The Court is in receipt of Respondent's request to continue matters.

Petitioner's counsel objects, indicating ready to proceed.

The Court and Respondent confer regarding clerical matters.

The Court can not find good cause to continue the case. The matter proceeds. Respondent's request to continue to May 2 is denied.

Crystal Wilson Canton, previously sworn, testifies.

Respondent cross-examines the Petitioner.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
## Stanley Mosk Dept. - 25

22STRO00624
Canton , Crystal Gail-Wilson
vs
Moon, Adrian

April 22, 2022
8:30 AM

Respondent's Exhibit A (voicemail dated March 17, 2022) is marked for identification and admitted by reference only.

The parties are ordered to maintain same exhibits in same condition throughout the period for appeal.

Respondent gives closing arguments.

The matters are deemed submitted.

The Court notes it is in receipt of complaints by Respondent, which are deemed statements of disqualification under Code of Civil Procedure Section 170.3.

Respondent's request to recuse is stricken. The Court finds no legal ground for disqualification.

As to case 22STRO00624:

Counsel request to add Respondent in case 22STRO00626 as protected party for case 22STRO00624. The Court finds the request appropriate and grants the request.

Case 22STRO00626 is dismissed with prejudice.

Restraining order may be renewed before expiration.

Respondent may file notice of appeal within 60 days.

Petitioner's request for a Civil Harassment Restraining Order is granted. The Court orders a permanent Restraining Order for a period of 5 years. Restraining Order is to expire on April 22, 2027.

Restraining Order After Hearing (Order of Protection) is signed by the Court and filed.

The protected person and the restrained person were at the hearing or agreed in writing to this order. No other proof of service is needed.

**WV-109**   **Notice of Court Hearing**

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFORNIA
County of Los Angeles

MAY 13 2022

Sherri R. Carter, Executive Officer/Clerk of Court

By _____ (_____), Deputy
Fernando Corona

## (1) Petitioner (Employer)

a.   Name: **COUNTY OF LOS ANGELES**

Lawyer for Petitioner *(if any for this case):*
Name: **KENT M. SOMMER**   State Bar No.: **262832**
Firm Name: **OFFICE OF THE COUNTY COUNSEL**

b.   Address *(If you have a lawyer, give your lawyer's information.):*

Address: **500 WEST TEMPLE STREET, SUITE 648**

City: **LOS ANGELES**   State: **CA**   Zip: **90012**

Telephone: **(213) 787-0361**   Fax: **(213) 626-5578**

E-Mail Address: **ksommer@counsel.lacounty.gov**

Fill in court name and street address:

Superior Court of California, County of
LOS ANGELES
Stanley Mosk Courthouse
111 NORTH HILL STREET
LOS ANGELES, CA 90012

## (2) Employee in Need of Protection

Full Name: **Kathryn Barger**

Fill in case number:

Case Number: **22STRO02855**

## (3) Respondent (Person From Whom Protection Is Sought)

Full Name: **Adrian Moon**

*The court will complete the rest of this form.*

## (4) Notice of Hearing

A court hearing is scheduled on the request for restraining orders against the respondent:

| Hearing Date | Date: **6/7/2022**   Time: **1:30 PM** | Name and address of court if different from above: |
|---|---|---|
| | Dept.: **13**   Room: **312** | Los Angeles Superior Court ~~Central District, Family Law~~ ~~111 N. Hill Street, Room 426~~ Los Angeles, CA 90012 |

## (5) Temporary Restraining Orders *(Any orders granted are on Form WV-110, served with this notice.)*

a.   Temporary Restraining Orders for personal conduct and stay away orders as requested in Form WV-100, *Request for Workplace Violence Restraining Orders,* are *(check only one box below):*

(1) ☒ All **GRANTED** until the court hearing.

(2) ☐ All **DENIED** until the court hearing. *(Specify reasons for denial in b. below.)*

(3) ☐ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b. below.)*

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2012, Mandatory Form
Code of Civil Procedure, § 527.8
Approved by DOJ

**Notice of Court Hearing**
**(Workplace Violence Prevention)**

WV-109, Page 1 of 3
➔

| Case Number: |
| --- |
| |

b. Reasons that Temporary Restraining Orders as requested in Form WV-100, *Petition for Workplace Violence Restraining Orders*, for personal conduct or stay away are denied are:

   (1) ☐ The facts as stated in Form WV-100 do not sufficiently show reasonable proof that the employee has suffered unlawful violence or a credible threat of violence by the respondent, and that great or irreparable harm to the employee would result if a temporary restraining order is not issued.

   (2) ☐ Other *(specify)*:  ☐ As stated on Attachment 5b.

