**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02291-DOC-KES                    Date:  September 29, 2022

Title: LA ALLIANCE FOR HUMAN RIGHTS et al. v. CITY OF LOS ANGELES et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING REQUESTS TO INTERVENE [444, 446, 448, 461] AND MOTION TO RECONSIDER [469], AND ORDERING PRE-FILING RESTRICTIONS**

Before the Court is *pro se* litigant Adrian D. Moon's repeated motions to intervene in the instant case, (Dkts. 444, 446, 448, 461), and his Emergency Motion for Reconsideration of Recusal Motion ("Motion for Reconsideration") (Dkt. 474). The Court concludes that Mr. Moon has not met the standards for either intervention as of right or permissive intervention under Federal Rule of Civil Procedure 24.

The Court thus **DENIES** Mr. Moon's requests to intervene. Accordingly, all other motions filed by Mr. Moon, including the Motion for Reconsideration, are **DENIED** as moot. Additionally, for reasons set forth below, the Court **ORDERS** pre-filing review of any filing action Mr. Moon attempts to take in this action.

District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case. *See e.g.*, *O'Loughlin v. Doe*, 920 F.2d

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                    Date: September 29, 2022
                                                   Page 2

614, 616 (9th Cir.1990) (requiring *pro se* inmate deemed vexatious litigant to show good cause before being permitted to file future actions); *De Long v. Hennessey*, 912 F.2d 1144, 1146–47 (9th Cir. 1990) (prohibiting filings of *pro se* litigant proceeding in forma pauperis without leave of the district court); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir.1990) (forbidding *pro se* plaintiff from filing further complaints without prior approval of district court).

Although the Ninth Circuit has cautioned that pre-filing orders are an extreme remedy rarely to be used, it has made clear that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1147–48. In light of that directive, district courts examine four factors before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. *Id*. at 1147. Second, the court must compile "an adequate record for review." *Id*. at 1147–48 ("At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive."). Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id*. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id*.; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (discussing *DeLong* factors).

This Court finds Mr. Moon a vexatious litigant. In his seven extensive filings over the last three months, Mr. Moon identifies himself as the "chosen one" and "begotten son of the Almighty," and requests this Court to grant "daredeemer's motion for order to the Los Angeles Probation Department to produce Adrian D. Moon's (AB109) probation file." *See* Motion for Reconsideration, at 18. Beyond being outside the scope of this action, Mr. Moon's requests are also outside the scope of this Court's jurisdiction.

Mr. Moon's filing history in this district further lends support to this Court's conclusion.  In one dismissed action, the Magistrate Judge explained that Mr. Moon "purports to assert claims under the Supremacy Clause, names Satan as a defendant, and names several individuals who are immune from suit including V.P. Kamala Harris [and] Gov. Newsom."  *See Whetstone v. Moon*, No. 2:21-cv-05983-SVW-KS (C.D. Cal. Aug. 6, 2021) (Dkt. 6) (denying Mr. Moon's *in forma pauperis* application for "being [l]egally and/or factually patently frivolous").

In the present case, Mr. Moon makes similar claims and enough unsolicited filings to provide justification for this Court to require pre-filing review. *See Molski*, 500 F.3d at 1065 (9th Cir. 2007) (approving pre-filing order where it "will not stand in the way of advocacy for legitimate claims" and help avoid the use of litigation as "a device to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                              Date: September 29, 2022
                                                                              Page 3

encourage . . . unwarranted or exaggerated claims"); *see also Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Accordingly, for any future filings in this action, Adrian D. Moon shall first obtain leave of the Court and:

    a.  shall not exceed three pages,

    b.  shall attach the proposed filing,

    c.  shall explain why the proposed filing is not frivolous,

    d.  shall explain why the proposed filing is not an attack on any previous order entered in this case, and

    e.  shall certify, by affidavit and under the penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court.

Failure to comply with any of the above requirements will result in the striking of that filing without further notice. Mr. Moon is forewarned that if he abuses these restricted filing privileges, the Court will take further injunctive action.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN_daq