Name Adrian D. Moon

Address 955 N. LAKE AVE

City, State, Zip Pasadena CA 91164

Phone (626) 360-9896

Fax

E-Mail adrian dare deemer@gmail.com

☐ FPD    ☐ Appointed    ☐ CJA    ☒ Pro Per    ☐ Retained

FILED

2022 SEP 30  AM II: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY___ EEE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

L.A. ALLIANCE HUE.MAN Rights
ET. AL.
PLAINTIFF(S),

v.

City and County Los Angeles
County et.al
DEFENDANT(S).

ADRIAN D. MOON, Plaintiff - Defendant
Intervenor

CASE NUMBER:

2: 20- CV- 02291-DOC

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that  Adrian  D.  MOON  hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): September 29, 2022, Doc
#476- orders

☒ Judgment (specify): September 26, 2021
order denying recusal, Doc #472, Sept. 27,
2022, order granting stay, Doc #473, sept 29,
22, Doc. #475
☒ Other (specify): September 21, 2022
non-order to request
Document #470

# 472, 473, 475, 476

Imposed or Filed on Sept. 21, 2022 Sept 27, 2022, Sept. 29, 2022. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

September 30, 2022
Date

Signature
☒ Appellant/ProSe    ☐ Counsel for Appellant    ☐ Deputy Clerk

**Note:**    The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number
of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                NOTICE OF APPEAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. LA CV 20-02291-DOC-KES                    Date:  September 26, 2022

Title: LA ALLIANCE FOR HUMAN RIGHTS et al. v. CITY OF LOS ANGELES et al.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR RECUSAL [469]**

Before the Court is Intervenor-Defendant Adrian D. Moon's Motion for Recusal. (Dkt. 469). The Court **DENIES** the Motion.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN

Case 2:20-cv-02291-DOC-KES    Document 473    Filed 09/27/22    Page 1 of 2    Page ID #:14735

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. LA CV 20-02291-DOC-KES            Date: September 27, 2022

Title: LA ALLIANCE FOR HUMAN RIGHTS ET AL. v. CITY OF LOS ANGELES ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING STAY AND SETTING DATES RESETTLEMENT AGREEMENT**

On September 26, 2022, the parties submitted a Second Stipulation to Stay Proceedings Due to Settlement, along with a preliminary settlement terms sheet. (Dkt. 471). In this renewed request, the parties ask the Court to "continue all deadlines and stay proceedings through November 15, 2022" so that they may "draft their agreement and obtain all necessary client approvals." (Dkt. 471).

Having read and considered the parties' request, and to ensure the efficient and expedient resolution of this matter, the Court hereby **ORDERS** the parties to submit a proposed settlement agreement by October 17, 2022—thirty (30) days from the date the parties originally notified the Court of their pending settlement (Dkt. 467).

Case 2:20-cv-02291-DOC-KES    Document 473    Filed 09/27/22    Page 2 of 2    Page ID #:14710

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                   Date: September 27, 2022

Page 2

       The Court further **GRANTS** the request to stay proceedings through November 15, 2022, and **SETS** the following dates regarding the settlement agreement:

> The Court invites any party and the public to submit comments or objections to the settlement agreement by October 27, 2022.
>
> Responses are due November 2, 2022.
>
> Hearing regarding the settlement agreement is set for November 14, 2022, at 9:00 AM.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                          Initials of Deputy Clerk: kdu

CIVIL-GEN

Case 2:20-cv-02291-DOC-KES   Document 475   Filed 09/29/22   Page 1 of 1   Page ID #:14737

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA Alliance for Human Rights et al | **CASE NUMBER:** |
| **PLAINTIFF(S)** | 2:20-cv-02291-DOC-KES x |
| v. | |
| City of Los Angeles et al | **NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT** |
| **DEFENDANT(S).** | |

**PLEASE TAKE NOTICE:**

The following problem(s) have been found with your filed document:

| 09/29/2022 | 474 | Emergency Motion for Reconsideration |
|---|---|---|
| Date Filed | Document No. | Title of Document |

### DOCKETING AND FORMATTING ERRORS:

☐ Local Rule 11-3.8 title page is missing, incomplete, or incorrect
☐ Document lacks required signature
☐ Document linked incorrectly to the wrong document/docket entry
☐ Document submitted in the wrong case
☐ Incorrect document is attached to the docket entry
☐ Incorrect event selected. Correct event to be used is _____
☑ Proposed document was not submitted or was not submitted as a separate attachment
☐ Other: _____

### MOTION-RELATED ERRORS:

☐ Local Rule 7-3 compliance statement missing
☐ Local Rules 7-9, 7-10 opposition or reply papers untimely
☐ Hearing information is missing, incorrect, or untimely
☐ Local Rule 11-6 Memorandum exceeds 25 pages
☐ Other: _____

### OTHER ERRORS:

☐ Local Rule 83-2.5 no letters to the Judge
☐ Fed. R. Civ. P. 5 no proof of service attached
☐ Local Rule 7-1.1 no notice of interested parties
☐ Other: _____

