DAWYN R. HARRISON, Acting County Counsel (SBN 173855)
dharrison@counsel.lacounty.gov
JENNIFER A.D. LEHMAN, Assistant County Counsel (SBN 191477)
jlehman@counsel.lacounty.gov
ANA WAI-KWAN LAI, Senior Deputy County Counsel (SBN 257931)
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (SBN 54141)
MIRA HASHMALL (SBN 216842)
mhashmall@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

[*Additional counsel continued on following page.*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>         Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT JOINT MOTION FOR AN ORDER TO SHOW CAUSE RE: DISMISSAL OF GARY WHITTER'S CLAIMS PURSUANT TO F.R.C.P. 41(B) AND L.R. 41-1, 41-5, AND 41-6**<br><br>Date:    November 14, 2022<br>Time:    8:30 a.m.<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

577785.4

[*Additional counsel, continued from previous page:*]

MICHAEL N. FEUER, City Attorney (SBN 111529)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
arlene.hoang@lacity.org
RYAN SALSIG, Deputy City Attorney (SBN 250830)
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California 90012
Telephone:   (213) 978-7508
Facsimile:    (213) 978-7011

Attorneys for Defendant
CITY OF LOS ANGELES

577785.4

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT JOINT MOTION FOR AN ORDER TO
SHOW CAUSE RE: DISMISSAL OF GARY WHITTER'S CLAIMS

## I.    **INTRODUCTION**

The County of Los Angeles ("County") and City of Los Angeles ("City" and, together with County, "Defendants") have entered into case-dispositive settlement agreements with all of the Plaintiffs in this action except Gary Whitter.  Mr. Whitter has been *pro se* since July 22, 2022 when the Court granted Spertus, Landes & Umhofer, LLP's ("Plaintiffs' counsel") *ex parte* application to withdraw as Mr. Whitter's attorney due to a prolonged inability to communicate with him.  [Dkt. 458.]  Since the withdrawal of Plaintiffs' counsel, Mr. Whitter has not appeared or otherwise participated in this action.  [*See* Dkts. 369, 370.]  As all of the other parties have resolved the claims asserted, the interests of finality and the conservation of court resources and public funds favor the dismissal of Mr. Whitter's claims against Defendants (which are also subject to pending Motions to Dismiss).  Defendants therefore respectfully request that the Court exercise its authority under Federal Rule of Civil Procedure 41(b) and Local Rules 41-1, 41-5, and 41-6, order Mr. Whitter to show cause within 30 days why his claims should not be dismissed for lack of prosecution, and, if Mr. Whitter fails to show cause within the time allotted, dismiss his claims and enter final judgment in this case.

## II.    **MR. WHITTER'S LACK OF PROSECUTION**

In Plaintiffs' First Amended and Supplemental Complaint ("FAC") [Dkt. 358], Mr. Whitter was party to eight of the thirteen claims alleged against the City and County, which the City and County moved to dismiss in full.[1]  [*See* Dkts. 369, 370.]  Defendants' motions are fully briefed and were argued in January 2022.  [Dkt. 390.]

---

[1] Two additional claims were brought by Plaintiff LA Alliance for Human Rights, of which Mr. Whitter is a member.  [*See* FAC ¶ 96 ("All individual plaintiffs herein are members of the Alliance.").]

577785.4

3

In April 2022, Plaintiffs and the City notified the Court that they had reached a preliminary settlement agreement that they intended to "fully resolve this case as to [the] City."  [Dkt. 408.]  However, Mr. Whitter never joined the settlement agreement that the other Plaintiffs finalized with the City.  [Dkt. 429-1.]  The Court dismissed the claims of all Plaintiffs except for Mr. Whitter against the City pursuant to that agreement.  [Dkt. 445.]

However, it was revealed shortly thereafter that Plaintiffs' counsel had been unable to obtain Mr. Whitter's consent to the agreement because Mr. Whitter had ceased contact with his attorneys.  Following the City settlement, Plaintiffs' counsel filed an *ex parte* application for an order to withdraw as Mr. Whitter's counsel of record.  [Dkt. 450.]  As "good cause" for the application, Plaintiffs' counsel explained that its representation of Mr. Whitter was "compromised by [counsel's] inability to communicate with Mr. Whitter," who "failed to provide [Plaintiffs' counsel] with his current phone number or address" and "made no efforts to keep [Plaintiffs' counsel] informed of his whereabouts."  [*Id.*]  In the accompanying declarations submitted by Plaintiffs' counsel in support of the application, Plaintiffs' counsel detailed the efforts she undertook to contact Mr. Whitter, including:

