DAWYN R. HARRISON, *Interim County Counsel* (State Bar No. 173855)
dharrison@counsel.lacounty.gov
JENNIFER A.D. LEHMAN, *Assistant County Counsel* (State Bar No. 191477)
jlehman@counsel.lacounty.gov
ANA WAI-KWAN LAI, *Senior Deputy County Counsel* (State Bar No. 257931)
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone:   (213) 974-1830
Facsimile:   (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **COUNTY OF LOS ANGELES'S RESPONSE IN SUPPORT OF SETTLEMENT AGREEMENT** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

583461.2

On September 16, 2022, Defendant County of Los Angeles ("County") and Plaintiffs LA Alliance for Human Rights, Joseph Burk, Harry Tashdjian, Wenzial Jarrell, Karen Pinsky, Charles Malow, and George Frem (collectively, "Plaintiffs") notified the Court that they had reached a preliminary settlement agreement that would result in the Parties jointly seeking the dismissal with prejudice of Plaintiffs' claims against the County under Federal Rule of Civil Procedure 41(a)(2). (Dkt 467.)  The County and Plaintiffs have since executed their settlement and filed a stipulation for voluntary dismissal with prejudice.  (Dkt. 485.)

The Court previously "invite[d] any party and the public to submit comments or objections to the settlement agreement" by October 27, 2022 in advance of a November 14, 2022 "[h]earing regarding the settlement agreement," with responses to comments or objections, if any, due November 2, 2022.  (Dkt. 473.)  On October 27, Intervenors Los Angeles Community Action Network, Los Angeles Catholic Worker, and Orange County Catholic Worker (collectively, "Intervenors") filed a statement of non-opposition stating that they "do not object to the substantive terms of the settlement agreement."[1]  (Dkt. 488.)  No other comments or objections

---

[1] Contrary to Intervenors' suggestion (Dkt. 488 n.1), the County and Plaintiffs are not seeking a consent decree.  Plaintiffs require the Court's consent to voluntarily dismiss their claims under Rule 41(a)(2) because, as the Parties' joint stipulation explains, the County previously served an answer and the other criteria for a dismissal without court order do not apply. (*See* Dkt. 485.)  However, it is clear that the requested dismissal is appropriate given that Plaintiffs seek a dismissal with prejudice and the County is a party to the settlement agreement that spurned the request. (*Id.*)  Although the Parties' agreement provides for the Court's continuing jurisdiction for the purpose of enforcing the terms of their settlement, this does not give rise to nor support the entry of a consent decree.  By including a "provision 'retaining jurisdiction' over the settlement agreement," the Court will merely effectuate the Parties' intent to create a basis for ancillary federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (where a plaintiff has voluntarily dismissed claims under Rule 41 pursuant to settlement, court lacks federal jurisdiction over breach-of-contract claims arising out of that settlement unless it retains jurisdiction as part of its order granting dismissal).

583461.2

2

COUNTY OF LOS ANGELES'S RESPONSE IN SUPPORT OF SETTLEMENT AGREEMENT

were filed.  This further confirms that there is good cause to dismiss Plaintiffs' claims with prejudice pursuant to their settlement agreement.

Moreover, there is no basis to dispute that the Parties' underlying settlement furthers the County's longstanding commitment to addressing homelessness.  The settlement commits several hundreds of millions of County dollars to increasing interim and permanent housing and supportive services, including in the treatment areas of mental health and substance use disorder that were a key aspect of Plaintiffs' allegations in this case.  This is in addition to the millions in funds earmarked pursuant to the County's historic Memorandum of Understanding with the City of Los Angeles, whereby the County agreed to pay the City $53 million during the first year, and up to $60 million per year for the following four years, to finance 6,700 beds for vulnerable people experiencing homelessness.  (Dkt. 136.)

In this way, the instant settlement both reflects and is an extension of the County's broader efforts outside the narrow litigation context to strengthen partnerships with other municipalities and bring critical resources and services to the region's unhoused residents.  For example, this settlement does not account for the Board's allocation of $163.3 million for interim housing and $227.3 million for permanent housing for this fiscal year, in addition to $20 million to go to local jurisdictions—more than double the amount in prior fiscal years.  Indeed, throughout this case the County has provided the Court with a voluminous record of the billions of dollars the County is dedicating to housing, services, and other resources for people experiencing homelessness.  Meanwhile, this case is now in its third year and the third iteration of the Complaint.  Further litigation would merely divert limited resources away from vital community programs and towards motion practice and discovery, which the Parties have reasonably elected to avoid through settlement.

The Parties' settlement was reached following a fair and arms-length negotiation process and reflects another important step towards reaching the

County's goals in addressing homelessness.  No party or non-party has objected to the settlement.  For these reasons, the County respectfully request that the Court enter an order dismissing Plaintiffs' claims with prejudice in the form provided earlier by the Parties.  (*See* Dkt. 468-2.)

DATED:  November 2, 2022         MILLER BARONDESS, LLP


By:  _____/s/ Mira Hashmall_____
         MIRA HASHMALL
         Attorneys for Defendant
         COUNTY OF LOS ANGELES