UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
11766 Wilshire Blvd., Suite 900
Los Angeles, California 90025
Telephone: 213-394-7979
Facsimile: 213-529-1027
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>        Defendants. | Case No. 2:20-cv-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF LOS ANGELES'S EX PARTE APPLICATION FOR STAY** |

*OPPOSITION TO COUNTY OF LOS ANGELES'S EX PARTE APPLICATION*

PLEASE TAKE NOTICE that Plaintiffs in this matter hereby oppose the County's *ex parte* application for a stay of this case pending a meritless appeal.[1]

What the County insists is a constitutional question is in fact a simple contract issue. Plaintiffs and the County sought the court's approval of a Settlement Agreement that contained the following language: "[T]his Agreement shall become effective and operative on the date that the District Court enters an Order dismissing, with prejudice, the Action, subject to the court's continuing enforcement in accordance with Section P of this Agreement." (ECF No. 485-1, Settlement Agreement, paragraph A(1).)[2] In other words, the County expressly agreed that the Settlement Agreement would not become binding unless the Court (i) dismissed the case and (ii) agreed to "continuing enforcement." It is undisputed that the Court did neither. Because this express condition precedent was not satisfied, the Settlement Agreement never became "effective and operative." See Roth v. Garcia Marquez, 942 F.2d 617, 626 (9th Cir. 1991) (A contract in which the defendant's "signature was a condition precedent to the forming of a binding contract. Since he never signed, no contract was formed."). Without the Court's consent to "continuing enforcement," there is no deal, and no grounds for a stay or appeal.

Pretending that this contractual, court-enforcement condition doesn't exist, the County creates an alternative reality where the parties reached a purely private agreement that had no condition precedent and left the Court with no choice but to accept the deal and dismiss this case. But ignoring reality is not a basis to stay a federal case.

There is no legitimacy to the County's lament that the Court somehow imposed additional terms on a private deal between the parties. The Settlement Agreement expressly contemplated the Court's retention of jurisdiction to enforce the agreement.

---

[1] The Plaintiffs take no position on the request for expedited briefing.

[2] The plaintiffs and the County later submitted to the Court an addendum to the Settlement Agreement (ECF No. 533-2), which altered certain terms in the original Settlement Agreement but left untouched paragraph A(1).

1

*OPPOSITION TO COUNTY OF LOS ANGELES'S EX PARTE APPLICATION*

The Supreme Court itself has made it clear that under these circumstances,

> [w]hen the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, **in the court's discretion**, be one of the terms set forth in the order.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994) (emphasis added).[3]  In other words, "a court is under no obligation to retain jurisdiction over a settlement agreement, but may do so if it chooses."  Brass Smith, LLC v. RPI Indus., Inc., 827 F. Supp. 2d 377, 381 (2011).  Contrary to the County's belief,

> Parties, even if they mutually agree, do not have a right to incorporation of all their settlement terms in a dismissal order, since "nowhere in [Kokkonen] does it say that a court must allow such an incorporation."  It is within the Court's discretion to decline "the invitation to place the judicial stamp of authority on whatever private arrangements have been made between the parties."

Id. (quoting Glaxo Grp. Ltd. v. Dr. Reddy's Labs., Ltd., 325 F. Supp. 2d 502, 506 (D.N.J. 2004).  This is what the County misses when it complains that the Court was imposing its own conditions on a purely private deal.  It was never a private deal.  It called for the Court's retention of jurisdiction to enforce the settlement, which the

---

[3] The Ninth Circuit "has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

*OPPOSITION TO COUNTY OF LOS ANGELES'S EX PARTE APPLICATION*

Court was under no obligation to give. [4]  And the Court acted within the bounds of its discretion in indicating what kind of deal that it might agree to retain jurisdiction over.

The County also proclaims that it would be prejudiced without a stay because it would have to defend itself in court, but "it is clear that the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).  It is understandable but unfortunate that the County would seek to avoid litigation over its failure to meet the needs of those living and dying on the streets of Los Angeles—particularly those experiencing mental health challenges and substance use disorder.  This case has been pending for three years, and the County still refuses to create the beds and commit to the accountability that would resolve it.  It is time for this case to proceed.

Respectfully submitted,

Dated: April 29, 2023

/s/ Matthew Donald Umhofer
    UMHOFER, MITCHELL & KING LLP
    Matthew Donald Umhofer
    Elizabeth A. Mitchell

*Attorneys for Plaintiffs*

---

[4] In its Motion to Certify, the County evades controlling in-circuit precedent concerning the district court's broad discretion under Rule 41(a)(2), and instead embraces out-of-circuit cases, none of which involved a settlement conditioned on a court's acceptance of continued jurisdiction.

*OPPOSITION TO COUNTY OF LOS ANGELES'S EX PARTE APPLICATION*