# EXHIBIT 33

EXHIBIT 33 - Page 1212

RODRIGO A. CASTRO-SILVA (SBN 185251)
*Acting County Counsel*
LAUREN M. BLACK (SBN 192302)
*Assistant County Counsel*
AMIE S. PARK (SBN 273346)
*Deputy County Counsel*
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1830 | Fax: (213)626-7446
Email: apark@counsel.lacounty.gov

BYRON J. MCLAIN (SBN 257191)
FOLEY & LARDNER, LLP
555 South Flower Street, Suite 3300
Los Angeles, California 90071
Tel.: (310) 972-4500 | Fax: (213)486-0065
Email: bmclain@foley.com

LOUIS R. MILLER (SBN 54141)
MIRA HASHMALL (SBN 216842)
EMILY A. RODRIGUEZ-SANCHIRICO (SBN 311294)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400
Email.: esanchirico@millerbarondess.com

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC-KES**<br><br>**COUNTY OF LOS ANGELES' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED OCTOBER 20, 2020**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

481345.9

COUNTY OF LOS ANGELES' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED OCTOBER 20, 2020

EXHIBIT 33 - Page 1213

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## I.     INTRODUCTION

The County of Los Angeles ("County") is committed to tackling the homelessness crisis and is undertaking tremendous efforts to support and shelter or house people experiencing homelessness ("PEH").  Plaintiffs' underlying complaint acknowledges the County's efforts and focuses its claims primarily on homeless encampments in the Skid Row area of the City of Los Angeles ("City").

In a status report submitted on October 20, 2020 ("Plaintiffs' Status Report"), Plaintiffs request "an [a]ccounting of funds remaining in the County's Mental Health Services Act ('MHSA') fund and how those funds might be utilized for the increased shelter of persons experiencing homelessness that also require mental health services." (Docket 188, pp. 1-2.)  Plaintiffs acknowledge that mental health services in this country are governed by a complex regulatory scheme managed and controlled by the state and federal governments.  Nevertheless, Plaintiffs rely on anecdotal observations to lob criticism against the County and its extensive efforts to help this population.  Plaintiffs expressly "request an accounting of MHSA funds in 2020, including the amount currently unspent, and how those funds may be spent on shelter or housing for homeless individuals suffering from mental illness." (*Id*. p. 11.)

Plaintiffs' "request" is wholly inappropriate.  First, Plaintiffs have no legal basis to seek an accounting of the County's MHSA funds.  Second, there is no authority for Plaintiffs' attempt to dictate how the County directs the use of those MHSA funds.

The California legislature and the County Board of Supervisors are charged with exercising discretion as to how MHSA funds are distributed.  The County is spearheading many innovative programs and services for persons with severe mental illness, in partnership with the state and federal agencies that direct nationwide public policy on mental health services.  The County's Department of Mental Health ("DMH") works with a group of stakeholders to develop policies and implement

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

481345.9

2

EXHIBIT 33 - Page 1214

strategies to provide services and support to eligible persons with severe mental illness.  Plaintiffs have no legal authority to dictate those policies or services.  The development and implementation of mental health policies is solely a legislative and executive function of the County Board of Supervisors.

## II.    THE COUNTY'S MHSA PROGRAM

In 2004, California's voters passed Proposition 63 (the Mental Health Services Act or MHSA) to improve the delivery of mental health services and treatment across the State of California.  This law imposed a 1% tax on all California personal incomes over $1 million.  The MHSA is a comprehensive approach to the development of community based mental health services and support for residents of California.  In particular, the MHSA sought to address the closure of state hospitals for persons with Serious Mental Health Disorders ("SMHD") in the 1970s.  By law, SMHD is defined as a mental disorder that is: (1) severe; (2) persistent; and (3) with substantial life impairment.  Cal. Welf. & Inst. Code § 4242(b).

The State allocates funding to counties based on several factors, including population and need for services.  The State has issued strict guidelines regarding the eligible service population and the types of services and programs that MHSA funds can be used to support.  *See* Cal. Welf. & Inst. Code § 5890 (specifying programs that may be funded with MHSA funds).  There is a detailed regulatory scheme that restricts the use of MHSA funds.  *See* Cal. Code Regs. tit. 9, § 3315. For example, MHSA funds cannot be used for law enforcement functions.

The MHSA addresses a broad continuum of prevention, early intervention and service needs and the necessary infrastructure, technology and training elements to support the system.  The California Department of Mental Health establishes procedures and guidelines for the statewide MHSA program, and requires that each county mental health program submit a three-year plan for State approval.  All MHSA spending is governed by this State statutory approval process.  *See*, *e.g.*, Cal.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

481345.9

3

EXHIBIT 33 - Page 1215

Welf. & Inst. Code § 5891(a) (MHSA funds "shall only be used to pay for the programs authorized in Sections 5890 and 5892," "may not be used to pay for any other program," and "may not be loaned to the General Fund or any other fund of the state, or a county general fund or any other county fund for any purpose other than those authorized by Sections 5890 and 5892").

