# EXHIBIT 47

EXHIBIT 47 - Page 1929

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                    Date:  May 2, 2023

Title: LA ALLIANCE FOR HUMAN RIGHTS ET AL. v. CITY OF LOS ANGELES ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION TO CERTIFY AND APPLICATION TO STAY [544], [545]**

Before the Court are Defendant County of Los Angeles's (the "County") Motion to Certify for Interlocutory Appeal ("Mot.") (Dkt. 544) and Ex Parte Application to Expedite Briefing and Stay Case ("App.") (Dkt. 545). The County seeks to expedite briefing and stay proceedings pending appeal of the Court's April 20, 2023 Minute Order ("April 20 Order") denying the parties' joint stipulation to dismiss this action with prejudice pursuant to the terms of a settlement agreement. For the reasons described below, the Court DENIES the County's Motion and Application.

**I.      Background**

The facts of this case have been discussed in-depth in the Court's previous orders. On April 20, 2023, the Court held a status conference regarding the parties' renewed stipulation to dismiss the case with prejudice, pursuant to a proposed settlement agreement. (Dkt. 536).

**EXHIBIT 47 - Page 1930**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                    Date: May 2, 2023
                                                                                            Page 2

The Court declined to retain jurisdiction to enforce the terms after finding no accountability, and accordingly, denied the stipulation. A week later, the County moved to certify the Court's April 20 order for interlocutory appeal under 28 U.S.C. § 1292(b). ("Mot.") (Dkt. 544). Plaintiffs filed an Opposition on April 29, 2023. ("Opp'n.") (Dkt. 549).

## II.      Legal Standard

Under 28 U.S.C. § 1292(b), a district court may certify an issue for interlocutory appeal if three elements are met: (1) there is a controlling question of law; (2) there are substantial grounds for differences of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Interlocutory appeals should be granted "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). *Gibson Brands Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 (SSX), 2016 WL 7542437, at *1 (C.D. Cal. Dec. 29, 2016). A district court must certify an otherwise non-appealable question of law if its order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The primary purpose of the interlocutory appeal statute is to "avoid protracted and expensive litigation"; appeal is granted only in "extraordinary circumstances." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The district judge may or may not certify a question depending on whether the statutory requirements are met. *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1338 (9th Cir.1976).

A question of law is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 892 (C.D. Cal. 2015). But "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation and internal quotation marks omitted)).

**EXHIBIT 47 - Page 1931**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                   Date: May 2, 2023
                                                                                                  Page 3

## III.    Discussion

The County seeks to certify the Court's April 20 order for appeal because it presents "three controlling questions of law that merit review": (1) "the scope of a district court's discretion to disapprove a stipulated dismissal with prejudice pursuant to Rule 41(a)(2) following the parties' execution of a binding private settlement agreement disposing of all claims between them"; (2) "whether a district court may condition approval of a Rule 41(a)(2) dismissal on the addition of new settlement terms that are neither agreed to by the parties, nor requested by any party or intervenor"; and (3) "whether there remains a justiciable case or controversy between the parties, considering they have settled all claims between them." Mot. at 2.

The Court does not find that any these questions present any "controlling issue of law." The County misconstrues the basis of this Court's April 20 Order denying the joint stipulation to dismiss. The County contends "the Court criticized the settlement agreement and demanded that the parties change its terms." Mot. at 17.

The Court's ruling considered the practical weight of the accelerating homeless crisis. The Court raised its concerns about the accountability in the proposed settlement, particularly the minimal oversight and narrowly drawn dispute resolution. ("Transcript 4/20/23") (Dkt. 540) at 24–25; 47. The Court and the parties discussed the inadequacy of the proposed terms and how they failed to meet the needs of the County.[1]

These considerations do not render the Court's decision an abuse of discretion or clear error. The Court denied the stipulation after declining to continue jurisdiction over the proposed settlement agreement. This decision does not materially affect the outcome of the case, as the parties can still stipulate to dismissal.

Plaintiffs correctly note, moreover, that the County "expressly agreed that the settlement agreement would not become binding unless the Court (i) dismissed the case and (ii) agreed to 'continuing enforcement.'" Opp'n. at 1. It is within the Court's discretion to decline to exercise jurisdiction over terms that provided no accountability. Plaintiffs go on to state that the proposed settlement "was never a private deal. It called for the Court's retention of jurisdiction to enforce the settlement, which the Court was under no obligation to give." Opp'n. at 2–3. "[A] court is under no obligation to retain

---

[1] At the hearing, several parties agreed that the proposed settlement was inadequate. For example, President of the City Council of Los Angeles Paul Krekorian stated in court: "If the question is: Will this be sufficient to meet the moment? I think the answer has to be no." Dkt. 540 at 9. Mr. Krekorian explained that the settlement terms for additional mental health beds would amount to fewer than one bed a day, "which likely won't even keep up with the increase in demand." *Id.* at 9–10.

**EXHIBIT 47 - Page 1932**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                      Date: May 2, 2023
                                                                                                        Page 4

jurisdiction over a settlement agreement, but may do so if it chooses." *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 381 (2011).

The Court properly exercised its discretion to decline to retain jurisdiction over enforcing terms the Court deemed inadequate with no accountability. As Plaintiffs contend, "[w]ithout the Court's consent to 'continuing enforcement,' there is no deal and no grounds for a stay or appeal," because a live case or controversy exists. *See* Opp'n at 1.

## IV.    Disposition

The Court again emphasizes that should the parties come to a private agreement, without the involvement of the Court, the parties may then move to voluntarily dismiss this action.[2] Here, there was no binding stipulation to dismiss after the Court declined to retain jurisdiction.

The Court finds no "controlling question of law" to justify interlocutory appeal under 28 U.S.C. § 1292(B).  Accordingly, the Court **DENIES** the County's Motion and Application. (Dkts. 544, 545).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                      Initials of Deputy Clerk: kd
CIVIL-GEN

---

[2] The parties' proposed order (Dkt. 485-2) granting the stipulation to dismiss provides that the Court "retains jurisdiction until end of fiscal year 2026/2027 (June 30, 2027) for the purpose of enforcing the Agreement, in accordance with Section P of the parties' settlement agreement." *See* Dkt. 485-2. As the Court previously noted, however, the Court's approval is unnecessary: "This requires no judicial approval. In other words, I understand that you can settle without me.  You can withdraw the complaint.  But you are asking the Court to put my approval on this. And by implication, then, it can go to the taxpayers as approval with the Court's blessings, in a sense." Reporter's Transcript of Proceedings, 4/20/2023 (Dkt. 540) at 373.

**EXHIBIT 47 - Page 1933**