Carol A. Sobel (SBN 84483)
**LAW OFFICE OF CAROL A. SOBEL**
725 Arizona Ave.
Santa Monica, CA 90401
Telephone: (310) 393-3055
Email: carolsobel@aol.com

Shayla R. Myers (SBN 264054)
**LEGAL AID FOUNDATION
OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel: (213) 640-3983
Email: smyers@lafla.org

Cathy Sweetser (SBN 271142)
**SCHONBRUN SEPLOW HARRIS
& HOFFMAN, LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Tel: (310) 396-0731
Email: catherine.sdshhh@gmail.com

*Attorneys for Intervenors*
*Additional Counsel listed on next page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et. al.<br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>City of Los Angeles, et. al<br>　　　　　Defendant(s). | CASE NO.: 20-CV-02291-DOC-KES<br><br>**Assigned to Hon. David O Carter**<br><br>**INTERVENORS' JOINDER IN COUNTY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:　　　June 5, 2023<br>Time:　　　8:30 a.m.<br>Courtroom: 10A |

*Additional Counsel*

Brook Weitzman (SBN 301037)
William Wise (SBN 109468)
**ELDER LAW AND DISABILITY RIGHTS CENTER**
1535 E. 17th Street, Suite 110
Santa Ana, California 92705
Tel: (714) 617-5353
Email: bweitzman@eldrcenter.org
Email: bwise@eldrcenter.org

*Attorneys for Orange Catholic Worker*

DOCUMENT INTERVENORS' JOINDER IN COUNTY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE**, that Intervenors Los Angeles Community Action Network, Los Angeles Catholic Worker, and Orange County Catholic Worker (together, "Intervenors,") join in Defendant County of Los Angeles's Motion to Dismiss Plaintiffs' Second Amended and Supplemental Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Dkt. 552, as to the following sections:

- Section II
- Section III
- Section IV, Subsection A(2)
- Section IV, Subsection B(3)
- Section IV, Subsection C(2)

This motion is set for hearing on June 5, 2023 at 8:30 a.m. before the Honorable David O. Carter in the United States District Court, Central District of California, Western Division, located at 411 West Fourth Street, Courtroom 9D, Santa Ana, California 92701-4516.

Intervenors join LA County's arguments in the above-referenced sections, which contend that 1) Plaintiffs lack standing to bring the claims for the reasons identified by the Ninth Circuit Court of Appeals; 2) Plaintiffs have not stated a takings claim; and 3) Plaintiffs have not stated a claim for nuisance.

In addition, Intervenors note that, with regards to Plaintiffs' second cause of action for public and private nuisance, Plaintiffs cannot bring nuisance claims against the County for failing to enforce laws that criminalize homelessness or seize unhoused people's belongings. First, Plaintiffs allege that the County is liable for injuries Plaintiffs allege they suffer because of the existence of homeless encampments, but nuisance claims against the City of Los Angeles based on the same theory of liability now alleged against the County have already been rejected in the Central District of California. *See Schonbrun v. Snap, Inc.,* (2:21-cv-07189-PSG (MRW), 2022 WL 2903118 at *9 (March 15, 2022) granting City of Los Angeles's motion to dismiss nuisance claims brought by property owner related to a fire that allegedly started at a homeless encampment on

INTERVENORS' JOINDER IN COUNTY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

proximate cause grounds).  In addition, governmental immunities prevent the County from being compelled by litigation or the threat of litigation to make specific policy decisions that fall within its discretion, including significantly, which laws to enforce and which municipal services to provide.  *See* Gov't Code § 820.2.  *See also Caldwell v. Montoya*,10 Cal.4th 972, 976 (1995) (holding that "the discretionary act immunity extends to basic governmental policy decisions entrusted to broad official judgment") (internal citations omitted).

Importantly, "the immunity principle is rooted in the separation of powers doctrine, that the judicial branch should not interfere in the discretionary decisions of the Legislature or the executive branch." *Fuller v. Department of Transportation* (2001) 89 Cal.App.4th 1109, 1117; *see Friends of H Street v. City of Sacramento* (1993) 20 Cal.App.4th 152, 165 (1993) ("under the separation of powers doctrine, courts lack power to interfere with legislative action at either the state or local level").  This applies to "those '*basic policy decisions* [which have] ... been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.'" *Caldwell,* 10 Cal.4th at 976.

Federal courts can, and routinely have, prevented the City of Los Angeles and other jurisdictions from violating the constitutional rights of unhoused individuals by enforcing laws against them, *see e.g.*, *Jones v. City of Los Angeles*, 444 F.3d 1118 (2006), vacated by *Jones v. City of Los Angeles*, 505 F.3d 1006 (9th Cir. 2007); *Desertrain v. City of Los Angeles,* 754 F.3d 1147 (2014); or seizing and destroying their belongings under the guise of providing city services, *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1024 (9th Cir. 2012) (upholding a preliminary injunction preventing the City of Los Angeles from seizing and destroying unhoused people's belongings), *Garcia v. City of Los Angeles*, 11 F.4th 1113, 1124 (9th Cir. 2021) (same).  However, preventing constitutional violations is fundamentally distinct under both California nuisance law and for purposes of Article III standing, from compelling a governmental entity to enforce a law or provide specific municipal services or finding the entity liable when it chooses not to.  *See*

INTERVENORS' JOINDER IN COUNTY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

*Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

For these reasons and the reasons outlined in Sections II, III, and IV, Subsections A(2), B(3), and C(2) and (4) of the County of Los Angeles's Motion to Dismiss, Intervenors respectfully moves this court to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: May 3, 2023

Respectfully submitted,
Legal Aid Foundation of Los Angeles

/s/ Shayla Myers
Attorney for Intervenors

Schonbrun Seplow Harris Hoffman & Zeldes LLP

/s/ Catherine Sweetser
Attorneys for Intervenors

Law Office of Carol A. Sobel

/s/ Carol A. Sobel
Attorneys for Intervenors

Elder Law and Disability Rights Center

/s/ Brooke Weitzman
Attorneys for Intervenors

- 3 -

INTERVENORS' JOINDER IN COUNTY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT