**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION AT LOS ANGELES**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

```
LA ALLIANCE FOR HUMAN RIGHTS,    )
et al.,                          )
                                 )
           PLAINTIFFS,           )
                                 )
      vs.                        ) LACV NO. 20-02291-DOC
                                 )
CITY OF LOS ANGELES, et al.,     )
                                 )
           DEFENDANTS.           )
_____)
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**LOS ANGELES, CALIFORNIA**

**TUESDAY, APRIL 20, 2023**

**9:07 A.M.**

DEBORAH D. PARKER, CSR 10342
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
350 WEST 1st STREET
SUITE 4455
LOS ANGELES, CALIFORNIA 90012
(657) 229-4305
transcripts@ddparker.com

*Deborah D. Parker, U.S. Court Reporter*

**APPEARANCES OF COUNSEL:**

FOR THE PLAINTIFFS, LA ALLIANCE FOR HUMAN RIGHTS, et al.:

>ELIZABETH ANNE MITCHELL
>UMHOFER, MITCHELL & KING LLP
>11766 WILSHIRE BOULEVARD
>SUITE 900
>LOS ANGELES, CALIFORNIA 90025
>(213) 394-7979
>elizabeth@umklaw.com
>
>MATTHEW DONALD UMHOFER
>UMHOFER, MITCHELL & KING LLP
>11766 WILSHIRE BOULEVARD
>SUITE 900
>LOS ANGELES, CALIFORNIA 90025
>(213) 394-7979
>matthew@umklaw.com
>
>CARA M. ARNOLD
>UMHOFER, MITCHELL & KING LLP
>11766 WILSHIRE BOULEVARD
>SUITE 900
>LOS ANGELES, CALIFORNIA 90025
>(213) 394-7979
>cara@umklaw.com

FOR THE DEFENDANT, COUNTY OF LOS ANGELES, an municipal entity:

>MIRA HASHMALL
>MILLER BARONDESS LLP
>2121 AVENUE OF THE STARS
>SUITE 2600
>LOS ANGELES, CALIFORNIA 90067
>(310) 552-4400
>mhashmall@millerbarondess.com

FOR THE INTERVENOR, LOS ANGELES CATHOLIC WORKER:

>SHAYLA RENEE MYERS
>LEGAL AID FOUNDATION OF LOS ANGELES
>7000 SOUTH BROADWAY
>LOS ANGELES, CALIFORNIA 90003
>(213) 640-3983
>smyers.lafla.org

*Deborah D. Parker, U.S. Court Reporter*



```
                 1     LOS ANGELES, CALIFORNIA; TUESDAY, APRIL 20, 2023; 9:07 A.M.
                 2                             -o0o-
                 3              THE COURT:  We're on the record in L.A. Alliance
                 4     versus the County of Los Angeles.
                 5              Counsel, just remain seated, but your appearances,
                 6     please.
                 7              MS. MITCHELL:  Good morning, Your Honor.
                 8              Elizabeth Mitchell, on behalf of plaintiffs.
                 9              THE COURT:  Nice meeting you.
09:07:03        10              MR. UMHOFER:  Good morning, Your Honor.
                11              Matthew Umhofer and also Cara Arnold --
                12              THE COURT:  Just a little bit louder.
                13              MR. UMHOFER:  Yes.
                14              Good morning, Your Honor.
09:07:08        15              Matthew Umhofer also for the plaintiffs.
                16              And Cara Arnold is making her first appearance in
                17     the case.  She's an attorney at our firm.
                18              THE COURT:  It's a pleasure.  It's nice meeting
                19     you.
09:07:15        20              MS. ARNOLD:  Thank you.
                21              THE COURT:  And then on behalf of the County,
                22     please.
                23              MS. HASHMALL:  Good morning, Your Honor.
                24              Mira Hashmall for the County of Los Angeles.
09:07:20        25              THE COURT:  Okay.  And I think we finally have
```

*Deborah D. Parker, U.S. Court Reporter*

```
09:07:22   1   power, so if you want to turn on the mic.
