DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Acting Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: June 6, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 10A<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

---

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 8

II. PLAINTIFFS' CLAIMS ARE NOT JUSTICIABLE ...................................... 9

    A. There Is No Justiciable Controversy, The Court's Erroneous Refusal To Dismiss Notwithstanding ....................................................... 9

    B. Plaintiffs Ignore Pervasive Standing Defects ....................................... 10

        1. Plaintiffs' new allegations fail to cure longstanding defects...... 10

        2. Plaintiffs' injuries are not traceable to the County .................... 12

        3. Plaintiffs fail to establish redressability ................................... 15

III. PLAINTIFFS DO NOT PLEAD A COGNIZABLE CONSTITUTIONAL CLAIM ............................................................................ 16

    A. Plaintiffs Do Not State A Section 1983 Claim .................................... 16

    B. There Is No State-Created Danger ....................................................... 21

    C. Plaintiffs Do Not State A Takings Claim ............................................ 25

IV. PLAINTIFFS' REMAINING CLAIMS FAIL AS A MATTER OF LAW ...................................................................................................................... 26

    A. Plaintiffs' Purported Mandatory-Duty Theory Fails ........................... 26

    B. Plaintiffs Do Not State A Nuisance Claim .......................................... 27

    C. Plaintiffs' Claim For Taxpayer Waste Fails ........................................ 28

    D. Statutory Immunity Bars All Of Plaintiffs' Claims ............................. 29

V. CONCLUSION ..................................................................................................... 31

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

**TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*Alioto v. Town of Lisbon*,
651 F.3d 715 (7th Cir. 2011)................................................................................18

*Armstrong v. Reynolds*,
22 F.4th 1058 (9th Cir. 2022)..............................................................................19

*Barbera v. WMC Mort. Corp.*,
No C 04-3738, 2006 WL 167632 (N.D. Cal. Jan. 19, 2006) ..........................17

*Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cty. Wash.*,
447 F. Supp. 3d 1030 (E.D. Wash. 2020) .........................................................19

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994).................................................................................20

*Cedar Point Nursery v. Hassid*,
141 S. Ct. 2063 (2021) ................................................................................25, 26

*County of Sacramento v. Lewis*,
523 U.S. 833 (1998) .............................................................................................25

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006) ......................................................................................11, 15

*DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*,
489 U.S. 189 (1989).......................................................................................16, 23

*Estate of Saunders v. Comm'r of Internal Revenue*,
745 F.3d 953 (9th Cir. 2014)...............................................................................18

*Heraldez v. Bayview Loan Servicing, LLC*,
No. CV-16-1978-R, 2016 WL 10834101 (C.D. Cal. Dec. 15, 2016) .12, 18, 27

*Hernandez v. City of San Jose*,
897 F.3d 1125 (9th Cir. 2018)..................................................................22, 24, 25

*Horne v. Flores*,
557 U.S 433 (2009) ..............................................................................................15

*Johnson v. City of Seattle*,
474 F.3d 634 (9th Cir. 2007)...............................................................................22

*Juliana v. United States*,
947 F.3d 1159 (9th Cir. 2020).............................................................................15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

3

*Kennedy v. City of Ridgefield*,
439 F.3d 1055 (9th Cir. 2006) ........................................................................... 24

*L.A. All. for Human Rights v. County of Los Angeles*,
14 F.4th 947 (9th Cir. 2021) ....................................................................... passim

*Lavan v. City of Los Angeles*,
693 F.3d 1022 (9th Cir. 2012) ...................................................................... 27, 28

*Leer v. Murphy*,
844 F.2d 628 (9th Cir. 1988) .............................................................................. 18

*Lewis v. Casey*,
518 U.S. 343 (1996) ...................................................................................... 11, 15

*Lindsey v. Normet*,
405 U.S. 56 (1972) ........................................................................................ 16, 17

*Lizalde v. Advanced Planning Servs., Inc.*,
875 F. Supp. 2d 1150 (S.D. Cal. 2012) .............................................................. 20

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ...................................................................................... 11, 15

*M.S. v. Brown*,
902 F.3d 1076 (9th Cir. 2018) ............................................................................ 16

*Marsh v. County of San Diego*,
680 F.3d 1148 (9th Cir. 2012) ...................................................................... 18, 19

*Martin v. City of Boise*,
920 F.3d 584 (9th Cir. 2019) .............................................................................. 28

*Martinez v. City of Clovis*,
943 F.3d 1260 (9th Cir. 2019) ............................................................................ 22

*Mendoza v. Blodgett*,
960 F.2d 1425 (9th Cir. 1992) ................................................................. 18, 19, 20

*Ocean Advocates v. U.S. Army Corps of Eng'rs*,
402 F.3d 846 (9th Cir. 2005) .............................................................................. 14

*Patel v. Kent Sch. Dist.*,
648 F.3d 965 (9th Cir. 2011) .............................................................................. 23

*Pauluk v. Savage*,
836 F.3d 1117 (9th Cir. 2016) ............................................................................ 24

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

4

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Pierce v. County of Orange*,
No. CV 01-981-GLT (MLGx) 2004 WL 7340113 (C.D. Cal. June 4, 2004)................................................................................................................31

*Ralls Corp. v. Comm. on Foreign Inv. in U.S.*,
758 F.3d 296 (D.C. Cir. 2014) ...........................................................................10

*Regents of Univ. of Mich. v. Ewing*,
474 U.S. 214 (1985) ............................................................................................19

*Rizzo v. Goode*,
423 U.S. 362 (1976) ............................................................................................15

*Sanders v. Sodexo, Inc.*,
No. 2:15-cv-00371-JAD-GWF, 2015 WL 4477697 (D. Nev. July 20, 2015)....................................................................................................................18

*Santa Cruz Homelessness Union v. Bernal*,
514 F. Supp. 3d 1136 (N.D. Cal. 2021) .............................................................25

*Sausalito/Marin Cty. Chapter of Cal. Homeless Union v. City of Sausalito*,
522 F. Supp. 3d 648 (N.D. Cal. 2021) ...............................................................25

*Schertzer v. Bank of Am., N.A.*,
445 F. Supp. 3d 1058 (S.D. Cal. 2020) ..............................................................17

*Schneider v. Cal. Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998).............................................................................17

*Sinclair v. City of Seattle*,
61 F.4th 674 (9th Cir. 2023)...........................................................................22, 23

*Tyler v. Cuomo*,
236 F.3d 1124 (9th Cir. 2000)........................................................................13, 14

*Warth v. Seldin*,
422 U.S. 490 (1975) ............................................................................................13

*Wilkinson v. Austin*,
545 U.S. 209 (2005) ............................................................................................18

*Wood v. Ostrander*,
879 F.2d 583 (9th Cir. 1989)...............................................................................24

*Youngberg v. Romeo*,
457 U.S. 307 (1982) ............................................................................................23

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

5

**STATE CASES**

*Bd. of Supervisors v. Superior Court*,
 207 Cal. App. 3d 552 (1989)................................................................................26

*Chiatello v. City & County of San Francisco*,
 189 Cal. App. 4th 472 (2010)..............................................................................28

