**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                    Date:  June 15, 2023

Title: LA ALLIANCE FOR HUMAN RIGHTS ET AL. v. CITY OF LOS ANGELES ET AL.

PRESENT: THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   SUPPLEMENTAL ORDER RE DENIAL OF STIPULATION TO DISMISS

The Court is in receipt of the Ninth Circuit's Order asking the Court to address Defendant County of Los Angeles's ("Defendant" or the "County") petition for writ of mandamus. Order, *County of Los Angeles v. USDC-CALA*, No. 23-70076 (9th Cir. Jun. 2, 2023). The County's petition argues that the Court erred when it denied the parties' stipulation to dismiss the County from this action. Plaintiffs LA Alliance for Human Rights, et al. ("Plaintiffs" or "LA Alliance") argue that there is no settlement agreement between the parties. *See* (Dkt. 549). Accordingly, the Court issues this supplemental order about the denial of the parties' stipulation.

**I.      Background**

On July 15, 2022, Plaintiffs filed a Second Amended and Supplemental Complaint. (Dkt. 454). The parties filed a stipulation to stay the case pending settlement discussions on September 26, 2021, (Dkt. 471), which the Court granted (Dkt. 473).

On October 17, 2022, the parties then filed a joint stipulation under Rule 41(a)(2) to dismiss the County pursuant to a tentative settlement agreement. (Dkt. 485).  In that stipulation, the parties "request[ed] this court retain jurisdiction for purposes of enforcing their agreement until the end of fiscal year 2026/2027." *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                Date: June 15, 2023

Page 2

The Court held a hearing about the proposed settlement on January 17, 2023. (Dkt. 518). The Court expressed concern about the inadequacy of the proposed settlement and the lack of oversight and enforcement measures. *See* Transcript for Proceedings held on 1/17/2023 (Dkt. 520). The parties requested, and the Court granted, ninety days to renegotiate the settlement agreement. *See id.*

On April 18, 2023, the parties filed an addendum to the settlement agreement, changing terms relating to the scope of the settlement. ("Addendum") (Dkt. 533). The addendum made no change to the proposed agreement's lack of oversight and enforcement. *Id.* At a hearing on April 20, 2023, the Court declined to exercise its jurisdiction over the alleged settlement and lifted the stay on the case. (Dkt. 534).

On April 28, 2023 the County moved to certify the Court's April 20 order for interlocutory appeal under 28 U.S.C. § 1292(b). ("Mot.") (Dkt. 544). The Court denied that motion on May 2, 2023. (Dkt. 551).

## II.     Legal Standard

Rule 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Unlike dismissal under Rule 41(a)(1), dismissal under Rule 41(a)(2) must be by court order. "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The district court abuses its discretion when "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *Id.* (citing *United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir.1993)). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir.1987); *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145–46 (9th Cir.1982)).

## III.    Discussion

The County argues that the Court improperly denied the stipulation to dismiss. Plaintiffs argue that there is no settlement agreement between the parties. *See* (Dkt. 549).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                    Date: June 15, 2023

Page 3

### A.    The Parties May Stipulate to Dismissal

As an initial matter, the Court notes that the parties can stipulate to dismissal under either Rule 41(a)(1)(A)(ii) or bring forth another stipulation pursuant to Rule 41(a)(2) that does not seek the Court's involvement.

The Court has emphasized on numerous occasions that the parties can stipulate to dismissal without the Court's consent. *See* Transcript for Proceedings held on 4/20/23 (Dkt. 540) at 28 ("In other words, I understand that you can settle without me. You can withdraw the complaint. But you are asking the Court to put my approval on this."); Transcript for Proceedings held on 1/17/23 (Dkt. 520) at 21, 38 ("[I]f you've reached a private settlement, I'm forced to dismiss this case because this is a private settlement between the parties."); Order Denying Motion to Certify (Dkt. 551) at 4 ("The Court again emphasizes that should the parties come to a private agreement, without the involvement of the Court, the parties may then move to voluntarily dismiss this action.").

The parties have not filed another stipulation to dismiss, indicating a live case or controversy before the Court.

### B.    The Court Declined Jurisdiction Over the Proposed Settlement Agreement

When considering dismissal under Rule 41(a)(2), a district court is under no obligation to retain jurisdiction over the settlement terms. *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 375 (1994)).

During the April 20, 2023 hearing, the Court and the parties discussed the inadequacy of the proposed terms and how the proposed agreement failed to meet the needs of the County.[1] Transcript for Proceedings held on 4/20/23 (Dkt. 540) at 28–32. The parties' addendum to their proposed settlement increased the number of mental health beds offered from 300 to approximately 1000, to be completed by December 31, 2026.[2] *See*

---

[1] At the hearing, several parties agreed that the proposed settlement was inadequate. For example, President of the City Council of Los Angeles Paul Krekorian stated in court: "If the question is: Will this be sufficient to meet the moment? I think the answer has to be no." Dkt. 540 at 9. Mr. Krekorian explained that the settlement terms for additional mental health beds would amount to fewer than one bed a day, "which likely won't even keep up with the increase in demand." *Id.* at 9–10.

[2] The parties' addendum would develop the 1,000 mental health beds on this timeline: "300 beds by June 30, 2023, 310 beds by December 31, 2023, 90 beds by December 31, 2024, 130 beds by December 31, 2025, and 170 beds by December 31, 2026." Addendum at 2. The addendum also supplies 450 beds for the elderly at Adult Residential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                    Date: June 15, 2023

Page 4

Proposed Settlement; Addendum (Dkt. 533-2). The Court has repeatedly raised the 2019 report from then Director of the Los Angeles County Department of Mental Health, Dr. Jon Sherin, citing the need in 2019 for minimally 3,000 mental health beds. Transcript for Proceedings held on 4/20/23 (Dkt. 540) at 29–30. This need has substantially grown since 2019 alongside the rapid increase in the number of unhoused. Under the proposed terms, the County would ask the Court to approve just a third of the mental health beds required in 2019 — completed seven years late. *Id.* at 31.

The Court also raised its concerns about the lack of accountability. Transcript for Proceedings held on 4/20/23 (Dkt. 540) at 24–25; 47. The Court noted that, unlike the Proposed Settlement, the final settlement between Plaintiffs and Defendant City of Los Angeles included adequate provisions for oversight and accountability. *Id.* at 23–24.

The Court then exercised its discretion to decline jurisdiction over the terms of the Proposed Settlement. *See Arata*, 96 F.3d at 1269.

## C.    The Parties Did Not Reach a Settlement Agreement

Having declined continuing jurisdiction, the Court found that the parties did not have a finalized settlement agreement. The parties now disagree as to the material terms of the agreement, further rendering the Proposed Settlement unenforceable. The Court therefore properly denied the parties' stipulation to dismiss.

### 1.    The Parties' Agreement Was Not Finalized

The parties' proposed settlement agreement was filed on October 17, 2022, and stated:

> 1.    Subject to the requirements of Sections A.2 and E, this Agreement shall become effective and operative on the date that the District Court enters an Order dismissing, with prejudice, the Action, *subject to the court's continuing enforcement in accordance with Section P of this Agreement.*

---

Facilities ("ARF") and Residential Care Facilities for the Elderly ("RCFEs"). *Id.* at 3. The addendum states these beds for the elderly are sometimes used by those who "with Serious Mental Illness who would otherwise be homeless." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                    Date: June 15, 2023

Page 5

2.      The effectiveness of this Agreement is *expressly subject to and contingent upon approval by the County's approval of settlements process*, including by the Los Angeles County Claims Board and/or the County Board of Supervisors, and by approval of the individual Plaintiffs.

Exhibit A – Settlement Agreement ("Proposed Settlement") (Dkt. 485-1) at 2 (emphasis added).  The County and Plaintiffs did not sign the Proposed Settlement. *See* Proposed Settlement at 10-11.

During a hearing on January 20, 2023, the parties requested 90 days to "review and amend" the settlement agreement. (Dkt. 519). After those 90 days, the parties filed an addendum to the settlement agreement. (Dkt. 533-2). While the addendum included the proper signatures, the Proposed Settlement remained unsigned. *See id.*; Proposed Settlement.

As of the April 20, 2023 hearing, the parties did not have a finalized settlement agreement. The Proposed Settlement was (1) conditioned upon the Court's "continuing enforcement;" (2) conditioned upon the approval by the County's approval of settlements process and the County Board of Supervisors; and (3) unsigned by the County and the Plaintiffs. *See* Proposed Settlement at 2; 10-11.

### 2.      The Agreement Failed when the Court Declined Jurisdiction

The parties' Proposed Settlement could not take effect because it was contingent on the Court's retention of jurisdiction, which the Court declined. Accordingly, the Court denied the parties' stipulation to dismiss. Here, a dismissal by the Court pursuant to Rule 41(a)(2) would have prejudiced both parties, including Defendant County, because there was no valid settlement agreement.

### 3.      The Parties Now Dispute Material Terms of the Proposed Settlement

The Proposed Settlement is also unenforceable because the parties dispute the material terms of the agreement. *See Callie*, 829 F.2d at 891. "In addition to the intent of the parties to bind themselves, the formation of a settlement contract requires agreement on its *material terms*." *Callie v. Near*, 829 F.2d 888, 891 (9th Cir. 1987) (finding enforcement of an alleged settlement inappropriate when the parties disagreed as to a material term.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-02291-DOC-KES                                   Date: June 15, 2023

                                                                              Page 6

Here, Plaintiffs LA Alliance state there is no agreement ─ that the County "expressly agreed that the settlement agreement would not become binding unless the Court (i) dismissed the case <u>and</u> (ii) agreed to 'continuing enforcement.'" Opposition to Ex Parte Application ("Opp'n") (Dkt. 549) at 1. Plaintiffs argue that "[t]here is no legitimacy to the County's lament that the Court somehow imposed additional terms on a private deal between the parties. The Settlement Agreement expressly contemplated the Court's retention of jurisdiction to enforce the agreement." *Id.*

The Court attaches to this Order Exhibit A - Plaintiffs' Opposition to Defendant County of Los Angeles's Ex Parte Application for Stay, as well as Exhibit B – Defendant County of Los Angeles's Ex Parte Application for Stay.

The Court properly exercised its discretion to decline to retain jurisdiction over enforcing terms that the Court deemed inadequate and lacking accountability. As Plaintiffs contend, "[w]ithout the Court's consent to 'continuing enforcement,' there is no deal and no grounds for a stay or appeal," because there is a live case or controversy. Opp'n at 1.

**IV.    Disposition**

The Court recognizes the right of the parties to settle privately if they so choose; however, the Court declines to "place the judicial stamp of authority" on a proposed settlement agreement so deficient and lacking in accountability. *See Glaxo Grp. Ltd. v. Dr. Reddy's Lab'ys, Ltd.*, 325 F. Supp. 2d 502 (D.N.J. 2004).

Having declined jurisdiction and found no settlement agreement, the Court **DENIED** the parties' Stipulation to Dismiss (Dkt. 485).

The Clerk shall serve this minute order on the parties and upon the Ninth Circuit Court of Appeals, re Case No. 23-70076.

**cc: 9th Circuit Court of Appeals**

MINUTES FORM 11                                                  Initials of Deputy Clerk: kdu

CIVIL-GEN