DAWYN R. HARRISON, *County Counsel* (State Bar No. 173855)
dharrison@counsel.lacounty.gov
JENNIFER A.D. LEHMAN, *Assistant County Counsel* (State Bar No. 191477)
jlehman@counsel.lacounty.gov
ANA WAI-KWAN LAI, *Senior Deputy County Counsel* (State Bar No. 257931)
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>      Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DEFENDANT COUNTY OF LOS ANGELES' *EX PARTE* APPLICATION FOR STAY AND EXPEDITED BRIEFING SCHEDULE**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

612259.4

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant County of Los Angeles (the "County") hereby applies to the Court *ex parte* for an order staying the case until the County is able to seek appellate review of the Court's April 20, 2023 Minute Order (the "April 20 Order"). In the April 20 Order, the Court denied the joint stipulation for dismissal with prejudice submitted by the County and Plaintiffs LA Alliance for Human Rights, et al. ("Plaintiffs"). The County is filing a motion to certify the April 20 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (the "Motion for Certification"), which the County seeks to have expedited.

Good cause supports this *ex parte* application. The County needs expedited *ex parte* relief because, in the absence of an immediate stay, it will need to respond to Plaintiffs' Second Amended Complaint by the May 3 deadline set by the Court. The County satisfies all four factors considered by courts when evaluating whether to grant a stay of proceedings pending appeal. *First*, the County is likely to succeed on the merits of its appeal because there is no justiciable controversy between the parties, and the Court exceeded its legal and equitable powers by forcing the parties to litigate a case they have already fully resolved. *Second*, the County will be irreparably harmed absent a stay because it will be forced to divert resources to litigating this matter. *Third*, the stay will not injure any other interested parties because all parties urged this Court to approve the stipulated dismissal. *Fourth*, the public interest favors the stay because there is a strong public policy favoring the economic use of judicial resources, and requiring the parties to litigate a matter that has already been settled between them is a waste of valuable judicial resources.

There is also good cause to expedite the resolution of the County's Motion for Certification. By Local Rule, the County's Motion for Certification would ordinarily not be heard until June 5, 2023, over a month from now and after the Rule 16 Scheduling Conference set for May 9, 2023. The County respectfully requests that the Court: (1) set the County's Motion for Certification for hearing on

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

May 9, 2023; and (2) provide that any responses to the Motion be filed by May 5, 2023. To expedite the resolution of the Motion, the County will forego an opportunity to file reply papers before the May 9 hearing.

This *ex parte* application is based on the Application, the Memorandum of Points and Authorities, the Declaration of Mira Hashmall and exhibits thereto, the pleadings and records on file in this action, and any further evidence or argument received by the Court in connection with the Application.

**Local Rule 7-19 Compliance**

Pursuant to Local Rule 7-19, on April 25, 2023, the County provided notice of its intent to file this *ex parte* application to Plaintiffs and Intervenors via email. (Declaration of Mira Hashmall ("Hashmall Decl.") ¶ 2 & Ex. A.) The parties further discussed the *ex parte* application during a teleconference on April 27, 2023. (*Id.* ¶¶ 3-5.) Plaintiffs indicated that they did not oppose expedited resolution of the County's Motion for Certification and that they opposed the application for a stay. (*Id.* ¶ 3.) Intervenors stated that they would not oppose the application for a stay or expedited briefing on the County's Motion for Certification. (*Id.* ¶ 4.)

Counsel for Plaintiffs and Intervenors are identified below.

Matthew Donald Umhofer
Elizabeth A. Mitchell
UMHOFER, MITCHELL & KING LLP
11766 Wilshire Blvd., Suite 900
Los Angeles, CA 90025
Tel.: 213-394-7929
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

Carol A. Sobel
Weston C. Rowland
LAW OFFICE OF CAROL SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
Tel.: 310-393-3055
Email: carolsobellaw@gmail.com

DEFENDANT COUNTY OF LOS ANGELES' *EX PARTE* APPLICATION FOR STAY AND
EXPEDITED BRIEFING SCHEDULE

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Shayla R. Myers
LEGAL AID FOUNDATION OF LOS ANGELES
7000 South Broadway
Los Angeles, CA 90003
Tel.: 213-640-3983
Email: smyers@lafla.org

DATED: April 28, 2023          MILLER BARONDESS, LLP


By:     /s/ Mira Hashmall
    MIRA HASHMALL
    Attorneys for Defendant
    COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

612259.4

4

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .............................................................................................. 8

II. PROCEDURAL HISTORY ............................................................................... 9

III. LEGAL STANDARD ...................................................................................... 10

IV. *EX PARTE* RELIEF IS WARRANTED .......................................................... 11

    A. The County Is Likely To Succeed On The Merits ................................. 11

    B. The County Will Be Irreparably Harmed Absent A Stay ..................... 12

    C. A Stay Will Not Prejudice Any Other Interested Parties ..................... 13

    D. The Public Interest Supports A Stay .................................................... 14

V. THE COUNTY REQUESTS AN EXPEDITED HEARING AND BRIEFING SCHEDULE FOR ON ITS MOTION FOR CERTIFICATION ............................................................................................... 15

VI. CONCLUSION ................................................................................................ 16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

612259.4

DEFENDANT COUNTY OF LOS ANGELES' *EX PARTE* APPLICATION FOR STAY AND EXPEDITED BRIEFING SCHEDULE

# TABLE OF AUTHORITIES

**Page**

## CASES

*Asis Internet Servs. v. Active Response Grp.*,
2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ...................................10, 11, 14

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
634 F. Supp. 2d 1081 (E.D. Cal. 2008).....................................................8, 11, 14

*Casas v. Victoria's Secret Stores, LLC*,
2015 WL 13446989 (C.D. Cal. Apr. 9, 2015)....................................10, 11, 14

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962).....................................................................8, 15

*Envtl. World Watch, Inc. v. Walt Disney Co.*,
2014 WL 10979864 (C.D. Cal. Apr. 2, 2014)......................................................11

*Filtrol Corp. v. Kelleher*,
467 F.2d 242 (9th Cir. 1972)......................................................................10

*Finder v. Leprino Foods Co.*,
2017 WL 1355104 (E.D. Cal. Jan. 20, 2017)......................................................13

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
2015 WL 4397175 (C.D. Cal. June 8, 2015) ...................................10, 13, 14

*Frew ex rel. Frew v. Hawkins*,
540 U.S. 431 (2004) .................................................................................15

*Horne v. Flores*,
557 U.S. 433 (2009) .................................................................................15

*LA Alliance for Human Rights v. Los Angeles County*,
14 F.4th 947 (9th Cir. 2021).....................................................................12

*Lair v. Bullock*,
697 F.3d 1200 (9th Cir. 2012)...................................................................12

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011).................................................................10, 12

*Leyva v. Certified. Grocers of Cal., Ltd.*,
593 F.2d 857 (9th Cir. 1979).....................................................................10

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
708 F.2d 1458 (9th Cir. 1983)...................................................................10

*Nken v. Holder*,
556 U.S. 418 (2009) .................................................................................10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

612259.4

6

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) ........................................................................................14

*Umatilla Waterquality Protective Ass'n, Inc. v. Smith Frozen Foods, Inc*.,
962 F. Supp. 1312 (D. Or. 1997) .........................................................................11

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs*.,
2019 WL 6973547 (C.D. Cal. Oct. 8, 2019) ......................................10, 13, 14

**STATUTES**

28 U.S.C. § 1292(b) .............................................................................................passim

**RULES**

Fed. R. Civ. P. 26 .......................................................................................................13

Fed. R. Civ. P. 41(a)(2) ...........................................................................................9, 12

**OTHER AUTHORITIES**

U.S. Const. art. III ................................................................................................12, 14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

612259.4

7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On April 20, 2023, the Court denied the Plaintiffs' and County's stipulated dismissal of this action in its entirety based on its characterization of the parties' binding settlement agreement—committing over $1.1 billion in resources to the unhoused—as an "aspirational document" that was undeserving of the "credibility of the federal court."  (Declaration of Mira Hashmall Ex. D at 23-25.)  Plaintiffs, the County, and Intervenors—nonprofit community organizations advocating on behalf of the unhoused—urged the Court to dismiss the action at the April 20 hearing. Because the Court lacks "trust" in the political "process," it refused to do so, conditioning dismissal on the addition of settlement terms giving the Court powers of monitoring that the *Court* wants.  (*Id.* at 32, 42 ["You get me that same paragraph that the City had, oversight and enforcement, let's talk.  But until then, I said it before, and I'm not bargaining with you, I meant it."].)

The County requests a stay of proceedings while seeking certification for interlocutory appellate review of the Court's April 20 Order pursuant to 28 U.S.C. § 1292(b), for the reasons outlined in the County's concurrently-filed motion.  This Court has broad discretion to grant such a stay, especially in the context of interlocutory appellate review under Section 1292(b).  Courts routinely do so for the purpose of promoting "economy of time and effort for [themselves], for counsel, and for litigants."  *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (citation omitted); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Absent a stay, the parties will need to engage in substantial, unrecoverable, and wasteful discovery and motion practice on matters that could be mooted by appellate review.  There is no countervailing harm to Plaintiffs or Intervenors, and staying the proceedings would conserve judicial resources and promote the most efficient resolution of this case.  Accordingly, the County respectfully requests that

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

the Court enter a stay while the Court considers the County's request for interlocutory appeal and any further related proceedings that take place in the Ninth Circuit Court of Appeals.

As this Court is well aware, the County has pledged an unprecedented $1.1 billion in public funds and resources to address and prevent homelessness in connection with this litigation, after reaching a fully-agreed settlement with Plaintiffs more than six months ago, and again this month at the Court's urging.  It is the County's view that this Court exceeded its authority when it rejected the stipulated dismissal of this action with prejudice, and the County intends to pursue all available appellate redress to bring this fully-settled litigation to a close.  The County does not take these steps lightly.

The County respectfully requests that this Court (1) set an expedited briefing schedule and hearing on the Motion for Certification of This Court's April 20, 2023 Order Pursuant to 28 U.S.C. § 1292(b); and (2) stay this case pending appeal.

## II.  PROCEDURAL HISTORY

While the procedural history in this litigation is long and complex, the relevant facts for purposes of this application are straightforward.  Plaintiffs and the County entered a settlement agreement and stipulated to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(a)(2) more than six months ago. (Hashmall Decl. Ex. B.)  The parties subsequently agreed to resume negotiations in good faith, which resulted in an addendum to the agreement and a *second* stipulated request to dismiss this action with prejudice in April 2023.  (*Id*. Ex. C.)

As detailed in the County's motion to certify the April 20 Order for interlocutory appeal, this Court has repeatedly attempted to condition approval of the stipulated dismissal on the parties adding new terms to their private settlement agreement and has insisted on monitoring powers that are not agreed to by the parties. (Dkt. 544.)  On April 20, 2023, this Court made good on its threat that any settlement agreement that did not include such terms would be "dead on arrival" and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

denied the parties' stipulated dismissal, setting aggressive deadlines to respond to Plaintiff's second amended complaint and engage in a scheduling conference. (Hashmall Decl. Ex. E; *id*. Ex. D at 53-54.)

## III. **LEGAL STANDARD**

"A district court has authority to stay proceedings pending a § 1292(b) appeal both under § 1292(b) itself and under the court's inherent authority to manage its docket." *Casas v. Victoria's Secret Stores, LLC*, 2015 WL 13446989, at *5 (C.D. Cal. Apr. 9, 2015). "When considering a stay pending appeal pursuant to § 1292(b), the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Asis Internet Servs. v. Active Response Grp.*, 2008 WL 4279695, at *3–4 (N.D. Cal. Sept. 16, 2008) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)); *accord Casas*, 2015 WL 13446989, at *5; *see also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (quoting *Leyva v. Certified. Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979))).

In evaluating a stay request, courts are guided by the factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009), which are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (quoting *Holder*, 556 U.S. at 434); *accord Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4397175, at *1 (C.D. Cal. June 8, 2015); *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, 2019 WL 6973547, at *6 (C.D. Cal. Oct. 8, 2019).

612259.4

10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

A strict adherence to these factors is not always required in the Section 1292(b) context, however; and courts routinely stay proceedings upon finding that a certification under Section 1292(b) is warranted and that efficiency and judicial economy would be best achieved by a stay. *See Asis*, 2008 WL 4279695, at *4; *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094; *Casas*, 2015 WL 13446989, at *5; *Envtl. World Watch, Inc. v. Walt Disney Co.*, 2014 WL 10979864, at *4 (C.D. Cal. Apr. 2, 2014); *Umatilla Waterquality Protective Ass'n, Inc. v. Smith Frozen Foods, Inc.*, 962 F. Supp. 1312, 1323 (D. Or. 1997).

## IV.  *EX PARTE* RELIEF IS WARRANTED

While the County is pursuing all available appellate remedies, this Court should preserve the status quo and issue a stay. This Court has exercised that power liberally in this litigation already and stayed the action several times; as a result, even though this litigation has been pending for more than three years, the Court has never even resolved motions to dismiss the pleadings. (Dkt. 287, 384, 388, 449, 473, 507.)

Here *all* four factors favor a stay, as (1) the County's Motion for Certification raises serious legal questions; (2) proceeding without a stay may result in substantial, unrecoverable, and wasteful motion practice and discovery; (3) neither Plaintiffs nor Intervenors will be injured in any way by a stay; and (4) efficient use of judicial resources would serve the public interest. Accordingly, the County requests that the Court stay the proceedings while its Certification Motion and related appellate proceedings are resolved. *Ex parte* relief to decide this application for stay is warranted, given that the Court has set a May 3, 2023 deadline to respond to the Second Amended Complaint. The parties should not be forced to expend significant resources on dispositive motion practice in a fully-settled action.

### A.  The County Is Likely To Succeed On The Merits

The County is likely to succeed on the merits of its appellate challenge for all the reasons stated in its motion to certify the April 20 Order for interlocutory appeal.

(Dkt. 544.) There is no longer a justiciable case or controversy between the parties. Where a stipulated dismissal of a case is with prejudice and does not injure the rights of third-party intervenors, voluntary dismissal under Rule 41(a)(2) is also mandatory. The Court's Order, attempting to force the parties to litigate a case they have already resolved, indisputably exceeds its legal and equitable powers. This Court does not have the authority to condition approval of the dismissal on the addition of terms to a private settlement agreement that are not agreed to by the parties.

The Court's effort to pressure and force the parties violates the separation of powers doctrine. (Dkt. 544.) Federal judges do not have inherent authority (or expertise) to make complex policy decisions about how to manage the public health, public safety, and financial implications of the homelessness crisis. The Ninth Circuit has already advised the Court, in connection with this matter, that it only has "equitable power to grant relief" on the "case or controversy before it" and must act within the confines of Article III. *LA Alliance for Human Rights v. Los Angeles County*, 14 F.4th 947, 957, 961 (9th Cir. 2021) (citation omitted). In denying the parties' stipulated dismissal, the Court has not heeded the Ninth Circuit's directive.

**B.     The County Will Be Irreparably Harmed Absent A Stay**

The County also satisfies the second *Holder* factor, which requires that there be a "*probability* of irreparable injury if the stay is not granted." *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012); *Leiva-Perez*, 640 F.3d at 968 (noting that the second factor asks courts to "anticipate what would happen as a practical matter following the denial of a stay"). There is no prospect that Los Angeles' homelessness crisis will be comprehensively resolved through litigation. At this point, this lawsuit is actually an impediment.

Here, the County will be irreparably harmed if forced to engage in discovery and motion practice and attend hearings regarding fully-settled claims. The parties have spent three years working towards this agreement. The April 20 Order will

612259.4

12

DEFENDANT COUNTY OF LOS ANGELES' *EX PARTE* APPLICATION FOR STAY AND EXPEDITED BRIEFING SCHEDULE

require all parties to expend massive resources and staff time in litigation that should have been dismissed six months ago.[1] "[N]eedlessly" or "inefficiently" incurring discovery costs is sufficient to find irreparable harm. *Integra*, 2019 WL 6973547, at *7; *see also Finder v. Leprino Foods Co*., 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) ("[F]orcing a party to conduct 'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." (citation omitted)); *Flo & Eddie*, 2015 WL 4397175, at *3 ("[M]onetary losses can be considered irreparable harm if defendants are forced to incur much of the expense of potentially unnecessary trial-oriented litigation before their appeal is heard."). Accordingly, the second *Holder* factor also favors a stay.

## C. A Stay Will Not Prejudice Any Other Interested Parties

There is no countervailing burden on Plaintiffs or Intervenors if the Court grants a stay pending resolution of the County's pursuit of all appellate remedies. At the April 20, 2023 conference, the Plaintiffs and Intervenors urged this Court to approve the stipulated dismissal. (Hashmall Decl. Ex. D at 14 [Intervenors: County settlement agreement is "a reasonable response under the circumstances to the need"], 20 [Plaintiffs: "It needed to have been done six months ago. And here we are in April, watching these projects flounder. . . . We cannot keep waiting and letting the perfect to be the enemy of the good."].)

It should be stating the obvious, but staying litigation that Plaintiffs have already agreed to *dismiss* with prejudice, and that Intervenors have likewise implored this Court to dismiss, does not injure them. The City settlement agreement

---

[1] Further, the May 9, 2023 Scheduling Conference is premature because the pleadings are not closed and it runs afoul of Federal Rule of Civil Procedure 26. Under Rule 26(f), the parties should have conferred at least 21 days prior to a Scheduling Conference—i.e., on or before April 18—which was impossible because the Court set the Scheduling Conference on April 20.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

612259.4

13

also *depends* upon the County's settlement to be effective. (Hashmall Decl. Ex. D at 18 [Plaintiffs: "[W]e entered into this agreement, frankly, the City told us that's what the City needs"].) Thus, the third *Holder* factor weighs in favor of a stay as well.

### D. The Public Interest Supports A Stay

The public interest favors a stay. The County is committed to addressing homelessness regardless of the outcome of this litigation, but there is no getting around that the litigation has become a barrier, rather than a catalyst, in achieving those goals.

"[T]he public 'generally has an interest in accuracy of judicial proceedings and in efficient use of government resources.'" *Flo & Eddie*, 2015 WL 4397175, at *4; *Integra*, 2019 WL 6973547, at *8. Hence, when courts certify an order for immediate review under Section 1292(b), they routinely stay proceedings pending resolution of the appeal. *Asis*, 2008 WL 4279695, at *4; *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094; *Casas*, 2015 WL 13446989, at *5; *Walt Disney Co.*, 2014 WL 10979864, at *4. Doing so makes sense, as "[i]t would be a waste of judicial and party resources to proceed with the other claims while the appeal is pending." *See Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094. That is particularly so where, as here, the appellate court's decision should end the litigation altogether.

Homelessness will not be solved through motion practice, discovery, and trial. Federal courts also "do not possess a roving commission to publicly opine on every legal question," nor do they "exercise general legal oversight of the Legislative and Executive Branches, or of private entities." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("'Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." (citation omitted)).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

612259.4

14

This case is over, and on the parties' terms. Plaintiffs and the County chose a judicial enforcement mechanism that carefully balances the parties' desire for accountability and effective enforcement, while avoiding the type of expansive judicial supervision that raises "sensitive federalism concerns" (*Horne v. Flores*, 557 U.S. 433, 448 (2009)) and risks improperly depriving state officeholders of "their designated legislative and executive powers." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004).

The Court may have preferred that the parties struck a different balance. But that is not its prerogative. The waste of resources and the disruption of public confidence in an unrestrained federal judiciary strongly militate in favor of a stay.

## V. THE COUNTY REQUESTS AN EXPEDITED HEARING AND BRIEFING SCHEDULE FOR ON ITS MOTION FOR CERTIFICATION

The County further requests that this Court exercise its discretion to set an expedited hearing and briefing schedule to decide the County's Motion for Certification, which it has discretion to do, and no parties oppose. *CMAX*, 300 F.2d at 268 (a district court has "inherent power to control the disposition of the causes on its docket" in a manner which will "promote economy of time and effort for itself, for counsel, and for litigants"). Resolving whether this lawsuit must be dismissed with prejudice should come *first*, before the parties delve into a flurry of litigation activity that will almost certainly prove to be a waste of the parties' and the Court's resources.

By Local Rule, the County's Motion for Certification would ordinarily not be heard until June 5, 2023. There is good cause to speed things up here. The County respectfully requests that the Court: (1) set the County's Motion for Certification for hearing on May 9, 2023, and (2) provide that any responses to the Motion be filed by May 5, 2023. To expedite the resolution of the Motion, the County will forego an opportunity to file reply papers before the May 9 hearing.

612259.4

15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, the County respectfully requests that the Court grant the *Ex Parte* Application in its entirety, stay the matter pending appeal, and set an expedited hearing and briefing schedule on the County's Motion for Certification of the Court's April 20, 2023 Order Pursuant to 28 U.S.C. §1292(b).

DATED: April 28, 2023         MILLER BARONDESS, LLP

By:      /s/ Mira Hashmall
        MIRA HASHMALL
        Attorneys for Defendant
        COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

612259.4

DEFENDANT COUNTY OF LOS ANGELES' *EX PARTE* APPLICATION FOR STAY AND EXPEDITED BRIEFING SCHEDULE