UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: 213-394-7979
Facsimile: 213-529-1027
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>    Defendants. | CASE NO. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**REQUEST FOR STATUS CONFERENCE RE INTERVENOR PARTICIPATION** |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs LA ALLIANCE FOR HUMAN RIGHTS, *et al.*, hereby request a status conference to gain clarity on Intervenors' role and participation in pending litigation against the County of Los Angeles.

Plaintiffs filed this case against both the City of Los Angeles and the County of Los Angeles on March 20, 2020. (Compl., ECF No. 1.) Seven days later, Intervenors Orange County Catholic Worker submitted an Ex Parte Application to Intervene (ECF No. 16) which was granted by the court the following day on March 18, 2020. (Order at 6, ECF No. 18 ("The Court finds that the Applicant Intervenor has met the requirements for intervention as of right as this action has a significant potential to

directly impact the consent decree in *OCCW*, over which this Court has continuing jurisdiction.".) Also on March 18, 2020, Intervenors LA CAN and Los Angeles Catholic Worker ("LACW") citing Plaintiffs' criticism of the *Mitchell* settlement—and Intervenors' desire to defend that settlement—as the basis for their significant protectable interest. (LA CAN Ex Parte Appl. 6:18-7:2, ECF No. 25.)  The same day, March 18, 2020, the court granted LA CAN and LACW's application to intervene. (Order at 6-7, ECF No. 29 ("The Court finds that LA CAN and LACW have meet [sic] the standard for intervention as of right, as this litigation has significant potential to impact the settlement reached in the *Mitchell* case.".).)  Neither intervention applications were accompanied by complaints-in-intervention or alternatively requests to participate as defendants.  Indeed, none of the intervenors were granted party status as one side or another.

Now, over three years later, the litigation has changed significantly.  The City of Los Angeles is no longer a party to the case, having settled and been dismissed over a year ago.  (Order, ECF No. 445.)  The case is currently pending against the County of Los Angeles only.  (Pls.' Second Am. & Suppl. Compl. ("SASC"), ECF 454.)  The claims in the Second Amended Complaint against the County only, have nothing to do with enforcement of laws or the *Mitchell* case.   The County of LA explicitly disclaims any enforcement right or ability within the City of Los Angeles and Plaintiffs do not challenge that fact.  Moreover, the *Mitchell* settlement is no longer at issue at all, having expired in 2022.  (*Carl Mitchell v. City of Los Angeles*, Case No. 16-cv-01750, Stipulated Order of Dismissal, ECF No. 119.)   And none of the current claims are likely to have a significant effect on the OCCW settlement reached in 2019 because none of the claims are similar, dealing only with failure to provide housing, shelter, services, and treatment.

An applicant seeking intervention as of right must show that: (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter,

1   impair or impede the applicant's ability to protect its interest; (3) the application is

2   timely; and (4) the existing parties may not adequately represent the applicant's

3   interest.  *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998).  "An applicant

4   generally satisfies the 'relationship' requirement only if the resolution of the

5   plaintiff's claims actually will affect the applicant." *Id.* at 410.  *See also Greene v.*

6   *United States,* 996 F.2d 973, 976–78 (9th Cir.1993) (an applicant lacked a

7   "significant protectable interest" in an action when the resolution of the plaintiff's

8   claims would not affect the applicant directly and "the Tulalip's interest in preserving

9   the favorable effects of *stare decisis* is too speculative to warrant intervention.").

10  Additionally, "an applicant has a 'significant protectable interest' in an action if (1) it

11  asserts an interest that is protected under some law, and (2) there is a 'relationship'

12  between its legally protected interest and the plaintiff's claims."  *In re Est. of*

13  *Ferdinand E. Marcos Hum. Rts. Litig.*, 536 F.3d 980, 984 (9th Cir. 2008) (citation

14  omitted).  An interest is sufficient if resolution of a plaintiff's claims "actually will

15  affect the applicant." *United States v. City of Los Angeles*, 288 F.3d 391, 398–99 (9th

16  Cir. 2002) (citation omitted).[1]

17       Plaintiffs claims to relief in the Second Amended Complaint are all predicated

18  on the County's failure to provide shelter, housing, services, and treatment.  No

19  intervenors claim an interest against shelter, housing, services, or treatment, yet

20  Intervenors act only as defendants, not plaintiffs.  *Oregon Prescription Drug*

21

22  _____

23       [1] Though the Court granted all Intervenors intervention as-of-right, intervenors
    LA CAN and LACW also sought permissive intervention under Federal Rule of Civil
24  Procedure 24(b).  "[A] district court has discretion to permit intervention when the
    movant presents '(1) an independent ground for jurisdiction; (2) a timely motion; and
25  (3) a common question of law and fact between the movant's claim or defense and the
    main action.'" *Callahan v. Brookdale Senior Living Cmties., Inc.*, 42 F.4th 1013,
26  1022 (9th Cir. 2022) (citations omitted).  "'Even if an applicant satisfies those
    threshold requirements, the district court has discretion to deny permissive
27  intervention.' In exercising its discretion, the district court must consider whether
    intervention will unduly delay the main action or will unfairly prejudice the existing
28  parties." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021) (citations omitted),
    *cert. denied sub nom. San Bernardino Cnty. Dist. Att'y v. Cooper*, 143 S. Ct. 287
    (2022)

1  *Monitoring Program v. U.S. Drug Enf't Admin.*, 860 F.3d 1228, 1234–35 (9th Cir.

2  2017) ("[T]hreatened injury must be *certainly impending* to constitute injury in fact,

3  and . . . [a]llegations of *possible* future injury are not sufficient.") (citations omitted).

4  　　　While Intervenors' participation and interest may have been logical and

5  reasonable previously, while *Mitchell* was active and the City of Los Angeles was

6  still a party, it is now unclear what—if any—legally protectible interest exists.  *See,*

7  *e.g. United States v. City of Los Angeles*, 288 F.3d 391, 399 (9th Cir. 2002) ("When

8  the potential scope of an action is narrowed by amended pleadings or court orders, or

9  when an existing party expressly and unequivocally disclaims the right to seek certain

10  remedies, the court may consider the case as restructured rather than on the original

11  pleadings in ruling on a motion to intervene.")  Plaintiffs request the court revisit its

12  previous ruling permitting LA CAN, LACW, and OCCW intervene as an undefined

13  party rather than a more appropriate role as amici to the court.

14  　　　To the extent the Court intends to keep LACW, LA CAN, and OCCW as

15  intervenors, Plaintiffs request direction from the court regarding the basis for

16  intervention and limits of participation in discovery and trial.  "The district court's

17  discretion, at least under Rule 24(b), to grant or deny an application for permissive

18  intervention includes discretion to limit intervention to particular issues." *Van*

19  *Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974), *decision supplemented,*

20  503 F.2d 1131 (9th Cir. 1974).

22  DATED:  June 22, 2023          Respectfully submitted,

24  　　　　　　　　　　　　By: */s/ Elizabeth A. Mitchell*
　　　　　　　　　　　　　　UMHOFER, MITCHELL & KING LLP
25  　　　　　　　　　　　　Elizabeth A. Mitchell
　　　　　　　　　　　　　　Matthew Donald Umhofer

26  　　　　　　　　　　　　*Attorneys for Plaintiffs*