Carol A. Sobel (SBN 84483)
**LAW OFFICE OF CAROL A. SOBEL**
725 Arizona Avenue
Santa Monica, CA 90401
Tel:  (310) 393-3055
Email: carolsobel@aol.com

Catherine Sweetser (SBN 271142)
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**

9415 Culver Blvd.
Culver City, CA 90232
Tel:  (310) 396-0731
Email: catherine.sdshhh@gmail.com

Shayla R. Myers (SBN 264054)
**LEGAL AID FOUNDATION OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel:  (213) 640-3983
Email: smyers@lafla.org

Attorneys for Intervenors Los Angeles Community Action Network
and Los Angeles Catholic Worker

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al. | **CASE NO. 20-CV-02291-DOC-KES** |
|       Plaintiff(s), | Assigned to the Hon. David O. Carter Courtroom 1 |
|       v. | **INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT** |
| City of Los Angeles, et. al. | |
|       Defendant(s). | |

1                                            *Case No. 20-CV-02291-DOC-KES*

*Additional Counsel*

Brooke Weitzman (SBN 301037)
William Wise **(**SBN 109468)
**ELDER LAW AND DISABILITY RIGHTS CENTER**
1535 E. 17th Street, Suite 110
Santa Ana, California 92705
Tel:  (714) 617–5353
Email: bweitzman@eldrcenter.org
Email: bwise@eldrcenter.org

*Attorneys for Orange County Catholic Worker*

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

Intervenors Los Angeles Community Action Network, Los Angeles Catholic Worker, and Orange County Catholic Worker answer the Second Amended and Supplemental Complaint filed by Plaintiffs and assert affirmative defenses as follows:

### Introduction

1.      Intervenors admit that "hundreds of millions of dollars have poured into Los Angeles through federal and state pandemic relief," and that the "devastation on the streets and the impact . . . on unhoused communities ha[s] only gotten worse."  Paragraph 1 otherwise contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 1, and therefore denies those allegations on that basis.

2.      Paragraph 2 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 2, and therefore deny those allegations on that basis.

3.      Paragraph 3 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 3, and therefore deny those allegations on that basis.

4.      Paragraph 4 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors admit that the Point-in-Time count numbers for 2020 show that showed "66,436 persons experiencing homelessness in Los Angeles County (a rise of 12.7 percent from 2019), 41,290 of whom live in the City of Los Angeles (16.1 percent increase).  This is in addition to 12 and 14 percent

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

respective increases from the year before." Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 4, and therefore deny those allegations on that basis.

5. Paragraph 5 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 5, and therefore deny those allegations on that basis.

6. Paragraph 6 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 6, and therefore deny those allegations on that basis.

7. Paragraph 7 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 7, and therefore deny those allegations on that basis.

8. Paragraph 8 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 8, and therefore deny those allegations on that basis.

9. Paragraph 9 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 9, and therefore deny those allegations on that basis.

10. Paragraph 10 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 10, and therefore deny those allegations on that

basis.

11. Paragraph 11 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors admit that the cost of housing has soared in Los Angeles over the past several decades, that the population of people experiencing homelessness has increased, and that long-term solutions have been in short supply. Intervenors also admit that basic hygiene services have been in short supply at homeless encampments. Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 11, and therefore deny those allegations on that basis.

12. Paragraph 12 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and therefore deny those allegations on that basis.

13. Paragraph 13 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and therefore deny those allegations on that basis.

14. Paragraph 14 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 14, and therefore deny those allegations on that basis.

15. Paragraph 15 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 15, and therefore deny those allegations on that basis.

16.   Paragraph16 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors admit that people living on the streets and in their cars have no regular access to sanitation facilities. Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16, and therefore deny those allegations on that basis.

17.   Paragraph 17 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17, and therefore deny those allegations on that basis.

18.   Paragraph 18 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 18, and therefore deny those allegations on that basis.

19.   Paragraph 19 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and therefore deny those allegations on that basis.

20.   Paragraph 20 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny

the allegations in Paragraph 20, and therefore deny those allegations on that basis.

21. Paragraph 21 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and therefore deny those allegations on that basis.

### Jurisdiction

22. Paragraph 22 contains legal conclusions, arguments, and characterizations to which no response is required.

23. Paragraph 23 contains legal conclusions, arguments, and characterizations to which no response is required.

24. Paragraph 24 contains legal conclusions, arguments, and characterizations to which no response is required.

### General Allegations

25. Paragraph 25 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 25.

26. Paragraph 26 contains legal conclusions, arguments, and characterizations to which no response is required.

27. Paragraph 27 contains legal conclusions, arguments, and characterizations to which no response is required.

### Factual Allegations

28. Paragraph 28 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 28, and therefore deny those allegations on that

basis.

29.     Paragraph 29 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information about the allegations as pled by Plaintiffs to admit or deny the allegations in Paragraph 29, and therefore deny those allegations on that basis.

30.     Paragraph 3 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information about the allegations as pled by Plaintiffs to admit or deny the allegations in Paragraph 30, and therefore deny those allegations on that basis.

31.     Paragraph 3 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information about the allegations as pled by Plaintiffs to admit or deny the allegations in Paragraph 31, and therefore deny those allegations on that basis.

32.     Paragraph 32 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors admit that the City settled *Jones v. City of Los Angeles* in 2006.  Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 31, and therefore deny those allegations on that basis.

33.     Paragraph 33 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors admit that the Ninth Circuit upheld an injunction in *Lavan v. City Los Angeles* in 2012.  Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 32, and therefore deny

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

those allegations on that basis.

34.     Paragraph 34 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors admit that the City entered into a settlement in the case *Mitchell v. City of Los Angeles* in 2019. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 34, and therefore deny those allegations on that basis.

35.     Paragraph 35 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Paragraph 35 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 35, and therefore deny those allegations on that basis.

36.     Paragraph 36 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 36, and therefore deny those allegations on that basis.

37.     Paragraph 37 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 37, and therefore deny those allegations on that basis.

38.     Paragraph 38 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors admit that the DTLA 2040 Plan was recently approved by

the Planning Commission and the City Council and was supported by Intervenor LA CAN and other groups. Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 38, and therefore deny those allegations on that basis.

39. Paragraph 39 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors admit that the lack of affordable housing is one of the drivers of homelessness. Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 39, and therefore deny those allegations on that basis.

40. Paragraph 40 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 40, and therefore deny those allegations on that basis.

41. Paragraph 41 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 41, and therefore deny those allegations on that basis.

42. Paragraph 42 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 42, and therefore deny those allegations on that basis.

43. Paragraph 43 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is

required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 43, and therefore deny those allegations on that basis.

44. Paragraph 44 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 44, and therefore deny those allegations on that basis.

45. Paragraph 45 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 45, and therefore deny those allegations on that basis.

46. Intervenors admit that homelessness can have a significant detrimental impact on the physical and mental health of people experiencing homelessness. Otherwise, Intervenors lack sufficient knowledge or information to admit or deny the specific allegations in Paragraph 46, and therefore deny those allegations on that basis.

47. Paragraph 47 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 47, and therefore deny those allegations on that basis.

48. Paragraph 48 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 48, and therefore deny those allegations on that

*Case No. 20-CV-02291-DOC-KES*

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

basis.

49. Paragraph 49 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors admit that a study conducted by the RAND corporation that Housing for Health showed that there was a decline in the cost of providing health care to individuals enrolled in the program. Otherwise, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 49, and therefore deny those allegations on that basis.

50. Paragraph 50 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 50, and therefore deny those allegations on that basis.

51. Paragraph 51 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 51, and therefore deny those allegations on that basis.

52. Paragraph 52 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 52, and therefore deny those allegations on that basis.

53. Paragraph 53 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 53, and therefore deny those allegations on that

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

basis.

54.     Paragraph 54 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 54, and therefore deny those allegations on that basis.

55.     Paragraph 55 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 55, and therefore deny those allegations on that basis.

56.     Paragraph 56 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 56, and therefore deny those allegations on that basis.

57.     Paragraph 57 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 57, and therefore deny those allegations on that basis.

58.     Paragraph 58 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 58, and therefore deny those allegations on that basis.

59.     Paragraph 59 contains legal conclusions, arguments, and

*Case No. 20-CV-02291-DOC-KES*

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 59, and therefore deny those allegations on that basis.

60. Paragraph 60 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 60, and therefore deny those allegations on that basis.

61. Paragraph 61 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 61, and therefore deny those allegations on that basis.

62. Paragraph 62 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 62, and therefore deny those allegations on that basis.

63. Paragraph 63 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 63, and therefore deny those allegations on that basis.

64. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 64, and therefore deny those allegations on that basis.

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

65.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 65, and therefore deny those allegations on that basis.

66.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 66, and therefore deny those allegations on that basis.

67.     Paragraph 67 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 67, and therefore deny those allegations on that basis.

68.     Paragraph 68 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 68, and therefore deny those allegations on that basis.

69.     Paragraph 69 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 69, and therefore deny those allegations on that basis.

70.     Paragraph 70 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 70, and therefore deny those allegations on that basis.

71.     Paragraph 71 contains legal conclusions, arguments, and

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 71, and therefore deny those allegations on that basis.

72. Paragraph 72 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72, and therefore deny those allegations on that basis.

73. Paragraph 73 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors admit that "Plaintiffs filed this case in March, 2020 [sic]." Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73, and therefore deny those allegations on that basis.

74. Paragraph 74 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 74, and therefore deny those allegations on that basis.

75. Paragraph 75 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 75, and therefore deny those allegations on that basis.

76. Paragraph 76 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 76, and therefore deny those allegations on that basis.

77.    Intervenors admit that according to the Homeless Mortality Report, deaths among people experiencing homelessness have surged 56 percent compared to the year before.  Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 77, and therefore deny those allegations on that basis.

78.    Paragraph 78 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 78, and therefore deny those allegations on that basis.

79.    Paragraph 79 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent an answer is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79, and therefore deny those allegations on that basis.

80.    Paragraph 80 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 80, and therefore deny those allegations on that basis.

## The Parties

81.    Paragraph 81 and subparts a-j contain legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Intervenors lack sufficient knowledge or information to admit or

deny the allegations in Paragraph 81 and subparts a-j, and therefore deny those allegations on that basis.

82.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 82 and therefore deny those allegations on that basis.

83.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 83 and therefore deny those allegations on that basis.

84.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 84 and therefore deny those allegations on that basis.

85.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 85 and therefore deny those allegations on that basis.

86.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 86 and therefore deny those allegations on that basis.

87.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 87 and therefore deny those allegations on that basis.

88.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 88 and therefore deny those allegations on that basis.

89.     Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 89 and therefore deny those allegations on that basis.

90.     Intervenors lack sufficient knowledge or information to admit or

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

deny the allegations in Paragraph 90 and therefore deny those allegations on that basis.

91.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 91 and therefore deny those allegations on that basis.

92.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 91 and therefore deny those allegations on that basis.

93.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 93 and therefore deny those allegations on that basis.

94.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 94 and therefore deny those allegations on that basis.

95.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 95 and therefore deny those allegations on that basis.

96.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 96 and therefore deny those allegations on that basis.

97.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 97 and therefore deny those allegations on that basis.

98.    Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 98 and therefore deny those allegations on that basis.

99.    Intervenors lack sufficient knowledge or information to admit or

deny the allegations in Paragraph 99 and therefore deny those allegations on that basis.

100. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 100 and therefore deny those allegations on that basis.

101. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 101 and therefore deny those allegations on that basis.

102. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 102 and therefore deny those allegations on that basis.

103. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 103 and therefore deny those allegations on that basis.

104. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 104 and therefore deny those allegations on that basis.

105. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 105 and therefore deny those allegations on that basis.

106. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 106 and therefore deny those allegations on that basis.

107. Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 107 and therefore deny those allegations on that basis.

108. Intervenors lack sufficient knowledge or information to admit or

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

deny the allegations in Paragraph 108 and therefore deny those allegations on that basis.

109.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 109 and therefore deny those allegations on that basis.

110.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 110 and therefore deny those allegations on that basis.

111.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 111 and therefore deny those allegations on that basis.

112.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 112 and therefore deny those allegations on that basis.

113.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 113 and therefore deny those allegations on that basis.

114.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 114 and therefore deny those allegations on that basis.

115.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 115 and therefore deny those allegations on that basis.

116.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 116 and therefore deny those allegations on that basis.

117.   Intervenors lack sufficient knowledge or information to admit or

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

deny the allegations in Paragraph 117 and therefore deny those allegations on that basis.

118.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 118 and therefore deny those allegations on that basis.

119.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 119 and therefore deny those allegations on that basis.

120.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 120 and therefore deny those allegations on that basis.

121.   Paragraph 121 contains legal conclusions, arguments, and characterizations to which no response is required.

## Causes of Action

122.   Paragraph 122 contains legal conclusions, arguments, and characterizations to which no response is required.

123.   Paragraph 123 contains legal conclusions, arguments, and characterizations to which no response is required.

124.   Paragraph 124 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent the paragraph requires a response, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 124 and therefore deny those allegations on that basis.

125.   Paragraph 125 contains legal conclusions, arguments, and characterizations to which no response is required.

126.   Paragraph 126 contains legal conclusions, arguments, and characterizations to which no response is required.

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

127.   Paragraph 127 contains legal conclusions, arguments, and characterizations to which no response is required.

128.   Paragraph 128 contains legal conclusions, arguments, and characterizations to which no response is required.

129.   Paragraph 129 contains legal conclusions, arguments, and characterizations to which no response is required.

130.   Paragraph 130 contains legal conclusions, arguments, and characterizations to which no response is required.

131.   Paragraph 131 contains legal conclusions, arguments, and characterizations to which no response is required.

132.   Paragraph 132 contains legal conclusions, arguments, and characterizations to which no response is required.

133.   Paragraph 133 contains legal conclusions, arguments, and characterizations to which no response is required.

134.   Paragraph 134 contains legal conclusions, arguments, and characterizations to which no response is required.

135.   Paragraph 135 contains legal conclusions, arguments, and characterizations to which no response is required.

136.   Paragraph 136 contains legal conclusions, arguments, and characterizations to which no response is required.

137.   Paragraph 137 contains legal conclusions, arguments, and characterizations to which no response is required.

138.   Paragraph 138 contains legal conclusions, arguments, and characterizations to which no response is required.

139.   Paragraph 139 contains legal conclusions, arguments, and characterizations to which no response is required.

140.   Paragraph 140 contains legal conclusions, arguments, and

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

characterizations to which no response is required.

141.   Paragraph 141 contains legal conclusions, arguments, and characterizations to which no response is required.

142.   Paragraph 142 contains legal conclusions, arguments, and characterizations to which no response is required.

143.   Paragraph 143 contains legal conclusions, arguments, and characterizations to which no response is required.

144.   Paragraph 144 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent the paragraph requires a response, Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 144 and therefore deny those allegations on that basis.

145.   Paragraph 145 contains legal conclusions, arguments, and characterizations to which no response is required.

146.   Intervenors admit that Measure H was promoted as complimentary to the City's Proposition HHH, and passed by the electorate to address the homelessness crisis.  Intervenors otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 146 and therefore deny those allegations on that basis.

147.   Intervenors lack sufficient knowledge or information to admit or deny the allegations in Paragraph 147 and therefore deny those allegations on that basis.

148.   Paragraph 148 contains legal conclusions, arguments, and characterizations to which no response is required.

149.   Paragraph 149 contains legal conclusions, arguments, and characterizations to which no response is required.

150.   Paragraph 150 contains legal conclusions, arguments, and

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT

characterizations to which no response is required.

151.   Paragraph 151 contains legal conclusions, arguments, and characterizations to which no response is required.

152.   Paragraph 152 contains legal conclusions, arguments, and characterizations to which no response is required.

153.   Paragraph 153 contains legal conclusions, arguments, and characterizations to which no response is required.

154.   Paragraph 154 contains legal conclusions, arguments, and characterizations to which no response is required.

155.   Paragraph 155 contains legal conclusions, arguments, and characterizations to which no response is required.

156.   Paragraph 156 contains legal conclusions, arguments, and characterizations to which no response is required.

157.   Paragraph 157 contains legal conclusions, arguments, and characterizations to which no response is required.

158.   Paragraph 158 contains legal conclusions, arguments, and characterizations to which no response is required.

159.   Paragraph 159 contains legal conclusions, arguments, and characterizations to which no response is required.

160.   Paragraph 160 contains legal conclusions, arguments, and characterizations to which no response is required.

161.   Paragraph 161 contains legal conclusions, arguments, and characterizations to which no response is required.

162.   Paragraph 162 contains legal conclusions, arguments, and characterizations to which no response is required.

163.   Paragraph 163 contains legal conclusions, arguments, and characterizations to which no response is required.

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

164. Paragraph 164 contains legal conclusions, arguments, and characterizations to which no response is required.

165. Paragraph 165 contains legal conclusions, arguments, and characterizations to which no response is required.

166. Paragraph 166 contains legal conclusions, arguments, and characterizations to which no response is required.

167. Paragraph 167 contains legal conclusions, arguments, and characterizations to which no response is required.

168. Paragraph 168 contains legal conclusions, arguments, and characterizations to which no response is required.

## Prayer for Relief

1. Paragraph 1 contains legal conclusions, arguments, and characterizations to which no response is required.

2. Paragraph 2 contains legal conclusions, arguments, and characterizations to which no response is required.

3. Paragraph 3 contains legal conclusions, arguments, and characterizations to which no response is required.

4. Paragraph 4 contains legal conclusions, arguments, and characterizations to which no response is required.

## AFFIRMATIVE DEFENSES

Intervenors hereby plead the following separate and additional defenses:

### First Defense

Plaintiffs' complaint is barred to the extent Plaintiffs' claims are not ripe for review.

### Second Defense

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

Plaintiffs' complaint fails to state a claim on which relief can be granted.

### Third Defense

Plaintiffs' complaint is barred to the extent Plaintiffs' claims are moot.

### Fourth Defense

Plaintiffs lack standing to assert their claims.

### Fifth Defense

Plaintiffs' claims should be dismissed based on Plaintiffs' waiver.

### Sixth Defense

Plaintiffs' claims are barred by the doctrine of estoppel.

### Seventh Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Eighth Defense

Plaintiffs' claims should be dismissed under the doctrine of unclean hands.

### Ninth Defense

Plaintiffs' damages, to the extent they exist, were not the result of actions or inactions alleged in the complaint.

### Tenth Defense

Plaintiffs' claims are barred by the doctrine of avoidable consequences.

### Eleventh Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct was not unlawful.

### Twelfth Defense

Intervenors assert all other defenses, to the extent applicable, that are raised by defendants and therefore incorporate them by reference here.

### Reservation of Additional Defenses

Intervenors reserve their right to delete, add, or otherwise modify any and all other defenses that may apply to the complaint that are now or may become available in this action through amendment to the complaint, discovery, factual

27                                    *Case No. 20-CV-02291-DOC-KES*

development, or further investigation and analysis during the pendency of this action.

## PRAYER FOR RELIEF

Intervenors therefore pray judgment be entered as follows:

1. Plaintiffs take nothing by reason of their complaint;
2. The complaint be dismissed with prejudice;
3. Intervenors recover its costs of suit, including attorneys' fees;
4. Intervenors be awarded such other and further relief as the Court deems just and proper.

**Dated: July 13, 2023**                    **Respectfully submitted,**
Legal Aid Foundation of Los Angeles

_____/s/ Shayla Myers_____
Attorneys for Intervenors

Schonbrun Seplow Harris Hoffman & Zeldes  LLP

_____/s/ Catherine Sweetser_____
Attorneys for Intervenors

Law Office of Carol A. Sobel

_____/s/ Carol A. Sobel_____
Attorneys for Intervenors

Elder Law and Disability Rights Center

_____/s/ Brooke Weitzman_____
Attorneys for Intervenors

INTERVENORS' ANSWER TO PLAINTIFFS' SECOND AMENDED
AND SUPPLEMENTAL COMPLAINT