Matthew Donald Umhofer (SBN 206607)
matthew@umklaw.com
Elizabeth A. Mitchell (SBN 251139)
elizabeth@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

Attorneys for Plaintiffs

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

[*Additional counsel continued on following page.*]

**FILED**
CLERK, U.S. DISTRICT COURT

07/27/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ kdu _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>          Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**JOINT STATEMENT RE: DISCOVERY DISPUTE**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

626759.4

[*Additional counsel continued from previous page.*]

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446
Attorneys for Defendant
COUNTY OF LOS ANGELES

JOINT STATEMENT RE: DISCOVERY DISPUTE

Plaintiff LA Alliance for Human Rights ("LA Alliance" or "Plaintiff") and Defendant County of Los Angeles (the "County") hereby submit this Joint Statement regarding a discovery dispute:

### PLAINTIFFS' POSITION

LA Alliance seeks communications to or from LA County Supervisors and senior staff (including directors of Department of Mental Health, Public Health, Health Services, Homelessness Initiative, and Chief Executive Office) on matters directly relevant to this case including homelessness, mental health, substance use disorder, mental health and substance use disorder bed capacity, full service partnerships, CalAIM requirements, and Mental Health Services Act (MHSA). (Pls.' Request for Production Nos. 1-4, 6, Exhibit A.)  County of LA has refused to produce any communications, objecting to every request with an identical objection:

> Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to,

JOINT STATEMENT RE: DISCOVERY DISPUTE

HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery.  Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . referencing" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

(Defs.' Resp. to Requests for Production 1-4, 6, Exhibit B.)

LA Alliance seeks immediate Court direction on this issue, to enable the parties to move forward expeditiously with discovery.  After meeting and conferring, the County objects primarily based on the deliberative process privilege and the "Apex Witness" doctrine.  As a preliminary matter, the Apex Witness doctrine is applicable only to prevent or protect <u>depositions</u> of high ranking officials, not prevent the production of highly relevant documents.  *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843, 2021 WL 10282213, at \*10 (N.D. Cal. Nov. 14, 2021) (collecting cases declining to apply "Apex Witness" doctrine to the production of documents and ordering same).  To the extent the Court finds that the "Apex Witness" doctrine is applicable, the same analysis as

the "deliberative process privilege" should apply because the documents are relevant for the same reasons.

To establish whether the deliberative process privilege applies, Courts decide (1) whether "the document or testimony [is] predecisional—i.e., it must have been generated before the adoption of a policy or decision" and (2) "the document or testimony [is] deliberative in nature, containing opinions, recommendations, or advice about ... policies or decisions." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1121 (N.D. Cal. 2003). "[C]ommunications made after the decision and designed to explain it" are not privileged." *FTC v. Warner Commc'ns.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Further, "[p]urely factual material that does not reflect deliberative processes is not protected," though, factual material that "is so interwoven with the deliberative material that it is not severable" is protected. *Id*.

"The burden of establishing application of the privilege is on the party asserting it," and "[e]ven if established, the privilege is strictly confined within the narrowest possible limits consistent with the logic of its principles." *N. Pacifica*, 274 F. Supp. 2d at 1122. Further, "even if established, the privilege can be overcome because it is a qualified privilege; that is, a litigant may obtain deliberative materials or information if his or her need for the materials or information and the need for accurate fact-finding override the government's interest in non-disclosure." *Id*. (citations omitted). "In deciding whether the qualified deliberative process privilege should be overcome, a court may consider the following factors: (1) the relevance of the evidence; (2) the availability of other evidence, (3) the government's role in the litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *See id*. Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in

the enforcement of federal law." *Id*. "In every case, the desirability of accurate fact finding weighs in favor of disclosure." *Id*. at 1124. Further, if the Plaintiff's cause of action is directed at the government's intent or the government is not simply collateral to the purpose of the suit, a Court will likely not allow the government to use the privilege as a shield. *See id.* (citing to *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422 (D.C.Cir.1998) (explaining that "[t]he privilege was fashioned in cases where the governmental decisionmaking process is collateral to the plaintiff's suit; adding that [i]f the plaintiff's cause of action is directed at the government's intent, ... it makes no sense to permit the government to use the privilege as a shield").

The County has failed to meet its burden to establish that any communications—particularly *all* communications—are subject to the deliberative process privilege. The communications containing factual information and post-deliberative content must be disclosed immediately. Even if the County had met its burden on the remaining communications (those subject to true deliberative process privilege objections), the qualified privilege is straightforwardly overcome. The communications to and from Board Supervisors and Senior Staff, including agency heads, are relevant because they have direct, personal factual knowledge pertaining to material issues in the case and such documents are crucial to determine the government's intent. In particular, said communications are relevant to the "deliberate indifference" and "shocks the conscience" standards applicable to Plaintiffs' Due Process claims, including (i) what the board members and senior staff knew at the time they made certain decisions and (ii) recommendations that were made to them that they chose to follow or not follow. These communications are also relevant to the Alliance's Government Waste claims (Cal. Civ. Proc. Code § 526a) insofar as they may demonstrate whether the policymakers were aware that their policies were failing yet continued to pursue them, knowingly wasting billions of dollars. No other evidence, including from "non-Apex" witnesses, will provide

the foundation for what the Supervisors and the Senior Staff knew or understood to be true at the time decisions and policies were set. All other factors weigh in favor of disclosure: the county is the only remaining defendant and not a tangential party, disclosure of such communications should not hinder future discussions, and society's and litigant's interest in accurate fact finding in this case, a matter of incredible importance, is high. And the possibility of direct government misconduct in willfully turning a blind eye to the death and devastation on the streets cannot be ignored. We ask this Court order immediately disclosure of all requested communications as attached hereto.

### DEFENDANT'S POSITION

Plaintiff has not shown that its sweeping Requests for Production ("RFPs") seek relevant information—let alone sufficient, *unique*, *first-hand*, relevant information that *cannot be ascertained from another source* to overcome the well-settled "apex witness" doctrine and deliberative process privilege, or the County's other objections. Plaintiff has not tried to meet this burden: it initiated this dispute before it even received the County's document production. (Exh. C [Declaration of J. Tokoro ¶ 8].) The County invited Plaintiff to narrow the RFPs before coming to court; Plaintiff offered no proposals. The Court should deny this fishing expedition.

I.   **PLAINTIFF IS NOT ENTITLED TO APEX COMMUNICATIONS ESPECIALLY BEFORE ALL OTHER DISCOVERY**

Plaintiff aimed its first RFPs at the County's highest officials: Supervisors, Chiefs of Staff and Homelessness Deputies, the Chief Executive Officer, the Homeless Initiative's Executive Director, and Department heads. Plaintiff does not dispute these are "apex" witnesses. *E.g.*, *Est. of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 525–26 (E.D. Cal. 2017). Instead, Plaintiff argues that the apex doctrine applies to depositions only. Not so.

The apex doctrine is derivative of F.R.C.P. 26(c), which authorizes a protective order to shield a party from "annoyance, embarrassment, oppression, or

undue burden or expense" caused by a discovery request of any kind.  Discovery from high ranking officials is inherently burdensome because they "have greater duties and time constraints than other witnesses," *Lull v. Cty. of Sacramento*, 2020 WL 3412708, at *1 (E.D. Cal. June 22, 2020), and such discovery "creates a tremendous potential for abuse or harassment." *Levingston*, 320 F.R.D. at 525; *accord Lull*, 2020 WL 3412708, at *1.  For this reason, courts commonly preclude both apex depositions and document collections unless the information is not available from any other source.  *See*, *e.g.*, *Lutzeier v. Citigroup Inc.*, 2015 WL 430196, at *6–7 (E.D. Mo. Feb. 2, 2015) (denying request to add executives as custodians for failure to show "that these high level executives have unique or personal knowledge of the subject matter that warrants their information"); *Harris v. Union Pacific Railroad Co.*, 2018 WL 2729131, at *1 (D. Neb. June 6, 2018) (there was not "a sufficient showing that [CEO's documents were] necessary and not cumulative of other materials").  An exception to this rule exists only when the propounding party shows that each apex official has (1) firsthand, non-repetitive knowledge of key factual matters in dispute, and (2) Plaintiff has exhausted all less burdensome means of discovery.  *Levingston*, 320 F.R.D. at 525.

Plaintiff cannot carry this burden.  As to the first prong, Plaintiff claims that the RFPs seek communications regarding "matters directly relevant to this case."  Even if that were true, Plaintiff fails to demonstrate that *only* these officials have relevant information.  They don't.  Plaintiff did not correspond with the apex government officers, nor can Plaintiff trace any purported injuries to interactions with these officials.  Indeed, the breadth of the RFPs at issue belie Plaintiff's argument.  Plaintiff seeks, *inter alia*, "ALL DOCUMENTS and COMMUNICATIONS" sent or received by the apex officials over five years "referencing" mental health or substance use disorders and PEH or homelessness (RFPs 1 and 2) or "relating to" funding services for PEH/homelessness in any way (RFP 3).  Two of the RFPs have nine sub-parts *each* (RFPs 4 and 6).  One calls for

JOINT STATEMENT RE: DISCOVERY DISPUTE

all communications "relating to" the City and PEH/homelessness (RFP 13).  It defies logic that the most senior County officials are the *only* individuals from whom these sweeping categories of information can be obtained.  Where, as here, "there is no showing the high-ranking official has relevant and personal knowledge about the facts at issue," courts "infer[]" that a party's discovery is for the improper "purpose to harass or annoy."  *Levingston*, 320 F.R.D. at 527.

Moreover, the internal deliberations and communications sought by Plaintiff's RFPs are not relevant to Plaintiffs' claims, which are predicated on alleged official action or inaction by "the County" as an entity (such as setting policy prerogatives or approving funding expenditures).  What matters is the official "execution." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

The irrelevancy of these documents dovetails with the second prong of the apex test.  The existing record (including public communications by or between the apex personnel targeted by the RFPs) is already fulsome and includes transcripts; agendas for Board, Executive Office, and Departmental meetings; presentations; correspondence between the Departments and the Board; and more.  (Exh. C ¶¶ 3–7.)  The apex doctrine prevents Plaintiff from leap-frogging to the head of County government without making any effort to gain documents from non-apex sources. *See Vargas v. Cty. of Los Angeles, et al.*, 2020 WL 10052399, at *1 (C.D. Cal. June 4, 2020) (quashing deposition of individual officer and advising plaintiff to "[i]n the meantime...serve...a Rule 30(b)(6) notice" to the County); *Church of Scientology of Bos. v. I.R.S.*, 138 F.R.D. 9, 13 (D. Mass. 1990) (apex doctrine warrants protective order when plaintiff offers only "general assertions" that information is otherwise unattainable).  That Plaintiff's first RFPs are directed *solely* at high-ranking officials (and without regard to other discovery) is fatal.  *Levingston*, 320 F.R.D. at 525–26 ("The history of the propounding party's efforts to obtain the information through other discovery, or lack of such efforts, can shed considerable light on whether the party is seeking the apex [discovery] for appropriate purposes.").

## II.    THE REQUESTED COMMUNICATIONS ARE PRIVILEGED

The disputed communications are also exempt from disclosure by the deliberative process privilege, which protects "not only the mental processes by which a given decision was reached, but the substance of conversations, discussions, debates, deliberations and like materials reflecting advice, opinions, and recommendations by which government policy is processed and formulated." *Citizens for Open Gov't v. City of Lodi*, 205 Cal. App. 4th 296, 305 (2012); *accord NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

Plaintiff admits this is precisely what its RFPs seek to uncover: "what" the apex officials knew and when, as well as "recommendations that were made to them that they chose to follow or not follow." (*Supra* at 6.) Producing "all communications" as requested would divulge the County's deliberative process entirely; it would reveal the "conversations, discussions, debates, [and] deliberations" that led the County to make certain decisions with respect to homelessness. *See San Joaquin Cty. Local Agency Formation Comm'n v. Superior Court*, 162 Cal. App. 4th 159, 172 (2008). Therefore, the privilege applies.[1]

Plaintiff makes no showing that it has a particularized need for each piece of privileged material responsive to its broad and invasive RFPs that outweighs the strong interest in non-disclosure. *See Warner*, 742 F.2d at 1161. The fact that Plaintiff challenges the County's intent does not alter (nor, standing alone, satisfy) this requirement. *Vietnam Veterans of Am. v. C.I.A.*, 2011 WL 4635139, at *10 (N.D. Cal. Oct. 5, 2011) (declining to adopt a categorical rule that the deliberative process privilege is inapplicable when plaintiffs challenge intent, and explaining that the issue of "intent is properly considered as a factor in the substantial need

---

[1] Contrary to Plaintiff's claim (*supra* at 6), the timing of the communication is not dispositive. Documents reflecting pre-decisional deliberations are protected by the privilege even if they post-date the decision at issue. *Sears*, 421 U.S. at 152 n.19; *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 981 (9th Cir. 2009).

10

analysis" and applying the balancing test for each category of withheld documents). And it is error to "conduct[] a single deliberative process privilege analysis covering all withheld documents," particularly given the sheer breadth of materials covered by the RFPs. *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019).

Plaintiff's reliance on *North Pacifica* is also unavailing. For one, the court affirmed the deliberative process privilege protects the decision making of government actors in most instances. *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). The court also emphasized the propounding party's burden of showing the unavailability of comparable evidence. *Id.* at 1125. The court concluded that the immunity was overcome in that case because the plaintiff claimed that the *specific* city councilpersons who were the subject of the requested discovery had discriminated against *that plaintiff* in approving an *identified project*, which the court found placed the government's decision-making at issue. Even so, the court strictly limited the scope of the plaintiff's inquiry to the objective manifestations of the decision-making process and stated that, in most cases, the official record about the government's action should suffice. *Id.* Unlike the plaintiff in *North Pacifica*, Plaintiff seeks discovery from apex officials with no direct involvement in Plaintiff's claims, Plaintiff has not exhausted alternative sources of discovery, and the official public record is extensive and sufficient.

## III. THE COUNTY'S OTHER OBJECTIONS ARE WELL-FOUNDED

Plaintiff does not respond to the County's other objections; namely, that the RFPs seek discovery far beyond what the Federal Rules permit. It is telling that Plaintiff's "position" ignores the RFPs entirely. A district court "*must* limit the frequency or extent of discovery" if "the proposed discovery is outside the scope permitted." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). Under Rule 26, relevancy alone is not enough; the discovery requested must be *proportional* to the needs of the case. This requirement "is designed to avoid…sweeping discovery that is untethered to the claims and defenses in litigation"—the precise problem posed by

the RFPs.  *Vargas v. Cty. of Los Angeles*, 2020 WL 4032671, at *2 (C.D. Cal. May 11, 2020).  Moreover, Rule 34(b)(1)(A) requires the propounding party to "describe with reasonable particularity each item or category of items to be inspected."  Plaintiff's RFPs do not meet that standard, instead seeking "all documents" and internal communications broadly "referencing" dozens of broad topics.  This is a classic fishing expedition, and the quantum of work required is not even closely outweighed by the value of the material sought.  (*See* Exh. D [Declaration of K. Huynh].)  Plaintiff's motion to compel should be denied.

DATED:  July 24, 2023          UMHOFER, MITCHELL & KING LLP


                               By:  s/ Elizabeth A. Mitchell
                                    ELIZABETH A. MITCHELL
                                    Attorneys for Plaintiffs


DATED:  July 24, 2023          MILLER BARONDESS, LLP


                               By:  s/ Jason H. Tokoro
                                    JASON H. TOKORO
                                    Attorneys for Defendant
                                    COUNTY OF LOS ANGELES

JOINT STATEMENT RE: DISCOVERY DISPUTE

# Exhibit A

UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: 213-394-7979
Facsimile: 213-529-1027
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, *et al.*, <br><br> Defendants. | CASE NO. 2:20-CV-02291-DOC-KES <br><br> Assigned to Judge David O. Carter <br><br> **PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE** |

PROPOUNDING PARTY:        LA Alliance for Human Rights

RESPONDING PARTY:        County of Los Angeles

SET. NO.:        One

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rules 34-1, 34-2, and 34-3 of the United States District Court of the Central District of California, LA Alliance for Human Rights ("Plaintiff") hereby requests that Defendant the County of Los Angeles ("County" or "Defendant") respond to the following requests for production of documents fully and separately, in writing and under oath, and deliver such responses no later than thirty (30) days from the date of service of these requests

1

for production of documents  (the "Requests"), at the offices of Umhofer, Mitchell & King LLP, 767 S. Alameda St., Suite 270, Los Angeles, CA 90021, or at such other place as agreed upon by counsel.

**DEFINITIONS**

1.      The term "COUNTY" refers to the County of Los Angeles, as well as employees, agents, attorneys, or any other person or entity acting or purporting to act on its behalf.

2.      The terms "MENTAL HEATH" and "MENTAL HEALTH SERVICE" and "MENTAL HEALTH SERVICES" refers to assessment, diagnosis, treatment, counseling, or medication education and management offered in private, public, inpatient, or outpatient settings for the maintenance of mental health or the treatment of mental disorders.

3.      The term "MENTAL HEALTH BED" or "MENTAL HEALTH BEDS" refers to a physical bed in a "clinical" or "licensed" facility designed to assist an individual with MENTAL HEALTH SERVICES including but not limited to inpatient, crisis, acute, subacute, and long term care residential facilities.

4.      The term "SUBSTANCE USE DISORDER" refers to a chronic diseases characterized by a problematic pattern of use of a substance or substances leading to impairments in health, social function, and control over substance use, as defined by the Center for Disease Control and Prevention.

5.      The term "SUBSTANCE USE DISORDER SERVICES" refers to assessment, diagnosis, treatment, counseling or medication education and management offered in private, public, inpatient, or outpatient settings for the treatment of SUBSTANCE USE DISORDER.

6.      The term "SUBSTANCE USE DISORDER BED" or "SUBSTANCE USE DISORDER BEDS" refers to a physical bed in a "clinical" or "licensed" facility designed to assist an individual or groups of individuals with SUBSTANCE USE DISORDER SERVICES.

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

7.    The term "DOCUMENT" "DOCUMENTS" shall be construed as broadly as Federal Rules of Civil Procedure 26 and 34 permit and shall include, but not be limited to, any and all documents, electronically stored information, communications, and/or tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, data, and data compilations, stored in any medium from which information can be obtained.  The term "document" shall include not only originals but also any drafts, copies, reproductions, and portions of any document.

8.    The term "COMMUNICATION" or "COMMUNICATIONS" refers to the transmittal of documents or information by any medium, including but not limited to emails, text messages (all phones in possession of the individual, including personal and County-owned), audio recording, video recording, correspondence, letters, facsimiles, and direct messages via any online portal or website.

9.    The term "SENIOR STAFF" refers to LA County Supervisor chiefs of staff, LA County Supervisor homelessness deputies, the Chief Executive Officer, Executive Director of the Homelessness Initiative, Director of the Department of Mental Health, Director of the Department of Public Health, and Director of Health Services.

10.    The term "PEH" references one or more person experiencing homelessness as defined in 42 U.S.C. §11302.

11.    The term "HOMELESSNESS' references the topic of homelessness or the experience of a PEH, as "homeless" is defined in 42 U.S.C. § 11302.

12.    The term "WHISTLEBLOWER" references any person who reports waste, fraud, abuse, corruption, or health and safety dangers to someone who is in the position to rectify the wrongdoing.  The term "WHISTLEBLOWER COMPLAINTS" refers to all complaints by COUNTY employees made to supervisors or other individuals within or outside the COUNTY who is the position to rectify the wrongdoing.

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

13.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of documents all responses that might otherwise be construed to be outside their scope.

14.     The term "describe" means to state with particularity all material information pertaining to the subject matter of the request.

15.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

16.     If the request does not specify a date range, the default date range to be requested is from 2018 to the present.

17.     The term "electronically stored information" encompasses electronic information and data stored on or obtainable from any medium, including, but not limited to, computers, computer servers, magnetic or other back-up tapes, hard drives, Internet websites or webpages, laptops, cellular phones, smart phones/PDAs, iPads or other tablet computers, electronic reading devices, hard drives, hard disks, floppy disks, flash drives, USB storage devices, CD-ROMs, zip drives, memory sticks or memory cards, computer chips, cloud storage, FTP storage, and any other type of physical, remote, or other storage.

## **INSTRUCTIONS**

1.     In producing DOCUMENTS and other materials in response to this document request, YOU are requested to furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by YOU or YOUR partners, agents, employees, representatives, subsidiaries, affiliates or investigators, or by YOUR attorneys or their agents, employees or investigators.

2.     The Responding Parties shall produce the original of each DOCUMENT described below or, if the original is not available, then a copy thereof; and in any event also all non-identical copies which differ from the original or from the other copies produced for any reason, including the making of notes thereon (on either the front or back of the DOCUMENT), and drafts.  A DOCUMENT also shall be considered non-

4

identical and must be produced if it was kept in a different file from another copy of the same DOCUMENT (which otherwise was identical).  For example, and including without limitation, if the same DOCUMENT was kept in the usual course of business in the files of two different corporate directors then both copies must be produced even if they were otherwise identical.

3.      All DOCUMENTS produced shall be bound or stapled in the same manner as the original.

4.      All DOCUMENTS shall be produced as they are kept in the usual course of business or the DOCUMENTS shall be organized and labeled to correspond to the categories in the requests.

5.      DOCUMENTS shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

6.      Production shall include the title or the like however denominated of the file, folder, binder, cover or container (or the like however denominated) in which the DOCUMENTS were kept in the ordinary course of business.

7.      In your response to each request, identify by Bates Number, including prefix, or otherwise the identity of the person, department, branch, division or office from whose files the DOCUMENT(S) are being produced.

8.      The fact that a DOCUMENT has been or shall be produced by one party or entity does not relieve any other party or entity from the obligation to produce his, her or its copy of the same DOCUMENT, even if the two DOCUMENTS are identical in all respects.

9.      Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), Defendant requests that the electronically stored information responsive to these Requests be produced as single-page TIFF image files, in an electronic format, and accompanied by an IPRO Image.  LFP load file or other generally acceptable load file format.  The fully extracted text (or, where not available, an accompanying OCR file) should be included and produced at a document level named by the Bates number of the first page of the

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

document.  All available metadata shall also be produced in a generally acceptable format.  Excel spreadsheets, other spreadsheet-like files, audio files, video files, and any other data not readable in or conformable to a single-page TIFF format shall be produced in native format.  If you object to the requested forms of production of electronically stored information set forth herein, state the form or forms of production of electronically stored information that you intend to use.

These DOCUMENTS shall be produced with an accompanying index, to the extent one exists, that lists:

- Beg doc # - DOCUMENT first Bates number;
- End doc # - DOCUMENT last Bates number;
- Secondary begin doc # - First Bates number of unit;
- Secondary end doc # - End Bates number of unit (last page of last attachment to DOCUMENT);
- Owner- Name of person whose files the DOCUMENT comes from;
- DOCUMENT date - date of file;
- File size - number of bytes in the file;
- File name - name of the file;
- DOCUMENT type - DOCUMENT type;
- DOCUMENT title - re: line of DOCUMENT;
- Author - Author;
- Recipient - recipients;
- Cc - carbon copies; and
- bcc - blind carbon copies.

10.    All other DOCUMENTS shall be produced in searchable PDF format to the extent they are available, or can be made available, in that format.

11.    All electronic mail shall be provided in native e-mail format (e.g., .pst, .nsf, .xls, and .doc), with metadata, with the following fields combined in an accompanying index:

6

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

- Owner - Name of person whose e-mail file or other e-files are being provided;
- File Name - Name of file;
- File Date - Date of file; and
- File Size - Size of file.

12.    For responses which require a search of electronically stored information, responding party shall include the search terms used to obtain responsive DOCUMENTS.

13.    For those paper DOCUMENTS which have been created digitally but executed with a hand-written signature or physical seal, then both the digital version and the signed paper copy should be produced.

14.    YOU are instructed to produce each DOCUMENT in response to this DOCUMENT request in its entirety, without deletion or excision, regardless of whether you consider the entire DOCUMENT to be relevant or responsive.  If any requested DOCUMENT cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT, or portion of that DOCUMENT, is being withheld, and the reason that DOCUMENT or portion is being withheld.

15.    If YOU object to any request in this DOCUMENT request on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response to the request as narrowed to conform to YOUR objection within the period allowed for a response and to state in YOUR responses: (1) how YOU narrowed the request, and (2) the reason why YOU claim the request is overly broad.

16.    If YOU assert any claim of privilege, whether attorney-client, work-product or otherwise, in objecting to any of the DOCUMENT requests herein, and withhold any responsive DOCUMENT pursuant to that objection, identify each DOCUMENT by providing the date, title, recipient(s), author(s) and a brief description of the DOCUMENT including, but not limited to, the type of DOCUMENT and its subject.

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

17.     If a DOCUMENT responsive to a DOCUMENT request has been destroyed or discarded, identify the DOCUMENT in the same manner in which the privileged DOCUMENTS are to be identified as stated above.

18.     If no DOCUMENTS responsive to a particular DOCUMENT request exist or are within YOUR possession, custody, or control, YOU must so state in YOUR response to the request.

19.     This request is continuing so as to require supplemental production pursuant to Rule 26(a) of the FRCP.  If YOU discover, obtain possession of, or create, varying or additional DOCUMENTS responsive to the request between the time of the original response and the time set for trial, notice of such supplemental DOCUMENTS and copies thereof shall be served on PLAINTIFF'S counsel no later than thirty days after the discovery of any such DOCUMENTS, but in no event later than one week before the first day of trial.

20.     To the extent Responding Party believes a Protective Order is necessary to produce any document under any request herein, Responding Party shall immediately inform Requesting Party describing the basis or need for such an order.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing MENTAL HEALTH SERVICES and PEH or HOMELESSNESS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing SUBSTANCE USE DISORDER in any way and PEH or HOMELESSNESS.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS to or from Board Supervisors or SENIOR STAFF from 2018 to present relating to FUNDING services for

HOMELESSNESS or PEH, including for MENTAL HEALTH and SUBSTANCE USE DISORDER SERVICES.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to MENTAL HEALTH BEDS available to the COUNTY, including but not limited to:

- The need for additional beds.
- The number of beds in the COUNTY or otherwise available to the COUNTY that are occupied or unoccupied from 2018 to the present.
- The number of beds available to the COUNTY which are unoccupied.
- The number of beds available to the COUNTY which are occupied.
- The number of beds available to the COUNTY occupied by PEH.
- The number of additional beds needed to assist PEH.
- The number of additional beds requested by LAHSA, the City of Los Angeles, or any other government-sponsored organization conducting outreach to PEH within the City or County of Los Angeles.
- The loss or addition of any beds; and
- The efforts to build or otherwise procure additional beds.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied.
- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles which are occupied.
- MENTAL HEALTH BEDS in or otherwise available to the COUNTY of Los Angeles which are unoccupied.

9

- PEH whom have been assessed, require a MENTAL HEALTH BED, but for whom no MENTAL HEALTH BED is available.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, including but not limited to:

- The need for additional beds.
- The number of beds in the COUNTY or otherwise available to the COUNTY in each calendar year from 2018 to the present that are occupied or unoccupied.
- The number of beds available to the COUNTY which are unoccupied.
- The number of beds available to the COUNTY which are occupied.
- The number of beds available to the COUNTY occupied by PEH.
- The number of additional beds needed to assist PEH.
- The number of additional beds requested by Los Angeles Homeless Services Agency ("LAHSA") or any other outreach organization.
- The loss or addition of any beds; and
- The efforts to build or otherwise procure additional beds.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied;
- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are occupied;
- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are unoccupied;

10

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

- PEH whom have been assessed, require a SUBSTANCE USE DISORDER BED, but for whom no SUBSTANCE USE DISORDER BED is available.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS relating to MENTAL HEALTH and MEASURE H FUNDING, including but not limited to:

- Requests to use Measure H funding for any MENTAL HEALTH SERVICE.
- Denials of any requests to use Measure H funding for any MENTAL HEALTH SERVICE.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS relating to Mental Health Services Act (hereinafter "MHSA") and Full Service Partnerships ("FSPs"), including but not limited to:

- The number of FSP applications.
- The number of FSPs that have been granted, dispersed, accepted or otherwise in use or active.
- The number of FSPs that have been denied, declined, refused, or otherwise not in use or not active.
- The need for additional FSPs
- The percentage of MHSA funds used for FSPs.
- FSPs needed or used for or by PEH.
- The need to increase FSP funding to meet MHSA requirements.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to demonstrate the current amount of funds in any MHSA account, including both encumbered or unencumbered dollars. For this purpose "encumbered" describes funds which have been dedicated or otherwise allocated but not yet spent.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS and COMMUNICATIONS relating to unspent MHSA

11

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

funds in each fiscal year for the last ten years.  "Unspent MHSA funds" includes all funds which have been or will be reverted or used or otherwise rolled over to the following fiscal year.

**REQUEST FOR PRODUCTION NO. 12:**

ALL non-privileged COMMUNICATIONS and DOCUMENTS relating to the LA ALLIANCE case.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS and COMMUNICATIONS to or from any Board Supervisor or SENIOR STAFF relating to the CITY OF LOS ANGELES and HOMELESSNESS or PEH.

**REQUEST FOR PRODUCTION NO. 14:**

ALL WHISTLEBLOWER COMPLAINTS related to MENTAL HEALTH or SUBSTANCE USE DISORDER and HOMELESSNESS or PEH.

**REQUEST FOR PRODUCTION NO. 15:**

ALL complaints that have been received by COUNTY Supervisor field offices since 2018 to the present relating to PEH.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS related to LAHSA and City of Los Angeles ENCAMPMENT ENGAGEMENT EFFORTS.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS related to outreach efforts to PEH in need of MENTAL HEALTH SERVICES and the resolution of those efforts or engagements.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities ("Board and Care") beds for people experiencing homelessness in need of MENTAL HEALTH SERVICES or SUBSTANCE USE DISORDER SERVICES.

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS to or from the COUNTY Blue Ribbon Commission on Homelessness regarding MENTAL HEALTH, SUBSTANCE USE DISORDER, MENTAL HEALTH SERVICES, or SUBSTANCE USE DISORDER SERVICES.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS related to the report dated October 29, 2019 titled "Addressing the Shortage of Mental Health hospital Beds: Board of Supervisors Motion Response" by Jonathan Sherin, (Former) Director of the Department of Mental Health, including all updates, addendums, supplements, and appendices thereto.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to reflect all vacant property owned by the COUNTY, including:

- Parcels which have been offered for PEH shelter or housing which have not been utilized
- Parcels which have not been offered for PEH shelter or housing

For this purpose "vacant" refers to land which is currently unoccupied by any individual for living or working purposes, even if said land currently has one or more structures on the land which are not being currently utilized for living or working purposes.

Dated: May 26, 2023                    Respectfully submitted,

                                       /s/ Elizabeth A. Mitchell
                                       UMHOFER, MITCHELL & KING LLP
                                       Matthew Donald Umhofer
                                       Elizabeth A. Mitchell

                                       *Attorneys for Plaintiffs*

13

# Exhibit B

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **DEFENDANT COUNTY OF LOS ANGELES' RESPONSES AND OBJECTIONS TO PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

620103

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

PROPOUNDING PARTY:   LA ALLIANCE FOR HUMAN RIGHTS

RESPONDING PARTY:     COUNTY OF LOS ANGELES

SET NO.:                          ONE (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Central District of California Local Rule 34-2, Defendant County of Los Angeles ("Responding Party" or the "County") hereby responds and objects to Plaintiff LA Alliance for Human Rights' ("Propounding Party" or "Plaintiff") First Set of Requests for Production of Documents (the "Requests") as follows:

**PRELIMINARY STATEMENT**

This Preliminary Statement applies to all responses that Responding Party may hereafter make to the Requests.  Responding Party's responses are made without waiving, or intending to waive, but on the contrary, expressly reserving: (1) the right to object on any and all proper grounds to the use of these responses in any other action; (2) the right to object on any and all proper grounds to the admissibility of these responses; (3) the right to object on any and all proper grounds to any other discovery procedure involving or relating to the subject matter of the Requests; (4) the right at any time to revise, correct, add to, or clarify any of these responses; and (5) the right to amend or supplement these responses in the event that documents are unintentionally omitted or are subsequently identified during the course of the parties' ongoing discovery efforts.

Responding Party has made an effort to respond to the Requests, to the extent they call for information that is not otherwise privileged or objectionable, as Responding Party understands and interprets them.  If Propounding Party subsequently asserts a different interpretation, Responding Party reserves the right to supplement Responding Party's responses. The fact that Responding Party has responded or objected to any Request or part thereof may not be taken as an admission that Responding Party admits the existence of any fact set forth in or

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

2

assumed by such Request or that such a response constitutes relevant or material evidence. No implied admissions whatsoever are intended by these responses.

Responding Party has included the objections herein because Propounding Party's Requests, as phrased, are subject to those objections. Propounding Party should not assume that any documents exist that would have been produced absent any particular objection or that any agreement to produce documents means that in fact any such documents exist. To the extent Responding Party has responded to any Request by stating that it will produce "all" documents responsive to the described category, Responding Party agrees only to exercise reasonable diligence in locating documents that are responsive to the Request. Moreover, unless otherwise stated, any response stating that Responding Party will produce "documents" includes "communications" reduced to documentary form that are in Responding Party's possession, custody, or control.

Responding Party's responses to these Requests are based upon facts presently known to Responding Party following a diligent search and a reasonable inquiry in response to these Requests. Responding Party's investigation and discovery, including the review of Responding Party's own files, are continuing and Responding Party may subsequently learn additional facts and uncover additional documents in Responding Party's possession. Responding Party reserves the right to rely upon all such evidence as may become available during the course of discovery and trial preparation and to use the same at trial or otherwise in this action. However, Responding Party undertakes no duty to supplement Responding Party's responses beyond the requirements in the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS AND**

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following General Objections apply to all the Requests and Propounding Party's Definitions and Instructions, and are incorporated by this reference into each and every response hereinafter stated as if set forth in full therein.

3

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

A.      Responding Party objects to the Requests on the grounds, and to the extent, that they call for information: (i) that is protected by any privilege or protection, including, without limitation, the attorney-client privilege, the deliberative process privilege, and the attorney work-product doctrine; (ii) that was prepared in anticipation of litigation; (iii) that is a trade secret or confidential or proprietary information; and/or (iv) that is otherwise protected from disclosure under any statutory or common law.  Inadvertent production or disclosure of any such information and/or documents is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information and/or document, or with respect to the subject matter thereof. Nor shall such inadvertent production or disclosure waive Responding Party's right to object to the use of any such information and/or document during this action or in any other proceeding.  Responding Party claims all such privileges and invokes all such protections.

B.      Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that contains confidential and/or private information of a third party, or the confidential and/or private information of Responding Party, or the joint confidential and/or private information of Responding Party and a third party.

C.      Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that is equally available to Propounding Party or is in the public record, because such requests are unduly burdensome and oppressive and cause Responding Party unnecessary burden and expense.

D.      Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that is not within Responding Party's possession, custody, or control.

E.      Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that is neither relevant to the subject matter of the

4

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

pending proceedings nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.    Responding Party objects to the Requests on the grounds, and to the extent, that they are designed to cause undue annoyance, harassment or oppression.

G.    Responding Party objects to the Requests on the grounds, and to the extent, that they are overly broad as to the subject matter, time or otherwise.

H.    Responding Party objects to the Requests on the grounds, and to the extent, that they are vague or ambiguous, or both and, as such, would require Responding Party to speculate as to the meaning of the Requests.

I.    Responding Party objects to the Requests on the grounds, and to the extent, that they seek discovery of expert witness information or documents outside of the scope of or before the time specified by the Federal Rules of Civil Procedure.

J.    Responding Party objects to the Requests as unduly burdensome on the grounds that they seek a voluminous number of documents and provide for a limited timeframe in which to respond to the Requests, which is inadequate to allow Responding Party to conduct a diligent search and reasonable inquiry for responsive documents, and properly review for responsiveness, confidentiality, and privilege. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will produce responsive documents, if any, by July 17, 2023 or, as the Requests are continuing in nature, within a reasonable time of discovering additional non-privileged documents responsive to the Requests.

K.    Responding Party objects to the Requests to the extent they purport to require the County to respond to the Requests "under oath" on the grounds that it exceeds the obligations of Federal Rule of Civil Procedure 34, which does not require the verification of responses and objections to requests for production.

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

L. Responding Party objects to the Requests as vague to the extent they use terms that are capitalized but undefined in the Requests. For purposes of these responses, Responding Party gives capitalized but undefined terms their ordinary meaning. If Propounding Party subsequently asserts a different interpretation, Responding Party reserves the right to supplement Responding Party's responses.

M. Responding Party objects to the definition of "COUNTY" as vague on the ground that Propounding Party's definition is inconsistent with Propounding Party's use of "COUNTY" within other definitions as well as the Requests. Responding Party further objects to the definition of "COUNTY" as overbroad, on the ground that Propounding Party's definition purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34(a)(1) by requiring Responding Party to search for and produce documents in the possession, custody, or control of person(s) other than Responding Party, including documents subject to attorney-client privilege and the attorney work product doctrine. For purposes of these responses, Responding Party construes "COUNTY" as referring to Responding Party the County of Los Angeles, a defendant in this case. Pursuant to Federal Rule of Civil Procedure 34, Responding Party will only produce responsive documents, if any, that are non-privileged, within its possession, custody, or control, and can be located in the exercise of reasonable diligence.

N. Responding Party objects to the definition of "COMMUNICATION" and "COMMUNICATIONS" on the grounds that it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34(a)(1) by requiring Responding Party to search for and produce documents in the possession, custody, or control of person(s) other than Responding Party. Pursuant to Federal Rule of Civil Procedure 34, Responding Party will only produce responsive documents, if any, that are non-privileged, within its possession, custody, or control, and can be located in the exercise of reasonable diligence.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

6

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

O.　Responding Party objects to the definition of "MENTAL HEALTH SERVICES" as overbroad and vague on the ground that Propounding Party's definition includes multiple sub-categories, each of which is susceptible to differing, subjective determinations, and many of which are not relevant to the claims and defenses asserted in this case.

P.　Responding Party objects to the definition of "SUBSTANCE USE DISORDER SERVICES" as overbroad and vague on the ground that Propounding Party's definition includes multiple sub-categories, each of which is susceptible to differing, subjective determinations, and many of which are not relevant to the claims and defenses asserted in this case.

Q.　Responding Party objects to the definitions of "WHISTLEBLOWER" and "WHISTLEBLOWER COMPLAINTS" as vague and ambiguous to the extent that they are susceptible to differing, subjective determinations and lack sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.

R.　Responding Party objects to Instruction No. 1 to the extent it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34(a)(1).  Pursuant to Federal Rule of Civil Procedure 34, Responding Party will only produce responsive documents, if any, that are non-privileged, within its possession, custody, or control, and can be located in the exercise of reasonable diligence.  The fact that Responding Party has responded to any Request or part thereof may not be taken as an admission that documents in (or believed by Plaintiffs to be in) the possession, custody, or control of Responding Party's "partners, agents, employees, representatives, subsidiaries, affiliates or investigators," or Responding Party's "attorneys or their agents, employees or investigators," are in Responding Party's possession, custody, or control.

S.　Responding Party objects to Instruction No. 2 to the extent it calls for the production of "the original" responsive document(s), if available, on the grounds

7

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.  Propounding Party's definition of "DOCUMENT" includes electronically stored information.  To the extent Responding Party produces any electronically stored information in response to the Requests, Responding Party will produce copies thereof.  Responding Party further objects to Instruction No. 2 to the extent it uniformly calls for duplicative copies of the same documents on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 26 and 34, which limits the scope of discovery to nonprivileged matters relevant to any party's claim or defense and proportional to the needs of the case.  The production of identical documents is not proportional to the needs of the case.

T.    Responding Party construes Instruction Nos. 3, 5, and 6 as applying only to the inspection or production of documents available solely in non-electronic form.

U.    Responding Party objects to Instruction No. 7 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

V.    Responding Party objects to Instruction No. 9 as unduly burdensome to the extent it calls for an "index" on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

W.    Responding Party objects to Instruction No. 9 as unduly burdensome to the extent it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34 and the capabilities of the standard document management system utilized by counsel for Responding Party. Responding Party further objects to Instruction No. 9 as vague to the extent that "[a]ll available metadata" is not defined in the Requests.  Responding Party will produce responsive ESI, if any, in .TIFF format with a .DAT and .OPT file along

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

with the production.  Spreadsheets and other documents not conformable to .TIFF format shall be produced in native form.

X.      Responding Party objects to Instruction No. 10 as vague on the grounds that it is inconsistent with Instruction No. 9.

Y.      Responding Party objects to Instruction No. 11 as vague on the grounds that it is inconsistent with Instruction No. 9, and as unduly burdensome to the extent it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34 and the capabilities of the standard document management system utilized by counsel for Responding Party.  Responding Party will produce responsive e-mails, if any, in accordance with its objection to Instruction No. 9.

Z.      Responding Party objects to Instruction No. 12 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34, and calls for information protected from discovery by attorney-client privilege or work product protection.

AA.    Responding Party objects to Instruction No. 13 to the extent it uniformly calls for duplicative copies of the same documents on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 26 and 34, which limits the scope of discovery to nonprivileged matters relevant to any party's claim or defense and proportional to the needs of the case.  The production of otherwise identical documents is not proportional to the needs of the case.

BB.    Responding Party objects to Instruction No. 15 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

CC.    Responding Party objects to Instruction No. 17 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

9

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

These responses are submitted subject to, and without waiving or intending to waive, the Preliminary Statement and Objections set forth herein.

## SPECIFIC RESPONSES AND OBJECTIONS TO

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing MENTAL HEALTH SERVICES and PEH or HOMELESSNESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods.  *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA,

10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . referencing" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing SUBSTANCE USE DISORDER in any way and PEH or HOMELESSNESS.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the ground that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less

12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . referencing" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS to or from Board Supervisors or SENIOR STAFF from 2018 to present relating to FUNDING services for HOMELESSNESS or PEH, including for MENTAL HEALTH and SUBSTANCE USE DISORDER SERVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the ground that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

13

documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be

14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to MENTAL HEALTH BEDS available to the COUNTY, including but not limited to:

- The need for additional beds.

- The number of beds in the COUNTY or otherwise available to the COUNTY that are occupied or unoccupied from 2018 to the present.

- The number of beds available to the COUNTY which are unoccupied.

- The number of beds available to the COUNTY which are occupied.

- The number of beds available to the COUNTY occupied by PEH.

- The number of additional beds needed to assist PEH.

- The number of additional beds requested by LAHSA, the City of Los Angeles, or any other government-sponsored organization conducting outreach to PEH within the City or County of Los Angeles.

- The loss or addition of any beds; and

- The efforts to build or otherwise procure additional beds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to

16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied.

- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles which are occupied.

- MENTAL HEALTH BEDS in or otherwise available to the COUNTY of Los Angeles which are unoccupied.

- PEH whom have been assessed, require a MENTAL HEALTH BED, but for whom no MENTAL HEALTH BED is available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request.  Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17, 2023.

17

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, including but not limited to:

- The need for additional beds.

- The number of beds in the COUNTY or otherwise available to the COUNTY in each calendar year from 2018 to the present that are occupied or unoccupied.

- The number of beds available to the COUNTY which are unoccupied.

- The number of beds available to the COUNTY which are occupied.

- The number of beds available to the COUNTY occupied by PEH.

- The number of additional beds needed to assist PEH.

- The number of additional beds requested by Los Angeles Homeless Services Agency ("LAHSA") or any other outreach organization.

- The loss or addition of any beds; and

- The efforts to build or otherwise procure additional beds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks

18

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be

19

limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied;

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are occupied;

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are unoccupied;

- PEH whom have been assessed, require a SUBSTANCE USE DISORDER BED, but for whom no SUBSTANCE USE DISORDER BED is available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

20

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS relating to MENTAL HEALTH and MEASURE H FUNDING, including but not limited to:

- Requests to use Measure H funding for any MENTAL HEALTH SERVICE.

- Denials of any requests to use Measure H funding for any MENTAL HEALTH SERVICE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

21

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS relating to Mental Health Services Act (hereinafter "MHSA") and Full Service Partnerships ("FSPs"), including but not limited to:

- The number of FSP applications.

- The number of FSPs that have been granted, dispersed, accepted or otherwise in use or active.

- The number of FSPs that have been denied, declined, refused, or otherwise not in use or not active.

- The need for additional FSPs

- The percentage of MHSA funds used for FSPs.

- FSPs needed or used for or by PEH.

- The need to increase FSP funding to meet MHSA requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party

22

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to demonstrate the current amount of funds in any MHSA account, including both encumbered or unencumbered dollars. For this purpose "encumbered" describes funds which have been dedicated or otherwise allocated but not yet spent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS and COMMUNICATIONS relating to unspent MHSA funds in each fiscal year for the last ten years. "Unspent MHSA funds" includes all funds which have been or will be reverted or used or otherwise rolled over to the following fiscal year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

24

relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17, 2023.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 12:**

ALL non-privileged COMMUNICATIONS and DOCUMENTS relating to the LA ALLIANCE case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

25

and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS and COMMUNICATIONS to or from any Board Supervisor or SENIOR STAFF relating to the CITY OF LOS ANGELES and HOMELESSNESS or PEH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to

and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 14:**

ALL WHISTLEBLOWER COMPLAINTS related to MENTAL HEALTH or SUBSTANCE USE DISORDER and HOMELESSNESS or PEH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq*.), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq*.), and the Information Practices Act (Civil Code § 1798 *et seq*.). Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 15:**

ALL complaints that have been received by COUNTY Supervisor field offices since 2018 to the present relating to PEH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq*.), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq*.), and the Information Practices Act (Civil Code § 1798 *et seq*.). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected

29

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

to the extent it seeks "ALL complaints . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS related to LAHSA and City of Los Angeles ENCAMPMENT ENGAGEMENT EFFORTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

30

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . related to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Responding Party further objects to this Request to the extent that the phrase "ENCAMPMENT ENGAGEMENT EFFORTS" is not defined in the Requests, and the phrase is vague and ambiguous to the extent that it lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS related to outreach efforts to PEH in need of MENTAL HEALTH SERVICES and the resolution of those efforts or engagements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party

31

further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . related to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.

Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17, 2023.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities ("Board and Care") beds for people experiencing homelessness in need of MENTAL HEALTH SERVICES or SUBSTANCE USE DISORDER SERVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq*.), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq*.), and the Information Practices Act (Civil Code § 1798 *et seq*.).   Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . related to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Responding

33

Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS to or from the COUNTY Blue Ribbon Commission on Homelessness regarding MENTAL HEALTH, SUBSTANCE USE DISORDER, MENTAL HEALTH SERVICES, or SUBSTANCE USE DISORDER SERVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as

34

overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS related to the report dated October 29, 2019 titled "Addressing the Shortage of Mental Health hospital Beds: Board of Supervisors Motion Response" by Jonathan Sherin, (Former) Director of the Department of Mental Health, including all updates, addendums, supplements, and appendices thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information

35

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq*.), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq*.), and the Information Practices Act (Civil Code § 1798 *et seq*.). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to reflect all vacant property owned by the COUNTY, including:

- Parcels which have been offered for PEH shelter or housing which have not been utilized

- Parcels which have not been offered for PEH shelter or housing

For this purpose "vacant" refers to land which is currently unoccupied by any individual for living or working purposes, even if said land currently has one or more structures on the land which are not being currently utilized for living or working purposes.

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims or defenses asserted in this case because the County has no constitutional or statutory obligation to provide universal housing, so the existence of vacant property owned by the County (if any) does not make any fact of consequence in determining the action more or less probable than it would be without this evidence.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

DATED:  July 3, 2023                              MILLER BARONDESS, LLP


By: _____
     MIRA HASHMALL
     Attorneys for Defendant
     COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067.

On July 3, 2023, I served true copies of the following document(s) described as:

**DEFENDANT COUNTY OF LOS ANGELES' RESPONSES AND OBJECTIONS TO PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Miller Barondess, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address aransom@millerbarondess.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 3, 2023, at Los Angeles, California.

Angelica R. Ransom

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**SERVICE LIST**
*LA Alliance for Human Rights, et al. v. City of Los Angeles, et al.*
**Case No. 2:20-cv-02291**

<u>**BY MAIL AND E-MAIL**</u>

| | |
|---|---|
| Matthew D. Umhofer<br>Elizabeth A. Mitchell<br>UMHOFER, MITCHELL & KING LLP<br>767 South Alameda Street<br>Suite 270<br>Los Angeles, CA 90021 | Attorneys for Plaintiffs<br>*LA ALLIANCE FOR HUMAN RIGHTS, JOSEPH BURK, HARRY TASHDJIAN, KARYN PINSKY, CHARLES MALOW, CHARLES VAN SCOY, GEORGE FREM, GARY WHITTER and LEANDRO SUAREZ*<br><br>Telephone:  213-394-7979<br>Facsimile:    213-529-1027<br>Email: matthew@umklaw.com; elizabeth@umklaw.com; calendaring@umklaw.com; cara.arnold@umklaw.com |

<u>**BY E-MAIL ONLY**</u>

| | |
|---|---|
| Michael N. Feuer<br>*City Attorney*<br>Scott Marcus<br>*Chief Assistant City Attorney*<br>Arlene N. Hoang<br>*Deputy City Attorney*<br>Ryan Salsig<br>*Deputy City Attorney*<br>200 North Main Street<br>City Hall East, 6th Floor<br>Los Angeles, CA 90012 | Attorneys for Defendant<br>*CITY OF LOS ANGELES*<br><br>Telephone:  213-978-6952<br>Facsimile:    213-978-7011<br>Email: scott.marcus@lacity.org; arlene.hoang@lacity.org; jessica.mariani@lacity.org; ryan.salsig@lacity.org |
| Brooke Alyson Weitzman<br>William R. Wise<br>ELDER LAW AND DISABILITY RIGHTS CENTER<br>1535 East 17th Street<br>Suite 110<br>Santa Ana, CA 92705 | Attorneys for Intervenor<br>*ORANGE COUNTY CATHOLIC WORKER*<br><br>Telephone:  714-617-5353<br>Email: bweitzman@eldrcenter.org; bwise@eldrcenter.org |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**_BY E-MAIL ONLY_**

Paul L. Hoffman
Catherine E. Sweetser
SCHONBRUN SEPLOW HARRIS &
HOFFMAN, LLP
11543 West Olympic Boulevard
Los Angeles, CA 90064

Attorneys for Intervenors
_ORANGE COUNTY CATHOLIC
WORKER, LOS ANGELES
COMMUNITY ACTION NETWORK,
LOS ANGELES CATHOLIC WORKER
and CANGRESS_

Telephone:   310-396-0731
Facsimile:    310-399-7040
Email: hoffpaul@aol.com;
csweetser@sshhlaw.com

Carol A. Sobel
Weston C. Rowland
LAW OFFICE OF CAROL SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401

Attorneys for Intervenors
_LOS ANGELES COMMUNITY
ACTION NETWORK, LOS ANGELES
CATHOLIC WORKER, ORANGE
COUNTY CATHOLIC WORKER and
CANGRESS_

Telephone:   310-393-3055
Facsimile:    310-451-3858
Email: carolsobellaw@gmail.com;
rowland.weston@gmail.com

Shayla R. Myers
LEGAL AID FOUNDATION OF LOS
ANGELES
7000 South Broadway
Los Angeles, CA 90003

Attorneys for Intervenors
_LOS ANGELES COMMUNITY
ACTION NETWORK, LOS ANGELES
CATHOLIC WORKER and CANGRESS_

Telephone:   213-640-3983
Facsimile:    213-640-3988
Email: smyers@lafla.org

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

# EXHIBIT C

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **DECLARATION OF JASON TOKORO** |

627198.1

DECLARATION OF JASON TOKORO

# DECLARATION OF JASON TOKORO

I, Jason Tokoro, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with Miller Barondess, LLP, counsel of record for Defendant County of Los Angeles (the "County").  I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would competently testify to all of said facts.

2.      I received Plaintiff's first set of Requests for the Production of Documents ("RFPs") on or around May 26, 2023.

3.      In the two months since we received those requests, the County has already made two document productions to Plaintiff containing more than 42,000 pages of information in over individual 1,500 documents.

4.       This production contains a number of official communications involving the apex officials that are the subject of this discovery dispute.

5.      For example, the County has produced transcripts of meetings of the Board of Supervisors ("Board") as well as agendas, statements of proceedings, and Board motions.  These documents contain or reference materials that were available to the Supervisors for the County of Los Angeles before they vote on any actions.

6.      The County's production also contains copies of official communications submitted by the County Departments of Mental Health, Public Health, and/or Health Services to the Board, such as reports to the Board.

7.      The County makes similar documents available publicly on its websites as well as the websites of its Departments.  In the County's responses to Plaintiff's RFPs and the interrogatories it served contemporaneously, the County identified those websites for Plaintiff.

8.       Plaintiff initiated this dispute before receiving the County's production in response to Plaintiff's first set of RFPs.  This means Plaintiff could not have reviewed the County's production or analyzed whether the information it is seeking from apex witnesses could be ascertained from those documents.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

9.      Plaintiff has not yet taken a 30(b)(6) deposition of the County.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of July, 2023, at Los Angeles, California.

_____
Jason Tokoro

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

627198.1                                        3
DECLARATION OF JASON TOKORO

# EXHIBIT D

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

[*Additional counsel continued on following page.*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **DECLARATION OF KIET HUYNH** |

## DECLARATION OF KIET HUYNH

I, Kiet Huynh, declare as follows:

1.      I am an Information Technology ("IT") Manager for the County of Los Angeles ("County") Chief Executive Office ("CEO"). I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2.      I submit this declaration on behalf of the County to explain the efforts it would take to search for and collect emails and text messages from the County CEO.

3.      The County's enormous workforce is supported by multiple IT teams. I am an IT Manager for the County's CEO. Other County departments that are the subject of Plaintiff's requests have their own IT personnel.

4.      The County only maintains data on e-mail traffic to/from any County-issued e-mail addresses for individuals with an active account within the CEO for the prior six months.

5.      Based on my preliminary investigation, it is typical for the Chief Executive Officer and the Executive Director of the Homeless Initiative to send and receive over 5,000 e-mail messages a month each.

6.      Over the time period requested (2018–present), that is equivalent to approximately 300,000 e-mails per account.

7.      Since the volume of e-mail traffic varies over time, this number might even be under-inclusive.

8.      I would need to perform a comprehensive well-defined search; and review and analyze each e-mail in the individual's mailbox to ascertain the relevant e-mails responsive to the Plaintiff's requests.

HOA.104371121.2

2

DECLARATION OF KIET HUYNH

9.     Moreover, although I have some structured search capabilities, it would be extraordinarily challenging to locate responsive and relevant emails given the potential breadth of the subject matters offered by Plaintiff – homelessness, mental health, substance use disorder, mental health and substance use disorder bed capacity, full service partnerships, CalAIM requirements, and Mental Health Services Act (MHSA).

10.     Doing so, if it is even possible, would require me to divert my time or my staff's time away from the day-to-day workload for several weeks or months. During that time, there are no other personnel who could adequately cover my regular County work or my staff's work.

11.     This does not include the time spent for review of document relevancy, responsiveness, and privileges. It is my understanding that on information and belief the email account holder and/or counsel would have to devote further resources for this review.

12.     I do not have the capability to search through SMS text messages of County-issued phones.

13.     I do not have access to any data on e-mail traffic to/from any County-issued e-mail addresses for individuals in other departments, but it is my understanding that the Departments of Mental Health, Public Health, and Health Services are some of the County's largest departments. On information and belief, the volume of e-mail involved is likewise high.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of July, 2023, at Los Angeles, California.

Kiet Huynh

HOA.104371121.2

3

**DECLARATION OF KIET HUYNH**