**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-2291-DOC                                    Date:  August 2, 2023

Title: L.A. ALLIANCE ET AL. V. CITY OF LOS ANGELES ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   **ORDER RE: PLAINTIFFS' REQUESTS FOR PRODUCTION [603]**

Before the Court is the parties' joint statement ("Joint Statement") (Dkt. 603) regarding Plaintiff LA Alliance's Requests for Production ("RFPs") and Defendant County of Los Angeles's responses and objections ("Def.'s Resp."). Plaintiffs seek an order compelling Defendant to produce documents responsive to the RFPs. The Court construes the Joint Statement as a motion to compel under Fed. R. Civ. P. 37.

For reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the motion to compel.

## I.     Background

On March 10, 2020, Plaintiff LA Alliance for Human Rights et al. filed their complaint (Dkt. 1). On November 1, 2021, Plaintiffs filed their First Amended Complaint ("FAC") (Dkt. 361). On December 3, 2021, Defendants moved to dismiss the FAC (Dkts. 369, 370). On April 1, 2022, Plaintiffs and the City of Los Angeles filed a Notice of Settlement ("City Settlement") (Dkt. 408). After a series of hearings, the Court approved the City Settlement on June 14, 2023 (Dkt. 445). On July 15, 2022, Plaintiffs filed a

Case No. 2:20-cv-2291-DOC                                      Date: August 2, 2023
                                                                          Page 2

Second Amended Complaint ("SAC") (Dkt. 454). On September 16, 2022, Defendant County of Los Angeles filed their Notice of Settlement (Dkt. 467). On January 17, 2023, the Court held a hearing regarding the County's proposed settlement (Dkt. 518). The Court ultimately declined to retain jurisdiction to enforce the terms of the settlement.

Plaintiffs' SAC raised several causes of action. First, Plaintiffs asserted that Defendant County of Los Angeles is liable under California Government Code section 815.6 and the common law negligence theory "for violation of a statutorily mandated duty to provide mental health and medical care for the indigent and those eligible for Medi-Cal." *See* SAC ¶¶ 122-132.

Second, Plaintiffs assert that "the County, by its failure to provide the housing and services necessary to assist people experiencing homelessness . . . is perpetuating and facilitating nuisance violations." *Id.* ¶¶ 133-138. Third, Plaintiffs assert that the County's actions "in failing to treat those with mental illness and substance use disorder, and/or provide the necessary social services as required by law, have limited, damaged, and/or burdened the owners' property and/or business so substantially they rise to the level of a regulatory taking" in violation of both the California Constitution and United States Constitution. *See id.* ¶ 140; *id.* ¶¶ 163-68.

Fourth, Plaintiffs seek an order restraining the County from its continued "misuse[] and waste[]" of taxpayer funds under state law. *Id.* ¶¶ 142-148 (citing Cal. Civ. Proc. Code § 526a). Fifth, Plaintiffs assert that the County has deprived Plaintiffs of their liberty interest "in mandatory care" and failed "to offer or provide a reasonable means by which persons experiencing homelessness in need of such care may seek or receive it," thus violating the Due Process clause. *Id.* ¶ 153. Plaintiffs also allege that the County of Los Angeles and its respective agents acted "with deliberate indifference, and conscious and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff" and that its conduct was "all pursuant to policy, procedure, or customs." *Id.* ¶ 154. Additionally, according to Plaintiffs, "[t]he actions and inactions of the County of Los Angeles were known or should have been known to the policy makers responsible for that agency and occurred with deliberate indifference to the constitutional violations set forth above, and/or to the strong likelihood that constitutional rights would be violated as a result of its customs and/or policies." *Id.* ¶¶ 149-156. Finally, Plaintiffs assert that the County's actions "affirmatively created and/or increased the risk that Plaintiffs would be exposed to dangerous conditions," "created and/or contributed to the danger to them and others like them by adopting and maintaining various policies and laws, including but not limited to concentrating services in known dangerous areas, coalescing in a strategy to contain homeless people in Skid Row which specifically endangered Plaintiffs and were deliberately indifferent thereto." *Id.* ¶ 158.

On May 3, 2023, the County of Los Angeles filed a Motion to Dismiss (Dkt. 552), which the Court granted in part and denied and in part on June 29, 2023 (Dkt. 593). The

Court dismissed property-owner Plaintiffs' claim for violation of mandatory duty under California Welfare and Institution Code § 17000. (Dkt. 593) at 14.

On July 13, 2023, the County filed its Answer to Plaintiffs' Second Amended Complaint ("Answer") (Dkt. 596). On July 21, 2023, the parties filed a joint stipulation, setting forth a process by which discovery disputes were to be resolved (Dkt. 600), which the Court granted (Dkt. 601). On July 24, 2023, the parties submitted a joint statement regarding Plaintiffs' Requests for Production and Defendants' objections (Dkt. 602).

## II.     Legal Standard

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id*. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 34(a)(1), a party may serve on any other party requests, within the scope of Rule 26(b), to produce or permit inspection of, among other things, "(A) any designated documents or electronically stored information." Such requests "must describe with reasonable particularity each item or category of items to be inspected ... [and] must specify a reasonable time, place, and manner for the inspection ...." Rule 34(b)(1)(A), (B). The party responding to a request for production must, "[f]or each item or category, ... either state that inspection ... will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." *Bluestone Innovations LLC v. LG Elecs. Inc.*, No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013); *Net-Com Servs., Inc. v. Eupen Cable USA, Inc.*,

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                         Page 4

2012 WL 12888106, at *3 (C.D. Cal. Dec. 10, 2012) ("Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action." (citation omitted)). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." *Centeno v. City of Fresno*, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (internal quotation marks and citation omitted).

A party responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests. *Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015 WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015) (citing *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012)). "Use of an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information" may render a discovery request overbroad or unduly burdensome on its face." *Zakikhani v. Hyundai Motor Co.*, No. 820CV01584SBJDEX, 2022 WL 2189539, at *3 (C.D. Cal. May 12, 2022) (citation omitted).

## III.   Discussion

This discovery dispute concerns twenty-one (21) RFPs that Plaintiffs served on the County on May 3, 2023. *See* Set One of Pls.' RFPs, Ex. A to Joint Stmt. ("Pls.' RFPs") (Dkt. 602), 14-26. Among other things, the County seeks communications to or from LA County Supervisors and senior staff (including directors of Department of Mental Health, Public Health, Health Services, Homelessness Initiative, and Chief Executive Officer) on matters relating to, in general terms, homelessness, mental health, substance use disorder, and shelter bed capacity. The County submitted its responses to Plaintiffs' RFPs on July 3, 2023. *See* Def.'s Resp., Ex. B to Joint Stmt. (Dkt. 604), 28-67. For a number of RFPs, the County asserted that it "has already produced documents responsive to th[e] Request in its June 16, 2023 production of documents." *See* Def.'s Resp. to RFP Nos. 1-9, 13, and 17-20. For five RFPs, the County indicated that, "by agreement of the [p]arties," it will respond by July 17, 2023. *See* Def.'s Resp. to RFP Nos. 5, 7 11, 17.

The parties' submitted a Joint Statement on July 24, 2023, in which Plaintiffs sought "immediate Court direction" on the County's "refus[al] to produce any communications" responsive to the RFPs and challenged the County's assertion of an "identical objection" to each RFP. The County's objections include the attorney-client privilege, work product, "any other applicable privilege," the deliberative-process privilege, and the apex doctrine. Of those, Plaintiffs specifically challenge the applicability of the deliberative process privilege and the apex doctrine. Joint Statement at 3-4.

The County, for its part, asserts that Plaintiffs "initiated this dispute before it even received the County's document production" and, although it "invited Plaintiff to narrow

Case No. 2:20-cv-2291-DOC                                      Date: August 2, 2023
                                                                         Page 5

the RFPs before coming to court[,] Plaintiffs offered no proposals." *Id*. at 7. The County
maintains that the deliberative process privilege and the apex doctrine apply.

### A.      Application of the Deliberative Process Privilege

The deliberative process privilege protects "the decision making processes of
government agencies." *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504,
44 L.Ed.2d 29 (1975). When properly invoked, it protects documents that are both
"predecisional" and "deliberative" so as to protect candid discussions between officials.
*Lahr v. National Transp. Safety Bd.*, 569 F.3d 964, 979 (9th Cir. 2009). The burden of
articulating the basis for the assertion of the deliberative process privilege is with the
party asserting the privilege. *Fed. Deposit Ins. Corp. v. Appleton*, No. CV 11-476-JAK
(PLAX), 2012 WL 12887400, at *5 (C.D. Cal. Aug. 27, 2012).

To ensure that governmental units are not "too freely claiming a privilege that is
not to be lightly invoked," the privilege may be invoked only by the agency head that
personally reviewed the documents for which the privilege is asserted. *In re McKesson
Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 600 (N.D. Cal.
2009) (citing *United States v. Rozet,* 183 F.R.D. 662, 665 (N.D. Cal. 1998)). That
requirement assures "that someone in a position of high authority could examine the
materials involved from a vantage point involving both expertise and an overview-type
perspective." *Id*. Accordingly, "the duty to invoke the privilege cannot be delegated so far
down the chain of command that purposes of the requirement are undermined." *Id.*

The deliberative process privilege is not absolute. *FTC v. Warner
Communications, Inc.,* 742 F.2d 1156, 1161 (9th Cir.1984). Even if the deliberative
process privilege applies, a litigant may obtain discovery of protected material if the need
for the documents outweighs the governmental interest in keeping the decision-making
process confidential. *Id.* "Among the factors to be considered in making this
determination are: 1) the relevance of the evidence; 2) the availability of other evidence;
3) the government's role in the litigation; and 4) the extent to which disclosure would
hinder frank and independent discussion regarding contemplated policies and decisions."
*Id.* Finally, "[a]s with all evidentiary privileges, the deliberative process privilege is
narrowly construed." *United States ex rel. Poehling v. UnitedHealth Grp., Inc.*, No. CV
16-8697 MWF (SSX), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018).

There are several requirements to properly invoke the privilege, none of which the
County met here. For example, any party invoking the privilege should "submit, at the
time it files and serves its response to the discovery request, a declaration or affidavit,
under oath or subject to the penalty of perjury, from the head of the department which has
control over the matter." *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992)
(discussing the official information privilege); *United States v. Dalton*, No.
821CV00140JVSJDE, 2022 WL 17073890, at *3 (C.D. Cal. July 11, 2022). Additionally,

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                        Page 6

the declaration should include: (1) specific facts demonstrating why each document is "deliberative" and "predecisional"; (2) specific facts concerning: (a) the degree and type of harm that would result from requiring production of each document; and (b) what type of protective order would be necessary to reduce that harm or, alternatively, why a protective order would not reduce this harm; and (3) what portions of each document are deliberative and, if specific sections are purely factual, why those sections cannot be produced. *Dalton*, 2022 WL 17073890, at *3 (citing *McKesson*, 264 F.R.D. at 602).

The County has not submitted any agency declaration prior to filing the Joint Statement. Nor has the County provided privilege logs listing the documents for which the deliberative process privilege applies. The County does not even address any specific documents in their responses to the RFPs or in the Joint Statement, citing instead only a generalized "strong interest in non-disclosure." Joint Statement at 10.

Without the information described above, the Court cannot determine which communications the County seeks to withhold pursuant to the privilege or assess the harm that would result if production is ordered. *See e.g., L.H. v. Schwarzenegger,* 2008 WL 2073958, *7 (E.D. Cal. May 14, 2008) (finding waiver of deliberative process privilege where no declarations supporting privilege were filed); *McKesson*, 264 F.R.D. at 601–02 (rejecting deliberative process privilege where party asserting privilege did not provide a declaration from an agency ahead or specifically address the documents to which the privilege applied).

Because the County fails to properly invoke the privilege as to any of the requested documents, the Court rejects the County's assertions of the deliberative process privilege.

**B. Application of the Apex Doctrine**

Six of Plaintiffs' RFPs (RFP Nos. 1-4, 6, 13) seek communications to or from LA County Board Supervisors and senior staff, which includes "LA County Supervisor chiefs of staff, LA County Supervisor homelessness deputies, the Chief Executive Officer, Executive Director of the Homelessness Initiative, Director of the Department of Mental Health, Director of the Department of Public Health, and Director of Health Services." Pls.' RFPs at 3.

Defendants object, in part, based on the "apex" witness doctrine. Specifically, Defendants argue that the individuals targeted by the RFPs are "at the 'apex' of the County, who do not have unique, firsthand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods." *See e.g.*, Joint Statement at 3 (quoting Def.'s Resp. to Pls.' RFP Nos. 1-4, 6).

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                        Page 7

The apex witness doctrine is derivative of Rule 26. Under Rule 26, the Court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). For requests seeking depositions from individuals at the "apex" of corporate or government hierarchy, courts prohibit depositions where discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See Apple Inc. v. Samsung Elecs.*, Co., 282 F.R.D. 259, 263 (N.D. Cal. 2012). In particular, the Ninth Circuit has ruled that "[h]eads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (internal citation and quotation marks omitted). Nonetheless, "[a] party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Apple Inc.*, 282 F.R.D. at 263 (citations omitted). "When determining whether to allow an apex deposition, courts often consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (citations omitted). But there is "no absolute requirement that a party exhaust all alternative, 'less burdensome' means of discovery before proceeding with the deposition of a high ranking government official." *Eng v. City of Los Angeles*, No. CV 05-2686 MMM, 2007 WL 9729101 at *9 (C.D. Cal. Apr. 5, 2007). Moreover, a claimed lack of knowledge or the fact that an apex witness has a busy schedule are not bases for denying otherwise proper discovery. *In re Google Litig.*, 2011 WL 4985279, at *2 (citations omitted).

Although no deposition is sought here, the County argues that the apex doctrine applies to Plaintiffs' first RFPs which are "aimed . . . at the County's highest officials." Joint Statement at 7. According to the County, discovery from those "high ranking officials is inherently burdensome because they 'have greater duties and time constraints than other witnesses.'" *Id.* (quoting *Lull v. Cty. of Sacramento*, 2020 WL 3412708, at *1 (E.D. Cal. June 22, 2020)). Applying the requirements of the apex doctrine, the County proceeds to argue that Plaintiffs "fail[] to demonstrate that *only* these officials have relevant information." *Id.* at 8.

The Court does not find that extending the apex doctrine to document production is warranted. As far as unduly burdensome requests are concerned, Rule 26 is sufficient to mitigate any such risk by requiring that the party seeking discovery establish that the information sought is relevant to its claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26.  Rule 26 further prohibits demands that are cumulative, irrelevant to the resolution of the dispute, or disproportionate to the needs of the case. *Id.*

Unlike depositions of high-ranking officials, moreover, discovery requests like written interrogatories or requests for production tend to be less time-consuming and distracting. For those reasons, courts have declined to extend the apex doctrine outside the context of depositions, holding that it is not a protective shield that prohibits

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                        Page 8

document discovery from high-ranking officials. *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 WL 10282213, at *10 (N.D. Cal. Nov. 14, 2021) (collecting cases declining to apply "Apex Witness" doctrine to the production of documents and ordering same); *Blankenship v. Fox News Network, LLC*, 2021 WL 2345972, at *3, n. 5 (S.D.W. Va. June 8, 2021) (noting that apex doctrine "typically applies only to protect senior executives from attending costly and distracting depositions rather than from merely collecting and producing documents"); *Alta Devices, Inc. v. LG Elecs.*, Inc., No. 18-cv-00404-LHK-VKD, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019) (disagreeing "that simply because a prospective custodian happens to be a senior executive, such custodian is not subject to collection of responsive ESI."); *Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738, 749 (E.D.N.C. 2017) ("In no case of which the court is aware has the apex doctrine successfully been invoked to shield an executive from a request for production of documents.") (citation omitted); *Dyson, Inc. v. Sharkninja Operating LLC*, No. 1:14-CV-0779, 2016 WL 1613489, at *1 (N.D. Ill. Apr. 22, 2016) (declining to apply the apex doctrine to quash a request for production of documents).

To be sure, whether the information sought is through testimony or documents, the public is certainly better served when high-level public servants spend their valuable time performing their duties rather than preparing for and responding to discovery requests. It is also true that, in the usual case, the apex doctrine is invoked "because you will have an employment discrimination case and the plaintiff's lawyer wants to take the CEO or something where they are not involved at all." *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC-JSC, 2021 WL 10282213, at *10 (N.D. Cal. Nov. 14, 2021). This is not the usual case.

Here, the very officials Plaintiffs seek information from—the Executive Director of the Homelessness Initiative, Director of the Department of Mental Health, Director of the Department of Public Health, and Director of Health Services—are the individuals at the heart of Plaintiffs' claims. They are uniquely positioned to offer a glimpse into how and our tax-backed healthcare institutions "fail[] to treat those with mental illness and substance use disorder, and/or provide the necessary social services as required by law." *See* SAC ¶ 140. Whatever undue burden Plaintiffs' RFPs places on these officials necessarily pale in comparison to the undue burden of comorbid medical, psychiatric, and substance use disorders that the chronically homeless bear. Even assuming the apex doctrine applies, "the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW JL, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (internal quotation marks and citation omitted). The government officials targeted by the RFPs may, as the County suggests, enjoy "greater duties and time constraints." But with "greater duties and time constraints" come greater responsibilities.

Accordingly, the Court declines to apply the apex doctrine to Plaintiffs' RFPs.

Case No. 2:20-cv-2291-DOC                                      Date: August 2, 2023
                                                                            Page 9

## C. Other Objections

In addition to the deliberative process privilege and the apex doctrine, the County asserts the following objection to nearly each RFP:

> Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, firsthand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at \*15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at \*2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).

> Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 et seq.), the Insurance Information and Privacy Protection Act(Insurance Code § 791 et seq.), and the Information Practices Act (Civil Code § 1798 et seq.). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery.

> Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS. . . referencing" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                      Page 10

As an initial matter, the Ninth Circuit has held "that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). The County's objections fail specify exactly which privileges they assert for which portions, state whether they withheld any privileged documents as required by Rule 34(b)(2)(C) or provide a privilege log as required by Rule 26(b)(5). *See Acevedo v. Viet Vu*, No. 819CV01605JVSJDEX, 2020 WL 11272310, at *3 (C.D. Cal. Oct. 7, 2020). As such, both Plaintiffs and the Court are left "in the dark as to whether Defendants have withheld documents based on the attorney-client privilege or some other privilege," which is "precisely the situation Rule 34(b)(2) is designed to prevent." *Id.*

Notwithstanding the nearly identical objections the County asserts to each RFP, the Court addresses each RFP, along with the applicable objections, below.

### 1. **RFP No. 1.**

In RFP 1, Plaintiffs seek "ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing MENTAL HEALTH SERVICES and PEH or HOMELESSNESS."

The term "DOCUMENTS" is defined to include "any and all documents, electronically stored information, communications, and/or tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, data, and data compilations, stored in any medium from which information can be obtained." Pls.' RFPs at 3 ¶ 7. Additionally, "documents" include "not only originals but also any drafts, copies, reproductions, and portions of any document." *Id.* The term "communications" is defined to "refer[] to the transmittal of documents or information by any medium, including but not limited to emails, text messages (all phones in possession of the individual, including personal and County-owned), audio recording, video recording, correspondence, letters, facsimiles, and direct messages via any online portal or website." *Id.* ¶ 8. The term "SENIOR STAFF" refers to LA County Supervisor chiefs of staff, LA County Supervisor homelessness deputies, the Chief Executive Officer, Executive Director of the Homelessness Initiative, Director of the Department of Mental Health, Director of the Department of Public Health, and Director of Health Services. *Id.* ¶ 9. The term "MENTAL HEALTH SERVICES" is defined as "refer[ring] to assessment, diagnosis, treatment, counseling or medication education and management offered in private, public, inpatient, or outpatient settings for the maintenance of mental health or the treatment of mental disorders." Pls.' RFPs at 2 ¶ 2. . The term "PEH" references one or more person experiencing homelessness as defined in 42 U.S.C. §11302. *Id.* ¶ 10. The term "HOMELESSNESS' references the topic of homelessness or the experience of a PEH, as "homeless" is defined in 42 U.S.C. § 11302. *Id.* ¶ 11.

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                        Page 11

With respect to the terms used in RFP 1, the County objects to the definitions of "communication(s)" and "mental health services." Cty.'s Resp. (Ex. B to Joint Stmt. ) at 6-7. Specifically, the County objects that the term "communications" exceeds the requirements of Federal Rule of Civil Procedure 34(a)(1) in that it requires the County "to search for and produce documents in the possession, custody, or control of person(s) other than [the County]." *Id.* ¶ N. As to the term "mental health services", the County objects that the term is "overbroad and vague" and includes "multiple sub-categories, each of which is susceptible to differing, subjective determinations, and many of which are not relevant to the claims and defenses . . . ." *Id.* ¶ O.

Specifically with respect to RFP 1, the County objects on the grounds of attorney-client privilege, work product, "any other applicable privilege," and the deliberative-process privilege. *Id.* at 10. The County also asserts that the RFP is:

> for an improper of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods.

*Id.* The County additionally objects that the RFP seeks information protected from disclosure by "the right to privacy under the U.S. Constitution and California Constitution, and/or regulations governing the disclosure of protected health information." *Id.* at 10-11. Moreover, the County objects that—by seeking "ALL" documents—the RFP is "overbroad and not proportionate to the needs of this case." *Id.* at 11. Finally, the County objects that the RFP "fails to describe with reasonable particularity each item or category of items to be inspected" and, to the extent the RFP "seeks 'ALL DOCUMENTS . . . referencing' a broad subject, which lacks sufficient defining criteria or limitations" such that the County is able to conduct "a reasonable and diligent" search for responsive documents. *Id.*

### a. Documents and communications outside the County's control

Pursuant to Federal Rule of Civil Procedure 34, "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items *in the responding party's possession, custody, or control.*" Fed. R. Civ. P. 34(a)(1) (emphasis added). The Court agrees with the County that Plaintiff's definition of the term "communications" includes documents that are potentially not subject to disclosure. For example, Plaintiffs seek transmittals on "all phones in possession of the *individual, including personal and County-owned.*" Pls.' RFP ¶ 8. Although Plaintiffs identify who might be included in the term "senior staff," Plaintiffs do not establish how or why the unnamed individuals possess information relevant to this lawsuit. Additionally, "[s]everal district courts in this circuit have required a showing of good cause for [] examination of personal computing

devices because they tend to contain highly personal and sensitive information." *See AEG Holdco, LLC. v. Vazquez*, No. CV2105290VAPAGRX, 2022 WL 19076641, at \*3 (C.D. Cal. Nov. 15, 2022) (collecting cases).

### b.  Documents that "reference" mental health services

The Court further agrees that RFP No. 1, as currently written, is overly broad to the extent it seeks documents "referencing mental health services." Courts have rejected even narrower scopes, "noting that an order to produce 'any and all documents . . . that discuss, refer, or relate to' the facts at issue 'does not demonstrate narrow tailoring.'" *Seaman v. Sedgwick LLP*, No. SA CV 11-0664-DOC, 2014 WL 3738055, at \*3–4 (C.D. Cal. July 28, 2014) (quoting *Rambus Inc. v. Samsung Electronics Co., Ltd.,* C–05–02298 RMW, 2007 WL 3444376, at \*6 (N.D. Cal. Nov.13, 2007)). Given the breadth of the documents sought here, the Court cannot determine that they fall within an appropriately narrow scope.

In response to RFP 1, the County has represented its willingness to meet and confer with Plaintiffs "to address how this Request may, if at all, be limited and/or clarified." The parties are ORDERED to do so.

Accordingly, the Court DENIES the motion to compel with respect to RFP 1 without prejudice.[1]

### 2.  RFP No. 2

In RFP 2, Plaintiffs seek "ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing SUBSTANCE USE DISORDER in any way and PEH or HOMELESSNESS."

The term "SUBSTANCE USE DISORDER" is defined as "refer[ring] to a chronic disease[] characterized by a problematic pattern of use of a substance or substances leading to impairments in health, social function, and control over substance use, as defined by the Center for Disease Control and Prevention." Pls.' RFPs at 2 ¶ 4.

Defendants object to the definition of "substance use disorder" on the same grounds they objected to the term "mental health services," namely, that the definition is too broad and vague and "includes multiple sub-categories, each of which is susceptible to differing, subjective determinations, and many of which are not relevant to the claims and defenses asserted in this case." *See* Def.'s Resp. at 7 ¶ P.  Defendants also assert the other objections they asserted to RFP 1, including attorney-client privilege, work product,

---

[1] Because the Court denies the motion on other grounds, the Court does not reach Defendant's other objections with respect to this RFP.

Case No. 2:20-cv-2291-DOC                          Date: August 2, 2023
                                                              Page 13

"any other applicable privilege," the deliberative-process privilege, improper purpose, the apex doctrine, privacy, disproportion to the needs of the case, and failure to describe each item with reasonable particularity. *Id.* at 10-11.

The Court disagrees that the term "substance use disorder" is susceptible to differing, subjective determinations. First, the term adopts the definition used by the CDC. Second, as alleged in the Second Amended Complaint, the County's own measures, including Measure H, was described as a tax voted for by county residents in 2017 to "fund mental health, substance abuse treatment, health care . . . ." SAC ¶ 59 (citing Los Angeles County, California, Sales Tax for Homeless Services and Prevention, Measure H, Ballotpedia.org (March 2017)). Notwithstanding the apt definition, however, the Court is troubled that the request seeks documents and communications "referencing SUBSTANCE USE DISORDER *in any way* . . . ." Pls.' RFPs at 8 (emphasis added). The request, as written, risks disclosing potentially sensitive health information not at issue in this case.

In response to RFP 2, the County has represented its willingness to meet and confer with Plaintiffs "to address how this Request may, if at all, be limited and/or clarified." Def.'s Resp. at 13. The parties are ORDERED to do so.

Accordingly, the Court DENIES the motion to compel with respect to RFP 2 without prejudice.

### 3.  **RFP No. 3**

RFP 3 seeks "ALL DOCUMENTS and COMMUNICATIONS to or from Board Supervisors or SENIOR STAFF from 2018 to present relating to FUNDING services for HOMELESSNESS or PEH, including for MENTAL HEALTH and SUBSTANCE USE DISORDER SERVICES." Pls.' RFPs at 8-9.

The definition of "mental health" is the same as "mental health services" and "refers to assessment, diagnosis, treatment, counseling, or medication education and management offered in private, public, inpatient, or outpatient settings for the maintenance of mental health or the treatment of mental disorders." Pls.' RFPs at 2 ¶ 2.

Although relevant to Plaintiffs' claims of "misuse[] and waste[]" of taxpayer funds under state law, FAC ¶¶ 142-148 (citing Cal. Civ. Proc. Code § 526a), the Court agrees that the RFP lacks sufficient defining criteria and limitations. *See Zakikhani*, 2022 WL 2189539, at *3.

In response to RFP 3, the County has represented its willingness to meet and confer with Plaintiffs "to address how this Request may, if at all, be limited and/or clarified." The parties are ORDERED to do so.

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                      Page 14

Accordingly, the Court DENIES the motion to compel with respect to RFP 3 without prejudice.

### 4.  RFP No. 4

Plaintiff's fourth RFP seeks:

> All DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to MENTAL HEALTH BEDS available to the COUNTY, including but not limited to:
> - The need for additional beds.
> - The number of beds in the COUNTY or otherwise available to the COUNTY that are occupied or unoccupied from 2018 to the present.
> - The number of beds available to the COUNTY which are unoccupied.
> - The number of beds available to the COUNTY which are occupied.
> - The number of beds available to the COUNTY occupied by PEH.
> - The number of additional beds needed to assist PEH.
> - The number of additional beds requested by LAHSA, the City of Los Angeles, or any other government-sponsored organization conducting outreach to PEH within the City or County of Los Angeles.
> - The loss or addition of any beds; and
> - The efforts to build or otherwise procure additional beds.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 4.

### 5.  RFP No. 5

Plaintiff's fifth RFP seeks:

> DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:
> - MENTAL HEALTH BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied.
> - MENTAL HEALTH BEDS available to the COUNTY of Los Angeles which are occupied.
> - MENTAL HEALTH BEDS in or otherwise available to the COUNTY of Los Angeles which are unoccupied.
> - PEH whom have been assessed, require a MENTAL HEALTH BED, but for whom no MENTAL HEALTH BED is available.

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                      Page 15

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 5.

**6.  RFP No. 6**

Plaintiff's sixth RFP seeks:

> ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, including but not limited to:
> - The need for additional beds.
> - The number of beds in the COUNTY or otherwise available to the COUNTY in each calendar year from 2018 to the present that are occupied or unoccupied.
> - The number of beds available to the COUNTY which are unoccupied.
> - The number of beds available to the COUNTY which are occupied.
> - The number of beds available to the COUNTY occupied by PEH.
> - The number of additional beds needed to assist PEH.
> - The number of additional beds requested by Los Angeles Homeless Services Agency ("LAHSA") or any other outreach organization.
> - The loss or addition of any beds; and
> - The efforts to build or otherwise procure additional beds.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 6.

**7.  RFP No. 7**

Plaintiff's seventh RFP seeks:

> DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                         Page 16

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of
  Los Angeles, whether occupied or unoccupied;
- SUBSTANCE USE DISORDER BEDS available to the COUNTY of
  Los Angeles which are occupied;
- SUBSTANCE USE DISORDER BEDS available to the COUNTY of
  Los Angeles which are unoccupied;
- PEH whom have been assessed, require a SUBSTANCE USE
  DISORDER BED, but for whom no SUBSTANCE USE DISORDER
  BED is available.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 7.

### 8.  <u>RFP No. 8</u>

Plaintiff's eighth RFP seeks:

All DOCUMENTS and COMMUNICATIONS relating to MENTAL HEALTH
and MEASURE H FUNDING, including but not limited to:
- Requests to use Measure H funding for any MENTAL HEALTH
SERVICE.
- Denials of any requests to use Measure H funding for any MENTAL
HEALTH SERVICE.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 8.

### 9.  <u>RFP No. 9</u>

Plaintiff's ninth RFP seeks:

ALL DOCUMENTS and COMMUNICATIONS relating to Mental Health
Services Act (hereinafter "MHSA") and Full Service Partnerships ("FSPs"),
including but not limited to:

- The number of FSP applications.

> - The number of FSPs that have been granted, dispersed, accepted or otherwise in use or active.
> - The number of FSPs that have been denied, declined, refused, or otherwise not in use or not active.
> - The need for additional FSPs
> - The percentage of MHSA funds used for FSPs.
> - FSPs needed or used for or by PEH.
> - The need to increase FSP funding to meet MHSA requirements.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 9.

### 10. RFP No. 10

Plaintiff's tenth RFP seeks:

> DOCUMENTS sufficient to demonstrate the current amount of funds in any MHSA account, including both encumbered or unencumbered dollars. For this purpose "encumbered" describes funds which have been dedicated or otherwise allocated but not yet spent.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 10.

### 11. RFP No. 11

Plaintiff's eleventh RFP seeks:

> ALL DOCUMENTS AND COMMUNICATIONS relating to unspent MHSA funds in each fiscal year for the last ten years. "Unspent MHSA funds" includes all funds which have been or will be reverted or used or otherwise rolled over to the following fiscal year.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                      Page 18

to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 11.

### 12. **<u>RFP No. 12</u>**

Plaintiff's twelfth RFP seeks "ALL non-privileged COMMUNICATIONS and DOCUMENTS relating to the LA ALLIANCE case." Defendant asserts the same blanket objections they asserted to the previous RFPs.

Although RFP No. 12 demands only "non-privileged" documents and communications, it is unclear to this Court why any communication regarding the LA Alliance case would be non-privileged. Further, this RFP is overly broad. By demanding "ALL" documents and communications related to the LA Alliance case, the RFP fails to "describe with reasonable particularity" the requested items. Fed. R. Civ. Pro. 34(b)(1)(A). The Request should demand some particularized subset of documents, not every document and communication that can be linked to the case. Because it does not, the Request falls outside the bounds of Rule 34.

Because the County has stated its willingness to meet and confer with Plaintiffs "to address how this Request may, if at all, be limited and/or clarified," Def.'s Resp. at 26, the Court denies the motion to compel with respect to RFP 12 without prejudice.

### 13. **<u>RFP No. 13</u>**

Plaintiff's thirteenth RFP seeks "ALL DOCUMENTS and COMMUNICATIONS to or from any Board Supervisor or SENIOR STAFF relating to the CITY OF LOS ANGELES and HOMELESSNESS or PEH."

Defendant asserts the same blanket objections they asserted to the previous RFPs. RFP No. 13 demands "ALL" documents and communications to or from certain city officials "relating to the CITY OF LOS ANGELES and HOMELESSNESS or PEH." While somewhat particularized, the Request is still too broad. As most documents or communications sent to top city or county officials likely include the term "CITY OF LOS ANGELES," this RFP in effect demands all documents and communications "relating to" homelessness or PEH. Such a sweeping demand fails to "describe with reasonable particularity" the requested items, and therefore falls outside the scope of Rule 34. Fed. R. Civ. Pro. 34(b)(1)(A).

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                       Page 19

Because the County has stated its willingness to meet and confer with Plaintiffs "to address how this Request may, if at all, be limited and/or clarified," Def.'s Resp. at 27, the Court denies the motion to compel with respect to RFP 13 without prejudice.

## 14. RFP No. 14

Plaintiff's fourteenth RFP seeks "ALL WHISTLEBLOWER COMPLAINTS related to MENTAL HEALTH or SUBSTANCE USE DISORDER and HOMELESSNESS or PEH."

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 14.

## 15. RFP No. 15

Plaintiff's fifteenth RFP seeks "ALL complaints that have been received by COUNTY Supervisor field offices since 2018 to the present relating to PEH."

Defendant asserts the same blanket objections they asserted to the previous RFPs. The County, however, fails to specify with reasonable particularity how this request is unduly burdensome, overly broad, or otherwise irrelevant. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS Plaintiffs' motion to compel with respect to RFP No. 15. The parties are encouraged to meet and confer "to address how this Request may, if at all, be limited and/or clarified." Def.'s Resp. at 30.

## 16. RFP No. 16

Plaintiff's sixteenth RFP seeks "ALL DOCUMENTS and COMMUNICATIONS related to LAHSA and City of Los Angeles ENCAMPMENT ENGAGEMENT EFFORTS."

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court agrees with Defendants that a request seeking *all* documents *related to* the broad topic of LA's encampment engagement efforts is not sufficiently tailored or proportional to Plaintiffs' claims or defenses. Def.'s Response at 31. *See Zakikhan* No. 820CV01584SBJDEX, 2022 WL 2189539, at *3. The Court does not reach the issue of whether the phrase "encampment engagement efforts" is vague and ambiguous.

Case No. 2:20-cv-2291-DOC                                        Date: August 2, 2023
                                                                           Page 20

Because the County has stated its willingness to meet and confer with Plaintiffs "to address how this Request may, if at all, be limited and/or clarified," Def.'s Resp. at 31, the Court denies the motion to compel with respect to RFP 15 without prejudice.

### 17. RFP No. 17

Plaintiff's seventeenth RFP seeks "ALL DOCUMENTS and COMMUNICATIONS related to outreach efforts to PEH in need of MENTAL HEALTH SERVICES and the resolution of those efforts or engagements."

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents and communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 17.

### 18. RFP No. 18

Plaintiff's eighteenth RFP seeks:

> ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities ("Board and Care") beds for people experiencing homelessness in need of MENTAL HEALTH SERVICES or SUBSTANCE USE DISORDER SERVICES.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents or communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 18.

### 19. RFP No. 19

Plaintiff's nineteenth RFP seeks:

> All COMMUNICATIONS to or from the COUNTY Blue Ribbon Commission on Homelessness regarding MENTAL HEALTH, SUBSTANCE USE DISORDER, MENTAL HEALTH SERVICES, or SUBSTANCE USE DISORDER SERVICES.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                        Page 21

to certain documents or communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 19.

### 20. **RFP No. 20**

Plaintiff's twentieth RFP seeks:

> All COMMUNICATIONS related to the report dated October 29, 2019 titled "Addressing the Shortage of Mental Health hospital Beds: Board of Supervisors Motion Response" by Jonathan Sherin, (Former) Director of the Department of Mental Health, including all updates, addendums, supplements, and appendices thereto.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents or communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 20.

### 21. **RFP No. 21**

Plaintiff's twenty-first RFP seeks:

> DOCUMENTS sufficient to reflect all vacant property owned by the COUNTY, including:
>
> — Parcels which have been offered for PEH shelter or housing which have not been utilized
> — Parcels which have not been offered for PEH shelter or housing
>
> For this purpose "vacant" refers to land which is currently unoccupied by any individual for living or working purposes, even if said land currently has one or more structures on the land which are not being currently utilized for living or working purposes.

Defendant asserts the same blanket objections they asserted to the previous RFPs. The Court finds that the documents sought, however, are directly relevant and sufficiently tailored to Plaintiff's claims. To the extent the County seeks to assert specific privileges to certain documents or communications, they shall provide a privilege log as required by Rule 26(b)(5).

Accordingly, the Court GRANTS the motion to compel with respect to RFP 21.

Case No. 2:20-cv-2291-DOC                                    Date: August 2, 2023
                                                                          Page 22

## IV.    Disposition

The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Requests for Production # 4–9, 11, 14–15, 17–21. The Court rules on these requests for production based on the current state of the record. If any party or non-party believes that any documents, or portions thereof, are protected from disclosure under Rule 26, then **within 14 days of this Order**, it shall submit a narrowly tailored motion for a protective order.

Consistent with this order, the Court **ORDERS** the parties to meet and confer to address how RFP Nos. 1, 2, 3, 10, 13, and 16 may, if at all, be limited or clarified. On or before **August 21, 2023**, the parties shall file a joint status report regarding their efforts and the status of document production.

The Court further **SETS** a status conference on **August 28, 2023, at 8:30 a.m.** at **350 W 1st Street in Los Angeles**. The parties will be notified of the courtroom closer to the hearing date.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN