STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **L.A. ALLIANCE FOR HUMAN RIGHTS**,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**CITY OF LOS ANGELES**, *et al.*,<br><br>　　　　　　Defendants. | ) 2:20-cv-02291-DOC(KES)<br>)<br>) **NOTICE OF MOTION AND**<br>) **MOTION FOR PERMISSIVE**<br>) **INTERVENTION**<br>)<br>) Sept. 11, 2023<br>) 10:00 a.m.<br>) Courtroom 10A<br>)<br>) Judge David O. Carter<br>)<br>)<br>)<br>)<br>)<br>) |

**PLEASE TAKE NOTICE** that Paul Boring, Chrystal Finley, David Jacobs, Wendy Lockett, and Eric Serin move for permissive intervention, and that oral argument will be heard as set forth above, and that this motion is based on Rule 24(b), Fed. R. Civ. P. Proposed intervenors believe that no conference of counsel is required by L.R. 7-3 because there is no "opposing counsel," as set forth in L.R. 7-3, with whom to hold a conference.

//

//

//

1

**YAGMAN + REICHMANN, LLP**

By: _____
    **STEPHEN YAGMAN**

//

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Paul Boring, Chrystal Finley, David Jacobs, Wendy Lockett, and Eric Serin, all seek to permissively intervene in this action to protect their legal interests. They all are homeless people who reside in the City of Los Angeles and who are plaintiffs in actions against the City based on their and their putative class members' status as homeless persons.

### 1. THE APPLICABLE LAW ON PERMISSIVE INTERVENTION.

In *United States v. City of Los Angeles,* 288 F.3d 391 (9th Cir.2002) (LAPD consent decree case)[1], the Ninth Circuit held that permissive intervention should be governed by the three prong test put forward in *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 839 (9th Cir. 1996) (stating "a court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common"). *See also Garza County of Los Angeles,* 918 F.2d 763, 777 (9th Cir. 1990) (Rule 24(b), Fed. R. Civ. P., provides for permissive intervention. Fed. R.Civ.P. 24(b). The Court has discretion in allowing permissive intervention where the movant: (1) moves for intervention in a timely fashion; (2) raises a claim that has a question of law or fact in common with the main case; and (3) shows an independent ground for jurisdiction.).

### 2. APPLICATION OF THE *NORTHWEST* FACTORS.

There are independent grounds for jurisdiction for each of the five parties who seek intervention: Paul Boring, David Jacobs, Chrystal Finley, Wendy Lockett, and Eric Serin. *See Boring v. Murillo*, 21-07305-DOC; *Jacobs v. Garcetti*, 2:22-cv-03533-DOC, 2:22-cv-08010-DOC; *Finley v. Garcetti*, 2:21-cv-06003-

---

[1] Stephen Yagman's clients were granted permissive intervention; Yagman was also appointed as *amicus curiae*.

DOC; *Lockett v. Garcetti*, 2:21-cv-07596-DOC; *Serin v. Garcetti*, 2:22-cv-03531-DOC.

The court repeatedly has stated that these actions cannot proceed before the instant action because the instant action will be dispositive of issues in the actions of those parties who seek permissive intervention. Proposed intervenors seek to intervene to protect their legal interests.

(1) The motion is timely and will not cause any disruption or delay of the instant action because proposed intervenors will raise no new claims and will abide by all of the court's deadlines set on Aug. 8, 2023, Doc. 607. Proposed intervenors' counsel will not file any papers and would require only on seat in the courtroom for trial. Counsel only learned that the November 6, 2023 trial would proceed on Aug. 8, after the Ninth Circuit declined to forestall the trial.

(2) There are only common questions of fact and law as among the actions.

(3) There are independent grounds for jurisdiction because there are grounds for jurisdiction in each of the proposed intervenors' own actions.

### 3. CONCLUSION.

The *Northwest* factors having been met, therefore, permission intervention should be granted to Paul Boring, Chrystal Finley, David Jacobs, Wendy Lockett, and Eric Serin.

Respectfully submitted,
**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
**STEPHEN YAGMAN**

4

# CERTIFICATE OF COMPLIANCE
## (L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 472 words, which complies with the word limit of L.R. 11-6.1.

**YAGMAN + REICHMANN, LLP**

By: _____
STEPHEN YAGMAN