DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DEFENDANT COUNTY OF LOS ANGELES'S OPPOSITION TO MOTION FOR PERMISSIVE INTERVENTION**<br><br>Date: September 11, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 10-A<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632353.3

Defendant County of Los Angeles ("County") hereby submits its Opposition to Paul Boring, Chrystal Finley, David Jacobs, Wendy Lockett, and Eric Serin's ("Movants") Motion for Permissive Intervention ("Motion").

The Motion should be denied for three reasons: *First*, Movants' request to intervene three and a half years into this action, weeks before the close of discovery, and two months before trial, is untimely and would prejudice the County. *Second*, the Motion fails to establish a basis to intervene. It does not state the grounds for intervention, nor did Movants file the requisite pleading setting out their claims. Moreover, since Movants' independent litigation principally states claims against the City of Los Angeles—no longer a party to this action[1]—the Motion fails to raise a common question of law or fact or independent grounds for federal jurisdiction. *Third*, Movants' purported interests in this case are already adequately protected by the existing Intervenors who have been involved in this case for years.

## I. BACKGROUND

On March 10, 2020, Plaintiffs—individuals who reside or own property in the City of Los Angeles ("City") and the LA Alliance for Human Rights—initiated this action against the City and the County asserting 14 federal and state law claims for relief. (Dkt. 1.) Shortly thereafter, Los Angeles Catholic Worker and Los Angeles Community Action Network ("Intervenors") moved to intervene. (Dkt. 25.) There were no objections, and the District Court granted the motion to intervene as a matter of right, noting that "Proposed Intervenors are the only party that represents the interests of unhoused persons." (Dkt. 29.)

In May 2022, Plaintiffs and the City entered into a settlement agreement and, on June 14, 2022, the Court dismissed Plaintiffs' claims against the City with

---

[1] Indeed, one Movant, Paul Boring, appears to have only alleged claims against government officials affiliated with the City and County of *Santa Barbara*, neither of which have ever had any involvement in this litigation. *See Boring v. Murillo et al.*, No. 2:21-cv-07305 (DOC) (C.D. Cal.).

632353.3

2

DEFENDANT COUNTY OF LOS ANGELES'S OPPOSITION TO MOTION FOR PERMISSIVE INTERVENTION

prejudice.  (Dkt. 445.)  Plaintiffs filed a Second Amended Complaint thereafter against the County only, stating 7 causes of action: (1) "Violation of Mandatory Duty" under state law (citing Cal. Gov't Code § 815.6; and Cal. Welf & Inst. Code §§ 5600 *et seq.*, 13000 *et seq.*, 14000 *et seq.*, and 17000); (2) nuisance; (3) inverse condemnation; (4) taxpayer waste (Cal. Civ. Proc. Code § 526a); (5) "Violation of Statutorily-Created Liberty Interest" (42 U.S.C. § 1983); (6) "Violation of Due Process Clause" (42 U.S.C. § 1983); and (7) uncompensated taking.  (Dkt. 454.)

On May 9, 2023, the Court issued a scheduling order with a September 8, 2023 close of discovery and a trial date of November 6, 2023.  (Dkt. 563.)

## II.    ARGUMENT

The Motion meets none of the requirements for intervention.  Nor would denying it prejudice Movants' interests in any way.  Intervention should be denied.

### A.    Movants Make No Effort To Satisfy The Requirements For Intervention

Federal Rule of Civil Procedure 24 sets forth the requirements a movant must satisfy in order to qualify for permissive intervention.  Rule 24(b) provides that:

> On a *timely* motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . .
>
> In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b) (emphasis added).  Rule 24(c) requires that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

#### 1.    The Motion Is Untimely

Timeliness is the threshold requirement to intervene.  *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996); *see also League of United Latin*

*Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (for permissive intervention, courts "analyze the timeliness element more strictly"). Courts evaluate three factors when determining whether a motion to intervene has been made in a timely fashion: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and the length of the delay." *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991). Here, all support denying the Motion as untimely.

   1.   <u>Movants waited until the eve of trial to intervene.</u>  Movants filed the Motion more than three years after the Complaint was filed, after the City was dismissed, weeks before the close of discovery, and less than two months before trial. That litigation has progressed beyond the pleadings stage and the court has delved into the substantive issues of this case "weighs heavily against allowing intervention." *See Wilson*, 131 F.3d at 1303–04 (refusing to permit intervention after 27 months of litigation even though trial had not yet commenced because the district court had already ruled on key motions and the parties had been engaging in discovery for months); *Henrikson v. Turbomeca, S.A.*, 2007 WL 2215398, at *2–3 (E.D. Cal. July 30, 2007) (finding motion untimely because "all pre-answer motions have been litigated" and the parties had begun to engage in discovery). Courts routinely reject motions to intervene filed, as here, shortly before trial. *E.g.*, *S.E.C. v. TLC Invs. & Trade Co.*, 147 F. Supp. 2d 1031, 1043 (C.D. Cal. 2001) (denying permissive intervention where "the [c]ourt set a relatively quick schedule for th[e] case" and the "discovery cut-off date [was] less than two months away").

   2.   <u>The County would be prejudiced.</u>  "One of the 'most important' factors in determining timeliness is prejudice to the existing parties." *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). The County has a strong interest in bringing the litigation to a close that would be prejudiced by delay attendant to adding new parties at such a belated stage. *See Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094, 1104–05 (C.D. Cal. 2003) (denying

intervention because the cases had been pending for four years, so "the overwhelming interest in having these matters settled after four years of litigation, at enormous cost to the parties, [was] paramount").

3.  <u>There is no justification for Movants' delay.</u>  "[A]ny substantial lapse of time weighs heavily against intervention." *Washington*, 86 F.3d at 1503. Movants did not seek to intervene until more than three years after this case was filed. Movants claim they were unaware of the November 6 trial date until recently. (*See* Mot. at 4.) That is beside the point. There is no evidence—and Movants do not claim—that they were not aware of this litigation sooner. To the contrary, the Motion admits that Movants have been aware of this case for a while. (*Id.*)

Furthermore, the standard is not when interveners actually became aware of the litigation, but rather when they should have been aware of it. *Officers for Justice*, 934 F.2d at 1095; *see also Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) ("'A party seeking to intervene must act as soon as he knows *or has reason to know* that his interests might be adversely affected by the outcome of the litigation.'"). This case is identified as one "of interest" on the Court's website, and has been the subject of significant media coverage. (Declaration of Jason Tokoro ("Tokoro Decl.") ¶¶ 22-27.) It is also not believable that Movants were not aware of this case when they say their claims against the City are of the same ilk.

## 2. **The Motion Is Procedurally Deficient**

Movants make no effort to satisfy the requirements for intervention. They never identify a common issue between their cases and this one. That is because there is none. Movants are already plaintiffs in independent litigation. Movants' mere "stake" in how this litigation is resolved "does not constitute permissible grounds for intervention." *Valley Ctr. Pauma Unified Sch. Dist. v. Interior Bd. of Indian Appeals of U.S. Dep't of the Interior*, 2012 WL 1033576, at *2 (S.D. Cal. Mar. 27, 2012).

Movants also rely on their *ipse dixit* claim that "[t]he court repeatedly has stated that [their] actions cannot proceed before the instant action because the instant action will be dispositive of issues in the actions of those parties who seek permissive intervention." (Mot. at 4.)  Even if that were true,[2] a party cannot challenge a district court's adverse rulings by interfering in another pending case. *See United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 589 (9th Cir. 1985) (holding the district court properly denied a motion to intervene where the putative intervenor was seeking to "relitigate" district court's prior factual findings); *U.S. Bank Nat'l Ass'n v. State Farm Fire & Cas. Co.*, 765 F.3d 867, 870 (8th Cir. 2014) (holding the district court did not abuse its discretion by denying a motion to intervene as untimely because it "was not required to permit [putative intervenor], at a later date, essentially to circumvent the prior rulings by intervening in its own name"); *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (holding the district court properly denied plaintiff's motion to intervene where it was "an attempt to circumvent the close of discovery in his State Court Action").

Nor do Movants submit the requisite pleading setting out a cognizable claim for relief as required by Rule 24(c).  *See Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1086 n.7 (9th Cir. 2022) ("An outsider moving to intervene, whether as of right under Rule 24(a) or permissively under Rule 24(b), 'must' attach to its motion 'a pleading that sets out the claim or defense for which intervention is sought.'") (citing Fed. R. Civ. P. 24(c) & 7(a)).

While the Ninth Circuit has excused an intervenor's failure to comply with Rule 24(c), its reasoning does not extend to the circumstances here.  The Motion fails to apprise the Court or the parties why Movants seek to intervene or what they will do at trial if permitted to intervene.  *Compare, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (noting intervention motions have been

---

[2] The dockets do not indicate that the cases are presently stayed.

approved without a pleading where the motion sufficiently apprised the court of the grounds for intervention), *with Buffin v. City & Cnty. of San Francisco*, 2016 WL 6025486, at *13 (N.D. Cal. Oct. 14, 2016) (refusing to relax Rule 24(c) requirement where plaintiff failed to explain grounds for intervention).

Indeed, Movants profess they "will raise no new claims," and "will not file any papers." (Mot. at 4.) To the extent Movants only want a "seat in the courtroom for trial" (*id.*), they can attend as members of the public. They have not established a right to *participate*. Nor does their desire establish the necessary "independent basis for jurisdiction" to permit intervention. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (denying intervention where applicant failed to assert independent basis for jurisdiction).

### 3.  Intervention Would Result In Delay and Prejudice

Even if Movants had satisfied the threshold requirements for intervention, the court should exercise its discretion and deny the Motion for largely the same reasons: Movants' years-long delay in bringing the Motion and the prolongation of this action that would result from Movants' intervention. Fed. R. Civ. P. 24(b)(3); Given the accelerated trial schedule in this case, it is impossible that intervention would *not* result in the prolonging of litigation. On August 17, 2023, the Parties (including Intervenors) stipulated to a trial continuance based on a "joint agree[ment] that the current trial schedule is impracticable" given the amount of outstanding discovery and anticipated motions. (Dkt. 609.) And although the Motion asserts that Movants "will not file any papers" in this case, in the week since Movants have already done so. (*See* Dkt. 610.)

### B.  The Existing Intervenors Already Represent Unhoused Individuals

Movants state that they "seek to intervene to protect their legal interests," but do not say what those legal interests are, let alone show that those interests are not adequately protected absent intervention. (Mot. at 4.)

In exercising its discretion, the court may consider "whether the intervenors'

632353.3

interests are adequately represented by other parties." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Here, any "interests" Movants have related to their status as unhoused individuals in the City are already being represented by Intervenors. The Intervenors have been participating in this case and engaging in discovery from the outset. Movants offer nothing additional to the proceeding. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) ("The district court's denial of intervention based on . . . [an existing party's] ability to represent those interests adequately is supported by our case law on intervention in other contexts."); *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993) (denying permissive intervention where a party to the case made the same arguments as the intervenors, and the party would adequately represent the intervenors' interests).

## III. CONCLUSION

The County respectfully requests that the Court deny the Motion.

DATED: August 21, 2023          MILLER BARONDESS, LLP

By: /s/ Mira Hashmall
    MIRA HASHMALL
    Attorneys for Defendant
    COUNTY OF LOS ANGELES