DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

FILED
CLERK, U.S. DISTRICT COURT

August 21, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: D. Lewman DEPUTY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **COUNTY OF LOS ANGELES' STATEMENT PURSUANT TO DISCOVERY STIPULATION RE: MOTION FOR PROTECTIVE ORDER** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

631101.6

COUNTY'S STATEMENT RE: MOTION FOR PROTECTIVE ORDER

Pursuant to the Parties' discovery stipulation (Dkt. 602) and the Court's August 2, 2023 order ("Order") (Dkt. 604), the County hereby submits this Statement in support of a motion for a protective order. The Order exceeds the relief Plaintiff requested. Compliance would also violate the privacy rights of thousands of third-party individuals by requiring the disclosure of their confidential medical information, and would impose a debilitating and undue burden.

Accordingly, the Court should amend and limit the scope of the Order to RFPs 4 and 6—the only RFPs that were before the Court. At a minimum, the Court should grant a protective order over all documents containing health or personal identifying information (other than Plaintiffs'), and allow the Parties to continue meeting and conferring on search parameters and custodians to eliminate the undue burden on the County of searching for and producing "ALL DOCUMENTS and COMMUNICATIONS" responsive to the Requests as written.

## I. THE COURT RULED ON DISCOVERY NOT IN DISPUTE NOR BEFORE THE COURT ON THE MOTION TO COMPEL

On July 27, 2023, Plaintiff sought a limited order overruling the County's "apex" and deliberative process objections to RFPs 1-4 and 6. Plaintiff's motion addressed only these issues and requests:

> LA Alliance seeks *communications to or from LA County Supervisors and senior staff* (including directors of Department of Mental Health, Public Health, Health Services, Homelessness Initiative, and Chief Executive Office) . . . . (*Pls.' Request for Production Nos. 1-4, 6*.)

(Dkt. 603 at 3 [emphasis added].) Indeed, as the County noted in its portion, the County's other objections to these Requests were not at issue. The Court agreed with the County and denied Plaintiff's motion as to three of the five disputed RFPs.

However, the Order went far beyond the dispute presented (RFPs 1-4 and 6) and inexplicably ruled on *all* of Plaintiff's RFPs. Respectfully, Plaintiff never responded to County's objections; never asked to meet and confer; and never moved to compel responses to anything other than RFPs 1-4 and 6. (Tokoro Decl. ¶¶ 4-13.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

And because the other RFPs were not before the Court, the County was never given an opportunity to be heard on any of its objections to those RFPs.  Indeed, the Order encompasses RFPs that the County produced documents in response to.  (*Id*.; Dkt. 604.)  The Court should therefore limit its Order and not compel unqualified discovery in response to RFPs 5, 7–9, 11, 14–15, and 17–21 until the Parties meet and confer and, if necessary, brief those issues for the Court.

## II.    THE COURT SHOULD ISSUE A PROTECTIVE ORDER

If the Court declines to revise its Order, a protective order needs to issue.  As to the RFPs the County is compelled to respond to, the Order states that "the documents sought…are directly relevant and sufficiently tailored to Plaintiff's claims."  The County's objections were not limited to relevance; it objected to the RFPs on several other grounds, including that by seeking "ALL" documents and communications, the Requests are overbroad and would include confidential, third-party health information protected by the right to privacy under the U.S. and California Constitutions, and regulations governing the disclosure of health info, such as HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act, the Patient Access to Health Records Act, the Insurance Information and Privacy Protection Act, and the Information Practices Act.  (See Dkt. 603, Ex. B.)

**A.    Legal standard.**  The scope of discovery is limited to non-privileged matters that are relevant to any party's claim "*and proportional to the needs of the case*[.]"  F.R.C.P. 26(b)(1)(emphasis added).  Such needs must take consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id*.  Moreover, the Court "must limit the frequency or extent of discovery otherwise allowed" if the Court determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

burdensome, or less expensive," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." F.R.C.P. 26(b)(2)(C)(i),(iii). To that end, the Court may enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" caused by a discovery request of any kind. F.R.C.P. 26(c). "The [C]ourt's responsibility, using all the information provided by the parties, is to consider [the burden and importance of the requested discovery] and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." F.R.C.P. 26 Adv. Comm. Notes (2015 Amendment).

**B.    The discovery is grossly disproportionate to the needs of this case**. The bulk of the RFPs seek "ALL DOCUMENTS and COMMUNICATIONS" "referencing" dozens of broad topics. Indeed, the Court noted that these sort of RFPs are overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A). (*See* Dkt. 604 at 12 [opining that "[c]ourts have rejected even narrower scopes, noting that an order to produce 'any and all documents . . . that discuss, refer, or relate to' the facts at issue does not demonstrate narrow tailoring"] [citing *Seaman v. Sedgwick LLP*, 2014 WL 3738055, at \*3–4 (C.D. Cal. July 28, 2014) and *Rambus Inc. v. Samsung Electronics Co., Ltd.*, 2007 WL 3444376, at \*6 (N.D. Cal. Nov. 13, 2007)].)

It is an understatement to say that compliance with the RFPs as written would cause the County undue burden and expense and render a 2023 trial date impossible. It would grind this litigation—and multiple key County departments—to a halt. The County ran initial searches using terms from the RFPs to try to isolate potentially responsive documents. The County limited the searches to the period January 1, 2018 to August 2, 2023, and—where specified—to communications to/from the Board of Supervisors and Senior Staff. Even so, the number of hits were staggering; the volume of data that would need to be reviewed, sorted, and redacted would be crippling. (*See* Bustamante, Cardenas, Cheng, Huynh, and Suzara Declarations.)

For example, the County's preliminary searches for Board of Supervisors'

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

631101.6

3

COUNTY'S STATEMENT RE: MOTION FOR PROTECTIVE ORDER

communications responsive to RFPs 4-9, 11, 14-15, and 17-20 returned a hit count of over **8 million documents**. (Suzara Decl. ¶¶ 6-20.)  The search for documents potentially responsive to RFP 9 alone yielded **5.6 million** hits, roughly **5.92 terabytes** of data. (*Id.* ¶ 11.)  The County's preliminary searches for CEO communications returned a hit count of over **26 million documents**. (Huynh Decl. ¶¶ 6-20.)

In short, if someone were to review *just the Board of Supervisors and CEO Offices*—totaling **34,273,053 documents**—at a rate of one document per minute, it would take more than **571,217 hours**.  Assuming a 40-hour work week of full time document review, this would take **14,280 weeks** or **275 years**.  It is neither feasible nor warranted to burden the County in this manner.  It would also cost tens of millions of taxpayer dollars, which would be better spent addressing homelessness.

The Court should let the Parties continue to meet and confer about these RFPs the County's objections; they have already exchanged search terms and custodians. The County never had the opportunity to engage in this meet and confer prior to the Order because Plaintiff never requested the County do so.  There is no reason to not allow the Parties to engage in that process now.

**C.     The discovery into confidential medical information violates third-party privacy rights.**  The County was ordered to respond to RFPs that call for the production of third parties' private information including personal identifiers and/or confidential medical information, including mental health treatment.  For example, Requests 6 ("ALL DOCUMENTS… relating to SUBSTANCE USE DISORDER BEDS") and 18 ("ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities beds for [PEH] in need of … SUBSTANCE USE DISORDER SERVICES") would encompass health and treatment records for thousands of SAPC patients.  (Tsai Decl. ¶ 11.)

A protective order would address this threat to medical privacy, and such an order is particularly warranted where, as here, the information pertains to third

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

631101.6

4

parties and is irrelevant to a party's claims.  The claims in this lawsuit boil down to allegations that the County has failed on a policy-wide level; no particular individual's health or medical history is at issue.[1]

Moreover, the County is prohibited by federal law from disclosing substance use disorder patient records without the affirmative consent of the subject patients (*see* 42 C.F.R. § 2.31), or a court order obtained through an application process which requires explicit notice to, and opportunity to be heard by, the subject patients (*see* 42 C.F.R. § 2.64).  Neither condition has been met here.  Thus, without a protective order narrowing the County's obligations with regard to the RFPs, the County cannot comply with both statutory law and this Court's orders.

* * *

In summary, the Court should limit the RFPs to which the County is ordered to respond to those specifically raised by Plaintiff—RFPs 4 and 6, only (the Court denied the motion re RFPs 1-3).  For any RFPs beyond that, the Court should enter a protective order narrowing the scope of each request, such that responding to the RFPs would be a productive exercise in driving this pivotal litigation toward resolution rather than bogging it down for *years* on end.

---

[1]  These privacy concerns are paramount even among the active litigants in this case. Notably, the County agreed to produce information regarding the individual Plaintiffs' receipt of County health services (to the extent it exists), but only two Plaintiffs and one Alliance member agreed to execute authorizations permitting such disclosure.  (Tokoro Decl. ¶¶ 24-26.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

631101.6

5

DATED:  August 16, 2023

Respectfully Submitted,

MILLER BARONDESS, LLP

By: _____
JASON H. TOKORO
Attorneys for Defendant
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

631101.6

6

COUNTY'S STATEMENT RE: MOTION FOR PROTECTIVE ORDER

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DECLARATION OF JASON H. TOKORO IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

631099.3

DECLARATION OF JASON H. TOKORO IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

# DECLARATION OF JASON H. TOKORO

I, Jason H. Tokoro, declare as follows:

1.    I am an attorney duly admitted to practice before this Court. I am a partner with Miller Barondess, LLP, counsel of record for Defendant County of Los Angeles. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts. I make this declaration in support of Defendant County of Los Angeles ("County")'s Motion for Protective Order.

## Plaintiff LA Alliance For Human Right's Discovery Requests

2.    On May 26, 2023, Counsel for Plaintiff LA Alliance For Human Rights ("Alliance") served its Requests for Production of Documents to Defendant County of Los Angeles, Set One (the "Requests"). Counsel for Alliance simultaneously served Alliance's Interrogatories to Defendant County of Los Angeles, Set One and Plaintiff Joseph Burk's Interrogatories to Defendant County of Los Angeles, Set One ("Interrogatories"). A true and correct copy of the Requests is attached hereto as **Exhibit A**.

3.    Five of the Requests sought "ALL DOCUMENTS" as well as all "COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present" regarding a broad range of topics:

   a.    **Request No. 1**: ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing MENTAL HEALTH SERVICES and PEH or HOMELESSNESS.

   b.    **Request No. 2**: ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing SUBSTANCE USE DISORDER in any way and PEH or HOMELESSNESS.

   c.    **Request No. 3**: ALL DOCUMENTS and COMMUNICATIONS to or from Board Supervisors or SENIOR STAFF from 2018 to present relating to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

FUNDING services for HOMELESSNESS or PEH, including for MENTAL HEALTH and SUBSTANCE USE DISORDER SERVICES.

d.    **Request No. 4**: All DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to MENTAL HEALTH BEDS available to the COUNTY, including but not limited to:

- The need for additional beds.

- The number of beds in the COUNTY or otherwise available to the COUNTY that are occupied or unoccupied from 2018 to the present.

- The number of beds available to the COUNTY which are unoccupied.

- The number of beds available to the COUNTY which are occupied.

- The number of beds available to the COUNTY occupied by PEH.

- The number of additional beds needed to assist PEH.

- The number of additional beds requested by LAHSA, the City of Los Angeles, or any other government-sponsored organization conducting outreach to PEH within the City or County of Los Angeles.

- The loss or addition of any beds; and

- The efforts to build or otherwise procure additional beds.

e.    **Request No. 6:** ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, including but not limited to:

- The need for additional beds.

- The number of beds in the COUNTY or otherwise available to the COUNTY in each calendar year from 2018 to the present that are occupied or unoccupied.

- The number of beds available to the COUNTY which are unoccupied.

- The number of beds available to the COUNTY which are occupied.

- The number of beds available to the COUNTY occupied by PEH.

DECLARATION OF JASON H. TOKORO IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

- The number of additional beds needed to assist PEH.

- The number of additional beds requested by Los Angeles Homeless Services Agency ("LAHSA") or any other outreach organization.

- The loss or addition of any beds; and

- The efforts to build or otherwise procure additional beds.

4. On June 16, 2023, I met and conferred with counsel for Alliance, who agreed to extend the County's deadline to provide responses and objections to the Requests and Interrogatories as follows: by July 3, 2023, the County would provide objections to the Requests (and Interrogatories) and, by July 17, 2023, the County would provide documents in response to the Requests as well as responses to the Interrogatories.

5. Notwithstanding that agreement, on June 16, 2023, the County made its first production of documents to Plaintiff, containing over 1,000 documents. This production contains a number of official communications involving the apex officials, including transcripts of meetings of the Board of Supervisors ("Board") as well as agendas, statements of proceedings, and Board motions. These documents contain or reference materials that were available to the Supervisors for the County of Los Angeles before they vote on any actions.

6. The County timely met its obligations per the Parties' agreement and, on July 3, 2023, served Alliance with its objections to the Requests.

7. Following a reasonable search and a diligent inquiry, the County objected to Requests 1–4 and 6. Because, based on my investigation and research, these Requests were objectionable in overlapping ways and, on behalf of the County, I interposed the same objections to Requests Nos. 1–4 and 6:

> Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

631099.3

4

DECLARATION OF JASON H. TOKORO IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

applicable privilege. Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . referencing" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

8.   A true and correct copy of the County's July 3, 2023 Objections to the Requests is attached hereto as **Exhibit B**.

9.   On July 7, 2023, I received an e-mail from counsel for Alliance stating that would "will be raising the issue of the County's refusal to produce any communications to and from the Supervisors immediately with the court." A true and correct copy of counsel for Alliance's July 7, 2023 is attached hereto as **Exhibit C**.

10.   I received this e-mail more than a week before the County's deadline to produce documents in response to the Requests.

11.   On July 17, 2023, the County timely met its obligations per the Parties' agreement and served Alliance with supplemental responses to the Requests, the County's second document production, and supplemental responses to the Interrogatories.

12.   The next day, July 18, 2023, I met and conferred with counsel for Alliance regarding the County's objections based on the deliberative process privilege and the apex witness doctrine to producing communications involving the Board or other high-level government officials such as the Chiefs of Staff and Department heads. Counsel for Alliance did not address any of the County's other objections to Requests Nos. 1–4 and 6, nor did counsel for Alliance raise any dispute as to the County's objections and responses to any other Request or to the Interrogatories. It follows that the Parties never met and conferred regarding any

DECLARATION OF JASON H. TOKORO IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

other Request.

13.    Counsel for Alliance sent me the moving portion of their joint statement regarding Requests Nos. 1–4 and 6 [filed at Dkt. 603] the same day.

**Burden Of Responding To The Court's Order As Written**

14.    On August 2, 2023, I received and reviewed the Court's minute order regarding Plaintiffs' Requests For Production (the "Order") [Dkt. 604].

15.    In the Order, the Court ruled on all of the Requests, including Requests that were not the subject of the Parties' Joint Statement [Dkt. 603].

16.    The Order directs the County to produce documents in response to Requests Nos. 4–9, 11, 14–15, and 17–21.  Of those Requests, only two were part of the Parties' Joint Statement (Requests Nos. 4 and 6).  The Order denied Alliance's motion to compel with respect to the other three Requests that were the subject of the Parties' Joint Statement (Requests Nos. 1–3.)

17.    Responding to the Order would be extraordinarily costly and burdensome.

18.    Five departments within the County (Board Executive Office, Chief Executive Office, Mental Health, Public Health, and Health Services) have evaluated the volume of documents that would have to be reviewed in response to the Order using search terms.

19.    It is my understanding that just those departments have returned a hit count of over 35 million documents.

20.    Typically, documents can be reviewed at an average rate of 45 documents per hour.  That rate can be much slower in the case of lengthy documents or documents that must be reviewed in native format (such as Excel spreadsheets).

21.    Even using a conservative rate and without accounting for any quality-control or privilege review, it would take *hundreds of years* (based on a 40-hour work week, 52 weeks a year) to review those documents.

22.    Miller Barondess, LLP does not have enough attorneys on staff to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

handle such a review. To retain contract attorneys to perform that review would cost approximately $55-70/hour. Even at the low end of that scale, it would cost tens of millions of dollars to perform the first-level review of documents subject to the Order.

23.    However, given the types of records requested in this case, including patient treatment files and communications involving the Board of Supervisors and other high-level government officials, a careful and detailed review for privileged and protected information would be necessary. That review could not be completed by contract attorneys due to their lack of case-specific experience as well as the highly sensitive nature of the information known to be contained in the documents.

24.    For example, the County agreed in its responses to the Requests to produce documents regarding services or treatment received or requested by Plaintiffs or Alliance's members. However, the County Departments could not search for or release those documents—even to County Counsel—without written authorization from the individuals who were the subject of those documents.

25.    Plaintiffs and Alliance members were resistant to executing these authorization forms.

26.    To date, only two Plaintiffs and one member of Alliance has executed the forms—and those would release only *their own records*.

27.    Privilege review is much slower than an ordinary review. Typically, documents can be reviewed at an average rate of 15-20 documents per hour or less, as the reviewers must make notes to explain the grounds of privilege and/or apply redactions to documents. If even 1 percent of the documents are privileged (or potentially privileged, necessitating further review) it would take over 32 years to complete that review.

**Post-Order Efforts To Meet and Confer**

28.    The County is already negotiating a list of search terms and custodians with counsel for Alliance regarding the Requests.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DECLARATION OF JASON H. TOKORO IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

29.    I was told by County IT that it can take several days to receive hit counts, particularly where (as here) the searches are voluminous.

30.    As of August 16, 2023, I have not received the results of Plaintiff's proposed search terms.  I anticipate that I will have those soon.

31.    However, in light of the deadline set in the Order for a motion for a protective order, we have no choice but to move forward with the instant filing as we work with opposing counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.

JASON H. TOKORO

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

631099.3

9

DECLARATION OF JASON H. TOKORO IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

**INDEX OF EXHIBITS TO THE DECLARATION OF JASON H. TOKORO**

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | Plaintiff LA Alliance for Human Rights's Request for Production of Documents to Defendant County of Los Angeles, Set One. | 11-24 |
| B. | Defendant County of Los Angeles' Responses and Objections to Plaintiff LA Alliance for Human Rights' Requests For Production of Documents, Set One | 25-65 |
| C. | Email dated July 7, 2023. | 66-68 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DECLARATION OF JASON H. TOKORO IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

# Exhibit A

UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: 213-394-7979
Facsimile: 213-529-1027
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, *et al.*, <br><br> Defendants. | CASE NO. 2:20-CV-02291-DOC-KES <br><br> Assigned to Judge David O. Carter <br><br> **PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE** |

PROPOUNDING PARTY:        LA Alliance for Human Rights

RESPONDING PARTY:        County of Los Angeles

SET. NO.:        One

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rules 34-1, 34-2, and 34-3 of the United States District Court of the Central District of California, LA Alliance for Human Rights ("Plaintiff") hereby requests that Defendant the County of Los Angeles  ("County" or "Defendant") respond to the following requests for production of documents fully and separately, in writing and under oath, and deliver such responses no later than thirty (30) days from the date of service of these requests

1

for production of documents  (the "Requests"), at the offices of Umhofer, Mitchell & King LLP, 767 S. Alameda St., Suite 270, Los Angeles, CA 90021, or at such other place as agreed upon by counsel.

### DEFINITIONS

1.      The term "COUNTY" refers to the County of Los Angeles, as well as employees, agents, attorneys, or any other person or entity acting or purporting to act on its behalf.

2.      The terms "MENTAL HEATH" and "MENTAL HEALTH SERVICE" and "MENTAL HEALTH SERVICES" refers to assessment, diagnosis, treatment, counseling, or medication education and management offered in private, public, inpatient, or outpatient settings for the maintenance of mental health or the treatment of mental disorders.

3.      The term "MENTAL HEALTH BED" or "MENTAL HEALTH BEDS" refers to a physical bed in a "clinical" or "licensed" facility designed to assist an individual with MENTAL HEALTH SERVICES including but not limited to inpatient, crisis, acute, subacute, and long term care residential facilities.

4.      The term "SUBSTANCE USE DISORDER" refers to a chronic diseases characterized by a problematic pattern of use of a substance or substances leading to impairments in health, social function, and control over substance use, as defined by the Center for Disease Control and Prevention.

5.      The term "SUBSTANCE USE DISORDER SERVICES" refers to assessment, diagnosis, treatment, counseling or medication education and management offered in private, public, inpatient, or outpatient settings for the treatment of SUBSTANCE USE DISORDER.

6.      The term "SUBSTANCE USE DISORDER BED" or "SUBSTANCE USE DISORDER BEDS" refers to a physical bed in a "clinical" or "licensed" facility designed to assist an individual or groups of individuals with SUBSTANCE USE DISORDER SERVICES.

2

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

7.      The term "DOCUMENT" "DOCUMENTS" shall be construed as broadly as Federal Rules of Civil Procedure 26 and 34 permit and shall include, but not be limited to, any and all documents, electronically stored information, communications, and/or tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, data, and data compilations, stored in any medium from which information can be obtained.  The term "document" shall include not only originals but also any drafts, copies, reproductions, and portions of any document.

8.      The term "COMMUNICATION" or "COMMUNICATIONS" refers to the transmittal of documents or information by any medium, including but not limited to emails, text messages (all phones in possession of the individual, including personal and County-owned), audio recording, video recording, correspondence, letters, facsimiles, and direct messages via any online portal or website.

9.      The term "SENIOR STAFF" refers to LA County Supervisor chiefs of staff, LA County Supervisor homelessness deputies, the Chief Executive Officer, Executive Director of the Homelessness Initiative, Director of the Department of Mental Health, Director of the Department of Public Health, and Director of Health Services.

10.      The term "PEH" references one or more person experiencing homelessness as defined in 42 U.S.C. §11302.

11.      The term "HOMELESSNESS' references the topic of homelessness or the experience of a PEH, as "homeless" is defined in 42 U.S.C. § 11302.

12.      The term "WHISTLEBLOWER" references any person who reports waste, fraud, abuse, corruption, or health and safety dangers to someone who is in the position to rectify the wrongdoing.  The term "WHISTLEBLOWER COMPLAINTS" refers to all complaints by COUNTY employees made to supervisors or other individuals within or outside the COUNTY who is the position to rectify the wrongdoing.

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

**EXHIBIT A - Page 14**

13.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of documents all responses that might otherwise be construed to be outside their scope.

14.     The term "describe" means to state with particularity all material information pertaining to the subject matter of the request.

15.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

16.     If the request does not specify a date range, the default date range to be requested is from 2018 to the present.

17.     The term "electronically stored information" encompasses electronic information and data stored on or obtainable from any medium, including, but not limited to, computers, computer servers, magnetic or other back-up tapes, hard drives, Internet websites or webpages, laptops, cellular phones, smart phones/PDAs, iPads or other tablet computers, electronic reading devices, hard drives, hard disks, floppy disks, flash drives, USB storage devices, CD-ROMs, zip drives, memory sticks or memory cards, computer chips, cloud storage, FTP storage, and any other type of physical, remote, or other storage.

## INSTRUCTIONS

1.     In producing DOCUMENTS and other materials in response to this document request, YOU are requested to furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by YOU or YOUR partners, agents, employees, representatives, subsidiaries, affiliates or investigators, or by YOUR attorneys or their agents, employees or investigators.

2.     The Responding Parties shall produce the original of each DOCUMENT described below or, if the original is not available, then a copy thereof; and in any event also all non-identical copies which differ from the original or from the other copies produced for any reason, including the making of notes thereon (on either the front or back of the DOCUMENT), and drafts.  A DOCUMENT also shall be considered non-

4

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

identical and must be produced if it was kept in a different file from another copy of the same DOCUMENT (which otherwise was identical). For example, and including without limitation, if the same DOCUMENT was kept in the usual course of business in the files of two different corporate directors then both copies must be produced even if they were otherwise identical.

3. All DOCUMENTS produced shall be bound or stapled in the same manner as the original.

4. All DOCUMENTS shall be produced as they are kept in the usual course of business or the DOCUMENTS shall be organized and labeled to correspond to the categories in the requests.

5. DOCUMENTS shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

6. Production shall include the title or the like however denominated of the file, folder, binder, cover or container (or the like however denominated) in which the DOCUMENTS were kept in the ordinary course of business.

7. In your response to each request, identify by Bates Number, including prefix, or otherwise the identity of the person, department, branch, division or office from whose files the DOCUMENT(S) are being produced.

8. The fact that a DOCUMENT has been or shall be produced by one party or entity does not relieve any other party or entity from the obligation to produce his, her or its copy of the same DOCUMENT, even if the two DOCUMENTS are identical in all respects.

9. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), Defendant requests that the electronically stored information responsive to these Requests be produced as single-page TIFF image files, in an electronic format, and accompanied by an IPRO Image. LFP load file or other generally acceptable load file format. The fully extracted text (or, where not available, an accompanying OCR file) should be included and produced at a document level named by the Bates number of the first page of the

5

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

**EXHIBIT A - Page 16**

document.  All available metadata shall also be produced in a generally acceptable format.  Excel spreadsheets, other spreadsheet-like files, audio files, video files, and any other data not readable in or conformable to a single-page TIFF format shall be produced in native format.  If you object to the requested forms of production of electronically stored information set forth herein, state the form or forms of production of electronically stored information that you intend to use.

These DOCUMENTS shall be produced with an accompanying index, to the extent one exists, that lists:

- Beg doc # - DOCUMENT first Bates number;
- End doc # - DOCUMENT last Bates number;
- Secondary begin doc # - First Bates number of unit;
- Secondary end doc # - End Bates number of unit (last page of last attachment to DOCUMENT);
- Owner- Name of person whose files the DOCUMENT comes from;
- DOCUMENT date - date of file;
- File size - number of bytes in the file;
- File name - name of the file;
- DOCUMENT type - DOCUMENT type;
- DOCUMENT title - re: line of DOCUMENT;
- Author - Author;
- Recipient - recipients;
- Cc - carbon copies; and
- bcc - blind carbon copies.

10.    All other DOCUMENTS shall be produced in searchable PDF format to the extent they are available, or can be made available, in that format.

11.    All electronic mail shall be provided in native e-mail format (e.g., .pst, .nsf, .xls, and .doc), with metadata, with the following fields combined in an accompanying index:

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

**EXHIBIT A - Page 17**

- Owner - Name of person whose e-mail file or other e-files are being provided;
- File Name - Name of file;
- File Date - Date of file; and
- File Size - Size of file.

12. For responses which require a search of electronically stored information, responding party shall include the search terms used to obtain responsive DOCUMENTS.

13. For those paper DOCUMENTS which have been created digitally but executed with a hand-written signature or physical seal, then both the digital version and the signed paper copy should be produced.

14. YOU are instructed to produce each DOCUMENT in response to this DOCUMENT request in its entirety, without deletion or excision, regardless of whether you consider the entire DOCUMENT to be relevant or responsive. If any requested DOCUMENT cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT, or portion of that DOCUMENT, is being withheld, and the reason that DOCUMENT or portion is being withheld.

15. If YOU object to any request in this DOCUMENT request on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response to the request as narrowed to conform to YOUR objection within the period allowed for a response and to state in YOUR responses: (1) how YOU narrowed the request, and (2) the reason why YOU claim the request is overly broad.

16. If YOU assert any claim of privilege, whether attorney-client, work-product or otherwise, in objecting to any of the DOCUMENT requests herein, and withhold any responsive DOCUMENT pursuant to that objection, identify each DOCUMENT by providing the date, title, recipient(s), author(s) and a brief description of the DOCUMENT including, but not limited to, the type of DOCUMENT and its subject.

7

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

**EXHIBIT A - Page 18**

17. If a DOCUMENT responsive to a DOCUMENT request has been destroyed or discarded, identify the DOCUMENT in the same manner in which the privileged DOCUMENTS are to be identified as stated above.

18. If no DOCUMENTS responsive to a particular DOCUMENT request exist or are within YOUR possession, custody, or control, YOU must so state in YOUR response to the request.

19. This request is continuing so as to require supplemental production pursuant to Rule 26(a) of the FRCP. If YOU discover, obtain possession of, or create, varying or additional DOCUMENTS responsive to the request between the time of the original response and the time set for trial, notice of such supplemental DOCUMENTS and copies thereof shall be served on PLAINTIFF'S counsel no later than thirty days after the discovery of any such DOCUMENTS, but in no event later than one week before the first day of trial.

20. To the extent Responding Party believes a Protective Order is necessary to produce any document under any request herein, Responding Party shall immediately inform Requesting Party describing the basis or need for such an order.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing MENTAL HEALTH SERVICES and PEH or HOMELESSNESS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing SUBSTANCE USE DISORDER in any way and PEH or HOMELESSNESS.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS to or from Board Supervisors or SENIOR STAFF from 2018 to present relating to FUNDING services for

8

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

HOMELESSNESS or PEH, including for MENTAL HEALTH and SUBSTANCE USE DISORDER SERVICES.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to MENTAL HEALTH BEDS available to the COUNTY, including but not limited to:

- The need for additional beds.
- The number of beds in the COUNTY or otherwise available to the COUNTY that are occupied or unoccupied from 2018 to the present.
- The number of beds available to the COUNTY which are unoccupied.
- The number of beds available to the COUNTY which are occupied.
- The number of beds available to the COUNTY occupied by PEH.
- The number of additional beds needed to assist PEH.
- The number of additional beds requested by LAHSA, the City of Los Angeles, or any other government-sponsored organization conducting outreach to PEH within the City or County of Los Angeles.
- The loss or addition of any beds; and
- The efforts to build or otherwise procure additional beds.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied.
- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles which are occupied.
- MENTAL HEALTH BEDS in or otherwise available to the COUNTY of Los Angeles which are unoccupied.

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

**EXHIBIT A - Page 20**

- PEH whom have been assessed, require a MENTAL HEALTH BED, but for whom no MENTAL HEALTH BED is available.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, including but not limited to:

- The need for additional beds.
- The number of beds in the COUNTY or otherwise available to the COUNTY in each calendar year from 2018 to the present that are occupied or unoccupied.
- The number of beds available to the COUNTY which are unoccupied.
- The number of beds available to the COUNTY which are occupied.
- The number of beds available to the COUNTY occupied by PEH.
- The number of additional beds needed to assist PEH.
- The number of additional beds requested by Los Angeles Homeless Services Agency ("LAHSA") or any other outreach organization.
- The loss or addition of any beds; and
- The efforts to build or otherwise procure additional beds.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied;
- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are occupied;
- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are unoccupied;

10

- PEH whom have been assessed, require a SUBSTANCE USE DISORDER BED, but for whom no SUBSTANCE USE DISORDER BED is available.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS relating to MENTAL HEALTH and MEASURE H FUNDING, including but not limited to:

- Requests to use Measure H funding for any MENTAL HEALTH SERVICE.
- Denials of any requests to use Measure H funding for any MENTAL HEALTH SERVICE.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS relating to Mental Health Services Act (hereinafter "MHSA") and Full Service Partnerships ("FSPs"), including but not limited to:

- The number of FSP applications.
- The number of FSPs that have been granted, dispersed, accepted or otherwise in use or active.
- The number of FSPs that have been denied, declined, refused, or otherwise not in use or not active.
- The need for additional FSPs
- The percentage of MHSA funds used for FSPs.
- FSPs needed or used for or by PEH.
- The need to increase FSP funding to meet MHSA requirements.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to demonstrate the current amount of funds in any MHSA account, including both encumbered or unencumbered dollars.  For this purpose "encumbered" describes funds which have been dedicated or otherwise allocated but not yet spent.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS and COMMUNICATIONS relating to unspent MHSA

11

funds in each fiscal year for the last ten years.  "Unspent MHSA funds" includes all funds which have been or will be reverted or used or otherwise rolled over to the following fiscal year.

**REQUEST FOR PRODUCTION NO. 12:**

ALL non-privileged COMMUNICATIONS and DOCUMENTS relating to the LA ALLIANCE case.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS and COMMUNICATIONS to or from any Board Supervisor or SENIOR STAFF relating to the CITY OF LOS ANGELES and HOMELESSNESS or PEH.

**REQUEST FOR PRODUCTION NO. 14:**

ALL WHISTLEBLOWER COMPLAINTS related to MENTAL HEALTH or SUBSTANCE USE DISORDER and HOMELESSNESS or PEH.

**REQUEST FOR PRODUCTION NO. 15:**

ALL complaints that have been received by COUNTY Supervisor field offices since 2018 to the present relating to PEH.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS related to LAHSA and City of Los Angeles ENCAMPMENT ENGAGEMENT EFFORTS.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS related to outreach efforts to PEH in need of MENTAL HEALTH SERVICES and the resolution of those efforts or engagements.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities ("Board and Care") beds for people experiencing homelessness in need of MENTAL HEALTH SERVICES or SUBSTANCE USE DISORDER SERVICES.

12

*PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS'S RFPS TO DEFENDANT COUNTY OF LOS ANGELES, SET ONE*

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS to or from the COUNTY Blue Ribbon Commission on Homelessness regarding MENTAL HEALTH, SUBSTANCE USE DISORDER, MENTAL HEALTH SERVICES, or SUBSTANCE USE DISORDER SERVICES.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS related to the report dated October 29, 2019 titled "Addressing the Shortage of Mental Health hospital Beds: Board of Supervisors Motion Response" by Jonathan Sherin, (Former) Director of the Department of Mental Health, including all updates, addendums, supplements, and appendices thereto.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to reflect all vacant property owned by the COUNTY, including:

- Parcels which have been offered for PEH shelter or housing which have not been utilized
- Parcels which have not been offered for PEH shelter or housing

For this purpose "vacant" refers to land which is currently unoccupied by any individual for living or working purposes, even if said land currently has one or more structures on the land which are not being currently utilized for living or working purposes.

Dated: May 26, 2023                              Respectfully submitted,

                                                 */s/ Elizabeth A. Mitchell*
                                                 UMHOFER, MITCHELL & KING LLP
                                                 Matthew Donald Umhofer
                                                 Elizabeth A. Mitchell

                                                 *Attorneys for Plaintiffs*

13

# Exhibit B

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **DEFENDANT COUNTY OF LOS ANGELES' RESPONSES AND OBJECTIONS TO PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

620103

*(left margin, vertical text)* MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

PROPOUNDING PARTY:   LA ALLIANCE FOR HUMAN RIGHTS

RESPONDING PARTY:    COUNTY OF LOS ANGELES

SET NO.:             ONE (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Central District of California Local Rule 34-2, Defendant County of Los Angeles ("Responding Party" or the "County") hereby responds and objects to Plaintiff LA Alliance for Human Rights' ("Propounding Party" or "Plaintiff") First Set of Requests for Production of Documents (the "Requests") as follows:

## PRELIMINARY STATEMENT

This Preliminary Statement applies to all responses that Responding Party may hereafter make to the Requests.  Responding Party's responses are made without waiving, or intending to waive, but on the contrary, expressly reserving: (1) the right to object on any and all proper grounds to the use of these responses in any other action; (2) the right to object on any and all proper grounds to the admissibility of these responses; (3) the right to object on any and all proper grounds to any other discovery procedure involving or relating to the subject matter of the Requests; (4) the right at any time to revise, correct, add to, or clarify any of these responses; and (5) the right to amend or supplement these responses in the event that documents are unintentionally omitted or are subsequently identified during the course of the parties' ongoing discovery efforts.

Responding Party has made an effort to respond to the Requests, to the extent they call for information that is not otherwise privileged or objectionable, as Responding Party understands and interprets them.  If Propounding Party subsequently asserts a different interpretation, Responding Party reserves the right to supplement Responding Party's responses. The fact that Responding Party has responded or objected to any Request or part thereof may not be taken as an admission that Responding Party admits the existence of any fact set forth in or

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

2

assumed by such Request or that such a response constitutes relevant or material evidence. No implied admissions whatsoever are intended by these responses.

Responding Party has included the objections herein because Propounding Party's Requests, as phrased, are subject to those objections. Propounding Party should not assume that any documents exist that would have been produced absent any particular objection or that any agreement to produce documents means that in fact any such documents exist. To the extent Responding Party has responded to any Request by stating that it will produce "all" documents responsive to the described category, Responding Party agrees only to exercise reasonable diligence in locating documents that are responsive to the Request. Moreover, unless otherwise stated, any response stating that Responding Party will produce "documents" includes "communications" reduced to documentary form that are in Responding Party's possession, custody, or control.

Responding Party's responses to these Requests are based upon facts presently known to Responding Party following a diligent search and a reasonable inquiry in response to these Requests.  Responding Party's investigation and discovery, including the review of Responding Party's own files, are continuing and Responding Party may subsequently learn additional facts and uncover additional documents in Responding Party's possession.  Responding Party reserves the right to rely upon all such evidence as may become available during the course of discovery and trial preparation and to use the same at trial or otherwise in this action.  However, Responding Party undertakes no duty to supplement Responding Party's responses beyond the requirements in the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS AND
## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following General Objections apply to all the Requests and Propounding Party's Definitions and Instructions, and are incorporated by this reference into each and every response hereinafter stated as if set forth in full therein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

3

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

A.    Responding Party objects to the Requests on the grounds, and to the extent, that they call for information: (i) that is protected by any privilege or protection, including, without limitation, the attorney-client privilege, the deliberative process privilege, and the attorney work-product doctrine; (ii) that was prepared in anticipation of litigation; (iii) that is a trade secret or confidential or proprietary information; and/or (iv) that is otherwise protected from disclosure under any statutory or common law.  Inadvertent production or disclosure of any such information and/or documents is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information and/or document, or with respect to the subject matter thereof. Nor shall such inadvertent production or disclosure waive Responding Party's right to object to the use of any such information and/or document during this action or in any other proceeding.  Responding Party claims all such privileges and invokes all such protections.

B.    Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that contains confidential and/or private information of a third party, or the confidential and/or private information of Responding Party, or the joint confidential and/or private information of Responding Party and a third party.

C.    Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that is equally available to Propounding Party or is in the public record, because such requests are unduly burdensome and oppressive and cause Responding Party unnecessary burden and expense.

D.    Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that is not within Responding Party's possession, custody, or control.

E.    Responding Party objects to the Requests on the grounds, and to the extent, that they seek information that is neither relevant to the subject matter of the

4

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

pending proceedings nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.      Responding Party objects to the Requests on the grounds, and to the extent, that they are designed to cause undue annoyance, harassment or oppression.

G.      Responding Party objects to the Requests on the grounds, and to the extent, that they are overly broad as to the subject matter, time or otherwise.

H.      Responding Party objects to the Requests on the grounds, and to the extent, that they are vague or ambiguous, or both and, as such, would require Responding Party to speculate as to the meaning of the Requests.

I.      Responding Party objects to the Requests on the grounds, and to the extent, that they seek discovery of expert witness information or documents outside of the scope of or before the time specified by the Federal Rules of Civil Procedure.

J.      Responding Party objects to the Requests as unduly burdensome on the grounds that they seek a voluminous number of documents and provide for a limited timeframe in which to respond to the Requests, which is inadequate to allow Responding Party to conduct a diligent search and reasonable inquiry for responsive documents, and properly review for responsiveness, confidentiality, and privilege. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will produce responsive documents, if any, by July 17, 2023 or, as the Requests are continuing in nature, within a reasonable time of discovering additional non-privileged documents responsive to the Requests.

K.      Responding Party objects to the Requests to the extent they purport to require the County to respond to the Requests "under oath" on the grounds that it exceeds the obligations of Federal Rule of Civil Procedure 34, which does not require the verification of responses and objections to requests for production.

<div align="center">5</div>

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

L.      Responding Party objects to the Requests as vague to the extent they use terms that are capitalized but undefined in the Requests.  For purposes of these responses, Responding Party gives capitalized but undefined terms their ordinary meaning.  If Propounding Party subsequently asserts a different interpretation, Responding Party reserves the right to supplement Responding Party's responses.

M.      Responding Party objects to the definition of "COUNTY" as vague on the ground that Propounding Party's definition is inconsistent with Propounding Party's use of "COUNTY" within other definitions as well as the Requests.  Responding Party further objects to the definition of "COUNTY" as overbroad, on the ground that Propounding Party's definition purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34(a)(1) by requiring Responding Party to search for and produce documents in the possession, custody, or control of person(s) other than Responding Party, including documents subject to attorney-client privilege and the attorney work product doctrine.  For purposes of these responses, Responding Party construes "COUNTY" as referring to Responding Party the County of Los Angeles, a defendant in this case.  Pursuant to Federal Rule of Civil Procedure 34, Responding Party will only produce responsive documents, if any, that are non-privileged, within its possession, custody, or control, and can be located in the exercise of reasonable diligence.

N.      Responding Party objects to the definition of "COMMUNICATION" and "COMMUNICATIONS" on the grounds that it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34(a)(1) by requiring Responding Party to search for and produce documents in the possession, custody, or control of person(s) other than Responding Party.  Pursuant to Federal Rule of Civil Procedure 34, Responding Party will only produce responsive documents, if any, that are non-privileged, within its possession, custody, or control, and can be located in the exercise of reasonable diligence.

O.      Responding Party objects to the definition of "MENTAL HEALTH SERVICES" as overbroad and vague on the ground that Propounding Party's definition includes multiple sub-categories, each of which is susceptible to differing, subjective determinations, and many of which are not relevant to the claims and defenses asserted in this case.

P.      Responding Party objects to the definition of "SUBSTANCE USE DISORDER SERVICES" as overbroad and vague on the ground that Propounding Party's definition includes multiple sub-categories, each of which is susceptible to differing, subjective determinations, and many of which are not relevant to the claims and defenses asserted in this case.

Q.      Responding Party objects to the definitions of "WHISTLEBLOWER" and "WHISTLEBLOWER COMPLAINTS" as vague and ambiguous to the extent that they are susceptible to differing, subjective determinations and lack sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.

R.      Responding Party objects to Instruction No. 1 to the extent it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34(a)(1).  Pursuant to Federal Rule of Civil Procedure 34, Responding Party will only produce responsive documents, if any, that are non-privileged, within its possession, custody, or control, and can be located in the exercise of reasonable diligence.  The fact that Responding Party has responded to any Request or part thereof may not be taken as an admission that documents in (or believed by Plaintiffs to be in) the possession, custody, or control of Responding Party's "partners, agents, employees, representatives, subsidiaries, affiliates or investigators," or Responding Party's "attorneys or their agents, employees or investigators," are in Responding Party's possession, custody, or control.

S.      Responding Party objects to Instruction No. 2 to the extent it calls for the production of "the original" responsive document(s), if available, on the grounds

7

that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.  Propounding Party's definition of "DOCUMENT" includes electronically stored information.  To the extent Responding Party produces any electronically stored information in response to the Requests, Responding Party will produce copies thereof.  Responding Party further objects to Instruction No. 2 to the extent it uniformly calls for duplicative copies of the same documents on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 26 and 34, which limits the scope of discovery to nonprivileged matters relevant to any party's claim or defense and proportional to the needs of the case.  The production of identical documents is not proportional to the needs of the case.

T.     Responding Party construes Instruction Nos. 3, 5, and 6 as applying only to the inspection or production of documents available solely in non-electronic form.

U.     Responding Party objects to Instruction No. 7 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

V.     Responding Party objects to Instruction No. 9 as unduly burdensome to the extent it calls for an "index" on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

W.     Responding Party objects to Instruction No. 9 as unduly burdensome to the extent it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34 and the capabilities of the standard document management system utilized by counsel for Responding Party. Responding Party further objects to Instruction No. 9 as vague to the extent that "[a]ll available metadata" is not defined in the Requests.  Responding Party will produce responsive ESI, if any, in .TIFF format with a .DAT and .OPT file along

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

8

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

with the production.  Spreadsheets and other documents not conformable to .TIFF format shall be produced in native form.

X.     Responding Party objects to Instruction No. 10 as vague on the grounds that it is inconsistent with Instruction No. 9.

Y.     Responding Party objects to Instruction No. 11 as vague on the grounds that it is inconsistent with Instruction No. 9, and as unduly burdensome to the extent it purports to impose obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34 and the capabilities of the standard document management system utilized by counsel for Responding Party.  Responding Party will produce responsive e-mails, if any, in accordance with its objection to Instruction No. 9.

Z.     Responding Party objects to Instruction No. 12 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34, and calls for information protected from discovery by attorney-client privilege or work product protection.

AA.   Responding Party objects to Instruction No. 13 to the extent it uniformly calls for duplicative copies of the same documents on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 26 and 34, which limits the scope of discovery to nonprivileged matters relevant to any party's claim or defense and proportional to the needs of the case.  The production of otherwise identical documents is not proportional to the needs of the case.

BB.   Responding Party objects to Instruction No. 15 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

CC.   Responding Party objects to Instruction No. 17 on the grounds that it imposes obligations on Responding Party beyond the requirements of Federal Rule of Civil Procedure 34.

These responses are submitted subject to, and without waiving or intending to waive, the Preliminary Statement and Objections set forth herein.

### SPECIFIC RESPONSES AND OBJECTIONS TO

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing MENTAL HEALTH SERVICES and PEH or HOMELESSNESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods.  *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at \*15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at \*2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . referencing" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present referencing SUBSTANCE USE DISORDER in any way and PEH or HOMELESSNESS.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the ground that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods.  *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less

<div align="center">12</div>

<div style="text-align: left; font-variant: small-caps;">
MILLER BARONDESS, LLP<br>
ATTORNEYS AT LAW<br>
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>
TEL: (310) 552-4400   FAX: (310) 552-8400
</div>

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

burdensome form of discovery.  Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . referencing" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS to or from Board Supervisors or SENIOR STAFF from 2018 to present relating to FUNDING services for HOMELESSNESS or PEH, including for MENTAL HEALTH and SUBSTANCE USE DISORDER SERVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the ground that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the ground that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks

13

documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be

14

limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to MENTAL HEALTH BEDS available to the COUNTY, including but not limited to:

- The need for additional beds.

- The number of beds in the COUNTY or otherwise available to the COUNTY that are occupied or unoccupied from 2018 to the present.

- The number of beds available to the COUNTY which are unoccupied.

- The number of beds available to the COUNTY which are occupied.

- The number of beds available to the COUNTY occupied by PEH.

- The number of additional beds needed to assist PEH.

- The number of additional beds requested by LAHSA, the City of Los Angeles, or any other government-sponsored organization conducting outreach to PEH within the City or County of Los Angeles.

- The loss or addition of any beds; and

- The efforts to build or otherwise procure additional beds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this

15

**EXHIBIT B - Page 40**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to

16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied.

- MENTAL HEALTH BEDS available to the COUNTY of Los Angeles which are occupied.

- MENTAL HEALTH BEDS in or otherwise available to the COUNTY of Los Angeles which are unoccupied.

- PEH whom have been assessed, require a MENTAL HEALTH BED, but for whom no MENTAL HEALTH BED is available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17, 2023.

17

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS from or to Board Supervisors or SENIOR STAFF from 2018 to the present relating to SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, including but not limited to:

- The need for additional beds.

- The number of beds in the COUNTY or otherwise available to the COUNTY in each calendar year from 2018 to the present that are occupied or unoccupied.

- The number of beds available to the COUNTY which are unoccupied.

- The number of beds available to the COUNTY which are occupied.

- The number of beds available to the COUNTY occupied by PEH.

- The number of additional beds needed to assist PEH.

- The number of additional beds requested by Los Angeles Homeless Services Agency ("LAHSA") or any other outreach organization.

- The loss or addition of any beds; and

- The efforts to build or otherwise procure additional beds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

18

documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be

19

limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of:

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles, whether occupied or unoccupied;

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are occupied;

- SUBSTANCE USE DISORDER BEDS available to the COUNTY of Los Angeles which are unoccupied;

- PEH whom have been assessed, require a SUBSTANCE USE DISORDER BED, but for whom no SUBSTANCE USE DISORDER BED is available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

20

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS relating to MENTAL HEALTH and MEASURE H FUNDING, including but not limited to:

- Requests to use Measure H funding for any MENTAL HEALTH SERVICE.

- Denials of any requests to use Measure H funding for any MENTAL HEALTH SERVICE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery.  Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which

21

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS relating to Mental Health Services Act (hereinafter "MHSA") and Full Service Partnerships ("FSPs"), including but not limited to:

- The number of FSP applications.

- The number of FSPs that have been granted, dispersed, accepted or otherwise in use or active.

- The number of FSPs that have been denied, declined, refused, or otherwise not in use or not active.

- The need for additional FSPs

- The percentage of MHSA funds used for FSPs.

- FSPs needed or used for or by PEH.

- The need to increase FSP funding to meet MHSA requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party

22

further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 *et seq.*), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

23

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to demonstrate the current amount of funds in any MHSA account, including both encumbered or unencumbered dollars. For this purpose "encumbered" describes funds which have been dedicated or otherwise allocated but not yet spent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS and COMMUNICATIONS relating to unspent MHSA funds in each fiscal year for the last ten years. "Unspent MHSA funds" includes all funds which have been or will be reverted or used or otherwise rolled over to the following fiscal year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

24

relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party further objects to this Request as not proportionate to the needs of this case, because any relevant documents responsive to this Request could be obtained from a less burdensome form of discovery, including duplicative discovery already served by Propounding Party into the subject(s) of this Request. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17, 2023.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 12:**

ALL non-privileged COMMUNICATIONS and DOCUMENTS relating to the LA ALLIANCE case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

25

and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS and COMMUNICATIONS to or from any Board Supervisor or SENIOR STAFF relating to the CITY OF LOS ANGELES and HOMELESSNESS or PEH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

26

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Request on the grounds that the requested discovery is for an improper purpose of annoyance, embarrassment, oppression, and/or undue burden to the extent it seeks documents from individuals at the "apex" of the County, who do not have unique, first-hand, non-repetitive knowledge of facts relevant to this case and are protected from discovery until Plaintiff exhausts other, less intrusive discovery methods. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (discussing apex witness doctrine); *Harmston v. City & Cnty. of San Francisco*, 2007 WL 3306526, at *2 (N.D. Cal. Nov. 6, 2007) (applying apex rule to governmental leaders); *accord Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents. Subject to

27

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 14:**

ALL WHISTLEBLOWER COMPLAINTS related to MENTAL HEALTH or SUBSTANCE USE DISORDER and HOMELESSNESS or PEH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege. Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*). Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE   **EXHIBIT B - Page 53**

documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 15:**

ALL complaints that have been received by COUNTY Supervisor field offices since 2018 to the present relating to PEH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected

to the extent it seeks "ALL complaints . . . relating to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS related to LAHSA and City of Los Angeles ENCAMPMENT ENGAGEMENT EFFORTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

30

production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . related to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Responding Party further objects to this Request to the extent that the phrase "ENCAMPMENT ENGAGEMENT EFFORTS" is not defined in the Requests, and the phrase is vague and ambiguous to the extent that it lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents. Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS related to outreach efforts to PEH in need of MENTAL HEALTH SERVICES and the resolution of those efforts or engagements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein. Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege. Responding Party

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

31

further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . related to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.

Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), and by agreement of the Parties, Responding Party will respond to this Request by July 17, 2023.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

32

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities ("Board and Care") beds for people experiencing homelessness in need of MENTAL HEALTH SERVICES or SUBSTANCE USE DISORDER SERVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).   Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party further objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be inspected to the extent it seeks "ALL DOCUMENTS . . . related to" a broad subject, which lacks sufficient defining criteria or limitations that would allow Responding Party to conduct a reasonable and diligent search for responsive documents.  Responding

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

33

Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS to or from the COUNTY Blue Ribbon Commission on Homelessness regarding MENTAL HEALTH, SUBSTANCE USE DISORDER, MENTAL HEALTH SERVICES, or SUBSTANCE USE DISORDER SERVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

34

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS related to the report dated October 29, 2019 titled "Addressing the Shortage of Mental Health hospital Beds: Board of Supervisors Motion Response" by Jonathan Sherin, (Former) Director of the Department of Mental Health, including all updates, addendums, supplements, and appendices thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the attorney-client privilege, work product, or any other applicable privilege.  Responding Party further objects to this Request on the grounds that it calls for documents protected by the deliberative process privilege.  Responding Party further objects to this Request on the ground that it seeks information that is protected from disclosure by the right to privacy under the U.S. Constitution and the California Constitution, and/or regulations governing the disclosure of protected health information

35

including, but not limited to, HIPAA, 42 C.F.R. Part 2, the Confidentiality of Medical Records Act (Civil Code § 56 et seq.), the Patient Access to Health Records Act (Health & Safety Code § 123110 *et seq.*), the Insurance Information and Privacy Protection Act (Insurance Code § 791 *et seq.*), and the Information Practices Act (Civil Code § 1798 *et seq.*).  Responding Party further objects to this Request as overbroad and not proportionate to the needs of this case to the extent it calls for the production of "ALL" documents, because any relevant information responsive to this Request could be obtained from fewer than "ALL" documents that are responsive to the face of this Request, or from a less burdensome form of discovery. Responding Party has already produced documents responsive to this Request in its June 16, 2023 production of documents.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to reflect all vacant property owned by the COUNTY, including:

- Parcels which have been offered for PEH shelter or housing which have not been utilized

- Parcels which have not been offered for PEH shelter or housing

For this purpose "vacant" refers to land which is currently unoccupied by any individual for living or working purposes, even if said land currently has one or more structures on the land which are not being currently utilized for living or working purposes.

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE   **EXHIBIT B - Page 61**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party incorporates its Preliminary Statement and Objections set forth above as if they were set forth in full herein.  Responding Party further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims or defenses asserted in this case because the County has no constitutional or statutory obligation to provide universal housing, so the existence of vacant property owned by the County (if any) does not make any fact of consequence in determining the action more or less probable than it would be without this evidence.  Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

Discovery is ongoing, and Responding Party reserves the right to supplement its response.

DATED:  July 3, 2023                    MILLER BARONDESS, LLP

By: _____

MIRA HASHMALL
Attorneys for Defendant
COUNTY OF LOS ANGELES

COUNTY'S RESPONSES AND OBJECTIONS TO LA ALLIANCE'S
REQUESTS FOR PRODUCTION, SET ONE    **EXHIBIT B - Page 62**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067.

On July 3, 2023, I served true copies of the following document(s) described as:

**DEFENDANT COUNTY OF LOS ANGELES' RESPONSES AND OBJECTIONS TO PLAINTIFF LA ALLIANCE FOR HUMAN RIGHTS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Miller Barondess, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address aransom@millerbarondess.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 3, 2023, at Los Angeles, California.

_____
Angelica R. Ransom

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# SERVICE LIST
### *LA Alliance for Human Rights, et al. v. City of Los Angeles, et al.*
### Case No. 2:20-cv-02291

**BY MAIL AND E-MAIL**

| | |
|---|---|
| Matthew D. Umhofer<br>Elizabeth A. Mitchell<br>UMHOFER, MITCHELL & KING LLP<br>767 South Alameda Street<br>Suite 270<br>Los Angeles, CA 90021 | Attorneys for Plaintiffs<br>*LA ALLIANCE FOR HUMAN RIGHTS,<br>JOSEPH BURK, HARRY TASHDJIAN,<br>KARYN PINSKY, CHARLES MALOW,<br>CHARLES VAN SCOY, GEORGE<br>FREM, GARY WHITTER and<br>LEANDRO SUAREZ* |
| | Telephone:  213-394-7979<br>Facsimile:   213-529-1027<br>Email: matthew@umklaw.com;<br>elizabeth@umklaw.com;<br>calendaring@umklaw.com;<br>cara.arnold@umklaw.com |

**BY E-MAIL ONLY**

| | |
|---|---|
| Michael N. Feuer<br>*City Attorney*<br>Scott Marcus<br>*Chief Assistant City Attorney*<br>Arlene N. Hoang<br>*Deputy City Attorney*<br>Ryan Salsig<br>*Deputy City Attorney*<br>200 North Main Street<br>City Hall East, 6th Floor<br>Los Angeles, CA 90012 | Attorneys for Defendant<br>*CITY OF LOS ANGELES*<br><br>Telephone:  213-978-6952<br>Facsimile:   213-978-7011<br>Email: scott.marcus@lacity.org;<br>arlene.hoang@lacity.org;<br>jessica.mariani@lacity.org;<br>ryan.salsig@lacity.org |
| Brooke Alyson Weitzman<br>William R. Wise<br>ELDER LAW AND DISABILITY RIGHTS CENTER<br>1535 East 17th Street<br>Suite 110<br>Santa Ana, CA 92705 | Attorneys for Intervenor<br>*ORANGE COUNTY CATHOLIC WORKER*<br><br>Telephone:  714-617-5353<br>Email: bweitzman@eldrcenter.org;<br>bwise@eldrcenter.org |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*BY E-MAIL ONLY*

| | |
|---|---|
| Paul L. Hoffman<br>Catherine E. Sweetser<br>SCHONBRUN SEPLOW HARRIS &<br>HOFFMAN, LLP<br>11543 West Olympic Boulevard<br>Los Angeles, CA 90064 | Attorneys for Intervenors<br>*ORANGE COUNTY CATHOLIC*<br>*WORKER, LOS ANGELES*<br>*COMMUNITY ACTION NETWORK,*<br>*LOS ANGELES CATHOLIC WORKER*<br>*and CANGRESS* |
| | Telephone:  310-396-0731<br>Facsimile:   310-399-7040<br>Email: hoffpaul@aol.com;<br>csweetser@sshhlaw.com |
| Carol A. Sobel<br>Weston C. Rowland<br>LAW OFFICE OF CAROL SOBEL<br>725 Arizona Avenue, Suite 300<br>Santa Monica, CA 90401 | Attorneys for Intervenors<br>*LOS ANGELES COMMUNITY*<br>*ACTION NETWORK, LOS ANGELES*<br>*CATHOLIC WORKER, ORANGE*<br>*COUNTY CATHOLIC WORKER and*<br>*CANGRESS* |
| | Telephone:  310-393-3055<br>Facsimile:   310-451-3858<br>Email: carolsobellaw@gmail.com;<br>rowland.weston@gmail.com |
| Shayla R. Myers<br>LEGAL AID FOUNDATION OF LOS<br>ANGELES<br>7000 South Broadway<br>Los Angeles, CA 90003 | Attorneys for Intervenors<br>*LOS ANGELES COMMUNITY*<br>*ACTION NETWORK, LOS ANGELES*<br>*CATHOLIC WORKER and CANGRESS* |
| | Telephone:  213-640-3983<br>Facsimile:   213-640-3988<br>Email: smyers@lafla.org |

# Exhibit C

EXHIBIT C - Page 66

**Lauren M. Brody**

| | |
|---|---|
| **From:** | Elizabeth Mitchell <elizabeth@umklaw.com> |
| **Sent:** | Friday, July 07, 2023 8:30 AM |
| **To:** | Angelica Ransom; Matthew Umhofer; Calendaring; 'cara.arnold@umklaw.com'; 'scott.marcus@lacity.org'; 'arlene.hoang@lacity.org'; 'jessica.mariani@lacity.org'; 'ryan.salsig@lacity.org'; 'bweitzman@eldrcenter.org'; 'bwise@eldrcenter.org'; 'hoffpaul@aol.com'; 'csweetser@sshhlaw.com'; 'carolsobellaw@gmail.com'; 'rowland.weston@gmail.com'; 'smyers@lafla.org' |
| **Cc:** | Mira Hashmall; Jason H. Tokoro; Lauren M. Brody |
| **Subject:** | RE: LA Alliance for Human Rights, et al. v. City of Los Angeles, et al. (C.D.Cal. Case No. 2:20-cv-02291) |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Mira, Jason, and Lauren,

We will be raising the issue of the County's refusal to produce any communications to and from the Supervisors immediately with the court. However, the following phrase is contained in each of the County's responses regarding these communications:

> Subject to and without waiving the foregoing objections, Responding Party is willing to meet and confer with Propounding Party to address how this Request may, if at all, be limited and/or clarified to (i) seek documents that are relevant to the claims and defenses in this litigation; and (ii) avoid placing an undue burden on Responding Party.

It is my understanding from our discussions that the County will be standing on their objections and will not be producing any communications regardless of attempts to meet and confer to address concerns regarding burdensomeness, etc. Please let me know if this is accurate, or if we need to discuss prior to addressing this issue with the Court.

Additionally, at the last hearing the district court indicated that all discovery disputes should immediately go to him without following the cumbersome Rule 37 process but did not specify the procedure which we should follow to do so. It is our intent to file a short request for discovery conference on this issue, attaching the discovery requests and responses. Please let me know if you have an objection to this procedure or would like to further discuss.

Thanks,
Liz

---

**From:** Angelica Ransom <aransom@millerbarondess.com>
**Sent:** Monday, July 3, 2023 3:44 PM
**To:** Matthew Umhofer <matthew@umklaw.com>; Elizabeth Mitchell <elizabeth@umklaw.com>; Calendaring <calendaring@umklaw.com>; 'cara.arnold@umklaw.com' <cara.arnold@umklaw.com>; 'scott.marcus@lacity.org' <scott.marcus@lacity.org>; 'arlene.hoang@lacity.org' <arlene.hoang@lacity.org>; 'jessica.mariani@lacity.org' <jessica.mariani@lacity.org>; 'ryan.salsig@lacity.org' <ryan.salsig@lacity.org>; 'bweitzman@eldrcenter.org' <bweitzman@eldrcenter.org>; 'bwise@eldrcenter.org' <bwise@eldrcenter.org>; 'hoffpaul@aol.com'

1

EXHIBIT C - Page 67

&lt;hoffpaul@aol.com&gt;; 'csweetser@sshhlaw.com' &lt;csweetser@sshhlaw.com&gt;; 'carolsobellaw@gmail.com' &lt;carolsobellaw@gmail.com&gt;; 'rowland.weston@gmail.com' &lt;rowland.weston@gmail.com&gt;; 'smyers@lafla.org' &lt;smyers@lafla.org&gt;

**Cc:** Mira Hashmall &lt;mhashmall@Millerbarondess.com&gt;; Jason H. Tokoro &lt;jtokoro@Millerbarondess.com&gt;; Lauren M. Brody &lt;lbrody@millerbarondess.com&gt;

**Subject:** LA Alliance for Human Rights, et al. v. City of Los Angeles, et al. (C.D.Cal. Case No. 2:20-cv-02291)

Counsel,

On behalf of Mira Hashmall, attached and served upon you are the following documents in the above-referenced matter:

1. Defendant County of Los Angeles' Responses and Objections to Plaintiff Joseph Burk's Interrogatories, Set One
2. Defendant County of Los Angeles' Responses and Objections to Plaintiff LA Alliance for Human Rights' Interrogatories, Set One
3. Defendant County of Los Angeles' Responses and Objections to Plaintiff LA Alliance for Human Rights' Requests for Production of Documents, Set One

Best regards,

**Angelica Ransom**
**Legal Assistant/Paralegal**

M I L L E R | B A R O N D E S S LLP
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Main: 310-552-4400
Fax: 310-552-8400
aransom@millerbarondess.com
www.millerbarondess.com

🌲 Please consider the environment – do you really need to print this email?

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

**EXHIBIT C - Page 68**

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>                Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DECLARATION OF CONNIE DRAXLER IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632128.2

DECLARATION OF CONNIE DRAXLER IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

## <u>DECLARATION OF CONNIE DRAXLER</u>

I, Connie Draxler, declare as follows:

1.      I am the Acting Chief Deputy Director for the Los Angeles County ("County") Department of Mental Health ("DMH").  I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

1.      I submit this declaration on behalf of the County to explain how burdensome it would be to search for and collect documents from DMH in response to Plaintiff LA Alliance for Human Rights' Requests for Production ("Requests"), as required by the Court's August 2, 2023 Order.  I also submit this declaration to explain that compliance with the Order, as written, would require the County to produce confidential information about DMH clients that is protected from disclosure by numerous laws and regulations, including the Health Insurance Portability and Accountability Act ("HIPAA"), 42 C.F.R. Part 2 ("Part 2"), the Confidentiality of Medical Records Act ("CMIA") (Civil Code § 56 *et seq*.), Welfare and Institutions Code 5328, the Information Practices Act (Civil Code § 1798 *et seq*.), and others.

### **The Department of Mental Health**

2.      DMH is the largest county mental health department in the United States.  As the Medi-Cal Mental Health Plan for the County, DMH provides specialty mental health services and programs at more than 85 sites and DMH staff are co-located at approximately 300 sites in the County.

3.      Locating "All DOCUMENTS and COMMUNICATIONS" in DMH's possession, custody, or control "related to" the broad subjects of the Requests would be extremely burdensome.  DMH maintains a lean staff who support the department's heavy workload, and directing staff members to search for each and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

every document potentially responsive to the Requests simply would not be possible.

4.   DMH provides a wide variety of mental health treatment services to more than 250,000 County residents each year, including assessments, case management, crisis intervention, medication support, peer support, individual and group psychotherapy and other supportive services.

5.   DMH's clients include persons experiencing homelessness ("PEH") who (1) meet the requisite diagnostic and impairment criteria outlined in state and federal regulations governing Medi-Cal eligibility, service, and benefit standards, and (2) obtain any specialty mental health services for which they are diagnosed as eligible through DMH.  However, DMH does not document the housing status of every client, nor does every client disclose their housing (or lack thereof) to DMH. More importantly, DMH does not have the ability to search or isolate patient information by housing status.

**The Requested Records Would Include Sensitive, Private Patient Files And Information Protected From Disclosure By State And Federal Law**

6.   Many of the Requests that are the subject of the Order, as written, would require the County to produce patient files containing the most highly sensitive forms of personal information including names, addresses, social security numbers, birth dates, mental diseases/disorders, medication history, drug use history, psychiatric records, therapy notes, and the like.

7.   For example, responding to RFP 5 would require the County to review hundreds of thousands of patient files to identify any "PEH whom have been assessed, require a MENTAL HEALTH BED."  RFP 9 ("ALL DOCUMENTS . . . relating to . . . Full Service Partnerships," RFP 17 ("ALL DOCUMENTS . . . related to outreach efforts to PEH in need of MENTAL HEALTH SERVICES and the resolution of those efforts or engagements"), and RFP 18 ("ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities ["Board and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

632128.2

3

Care"] beds for people experiencing homelessness in need of MENTAL HEALTH SERVICES or SUBSTANCE USE DISORDER SERVICES") would similarly encompass health and treatment records for thousands of DMH patients enrolled in the County's Full Service Partnerships from 2018 to the present or who were involved in outreach by the County or resided in Board and Care facilities.

8. As a provider of medical services, DMH takes its obligation to protect patient privacy extremely seriously. A true and correct copy of the County's Notice of Privacy Practices is attached hereto as **Exhibit A**.

9. As outlined in that Notice, DMH must keep patient medical records and health information private and secure, and may disclose that information without the consent of the patient (even pursuant to court order) under only the most narrow of circumstances.

10. The patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs are protected by HIPAA. HIPAA is a federal statute that regulates the use and disclosure of individuals' health information—called "protected health information" by organizations subject to the Privacy Rule — called "covered entities," as well as standards for individuals' privacy rights to understand and control how their health information is used.

11. As the Mental Health Plan for the County, DMH is a "covered entity" subject to HIPAA.

12. HIPAA protects all protected health information from disclosure, including demographic data, that relates to an individual's past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present, or future payment for the provision of health care to the individual, and that identifies the individual or for which there is a reasonable basis to believe it can be used to identify the individual. Protected health information also includes information such as an individual's name, address, birth date, and Social Security Number.

DECLARATION OF CONNIE DRAXLER IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

13. HIPAA prevents the County from disclosing protected health information other than to the individual who is the subject of the information. Although covered entities may disclose protected health information in a judicial proceeding if ordered by the court, but the order must specify the protected health information it is requiring the covered entity to disclose and the covered entity may only disclose the protected health information expressly authorized by such order. 45 CFR § 164.512. The Order does not provide notice to any individuals whose information would be disclosed.

14. In my career, I have never before encountered a court order to produce HIPAA-protected health information to a plaintiff who is not the individual who is the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.

15. Moreover, the protected health information at issue would include psychotherapy notes. A covered entity must obtain an individual's authorization to use or disclose psychotherapy notes, and I am not aware of an exception to HIPAA that would apply. Such notes are also subject to other evidentiary privileges.

16. A central aspect HIPAA is the principle of "minimum necessary" use and disclosure. A covered entity must make reasonable efforts to use, disclose, and request only the minimum amount of protected health information needed to accomplish the intended purpose of the use, disclosure, or request.

17. The patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs are also protected by the CMIA. The CMIA is a California law that discloses the circumstances in which confidential medical information may be disclosed. Under the CMIA, medical information is defined as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment."

18. Individually identifiable is defined as: medical information that "includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the individual's identity."

19. The CMIA imposes stringent requirements on the disclosure of medical information. Disclosure requires written authorization that must be signed, dated, and either handwritten by the individual who signs the document (the patient or their representative), or printed in a minimum of 14-point type; the authorization must be separated from any other language on the same page; the patient's signature must "serve no other purpose than to execute the authorization"; and the authorization must specify, *inter alia*, the uses and limitations on the types of medical information to be disclosed, the name of the health care provider that is being allowed to disclose the information pursuant to the authorization, the name of the persons authorized to receive the information, the specific uses and limitations on use of the information by the authorized recipients, and the expiration date of the authorization.

20. In my career, I have never before encountered a court order to produce CMIA-protected health information to a plaintiff who is not the individual who is the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.

21. Substance use information in patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs are also protected by Part 2. Like the CMIA, Part 2 generally requires a patient's written consent before making a disclosure of protected records. Patient consent must always be written and include specific information about the recipient of the records and the records to be shared.

22. A court order may authorize disclosure of confidential communications

DECLARATION OF CONNIE DRAXLER IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

made by a patient to a part 2 program in the course of diagnosis, treatment, or referral for treatment only if: (1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury, including circumstances which constitute suspected child abuse and neglect and verbal threats against third parties; (2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime; or (3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

23.    In my career, I have never before encountered a court order to produce Part 2-protected health information to a plaintiff who is not the individual who is the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.  Indeed, DMH could not do so without violating Part 2.

24.    Mental health records in patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs are also protected by WIC § 5328, a section of the Lanterman-Petris-Short Act (the Act").  The Act makes clear that persons with mental illness have the same legal rights and responsibilities guaranteed all other persons by the Federal Constitution and laws and the Constitution and laws of the State of California, unless specifically limited by federal or state law or regulations.  Cal. Welf. & Inst. Code § 5325.1.

25.    Information and records obtained in the course of providing services under the Act are confidential and can only be disclosed under limited circumstances.  Even disclosure to courts is restricted to the extent "necessary to the administration of justice."

26.    In my career, I have never before encountered a court order to produce WIC-protected health information to a plaintiff who is not the individual who is the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.

27.    On information and belief, the patient treatment files that the Court

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

order requires the County to produce in response to Plaintiff's RFPs contain information protected by other federal and state laws and privileges.

**DMH Required Plaintiffs' Authorization To Disclose Their Own Client Files**

28.     It is my understanding that the County agreed to produce DMH records for the Plaintiffs and members of LA Alliance for Human Rights named in this lawsuit if those individuals executed an authorization permitting DMH to disclose them.  A true and correct copy of the authorization form DMH required Plaintiffs to complete to disclose their own client files is attached hereto as **Exhibit B**.

29.     It is also my understanding that only three individuals executed those authorizations, and DMH did not have records for any of them.

30.     No third parties have authorized DMH to disclose their client files to the Plaintiffs in this case.  Accordingly, DMH cannot produce them.

**DMH Should Not Be Forced To Log Withheld Records**

31.     Moreover, it is not practical for DMH to produce a privilege log of such records at the scale mandated by the Requests.

32.     For one, absent authorizations from each patient, such review could only be done by specialized DMH employees.  The regulations governing patient confidentiality preclude DMH from even turning over these records to County Counsel or outside counsel to review, given the sensitive information contained in those files.

33.     In light of the volume of patients seen by DMH on an annual basis and the breadth of the time period at issue, it would take DMH staff months—if not years—to locate, review, redact, log, and/or produce the materials that would be responsive to the face of the Requests, as ordered by the Court.

**DMH Has Already Provided Substantial Information To Plaintiffs**

34.     I assisted in collecting documents and information to respond to the Requests and the contemporaneously served Interrogatories.

35.     DMH has already provided documents and information about (1) the

632128.2

8

DECLARATION OF CONNIE DRAXLER IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

number of mental health beds in the County, (2) DMH's budget and expenditures, (3) MHSA funds, housing and programs available through the County for PEH with mental illnesses, (4) Full Service Partnerships, (5) the use of Measure H funding for mental health, Board and Care beds, and (5) the October 29, 20219 report "Addressing the Shortage of Mental Health hospital Beds: Board of Supervisors Motion Response," by Jonathan Sherin, the former Director of DMH.

36.    In addition, several DMH employees are scheduled to be deposed by Plaintiffs' counsel in connection with Plaintiffs' 30(b)(6) deposition notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.



Connie D. Draxler

632128.2

9

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## INDEX OF EXHIBITS TO THE DECLARATION OF CONNIE DRAXLER

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | County's Notice of Privacy Practices. | 11-19 |
| B. | Authorization form DMH required Plaintiffs to complete to disclose their own client files. | 20-22 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

632128.2

10

DECLARATION OF CONNIE DRAXLER IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

# Exhibit A



# *LOS ANGELES COUNTY HEALTH AGENCY*
# *NOTICE OF PRIVACY PRACTICES*

**THIS NOTICE DESCRIBES HOW MEDICAL INFORMATION ABOUT YOU MAY BE USED AND DISCLOSED AND HOW YOU CAN GET ACCESS TO THIS INFORMATION.  PLEASE REVIEW IT CAREFULLY.**

Effective date:  May 30, 2017

---

### WHO WILL FOLLOW THIS NOTICE OF PRIVACY PRACTICES

This Notice describes the privacy practices followed by the workforce members of the **County of Los Angeles Department of Health Services, Mental Health, and Public Health**, collectively referred to as the Health Agency (Agency).  Workforce members include doctors, nurses, residents, therapists, case managers, students, volunteers, and other health care staff who help with your care at an Agency facility.

### OUR PLEDGE REGARDING YOUR HEALTH INFORMATION

The law requires the Agency to:

- Keep your medical records and health information, also known as "protected health information," private and secure.
- Give you this Notice which explains your rights and our legal duties with respect to your health information.
- Tell you about our privacy practices and follow the terms of this Notice.
- Notify you if there has been a breach of the privacy of your health information.

### USES AND DISCLOSURES OF YOUR HEALTH INFORMATION

The following categories describe the different ways that we may use or disclose your health information without obtaining your authorization.  For each category of use or disclosure, we will explain what we mean and try to give some examples.  Not every use or disclosure in a category is listed.  However, all of the ways we may use and disclose information falls within one of the categories.

**Treatment:**  We may use and disclose your health information to provide you with medical treatment and related services.  We may share your health information with doctors, medical staff, counselors, treatment staff, clerks, support staff, and other health care personnel who are involved in your care.  We may also share your health

HA-1005 (05-17; rev 02/18)

**EXHIBIT A - Page 12**

Los Angeles County Health Agency
Notice of Privacy Practices

information with treatment providers for your future care for other treatment reasons.  In addition, we may use or share your health information in response to an emergency.

**Payment:**   We may use and disclose your health information to bill and receive payment for the treatment and services you receive.  For billing and payment purposes, we may disclose your health information to your payment source, including insurance or managed care company, Medicare, Medicaid, or another third-party payer.   For example, we may give your health plan information about the treatment you received so your health plan will pay us or refund us for the treatment or we may contact your health plan to confirm your coverage or to ask for prior authorization for a proposed treatment.

**Health Care Operations:**   We may use and share your health information for Agency business purposes, such as quality assurance and improvement actions, reviewing the competence and qualifications of health care professionals, medical review, legal services, audit roles, and general administrative purposes.  For example, we may use your health information to review our treatment and services and to evaluate our staff's performance in caring for you.  We may combine health information about our patients to decide what added services the Agency should offer or whether new treatments are effective.  The law may need us to share your health information with representatives of federal and State regulatory agencies that oversee our business.

**Business Associates:**   We may share your health information with our business associates so they can perform the job we have asked them to do.  Some services provided by our business associates include a billing service, record storage company, or legal or accounting consultants.  To protect your health information, we have written contracts with our business associates requiring them to safeguard your information.

**Health Information Exchange**:  We, along with other health care providers in the Los Angeles area, may participate in one or more Health Information Exchanges (HIE).  An HIE is a community-wide information system used by participating health care providers to share health information about you for treatment purposes.   Should you require treatment from a health care provider that participates in one of these exchanges who does not have your medical records or health information, that health care provider can use the system to gather your health information in order to treat you.  For example, he or she may be able to get laboratory or other tests that have already been performed or find out about treatment(s) that you have already received.  We will include your health information in this system.  If you would prefer your information not be shared with the HIE (opt-out) or have previously opted out of HIE participation and would like to share your information with the HIE (opt-in), please notify your registration staff or the business office at the facility where you obtain health care.  The staff can help you change your preference using the *HIE Change of Sharing Status* form.

**Hospital Directory:**  Our hospitals maintain a directory that lists patients admitted to the hospital so family and friends can call or visit you or so you can receive mail.  If you do not object, we will include your name, location in the hospital, general condition (e.g., fair, stable, critical, etc.), and religious affiliation in the hospital directory.  The directory

Page 2 of 8

Los Angeles County Health Agency
Notice of Privacy Practices

information, except for religious affiliation, will be released to people who ask for you by name, unless you have asked us not to include you or to limit this information. Providing your religious affiliation is your choice. If you decide to give us this information, it may be given to a member of the clergy, such as a priest or rabbi, even if they do not ask for you by name.

**Appointment Reminders:** We may use and disclose your health information to contact you as a reminder that you have an appointment at one of our facilities via standard mail (postcard), telephone, email, or text messaging.

**Discuss Treatment, Alternatives and Other Health-Related Benefits and Services with You:** We may use and disclose your health information to tell you about your health condition or to recommend possible treatment choices or alternatives. We may tell you about health-related benefits, medical education classes or services (such as eligibility for Medicaid or Social Security benefits), that may be of interest to you.

**To Individuals Involved in Your Care or Payment of Your Care:** We may disclose your health information to a family member, a relative, a close friend, or other individual involved in your medical care or payment for your medical care if we obtain your verbal agreement, or if we give you an opportunity to object to such a disclosure, and you do not raise an objection. If you are unable to agree or object at the time we give you the opportunity to do so, we may decide that it is in your best interest, based on our professional judgment, to share your health information, such as if you are incapacitated or during an emergency.

**Disaster Relief Purposes:** We may disclose your health information to an organization assisting in a disaster relief effort so that your family can be notified about your condition, status, and location. We will give you the opportunity to agree to this disclosure or object to this disclosure, unless we decide that we need to disclose your health information in order to respond to the emergency circumstances.

**Public Health Purposes:** We may disclose health information about you for public health activities. These activities generally include the following:

- To prevent or control disease, injury or disability;
- To report births and deaths;
- To report child abuse or neglect;
- To report reactions to medications or problems with products;
- To notify people of recalls of products they may be using;
- To notify a person who may have been exposed to a disease or may be at risk for contracting or spreading a disease or condition;
- To notify the appropriate government authority if we believe you have been the victim of abuse, neglect, or domestic violence.

Page 3 of 8

Los Angeles County Health Agency
Notice of Privacy Practices

**For Health Oversight Purposes:**  We may disclose your health information to a health oversight agency for purposes allowed by law.  For example, we may share your health information for audits, investigations, inspections, accreditation, licensure, and disciplinary actions.

**Research**:  Your health information may be provided to a researcher if you authorize the use of your health information for research purposes.  In some situations, we may disclose your information to researchers preparing a research protocol or if our Institutional Review Board (IRB) Committee determines that an authorization is not necessary.   The IRB Committee is charged with ensuring the protection of human subjects in research.  We also may provide limited health information about you (not including your name, address, or other direct identifiers) for research, public health or health care operations, but only if the person or organization that receives the information signs an agreement to protect the information and not use it to identify you.

**Judicial and Administrative Proceedings:**  If you are involved in a lawsuit or a dispute, we may disclose your health information in response to a court or administrative order.  We may also disclose your health information in response to a subpoena, discovery request, or other legal procedure by someone else involved in the dispute, but only if efforts have been made to tell you about the request (which may include written notice to you) or to obtain an order protecting the health information requested.

**Law Enforcement:**  We may disclose your health information to law enforcement agencies:

- If the police bring you to the hospital and document that exigent circumstances exist to test your blood for alcohol or substance abuse; or
- If the police present a valid search warrant; or
- If the police present a valid court order; or
- To report abuse, neglect, or assaults as required or permitted by law; or
- To report certain threats to third parties or crimes committed on the premises; or
- To identify or locate a suspect, fugitive, material witness or missing person, if required or permitted by law; or
- To report your discharge, if you were involuntarily detained after a peace officer initiated a 72-hour hold for psychiatric evaluation and requested notification.

**Organ and Tissue Donation:**  If you are an organ donor, we may release your health information to an organization involved in organ and tissue donations.

**Coroners, Medical Examiners, Funeral Directors and Information About Decedents:**  When required by law, your health information may be released to a coroner or medical examiner.  This may be necessary, for example, to identify a deceased person or determine the cause of death.  We may also release limited health information to a funeral home.  We may also give health information to family members or friends of a deceased person if they were involved in the person's care or paid for

HA-1005                                                                                          Effective 5/30/17

**EXHIBIT A - Page 15**

Los Angeles County Health Agency
Notice of Privacy Practices

that care prior to the death and the health information is relevant.  However, we will not do this if the health information is not relevant to their involvement or if it is known to us that the deceased person would not have wanted us to share such information.

**To Prevent a Serious Threat to Health or Safety:**  We may use and disclose certain information about you when necessary to prevent a serious threat to your health and safety or the health and safety of others.  Any such disclosure, however, would only be to the extent required or permitted by federal, State or local laws and regulations.

**Military Personnel:**  If you are a member of the armed forces, we may disclose your health information as mandated by military authorities or the Department of Veterans Affairs.

**Specialized Government Functions and National Security:**  We may disclose your health information to federal officials to conduct lawful intelligence, counterintelligence and other national security actions allowed by law.  We may disclose your health information to federal officials who provide protection to the President, other people or foreign heads of state, or conduct an investigation.

**Workers' Compensation:** We may disclose your health information as allowed by workers' compensation laws or related programs.  For example, we may communicate your health information regarding a work-related injury or illness to claims administrators, insurance carriers, and others responsible for evaluating your claim for workers' compensation benefits.

**As Required By Law:**  We will disclose your health information when required to do so by federal, State, or local laws.  For example, the law requires us to report certain types of injuries.

**Breach Notification:**  We may use and disclose your health information to tell you in the event that there has been unlawful or unauthorized access to your health information, such as when someone not authorized to see your health information looks at your information or your health information is accidently lost or is stolen. We will also report these occurrences to State and federal authorities, and may need to use your health information to do so.  If this happens, we will provide you with a written notice via first-class mail to your last known address.

**Special Rules for Disclosure of Psychiatric, Substance Abuse, and HIV-Related Information:**  For disclosures of health information about psychiatric conditions, substance abuse, or HIV-related testing and treatment, special rules may apply.  In general, health information relating to care for psychiatric conditions, substance abuse or HIV-related testing and treatment may not be disclosed without your permission or a court order.  There are exceptions to this general rule.  For example, HIV test results may be disclosed to your provider of health care without written authorization.

Page 5 of 8

HA-1005

Effective 5/30/17

**EXHIBIT A - Page 16**

Los Angeles County Health Agency
Notice of Privacy Practices

**Inmates:**  If you are an inmate or under the custody of a law enforcement official, we may release your health information to the correctional institution or law enforcement official.  This release would be necessary for the institution to provide you with health care and for the safety and security of the correctional institution.

**Fundraising:**  We may use information about you to contact you to raise money for our hospitals or clinics.  We will limit any information we release about you such as your name, address and telephone number and the dates you received treatment or services at our facilities.  For example, we may send you a letter asking if you would like to make a donation.  You can choose not to be contacted for our fundraising efforts.  If we send you information about our fundraising efforts, we will include a simple way for you to request that we not contact you in the future for our fundraising efforts.

## OTHER USES AND DISCLOSURES

Except as described in this Notice, or as allowed by State or federal law, we will not use or share your health information without your written authorization.  For example, we cannot use or disclose your health information for marketing purposes, or sell your health information without your written authorization.  If you sign an authorization and later change your mind, you can let us know in writing. This will stop any future uses and disclosures of your information but will not require us to take back any information we already disclosed.

## YOUR RIGHTS ABOUT YOUR HEALTH INFORMATION

You have the following rights about your health information, which you can exercise by submitting your request at the facility where you obtain health care.  For your convenience, the applicable forms can be found on our websites at dhs.lacounty.gov, dmh.lacounty.gov  or publichealth.lacounty.gov.

**Right to Request Restrictions of Your Health Information:**  You have the right to ask us to follow special restrictions when using or providing your health information for treatment, payment or health care operations.  You may also ask for restrictions on the records we give out to someone who is involved in your care or the payment of your health care.  For example, you might ask us to not to share certain information with your spouse.

We are not required to agree to your request and will tell you if we cannot honor your request.  However, if we do agree, we will comply unless the health information is needed to provide you emergency treatment.   If we share your restricted health information with a health care provider for emergency treatment, we will ask the health care provider to not further use or disclose the information.

**Right to Ask for Restrictions When You Fully Pay Out-of-Pocket:**  You have the right to request a restriction on the disclosure of your health information to a health plan for purposes of payment or health care operations if you or someone else paid out-of-

Page 6 of 8

**EXHIBIT A - Page 17**

Los Angeles County Health Agency
Notice of Privacy Practices

pocket, in full, for a health care item or service.  We must agree to your request, unless the law requires us to share your information.  If you paid out-of-pocket in full for a health care item or service, and you wish to request this special restriction, you must submit your written request to the facility where you obtain health care.

**Right to Choose Someone to Act for You:**  If you have given someone medical power of attorney or if someone is your legal guardian, that person can exercise your rights and make choices about your health information.  We will make sure this person has the proper authority before we take any action.

**Right to Receive Confidential Communications:**  You have the right to ask that we communicate with you about your appointments or other matters related to your treatment in a specific way (e.g., only calling you at work).  You must specify how or where we may contact you.  We will grant all reasonable requests.

**Right to Access, Inspect, and Copy Your Health Information:**  With certain exceptions, such as records considered psychotherapy notes, you have the right to see and get a copy of the medical records we have of your care.  To inspect and copy your medical records, you must make your request, in writing, to the facility where you obtain health care.  If you request a copy of your medical record, we may charge a fee for the costs of copying, mailing, or supplies associated with your request.  If we deny your request, we will provide you with a written decision.

**Right to Amend Your Health Information:**  If you feel that the health information contained in your medical record is incorrect or incomplete, you may ask us to correct or update the information.  You have the right to request an amendment for as long as we keep the health information.  To request an amendment, you must make your request, in writing, to the facility where you obtain health care.  You must state why you believe your health information is wrong or incomplete.  In certain cases, we may deny your request for an amendment.    If we deny your request, we will give you a written reason.

**Right to Receive an Accounting of Disclosures of Health Information:**  You have the right to ask for an accounting of certain disclosures of your health information made by the Agency.  This is a list of disclosures we made of your health information other than our own uses for treatment, payment and health care business.  To ask for an accounting of disclosures, you must state a time period, but not longer than six years. The first accounting provided within a twelve-month period is free.  We may charge you a fee for each future request.  Before we process your request, we will tell you the cost so you may change or withdraw your request.

**Right to Obtain a Paper Copy of Notice:**  You have the right to receive a paper copy of this Notice at any time, even if you have already received a copy or have agreed to receive this Notice electronically.  You may obtain a paper copy of this Notice from the facility where you obtain health care.  An electronic copy of this Notice is also available on our websites: dhs.lacounty.gov, dmh.lacounty.gov or publichealth.lacounty.gov.

Page 7 of 8

Los Angeles County Health Agency
Notice of Privacy Practices

## CHANGES TO THIS NOTICE

We may change this Notice when the law or our practices change.  We reserve the right to make the revised or changed Notice effective for health information we already have about you as well as any information we receive in the future.  You will not automatically receive a new Notice.  If we change this Notice, we will post the revised Notice in our facilities and on the above-mentioned websites. You may also obtain any revised Notice from the facility where you obtain health care.

## HOW TO FILE A COMPLAINT

If you believe your privacy rights have been violated by us, you may file a complaint with the facility where you obtain health care or any of the offices listed below.  The law prohibits retaliation against an individual for filing a complaint.

<table>
<tr><td>

County of Los Angeles
**Department of Health Services**
Privacy Officer
313 N. Figueroa Street, Room 703
Los Angeles, CA 90012
(800) 711-5366

County of Los Angeles
**Department of Mental Health**
Director of Patients' Rights Office
550 South Vermont Avenue
Los Angeles, CA 90020
(800) 700-9996

</td><td>

County of Los Angeles
**Department of Public Health**
Privacy Officer
1000 S. Fremont Ave.
A9E, 5th Floor – South
Alhambra, CA 91803
(888) 228-9064

</td></tr>
</table>

You may also file a complaint with the U.S. Department of Health and Human Services Office for Civil Rights at (800) 368-1019 (TDD: 800-537-7697) or by sending a letter to:

Region IX, Office for Civil Rights
U.S. Department of Health and Human Services
90 7th St. Suite 4-100
San Francisco, CA 94103

You may also file a complaint at this link:
**www.hhs.gov/ocr/privacy/hipaa/complaints/**

Page 8 of 8

HA-1005

Effective 5/30/17

**EXHIBIT A - Page 19**

# Exhibit B

# LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH
## AUTHORIZATION FOR USE OR DISCLOSURE OF PROTECTED HEALTH INFORMATION

**CLIENT**:

_____    _____    _____
Name of Client/Previous Name                Birth Date          Client Number

_____
Name of Legal Representative (If applicable)

_____    _____
Street Address                              City, State  ZIP Code

**AUTHORIZES**:                             **USE OR DISCLOSURE OF PROTECTED HEALTH INFORMATION TO**:

_____    _____
Name of Agency                              Name of Health Care Provider/Other

_____    _____
Street Address                              Street Address

_____    _____
City, State  ZIP Code                       City, State ZIP Code

**INFORMATION TO BE RELEASED**:

☐ Assessment/Evaluation    ☐ Psychological Test Results    ☐ Diagnosis
☐ Laboratory Results       ☐ Medication History/Current Medication    ☐ Treatment
☐ Entire Record (Justify): _____
☐ Other (Specify): _____

**NOTE**: Records may include information related to alcohol or drug use and HIV or AIDS. However, treatment records from drug and alcohol facilities or results of HIV test will not be disclosed unless specifically requested.

<u>Check all that apply</u>:    ☐ Alcohol or Drug Records    ☐ HIV Test Results

<u>Method of delivery of requested records</u>:
        ☐ Mail        ☐ Pickup        ☐ Electronic Device (CD, USB)

**PURPOSE OF USE OR DISCLOSURE**: (Check applicable category)

☐ Client Request
☐ Other (Specify): _____

Will the agency receive any benefits for the use or disclosure of information? ☐ Yes  ☐ No

I understand that my Protected Health Information used or disclosed pursuant to this Authorization may no longer be protected by federal law and could be further used or disclosed by the recipient without my authorization.  I also understand that once my information is used or disclosed, it may not be possible to recall.

**EXPIRATION DATE**: This Authorization is valid until _____ / _____ / _____.
                                                        Month    Day      Year

MH 602 (09/2016)

**LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH**

**AUTHORIZATION FOR USE OR DISCLOSURE OF
PROTECTED HEALTH INFORMATION**

**YOUR RIGHTS WITH RESPECT TO THIS AUTHORIZATION**:

**Right to Receive a Copy of Authorization** - I understand that if I agree to sign this Authorization, which I am not required to do, I must be provided with a signed copy of the form.

**Right to Revoke Authorization** - I understand that I have the right to revoke this Authorization at any time by notifying LACDMH in writing.  I may use the Revocation of Authorization at the bottom of this form and mail or deliver the revocation to:

| | |
|---|---|
| Contact Person | Agency Name |
| Address | City, State  ZIP Code |

I also understand that a revocation will not affect the ability of LACDMH or any health care provider to use or disclose the health information for reasons related to the prior reliance on this Authorization or otherwise allowed by law.

**Conditions**: I understand that I may refuse to sign this Authorization without affecting my ability to obtain treatment. However, LACDMH may condition the provision of research-related treatment on obtaining an authorization to use or disclose protected health information created for that research-related treatment. (In other words, if this Authorization is related to research that includes treatment, you will not receive that treatment unless this Authorization form is signed.)

I have had an opportunity to review and understand the content of this Authorization form. By signing this Authorization, I am confirming that it accurately reflects my wishes.

✘
Signature of Client/Legal Representative                                  Date ✘

If signed by someone other than the client, state relationship and authority:
✘

---

## <span style="color:red">REVOCATION OF AUTHORIZATION</span>

Name of Client

Signature of Client/Legal Representative                                  Date

If signed by someone other than the client, print name and state relationship and authority.

Printed Name: _____

Relationship and Authority: _____

MH 602 (09/2016)

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>    Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DECLARATION OF DR. GARY TSAI IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632127.3

DECLARATION OF DR. GARY TSAI IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

# DECLARATION OF DR. GARY TSAI

I, Dr. Gary Tsai, declare as follows:

1.      I am the Division Director of the Substance Abuse Prevention and Control ("SAPC"), a Bureau of the Los Angeles County ("County") Department of Public Health ("DPH").  I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2.      I submit this declaration on behalf of the County to explain how burdensome it would be to search for and collect documents from SAPC in response to Plaintiff LA Alliance for Human Rights' Requests for Production ("Requests" or "RFPs"), as required by the Court's August 2, 2023 Order.  I also submit this declaration to explain that compliance with the Order, as written, would require the County to produce confidential information about SAPC clients that is protected from disclosure by numerous laws and regulations, including the Health Insurance Portability and Accountability Act ("HIPAA"), 42 C.F.R. Part 2 ("Part 2"), the Confidentiality of Medical Records Act ("CMIA") (Civil Code § 56 *et seq.*), Welfare and Institutions Code 5328, the Information Practices Act (Civil Code § 1798 *et seq.*), and others.

## Los Angeles County DPH-SAPC

3.      The SAPC program leads and facilitates the delivery of a full spectrum of prevention, treatment, and recovery services proven to reduce the impact of substance use, abuse, and addiction in the County.  Substance Use Disorder ("SUD")-related services are provided through contracts with over 150 community-based organizations, spread out over 500 locations across the County, to County residents.

4.      SAPC has approximately 350 employees.  SAPC staff serve as technical experts and consultants to meet the needs of the public and contracted

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

organizations in the field of alcohol and other drug use and abuse.  SAPC is responsible for managing one of the largest networks of specialty substance use prevention and treatment services in the nation.

5.    SAPC provides services to County residents who meet income and other criteria for Medi-Cal or My Health LA enrollment which may include the un- and/or underinsured.  SAPC provides services to tens of thousands of patients each year.  For example, SAPC served 33,800 patients in the 2021/2022 Fiscal Year.

6.    Clients are referred to SUD services by homeless outreach teams, DPSS offices, the County's Substance Abuse Service Helpline, Client Engagement and Navigation Services ("CENS"), or directly through providers.  CENS are co-located to perform SUD screening and make referrals to treatment in settings including encampments, permanent supportive housing, County jails, and emergency rooms.

7.    SAPC also provides Recovery Bridge Housing ("RBH") which serves patients in need of concurrent treatment in outpatient, intensive outpatient, Opioid Treatment Program, or outpatient withdrawal management settings.

8.    SAPC patients may include persons experiencing homelessness ("PEH").  A patient's housing status, however, is not always provided to or documented by SAPC.  More importantly, SAPC does not have the ability to search or isolate patient information by housing status.

9.    Locating "All DOCUMENTS and COMMUNICATIONS" in SAPC's possession, custody, or control "related to" the broad subjects of the Requests would be extremely burdensome.  SAPC's medical records department requires full time work from 2-3 people and diverting the efforts of SAPC's small staff who support the department's tremendous substance abuse services to search for each and every document potentially responsive to the Requests simply would not be possible.

**The Requested Records Would Include Sensitive, Private Patient Files And Information Protected From Disclosure By State And Federal Law**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

632127.3

3

10.    I have reviewed the Requests that the County was ordered to comply with.  A number of these Requests would be extremely difficult, if not impossible, for SAPC to respond to as written because they would require SAPC to produce patient files containing the most highly sensitive forms of personal information including names, addresses, social security numbers, birth dates, mental diseases/disorders, medication history, drug use history, psychiatric records, therapy notes, and the like.

11.    For example, Requests 6 ("ALL DOCUMENTS… relating to SUBSTANCE USE DISORDER BEDS") and 18 ("ALL DOCUMENTS and COMMUNICATIONS related to Adult Residential Facilities ("Board and Care") beds for people experiencing homelessness in need of … SUBSTANCE USE DISORDER SERVICES") would encompass health and treatment records for thousands of SAPC patients.

12.    As another example, Request 7 seeks "DOCUMENTS sufficient to demonstrate, communicate, or otherwise show the current number of…. PEH whom have been assessed, require a SUBSTANCE USE DISORDER BED, but for whom no SUBSTANCE USE DISORDER BED is available."  Because SAPC does not aggregate information that specifically states how many beds are occupied by PEH at any given time, producing documents sufficient to show these numbers would require the disclosure of patient files from which the data could be gleaned. As a provider of medical services, SAPC takes its obligation to protect patient privacy extremely seriously.  A true and correct copy of the County's Notice of Privacy Practices is attached hereto as **Exhibit A**.

13.    As outlined in that Notice, SAPC must keep patient medical records and health information private and secure, and may disclose that information without the consent of the patient (even pursuant to court order) under only the most narrow of circumstances.

14.    The patient treatment files that the Court order requires the County to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

632127.3                                  4
DECLARATION OF DR. GARY TSAI IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

produce in response to Plaintiff's RFPs are protected by HIPAA. HIPAA is a federal statute that regulates the use and disclosure of individuals' health information—called "protected health information" by organizations subject to the Privacy Rule — called "covered entities," as well as standards for individuals' privacy rights to understand and control how their health information is used.

15. HIPAA protects all protected health information from disclosure, including demographic data, that relates to an individual's past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present, or future payment for the provision of health care to the individual, and that identifies the individual or for which there is a reasonable basis to believe it can be used to identify the individual. Protected health information also includes information such as an individual's name, address, birth date, and Social Security Number.

16. HIPAA prevents the County from disclosing protected health information other than to the individual who is the subject of the information. Although covered entities may disclose protected health information in a judicial proceeding if ordered by the court, but the order must specify the protected health information it is requiring the covered entity to disclose and the covered entity may only disclose the protected health information expressly authorized by such order. 45 CFR § 164.512. The Order does not provide notice to any individuals whose information would be disclosed.

17. In my career, I have never before encountered a court order to produce HIPAA-protected health information to a plaintiff who is not the individual who is the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.

18. A central aspect HIPAA is the principle of "minimum necessary" use and disclosure. A covered entity must make reasonable efforts to use, disclose, and request only the minimum amount of protected health information needed to

5

DECLARATION OF DR. GARY TSAI IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

Case 2:20-cv-02291-DOC-KES   Document 613   Filed 08/21/23   Page 103 of 141   Page ID #:19130

accomplish the intended purpose of the use, disclosure, or request.

19. The patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs are also protected by the CMIA. The CMIA is a California law that discloses the circumstances in which confidential medical information may be disclosed. Under the CMIA, medical information is defined as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment."

20. Individually identifiable is defined as: medical information that "includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the individual's identity."

21. The CMIA imposes stringent requirements on the disclosure of medical information. Disclosure requires written authorization that must be signed, dated, and either handwritten by the individual who signs the document (the patient or their representative), or printed in a minimum of 14-point type; the authorization must be separated from any other language on the same page; the patient's signature must "serve no other purpose than to execute the authorization"; and the authorization must specify, *inter alia*, the uses and limitations on the types of medical information to be disclosed, the name of the health care provider that is being allowed to disclose the information pursuant to the authorization, the name of the persons authorized to receive the information, the specific uses and limitations on use of the information by the authorized recipients, and the expiration date of the authorization.

22. In my career, I have never before encountered a court order to produce CMIA-protected health information to a plaintiff who is not the individual who is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

6

DECLARATION OF DR. GARY TSAI IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.

23.    Substance use information in patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs are also protected by Part 2.  Like the CMIA, Part 2 generally requires a patient's written consent before making a disclosure of protected records. Patient consent must always be written and include specific information about the recipient of the records and the records to be shared.

24.    A court order may authorize disclosure of confidential communications made by a patient to a part 2 program in the course of diagnosis, treatment, or referral for treatment only if: (1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury, including circumstances which constitute suspected child abuse and neglect and verbal threats against third parties; (2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime; or (3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

25.    In my career, I have never before encountered a court order to produce Part 2-protected health information to a plaintiff who is not the individual who is the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.  Indeed, DPH could not do so without violating Part 2.

26.    Mental health records in patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs are also protected by WIC § 5328, a section of the Lanterman-Petris-Short Act (the Act").  The Act makes clear that persons with mental illness have the same legal rights and responsibilities guaranteed all other persons by the Federal Constitution and laws and the Constitution and laws of the State of California, unless specifically limited by federal or state law or regulations.  Cal. Welf. & Inst. Code § 5325.1.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

27.     Information and records obtained in the course of providing services under the Act are confidential and can only be disclosed under limited circumstances.  Even disclosure to courts is restricted to the extent "necessary to the administration of justice."

28.     In my career, I have never before encountered a court order to produce WIC-protected health information to a plaintiff who is not the individual who is the subject of the information, let alone *thousands* of patient files, without notice to the affected individuals.

29.     On information and belief, the patient treatment files that the Court order requires the County to produce in response to Plaintiff's RFPs contain information protected by other federal and state laws and privileges.

**SAPC Required Plaintiffs' Authorization To Disclose Their Own Client Files**

30.     It is my understanding that the County agreed to produce SAPC records, to the extent any exist, for the Plaintiffs and members of LA Alliance for Human Rights named in this lawsuit if those individuals executed an authorization permitting SAPC to disclose them.  A true and correct copy of the authorization form SAPC required Plaintiffs to complete to disclose their own client files is attached hereto as **Exhibit B**.

31.     It is also my understanding that only three individuals executed those authorizations.

32.     No third parties have authorized SAPC to disclose their client files to the Plaintiffs in this case.  Accordingly, SAPC cannot produce them.

**SAPC Should Not Be Forced To Log Withheld Records**

33.     It is not practical for SAPC to produce a privilege log of such records at the scale mandated by the Requests.

34.     For one, absent authorizations from each patient, such review could only be done by specialized SAPC employees.  The regulations governing patient confidentiality preclude SAPC from even turning over these records to County

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Counsel or outside counsel to review, given the sensitive information contained in those files.

35.    In light of the volume of patients that SAPC provides with services on an annual basis, and the breadth of the time period at issue, it would take SAPC staff months—if not years—to locate, review, redact, log, and/or produce the materials that would be responsive to the face of the Requests, as ordered by the Court.

**SAPC Has Already Provided Substantial Information To Plaintiffs**

36.    I assisted in collecting documents and information to respond to the Requests and the contemporaneously served Interrogatories.

37.    SAPC has already provided information about (1) the County's obligations, as County understands them, to provide SUD services to PEH; (2) the role SAPC has in providing assistance, services, or treatment of any kind to PEF; (3) SAPC's provision of SUD services, including those specifically available to DEH; (4) the use of Measure H funding for SUD services; (5) SAPC's utilization of open solicitations to allow for the expansion of contacted SUD treatment services; (6) the County's plans for maintaining and/or expanding the number of available SUD beds in the next five years.

38.    In addition, I am scheduled to be deposed by Plaintiffs' counsel in connection with Plaintiffs' 30(b)(6) deposition notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.

_____
Dr. Gary Tsai

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## INDEX OF EXHIBITS TO THE DECLARATION OF DR. GARY TSAI

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | County's Notice of Privacy Practices. | 11-19 |
| B. | Authorization form SAPC required Plaintiffs to complete to disclose their own client files. | 20-23 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

632127.3

10

DECLARATION OF DR. GARY TSAI IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

# Exhibit A



# *LOS ANGELES COUNTY HEALTH AGENCY*
# *NOTICE OF PRIVACY PRACTICES*

**THIS NOTICE DESCRIBES HOW MEDICAL INFORMATION ABOUT YOU MAY BE USED AND DISCLOSED AND HOW YOU CAN GET ACCESS TO THIS INFORMATION.  PLEASE REVIEW IT CAREFULLY.**

Effective date:  May 30, 2017

_____

## WHO WILL FOLLOW THIS NOTICE OF PRIVACY PRACTICES

This Notice describes the privacy practices followed by the workforce members of the **County of Los Angeles Department of Health Services, Mental Health, and Public Health**, collectively referred to as the Health Agency (Agency).  Workforce members include doctors, nurses, residents, therapists, case managers, students, volunteers, and other health care staff who help with your care at an Agency facility.

## OUR PLEDGE REGARDING YOUR HEALTH INFORMATION

The law requires the Agency to:

- Keep your medical records and health information, also known as "protected health information," private and secure.
- Give you this Notice which explains your rights and our legal duties with respect to your health information.
- Tell you about our privacy practices and follow the terms of this Notice.
- Notify you if there has been a breach of the privacy of your health information.

## USES AND DISCLOSURES OF YOUR HEALTH INFORMATION

The following categories describe the different ways that we may use or disclose your health information without obtaining your authorization.  For each category of use or disclosure, we will explain what we mean and try to give some examples.  Not every use or disclosure in a category is listed.  However, all of the ways we may use and disclose information falls within one of the categories.

**Treatment:**  We may use and disclose your health information to provide you with medical treatment and related services.  We may share your health information with doctors, medical staff, counselors, treatment staff, clerks, support staff, and other health care personnel who are involved in your care.  We may also share your health

HA-1005 (05-17; rev 02/18)

**EXHIBIT A - Page 12**

Los Angeles County Health Agency
Notice of Privacy Practices

information with treatment providers for your future care for other treatment reasons.  In addition, we may use or share your health information in response to an emergency.

**Payment:**    We may use and disclose your health information to bill and receive payment for the treatment and services you receive.  For billing and payment purposes, we may disclose your health information to your payment source, including insurance or managed care company, Medicare, Medicaid, or another third-party payer.    For example, we may give your health plan information about the treatment you received so your health plan will pay us or refund us for the treatment or we may contact your health plan to confirm your coverage or to ask for prior authorization for a proposed treatment.

**Health Care Operations:**    We may use and share your health information for Agency business purposes, such as quality assurance and improvement actions, reviewing the competence and qualifications of health care professionals, medical review, legal services, audit roles, and general administrative purposes.  For example, we may use your health information to review our treatment and services and to evaluate our staff's performance in caring for you.  We may combine health information about our patients to decide what added services the Agency should offer or whether new treatments are effective.  The law may need us to share your health information with representatives of federal and State regulatory agencies that oversee our business.

**Business Associates:**    We may share your health information with our business associates so they can perform the job we have asked them to do.  Some services provided by our business associates include a billing service, record storage company, or legal or accounting consultants.  To protect your health information, we have written contracts with our business associates requiring them to safeguard your information.

**Health Information Exchange**:  We, along with other health care providers in the Los Angeles area, may participate in one or more Health Information Exchanges (HIE).  An HIE is a community-wide information system used by participating health care providers to share health information about you for treatment purposes.  Should you require treatment from a health care provider that participates in one of these exchanges who does not have your medical records or health information, that health care provider can use the system to gather your health information in order to treat you.  For example, he or she may be able to get laboratory or other tests that have already been performed or find out about treatment(s) that you have already received.  We will include your health information in this system.  If you would prefer your information not be shared with the HIE (opt-out) or have previously opted out of HIE participation and would like to share your information with the HIE (opt-in), please notify your registration staff or the business office at the facility where you obtain health care.  The staff can help you change your preference using the *HIE Change of Sharing Status* form.

**Hospital Directory:**    Our hospitals maintain a directory that lists patients admitted to the hospital so family and friends can call or visit you or so you can receive mail.  If you do not object, we will include your name, location in the hospital, general condition (e.g., fair, stable, critical, etc.), and religious affiliation in the hospital directory.  The directory

Page 2 of 8

Los Angeles County Health Agency
Notice of Privacy Practices

information, except for religious affiliation, will be released to people who ask for you by name, unless you have asked us not to include you or to limit this information. Providing your religious affiliation is your choice.  If you decide to give us this information, it may be given to a member of the clergy, such as a priest or rabbi, even if they do not ask for you by name.

**Appointment Reminders:**  We may use and disclose your health information to contact you as a reminder that you have an appointment at one of our facilities via standard mail (postcard), telephone, email, or text messaging.

**Discuss Treatment, Alternatives and Other Health-Related Benefits and Services with You:**  We may use and disclose your health information to tell you about your health condition or to recommend possible treatment choices or alternatives.  We may tell you about health-related benefits, medical education classes or services (such as eligibility for Medicaid or Social Security benefits), that may be of interest to you.

**To Individuals Involved in Your Care or Payment of Your Care:**  We may disclose your health information to a family member, a relative, a close friend, or other individual involved in your medical care or payment for your medical care if we obtain your verbal agreement, or if we give you an opportunity to object to such a disclosure, and you do not raise an objection.  If you are unable to agree or object at the time we give you the opportunity to do so, we may decide that it is in your best interest, based on our professional judgment, to share your health information, such as if you are incapacitated or during an emergency.

**Disaster Relief Purposes:**  We may disclose your health information to an organization assisting in a disaster relief effort so that your family can be notified about your condition, status, and location.  We will give you the opportunity to agree to this disclosure or object to this disclosure, unless we decide that we need to disclose your health information in order to respond to the emergency circumstances.

**Public Health Purposes:**  We may disclose health information about you for public health activities. These activities generally include the following:

- To prevent or control disease, injury or disability;
- To report births and deaths;
- To report child abuse or neglect;
- To report reactions to medications or problems with products;
- To notify people of recalls of products they may be using;
- To notify a person who may have been exposed to a disease or may be at risk for contracting or spreading a disease or condition;
- To notify the appropriate government authority if we believe you have been the victim of abuse, neglect, or domestic violence.

HA-1005
Effective 5/30/17
**EXHIBIT A - Page 14**

Los Angeles County Health Agency
Notice of Privacy Practices

**For Health Oversight Purposes:**  We may disclose your health information to a health oversight agency for purposes allowed by law.  For example, we may share your health information for audits, investigations, inspections, accreditation, licensure, and disciplinary actions.

**Research**:  Your health information may be provided to a researcher if you authorize the use of your health information for research purposes.  In some situations, we may disclose your information to researchers preparing a research protocol or if our Institutional Review Board (IRB) Committee determines that an authorization is not necessary.  The IRB Committee is charged with ensuring the protection of human subjects in research.  We also may provide limited health information about you (not including your name, address, or other direct identifiers) for research, public health or health care operations, but only if the person or organization that receives the information signs an agreement to protect the information and not use it to identify you.

**Judicial and Administrative Proceedings:**  If you are involved in a lawsuit or a dispute, we may disclose your health information in response to a court or administrative order.  We may also disclose your health information in response to a subpoena, discovery request, or other legal procedure by someone else involved in the dispute, but only if efforts have been made to tell you about the request (which may include written notice to you) or to obtain an order protecting the health information requested.

**Law Enforcement:**  We may disclose your health information to law enforcement agencies:

- If the police bring you to the hospital and document that exigent circumstances exist to test your blood for alcohol or substance abuse; or
- If the police present a valid search warrant; or
- If the police present a valid court order; or
- To report abuse, neglect, or assaults as required or permitted by law; or
- To report certain threats to third parties or crimes committed on the premises; or
- To identify or locate a suspect, fugitive, material witness or missing person, if required or permitted by law; or
- To report your discharge, if you were involuntarily detained after a peace officer initiated a 72-hour hold for psychiatric evaluation and requested notification.

**Organ and Tissue Donation:**  If you are an organ donor, we may release your health information to an organization involved in organ and tissue donations.

**Coroners, Medical Examiners, Funeral Directors and Information About Decedents:**  When required by law, your health information may be released to a coroner or medical examiner.  This may be necessary, for example, to identify a deceased person or determine the cause of death.  We may also release limited health information to a funeral home.  We may also give health information to family members or friends of a deceased person if they were involved in the person's care or paid for

Page 4 of 8

Los Angeles County Health Agency
Notice of Privacy Practices

that care prior to the death and the health information is relevant.  However, we will not do this if the health information is not relevant to their involvement or if it is known to us that the deceased person would not have wanted us to share such information.

**To Prevent a Serious Threat to Health or Safety:**  We may use and disclose certain information about you when necessary to prevent a serious threat to your health and safety or the health and safety of others.  Any such disclosure, however, would only be to the extent required or permitted by federal, State or local laws and regulations.

**Military Personnel:**  If you are a member of the armed forces, we may disclose your health information as mandated by military authorities or the Department of Veterans Affairs.

**Specialized Government Functions and National Security:**  We may disclose your health information to federal officials to conduct lawful intelligence, counterintelligence and other national security actions allowed by law.  We may disclose your health information to federal officials who provide protection to the President, other people or foreign heads of state, or conduct an investigation.

**Workers' Compensation:** We may disclose your health information as allowed by workers' compensation laws or related programs.  For example, we may communicate your health information regarding a work-related injury or illness to claims administrators, insurance carriers, and others responsible for evaluating your claim for workers' compensation benefits.

**As Required By Law:**  We will disclose your health information when required to do so by federal, State, or local laws.  For example, the law requires us to report certain types of injuries.

**Breach Notification:**  We may use and disclose your health information to tell you in the event that there has been unlawful or unauthorized access to your health information, such as when someone not authorized to see your health information looks at your information or your health information is accidently lost or is stolen. We will also report these occurrences to State and federal authorities, and may need to use your health information to do so.  If this happens, we will provide you with a written notice via first-class mail to your last known address.

**Special Rules for Disclosure of Psychiatric, Substance Abuse, and HIV-Related Information:**  For disclosures of health information about psychiatric conditions, substance abuse, or HIV-related testing and treatment, special rules may apply.  In general, health information relating to care for psychiatric conditions, substance abuse or HIV-related testing and treatment may not be disclosed without your permission or a court order.  There are exceptions to this general rule.  For example, HIV test results may be disclosed to your provider of health care without written authorization.

HA-1005

Effective 5/30/17
**EXHIBIT A - Page 16**

Los Angeles County Health Agency
Notice of Privacy Practices

**Inmates:**  If you are an inmate or under the custody of a law enforcement official, we may release your health information to the correctional institution or law enforcement official.  This release would be necessary for the institution to provide you with health care and for the safety and security of the correctional institution.

**Fundraising:**  We may use information about you to contact you to raise money for our hospitals or clinics.  We will limit any information we release about you such as your name, address and telephone number and the dates you received treatment or services at our facilities.  For example, we may send you a letter asking if you would like to make a donation.  You can choose not to be contacted for our fundraising efforts.  If we send you information about our fundraising efforts, we will include a simple way for you to request that we not contact you in the future for our fundraising efforts.

## OTHER USES AND DISCLOSURES

Except as described in this Notice, or as allowed by State or federal law, we will not use or share your health information without your written authorization.  For example, we cannot use or disclose your health information for marketing purposes, or sell your health information without your written authorization.  If you sign an authorization and later change your mind, you can let us know in writing. This will stop any future uses and disclosures of your information but will not require us to take back any information we already disclosed.

## YOUR RIGHTS ABOUT YOUR HEALTH INFORMATION

You have the following rights about your health information, which you can exercise by submitting your request at the facility where you obtain health care.  For your convenience, the applicable forms can be found on our websites at dhs.lacounty.gov, dmh.lacounty.gov  or publichealth.lacounty.gov.

**Right to Request Restrictions of Your Health Information:**  You have the right to ask us to follow special restrictions when using or providing your health information for treatment, payment or health care operations.  You may also ask for restrictions on the records we give out to someone who is involved in your care or the payment of your health care.  For example, you might ask us to not to share certain information with your spouse.

We are not required to agree to your request and will tell you if we cannot honor your request.  However, if we do agree, we will comply unless the health information is needed to provide you emergency treatment.   If we share your restricted health information with a health care provider for emergency treatment, we will ask the health care provider to not further use or disclose the information.

**Right to Ask for Restrictions When You Fully Pay Out-of-Pocket:**  You have the right to request a restriction on the disclosure of your health information to a health plan for purposes of payment or health care operations if you or someone else paid out-of-

Page 6 of 8

HA-1005

Effective 5/30/17
**EXHIBIT A - Page 17**

Los Angeles County Health Agency
Notice of Privacy Practices

pocket, in full, for a health care item or service. We must agree to your request, unless the law requires us to share your information. If you paid out-of-pocket in full for a health care item or service, and you wish to request this special restriction, you must submit your written request to the facility where you obtain health care.

**Right to Choose Someone to Act for You:** If you have given someone medical power of attorney or if someone is your legal guardian, that person can exercise your rights and make choices about your health information. We will make sure this person has the proper authority before we take any action.

**Right to Receive Confidential Communications:** You have the right to ask that we communicate with you about your appointments or other matters related to your treatment in a specific way (e.g., only calling you at work). You must specify how or where we may contact you. We will grant all reasonable requests.

**Right to Access, Inspect, and Copy Your Health Information:** With certain exceptions, such as records considered psychotherapy notes, you have the right to see and get a copy of the medical records we have of your care. To inspect and copy your medical records, you must make your request, in writing, to the facility where you obtain health care. If you request a copy of your medical record, we may charge a fee for the costs of copying, mailing, or supplies associated with your request. If we deny your request, we will provide you with a written decision.

**Right to Amend Your Health Information:** If you feel that the health information contained in your medical record is incorrect or incomplete, you may ask us to correct or update the information. You have the right to request an amendment for as long as we keep the health information. To request an amendment, you must make your request, in writing, to the facility where you obtain health care. You must state why you believe your health information is wrong or incomplete. In certain cases, we may deny your request for an amendment. If we deny your request, we will give you a written reason.

**Right to Receive an Accounting of Disclosures of Health Information:** You have the right to ask for an accounting of certain disclosures of your health information made by the Agency. This is a list of disclosures we made of your health information other than our own uses for treatment, payment and health care business. To ask for an accounting of disclosures, you must state a time period, but not longer than six years. The first accounting provided within a twelve-month period is free. We may charge you a fee for each future request. Before we process your request, we will tell you the cost so you may change or withdraw your request.

**Right to Obtain a Paper Copy of Notice:** You have the right to receive a paper copy of this Notice at any time, even if you have already received a copy or have agreed to receive this Notice electronically. You may obtain a paper copy of this Notice from the facility where you obtain health care. An electronic copy of this Notice is also available on our websites: dhs.lacounty.gov, dmh.lacounty.gov or publichealth.lacounty.gov.

HA-1005

Effective 5/30/17

**EXHIBIT A - Page 18**

Los Angeles County Health Agency
Notice of Privacy Practices

## CHANGES TO THIS NOTICE

We may change this Notice when the law or our practices change.  We reserve the right to make the revised or changed Notice effective for health information we already have about you as well as any information we receive in the future.  You will not automatically receive a new Notice.  If we change this Notice, we will post the revised Notice in our facilities and on the above-mentioned websites. You may also obtain any revised Notice from the facility where you obtain health care.

## HOW TO FILE A COMPLAINT

If you believe your privacy rights have been violated by us, you may file a complaint with the facility where you obtain health care or any of the offices listed below.   The law prohibits retaliation against an individual for filing a complaint.

County of Los Angeles
**Department of Health Services**
Privacy Officer
313 N. Figueroa Street, Room 703
Los Angeles, CA 90012
(800) 711-5366

County of Los Angeles
**Department of Public Health**
Privacy Officer
1000 S. Fremont Ave.
A9E, 5th Floor – South
Alhambra, CA 91803
(888) 228-9064

County of Los Angeles
**Department of Mental Health**
Director of Patients' Rights Office
550 South Vermont Avenue
Los Angeles, CA 90020
(800) 700-9996

You may also file a complaint with the U.S. Department of Health and Human Services Office for Civil Rights at (800) 368-1019 (TDD: 800-537-7697) or by sending a letter to:

Region IX, Office for Civil Rights
U.S. Department of Health and Human Services
90 7th St. Suite 4-100
San Francisco, CA 94103

You may also file a complaint at this link:
**www.hhs.gov/ocr/privacy/hipaa/complaints/**

Page 8 of 8

HA-1005

Effective 5/30/17
**EXHIBIT A - Page 19**

# Exhibit B



## COUNTY OF LOS ANGELES
## Public Health

**SUBSTANCE ABUSE PREVENTION AND CONTROL**

**RELEASE OF INFORMATION – OUTSIDE SAPC SUD PROVIDER NETWORK**

| I.  PATIENT INFORMATION | | |
|---|---|---|
| Name (Last, First, and Middle): | Date of Birth: | Medi-Cal # or My Health LA #: |
| Address: | | Phone Number: |

| II.  ENTITIES WHO MAY SHARE HEALTH INFORMATION |
|---|

I authorize the following entity/entities to share my protected health information with the parties listed below for purposes of litigation in connection with LA Alliance for Human Rights, et al. v. City of Los Angeles, et al. (USDC, Central District, Case No. 2:20-cv-02291)

Entity/entities disclosing information:

- Los Angeles County Department of Public Health ("DPH")

- _____

Parties receiving information:

- Parties in LA Alliance for Human Rights, et al v. City of Los Angeles, et al. (USDC, Central District, Case No. 2:20-cv-02291)

- _____

| III.  SCOPE OF DISCLOSURE |
|---|

I permit the entities listed in Section II to share the protected health information specified below. Disclosure shall be limited to the following information:

- ☐ <u>ALL</u> information listed here in Section III
- ☐ Assessment information
- ☐ Case management/care coordination
- ☐ Treatment plans
- ☐ Progress notes
- ☐ Health records (primary care, sexual and reproductive health, etc.)
- ☐ Other (specify): _____

- ☐ Drug test results
- ☐ Laboratory test results
- ☐ Medications
- ☐ HIV/AIDS test information
- ☐ Discharge plans / summaries
- ☐ Mental health records

**EXHIBIT B - Page 21**

## IV.  EXPIRATION OF AUTHORIZATION

This Authorization will automatically expire on ____/____/____, or one year from date of execution of this Release, whichever is later.

## V.  OTHER IMPORTANT INFORMATION

By signing this Authorization, I understand that:

- My alcohol and/or drug treatment records are protected under the Federal regulations governing Confidentiality and Drug Abuse Patient Records, 42 C.F.R. Part 2, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. parts 160 & 164, and cannot be disclosed without my written consent unless otherwise provided for by the regulations.
- This Authorization is voluntary and I do not need to sign this Authorization in order to receive treatment, enroll in services, or for payment for my health care.
- I have a right to receive a copy of this Authorization. A copy of this Authorization is as valid as the original.
- If information related to alcohol, drug or HIV/AIDS treatment is shared, that information cannot be re-disclosed except with another Authorization.
- I have the right to revoke this Authorization at any time in writing unless the entity disclosing my health information already shared my information before receiving my revocation.  I may use the Revocation of Authorization at the bottom of this form to terminate this Authorization and may mail or deliver the revocation to the Substance Abuse Prevention and Control (SAPC; see mailing address below) or my substance use treatment provider.

**Once my Revocation of Authorization is received, SAPC and/or my provider will cancel the Authorization and notify all involved parties of its cancellation.**

## VI.  SIGNATURE OF PATIENT OR LEGAL REPRESENTATIVE

I have read and understand the content of this Authorization.  I am signing the Authorization voluntarily and understand that I have the right to refuse to sign this document.  My signature authorizes the disclosure of the health information as described in Section III of this Authorization.

**Name and Signature of Patient or Patient's Legal Representative:**

_____   _____   ____/____/____
Print Name                                             Signature                                            Month   Day   Year

**If signed by Patient's Legal Representative, state relationship and authority to do so:**

_____

**Witness: Name and Signature of Providers or Agency/Clinic Representative:**

_____   _____   ____/____/____
Print Name and Title                              Signature                                            Month   Day   Year

_____
Provider Address

## VII. REVOCATION OF AUTHORIZATION

☐  I wish to revoke my authorization.

*Please send Revocation of Authorization to your health provider or SAPC at:
    Substance Abuse Prevention and Control
    1000 South Fremont Ave., Bldg. A-9 East, 3rd Floor
    Alhambra, CA 91803

**Name and Signature of Patient or Patient's Legal Representative:**

_____  _____  _____/_____/_____
Print Name and Title                          Signature                                    Month    Day    Year

If signed by Patient's Legal Representative, state relationship and authority to do so:

_____

## VIII. PROHIBITION ON REDISCLOSURE OF CONFIDENTIAL INFORMATION

This notice accompanies a disclosure of information concerning a client in alcohol/drug treatment, made to involved providers with the consent of such client. This information has been disclosed to involved providers from records protected by federal confidentiality rules (42 C.F.R. Part 2). The federal rules prohibit involved providers from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 C.F.R. Part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DECLARATION OF KIET HUYNH IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632176.1

DECLARATION OF KIET HUYNH IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

## DECLARATION OF KIET HUYNH

I, Kiet Huynh, declare as follows:

1.    I am an Information Technology ("IT") Manager for the County of Los Angeles ("County").  I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2.    I submit this declaration on behalf of the County to explain how burdensome it would be to search for and collect documents in response to Plaintiff LA Alliance for Human Rights' Requests for Production ("Requests" or "RFPs"), as required by the Court's August 2, 2023 Order.

3.    The requests are ambiguous as to whether they are seeking communications from current personnel or former personnel as well, which complicates my ability to ascertain the full potential volume of documents that could be encompassed in these requests.

4.    The County's enormous workforce is supported by multiple IT teams. I am an IT Manager for the County's Chief Executive Office ("CEO").  Other County departments that are the subject of Plaintiff's requests have their own IT personnel.

5.    My office ran initial searches using terms from the RFPs to try to isolate potentially responsive documents within the CEO.  The searches for documents responsive to RFPs 4-9, 11, 14-15, and 17-20 was limited to the period from January 1, 2018 to August 2, 2023, and—where specified—to communications to/from the Board of Supervisors and Senior Staff (approximately 30 individuals).

6.    The searches for communications potentially responsive to RFP 4 returned hits totaling **538,021** documents, totaling approximately **1,622.75** gigabytes of data.

632176.1                                        2
DECLARATION OF KIET HUYNH IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

7.    The searches for communications potentially responsive to RFP 5 returned hits totaling **741,449** documents, totaling approximately **2.45** *tera*bytes of data.

8.    The searches for communications potentially responsive to RFP 6 returned hits totaling **218,023** documents, totaling approximately **844.47** gigabytes of data.

9.    With regard to RFP 7, the searches returned hits totaling **741,449** documents, totaling approximately **2.45** *tera*bytes of data.

10.    For RFP 8, the results were **530,308** documents and **1.35** *tera*bytes of data.

11.    Searching for documents potentially responsive to RFP 9 returned **303,615** documents, roughly **702.46** gigabytes of data.

12.    The search for communications potentially responsive to RFP 10 returned hits totaling **68,509** documents, totaling approximately **279.59** gigabytes of data.

13.    The search for communications potentially responsive to RFP 11 returned hits totaling **108,843** documents, totaling approximately **301.15** gigabytes of data.

14.    The search for communications potentially responsive to RFP 14 returned hits totaling **294,779** documents, totaling approximately **1.20** *tera*bytes of data.

15.    The search for communications potentially responsive to RFP 15 returned hits totaling **287,843** documents, totaling approximately **538.74** gigabytes of data.

16.    The search for communications potentially responsive to RFP 17 returned **22,245,510** (over 22 million) documents, totaling approximately **13.63** *tera*bytes of data.

632176.1

3

DECLARATION OF KIET HUYNH IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

17.     The search for communications potentially responsive to RFP 18 returned hits totaling **100,611** documents, totaling approximately **381.59** gigabytes of data.

18.     The search for communications potentially responsive to RFP 19 returned hits totaling **1,402** documents, totaling approximately **9.21** gigabytes of data.

19.     The search for communications potentially responsive to RFP 20 returned hits totaling **11,035** documents, totaling approximately **3.38** *tera*bytes of data.

20.     The total number of search hits across each of the RFPs above **is more than twenty six million** documents—26,191,397 to be precise.

21.     It is impossible to tell from these initial searches how much overlap there is across the searches.  Each email must be opened and examined to determine its responsiveness.  In addition, these emails would need to be carefully reviewed for the presence of privileged information, including information protected from disclosure by attorney-client privilege, official information privilege (Evid. Code § 1040), and the deliberative process privilege.

22.     That review would have to be done by someone outside of the IT department, like counsel.  However, even running the e-discovery searches at the scale required and extracting/exporting them to a PST Outlook file would require me to divert all of my time away from my day-to-day workload for several weeks or even months.  During that time, there are not other personnel who could adequately cover my regular County work.

///

///

///

///

632176.1

4

DECLARATION OF KIET HUYNH IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.

_____
Kiet Huynh

DECLARATION OF KIET HUYNH IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **DECLARATION OF JOSE MARI SUZARA IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632334.1

DECLARATION OF JOSE MARI SUZARA IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

**<u>DECLARATION OF JOSE MARI SUZARA</u>**

I, Jose Mari Suzara, declare as follows:

1. I am a Sr. Network Systems Administrator for the County of Los Angeles ("County"). I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2. I submit this declaration on behalf of the County to explain how burdensome it would be to search for and collect documents in response to Plaintiff LA Alliance for Human Rights' Requests for Production ("Requests" or "RFPs"), as required by the Court's August 2, 2023 Order.

3. The requests are ambiguous as to whether they are seeking communications from current personnel or former personnel as well, which complicates my ability to ascertain the full potential volume of documents that could be encompassed in these requests.

4. The County's enormous workforce is supported by multiple Information Technology ("IT") teams. I am the Departmental Chief Information Officer for the County's Board of Supervisors' Executive Office. Other County departments that are the subject of Plaintiff's requests have their own IT personnel.

5. My office initial searches using terms from the RFPs to try to isolate potentially responsive documents. The searches for documents responsive to RFPs 4-9, 11, 14-15, and 17-20 was limited to the period from January 1, 20218 to August 2, 2023, and—where specified—to communications to/from the Board of Supervisors and Senior Staff (approximately 30 individuals).

6. The searches for communications potentially responsive to RFP 4 returned hits totaling **115,140** documents, approximately **1,523.71** gigabytes of data.

7. The searches for communications potentially responsive to RFP 5 returned hits totaling **498,939** documents, approximately **3.56 *tera*bytes** of data.

632334.1
2
DECLARATION OF JOSE MARI SUZARA IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

8.    The searches for communications potentially responsive to RFP 6 returned hits totaling **50,409** documents, approximately **3594.59** gigabytes of data.

9.    With regard to RFP 7, the searches returned hits totaling **498,939** documents, approximately **3.56 *tera*bytes** of data.

10.    The searches for communications potentially responsive to RFP 8 returned hits totaling **201,172** documents, **2.24 *tera*bytes** of data.

11.    Searching for documents potentially responsive to RFP 9 returned over **5.6 million** documents, which is roughly **5.92 *tera*bytes** of data.

12.    The search for communications potentially responsive to RFP 10 returned hits totaling **48,874** documents, approximately **854.73** gigabytes of data.

13.    The search for communications potentially responsive to RFP 11 returned hits totaling **43,518** documents, totaling approximately **522.37** gigabytes of data.

14.    The search for communications potentially responsive to RFP 14 returned hits totaling **254,693** documents, roughly **1.59 *tera*bytes** of data.

15.    The search for communications potentially responsive to RFP 15 returned hits totaling **62,233** items, roughly **429.19** gigabytes of data.

16.    The search for communications potentially responsive to RFP 17 returned **633,442** documents, approximately **2.34 *tera*bytes** of data.

17.    The search for communications potentially responsive to RFP 18 returned hits totaling **35,117** documents, approximately **196.3** gigabytes of data.

18.    The search for communications potentially responsive to RFP 19 returned hits totaling **2,959** documents, approximately **7.91** gigabytes of data.

19.    The search for communications potentially responsive to RFP 20 returned hits totaling **7,336** documents, totaling approximately **206.9** gigabytes .

20.    The total number of search hits across each of the RFPs above totals **8,081,656** documents.

632334.1
3
DECLARATION OF JOSE MARI SUZARA IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

21. It is impossible to tell from these initial searches how much overlap there is across the searches. Each email must be opened and examined to determine its responsiveness. In addition, these emails would need to be carefully reviewed for the presence of privileged information, including information protected from disclosure by attorney-client privilege, official information privilege (Evid. Code § 1040), and the deliberative process privilege.

22. That review would have to be done by someone outside of the IT department, like counsel. However, even running the e-discovery searches at the scale required and extracting/exporting them to a PST Outlook file would require me to divert all of my time away from my day-to-day workload for several weeks or even months. During that time, there are not other personnel who could adequately cover my regular County work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.

_____
Jose Mari Suzara

DECLARATION OF JOSE MARI SUZARA IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DECLARATION OF GEORGE BUSTAMANTE IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632177.1

## DECLARATION OF GEORGE BUSTAMANTE

I, George Bustamante, declare as follows:

1.    I work in the Department of Health Services ("DHS") for the County of Los Angeles ("County").  I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2.    I submit this declaration on behalf of the County to explain how burdensome it would be to search for and collect documents in response to Plaintiff LA Alliance for Human Rights' Requests for Production ("Requests" or "RFPs"), as required by the Court's August 2, 2023 Order.

3.    The Requests are ambiguous as to whether they are seeking communications from current personnel or former personnel as well, which complicates my ability to ascertain the full potential volume of documents that could be encompassed in these requests.

4.    The County's enormous workforce is supported by multiple Information Technology ("IT") teams.  I work within DHS's Audit and Compliance Division.  Other County departments that are the subject of Plaintiff's requests have their own IT personnel.

5.    I ran initial searches using terms from the RFPs to try to isolate potentially responsive documents.  My searches for documents responsive to RFPs 4-9, 11, 14-15, and 17-20 was limited to the period from January 1, 20218 to August 2, 2023, and—where specified—to communications to/from the Board of Supervisors and Senior Staff (approximately 30 individuals).  Keywords from the Requests produce voluminous hit counts.

6.    The searches for communications potentially responsive to RFP 4 returned hits totaling **199,620** documents.

632177.1

2

DECLARATION OF GEORGE BUSTAMANTE IN SUPPORT OF
COUNTY'S MOTION FOR PROTECTIVE ORDER

7. The searches for communications potentially responsive to RFP 6 returned hits totaling **103,340** documents.

8. With regard to RFP 8, the searches returned hits totaling **316,993** documents.

9. Searching for documents potentially responsive to RFP 9 returned **270,520** documents.

10. The search for communications potentially responsive to RFP 15 returned hits totaling **114,639** documents.

11. The search for communications potentially responsive to RFP 17 returned **5,119,583** documents.

12. The search for communications potentially responsive to RFP 18 returned hits totaling **522,540** documents.

13. The search for communications potentially responsive to RFP 20 returned hits totaling **16,245** documents.

14. The above initial searches—which are just a sample few of the RFPs at issue—yield a total of **over 6.6 million** hit counts, specifically 6,663,480. It is impossible to tell from these initial searches how much overlap there is across the searches.

15. Each email must be opened and examined to determine its responsiveness. In addition, these emails would need to be carefully reviewed for the presence of privileged information, including information protected from disclosure by attorney-client privilege, official information privilege (Evid. Code § 1040), and the deliberative process privilege.

16. That review would have to be done by someone outside of the IT department, like counsel. However, even running the e-discovery searches at the scale required and extracting/exporting them to a PST Outlook file would require me to divert all of my time away from my day-to-day workload for several weeks or

632177.1

3

DECLARATION OF GEORGE BUSTAMANTE IN SUPPORT OF
COUNTY'S MOTION FOR PROTECTIVE ORDER

even months. During that time, there are not other personnel who could adequately cover my regular County work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.


George Bustamante

632177.1

4

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **DECLARATION OF MARK D. CHENG IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632255.1

DECLARATION OF MARK D. CHENG IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

**<u>DECLARATION OF MARK D. CHENG</u>**

I, Mark D. Cheng, declare as follows:

1.      I am the Acting Chief Information Officer for the County of Los Angeles ("County") Department of Mental Health.  I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2.      I submit this declaration on behalf of the County to explain how burdensome it would be to search for and collect documents in response to Plaintiff LA Alliance for Human Rights' Requests for Production ("Requests" or "RFPs"), as required by the Court's August 2, 2023 Order.

3.      The Requests are ambiguous as to whether they are seeking communications from current personnel or former personnel as well, which complicates my ability to ascertain the full potential volume of documents that could be encompassed in these requests.

4.      The County's enormous workforce is supported by multiple Information Technology ("IT") teams.  I am the Acting Chief Information Officer for the County's Department of Mental Health ("DMH").  Other County departments that are the subject of Plaintiff's requests have their own IT personnel.

5.      My office ran initial searches using terms from the RFPs to try to isolate potentially responsive documents within DMH.

6.      Without a negotiated list of search terms and custodians, I have no way of identifying the entire universe of documents potentially responsive to the Requests.  For example, the Requests broadly seek documents about "mental health."  However, I cannot search for communications within DMH that contain the terms "mental health" and/or "mh" because the phrases are in the Department's name (in email signatures) and email addresses.

632255.1

2

DECLARATION OF MARK D. CHENG IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

7.     Other keywords from the Requests produce voluminous hit counts. Searches for the terms "MHSA" or "Mental Health Services Act" and "fund" for in Supervisor Janice Hahn's and Chief of Staff Mark Baucum's mailboxes resulted in **2,190,541** and **3,691,001** emails, respectively.

8.     Searches for the term "Bed," even limited to communications to/from the Board of Supervisors and Senior Staff (31 individuals), yielded a hit count of **75,469** emails, roughly **139.17** gigabytes of data.

9.     Searches for the term "Measure H," again, even limited to communications to/from the Board of Supervisors and Senior Staff (31 individuals), yielded a hit count of **31,490** emails, roughly **65.3408** gigabytes of data.

10.    It is impossible to tell from these initial searches how much overlap there is across the searches, and which emails are actually responsive.  Each email must be opened and examined to determine its responsiveness.

11.    In addition, these emails would need to be carefully reviewed for the presence of privileged information, including information protected from disclosure by attorney-client privilege, official information privilege (Evid. Code § 1040), and the deliberative process privilege.

12.    That review would have to be done by someone outside of the IT department, like counsel or the owners of the emails in question.  However, the running of the e-discovery searches at the scale required and extracting/exporting them to a PST Outlook file would require my oversight and divert my staff's time away from their day-to-day workload for several weeks or potentially months. During that time, there are no other personnel who could adequately cover my time and my staff's regular County work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.

*Mark Cheng*

Mark D. Cheng

DECLARATION OF MARK D. CHENG IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**DECLARATION OF DAVID CARDENAS IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

632282.1

DECLARATION OF DAVID CARDENAS IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

## DECLARATION OF DAVID CARDENAS

I, David Cardenas, declare as follows:

1.      I am a Deputy Director in the Department of Public Health ("DPH") for the County of Los Angeles ("County").  I have personal knowledge of the following information, and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2.      I submit this declaration on behalf of the County to explain how burdensome it would be to search for and collect documents in response to Plaintiff LA Alliance for Human Rights' Requests for Production ("Requests" or "RFPs"), as required by the Court's August 2, 2023 Order.

3.      The Requests are seeking communications from an extensive number of current personnel and former personnel, which complicates my ability to ascertain the full potential volume of documents that could be encompassed in these requests.

4.      The County's enormous workforce is supported by multiple Information Technology ("IT") teams.  I work within DPH's Operations Support Bureau.  Other County departments that are the subject of Plaintiff's requests have their own IT personnel.

5.      My office ran initial searches using terms from the RFPs to try to isolate potentially responsive documents.  The searches were limited to the period from January 1, 2018 to August 2, 2023.  Without a negotiated list of search terms and custodians, it is extremely challenging to identify the entire universe of documents potentially responsive to the Requests.  For example, the Requests broadly seek documents about "substance use," which is a sub-set of the name "Substance Abuse Prevention and Control," a division of DPH.

632282.1

2

DECLARATION OF DAVID CARDENAS IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER

6. Adding keywords from the Requests produce voluminous hit counts. Searches for communications potentially responsive to RFP 6, using terms "SUBSTANCE USE DISORDER" OR "SUD"; AND "BED*", returned hits totaling **14,477** documents, roughly **41.52** gigabytes of data.

7. The searches for communications potentially responsive to RFP 7, using terms "MENTAL HEALTH" OR "MH", AND "BED*", returned hits totaling **59,872** documents, roughly **100.83** gigabytes of data.

8. The searches for communications potentially responsive to RFP 15, using terms "COMPLAINT" OR "REPORT", AND "HOMELESS" OR "UNHOUSED" OR "PEH", returned hits totaling **42,670** documents, roughly **87.40** gigabytes of data.

9. This is just a small sample of what must be searched for in order to fully comply with the RFPs as written. Further, each email must be opened and examined to determine its responsiveness. In addition, these emails would need to be carefully reviewed for the presence of privileged information, including information protected from disclosure by attorney-client privilege, official information privilege (Evid. Code § 1040), and the deliberative process privilege.

10. That review would have to be done by someone outside of the IT department, like counsel. However, the running of the e-discovery searches at the scale required and extracting/exporting them to a PST Outlook file would require me and my team to divert a significant amount of our time away from our day-to-day workload for several weeks. During that time, there are no other personnel who could adequately cover our regular County work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of August, 2023, at Los Angeles, California.

_____

David Cardenas

4

DECLARATION OF DAVID CARDENAS IN SUPPORT OF COUNTY'S MOTION FOR PROTECTIVE ORDER