UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: 213-394-7979
Facsimile: 213-529-1027
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

*Attorneys for Plaintiffs*

FILED
CLERK, U.S. DISTRICT COURT

August 21, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY:   D. Lewman   DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LA ALLIANCE FOR HUMAN
RIGHTS, *et al.*,

          Plaintiffs,

    v.

CITY OF LOS ANGELES, *et al.*,

          Defendants.

CASE NO. 2:20-CV-02291-DOC-KES

Assigned to Judge David O. Carter

**PLAINTIFFS' OPPOSITION AND RESPONSE TO COUNTY OF LOS ANGELES' STATEMENT PURSUANT TO DISCOVERY STIPULATION RE: MOTION FOR PROTECTIVE ORDER**

Plaintiffs hereby submit this statement in response and opposition to the County's motion for a protective order.  The Court's Order—unlike the Defendants' Motion—is narrowly tailored to address the significant and important issues in this case, and the parties meet-and-confer process (which has already begun) should be, and is designed to be, an iterative process whereby the parties jointly work together to reduce the burdensomeness of the ESI production.  Finally, Plaintiffs have specifically and repeatedly represented that no personal or individual health information of any third parties is being sought, the exclusion of which will significantly reduce the burden on the County, and would in any case be covered by the protective order already in place in this case.

**I.      Background and Relevant Facts**

During the parties' initial Rule 26 conference on May 23, 2023, Plaintiffs notified Defendant County of their intention to seek communications from the Board of Supervisors and certain department heads, to which the County indicated its intention to object and refuse to provide said communications. (Declaration of Elizabeth A. Mitchell ("Mitchell Decl.") ¶ 2.) Plaintiffs then served the subject Requests for Production ("RFP") three days later on May 26, 2023. (*Id.* ¶ 3.) When the County asked for an extension of time to respond and produce documents to July 17, Plaintiffs granted that extension with the specific understanding and agreement that all objections would be provided by an earlier date—July 3, 2023—so the Plaintiffs could move forward expeditiously on the motion to compel which was the subject of the Order. (*Id.* ¶ 4.)

At the time the Joint Stipulation [ECF No. 603] was filed on July 27, 2023— after the parties met and conferred, agreed upon a joint stipulation process and received a court order thereon, and exchanged pleadings—Plaintiffs did not have sufficient time with Defendants' supplemental responses and production to move forward with a motion to compel on any issues except for those which were the specific subject of earlier conversations (RFPs 1-4, 6, *i.e.* those specifically asking for

*PLAINTIFFS' OPPOSITION AND RESPONSE TO COUNTY OF LOS ANGELES'
STATEMENT RE: MOTION FOR PROTECTIVE ORDER*

Supervisor and Senior Staff communications). However, it has since become clear the County has withheld *all* communications (not just those of Supervisors). (*Id*. ¶ 5.) Moreover, the objections in support of the County's refusal to produce *any* communications are identical to the ones made in support of the County's refusal to produce Supervisor and Senior Staff communications and Defendant offers no further argument in support of its position that they had not previously articulated. Given the significantly condensed schedule for discovery, and the impending discovery cutoff, the Court's Order cutting right to the chase on all RFPs was crucial to facilitate production of documents that have been pending now for months without resolution, and it was sufficiently narrowly tailored to address those significant issues which are at the heart of this litigation. (*Id*. ¶ 6.)

After the Order, the parties met and conferred on August 9, 2023, regarding both the RFPs on which the parties were ordered to meet and confer (RFP 1, 2, 3, 10, 12, 13, and 16) ("meet and confer set") *and* the RFPs on which the Court ordered the County to provide documents (RFPs 4-9, 11, 14-15, 17-21) ("compliance set"). Regarding the "meet and confer set," Plaintiffs suggested limiting factors to narrow the scope of the request, but the County declined to adopt any of the limiting factors or suggest any alternative limitations that would be acceptable.[1] Regarding the "compliance set," the parties exchanged proposed ESI search terms, and Plaintiffs further sent a compromised/joint list of proposed search terms, along with updated definitions and suggested limitations to the "meet and confer set." (*Id*. ¶ 7.) The County has not yet provided a hit list on any proposed search terms despite being sent over a week ago. (*Id*. ¶ 8.)

**II.    The Motion for Protective Order Is Not Narrowly Tailored**

"If any party or non-party believes that any documents, or portions thereof, are

---

[1] In the Motion for Protective Order, the County wholly ignores the Court's order to meet and confer on numbers 1-3 and inexplicably asks the Court to focus only on RFPs 4 and 6. (Defendant's Motion for Protective Order ("Mot.") at 1.)

*PLAINTIFFS' OPPOSITION AND RESPONSE TO COUNTY OF LOS ANGELES' STATEMENT RE: MOTION FOR PROTECTIVE ORDER*

protected from disclosure under Rule 26, then **within 14 days of this Order**, it shall submit a **narrowly tailored** motion for a protective order." (Order on Plaintiffs' Motion to Compel ("Order") at 22, ECF No. 604 (second emphasis added).) Contrary to this Court's explicit instructions, Defendant County filed an improper motion for reconsideration, in the guise of a motion for protective order, seeking to have this Court reconsider and/or withdraw its previous order compelling responses to 14 of Plaintiffs' requests and ordering the parties to meet and confer on the remaining ones.  The portion of the order that could be considered a proper motion for protective order is sweeping, vague, and requests vast and unspecified relief from having to produce essentially any documents due to the apparent inability of the County to formulate sufficiently specific search terms to narrow the universe of documents to review.

### III.   The County's Objections Based on Alleged Overbreadth, Burdensomeness, and Disproportionality Are Easily Resolved Through an Iterative ESI Process

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. Proc. 26(b)(1).  Every single factor weighs in favor of disclosure:  (i) the importance of the issues cannot be overstated: homelessness has been regularly cited as *the* most important issue facing our city, county, and state in every single poll for years; (ii) the amount in controversy involves billions of dollars over the course of several years; (iii) the County is in sole control and possession of this information; (iv) the County's budget for the 2023-2024 budget was $43 *billion* and cannot claim poverty thereon; and (v) the information sought is directly related to Plaintiffs' claims

4

and will not only demonstrate success (or lack thereof) of programs and compliance (or lack thereof) with the law but also what county officials knew and when—a crucial element Plaintiffs must prove for multiple claims. As noted by the Court in its Order, "[w]hatever undue burden Plaintiffs' RFPs places on these officials necessarily pale in comparison to the undue burden of comorbid medical, psychiatric, and substance use disorders that the chronically homeless bear."  (Order at 8.)

The County complains about the supposedly onerous nature of the requests, number of hits, and amount of time and resources it would require to review documents relevant to the requests.  However, these are issues that can be, and traditionally are, dealt with through an iterative meet-and-confer Electronically Stored Information ("ESI") process whereby the parties agree on search terms, run the searches, and then further meet-and-confer if the hits are too numerous in order to identify false positives and narrow the universe of documents reviewed.  Indeed, as County admits, the parties have already engaged in this process, exchanged one round of search terms, and Plaintiffs provided a compromised search term list. However, the County has yet to inform Plaintiffs of the hit returns or request further discussions thereon.

Additionally, the County fails to identify whether these millions of hits were *unique* hits (or whether many of the documents could be eliminated using a basic de-duplication process which any review platform can easily run) nor does it provide the search terms and parameters used to run them.  Without this information, the Court and counsel cannot evaluate the County's claim that producing documents would actually be burdensome at all.  Defendant should be required to continue to work with Plaintiffs in an iterative meet-and-confer process until the universe of documents are acceptable to the parties or the parties reach an impasse which can then be addressed by the Court when the issue is ripe.

**IV.     The County's Objection Based on Protected PHI is a Red Herring**

Plaintiffs have affirmatively disavowed any interest in individual third-party

*PLAINTIFFS' OPPOSITION AND RESPONSE TO COUNTY OF LOS ANGELES' STATEMENT RE: MOTION FOR PROTECTIVE ORDER*

Personal Health Information (PHI), including medical records.  Rather, Plaintiffs seek aggregate data or similar information which would demonstrate success or failure of programs and compliance with the law. (Mitchell Decl. ¶ 9.) To the extent individual PHI is referenced in data, lists, or other documents responsive to the request, the parties have stipulated to—and the court has signed—a protective order that specifically contemplates exchange of PHI and requires confidentiality thereof. ("This action also involves potential Protected Health Information under 45 C.F.R. §§ 160.103 and 164.512(e) of the Privacy Regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).")  (Order at 2, dated June 20, 2023, ECF No. 590.)  And to the extent Defendant needs additional assurance or needs to amend the existing protective order to include reference to and compliance with additional laws, of course Plaintiffs are willing to do so. (Mitchell Decl. ¶ 10.) But Defendant cannot hide behind laws protecting medical confidentiality to avoid complying with its discovery obligations, particularly wholesale refusal to review and disclose *any* responsive documents.

### V.    Conclusion

Defendant has had months to run searches and work with Plaintiffs on these document productions but has instead failed to produce *or apparently even review* any responsive communications to date.  Two weeks after the Court issued the Order, this still remains the case. (Mitchell Decl. ¶ 11.) Plaintiffs respectfully request the Court DENY Defendant's motion for protective order.

DATED:  August 21, 2023                  Respectfully submitted,

By: */s/ Elizabeth A. Mitchell*
UMHOFER, MITCHELL & KING LLP
Elizabeth A. Mitchell
Matthew Donald Umhofer

*Attorneys for Plaintiffs*

*PLAINTIFFS' OPPOSITION AND RESPONSE TO COUNTY OF LOS ANGELES' STATEMENT RE: MOTION FOR PROTECTIVE ORDER*