UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: 213-394-7979
Facsimile: 213-529-1027
Email: matthew@umklaw.com
Email: elizabeth@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*, | CASE NO. 2:20-CV-02291-DOC-KES |
| Plaintiffs, | Assigned to Judge David O. Carter |
| v. | **PLAINTIFFS OPPOSITION TO PROPOSED INTERVENORS' MOTION FOR PERMISSIVE INTERVENTON** |
| CITY OF LOS ANGELES, *et al.*, | |
| Defendants. | **DATE:** September 11, 2023 **TIME:** 10:00 a.m. **COURT**: Courtroom 10A |

*PLAINTIFFS OPPOSITION TO PROPOSED INTERVENORS' MOTION FOR PERMISSIVE INTERVENTON*

## I.     INTRODUCTION

Plaintiffs LA Alliance for Human Rights, Joseph Burk, George Frem, Wenzial Jarrell, Charles Malow, Karyn Pinsky, and Harry Tashdjian ("Plaintiffs") hereby submit its Opposition to Paul Boring, Chrystal Finley, David Jacobs, Wendy Lockett, and Eric Serin's ("Applicants") Motion for Permissive Intervention ("Motion").

Applicants should not be permitted to intervene under Rule 24(b)(1)(B) because (1) their application is untimely; (2) they fail to identify claims related to the instant actions; (3) they fail to establish independent jurisdiction; and (4) they failed to comply with Local Rule 7-3.

## II.    PROCEDURAL HISTORY

Plaintiffs filed the instant action over three years ago on March 10, 2020 against the City of Los Angeles ("City") and the County of Los Angeles ("County") asserting 14 federal and state law claims for relief.  (ECF No. 1.)  Within this time frame, the instant action has gone to the Court of Appeals three times (April 21, 2021 – ECF No. 278, July 13, 2022 – ECF No. 451, and May 11, 2013 – ECF No. 586), Plaintiffs and the City settled the case (ECF No. 408), and the Court issued an expedited scheduling order with a September 8, 2023 close of discovery and a trial date of November 6, 2023.

Recently, on August 17, 2023, the Parties stipulated to a trial continuance in an effort to engage in settlement discussions.  (ECF No. 609.)

## III.   ARGUMENT

### A.     APPLICANTS SHOULD NOT BE ALLOWED TO INTERVENE UNDER RULE 24(b)(1)(B) AT THIS STAGE OF THE LITIGATION

Under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court may permit anyone to intervene who[] has a claim or defense that shares with the main action a common question of law or fact."  Fed. Rule Civ. Pro. 24(b)(1)(B).  "[P]ermissive intervention 'requires (1) an independent ground for

2

*PLAINTIFFS OPPOSITION TO PROPOSED INTERVENORS' MOTION FOR PERMISSIVE INTERVENTON*

jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Freedom from Religion Found, Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d at 405, 412 (9th Cir. 1998). The Motion does not meet or establish all three elements for permissive intervention in any way.

### a. Applicants' Motion for Permissive Intervention is Untimely

A finding of untimeliness defeats a motion for permissive intervention. *U.S. v. State of Wash.*, 86 F.3d 1499, 1507 (9th Cir. 1996). Timeliness is a threshold requirement and must be met to intervene under Rule 24(b). The timeliness inquiry is a pragmatic one concerning the amount of "water" under the "litigation bridge." *League of United Lat. Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) ("LULAC"). In determining whether a motion to intervene has been made in a timely fashion, Courts consider the following: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and the length of the delay." *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991). Further, "for permissive intervention, courts analyze timeliness more stringently against the prospective intervention" than they do for intervention as a matter of right. *Roman Catholic Bishop of Monterrey v. Cota*, 2016 WL 320741, at *6 (C.D. Cal. 2016).

### i. The Instant Action is at a Late Stage of Litigation

As discussed *supra*, the instant action has been pending for more than three years. Within these years, parties have been dismissed and the case has been to the Court of Appeals three times. Moreover, there are mere weeks before the close of discovery and less than two months before trial. The litigation has progressed far past the beginning stages and is nearing its conclusion. *See* LULAC, 131 F.3d at 1303-04 (holding that "any substantial lapse of time weighs heavily against

3

intervention" because moving party attempted to intervene "a full twenty-seven months after the original actions").

### ii.      Plaintiffs Would Be Prejudiced

Plaintiffs have a strong interest in closing out litigation as planned, and any delay at this stage of the proceeding would be unfairly prejudicial to Plaintiffs.  Although Applicants claim that they "will not file any papers and would require only a seat in the courtroom for trial," Mot. at 4, it is highly unlikely that adding new parties to the instant action will not result in delay given that the parties agreed to an accelerated trial schedule.  And, introducing a new party or parties for trial purposes only would result in a substantially lengthened trial itself.

### iii.      Applicants' Fail to Justify Any Reason for Delay

Substantial delay weighs heavily against intervention.  *State of Wash.*, 86 F.3d at 1503.  Applicants' Motion completely fails to establish any reason for delay or why they have decided to move after over three years.  In fact, Applicants admit that they were aware of the instant action for quite some time but fail to provide any explanation for waiting this long to attempt to intervene.  *See* Mot. at 3.

### b.      Applicants' Motion Fails to Identify Claims Related to the Instant Action

While the Applicants allege they have standing to intervene in this action, they fail to identify actual claims that are a common question of law and fact between the their claim and the instant action.  They simply state "[t]here are only common questions of fact and law as among the actions."  Mot. at 4.  This is gravely insufficient because it fails to identify the actual questions of fact and law Applicants allege are common or why they should be addressed within the same action.   Applicants "stake" in the outcome of this litigation "does not constitute permissible grounds for intervention."  *Valley Center Pauma Unified School Dist. v. Interior Bd. of Indian Appeals of the U.S. Dep't. of the Interior*, 2012 WL 1033576, at *2 (S.D. Cal. Mar. 27, 2012).

4

*PLAINTIFFS OPPOSITION TO PROPOSED INTERVENORS' MOTION FOR PERMISSIVE INTERVENTON*

**c.      Applicants' Motion Fails to Identify an Independent Basis for Jurisdiction.**

A party moving for permissive intervention must show independent grounds for jurisdiction. *See Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). Here, Applicants also fail to establish an independent basis for jurisdiction and simply state that "[t]here are independent grounds for jurisdiction for each of the five parties who seek intervention" without any facts to support their assertion, which is insufficient to meet the legal standard. Presumably, Applicants assume the Court will understand the references to Applicant's apparently pending case with the same judicial officer, but Applicants fail to provide those bases in the instant motion. Failing to provide a clear record, and referring only to information which Applicant and the judicial officer would understand inherently violates the existing parties' due process rights to evaluate and potentially challenge any claims made therein.

**B.      APPLICANTS FAIL TO COMPLY WITH LOCAL RULE 7-3**

"Counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. Here, the Applicants failed to contact counsel in the instant action before filing its Motion to Intervene as required by L.R. 7-3. Applicants state that L.R. 7-3 does not apply to them because "there is no 'opposing counsel,' as set forth in L.R. 7-3, with whom to hold a conference. However, their reasoning falls flat and is of no consequence. L.R. 7-3 provides that the rule applies "[i]n all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions [] and applications under F.R. Civ. P. 65 for temporary restraining orders or preliminary injunctions." L.R. 7-3. The exemptions under L.R. 16-12 are "(a) Petitions filed under 28 U.S.C. §§ 2241 *et seq.*, or their functional equivalents; (b) Actions for judicial review of a decision by the Commissioner of Social Security under 42 U.S.C. § 405(g);  (c) Any case in which

the plaintiff is appearing pro se, is in custody, and is not an attorney; (d) Any case removed to this Court from the small claims division of a state court;  (e) Appeals from the bankruptcy court;  (f) Extradition cases; (g) Actions to enforce or quash an administrative summons or subpoena; and (h) Actions by the United States to collect on a student loan guaranteed by the United States." L.R. 16-12.  None of these exceptions to Rule 7-3 apply here.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court deny the Motion.


Dated: August 21, 2023                              /s/ Elizabeth A. Mitchell
                                                    UMHOFER, MITCHELL & KING, LLP
                                                    Matthew Donald Umhofer (SBN 206607)
                                                    Elizabeth A. Mitchell (SBN 251139)

                                                    *Attorneys for Plaintiffs*

*PLAINTIFFS OPPOSITION TO PROPOSED INTERVENORS' MOTION FOR PERMISSIVE INTERVENTON*