_____
_____
_____
_____
_____

## ⑥ Service of Documents by the Petitioner

At least ☒ five ☐ _____ days before the hearing, someone age 18 or older—not you or anyone to be protected—must personally give (serve) a court file-stamped copy of this Form WV-109, *Notice of Court Hearing*, to the respondent along with a copy of all the forms indicated below:

a. WV-100, *Petition for Workplace Violence Restraining Orders* (file-stamped)

b. ☒ WV-110, *Temporary Restraining Order* (file-stamped) **IF GRANTED**

c. WV-120, *Response to Petition for Workplace Violence Restraining Orders* (blank form)

d. WV-120-INFO, *How Can I Respond to a Petition for Workplace Violence Restraining Orders?*

e. WV-250, *Proof of Service of Response by Mail* (blank form)

f. ☐ Other *(specify)*: _____

Date: __05/13/2022__    _____
Patricia A. Young
JUDGE
*Judicial Officer*

### To the Petitioner:

* The court cannot make the restraining orders after the court hearing unless the respondent has been personally given (served) a copy of your request and any temporary orders. To show that the respondent has been served, the person who served the forms must fill out a proof of service form. Form WV-200, *Proof of Personal Service*, may be used.

* For information about service, read Form WV-200-INFO, *What Is "Proof of Personal Service"?*

* If you are unable to serve the respondent in time, you may ask for more time to serve the documents. Use Form WV-115, *Request to Continue Court Hearing and to Reissue Temporary Restraining Order.*

Case Number:

## To the Respondent

- If you want to respond to the request for orders in writing, file Form WV-120, *Response to Request for Workplace Violence Restraining Orders*, and have someone age 18 or older—**not you or anyone to be protected**—mail it to the petitioner.

- The person who mailed the form must fill out a proof of service form. Form WV-250, *Proof of Service of Response by Mail*, may be used. File the completed form with the court before the hearing and bring a copy with you to the court hearing.

- Whether or not you respond in writing, go to the hearing if you want the judge to hear from you before making an order. You may tell the judge why you agree or disagree with the orders requested.

- You may bring witnesses and other evidence.

- At the hearing, the judge may make restraining orders against you that could last up to three years and may order you to sell or turn in any firearms that you own or possess.



### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons with Disabilities and Response* (Form MC-410). (Civ. Code, § 54.8.)

*(Clerk will fill out this part.)*

## —Clerk's Certificate—

I certify that this *Notice of Court Hearing* is a true and correct copy of the original on file in the court.

Date: **MAY 1 3 2022**

SHERRI R. CARTER

Clerk, by _____, Deputy

FERNANDO CORONA

**Notice of Court Hearing**
(Workplace Violence Prevention)

WV-109, Page 3 of 3

**WV-110**    **Temporary Restraining Order**

Clerk stamps date here when form is filed.

**(1) Petitioner (Employer)**

a. Name: COUNTY OF LOS ANGELES

Lawyer for Petitioner *(if any, for this case)*:

Name: KENT M. SOMMER    State Bar No.:262832

Firm Name: OFFICE OF THE COUNTY COUNSEL

b. Your Address *(If you have a lawyer, give your lawyer's information.)*:

Address: 500 WEST TEMPLE STREET, SUITE 648

City: LOS ANGELES    State: CA    Zip: 90012

Telephone: (213) 787-0361    Fax: (213) 626-5578

E-Mail Address: ksommer@counsel.lacounty.gov

FILED
Superior Court of California
County of Los Angeles

MAY 13 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Fernando Corona

Fill in court name and street address:

Superior Court of California, County of
LOS ANGELES
Stanley Mosk Courthouse
111 NORTH HILL STREET
LOS ANGELES, CA 90012

**(2) Employee (Protected Person)**

Full Name: Kathryn Barger

Court fills in case number when form is filed.

Case Number: 22STRO02855

**(3) Respondent (Restrained Person)**

Full Name: Adrian Moon

Description:

| | | | |
|---|---|---|---|
| Sex: ☒ M ☐ F Height: 6'3" | Weight: 205 | | Date of Birth: June 1, 1960 |
| Hair Color: Black | Eye Color: Brown | Age: 61 | Race: Black |

Home Address *(if known)*: 955 North Lake Avenue

City: Pasadena    State: CA    Zip: 91104

Relationship to Employee: None

**(4) ☐ Additional Protected Persons**

In addition to the employee, the following family or household members or other employees are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Employee |
|---|---|---|---|---|
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

**(5) Expiration Date**

*This Order expires at the end of the hearing scheduled for the date and time below:*

Date: 6/7/2022    Time: 1:30    ☐ a.m. ☒ p.m.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.8
Approved by DOJ    **Temporary Restraining Order (CLETS-TWH)**
**(Workplace Violence Prevention)**    WV-110, Page 1 of 6 →

| Case Number: |
|---|

## To the Respondent:

The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may have to go to jail for up to one year, pay a fine of up to $1,000, or both.

(6) **Personal Conduct Orders**

☐ **Not Requested**     ☐ **Denied Until the Hearing**     ☒ **Granted as Follows:**

a. You are ordered not do the following things to the employee
   ☐ and to the other protected persons listed in (4):

   (1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.

   (2) ☒ Commit acts of violence or make threats of violence against the person.

   (3) ☒ Follow or stalk the person during work hours or to or from the place of work.

   (4) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by e-mail, by fax, or by other electronic means.

   (5) ☒ Enter the workplace of the person.

   (6) ☒ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.

   (7) ☐ Other (specify):
      ☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(7).
      _____
      _____
      _____
      _____

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the petitioner.

(7) **Stay-Away Order**

☐ **Not Requested**     ☐ **Denied Until the Hearing**     ☒ **Granted as Follows:**

a. You must stay at least ___100___ yards away from (check all that apply):

   (1) ☒ The employee
   (2) ☐ Each other protected person listed in (4)
   (3) ☒ The employee's workplace
   (4) ☒ The employee's home
   (5) ☐ The employee's school
   (6) ☐ The employee's children's school
   (7) ☐ The employee's children's place of child care
   (8) ☒ The employee's vehicle
   (9) ☐ Other (specify):
      _____
      _____
      _____
      _____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

## This is a Court Order.

Case Number:

**(8) No Guns or Other Firearms and Ammunition**

a.  You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b.  You must:

(1)  Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2)  File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use Form WV-800,* Proof of Firearms Turned In, Sold, or Stored *for the receipt.)*

c.  ☐ The court has received information that you own or possess a firearm.

**(9) Other Orders**

☒ **Not Requested**      ☐ **Denied Until the Hearing**      ☐ **Granted as Follows** *(specify):*

_____

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 9.

**To the Petitioner:**

**(10) Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a.  ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b.  ☒ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c.  ☐ By the close of business on the date that this Order is made, the employer or the employer's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agencies listed below to enter into CARPOS:

Name of Law Enforcement Agency                    Address *(City, State, Zip)*

_____          _____

_____          _____

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

**(11) No Fee to Serve (Notify) Restrained Person**      ☒ **Ordered**      ☐ **Not Ordered**

The sheriff or marshal will serve this Order without charge because:

a.  ☒ The Order is based on a credible threat of violence or stalking.

b.  ☐ The petitioner is entitled to a fee waiver.

**This is a Court Order.**

| | Case Number: |
|---|---|

(12) Number of pages attached to this Order, if any: _____

Date:  _____05/13/2022_____

Patricia A. Young
JUDGE

*Judicial Officer*

## Warnings and Notices to the Restrained Person in ❷

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and Form WV-109, *Notice of Court Hearing,* but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item ③.

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders.
- Read Form WV-120-INFO, *How Can I Respond to a Petition for Orders to Stop Workplace Violence?*, to learn how to respond to this Order.
- If you want to respond, fill out Form WV-120, *Response to Petition for Workplace Violence Restraining Orders,* and file it with the court clerk. You do not have to pay any fee to file your response if the petition claims that you threatened violence against or stalked the employee, or placed the employee in reasonable fear of violence.
- You must have Form WV-120 served on the petitioner or the petitioner's attorney by mail. You cannot do this yourself. The person who does the service should complete and sign Form WV-250, *Proof of Service of Response by Mail.* File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.
- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use Form MC-030, *Declaration,* for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at *www.courts.ca.gov/forms.* If you do not know how to prepare a declaration, you should see a lawyer.
- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.
- At the hearing, the judge can make restraining orders against you that last for up to three years. Tell the judge why you disagree with the orders requested.

## This is a Court Order.

Case Number:

## Instructions for Law Enforcement

### Enforcing the Restraining Order
This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Orders
This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item 5 on page 1.

### Arrest Required if Order Is Violated
If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service
The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):

* The officer sees a copy of the Proof of Service or confirms that the Proof of Service is on file; or
* The restrained person was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## This is a Court Order.

**Temporary Restraining Order (CLETS-TWH)**
(Workplace Violence Prevention)
 

Case Number:



*(Clerk will fill out this part.)*
—Clerk's Certificate—

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

SHERRI R. CARTER

Date: MAY 1 3 2022     Clerk, by _____ , Deputy

FERNANDO CARBONT

**This is a Court Order.**