Note:   **In response to this notice, the Court may: 1) order an amended or corrected document to be filed; 2) order the document stricken; or 3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so.**

Clerk, U.S. District Court

Dated: 09/29/2022

By: Estrada erick_estrada@cacd.uscourts.gov
Deputy Clerk

cc: Assigned District Judge and/or Magistrate Judge

Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02291-DOC-KES                    Date:  September 29, 2022

Title: LA ALLIANCE FOR HUMAN RIGHTS et al. v. CITY OF LOS ANGELES et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Karlen Dubon                                    Not Present
Courtroom Clerk                                 Court Reporter

ATTORNEYS PRESENT FOR               ATTORNEYS PRESENT FOR
PLAINTIFF:                           DEFENDANT:
None Present                         None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING REQUESTS TO**
**INTERVENE [444, 446, 448, 461]**
**AND MOTION TO RECONSIDER**
**[469], AND ORDERING PRE-**
**FILING RESTRICTIONS**

Before the Court is *pro se* litigant Adrian D. Moon's repeated motions to intervene in the instant case, (Dkts. 444, 446, 448, 461), and his Emergency Motion for Reconsideration of Recusal Motion ("Motion for Reconsideration") (Dkt. 474). The Court concludes that Mr. Moon has not met the standards for either intervention as of right or permissive intervention under Federal Rule of Civil Procedure 24.

The Court thus **DENIES** Mr. Moon's requests to intervene. Accordingly, all other motions filed by Mr. Moon, including the Motion for Reconsideration, are **DENIED** as moot. Additionally, for reasons set forth below, the Court **ORDERS** pre-filing review of any filing action Mr. Moon attempts to take in this action.

District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case. *See e.g., O'Loughlin v. Doe*, 920 F.2d

Case 2:20-cv-02291-DOC-KES   Document 476   Filed 09/29/22   Page 2 of 8   Page ID #:14739

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-02291-DOC-KES

Date: September 29, 2022
Page 2

614, 616 (9th Cir.1990) (requiring *pro se* inmate deemed vexatious litigant to show good cause before being permitted to file future actions); *De Long v. Hennessey*, 912 F.2d 1144, 1146–47 (9th Cir. 1990) (prohibiting filings of *pro se* litigant proceeding in forma pauperis without leave of the district court); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir.1990) (forbidding *pro se* plaintiff from filing further complaints without prior approval of district court).

Although the Ninth Circuit has cautioned that pre-filing orders are an extreme remedy rarely to be used, it has made clear that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1147–48. In light of that directive, district courts examine four factors before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. *Id.* at 1147. Second, the court must compile "an adequate record for review." *Id.* at 1147–48 ("At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive."). Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id.* Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (discussing *DeLong* factors).

This Court finds Mr. Moon a vexatious litigant. In his seven extensive filings over the last three months, Mr. Moon identifies himself as the "chosen one" and "begotten son of the Almighty," and requests this Court to grant "daredeemer's motion for order to the Los Angeles Probation Department to produce Adrian D. Moon's (AB109) probation file." *See* Motion for Reconsideration, at 18. Beyond being outside the scope of this action, Mr. Moon's requests are also outside the scope of this Court's jurisdiction.

Mr. Moon's filing history in this district further lends support to this Court's conclusion. In one dismissed action, the Magistrate Judge explained that Mr. Moon "purports to assert claims under the Supremacy Clause, names Satan as a defendant, and names several individuals who are immune from suit including V.P. Kamala Harris [and] Gov. Newsom." *See Whetstone v. Moon*, No. 2:21-cv-05983-SVW-KS (C.D. Cal. Aug. 6, 2021) (Dkt. 6) (denying Mr. Moon's *in forma pauperis* application for "being [l]egally and/or factually patently frivolous").

In the present case, Mr. Moon makes similar claims and enough unsolicited filings to provide justification for this Court to require pre-filing review. *See Molski*, 500 F.3d at 1065 (9th Cir. 2007) (approving pre-filing order where it "will not stand in the way of advocacy for legitimate claims" and help avoid the use of litigation as "a device to

Case 2:20-cv-02291-DOC-KES    Document 476    Filed 09/29/22    Page 3 of 3    Page ID #:14740

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                 Date: September 29, 2022
                                                                                    Page 3

encourage . . . unwarranted or exaggerated claims"); *see also Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Accordingly, for any future filings in this action, Adrian D. Moon shall first obtain leave of the Court and:

a. shall not exceed three pages,

b. shall attach the proposed filing,

c. shall explain why the proposed filing is not frivolous,

d. shall explain why the proposed filing is not an attack on any previous order entered in this case, and

e. shall certify, by affidavit and under the penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court.

Failure to comply with any of the above requirements will result in the striking of that filing without further notice. Mr. Moon is forewarned that if he abuses these restricted filing privileges, the Court will take further injunctive action.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN_daq