- "call[ing] Mr. Whitter at least 20 times, and le[aving] voicemails" at "a number that [she] . . . previously used to talk to him";

- "email[ing] him several times" at his "last known email address and all other email addresses that could be found";

- "contact[ing] Mr. Whitter's last known address";

- sending "hard copy letters" to "two new addresses" located by Plaintiffs' counsel through "a People search on Westlaw" as potentially affiliated with Mr. Whitter;

- "conduct[ing] a search on the Los Angeles County Sheriff's Department and Coroner's websites"; and

- "messag[ing] Mr. Whitter" through an "account belonging to Mr. Whitter on a social media site"; and

- "engag[ing] . . . a private investigator."

577785.4

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT JOINT MOTION FOR AN ORDER TO SHOW CAUSE RE: DISMISSAL OF GARY WHITTER'S CLAIMS

[Dkt. 450-1 ¶¶ 3–8 (Declaration of Elizabeth A. Mitchell in Support of Ex Parte Application to Withdraw as Counsel).]  Mr. Whitter never responded to Plaintiffs' counsel's calls, e-mails, letters, or messages.  [*Id.* ¶¶ 4–6, 8.]  Mr. Whitter had not otherwise communicated with Plaintiffs' counsel about his whereabouts nor were Plaintiffs' counsel or the private investigator successful in contacting Mr. Whitter.  [*Id.* ¶¶ 5, 7, 9.; Dkt 450-2 (Declaration of Paul Bonin) (explaining private investigators' unsuccessful efforts to locate Mr. Whitter through exhaustive research or by contacting associates and family members).]

The Plaintiffs other than Mr. Whitter filed a Second Amended Complaint against the County [Dkt. 454] before reaching a settlement with the County that resolves their claims.  [Dkt. 467.]  Both the City and County settlements were covered by local news.  (Declaration of Mira Hashmall ¶ 5.)  The only thing that will remain pending after the Court dismisses the remaining Plaintiffs' claims against the County pursuant to their settlement are Mr. Whitter's claims against the City and County from the FAC, which are subject to pending motions to dismiss.

## III.   THE COURT SHOULD DISMISS THIS CASE

Courts have the inherent power to control their dockets, including by dismissing cases where a plaintiff has refused to prosecute or to comply with procedural rules or the court's orders.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *see Link v. Wabash R.R. Co*., 370 U.S. 626, 630–32 (1962) (the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted").  Federal Rule of Civil Procedure 41(b) states that "[i]f [a] plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Local Rules for this District also authorize courts to dismiss for "want of prosecution" (a) "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein . . . , after notice"; (b) "[i]f a party, without notice to the Court, fails to appear at [a] noticed

577785.4

5

call of any action or proceeding," and (c) where a "*pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document." L.R. 41-1, 41-5, & 41-6.

Dismissal of unprosecuted cases is considered "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. In determining whether dismissal is appropriate, courts consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642.

A district court should dismiss "where at least four factors support dismissal, … or where at least three factors 'strongly' support dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, however, all factors support dismissal.

1.    **Public Interest**: "[T]he public's interest in expeditious resolution of litigation always favors dismissal" of unprosecuted claims, particularly where public entities are involved. *Id*. The Ninth Circuit has held that this factor favors dismissal where the plaintiff has failed to pursue a case for four months. *Pagtalunan*, 291 F.3d at 642. Here, Mr. Whitter has been incommunicable for at least six months, during which time all other parties have settled the case. This factor therefore favors the dismissal of Mr. Whitter's claims.

2.    **Court Docket**: A plaintiff's "inaction hinders the Court's ability to move th[e] case toward disposition and indicates that Plaintiff does not intend to litigate th[e] action diligently." *Croaker v. Hsing*, 2016 WL 3135652, at *3 (C.D. Cal. Apr. 25, 2016), *report and recommendation adopted*, 2016 WL 3129606 (C.D. Cal. May 31, 2016); *Sanders v. AHMS Inc.*, 2012 WL 13005957, at *2 (C.D. Cal. Feb. 28, 2012). Where a plaintiff is inattentive or nonresponsive, this factor also

577785.4

6

weighs in favor of dismissal. *Sanders*, 2012 WL 13005957, at *2; *Curten v. Quality Loan Serv. Co.*, No. CV1407934MMMPJWX, 2015 WL 13915781, at *3 (C.D. Cal. Oct. 7, 2015).

Here, continuing this case would not serve the Court's interests in judicial economy and management of its docket. This case has already been pending for over two years. Should the case proceed after all other Parties reached settlement agreements, the Court would have to expend its limited resources resolving Defendants' Motions to Dismiss and holding conferences related to discovery. Those resources are not well spent in an action where the only remaining plaintiff has been nonresponsive for over six months and has never indicated an intent to prosecute this case *pro se*. This factor, too, thus weighs in favor of dismissal.

3.   **Prejudice to Defendants**:  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Prejudice may consist of loss of evidence and memory, as well as the costs or burdens of litigation. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). A plaintiff's failure to prosecute gives rise to a presumption of prejudice to the defendant that "is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Mr. Whitter's failure to prosecute this action significantly hampers Defendants' ability to defend themselves in this case. From the allegations in the FAC, Mr. Whitter is challenging allegedly wrongful conduct and injuries that occurred decades ago, before he was admitted into housing at the Union Rescue Mission in March 2019. (FAC ¶ 149.) Mr. Whitter's allegations of ongoing harm include encountering sidewalk blockages, crime, and harassment in or near Skid Row. (*Id.* ¶ 150.) Defendants are already in the difficult position of locating

577785.4

7

witnesses who may be unavailable, but that difficulty is compounded exponentially by the inherently transient nature of the activity Mr. Whitter claims damaged him. Meanwhile, Defendants are public entities and have already incurred significant fees and costs in connection with this litigation.  Defendants have entered into case-dispositive settlement agreements with the other Plaintiffs.  Defendants have no reason to believe Mr. Whitter would not have joined those agreements had he been in communication with his counsel.

4.     **Availability of Alternatives**:  A court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone v. U.S. Postal Serv*., 833 F.2d 128, 131 (9th Cir. 1987); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  The Court's issuance of an order to show cause, following Defendants' motion for such relief, discharges the Court's obligation to consider alternatives prior to dismissing Mr. Whitter's claims.  *In re PPA Prod. Liab.*, 460 F.3d at 1228-29.

5.     **Public Policy**:  Although the public policy favoring disposition of cases on their merits generally weighs against dismissal, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re PPA Prod. Liab.*, 460 F.3d 1217 (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).  This is because "it is the responsibility of the moving party to move towards [a] disposition at a reasonable pace."  *Morris v. Morgan Stanley & Co*., 942 F.2d 648, 652 (9th Cir. 1991).

Mr. Whitter has been absent from this litigation for at least six months.  He has never appeared in this case other than through the attorneys who have since withdrawn from representation due to their inability to communicate with him. Since the City and County have settled with all other Plaintiffs, Mr. Whitter's lack of communication or participation will prevent this case from proceeding and force

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT JOINT MOTION FOR AN ORDER TO SHOW CAUSE RE: DISMISSAL OF GARY WHITTER'S CLAIMS

this Court to expend resources resolving Defendants' motions to dismiss. Therefore, the Court should find this factor also favors dismissal.

## IV.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an Order (a) requiring Mr. Whitter to show cause within 30 days why the instant action should not be dismissed with prejudice for lack of prosecution, and (b) if no cause is shown within 30 days, dismissing Mr. Whitter's claims against Defendants and directing the Clerk to promptly enter judgment and close this case.

DATED:  October 17, 2022          MILLER BARONDESS, LLP


                                  By:      /s/ Mira Hashmall
                                        MIRA HASHMALL
                                        Attorneys for Defendant
                                        COUNTY OF LOS ANGELES


DATED:  October 17, 2022          CITY ATTORNEY'S OFFICE


                                  By:      /s/ Scott Marcus
                                        SCOTT MARCUS
                                        Attorneys for Defendant
                                        CITY OF LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT JOINT MOTION FOR AN ORDER TO SHOW CAUSE RE: DISMISSAL OF GARY WHITTER'S CLAIMS

**ATTESTATION**

I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature pages.

DATED:  October 17, 2022          MILLER BARONDESS, LLP


By:      /s/ Mira Hashmall
        MIRA HASHMALL
        Attorneys for Defendant
        COUNTY OF LOS ANGELES

577785.4                          10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT JOINT MOTION FOR AN ORDER TO SHOW CAUSE RE: DISMISSAL OF GARY WHITTER'S CLAIMS