The California MHSA Oversight and Accountability Commission ("MHSOAC"), established by California Welfare and Institutions Code section 5845, is composed of State appointees, mental health and medical professionals, and representatives from law enforcement, business, education and organized labor. The Governor also appoints MHSOAC board members who have personal experience with severe mental illness or who have family members with severe mental illness. The role of the California Department of Health Care Services ("DHS") and the MHSOAC is to oversee the implementation of the MHSA.

Under California Welfare and Institutions Code section 5847, DHS and the MHSOAC approve each county's three-year program and expenditure plan. They are also charged with ensuring that each county's expenditures comply with the specific program and spending requirements set forth in the MHSA. Each county is required to submit to DHS and the MHSOAC an "Annual Mental Health Services Act Revenue and Expenditure Report" and "certify the accuracy of this report." Cal. Welf. & Inst. Code § 5899(a). Counties are required to "adhere to uniform accounting standards and procedures that conform to the Generally Accepted Accounting Principles prescribed by the Controller pursuant to Section 30200 of the Government Code when accounting for receipts and expenditures of [MHSA] funds in preparing the report." *Id*. If a county "does not submit the annual revenue and expenditure report . . . by the required deadline, [DHS] may withhold MHSA funds until the reports are submitted." *Id*. § 5899(e).

"The purpose of the Annual Mental Health Services Act Revenue and Expenditure Report" is to "(1) Identify the expenditures of MHSA funds that were

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

481345.9

4

EXHIBIT 33 - Page 1216

distributed to each county[;] (2) Quantify the amount of additional funds generated for the mental health system as a result of the MHSA[;] (3) Identify unexpended funds, and interest earned on MHSA funds[;] [and] (4) Determine reversion amounts, if applicable, from prior fiscal year distributions." *Id*. § 5899(c).

In Los Angeles County, the MHSA program is administered by DMH. The MHSA program provides mental health services to a diverse population: children, transition-age youth, adults, older adults, families, and underserved. There are five components that support the County's mental health system:

1) Community Services and Supports: Direct mental health services and supports for children and youth, transition age youth, adults, and older adults; permanent supportive housing for clients with serious mental illness;

2) Prevention and Early Intervention: Services to engage individuals before the development of serious mental illness or at the earliest signs of mental health struggles; statewide projects to address suicide prevention, stigma and discrimination reduction;

3) Workforce, Education and Training: Enhancement of the mental health workforce through continuous education and training programs;

4) Capital Facilities and Technological Needs: Building projects and improvements of mental health services delivery systems using the latest technology;

5) Innovations: Opportunities to design and test emerging mental health practices, and development implementation plans for use in the mental health system.

MHSA programs focus primarily on mental health treatment and support services for all of the populations served by the County's DMH, including PEH. MHSA funding can be used to support the development of permanent supportive housing serving PEH living with serious mental illness or a severe emotional

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

481345.9

5

COUNTY OF LOS ANGELES' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED OCTOBER 20, 2020

**EXHIBIT 33 - Page 1217**

disorder.  Overall, DMH has invested $243 million in the development of supportive housing across Los Angeles County, including 83 MHSA funded housing developments.

The County's MHSA program is subject to the three-year review process with required annual updates to the MHSOAC.  *See* Cal. Welf. & Inst. Code § 5845.  There is an extensive stakeholder process that involves engagement with stakeholders, public posting of draft plans and annual updates, public comment periods, and public hearings conducted by the local Mental Health Commission.  At the conclusion of the stakeholder process, DMH finalizes the MHSA annual update and submits it to the Board of Supervisors.  If the Board adopts the annual update, DMH reposts the adopted annual update and submits it to the MHSOAC.  At every step of the planning process, DMH makes information about its MHSA program publicly available and encourages active participation from community stakeholders, with input and guidance from the Board of Supervisors.

## III.   THERE IS NO LEGAL BASIS FOR PLAINTIFFS' ATTEMPT TO SCRUTINIZE THE COUNTY'S MHSA PROGRAMS

Plaintiffs' Status Report suggests Plaintiffs have lost sight of what this lawsuit is about.  Plaintiffs' suit is based on their contention that the homeless population in the Skid Row area of the City is not addressed effectively.  Plaintiffs now seek to micromanage the County's MHSA program.  Plaintiffs' demands must be rejected.

In their complaint, Plaintiffs have asserted no claim arising from the MHSA.  Indeed, Plaintiffs cite to no law suggesting that private litigants can use the courts to purport to examine the County's administration of the State's MHSA program.  [Docket 188.]  The request for an accounting of the County's MHSA spending is contrary to the comprehensive State laws governing this program.

In *Midgett v. Tri-County Metropolitan Transportation District of Oregon*, 254 F.3d 846 (9th Cir. 2001), the Ninth Circuit cautioned that federal courts must exercise restraint when a plaintiff seeks to direct the conduct of a state or local

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

481345.9

6

EXHIBIT 33 - Page 1218

governmental entity. *Id*. at 850-51. In *Midgett*, the Ninth Circuit held that a district court correctly refused to issue an injunction against a transit agency based on alleged non-compliance with the Americans with Disabilities Act. *Id*. at 851. The Ninth Circuit explained that where there are practices and procedures in place to ensure compliance with the law, a federal court should not mandate substitute procedures of its own design to address those same issues. *Id*. at 850. Here, as explained above, the County's use of MHSA funds for its mental health programs is subject to robust monitoring and supervision by the State. Under *Midgett*, Plaintiffs are wrong to suggest that this Court should issue directives to the County regarding its use of MHSA funds.

In addition to an accounting, Plaintiffs demand to know "how [MHSA] funds may be spent on shelter or housing for homeless individuals suffering from mental illness." [Docket 188, p. 11.] The County shares Plaintiffs' desire to develop and implement effective strategies to support PEH who suffer from SMHD. That is why DMH adheres to statutory requirements to work closely with mental health professionals and community stakeholders to develop permanent supportive housing and other services for eligible PEH. Indeed, the County has provided a detailed description of the mental health programs serving PEH throughout the County of Los Angeles. [Docket 189-1, pp. 6-7.]

Complex policy questions about how to best support PEH with SMHD cannot be answered by Plaintiffs and are not appropriately raised in this forum. They must be resolved by the County's elected governing body, the Board of Supervisors, with the guidance of DMH and within the dictates of the State's MHSA rules and regulations. This is the foundation of sound policymaking.

Plaintiffs cannot use this lawsuit to intrude upon the legislative process. The United States Supreme Court in *Rizzo v. Goode*, 423 U.S. 362 (1976), made clear that private litigants may not use the federal judiciary to intrude into the discretionary authority committed to local governmental officials by state and local

7

EXHIBIT 33 - Page 1219

law to perform their official functions. *Id*. at 366. The Supreme Court cautioned that a plaintiff seeking to dictate the activity of a governmental agency "must contend with 'the well-established rule that the Government has traditionally been granted the widest latitude in the "dispatch of its own internal affairs."'" *Id*. at 378-79 (citation omitted). The principles of federalism dictate that federal courts refrain from issuing orders, including injunctive relief, against an executive branch of an agency of state or local governments. *Id.* at 380 (holding that the district court erred by injecting itself into the internal affairs of a local governmental agency).

In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court repeated its warning that "complex and intractable" problems "require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Id*. at 386-87 (Thomas, J., concurring). Thus, it is the role of the political branches "to shape the institutions of government." *Id*. at 349; *see also Scates v. Rydingsword*, 229 Cal. App. 3d 1085, 1102 (1991) ("Fiscal planning demands that control of aid programs be in the hands of the local governing body . . . ."); *id*. at 1102 n.11 ("[A] county, as an independent governmental instrument, must be allowed to experiment with creative and innovative solutions to social problems, such as the homeless.").

Plaintiffs have overstepped the narrow claims in this case, and impermissibly seek to conduct a fishing expedition into the County's administration of the MHSA program. The law does not permit Plaintiffs to dictate how MHSA programs are developed or implemented to assist PEH with SMHD. *Lewis*, 518 U.S. at 386 (Plaintiffs may not ask a "federal judge[] [to] displace state executive officials and state legislatures in charting state policy." (Thomas, J., concurring)). The County is dedicated to doing that important work, and is proud to collaborate with medical professionals, mental health advocates and other community stakeholders to provide support and services to this population. Plaintiffs have no standing; and there is no authority to involve Plaintiffs and the Court in the MHSA program.

481345.9

8

EXHIBIT 33 - Page 1220

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## IV.   **CONCLUSION**

Plaintiffs' request for an accounting of MHSA funds, and any attempt to direct the County's policy and funding decisions regarding the MHSA program, should be rejected by the Court.

DATED:  November 3, 2020          MILLER BARONDESS, LLP


By:     /s/ Mira Hashmall
        MIRA HASHMALL
        Attorneys for Defendant
        COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

481345.9

9

COUNTY OF LOS ANGELES' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED OCTOBER 20, 2020

EXHIBIT 33 - Page 1221