           2             MS. MYERS:  Yes, Your Honor.  Good morning.
           3        Shayla Myers, on behalf of the intervenors.
           4             THE COURT:  It should be a very short discussion
09:07:31   5   today.  And I was going to simply send out trial dates, but
           6   I wanted to be courteous.  I wanted to ask you your best
           7   thoughts about the -- setting dates, so let me start with
           8   LA Alliance for just a moment.
           9             MS. MITCHELL:  Your Honor, just looking at the
09:07:46  10   discovery that needs to be done --
          11        (Court Reporter requests clarification for the
          12        record.)
          13             MS. MITCHELL:  Thank you.
          14             Just looking at the discovery that has to be done,
09:07:58  15   I think a lot of it is going to depend on how difficult the
          16   County is here and what kind of discovery fights that we're
          17   going to be getting into.  But we think a reasonable date is
          18   probably -- for trial is probably in October.  We think we
          19   can get it done that quickly.
09:08:13  20             THE COURT:  Okay.  Anything you would like to add?
          21             MR. UMHOFER:  No, Your Honor.
          22             THE COURT:  And --
          23             MS. ARNOLD:  No.
          24             THE COURT:  Let me turn to the County.
09:08:21  25             What are your thoughts?
```

09:08:21  1              MS. HASHMALL:  Thank you, Your Honor.
           2              Well, first, as you know, the County believes
           3  there's a binding settlement agreement between the parties.
           4              THE COURT:  I think we discussed that.  And I've
09:08:28  5  sent out an order.
           6              MS. HASHMALL:  Yes.
           7              THE COURT:  Now, let's move through that, because
           8  I tried to get dates and information from you.  I was just
           9  going to -- so I'm trying to get your best input.
09:08:37 10              MS. HASHMALL:  The next sort of threshold issue is
          11  whether the plaintiffs -- viable claims.  We have filed a
          12  motion to dismiss which is set for hearing on June 5th.
          13              THE COURT:  I'm aware of that.
          14              MS. HASHMALL:  As the Court may recall, we've done
09:08:50 15  prior pleading challenges but have not received a ruling
          16  from the Court.  And so the scope of potential claims,
          17  particularly because the plaintiffs have not been able to
          18  establish standing -- a fact noted by the Ninth Circuit in
          19  its ruling in this matter and raised again in connection
09:09:05 20  with our pending motion to dismiss -- is going to
          21  significantly affect whether claims can go forward and what
          22  the nature and scope of discovery appropriate in the matter
          23  would be.
          24              THE COURT:  And having heard all that, what's your
09:09:17 25  best suggestion concerning a trial date?

| | | |
|---|---|---|
| 09:09:18 | 1 | MS. HASHMALL: My experience is typically a year |
| | 2 | from the scheduling conference is appropriate. |
| | 3 | THE COURT: What's your input on behalf of the |
| | 4 | intervenors? |
| 09:09:30 | 5 | MS. MYERS: We've obviously joined the motion to |
| | 6 | dismiss, particularly -- |
| | 7 | *(Court Reporter requests clarification for the* |
| | 8 | *record.)* |
| | 9 | MS. MYERS: So we've joined the motion to dismiss |
| 09:09:39 | 10 | with regards to the standing issues and the nuance issues. |
| | 11 | What the claims are, I think, will shape dramatically what |
| | 12 | the discovery is. So we think a year is probably closer in |
| | 13 | light of what, I assume, will be the disputes between the |
| | 14 | plaintiffs and the County with discovery. |
| 09:09:57 | 15 | THE COURT: Say that again. |
| | 16 | MS. MYERS: A year would be appropriate, given |
| | 17 | what we assume will be the disputes between the plaintiffs |
| | 18 | and the County on discovery. And we don't know how |
| | 19 | plaintiffs are going to respond to any discovery request |
| 09:10:08 | 20 | related to standing, too. |
| | 21 | THE COURT: Let me ask both of you, what -- just |
| | 22 | your guesstimate, not holding you to the length of the |
| | 23 | trial. What I don't want to do is have a jury around, let's |
| | 24 | say, the Jewish/Christian holidays, for instance, in |
| 09:10:28 | 25 | December, because you've got trouble then holding that jury |

*Deborah D. Parker, U.S. Court Reporter*

|  |  |
|---|---|
| 09:10:31 | 1  together. |
|  | 2  So what's your thought?  And I'm not holding you |
|  | 3  to this representation at all.  I'm just trying to get a -- |
|  | 4  kind of guesstimate about what your time frame would be. |
| 09:10:44 | 5  MS. MITCHELL:  Your Honor, given what we know |
|  | 6  about how the Court conducts trials and how much we can get |
|  | 7  done in those days, we think that two weeks is probably |
|  | 8  sufficient for plaintiffs. |
|  | 9  THE COURT:  What are your best -- I'm not holding |
| 09:10:57 | 10  you to this trial length. |
|  | 11  MS. HASHMALL:  Well, I think very few claims |
|  | 12  should survive Rule 56 motion practice, if they survive the |
|  | 13  Rule 12 motion; but if we're there, I would say five to |
|  | 14  seven days. |
| 09:11:13 | 15  MS. MYERS:  We don't have an opinion on that. |
|  | 16  THE COURT:  Okay.  So let's just take the outside |
|  | 17  parameter of two weeks.  It could be longer.  Has there been |
|  | 18  any preliminary discussion concerning discovery between the |
|  | 19  parties?  In other words, since our last meeting, has there |
| 09:11:32 | 20  been some informal discussion?  And I don't want to know |
|  | 21  what that is, but you anticipate running into some |
|  | 22  obstacles, you say, from the County.  I don't know if that's |
|  | 23  true or not.  I don't know what might be privileged.  I |
|  | 24  don't know -- |
| 09:11:46 | 25  MS. MITCHELL:  Sure.  Your Honor, at the outset, |

*Deborah D. Parker, U.S. Court Reporter*

```
09:11:47   1   we anticipate needing e-mails.  We anticipate needing --
           2   harvesting cell phones certainly of supervisors and senior
           3   staff.  So when we look at those significant issues -- and
           4   we expect a lot of pushback from the County -- we are
09:12:02   5   looking at probably a lot of motion practice, which is going
           6   to take some time.
           7             We reached out to the County to have the initial
           8   Rule 26 conference.  They would not engage with us, so we
           9   have not discussed it amongst the parties.  But looking at
09:12:16  10   what we are looking at, I do think there's going to be some
          11   discovery disputes.
          12             THE COURT:  Okay.  I'm not too concerned about
          13   participation or nonparticipation at this point in a formal
          14   26 scheduling conference.  But I think your input today is
09:12:39  15   going to be valuable, because I will set dates, and I
          16   started to set dates without input from you.  I re-thought
          17   that, trying to get the best, you know, thought you have and
          18   to share transparently what my concerns are.
          19             If there's going to be difficulty between the two
09:12:54  20   of you in terms of discovery, I'd like to know what that is
          21   as quickly as possible.  I agree with you to some extent
          22   that perhaps January might be the best date, but I'm not
          23   going to set that date.  I'm probably going to set an
          24   October date, but I want to go back and think about that for
09:13:14  25   five or 10 minutes.  And what that will do is, it will put
```

09:13:18  1  all of you in a position of responding quickly to discovery
          2  or not responding to discovery.  So if I'm running into
          3  discovery problems, I might as well know that between the
          4  two of you just as quickly as possible.
09:13:35  5          Do you have any more input?  If not, the motion to
          6  dismiss has been filed, noted by the Court.  The opposition
          7  is due.  There are prior rulings handed down.  I want to
          8  look at those prior rulings in addition to whatever
          9  additional claims that have been brought.
09:13:58 10          And do you have any further input?  I'd just like
         11  about five or 10 minutes to sort out what would be
         12  appropriate.
         13          L.A. Alliance?
         14          MS. MITCHELL:  No, I don't think so, Your Honor.
09:14:10 15  I think beyond the discovery dispute, there's likely to be
         16  Rule 56 practice, as -- raised and plaintiffs are likely to
         17  bring that as well.  And so, I think that's the only other
         18  consideration.
         19          There's likely to be expert discovery.  We think
09:14:25 20  that if we move quickly -- and we do think we should move
         21  quickly on this -- that we can get all of that done, but
         22  it's going to take dedication.
         23          THE COURT:  Let me turn to the County.
         24          MS. HASHMALL:  Your Honor, I do think we should
09:14:37 25  clarify exactly what has happened and not happened in

```
09:14:41   1    connection with discovery in this matter.
           2            Back in 2021, we tried to engage with plaintiffs'
           3    counsel with regards to the Rule 26 process.  We even
           4    initiated written discovery because many of the local rules
09:14:51   5    in the Central District actually encourage the parties to
           6    move expeditiously.  They balked at that.  We've not engaged
           7    on the Rule 26 process.  It would be requested and obtained
           8    a stay of the proceeding.  So it is not accurate to suggest
           9    that any intransigeance on our part is why the parties have
09:15:10  10    not conducted discovery.
          11            The reason there was no Rule 26 conference is
          12    because the Court set this scheduling conference at the
          13    April 20th hearing on a time frame where the parties had
          14    already missed the scheduling time frame for conducting that
09:15:28  15    Rule 26 conference.
          16            THE COURT:  I understand that concern.
          17            MS. HASHMALL:  And with regard to discovery, you
          18    got to establish standing before you can do discovery in a
          19    case where you're attempting to legislate executive
09:15:38  20    decision-making about the County's resources in the absence
          21    of any cognizable injury under federal law.  You know, we do
          22    believe the Rule 12 motion is critical and --
          23            THE COURT: Waiting for the opposition.  And I
          24    think that's due in a week or so.  I didn't look at the date
09:16:00  25    before I came out.  So that will be resolved, one way or the
```

| | | |
|---|---|---|
| 09:16:03 | 1 | other, rather quickly, okay? |
| | 2 | Ms. Myers. |
| | 3 | MS. MYERS: I do think October, given the dates |
| | 4 | that have been articulated and given what I think is already |
| 09:16:13 | 5 | clear about the intransigence between the two parties -- the |
| | 6 | two primary parties related to this. I expect that there |
| | 7 | will be significant motion practice, and I would hate to |
| | 8 | waste the Court's time with a date that is unreasonable, |
| | 9 | literally given the timelines for motion practice in order |
| 09:16:30 | 10 | to get rulings and those kinds of things. And so I would |
| | 11 | just -- I would just say that January seems like a more |
| | 12 | reasonable date under the circumstances, but -- |
| | 13 | THE COURT: When Mayor Bass and chairwoman -- |
| | 14 | Supervisor Hahn and President Paul Krekorian with counsel |
| 09:16:53 | 15 | asked for a recess -- not on the last hearing, but the prior |
| | 16 | hearing, none of you as counsel were present. |
| | 17 | I think it's widely known now that the Court was |
| | 18 | requested to recess for 90 days, while Mayor Bass went back |
| | 19 | to Washington, and there was some other discussion that will |
| 09:17:17 | 20 | remain private. |
| | 21 | I think the Court was very gracious. I was |
| | 22 | inclined not to grant that. I listened to the parties, |
| | 23 | thought that that was a reasonable effort and agreed with |
| | 24 | Mayor Bass to that 90 days. |
| 09:17:28 | 25 | You know, my main concern here, amongst others, is |

*Deborah D. Parker, U.S. Court Reporter*

```
09:17:31   1   the unaccountability of the settlement offered to the Court.
           2   And it's that report -- a simple report to the Court,
           3   amongst other things -- that's causing me great concern.
           4            My colleague, Judge Pregerson, I haven't spoken to
09:17:52   5   him recently.  He's in the middle of a contempt proceeding
           6   fairly soon with the County where there is actually a
           7   consent decree.  And whatever that ruling is, that's going
           8   to before maybe -- I don't know if your law firm is
           9   representing that or Bob Dugdale, maybe Todale [phonetic]
09:18:10  10   is.
          11            Are you involved in that?
          12            MS. HASHMALL:  I am not.
          13            THE COURT:  Well, let me make you aware of it.
          14   Apparently, five years ago, a consent decree was signed
09:18:20  15   concerning mental health at the Orange County -- strike
          16   "Orange County" -- at the Los Angeles Jail.
          17            Judge Pregerson now has undertaken a contempt
          18   proceeding in that matter.  And my concern transparently
          19   with all of you is:  If the County was in contempt, if that
09:18:35  20   wasn't fulfilled, let alone with a consent decree given by
          21   the County -- and I don't know when Judge Pregerson is going
          22   to rule -- why would this Court ever accept a simple report
          23   to the Court with no accountability in this matter?
          24            I think we've been through that discussion a
09:18:51  25   number of times.  You chose to raise it again today.  I give
```

|          |    |                                                                           |
|----------|----|---------------------------------------------------------------------------|
| 09:18:55 | 1  | that back to you as simply not accountability and that's why              |
|          | 2  | the settlement amongst other reasons has been turned down.                |
|          | 3  | You also have the power, regardless of your public                        |
|          | 4  | positions, to resolve this at any time.  You both know that.              |
| 09:19:13 | 5  | So this idea that you can't resolve it, you can resolve                   |
|          | 6  | this.                                                                     |
|          | 7  | And I ask this one question for all of you:  Can't                        |
|          | 8  | we do much better?  I mean, with this crisis on our hands,                |
|          | 9  | can't all us just do much better?                                         |
| 09:19:29 | 10 | What that "much" is, I'm not certain yet.  I don't                        |
|          | 11 | want to dictate terms.  I don't think it's appropriate for                |
|          | 12 | me to give you a number, but I think it's pretty widely                   |
|          | 13 | known, and I keep going back to Dr. Sherin's report.  And in              |
|          | 14 | 2019, Dr. Sherin says, *I need 3,000 subacute spaces*, and he             |
| 09:19:47 | 15 | undertakes a pilot program and the County undertakes a study              |
|          | 16 | called the "Mercer Report."  I wrote about that in my                     |
|          | 17 | opinion.  It's in a footnote, for goodness sakes.  You're                 |
|          | 18 | all aware of that.  There were initially 500 acute spaces.                |
|          | 19 | He was given 164.  Go back and check the history of this.                 |
| 09:20:05 | 20 | Then later on there was a little bit of a fill-in                         |
|          | 21 | by the County.  But if you talk to Jon Sherin, when I could               |
|          | 22 | talk to him, that was a very difficult place for the                      |
|          | 23 | Department of Mental Health to be in this kind of                         |
|          | 24 | incremental need.  Now, I don't know if he deserved 3,000                 |
| 09:20:22 | 25 | subacute bed spaces.  I don't if he deserved 500, but it was              |

|  |  |  |
|---|---|---|
| 09:20:26 | 1 | clear in the report that was actually put forward by the |
|  | 2 | County. |
|  | 3 | So while it's not the reason, you know, my concern |
|  | 4 | is -- and I'm praising you for the progress.  I want you to |
| 09:20:37 | 5 | hear that.  I recognize you got 300.  Probably the Court is |
|  | 6 | badgering up to 1,000.  But if, in fact, you have the need |
|  | 7 | of 1,000 or 1,500, if you count the 500 for the seniors, and |
|  | 8 | that's in 2019, which is one-half of what John Mercer is |
|  | 9 | asking.  And then you're asking the Court to also approve |
| 09:21:02 | 10 | four years later, on a five-year program, which means |
|  | 11 | nine years, half of what your Department of Mental Health is |
|  | 12 | asking in 2019:  1,500? |
|  | 13 | Well, I could probably get through that if there's |
|  | 14 | accountability, but there's got to be accountability here. |
| 09:21:25 | 15 | This document you submitted to me doesn't have |
|  | 16 | accountability, and I'm not going to accept a simple report. |
|  | 17 | I've alluded to the City -- I've been, I think, working very |
|  | 18 | well with the City.  Haven't interfered in one way or |
|  | 19 | intruded with the City, including Mayor Bass, you know, |
| 09:21:41 | 20 | making her best efforts. |
|  | 21 | So you can quite frankly settle if you chose to |
|  | 22 | without me, but you know that the Court doesn't have the |
|  | 23 | approval for the settlement.  I think it's inadequate, and I |
|  | 24 | think there's no accountability here. |
| 09:21:54 | 25 | And so with that in mind, I'm inclined -- but I |

```
09:21:57   1   want to take a few moments and finish this cup of coffee --
           2   to October, because if I set a date in October, that puts
           3   tremendous pressure on you, but I know two things:  Are you
           4   really going to settle outside the Court's bailiwick?  And
09:22:14   5   if you're not and I've got discovery problems, I'll handle
           6   those discovery problems.  Those won't go to a
           7   Special Master.  And so I'll know very quickly what the
           8   problem is, if there is a problem between the two of you.
           9            Now, I can delay this with a scheduled 26 and give
09:22:30  10   you more time.  And I think if we can work together, we can
          11   come up with some dates today.  And, quite frankly, I think
          12   that 90 days that I granted before was extraordinarily
          13   gracious.  And I regret it, quite frankly.  I should have
          14   set it two weeks after that initial meeting.
09:22:47  15            I'll be back with you in about 15 minutes or
          16   20 minutes.  If you want to go downstairs and get a cup of
          17   coffee, why don't we just say at 9:45, okay?  I'll have you
          18   out of here.  Thank you.
          19            MS. MITCHELL:  Thank you.
09:22:58  20            MS. HASHMALL:  Thank you, Your Honor.
          21        (Recess taken from 9:23 a.m. to 9:44 a.m.)
          22            THE COURT:  These will be the dates, and I'll be
          23   transparent concerning my reasoning with both of you,
          24   whether you agree with it or not.
09:45:10  25            First, the trial date will be on Monday,
```

*Deborah D. Parker, U.S. Court Reporter*

| | | |
|---|---|---|
| 09:45:19 | 1 | November 6th.  I'll check with the Clerk of the Court to |
| | 2 | make certain jurors are available on Monday, but Kiry will |
| | 3 | be, I think, very cooperative.  If it's a two-week estimate, |
| | 4 | you'll probably finish by the 16th; if not, I understand |
| 09:45:42 | 5 | that that's Thanksgiving week.  We would have to go over a |
| | 6 | week and we would resume on the 27th or the 28th, depending |
| | 7 | upon jurors.  Because in 40-some-years now, I've never been |
| | 8 | able to hold a jury together over Thanksgiving.  They're |
| | 9 | catching good fares on a Friday night; because on a Friday |
| 09:46:01 | 10 | night, they're $300.  Thanksgiving week, they're three times |
| | 11 | that amount. |
| | 12 | So I would expect, if we don't finish, that you |
| | 13 | should plan that we would be in recess through -- the |
| | 14 | 20th through the 24th, because Thanksgiving is on the 23rd. |
| 09:46:16 | 15 | If we do finish, hopefully, the jury can go into |
| | 16 | deliberations.  Now, that assumes two weeks, and I'm not |
| | 17 | holding you to it.  It may be longer. |
| | 18 | The pretrial will be on October 24th.  The motion |
| | 19 | cut-off date, which is the actual day that we will hear |
| 09:46:34 | 20 | motions, will be on October 10th.  That means you're filing |
| | 21 | 30 days prior. |
| | 22 | Your discovery cut-off date will be September 8th. |
| | 23 | It's a Friday. |
| | 24 | Now, let me be completely transparent with you. |
| 09:46:49 | 25 | You've raised, regardless of who's correct, that there might |

*Deborah D. Parker, U.S. Court Reporter*

```
09:46:52   1   be some difficulty during discovery between the two of you.
           2   This is going to flesh out the problems concerning discovery
           3   immediately.  And so if there is a problem, I'm going to
           4   know about it literally within a month or two.
09:47:08   5           If we delay until January, we're not treating this
           6   as the emergency that it is, but I'm flexible.  Along the
           7   way, I do expect all parties to cooperate in discovery.  And
           8   the reason for that is, the Court has the power of adverse
           9   inferences in front of the jury.  And I'll remind you both
09:47:26  10   of that.  So I'm encouraging your cooperation so that I
          11   don't get into a position potentially of an adverse
          12   inference in front of the jury.
          13           I will resolve all discovery disputes in my court
          14   and it will not go to a Special Master, so I'll know the
09:47:42  15   cooperative level very quickly between the two of you.
          16           I don't need a formal write up.  I'll simply put
          17   this in the docket to get this case moving.  I think this
          18   has "emergency" written all over it.  I think I've delayed
          19   further or long enough concerning listening to the parties
09:47:56  20   ask the Court for additional time, and I've been cooperative
          21   in terms of those 90 days, but it ends here.
          22           So November 6th for your trial; October 24th,
          23   pretrial.  Motion cutoff, which is the day I'm hearing
          24   motions, on October 10th.
09:48:10  25           September 8th is discovery cutoff, and that's for
```

*Deborah D. Parker, U.S. Court Reporter*

```
09:48:12   1   experts and laypeople.  And the reason for that is, I'm not
           2   going to push your discovery with your experts earlier in
           3   case you decide to settle outside the Court's -- from
           4   outside this Court's -- well, in case you decide to settle
09:48:30   5   privately.  I don't want to run up the costs, in terms of
           6   the experts, okay?
           7           All right.  We'll put that out in a minute order.
           8   I want to thank you very much for your courtesy.
           9           MS. HASHMALL:  Your Honor, may I raise one more
09:48:39  10   thing, please?
          11           THE COURT:  Please.  Certainly.
          12           MS. HASHMALL:  It's been a year or maybe more
          13   since the plaintiffs withdrew as counsel for one of the
          14   individual plaintiffs, Gary Whitter.  The County and the
09:48:49  15   City moved jointly for an OSC re Dismissal regarding that
          16   individual.
          17           THE COURT:  Do I have that on my docket?
          18           MS. HASHMALL:  It was filed in October and it has
          19   not been ruled on.
09:48:57  20           THE COURT:  You know, I've neglected it.  I'll go
          21   back and look at that.  Thank you.  It's probably sitting
          22   there.  I didn't see it, okay.  I'll resolve it for you.
          23           MS. HASHMALL:  Thank you.
          24           THE COURT:  Thank you very much for your courtesy.
09:49:07  25
```

*Deborah D. Parker, U.S. Court Reporter*

09:49:07  1      *(At 9:49 a.m., proceedings were adjourned.)*

2                          -oOo-

3                        CERTIFICATE

4      I hereby certify that pursuant to Section 753,

5  Title 28, United States Code, the foregoing is a true and

6  correct transcript of the stenographically reported

7  proceedings held in the above-entitled matter and that the

8  transcript page format is in conformance with the

9  regulations of the Judicial Conference of the United States.

10

11  Date:  May 9, 2023

12

13

14                         _____/s/DEBORAH D. PARKER_____
                           DEBORAH D. PARKER, OFFICIAL REPORTER
15

*Deborah D. Parker, U.S. Court Reporter*