*Connelly v. State*,
 3 Cal. App. 3d 744 (1970)...................................................................................30

*Harnett v. County of Sacramento*,
 195 Cal. 676 (1925)......................................................................................28, 29

*Hunt v. Superior Court*,
 21 Cal. 4th 984 (1999).........................................................................................26

*Los Altos Prop. Owners Ass'n v. Hutcheon*,
 69 Cal. App. 3d 22 (1977)...................................................................................29

*Lucas v. Santa Maria Pub. Airport Dist.*,
 39 Cal. App. 4th 1017 (1995)..............................................................................30

*Marquez v. State Dep't of Health Care Servs.*,
 240 Cal. App. 4th 87 (2015)................................................................................26

*Martinez v. Pac. Bell*,
 225 Cal. App. 3d 1557 (1990)..............................................................................27

*Masters v. San Bernardino Cty. Emps. Ret. Ass'n*,
 32 Cal. App. 4th 30 (1995)..................................................................................30

*Scates v. Rydingsword*,
 229 Cal. App. 3d 1085 (1991)..............................................................................26

*Schooler v. State*,
 85 Cal. App. 4th 1004 (2000)....................................................................29, 30, 31

*Sundance v. Municipal Court*,
 42 Cal. 3d 1101 (1986)........................................................................................28

*Tailfeather v. Bd. of Supervisors*,
 48 Cal. App. 4th 1223 (1996)..............................................................................26

*Takhar v. People ex rel. Feather River Air Quality Mgmt. Dist.*,
 27 Cal. App. 5th 15 (2018)..................................................................................28

*Thompson v. City of Petaluma*,
 231 Cal. App. 4th 101 (2014)..............................................................................30

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

6

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

**FEDERAL STATUTES**

42 U.S.C. § 1983 .................................................................................................... 16, 18

**STATE STATUTES**

Cal. Civ. Proc. Code § 526a .......................................................................................28

Cal. Gov't Code § 814 ......................................................................................... 29, 30

Cal. Gov't Code § 815 ......................................................................................... 29, 30

Cal. Gov't Code § 818.2 .............................................................................................31

Cal. Gov't Code § 820.2 ....................................................................................... 30, 31

Cal. Gov't Code § 831.25 ...........................................................................................29

Cal. Welf. & Inst. Code §§ 5600 et seq. ....................................................................19

Cal. Welf. & Int. Code §§ 13000 et seq. ....................................................................19

Cal. Welf. & Inst. Code §§ 14000 et seq. ...................................................................19

Cal. Welf. & Inst. Code §§ 17000 et seq. .......................................................11, 14, 19

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ..............................................................................................17

**OTHER AUTHORITIES**

Bryan Garner, *The Redbook: A Manual on Legal Style* 168 (3d ed. 2013) ..............18

U.S. Const. art. III.............................................................................................9, 10, 15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

## I.   **<u>INTRODUCTION</u>**

Despite multiple efforts to amend and add new plaintiffs to fill the myriad defects that plague their complaint, Plaintiffs are *still* trying to amend their pleading through their opposition brief—adding never before cited statutes, improper new "incorporations by reference," and a new purported constitutional "property interest" rooted in a nonexistent state-law duty.  These maneuvers are procedurally improper and concede that the Second Amended Complaint ("SAC") is defective.

Even with repeated amendments, Plaintiffs are *still* unable to tie any of the statutory provisions purportedly supporting their claims to the plaintiffs in *this lawsuit*.  For three years, this lawsuit has meandered in search of viable claims and plaintiffs with standing.  Plaintiffs cannot demonstrate an actual legal violation, much less one with the requisite causal connection.  Plaintiffs acknowledge that most of their claims are premised on a purported state-law mandatory duty to provide services to the medically indigent in need of emergency care and treatment of severe mental illnesses, but Plaintiffs do not allege that each plaintiff qualifies for such services.  Indeed, Plaintiffs' opposition gives rise to more questions than answers, such as whether any of the unhoused plaintiffs qualify for and have been denied such treatment, much less the housed plaintiffs like Ms. Rich and Mr. Burk.

Plaintiffs fail to respond to the majority of the County's arguments, further conceding that the SAC's deficiencies cannot be cured.  Better yet, Plaintiffs—a collective of special-interest organizations and property owners—contend *they* are better suited to address the complex homelessness crisis than Intervenors, who are subject matter experts and advocates with decades of service to this community.

Plaintiffs' goal is to obtain a court order directing a public entity how to spend its budget—commandeering discretionary legislative and executive authority in contravention of well-settled principles prohibiting such judicial policymaking and immunizing public officials from such orders.  For the reasons described in the County's Motion and below, the Court should dismiss the SAC with prejudice.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

## II.   PLAINTIFFS' CLAIMS ARE NOT JUSTICIABLE

### A.   There Is No Justiciable Controversy, The Court's Erroneous Refusal To Dismiss Notwithstanding

The County's threshold argument compels the Court to grant its Motion because there is no longer a case or controversy conferring this Court Article III jurisdiction.  (*See* Mot., 13-15.)  Plaintiffs do not answer the County's legal authority that a court is not free to rewrite the terms of a binding agreement or refuse to dismiss because it prefers to exercise unrestrained oversight over the County's legislative and executive bodies.  Nor do Plaintiffs offer any legal or factual support for their new-found position that the parties' binding, fully executed settlement agreement—which Plaintiffs continued to endorse and urge on the Court as fairly resolving their claims up through the April 20 hearing—is no longer effective.

Instead, Plaintiffs mischaracterize the events in this case.  They claim the County "expressly agreed" the settlement agreement would not become binding unless the Court agreed to continuing enforcement.  (Opp., 4, citing the Court's May 2, 2023 order, dkt. no. 551.)  On the contrary, the County has steadfastly disputed this mischaracterization of the parties' agreement, which is effective and binding irrespective of whether the Court accepted ancillary jurisdiction to enforce the agreement according to the parties' terms.  (*See* 9th Cir. Case No. 23-70076 dkt no. 1-2, at 31-34 (arguing that the settlement agreement and stipulated request for dismissal are not, and could not be, contingent on the district court's acceptance of ancillary jurisdiction; "Plaintiffs signed a binding settlement agreement and urged the district court to dismiss their action based on that agreement . . . . They are bound to that agreement and their stipulation to dismiss").)

Plaintiffs also erroneously accuse the County of "silence" in the face of Plaintiffs' new-found argument repudiating the very terms *Plaintiffs* agreed to and repeatedly urged the Court to accept as fairly resolving their claims.  (Opp., 4.)  Again, this argument rests on a manifest disregard of the facts.  The County has not

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

9

made any concession, and it has not been silent: it was deprived of the opportunity to respond to this argument—an abrupt contradiction of Plaintiffs' *own* position just days before, made for the first time in opposition to the County's ex parte stay request—when the Court adopted Plaintiffs' erroneous rationale *without allowing the County to address it*. Plaintiffs' recitation of the Court's concession that the parties can stipulate to dismissal regardless of whether the Court accepts ancillary jurisdiction is ironic given that the parties have done just that, *three times*, and the Court has refused to dismiss the case because it disagrees with the parties' terms.

In any event, notwithstanding the Court's adoption of this erroneous rationale *after* its latest denial of the parties' stipulated dismissal of the case, the County cannot ignore, and must continue to raise, the ongoing lack of Article III jurisdiction. The Court has never resolved what should have been an essential threshold determination: indeed, a court's "first order of business" should be to satisfy itself of jurisdiction. *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 307 (D.C. Cir. 2014). Had it undertaken this task, the Court would not be able to ignore that it lacks jurisdiction because, among other reasons, there is no case or controversy given the parties' full resolution of this case.

While the County has always maintained and continues to maintain that Plaintiffs fail to state a viable claim against the County, (see §§ II.B., III, IV, *infra*) the parties' settlement agreement yet again demonstrates the County's dedication to addressing homelessness by committing substantial additional resources to provide services to the most vulnerable PEH rather than to expending time in litigation.

**B.**   **Plaintiffs Ignore Pervasive Standing Defects**

**1.**   **Plaintiffs' new allegations fail to cure longstanding defects**

As the County's Motion demonstrated, Plaintiffs cannot establish that *each* plaintiff has standing to pursue *each* claim—a problem that has plagued this case in every iteration and that the Ninth Circuit expressly recognized. (Mot., 15-16; *see L.A. All. for Human Rights v. County of Los Angeles*, 14 F.4th 947, 958-59 (9th Cir.

10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

2021).)  The SAC fails to correct these defects, continuing to plead a wide variety of claims alleged by a collective of disparately situated plaintiffs with diffuse alleged harms.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("a plaintiff must demonstrate standing for each claim he seeks to press" and "for each form of relief sought" (citation omitted)).  For example, the property and business owners, real estate professionals, DTLA tenants, and *formerly* homeless Plaintiffs unquestionably lack standing to allege a claim based on a supposed right to social services under California Welfare and Institutions Code section 17000[1] —which vitiates standing as to the claims premised on this statutory scheme.  (SAC ¶¶ 82-93, 103-111, 122-32, 149-56.)

And despite the SAC's addition of new unhoused persons, Plaintiffs still fail to establish that any individual needed, qualified for, and was denied any particular medically necessary care or services required by state law.  *See L.A. All.*, 14 F.4th at 958-59.  At most, the allegations amount to vague allegations that an individual plaintiff wanted treatment and housing and has encountered various impediments— not one plaintiff alleges they qualified for and were denied treatment that the County is required by law to provide.  (*See* SAC ¶¶ 81(b)-(f), (j), 94, cited at Opp., 6.) Thus, the SAC fails to establish standing for each plaintiff for each claim: longstanding authority prohibits disparately situated plaintiffs from collectively seeking to establish standing simply because their unique, individual, and diffuse alleged injuries arise from the same basic facts.  *E.g., DaimlerChrysler*, 547 U.S. at 352-53; *Lewis v. Casey*, 518 U.S. 343, 358, n.6 (1996) ("[S]tanding is not dispensed in gross."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992).

Plaintiffs do not respond to the County's argument that no plaintiff claims to reside or have been injured in the unincorporated areas in which the County has

---

[1] All further statutory references are to the California Welfare and Institutions Code unless otherwise indicated.

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

jurisdiction (Mot., 16), which waives the issue. *Heraldez v. Bayview Loan Servicing, LLC*, No. CV-16-1978-R, 2016 WL 10834101, at \*2 (C.D. Cal. Dec. 15, 2016) (failure to respond to argument in a motion to dismiss "constitutes a waiver or abandonment of the issue").

The opposition does, however, insert a new argument objecting to Intervenors' continued participation in this case. (*See* Opp., 5 n.1.)  In apparent retaliation for Intervenors' joinder in the County's Motion, Plaintiffs label Intervenors—the longstanding advocates for the very community Plaintiffs purport to aid—as "litter[ing]" the proceedings. (*Id*.)  This is a striking choice of words and an unjustified attack on Intervenors that cannot be squared with Plaintiffs' lofty allegations purporting to vindicate the constitutional rights of the same population.

## 2.    Plaintiffs' injuries are not traceable to the County

Plaintiffs' claims fail because they are premised on fundamentally-flawed, circular, and conclusory assertions that fail to assert any cognizable harm traceable to the County. (*See* Mot., 16.)  Plaintiffs' alleged injuries are traceable, if at all, to the City, which exercises exclusive jurisdiction over Skid Row and the policies affecting it, and to recent federal court orders in litigation that did not involve the County. (*See id*.)  Plaintiffs make conclusory assertions premised on the County's general legislative and executive *discretionary* spending decisions to aid Persons Experiencing Homelessness ("PEH")—such as its "focus on permanent housing," its "concentration of services," and its purported "waste of Measure H" funds and generalized "ineffective" measures to address homelessness. (*See* Opp., 7.)  But this only confirms that Plaintiffs do not, and cannot, identify any particularized harm traceable to the County.  Plaintiffs proclaim they have "alleged their injuries are traceable" to the County, which has "either caus[ed] the number of persons experiencing homelessness to increase or caus[ed] the conditions in which they live to worsen," but offer no explanation or details as to *how* they meet the traceability requirement. (*Id*.)

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Plaintiffs' reliance on *Tyler v. Cuomo* is off-base.  (Opp., 6.)  In *Tyler*, homeowners sued the City of San Francisco, the U.S. Department of Housing and Urban Development, and a developer for approving low-income housing projects over their objections.  236 F.3d 1124, 1128 (9th Cir. 2000).  The Ninth Circuit held the homeowners had standing as to the *City* because it was bound by an agreement to consult with the plaintiffs.  *Id.* at 1133-35.  But the Ninth Circuit held the plaintiffs lacked standing to sue the other defendants because they had *no duty* to respond to the plaintiffs' objections and, thus, there was *no causal connection* between the challenged conduct and plaintiffs' alleged injury.  *Id*., at 1136-37.  The County is in the same position as the dismissed defendants in *Tyler*.  Plaintiffs allege they have suffered economic injuries to their properties because of City policies in Skid Row, but the County has no authority over PEH there.  (*See* Mot., 16.)  There is no causal link between the County's discretionary conduct in *spending* money to address the myriad factors contributing to homelessness and Plaintiffs' claimed injuries.

Moreover, Plaintiffs' own theory of liability cobbles together numerous third parties whose independent decisions over the course of many decades have led to Plaintiffs' claimed injuries.  (*See* Opp., 7; SAC ¶¶ 28-39, 70, 59, 158.)  Plaintiffs allege that County actions, such as its focus on permanent housing over interim solutions, *combined* with complex social issues like lack of affordable housing, mental health affliction, substance abuse, litigation settlements, federal welfare cuts, arson fires, pressures from homeless advocates, limits on federal expenditures, and more have increased the PEH population in Los Angeles and thus adversely affect insurance premiums, tenant and employee retention, and mail delivery.  This diffuse causal chain implicating modern society's most complex challenges and the decisions of numerous third parties is insufficient as a matter of law.  *See Warth v. Seldin*, 422 U.S. 490, 506-07 & n.16 (1975) (plaintiffs' allegations that a local zoning ordinance effectively excluded low income people from the housing market

failed to establish an actionable causal relationship where plaintiffs' harm was the result of economic factors and individual financial circumstances rather than the zoning ordinance); *Tyler*, 236 F.3d at 1132 ("Causation requires that the injury be 'fairly traceable to the challenged action of the defendant, and [is] not the result of the independent action of some third party not before the court.'") (alteration in original).

Plaintiffs argue the requisite causal relationship is a low bar at this stage. (*See* Opp., 6-7.) But their speculative, attenuated, and diffuse theory of causation fails to meet even a low bar. No unhoused Plaintiff alleges that he or she qualifies for and has been denied treatment the County is required to provide. (See SAC ¶¶ 81(b)-(e), (j), 94-102.) And no housed Plaintiffs—collectively, business and property owners, DTLA tenants, and formerly unhoused persons—allege that eligible but untreated PEH have created the harm they complain of, much less that *the County* has directly caused their harm beyond vague and conclusory assertions that the City and County have somehow "permitted" homelessness to grow. (*See* SAC ¶¶ 81-118.) Indeed, Plaintiffs' own authority confirms that their vague allegations—purportedly connecting the County's *extensive expenditures* to increasing homelessness or worsening conditions—are fatally flawed. *See Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 860 (9th Cir. 2005) ("[T]he causal connection put forward for standing purposes cannot be too speculative, or rely on conjecture about the behavior of other parties . . . .") (citation omitted).

Finally, plaintiffs' reliance on the Court's May 2021 order on an earlier motion to dismiss a complaint two iterations ago is unavailing. (*See* Opp., 6.) *This* Motion involves a new pleading, with new legal and factual allegations, new plaintiffs, and an intervening Ninth Circuit opinion holding that Plaintiffs' allegations fail to establish standing for a claim based on section 17000. *See L.A. All.*, 14 F.4th at 958-59 (held: no individual or L.A. Alliance member plaintiff "has alleged injuries sufficient for standing to bring the substantive due process, state-

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

14

created danger, special relationship, equal protection, or section 17000 claims").

### 3. Plaintiffs fail to establish redressability

Contrary to Plaintiffs' argument, the County does not seek reconsideration of the Court's prior rulings regarding its general equitable powers. (Opp., 4-5.) Plaintiffs' focus on a court's equitable power to fashion injunctive relief puts the cart before the horse. Standing is a prerequisite to *any* relief. Plaintiffs must show that the requested injunction would actually redress their alleged injuries that are attributable to the County. Put another way, a court's equitable power only exists where the court has Article III jurisdiction *and* where there is a legal violation that an injunction can redress. *DaimlerCrysler*, 547 U.S. at 352; *L.A. All.*, 14 F.4th at 961 (a court has "equitable power to remedy *legal violations* that have contributed to the complex problem of homelessness in Los Angeles" (emphasis added)).

Here, Plaintiffs fail to identify any constitutional or legal violation that would support an exercise of the Court's equitable power. And Plaintiffs' requested relief—a court order dictating policy and budget priorities by commandeering the County's budget—is improper and would not redress each Plaintiff's alleged harm. *See Lujan*, 504 U.S. at 561 (it must be likely, not merely speculative, that the injury will be redressed by a favorable decision).

Long-standing authority in the Supreme Court and Ninth Circuit prohibits the very remedy Plaintiffs unabashedly seek. (*See* Mot., 16-17, citing *Horne v. Flores*, 557 U.S 433, 472 (2009); *Lewis*, 518 U.S. at 361-62; *Rizzo v. Goode*, 423 U.S. 362, 366 (1976); *Juliana v. United States*, 947 F.3d 1159, 1171-72 (9th Cir. 2020) ("[I]t is beyond the power of an Article III court to order, design, supervise, or implement [a] requested remedial plan . . . [that] would necessarily require a host of complex policy decisions entrusted, for better or worse, to the wisdom and discretion of the executive and legislative branches.").) The law is clear that the Court's equitable powers are limited and do not include intrusive injunctive relief that would violate fundamental federalism principles. *See M.S. v. Brown*, 902 F.3d 1076, 1090 (9th

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

15

Cir. 2018) (plaintiffs lacked standing to seek an injunction directing the state take affirmative action because such "intrusive affirmative relief" is incompatible with democratic principles and would violate core federalism mandates). Plaintiffs fail to acknowledge these cases because they doom their case.

And Plaintiffs' standing defects cannot be cured—they have tried repeatedly and failed consistently. Plaintiffs do not suggest that any amendment can cure these defects. The County agrees that leave is not warranted and would be futile, particularly in light of the Court's scheduling order setting a November 2023 trial date and related imminent discovery cutoffs.

In sum, given the undisputed, pervasive, and incurable standing defects, the County's Motion must be granted. To do otherwise would violate this Court's obligation to decide only justiciable cases and controversies and to confirm that Plaintiffs have standing before authorizing any further proceeding. It would also invite endless litigation by any number of citizens and special interest collectives seeking to commandeer the government's discretionary spending decisions and redirect finite resources according to their own preferences—invariably diverting the very resources at issue to an endless roundelay of litigation.

## III. PLAINTIFFS DO NOT PLEAD A COGNIZABLE CONSTITUTIONAL CLAIM

### A. Plaintiffs Do Not State A Section 1983 Claim

Plaintiffs concede the Constitution confers no right to "governmental aid, even where such aid may be necessary to secure life, liberty, or property interests," *DeShaney v. Winnebago Cty. Dep't of Soc. Servs*., 489 U.S. 189, 196 (1989), nor to housing, *Lindsey v. Normet*, 405 U.S. 56, 74 (1972).[2] And Plaintiffs do not dispute

---

[2] Plaintiffs note that *Lindsey* involved a tenant who had no available housing other than his landlord's property and who alleged a section 1983 claim premised on a constitutional right to housing. (*See* Opp., 13 n.8.) That does not undermine the court's key holdings that "the Constitution does not provide judicial remedies for

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

that private citizens do not have a constitutional right to demand specific actions by the government, nor that this is exactly Plaintiffs' goal here.  (*See* Mot., 17-18.)

Instead, the SAC alleges a "liberty interest" that Plaintiffs now seek to amend through their opposition to allege an unspecified constitutional "property interest." (Opp., 8 n.3.)  This is improper in numerous respects.  For one thing, Plaintiffs disingenuously attempt to cast a fundamental allegation—indeed, the very legal foundation—for a constitutional claim as "scrivener's error" and improperly ask the Court to insert something the complaint plainly does not say.  *See Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1078 (S.D. Cal. 2020) ("The purported scrivener error cannot be overlooked because it is the foundational allegation from which all of [plaintiff's] ATM related claims are predicated and the court cannot simply read into the SAC allegations which are not contained within it.").  Plaintiffs' attempt to rewrite their claims is particularly egregious given the extreme delay in raising the issue—Plaintiffs filed the SAC nearly *one year* ago.  This is too little, too late.  Particularly given the impending trial date and attendant discovery cutoffs, this delayed, unauthorized amendment substantially prejudices the County.

For another, Plaintiffs cannot raise a new unpleaded claim through their opposition to a motion to dismiss, *Barbera v. WMC Mort. Corp.*, No C 04-3738, 2006 WL 167632, at *2 n.4 (N.D. Cal. Jan. 19, 2006) ("'It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.'"); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (rejecting plaintiffs' effort to supplement their complaint with new allegations to survive a Rule 12(b)(6) motion), particularly through a passing footnote that attempts to minimize the significance of such an amendment, *Estate of Saunders v. Comm'r of*

every social and economic ill," including a right to adequate housing.  405 U.S. at 74.  Plaintiffs acknowledge that the court has never recognized a constitutional right to housing, and provide no authority suggesting otherwise.  (Opp., 13 n.8.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

17

*Internal Revenue*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) (Arguments raised only in footnotes "are generally deemed waived."); *Sanders v. Sodexo, Inc.*, No. 2:15-cv-00371-JAD-GWF, 2015 WL 4477697, at *5 (D. Nev. July 20, 2015) ("Many courts will disregard arguments raised exclusively in footnotes." (quoting Bryan Garner, *The Redbook: A Manual on Legal Style* 168 (3d ed. 2013)).

Procedural defects aside, it is impossible to discern what "property interest" Plaintiffs refer to because Plaintiffs offer *no legal authority* and no detail supporting a section 1983 claim premised on any such interest.  (*See* Opp., 8-12.)  Plaintiffs summarily conclude, without explanation, that the County's analysis would be "identical" under either purported constitutional ground.  (*Id*.)  But Plaintiffs then ignore the governing standards for establishing a constitutional liberty interest—as described in *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005), *Mendoza v. Blodgett*, 960 F.2d 1425, 1428 (9th Cir. 1992), and *Marsh v. County of San Diego*, 680 F.3d 1148, 1155-56 (9th Cir. 2012).  (*See* Mot., 18.)  This failure to provide any reasoned analysis, particularly in light of Plaintiffs' improper purported amendment in their opposition, abandons this issue.  *See Heraldez*, 2016 WL 10834101, at *2; *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.").

Because no constitutional right supports their claims, Plaintiffs focus exclusively on the state statutes they contend create a mandatory duty that gives rise to a section 1983 claim.  Plaintiffs cite no authority supporting their argument that the cited provisions give rise to "property interest" that supports a substantive due process claim.  (*See* Opp., 9-11.)  Even if Plaintiffs' newly-minted claim was properly before the Court (it is not), Plaintiffs cannot simply substitute "property" for "liberty" in asserting a substantive due process claim.  This is because "Plaintiffs cannot rely on state law to argue that they have a protected property interest for the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

18

purposes of substantive due process." *Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cty. Wash.*, 447 F. Supp. 3d 1030, 1037-38 (E.D. Wash. 2020); *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created *only by the Constitution.*") (emphasis added); *Armstrong v. Reynolds*, 22 F.4th 1058, 1079-80 (9th Cir. 2022) (same). Thus, a substantive due process claim premised on a property interest must establish that the Constitution has been interpreted to provide the alleged protected interest. *Blocktree Props.*, at 1038. Plaintiffs are wrong that merely labeling an interest "property" is sufficient to confer substantive due process protection. *Ewing*, at 229 (Powell, J., concurring).

Even assuming, *arguendo*, that any authority for a property interest premised on state law exists, Plaintiffs stumble again on the requirement that the underlying state law meet rigorous standards: it must contain substantive predicates governing official decisionmaking and explicit mandatory language specifying the outcome that must be met if the predicates are not met. (*See* Mot., 18, citing *Marsh*, 680 F.3d at 1155-56, *Mendoza*, 960 F.2d at 1429.) As the County's Motion shows, the statutes on which Plaintiffs rely—including sections 17000 et seq., 5600 et seq., 13000 et seq., 14000 et seq.—do not create *any* mandatory state-law duty, much less one that meets the applicable standards. Instead, Plaintiffs' cited statutory schemes confer substantial discretion to the County and contain limiting language that forecloses Plaintiffs' mandatory-duty theory. (Mot., 18-20, 26; *Mendoza*, at 1428-29 ("There must be particularized standards or criteria to guide the state's decisionmakers, and the criteria must serve to limit discretion"); *Mendoza*, at 1429 (the law "must contain '"explicitly mandatory language"'" "that expressly requires the decisionmaker to apply certain substantive predicates in determining whether [a person] may be deprived of the particular interest in question'").)

Plaintiffs ignore this reality and do not attempt to demonstrate that the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

19

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

statutory provisions cited in their complaint satisfy the standards for a constitutional claim.  Plaintiffs cannot meet their burden by merely highlighting general language stating broad legislative intent expressly subject to the County's substantial discretion.  (*See* Opp., 9-10; *Mendoza*, 960 F.2d at 1429 ("mere use of the[] words" "shall" and "will" "is insufficient.").)  Plaintiffs also cannot try yet another belated amendment to their complaint by citing new, never-before cited statutes and California regulations purportedly establishing such an obligation.  (Opp., 9-11 & n.6.)  Plaintiffs' reliance on "incorporation by reference" to allege new facts regarding MHSA funds also fails:  Neither that document nor its contents are alleged in the SAC.  (*See* Opp., 11 & n.7, citing SAC ¶ 61; *Lizalde v. Advanced Planning Servs., Inc.,* 875 F. Supp. 2d 1150, 1159 (S.D. Cal. 2012) (the doctrine of incorporation by reference "applies to documents that form the basis of a plaintiff's case or documents that are quoted extensively on the theory that such documents are not truly 'outside' the complaint," citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).)

Plaintiffs' analysis of what is permissible MHSA spending is also incorrect.  (*See* Opp., 1, 11.)  Pursuant to section 5892(b)(3), on July 1, 2020 and again on July 22, 2021, the state's Department of Healthcare Services granted counties additional flexibility in allocating funding across Community Services and Supports ("CSS") component programs for fiscal years 2020/2021 and 2021/2022.[3]  These enhanced flexibilities were necessary to address the once in a generation COVID-19 pandemic.  DMH's allocations were made pursuant to these flexibilities.

Plaintiffs also argue that the heightened "shocks the conscience" standard for deliberate indifference does not apply here because this case does not involve any

---

[3] See https://www.dhcs.ca.gov/Documents/COVID-19/BHIN-20-040-MHSA-flexibilities-due-to-the-COVID-19-PHE.pdf;
https://www.dhcs.ca.gov/Documents/CSD_YV/BHIN/BHIN-21-040.pdf.

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

emergency.  (Opp., 8-9.)  This is an about-face from Plaintiffs' own theory that the homelessness crisis requires an "emergency response."  (SAC ¶¶ 4, 21, 39, n.54, n. 77, n. 95.)  Notably, the Court has already ruled the "shocks the conscience" standard applies.  (*See* dkt. 300, at 6-7, addressing Plaintiffs' former "liberty interest" rooted in "a due process right to family integrity" for Black unhoused families.)

In any event, Plaintiffs fail to show "deliberate indifference" under any measure.  Plaintiffs admit the County spends hundreds of millions of dollars each year on housing, shelter, services, and other resources for PEH.  (*E.g.*, SAC ¶ 10.) As the County's Request for Judicial Notice demonstrates, its long-standing commitment to addressing PEH's multifaceted needs has only grown in recent years—including the recent commitment to further expand these services with an additional estimated $850 million in the settlement agreement in this very litigation.

In sum, Plaintiffs' antics to amend and supplement by opposition only lay bare the missing legal foundation for their claims.  The SAC fails as a matter of law.

## B.  There Is No State-Created Danger

Plaintiffs fail to state a claim for state-created danger because they do not allege (1) any affirmative act by County officials that exposes them to a danger they would not otherwise face, (2) that the danger was particularly directed at the individual plaintiffs as opposed to generally experienced by anyone in the area, or (3) that the County acted with deliberate indifference—a heightened requirement that must be so egregious that it exceeds gross negligence.  (*See* Mot., 20-23.)

Plaintiffs defend their defective complaint first by enumerating some of the myriad ways in which the County addresses homelessness through the provision of services for PEH.  (Opp., 12.)  The County's huge effort to provide services and permanent housing solutions—just not in the precise manner Plaintiffs would dictate—is not a state-created danger.  It is undisputed that the County has devoted hundreds of millions of dollars and significant attention to providing resources for

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

PEH, including shelter, housing, and support services.  (*See* Mot., 11-12, 22-23; Hashmall Decl., Exs. 1, 21-24, 33-34, 36-41, 44, 46; SAC ¶ 10; Opp., 19 ("one of the central points of the complaint is the extraordinary amounts of money that the County has expended" to address homelessness).)  Plaintiffs dress up policy disagreements as constitutional violations to no avail.  *See Sinclair v. City of Seattle*, 61 F.4th 674, 684 (9th Cir. 2023) (even where official conduct pursuant to City policy was "egregious," the attenuated connection between plaintiff's injuries and the City's actions was "too remote to support a § 1983 claim": plaintiff's recourse to challenge City policy was, rather, "at the ballot box").

Moreover, the SAC's allegations do not identify any *affirmative* conduct by the County.  A purported omission or a disagreement with *how* County resources are spent to address the complex homelessness crisis is insufficient.  *See Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007) (failure to protect someone from an unsafe environment cannot support liability under the state-created danger doctrine); *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) ("'[A] state is not liable for its omissions'").  The SAC misfires when it attacks policies that cannot support its claims against the County.  *First*, the SAC challenges *City* policies regarding Skid Row that predates Plaintiffs' alleged injuries by several decades so Plaintiffs cannot show that anyone, much less the County, created a danger they would not have otherwise faced.  *Second*, the SAC challenges County policies prioritizing other solutions to homelessness, which does not constitute affirmative conduct sufficient to support a state-created danger claim.  *See Johnson,* at 641 (official actions pursuant to a discretionary decision to abandon a more effective plan does not constitute "affirmative conduct that placed the [plaintiffs] in danger"); *Hernandez v. City of San Jose*, 897 F.3d 1125, 1135 (9th Cir. 2018) (government "inaction" is not affirmative conduct.).

The reality is that the *particularized* danger requirement is not met where, as here, anyone in the affected area is similarly affected.  (*See* Mot., 21; Opp., 14.)

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiffs cannot side-step this pleading requirement by simply reciting the generalized risks associated with homelessness. *See Sinclair*, 61 F.4th at 682 (a danger is insufficient to state a claim where it is generalized and not "directed at a specific victim"); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 975 (9th Cir. 2011) (plaintiffs must allege a "known, immediate" threat of harm).

Plaintiffs argue that they did not *choose* to become homeless or to own property in the affected areas. (Opp. 14.)  This argument rests on a misreading of *Sinclair*, which provides that where a danger is common to a generalized group of people in a geographic area, it is necessarily not particularized and thus cannot support a claim for state-created danger.  61 F.4th at 682-84.  Where, as here, a plaintiff does not allege they were particularly targeted by any specific egregious abuse of power creating a danger uniquely directed at them—separate and apart from a danger faced by anyone in the area—there is no viable claim. *Id.* at 683 (where no allegation that the City had any previous interactions with plaintiff's son or directed any actions toward him, specifically, there was no viable claim).

Plaintiffs suggest they are somehow forced to be on Skid Row, which is another way of saying they are in government custody or experiencing restraints of personal liberty.  This merely restates the special relationship doctrine, *see DeShaney*, 489 U.S. at 198-202, but Plaintiffs removed the special relationship theory from the SAC (*cf.* FAC ¶ 218), likely because the Ninth Circuit rejected it outright. *See L.A. All.*, 14 F.4th at 958.  The individual plaintiffs may not have chosen to be homeless, but they do not allege they are in County custody or otherwise physically forced to remain on Skid Row. *Patel*, 648 F.3d at 972 ("The special-relationship exception does not apply when a state fails to protect a person who is not in custody"); *Youngberg v. Romeo*, 457 U.S. 307, 317 (1982) (when the state has not taken on custodial responsibilities, it is "under no constitutional duty to provide substantive services"); *DeShaney*, at 196-97 (the constitution does not guarantee minimal levels of safety and security or require the government to protect

23

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

against injuries occurring because services were not provided).  The notion that the decision to own property adjacent to PEH somehow restrains the liberty of the housed Plaintiffs or constitutes an actionable state-created danger is nonsensical.

Plaintiffs search for authority to support their arguments, but come up short. In *Hernandez*, police officers "actively" prevented protest attendees from leaving a rally, physically forcing the plaintiffs into contact with a known-to-be-violent mob who attacked them.  897 F.3d at 1133.  In *Kennedy v. City of Ridgefield*, a police officer informed the plaintiff's neighbor—who was the subject of the plaintiff's allegations of child abuse and who was known to be violent—that he was under investigation for molesting the plaintiff's daughter.  439 F.3d 1055, 1057-58, 1067 (9th Cir. 2006).  The officer failed to warn the plaintiff, as he had promised, before notifying the neighbor of the allegations; and the neighbor broke into the plaintiff's house and killed her husband.  *Id.* at 1058.

In *Wood v. Ostrander*, an officer arrested an intoxicated driver and impounded his car, leaving his passenger alone in a high-crime area at 2:30 a.m. where she was then assaulted.  879 F.2d 583, 586 (9th Cir. 1989).  And, in *Pauluk v. Savage*, the decedent's government employer "involuntarily" transferred him over his protestations to a work environment that was known to be infested with toxic mold that killed him, and deliberately concealed the amount of, and danger posed by, the mold.  836 F.3d 1117, 1118, 1124-25 (9th Cir. 2016).

These cases involved egregious abuses of power by a state official who exercised their authority to affirmatively force an individual into a dangerous situation where injury was foreseeable or actively provoked a dangerous third party to injure the plaintiff, where absent such conduct, the plaintiff would not have been exposed to the danger.  Here, in contrast, the SAC fails to identify any particular County officer or any conduct targeting Plaintiffs specifically.  The SAC also fails to identify a known, acute danger; temporal closeness between the action and the injury; or a direct causal connection between the injury and an official's conduct as

24

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

it must to state a claim for state-created danger. And, it fails to allege conduct that rises to "deliberate indifference"—that is, conduct that is intentionally harmful or more than grossly negligent. *See Hernandez*, 897 F.3d at 1135 (state-created danger claims "require[] a culpable mental state" "higher than gross negligence (citation omitted)"); *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (official's conduct can support a constitutional claim where the official "intended to injure" the plaintiff).

Plaintiffs' COVID-19 cases further undermine their position. (*See* Opp., at 13-14, citing *Santa Cruz Homelessness Union v. Bernal*, 514 F. Supp. 3d 1136 (N.D. Cal. 2021), *Sausalito/Marin Cty. Chapter of Cal. Homeless Union v. City of Sausalito*, 522 F. Supp. 3d 648 (N.D. Cal. 2021).) Those cases involved court orders enjoining the *forced* relocation of PEH out of public encampments because of the *particularized* risk that doing so would increase their exposure to COVID. And those courts held Plaintiffs' requested relief here is unconstitutional.

### C. Plaintiffs Do Not State A Takings Claim

Plaintiffs hardly muster a defense of their takings claim, which substitutes the County for the City in name only and makes no other amendments. (*See* Mot., 23.) Indeed, Plaintiffs' opposition points to *City* policies and litigation that did not involve the County. (*See* Opp., 15, citing SAC ¶¶ 28-39.) A vague assertion that the County was "complicit" in City policies is insufficient. (Opp., 15.)

Plaintiffs fail to address the other defects in their takings claim—namely, that the property at issue is not Plaintiffs' private property and that Plaintiffs' claim fails to identify an intentional or direct government appropriation of private property. (*See* Mot., 23-24.)

Plaintiffs' only argument is that a takings claim may be premised on third-party conduct, citing *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021). (Opp., 15.) Plaintiffs' argument is misplaced. As the County's motion explains, *Cedar Point Nursery* forecloses Plaintiffs' takings claim: "[I]solated physical invasions,

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

*not undertaken pursuant to a granted right of access*, are properly assessed as individual torts rather than appropriations of a property right." 141 S. Ct. at 2078 (emphasis added).  Plaintiffs identify no County regulation or "use restriction" that authorizes a "formal entitlement to physically invade" their property, *id.* at 2080; indeed, they do not even allege an invasion of *their own* property.  *Cf. id.* (California regulation expressly granting labor organizations a right to enter an employer's property to solicit support for unionization deprived property owners of the right to exclude those organizers from the property).  If the housed Plaintiffs experience (unalleged) physical invasions of their property by their unhoused comrades, those invasions are subject to remedies under state trespass laws, not a constitutional takings claim.  *Id.*

## IV.  PLAINTIFFS' REMAINING CLAIMS FAIL AS A MATTER OF LAW

### A.  Plaintiffs' Purported Mandatory-Duty Theory Fails

Plaintiffs' supposed "mandatory-duty" theory premised on various provisions of the Welfare and Institutions Code fails—both because there is no mandatory duty and because the Plaintiffs do not have standing.  (*See* §§ II.B. & III.A., *supra*; Mot., 19-20, 25-26; *see also L.A. All*., 14 F.4th at 958-59.)

Plaintiffs' opposition regarding the first cause of action for violation of a mandatory state law duty to provide universal housing and mental health care makes no unique argument, recycling Plaintiffs' erroneous argument that their substantive due process claim is premised on a "property interest" in state benefits.  (Opp., 16.) Plaintiffs, thus, ignore the plain language of the relevant statutes and the extensive case authority holding that those provisions do not give rise to any mandatory duty. (*See* Mot., 19-20, 25-26, citing *Hunt v. Superior Court*, 21 Cal. 4th 984, 1014 (1999); *Tailfeather v. Bd. of Supervisors*, 48 Cal. App. 4th 1223, 1246 (1996); *Scates v. Rydingsword*, 229 Cal. App. 3d 1085, 1089 (1991); *Bd. of Supervisors v. Superior Court*, 207 Cal. App. 3d 552, 561-62 (1989); *Marquez v. State Dep't of Health Care Servs*., 240 Cal. App. 4th 87, 120 (2015).)  Plaintiffs thus concede that

26

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

this authority forecloses their claims premised on a state-law duty.  *Heraldez*, 2016 WL 10834101, at *2 (failure to respond to argument in a motion to dismiss "constitutes a waiver or abandonment of the issues").

The County exercises its discretion in determining how to support PEH.  (*See* Mot., 11-12.)  Plaintiffs' own allegations confirm this is true.  (*E.g.,* SAC ¶¶ 10, 59, 158.)  At bottom, Plaintiffs' claim is premised on a policy disagreement about how funds used to address homelessness are allocated.  It improperly seeks to dictate how a public entity performs its discretionary duties, and it fails as a matter of law.

### B.  Plaintiffs Do Not State A Nuisance Claim

The County's Motion demonstrates that the County did not create the alleged nuisance.  (Mot., 26-27.)  In response, Plaintiffs parrot the County's cited law and ignore their pleading's defects.  They first restate the same legal rule that the County identified—that causation is met only where there is an act *or* a failure to act where the actor is under a duty to prevent the nuisance.  (Opp., 19; *see* Mot., 27.)  Plaintiffs do not explain how the County has any such duty or respond to the County's argument that the nuisance complained of is entirely outside of the County's jurisdiction—precluding any argument that the County has a duty arising from any premises-liability obligation.  (Mot., 27.)  Plaintiffs also do not respond to the County's argument that there is no nuisance liability where the harm is the proximate result of the independent intervening acts of others.  (*Id*., citing *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1565 (1990).)  None of Plaintiffs' perceived harms—created by PEH—are attributable to the County.

Plaintiffs protest the unremarkable, well-supported proposition that PEH have a protected interest in their personal property and a right to maintain that property in the street.  (*See* Opp., 20.)  To the extent Plaintiffs seek to challenge Ninth Circuit authority establishing this rule, this lawsuit is not the vehicle for an improper collateral attack.  (*See* SAC ¶¶ 33, 35, criticizing *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012) and *Martin v. City of Boise*, 920 F.3d 584 (9th Cir.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

27

2019).) Plaintiffs purport to vindicate the property rights of PEH, but simultaneously disregard the "devastating" effect their claim would inflict on those very rights. *See Lavan*, at 1032-33 (recognizing that state conduct that would permanently deprive PEH of their personal effects inflicts a "'devastating'" loss).

### C. Plaintiffs' Claim For Taxpayer Waste Fails

Plainly put, Plaintiffs' theory of liability under California Code of Civil Procedure section 526a is that the County negligently spent taxpayer money. (*See* Opp., 17.) This is legally insufficient. (*See* Mot., 27-28.)

Plaintiffs contend that lawful governmental spending can constitute waste if it is "completely unnecessary," "useless," or "provides no public benefit." (Opp., 17, quoting *Chiatello v. City & County of San Francisco*, 189 Cal. App. 4th 472, 482 (2010).) But Plaintiffs do not, and cannot, ascribe those labels to the County's expansive expenditures on services to address homelessness.

Plaintiffs say their allegations of "misuse[]" of funds are sufficient (Opp., 17), but the law says otherwise. *Chiatello* addressed government spending "administering an *illegal* ordinance." 189 Cal. App. 4th at 483 (emphasis added) ("[T]he term 'waste' as used in section 526a means something more than an alleged mistake by public officials in matters involving the exercise of judgment or wide discretion. To hold otherwise would invite constant harassment of city and county officers by disgruntled citizens and could seriously hamper our representative government at the local level." (quoting *Sundance v. Municipal Court*, 42 Cal. 3d 1101, 1138-39 (1986)). Because Plaintiffs do not allege the County "is expending funds enforcing an illegal statute or rule, . . . [their] reliance on . . . *Chiatello*[] is misplaced"; in fact, *Chiatello* forecloses Plaintiffs' claim as a matter of law. *Takhar v. People ex rel. Feather River Air Quality Mgmt. Dist.*, 27 Cal. App. 5th 15, 34 (2018) (held: *Chiatello* is inapposite where the plaintiff does not allege illegal government conduct).

Likewise, in *Harnett v. County of Sacramento*, the California Supreme Court

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

affirmed an order enjoining an election that sought voter approval for a "wholly void," unlawful, and unenforceable ordinance. 195 Cal. 676, 683 (1925). And, the plaintiffs in *Los Altos Property Owners Ass'n v. Hutcheon* challenged a "possibly illegal" use of school district funds that imposed a significant additional cost "without . . . any additional public benefit." 69 Cal. App. 3d 22, 29-30 (1977). Plaintiffs do not, and cannot, allege the same here. In fact, they squarely allege the opposite. (*See* SAC ¶¶ 10, 59, 158; Opp., 19: 9-10.)

### D.   <u>Statutory Immunity Bars All Of Plaintiffs' Claims</u>

Under California law, public entities have absolute immunity unless "otherwise provided by statute." Cal. Gov't Code § 815. (*See* Mot., 28-29.)

Plaintiffs argue that governmental immunity does not bar their claims for injunctive relief for their state tort claims—their first, second and fourth causes of action alleging violation of a mandatory state-law duty, nuisance, and waste of taxpayer funds. (Opp., 18-19 ("Plaintiffs seek only equitable and injunctive relief for their California Tort causes of action").) Plaintiffs' attempts to avoid the County's statutory immunity fail as a matter of law. Plaintiffs cite *Schooler v. State*, 85 Cal. App. 4th 1004 (2000), for the proposition that Government Code immunities extend only to tort actions seeking money damages. (Opp. 18-19.) But Plaintiffs misleadingly omit *Schooler*'s key holding. There, plaintiff's home was on top of a state-owned bluff that was adjacent to a state-owned beach. The plaintiff sought an injunction against the state in connection with structural damage to his home caused by erosion of the bluff, and relied on section 814 to argue that immunity did not bar his claim. 85 Cal. App. 4th at 1013. The court rejected the plaintiff's argument because Government Code section 831.25 "relieves public entities of the responsibility" to protect adjacent property from land failures caused by natural conditions, and the injunctive relief plaintiff sought was merely an end-run around immunity and undermined the legislative intent to reduce the state's financial burden for injuries from natural conditions on public land. *Id.* at 1012-14. Thus, the

29

court held that section 814 "cannot be applied in such a way as to circumvent either its own underlying legislative policy or that of another section in the Tort Claims Act," and "*any 'relief' allowed under section 814 cannot create duties that immunity provisions guard against*." *Id*. at 1013-14 (emphasis added.)

The same is true here. The County's decisions about how to allocate funds for the purpose of addressing homelessness are legislative policy decisions and quintessential discretionary acts. Under well-settled statutory and case authority, public employees cannot be held liable for basic policy or planning decisions. Cal. Gov't Code §§ 815.2(b) ("[A] public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."), 820.2 ("[A] public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."); *Thompson v. City of Petaluma*, 231 Cal. App. 4th 101, 106 (2014) ("Courts should not interfere with a local government's legislative judgment on the ground that its funds could be spent more efficiently."); *Masters v. San Bernardino Cty. Emps. Ret. Ass'n*, 32 Cal. App. 4th 30, 45-46 (1995). This rule is rooted in a fundamental purpose of discretionary immunity—the need to fix duties and attain finality of governmental decisions. *See Connelly v. State*, 3 Cal. App. 3d 744, 766 (1970). No trier of fact can be "permitted to redetermine what [a public employee] should have done under a given set of circumstances where he had judgment and discretion, [because] the ultimate power of decision [would be] transferred to those not responsible . . . [and] the result of each lawsuit [would become] a redefinition of his duty." *Id.*; *Lucas v. Santa Maria Pub. Airport Dist.*, 39 Cal. App. 4th 1017, 1026 (1995) ("[T]he courts should not take judicial cognizance of disputes which are primarily political in nature, nor should they attempt to enjoin every expenditure which does not meet with a taxpayer's approval.").

Plaintiffs cite *Pierce v. County of Orange*, No. CV 01-981-GLT (MLGx)

30

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

2004 WL 7340113 (C.D. Cal. June 4, 2004), to argue that immunity does not apply here because they are "not seeking to impose additional financial burdens the County would not already have, had it properly fulfilled its constitutional and statutory obligations." (Opp., 18.)  In *Pierce*, the court recognized that *Schooler* precludes a plaintiff from using equitable relief to impose a duty the state otherwise did not have, but held that immunity did not apply because the plaintiff sought to enjoin the county's operation of its jails in an *unlawful* manner—i.e., by depriving detainees and inmates access to religious practice and disability services.  2004 WL 7340113, at *2 ("[A] plaintiff cannot use a claim for equitable and injunctive relief to circumvent the financial protections immunity provides a governmental entity."). Because the county's conduct violated its obligation to comply with the Constitution and ADA, an injunction compelling compliance imposed no new burdens on the county that would be barred by governmental immunity.  *Id.*  *Pierce* stands for the unremarkable proposition that governmental immunity does not bar a claim seeking to specifically enforce an obligation pursuant to the legal right to do so.

*Pierce* is inapposite because here, Plaintiffs seek an injunction requiring the County to redirect funds allocated for services or housing to new expenditures— e.g., to build emergency shelters—which *would* impose a new duty and new fiscal burdens on the County.  Such an order would directly contravene the express legislative intent of the immunity statutes relieving public entities of liability for discretionary legislative decisions.  (Mot., at 28-29, citing Cal. Gov't Code §§ 818.2 (Law Revision Comm'n Comments) (section "recognizes that the wisdom of legislative or quasi-legislative action . . . should not be subject to review" by courts), 820.2).

## V.    <u>CONCLUSION</u>

Plaintiffs' opposition relies on distracting antics and confusing new allegations to obscure the SAC's deficiencies.  Instead of shoring up Plaintiffs' claims, these tactics confirm that Plaintiffs fail to assert legally valid claims and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

cannot satisfy long-standing pleading standards.  After several years, and repeated amendment, Plaintiffs still lack viable claims against the County.  The County respectfully requests that the Court dismiss the SAC with prejudice.

DATED:  May 22, 2023                    MILLER BARONDESS, LLP


                                       By:     /s/ Mira Hashmall
                                               MIRA HASHMALL
                                               Attorneys for Defendant
                                               COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

32

DEFENDANT COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT