**STEPHEN YAGMAN**
Yagman + Reichmann, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

**1999-2010, 2021   -present  Partner, Yagman + Reichmann, LLP**
**1980-1999            -Shareholder, Yagman & Yagman, Prof. Corp.**

**"Vigilant, strong, &  tenacious" in "the highest traditions of the bar"**
**Judge Stephen R. Reinhardt**

**EXPERIENCE:**

**COMMENTS:**

**Held to be expert in federal civil rights, civil RICO, and federal class action litigation, and exemplifying "the highest traditions of the bar":**

**1. Judge Stephen R. Reinhardt, U.S. Ct. of Appeals, Ninth Circuit: "[Stephen] Yagman's vigilance in the protection of his client's constitutional rights served all citizens.  His fortitude and tenacity in the service of his civil rights clients exemplifies the highest traditions of the bar.  As Justice Brandeis noted, '[t]he great opportunity of the American Bar is and will be to stand . . . ready to protect the interests of the people.'"** *Armster v. U.S. Dist. Court***, 817 F.  2d 480 (9th Cir.  1987)**

**2. Chief Judge Alex Kozinski (and Judges Ferdinand F. Fernandez and Pamela Ann Rymer), U.S. Ct. of Appeals, Ninth Circuit: "[C]ounsel, Stephen Yagman, has a formidable reputation as a plaintiff's advocate in police misconduct cases; defendants in such cases may find it advantageous to remove him as an opponent." *County of Los Angeles v. U.S. Dist. Ct. (Forsyth v. Block)***, 223 F.3d 990 (9th Cir. 2000)**

**3. Judge Richard A. Paez, U.S. Court of Appeals, Ninth Circuit: "[plaintiff's] success is attributed in  large measure to the skill and experience of his counsel [Stephen Yagman].  [Stephen Yagman] ha[s] extensive experience in litigating § 1983 claims against police officers and**

1

public officials. [He is an] experienced trial attorney[] and appellate advocate[,] [and t]he large number of cases []he[] ha[s] litigated to judgment and [his] many successes is graphic evidence of Stephen . . . Yagman's abilities and tenacity." Saman v. Robbins, 93-00448-RAP, Doc. # 548 (C.D.Cal. 10/08/97) (attorneys' fees order)

"Mr. Yagman is a truly dedicated lawyer . . . .  He was a forceful lawyer[] [and c]learly believed in the cases that he was litigating on behalf  of his clients.  . . .  I think he adds to the bar[,] . . . [t]he work that he does is very important.  There are not a lot of lawyers who engage in this kind of practice of law.  . . .  [T]hese cases [are] hard fought.  They're very difficult.  . . .  Mr. Yagman believed in  his work and he litigated forcefully.  . . .  Mr. Yagman is a strong, forceful lawyer.  . . . [T]here are very few people that can really try a very complicated civil rights excessive force case.  To do it competently, and do it thoroughly, and effectively[] I put Mr. Yagman in that category because I saw it.  I witnessed it firsthand."

4. Judge Ferdinand F. Fernandez, U.S. Ct. of Appeals, Ninth Circuit:  "It is undisputed that counsel for plaintiffs [has] substantial experience in civil rights litigation.  Indeed, [Stephen Yagman is] truly expert[]."  *Cornwell v. County of Riverside* (C.D.Cal. 1988) (attorneys' fees order)

5.  Judge Richard A. Gadbois, Jr., U.S. Dist. Ct., Central California:  "The experience and reputation of ... counsel is of the highest level.  Mr. Yagman's expertise in this field needs no further documentation or comment by this court.  . . . Mr. Yagman is perhaps the most able civil rights plaintiffs' lawyer in this part of the country . . . ."  *Alexander v. County of Los Angeles* (C.D.Cal. 1984) (attorneys' fees order)

6. Judge Richard A. Gadbois, Jr., U.S. Dist. Ct., Central California:  "Mr. Yagman is a skilled and effective civil rights trial lawyer."  *Alexander v. County of Los Angeles* (C.D.Cal. 1984) (attorneys' fees order)

7.  Judge Mariana R. Pfaelzer, U.S. Dist. Ct., Central California:  "Stephen Yagman [is] acknowledged to be expert[] in § 1983 cases."  *Cabrales v. County of Los Angeles* (C.D.Cal. 1989) (attorneys' fees order)

8.  Judge J. Spencer Letts, U.S. Dist. Ct., Central California:  "In this case, the role of the plaintiffs' attorney [Stephen Yagman] as a private attorney

general was maximized.  . . . [T]he case exposed to public view the LAPD's questionable alleged practice of surveilling [*sic*] persons suspected of violent crimes and then watching, without intervening, the suspects commit another crime before arresting them.  ... The case may also be thought by some to have provided an illustration of the 'code of silence' . . . since the testimony of all twenty-one officers who participated in the . . . surveillance . . . did not conflict on any material issue.  The case also showed, in spite of the convincing nature of the evidence summarized above, how difficult it is for plaintiffs who are undeniably serious wrongdoers to get a jury verdict in their favor, and how nearly impossible it is for them to obtain a significant economic recovery.

"The court doubts that any lawyer in the greater Los Angeles area, other than plaintiffs' lead counsel [Stephen Yagman], would or could have represented them in this case, and devoted the time, effort and skill which it took to produce the verdict."  *Gomez v. Gates*, 804 F. Supp. 69 (C.D. Cal. 1992) (attorneys' fees order)

9. Judge J. Spencer Letts, U.S. Dist. Ct., Central California: Stephen Yagman displayed "extraordinary skill and dedication necessary for counsel to prevail."  *Gomez v. Gates*, 804 F. Supp. 69 (C.D. Cal. 1992) (attorneys' fees order)

10. Judge Ronald S.W. Lew, U.S. Dist. Ct., Central California:  "Mr. Yagman [has]. . . extensive experience and expertise in civil rights litigation."

11. Judge Audrey B. Collins, U.S. Dist. Ct., Central California: "The experience and reputation of attorney Stephen Yagman is well-known in the Central District.  Mr. Yagman is a specialist in civil rights litigation and consequently has a great deal of experience in this area.  . . .  [T]he hourly rate[] of $400 for Stephen Yagman [is not] unreasonable [and he is awarded fees at the rate of $400 per hour for work done from 1991 through 1995]." *Weston v. Gates* (C.D.Cal. 1995) (attorneys' fees order)

12.  Judge J. Spencer Letts, U.S. Dist. Ct., Central California:  "the court will accept as reasonable for plaintiff's lead counsel [Stephen Yagman] a rate of $450 [for work done in 1995] an hour, near the top of the range, because it appears that by virtue of his expertise in this area, counsel was

3

able to expend comparatively few hours." *Gomez v. Gates*, 804 F. Supp. 69 (C.D. Cal. 1992) (attorneys' fees order)

13.  Judge Dean D. Pregerson, U.S. Dist. Ct., Central California: "Stephen Yagman is well-known in this district for his experience in litigating civil rights actions and class actions."  "Stephen Yagman seeks $750 per hour for his time expended . . . as an attorney [from 2004 to 2008] . . . . [T]his court finds that rate appropriate to Mr. Yagman's work as a lawyer . . . ." (Awarded on December 19, 2014, in *Thomas v. Baca*, 514 F.Supp. 2d 1201 (C.D.Cal. 2007)).

"Mr. Yagman handled many important cases of constitutional significance before me.  He also struck me as being genuinely motivated to help his clients and vindicate their rights.  It also appeared to me that Mr. Yagman fulfilled an important constitutional niche, in that he would take tough cases for plaintiffs who otherwise would be likely not to have had the benefit of counsel . . . .  [Mr. Yagman's] role [is] as an important voice for unrepresented clients."

14. Judge Gary Allen Feess, U.S. Dist. Ct., Central California: "[Stephen Yagman] is an able lawyer with extensive experience in civil rights litigation[,] . . . an expert in the field of civil rights law [who] has represented a large number of Plaintiffs in police brutality cases[,] [and t]he Court knows, based on its own dealings with counsel, that he is intimately familiar with the cases and principles that govern litigation in this area[,] is well known in the community and is regarded as having extensive knowledge and experience in the field of federal civil rights law." *Dang v. Cross*, 2003 WL 21530137 (C.D.Cal. 2003) (attorneys' fees order).

15. Judge Gary Allen Feess, U.S. Dist. Ct., Central California: "[Stephen Yagman is] a practitioner with talent, background and experience . . . ." *Dang v. Cross*, 2003 WL 21530137 (C.D.Cal. 2003) (attorneys' fees order).

16. Judge Dale S. Fischer, U.S. Dist. Ct., Central California: "[Stephen Yagman is] the expert in the field [of civil rights jury instructions]."

17. Judge Cormac J. Carney, U.S. Dist. Ct., Central California: "[Stephen] Yagman made me a better judge, made defense counsel a better lawyer,

4

and made the LAPD a better police force." *Hart v. Gates* (C.D.Cal. 2004) (remarks from bench)

18.  Judge Robert M. Takasugi, U.S. Dist. Ct., Cent. Dist. Cal.: "[Stephen Yagman is] a formidable court opponent."  *Hart v. Gaioni*, 2003 WL 21149935 (C.D. Cal. 2003)

19. Judge Robert M. Takasugi, U.S. Dist. Ct., Central California: "[Stephen Yagman's] performance in trial [was] exemplary . . . ." *Hart v. Gaioni*, 2003 WL 21149935 (C.D. Cal. 2003)

20. Magistrate Judge Andrew J. Wistrich, U.S. Dist. Ct., Central California:  "Stephen Yagman [is recognized as a] prominent attorney [in the Los Angeles legal community]."

21. Magistrate Judge Victor B. Kenton, U.S. Dist. Ct., Cent. Dist. Cal.: "[Stephen] Yagman is a good and creative attorney."

22. Magistrate Judge Margaret A. Nagle, U.S. Dist. Ct., Central California: "[Stephen Yagman is a] skilled practitioner[] of notable reputation . . . ." *Green v. Baca*, 2004 WL 1151649 (C.D. Cal. 2004)

23. Judge Stephen V. Wilson, U.S. Dist. Ct., Central Cal.: "[H]e has entered a field of law that's difficult. He is always the underdog, and he is facing the establishment at its fiercest. So anyone who gets into that arena is brave and has a mission." "He tried cases in my court, I thought, very competently."  *U.S.A. v. Yagman*, (C.D.Cal. Nov. 27, 2007) (sentencing hearing transcript)

24. Dean Erwin Chemerinsky (previously, Duke Law School constitutional law professor); founding Dean, Univ. of California School of Law, Irvine; Dean Univ. of California, Berkeley School of Law): "His  knowledge of the law is considered encyclopedic. . . . It's  hard to think of Steve Yagman as a government prosecutor, but it makes lots of sense.  He is one of the most experienced lawyers in the country in dealing with police abuse cases, knows the law extremely well, and he's an experienced trial lawyer . . . . My sense is you've got to look at [the Ruby Ridge incident] for what it is: This is a case of police abuse." Los Angeles Times Magazine (June 28, 1998) cover story.

**25.  Ramsey Clark (U.S. 66th Attorney Gen. 1966-69): "Only the valiant have dared to sue the police for lawless violence and excessive force against the people. Foremost among the valiant is Stephen Yagman, who has bearded the lion in his den [quoting Sir Walter Scott] time and time again. . . .  Stephen Yagman[] [has] intensive litigation experience spanning two decades [and his book, on civil rights jury instructions and practice] is an important contribution to freedom in America." 1997 comments in promotional materials for "Section 1998 Federal Jury Practice and Instructions."**

**26. Richard J. Riordan (Mayor of Los Angeles, 1993-2001):  "[Stephen Yagman is] a bright, tough, relentless questioner [whom I respect, and he is] an experienced lawyer . . . . I came away [from being interrogated by him] respecting his ability." *Cunningham v. Gates* (1998 post-deposition comments).**

**27.  Professor Richard L. Abel, UCLA School of Law: Stephen Yagman is a "highly competent, dedicated lawyer who is a champion of unpopular causes." *Lawyers on Trial* (Oxford Univ. Press 2011), pp. 380-83, 456, 457.**

**28.  Professor Frances E. Olsen, UCLA School of Law:  "[Stephen Yagman is] the epitome of a public spirited person trying to do what's best and trying to be beneficial to society. . . .  He has been doing public service [co-teaching courses in "Law, Morality, and Social Justice" and "Police Brutality" with me] for seemingly no reason other than doing public service."**

**29. U.S. Magistrate Judge Joseph Reichmann (ret.), on the reason, after he retired from the bench, that he formed a law partnership with Stephen Yagman:  "I thought that he was the best civil rights lawyer in the City."**

**30. Judge Jon Robert Takasugi, Los Angeles Superior Court: "I have known Stephen Yagman for more than 30 years.  . . . Steve has accomplished many legal feats I deeply admire. . . .  Steve was a very important and valuable member of the bar . . . . Steve and my father [U.S. Dist. Judge Robert M. Takasugi] were very good friends . . . .  My father always spoke very highly of Steve, and greatly admired his moral compass and that he was willing to take on difficult and unpopular cases, that other**

6

lawyers would not consider.  In a system of free and open democracy, I believe Steve's work is so important, offering almost a fourth system of checks and balances to our government.  He is a living example of 'Injustice anywhere is a threat to justice everywhere.'  . . .  His legal work was very important and valuable . . . .  He really is a fourth system of 'checks and balances[.]'"

31. **Judge Jesse M. Furman, U.S. Dist. Court, Southern Dist. of N.Y.:** Stephen Yagman is "undeterred" and "dogged [in his] efforts to prosecute [the plaintiff's claims]."

32. **Chief Judge Audrey B. Collins, U.S. Dist. Ct., Central California:** "[Stephen Yagman] has unquestionably represented plaintiffs in a number of important civil rights cases over the years . . . ."

33. **Judge Michael W. Fitzgerald, U.S. Dist. Ct., Cent. Dist. Cal.:** "("Plaintiff's counsel [Stephen Yagman] knows better than anyone . . . [t]he universal custom in § 1983 cases . . . ."  *White v. Moore*, 2021 WL 6751865, *3 (C.D. Cal. 2021) (order inverted).

## POSITIONS:

1975-2010, 2021-present, practice concentrated in areas of federal civil rights/police misconduct and civil RICO trials and appeals, civil rights class actions, and U.S. Supreme Court practice, including civil rights class actions, *pro bono* criminal defense, and *pro bono* habeas corpus.

2007-present, teacher, UCLA courses in "Law, Morality, and Social Justice" and "Police Brutality."

2002-2007, Resident Legal Scholar of Beyond Baroque Foundation, Venice, California, an institution devoted to literature, poetry, and linguistic analysis.

November 12, 1997 (to September 2001), appointed State of Idaho Special Prosecutor, for Boundary County, to prosecute in both state and federal court, the criminal homicide case of *State of Idaho v. F.B.I.*

7

*agent Lon Horiuchi*, in the so-called Ruby Ridge siege, for the August 22, 1992 shooting death of Vicki Weaver.

1975, New York State Office of Special State Prosecutor for Health and Social Services (Special Prosecutor for Nursing Homes), Special Assistant Attorney General, Assistant Special Prosecutor.

1973, Criminal Defense Div., New York City Legal Aid Society, summer attorney intern in Youth Division of New York City Criminal Court.

1967-74, taught high school, economics, history, Spanish,  English literature, and remedial reading, full-time in New York City Title I schools.   Holds New York State secondary school license in social studies, New York City secondary license in social studies, and California state community college license in philosophy.

1967, Social worker, New York City Department of Welfare, Veterans' Center (now Dep't of Social Services), case worker for military veterans and their families.

1962-66, Lifeguard, Brighton Beach, Coney Island, and Rockaway, New  York City Dep't of Parks, 1962-66.

BAR ADMISSIONS:

New York (1975-2008); California (1976-2010, 2021-present); U.S. Court of Appeals for the 2d Circuit (1975-2010); U.S. Court of Appeals for the 9th Circuit (1976-2008); U.S.  District Court for the Central District of California (1976-2010, 2021-present); U.S. District Court for the Eastern District of California (2000-pressent); United States Supreme Court (1976-present); United States District Court for Colorado (1998-2010); U.S. District Court for the District of Idaho (as Idaho, Ruby Ridge Special Prosecutor, 1997-2001).

8

**EDUCATION:**

**Fordham University School of Law**

**J.D., 1974.  Dean's List; Jurisprudence Award of the Guild of Catholic Lawyers.**

**New York University**

**M.A., Graduate School of Arts and Sciences, legal philosophy, 1969, thesis on self-incrimination ("Nemo Tenetur Accusare Seipsum," on self-incrimination clause of Fifth Amendment), graduate advisor and mentor, Professor Sidney Hook.**

**Long Island University**

**B.A., history, philosophy, political science, 1967,  Dean's List, National History Honor Society (Phi Alpha Theta), wrestling team.**

**PUBLIC SERVICE:**

***Pro bono publico* counsel:  American Civil Liberties Union Foundation of Southern California, 1976-1983; NAACP Legal Defense and Education Fund, 1980-1983.  Taught civil rights law, *pro bono publico*, in former high school, January-February 1984.**

**PUBLICATIONS:**

**"POLICE MISCONDUCT AND CIVIL RIGHTS FEDERAL JURY PRACTICE AND INSTRUCTIONS," 2006-2007 pocket part, Thomson West, Eagan, MN.**

**"POLICE MISCONDUCT AND CIVIL RIGHTS FEDERAL JURY PRACTICE AND INSTRUCTIONS," 2005-2006 pocket part, Thomson West, Eagan, MN.**

**"POLICE MISCONDUCT AND CIVIL RIGHTS FEDERAL JURY PRACTICE AND INSTRUCTIONS,"** 2004-2005 pocket part, Thomson West, Eagan, MN.

**"Guantanamo-Act IV," a play, Beyond Baroque Foundation, 2004.**

**"POLICE MISCONDUCT AND CIVIL RIGHTS FEDERAL JURY PRACTICE AND INSTRUCTIONS,"** 2d Ed., August 19, 2002, Thomson West, Eagan, MN, 2002 (including section 1983, *Bivens*, and civil RICO text and jury instructions).

**"SECTION 1983 FEDERAL JURY PRACTICE and INSTRUCTIONS,"** 2001 supplement, West Group, Eagan, MN, 2001.

**"SECTION 1983 FEDERAL JURY PRACTICE and INSTRUCTIONS,"** 2000 pocket part, West Group, Eagan, MN, 2000.

**"SECTION 1983 FEDERAL JURY PRACTICE and INSTRUCTIONS,"** 1999 pocket part, West Group, Eagan, MN, 1999.

**"SECTION 1983 FEDERAL JURY PRACTICE and INSTRUCTIONS,"** West Group, Eagan, January 5, 1998.

**"Qualified Immunity: Is There Any in Excessive Force Cases?," in "Recent Developments in Police Civil Liability Litigation," October, 1999, Matthew Bender & Co.**

**"Police Vehicle Pursuits in California: Is There a § 1983 Claim?," in "Recent Developments in Police Civil Liability Litigation," October, 1999, Matthew Bender & Co.**

**"Excessive Force - What Is It Good For? Absolutely Nothing. Juries Are Supposed To Decide Whether Force Is Excessive, And, When They Do, There Is No Qualified Immunity," in "Section 1983 Civil Rights Litigation," June 1997, Practicing Law Institute, New York, New York, pp. 735-50.**

10

"Reasonable Unreasonableness:  The End of Qualified Immunity in Fourth Amendment Section 1983 Cases," in "Section 1983 Civil Rights Litigation,"  November 1996, Practicing Law Institute, New York, New York, vol. 2,  pp. 911-60.

"Civil Rights and Collateral Estoppel," 4 <u>Los Angeles Lawyer</u>, No. 10, p.  47 (January 1982).

Syllabus on Civil Rights for California Trial Lawyers Association, 1984.

Numerous, regular op-ed and commentary articles ("Against the Wind" bi-monthly commentary column) in Los Angeles <u>Daily Journal</u> (California legal newspaper), and Los Angeles <u>Times</u>, 1986-2004.

## <u>PUBLIC SPEAKING AND LEGAL EDUCATION LECTURES</u>:

"Interesting Civil Rights Trials," to American Board of Trial Advocates, Los Angeles, California, June 1990.

"Police Brutality," to Amnesty International, London, England, July 1990 (with Paul Hoffman, legal director, ACLU Foundation of Southern California).

"Selective Prosecution of Alleged Professional Misconduct by the California State Bar (against non-big firm, non-government lawyers)" to Los Angeles Trial Lawyers Ass'n., Los Angeles, California, September 1990.

"Police Brutality," to Whittier School of Law annual law review/moot court competition dinner, Los Angeles, California, April 1991.

"Prosecuting Police Brutality Cases," to Loyola University School of Law civil rights course (guest lecturer).

"Police Brutality in America," panel, "Ron Reagan Show," Fox Network, September 3, 1991.

11

"Fetus Rights," "Crier & Co.," CNN, November 7, 1991.

"Fetus Rights," "Larry King Live," CNN, November 26, 1991.

"Police Brutality and Criminal Law," to Advanced Criminal Law Seminar, Aspen, Colorado (and syllabus), January 1992, (continuing legal education seminar).

"How to Prosecute Federal Police Brutality Cases," to Westwood Bar Ass'n, September 22, 1992, (continuing legal education seminar).

"Prosecution of Police Brutality Cases," to Oregon Criminal Defense Lawyers' Ass'n, November 13, 1992, Acapulco, Mexico (and syllabus) (continuing legal education seminar).

"Prosecution of Police Brutality Cases in Federal Court," to Glendale Bar Ass'n, November 18, 1992.

"Prosecution of Section 1983 Claims and Bivens Claims," to Loyola Law School Advanced Criminal Law Seminar, March 15, 1993.

Faculty member, evaluator of mock trial presentation of defense expert in Section 1983 excessive force-shooting case, Practicing Law Institute, 12th annual Section 1983 civil rights course, New York, New York, November 7-8, 1996 (continuing legal education seminar).

"Turning the Tables:  Cops on Trial," with Hon. George C. Pratt (U.S. Ct. of Appeals, 2d Cir., ret'd), Prof. James J. Fyfe (Temple Univ. School of Criminal Justice and Senior Public Policy Research Fellow), Prof. Candace McCoy (Rutgers Univ. School of Criminal Justice), to Advanced Criminal Law Seminar of the Nat'l Ass'n of Criminal Defense Lawyers, Aspen, Colo., January 1997 (continuing legal education seminar).

Faculty member, "Section 1983 Civil Rights Litigation," with Hon. George C. Pratt, Prof. Martin A. Schwartz (Touro College - Jacob D. Fuchsberg Law Center), and John Williams, Esq., the Practicing Law Institute, New York, New York, Section 1983 civil rights course, via

12

satellite to 70 national locations, June 19, 1997 (continuing legal education seminar).

Panel member, Conference on Professionalism for the 21st Century, Civility/Professionalism Codes, with Hon. Rise Pichon, Richard Loftus, Esq., Prof. Russell Pearce (Fordham Univ. School of Law), sponsored by the State Bar of California and the American Bar Ass'n Center for Professional Responsibility, hosted by Univ. of California, Hastings College of Law as part of 1997 ABA annual convention, San Francisco, California, August 3, 1997.

"Prosecution of Section 1983 Cases in Federal Courts," to Riverside, California chapter of the Federal Bar Ass'n, September 19, 1997.

"Prosecuting Section 1983 Actions," to Stanford University School of Law class on Police Misconduct Litigation and Police Reform, November 24, 1997.  (Guest lecturer.)

"Prosecutorial Misconduct," to Advanced Criminal Law Seminar of the Nat'l Ass'n of Criminal Defense Lawyers, Aspen, Colo., February 1999 (continuing legal education seminar).

Presentation on prosecuting and defending civil rights actions to California Chapter of FBI Nat'l Academy Associates, September 9, 1999, Dana Point, California (seminar to professional law enforcement supervisors' training program).

"Recent Developments in Police Civil Liability Litigation," Qualified Immunity and Recent Developments panels, to Mathew Bender/L.A. County Bar Ass'n continuing legal education program on civil rights, Los Angeles, October 29, 1999.

"USE OF FORCE UPDATE:  Policies, Training and Litigation Mitigation," to California Ass'n of Police Training Officers (CAPTCO), with AUSA, Head Civil Rights United U.S. Attorney's Office, Los Angeles, Michael Gennaco, LAPD Capt. Greg Meyer, Los Angeles, May 8, 2000.

13

**"SECTION 1983 LITIGATION," to Los Angeles Arab American Bar Ass'n, Los Angeles, February 21, 2001 (continuing legal education presentation).**

**"SECTION 1983 LITIGATION," to Ass'n of American Law Schools, Civil Rights Section, January 5, 2002 annual  meeting, New Orleans (academic presentation).**

**"The Guantanamo Bay Detainees—Jurisdiction on American Soil," to The American Constitution/Equal Justice Society, Univ. of Southern Cal. Law School Chapter, April 2002.**

**"Prosecuting Section 1983 and *Bivens* Actions," to Culver City/Marina Bar Ass'n, April 2002.**

**"Civil Rights in Times of Terror: Do They Still Exist?:" Beyond Baroque symposium, with U.S. Circuit Judges Stephen R. Reinhardt and Alex Kozinski, July 11, 2003.**

## HONORS & AWARDS:

**City of Lancaster, California: honored for a top settlement: Stephen Yagman evidenced "excellence in trial advocacy [and] outstanding legal prowess; achieved an equitable remedy noteworthy of recognition; [and] exemplified the skill of a true litigator; [who is] commended for his exceptional achievement." July 14, 2023.**

***California Lawyer Magazine*, CLAY Award (*California Lawyer* Attorneys of the Year): chosen as one of California's top 41 lawyers, March 2005, for: "extraordinary achievements," "making a significant impact on the law," "work [that] has had a profound, far-reaching impact in 2004 [and] whose achievements in 2004 are expected to have such an impact in the coming years," and whose work has "changed the law, broke[n] new ground . . . and substantially influenced public policy." "On December 18, 2003, Yagman won a Ninth Circuit ruling on behalf of more than 600 detainees in Guantanamo Bay, holding that the federal courts had jurisdiction over Guantanamo Bay under either**

14

the doctrine of territorial jurisdiction or sovereignty such that the courts could rule on legal issues raised by 'enemy combatants.' That case, *Gherebi v. Bush* (374 F.3d 727 (2004)), was the first in which a Guantanamo Bay detainee successfully asserted the right to habeas corpus relief in an American court. In June 2004 the U.S. Supreme Court agreed with the *Gherebi* holding and reversed a contrary opinion by the D.C. Circuit Court of Appeals. And in September Yagman won a Ninth Circuit ruling in *Motley v. Parks* (383 F.3d 1058) that greatly limited the scope and permissibility of warrantless searches of parolees' apartments and expanded the basis for excessive-force claims to include pointing a gun at a five-week-old baby."

*California Lawyer Magazine*, CLAY Award (*California Lawyer* Attorneys of the Year): chosen as one of California's top 25 lawyers, March 2002, for "[t]he cutting-edge work of California's leading lawyers [that] helps the state maintain its reputation as a trendsetter. . . . Attorneys whose achievements in 2001 shaped the law, the profession, or the way the law affects industry or the public. . . . The lawyers . . . selected not only won important cases in 2001 but also left a lasting impact on the way those whose who follow them will practice." "Civil rights attorney Stephen Yagman won at least three important appeals in the Ninth Circuit last year. As a result of the Ninth Circuit's decision in *Brewster v. Shasta County*, [275 F.3d 803], counties can be held liable for the misconduct of their sheriff's departments. In *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, the Ninth Circuit enjoined Los Angeles County sheriffs from using high-voltage stun belts to prevent verbal courtroom disruptions. And in *Navarro v. Block*, 250 F.3d 729, the court held that county legislators are not entitled to qualified immunity if, in bad faith, they indemnify law enforcement officers against punitive damage awards."

Daily Journal Corporation/California Law Business, chosen as member of "Top 100 Most Influential California Lawyers," October 27, 2000.

**Los Angeles Criminal Courts Bar Ass'n, President's Award, presented February 27, 1993:  "In recognition of [Stephen Yagman's] zealous and dedicated advocacy and protection of his clients' rights he has battled courageously against abuse of governmental power at the risk of great personal sacrifice and loss."**

**Peoples College of Law, Clarence Darrow Award, presented March 30, 1996:  "for ... renowned progressive legal advocacy, ... commitment to *pro bono* work and ... tireless involvement in diverse political and human rights efforts at local, national and international levels." "Throughout the l970's, the l980's and now into the l990's Stephen Yagman ha[s] been engaged in progressive legal advocacy[] [and] ha[s] ... established legal precedent that has secured benefits to us all."  "All of Los Angeles, and indeed the legal community across the nation, can be grateful for the dedication and hard work that has been the hallmark of Stephen [Yagman's] practice."**

**State of California Senate, Certificate of Recognition, presented March 30, l996:  "for your commitment and leadership on constitutional rights to all citizens and engagement in progressive legal advocacy." Presented by State Senator (then congresswoman, now Los Angeles County Board of Supervisors) Hilda L. Solis.**

**City of Los Angeles, Certificate, presented March 30, l996: "For your extraordinary commitment, responsible stewardship and numerous contributions and service to others, this certificate is a measure of your devotion and labor which has enhanced the quality of life for everyone and made our society a better place in which to live."  Presented by Los Angeles School Board member (previous City of Los Angeles Council-member and California State Senator) Jackie Goldberg (a defendant in the *Gomez* and *Trevino* cases, *infra*).**

**Los Angeles *Times*, one of "Top 103 Most Influential People" in Los Angeles Westside community, March 25, 1999.**

**INTERESTING CASES**<sup>*</sup>

**\*Abcarian v. Levine, 972 F.3d 1019 (9th Cir. 2020): Johnson Act prohibits federal court subject matter jurisdiction of government utility cases; Hobbs Act does not create a private civil right of action; an official-capacity suit against a municipal officer in their official capacity is equivalent to a suit against the municipal entity, but a suit against municipal government officials in their personal capacities, for actions they take in their official capacities, is not equivalent to a suit against the municipal government itself; although a RICO suit does not lie against municipal entities, because the entities are incapable of forming malicious intent, the same is not applicable to natural persons; the rule categorically exempting municipalities from civil RICO liability and also punitive damages does not extend to personal-capacity suits against municipal officials acting in their official capacities; sets forth RICO pleading requirements. (Due process and RICO action; drafted the briefs.)**

**Abcarian v. Shelley, 77 Fed. Appx. 410 (9th Cir. 2003): upheld denial of temporary restraining order sought to enforce provision of California Constitution that lieutenant governor is only legal successor to governor. (Election recall action.)**

**Aisenberg v. Hillsborough County Sheriff's Office, 325 F.Supp.2d 1336 (M.D. FL 2004): in Bivens/section 1983 action against, inter alia, federal prosecutors for allegedly fabricating evidence against criminal defendants against whom criminal charges were dismissed, court found prosecutors entitled to prosecutorial immunity and remanded section 1983 claims to state court, in which those claims originally had been filed before federal prosecutors had petitioned for removal to federal court. (False prosecution case.)**

---

<sup>*</sup> Asterisked cases indicate cases of first impression and/or landmark cases.

*Albiso v. Block*, **53 F.3d 1357 (9th Cir. 1995) (table):  reversed district court grant of a directed verdict and reinstated excessive force claim of state law enforcement officer who was arrested and subjected to force by county sheriff's deputies based on bogus claim of person whom state official was trying to serve with subpoena.  (Excessive force/false arrest case.)**

*Alexander v. Melekian*, **210 F.3d 381 (9th Cir. January 21, 2000)(table): it was permissible for Pasadena police to stop, order to his knees in the street, and hold in handcuffs for 15 minutes a 55-year-old African American man, because a shooting has occurred a mile away from the man's residence which he was seen leaving on his way to work, and because the description of the shooter was that he was a black man in a similar model Ford Aerostar van.**
**(Illegal stop/false arrest case.)**

*Application of Herman Deutsch v. For an Order Quashing a Subpoena Duces Tecum issued by Stephen Yagman, Esq., Special Assistant Attorney General*, **85 Misc. 2d 681, 381 N.Y.S. 2d 369 (Sup. Ct., Kings Co., 1975): proper venue for proceeding against prosecutor to quash subpoena is county where the matter sought to be restrained (issuance of subpoena) originated, or the county where the principal office of the prosecutor is located. (Witness in criminal investigation moved to quash or to modify investigatory subpoena duces tecum.)**

*Armster v. City of Riverside*, **611 F. Supp. 103 (C.D. Cal. 1985) (*Armster I*) second case in federal courts and first case in California federal courts in which it was held that police who stand by and observe civil rights violations and who take no action to prevent those violations may be held liable for damages caused by those violations. (Excessive force case.)**

***Armster v. U.S. Dist. Court*, 792 F.2d 1423 (9th Cir. 1986) (*Armster II*), holds that wholesale suspension of civil jury trials in federal courts based on budget shortfall is unconstitutional.  Case of first impression. (Jury trial suspension case.)**

*Armster v. U.S. Dist. Court*, **806 F.2d 1347 (9th Cir. 1986) (***Armster III***), important decision on mandamus and mootness, defines mootness in Ninth Circuit, defines conditions for mandamus under All Writs Act, 28 U.S.C. 1651, and upholds *Armster* II. (Jury trial suspension case.)**

*Armster v. U.S. Dist. Court*, **817 F. 2d 480 (9th Cir. 1987) (***Armster IV***), decision on application for award of attorneys' fees under Equal Access to Justice Act, setting forth opinion of United States Court of Appeals for the Ninth Circuit of Stephen Yagman's competence and reputation: "Yagman's vigilance in the protection of his clients' constitutional rights served all citizens. His fortitude and tenacity in the service of his civil rights clients exemplifies the highest traditions of the bar. As Justice Brandeis noted, '[t]he great opportunity of the American bar is and will be to stand ... ready to protect the interests of the people.'" (Jury trial suspension case.)**

*Avalos v. Baca*, **2006 WL 802330 (C.D. Cal. 2006): setting forth standards on motions for more definite statements under F.R. Civ. P. Rule 12(e). (Pleading case.)**

*Avalos v. Baca*, **2006 WL 2294878 (C.D. Cal. 2006): order denying summary adjudication of issues, and demonstrating how a plaintiff's preemptive summary adjudication can force defendants to make discovery and can foreclose a defense summary judgment motion: "summary adjudication of these issues (in either the Plaintiff or the Defendant's favor) is inappropriate."**
**(Jail over-detention case.)**

*Bell v. Gates*, **2001 WL 849640 (C.D. Cal. 2001): setting forth pleading standards in section 1983 actions, and stating proposition that the "standard [for pleading conspiracy claims] is not intended to be difficult to meet." (False arrest case.)**

*Bell v. Gates*, **2001 WL 1295390 (C.D. Cal. 2001): setting forth pleading standards in section 1983 actions, and addressing pleading in the context of pleading and striking affirmative defense of statute of limitations. (False arrest case.)**

19

***Benas v. Baca***, **2001 WL 485168 (C.D. Cal.  2001): holds that California sheriffs are county, and not state, officials, and therefore properly are suable for damages in federal courts and do not enjoy Eleventh Amendment immunity from damages suits in federal courts. (Excessive force case.)**

***Benas v. Baca***, **30 Fed.Appx. 753 (9th Cir. 2002)(table): summarily affirming district court disposition, immediately above, based on *Brewster v. Shasta County*, 275 F.3d 803 (9th Cir. 2001), *see infra*. (Excessive force case.)**

***Benas v. Baca***, **2003 WL 21530209 (C.D. Cal. 2003): enforces the so-called "advocate witness prohibition rule" and holds that (defense) counsel who interacts with potential trial witness such that counsel renders himself a witness must be disqualified from appearing as advocate at trial before jury; enforces Cal. Rule Prof. Conduct 5-210. (Excessive force case.)**

***Benas v. Baca***, **2003 WL 21692037 (C.D. Cal. 2003): further explains and enforces the so-called "advocate witness prohibition rule" and holds that (defense) counsel who interacts with potential trial witness such that counsel renders himself a witness must be disqualified from appearing as advocate at trial before jury, and holds that other member of firm of disqualified lawyer may appear before jury at trial; enforces Cal. Rule Prof. Conduct 5-210. (Excessive force case.**

***Benas v. Baca***, **2003 WL 21697750 (C.D. Cal. 2003): delineates Rule 72(a), F.R. Civ. P., standards,  supernumerary rule regarding interrogatories, and rule with regard to whether interrogatories withdrawn before they are answered count against limitation on number of interrogatories. (Excessive force case.)**

***Benas v. Baca***, **159 Fed.Appx. 762 (9th Cir. 2005): reversing summary judgment on excessive force claim, looking into a room after a lawful entry into residence claim, and *Monell* claim, on ground that substantial, genuinely disputed issues of material fact prevented summary judgment and focusing on and discussing issue of the most important force factor, immediate threat; holding that when force is**

"so severe [in this case a closed-fist punch to the face of a woman on whose chest an officer was sitting] it precludes summary judgment in view of the material facts in dispute." (Force and search case.)

*Berry v. Gates*, 956 F.2d 274 (9th Cir. 1992) (table), holding that offers of proof must be very specific.  (Excessive force case.)(Death squad case.)

*Berry v. Gates*, 2001 WL 849639 (C.D. Cal. 2001): setting forth pleading standards in section 1983 actions, and stating proposition that the "standard [for pleading conspiracy claims] is not intended to be difficult to meet." (False arrest case.)

*Berry v. Gates*, 2001 WL 1295403 (C.D. Cal. 2001): setting forth pleading standards in section 1983 actions, and addressing pleading in the context of pleading and striking affirmative defense of statute of limitations. (False arrest case.)

*Berry v. Baca*, 2002 WL 1777412 (C.D. Cal. 2002): setting forth controlling law on where a party deponent who resides outside the district must be deposed and who must bear the costs of deposition. (Over-detention case; discovery case.)

*Berry v. Baca*, 2002 WL 356764 (C.D. Cal. 2002): setting forth standards for a more definite statement, and refusing involuntary substitution of government entity as party in place and stead of government chief executive officer in her official capacity, stating "It is axiomatic . . . that the plaintiff is master of his complaint." (Over-detention case; pleading case.)

*Berry v. Baca*, 379 F.3d 764 (9th Cir. 2004): reversing summary judgment and setting forth new, expansive basis for holding liable under *Monell* a government entity for inaction based on failure to implement or faulty implementation of customs or policies, in this case customs or policies that resulted in over-detentions of three plaintiffs whose releases had been ordered by judges. The court held that a section 1983 plaintiff need not challenge any specific custom or policy, and may challenge *in toto* the manner in which policies are implemented. (Over-detention case, *Monell* case.)

*Berry v. Baca*, **226 F.R.D. 398 (C.D. Cal. 2005): discussing and ruling favorably on class certification requirements under Rule 23(a)(2)-(4) and (b), but denying class certification without prejudice to satisfaction of numerosity requirement of Rule 23(a)(1). (Same as prior case.)**

*Berry v. Baca*, **2005 WL 1030248 (C.D. Cal. 2005): granting injunctive relief class action status in jail over-detention case. (Prisoner case.)**

*In Re Boeh, Gomez v. Gates*, **25 F.3d 761 (9th Cir. 1994): held that civil rights plaintiff may not subpoena F.B.I. agent to testify in civil rights case unless plaintiff complies with C.F.R. administrative provisions that were held to supersede inherent power of federal district court to enforce its subpoenas and to compel testimony. (Excessive force case,** *see Gomez* **and** *Trevino*, *infra*.)**(Death squad case.)**

*Blumberg v. Gates*, **144 F.Supp. 2d 1221 (C.D. Cal. 2001): reversing prior order, court rules that claims against city council members and city attorney defendants for rubber-stamping indemnifications of punitive damages awarded against police may proceed. (Rampart scandal, false charges case.)**

*Blumberg v. Gates*, **203 F.R.D. 444 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)**

*Blumberg v. Gates*, **204 F.R.D. 453 (C.D. Cal. 2001)(same case as immediately above).**

*Blumberg v. Gates*, **2003 WL 22002739 (C.D. Cal. 2003): setting forth rules governing the ways in which signatures may be affixed to legal papers and declarations, whether a signature stamp may be used, and when, and that only a declarant may sign her declaration. (Pleading case.)**

*Blumberg v. Gates*, 154 Fed. Appx. 573 (9th Cir. 2005): when there is a concession that material factual allegations are unsupported on summary judgment, summary judgment will be sustained. (Rampart scandal case.)

*Blumberg v. Gates*, 152 Fed. Appx. 652 (9th Cir. 2005): sanctions may not be imposed under Rule 11, F.R. Civ. P., unless there has been strict compliance with Rule 11's 21-day safe-harbor provision, and no sanction may be imposed under 28 U.S.C. § 1927 unless there has been a specific factual finding that an individual attorney himself was acting maliciously, vexatiously, or in bad faith. (Sanctions case.)

*Bohunis v. Gross*, 963 F.2d 378 (9th Cir. 1992) (table): district court erred by excluding from *Schmerber* instruction factor that, notwithstanding that a blood/alcohol extraction is done in a medically-approved manner, the use of excessive force to make the extraction is unconstitutional, and erred by instructing jury that probable cause for arrest existed and extraction was made to preserve "only evidence of intoxication" when each of these matters was, in fact, a contention of the defendants. (Excessive force case.)

*\*Boring v. Murillo*, 2022WL 14740244 (C.D.Cal. 2022): holding City of Santa Barbara anti-sit/lie, anti-homeless ordinance violated Equal Protection Clause. (Homeless case).

*Branch v. Tunnell*, 512 U.S. 1219 (1994), *cert. denied*: left standing Ninth Circuit holding that in a *Bivens*-type action, a higher standard than is required by F.R. Civ. P. Rule 8 is required for pleading subjective mental state. (Illegal search case.) (Ninth Circuit subsequently overruled underlying *Branch* decision, in *Miranda v. County of Santa Clara*, in 2003.)

*Branscome v. City of Paramount*, 785 F.2d 314 (9th Cir. 1986) (table), affirming award of plaintiffs' attorneys' fees. (Illegal motor vehicle stop case.)

*\*Brewster v. Shasta County*, 275 F.3d 803 (9th Cir. 2001), *pet. for reh'g with suggestion for reh'g en banc denied*, *cert. denied*, 123 S.Ct. 75

(2002): applying *McMillian v. Monroe County, Ala.*, 520 U.S. 781 (1997), to find that California sheriffs are county, and not state officers, while performing law enforcement duties, for purposes of denying Eleventh Amendment immunity from damages suits in federal courts and imposing liability under *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978), on California counties for actions of sheriff and his department in carrying out law enforcement activities.

*Brooks v. Cook*, 874 F.2d 815 (9th Cir. 1989) (table), reversing directed verdict in favor of defendants.  (Excessive force case.)

*Brooks v. Cook*, 938 F.2d 1048 (9th Cir. 1991):  (after remand) neither defense counsel nor the court in a Section 1983 action may make the jury aware of the possibility that a prevailing plaintiff may be entitled to an award of attorneys' fees pursuant to 42 U.S.C. 1988 (1982).  A case of first impression, nationally.  (Excessive force case.)

*Brooks v. Cook*, 28 F.3d 105 (9th Cir. 1994) (table):  shoving suspect into side of his own care because he did not exit quickly enough for police does not, as a matter of law, constitute use of excessive force; and since law of reasonable suspicion to make a *Terry* stop changed since last appellate decision (in which it was held facts of stop could be actionable), defendant officers now are entitled to affirmative defense of qualified immunity because their actions in making stop, in light of law established after the stop, entitled them to immunity.  (Excessive force and false arrest case.)

*Brown v. Lamanna*, 304 Fed.Appx. 206 (4th Cir. 2008): summary judgment granted to BOP in *Bivens* action in which disabled federal prisoner contended BOP violated his rights by confiscating his crutches and wheelchair, that were medically necessary for prisoner to ambulate, shower, ease pain, and prevent further damage, reversed on appeal. (Eighth Amendment *Bivens* action, in which the briefs were written for a fellow prisoner.)

**Brown v. Baden*, 796 F.2d 1165 (9th Cir. 1986), *cert. denied sub nom. Real v. Yagman*, 484 U.S. 963 (1987) (co-counsel with Ramsey Clark

24

and Lawrence Schilling):  all-inclusive, lump-sum sanction against attorney for misconduct is impermissible; certain types of statements constituted non-actionable opinion under First Amendment. Request to recuse Judge Real granted.  (Diversity, defamation action.)

*Byrd v. Guess*, 137 F.3d 1126 (9th Cir.), *cert. denied sub nom. Byrd v. Cantu*, 525 U.S. 963 (1998):  successors in interest to person shot to death by police forfeit their claim in which they stand in deceased's shoes to assert deceased's excessive force claim if successors do not, in addition to pleading they are wife and parent of deceased, also plead the words "successors in interest" in their complaint; standard of culpability for family members' claims that their deceased was subjected to excessive force are to be evaluated under Fourteenth Amendment "deliberate indifference" test, rather than under *Graham v. Connor* Fourth Amendment "reasonableness" test.  (Petition for rehearing with suggestion for rehearing *en banc* under submission, 3-12-98.) (Excessive, deadly force, death case.)

***Cabrales v. County of Los Angeles**, 644 F. Supp. 1352 (C.D. Cal. 1986) cited and adopted by Ninth Circuit in *Usher v. City of Los Angeles*, 828 F.2d 556, 559 (9th Cir. 1987): when a statute of limitations is shortened, one seeking to assert a claim governed by the shortened statute is entitled to sue on that claim either within the period of the original statute or within the entire period of the shortened statute, whichever period ends first.  (Jail suicide, lack of medical care case.)

***Cabrales v. County of Los Angeles**, 864 F.2d 1454 (9th Cir. 1988), *vacated sub nom. County of Los Angeles v. Cabrales*, 490 U.S. 1087 (1989), *reinstated*, 886 F.2d 235 (9th Cir. 1989); 875 F.2d 740 (9th Cir. 1989) (fee order); *cert. denied*, 494 U.S. 2425 (1990); *cert. denied*, 496 U.S. 924 (1990):  first case in which Los Angeles County jail system held legally liable for suicide of a prisoner, and in which the following points of law were established:  appellate standard of review for findings of fact is clearly erroneous standard; clear error must be based on "definite and firm" conviction that trial court has made a mistake; court will strictly construe condition precedent requirement to motion for j.n.o.v. directed verdict motion must have been made at close of all evidence, and failure to meet condition precludes appeal on

sufficiency of evidence grounds absent plain error which would result in miscarriage of justice, which means there must be absolutely no evidence to support verdict; in order to grant summary judgment there must be no genuine issues of material fact; evidentiary decisions are reviewed for abuse of discretion; appellate standard on admission of expert testimony is whether trial court's decision was manifestly erroneous; experts need not have personal knowledge of facts in order to give expert opinion; there is no *respondeat superior* in Section 1983 cases; to prove custom and policy against government, an affirmative link between policy and wrong must be proved; governmental liability may be predicated on one instance of misconduct if it is shown that the violation is a product of an unconstitutional policy; prison officials are deliberately indifferent to prisoners' medical or psychiatric needs if the conditions they create are such that the prisoners are unable to have access to medical staff, or if access has no real meaning because the staff are not competent; the Fourteenth Amendment applies to pretrial detainees, but has an Eighth Amendment standard; omissions may be a basis for deliberate indifference, as well as commissions; neglect of psychiatric needs constitutes deliberate indifference; medical understaffing at a jail constitutes deliberate indifference; jury instruction wording is subject to an abuse of discretion appellate standard of review; a totality of what employees do or do not do may show deliberate indifference; statutes of limitations provide substantive rights, and state statutes, as well as tolling provisions apply in federal civil rights cases; attorney's fees awards are reviewed with a mixed standard. (Jail suicide, lack of medical care case.)

*Cabrales v. County of Los Angeles*, 935 F.2d 1050 (9th Cir. 1991): a plaintiff who ultimately prevails in a Section 1983 action is entitled to an award of all of his or her attorneys' fees pursuant to 42 U.S.C. 1988, including attorneys' fees incurred for intermediate stages of the litigation at which that plaintiff did not prevail. A case of first impression, nationally. (Jail suicide, lack of medical care case.)

*California Board of Medical Quality Assurance v. Rosenfeld*, successfully defended Bernard Rosenfeld, M.D. (with whom I grew up) against charges that he had engaged in unprofessional conduct by reviewing the medical records of females who were either Spanish-

speaking or illiterate, and who had been subject to tubal ligations by physicians at L.A. County/USC Medical Center, and then communicating to those women that they had been sterilized. Many of the women did not know they had been sterilized because they could not understand either the English language or what the term "tubal ligation" meant, or because the tubal ligations had been camouflaged by the insertion of birth control devices by the physicians who performed the operations. (Women's rights case.)

*Carr v. Dudley*, 2022 WL 3971056 (C.D.Cal. 2022): denying preliminary injunction for return of cell phone, in case in which district attorney investigators took plaintiff's cell phone, with a search and seizure warrant not in their possession, from a courthouse conveyor belt, and then held plaintiff, without an arrest warrant, to wait for the search warrant to arrive; of defendants' request for sanctions, court held that "all affirmative requests for relief must be presented by [separate] motion." (Search/seizure/preliminary injunction case.)

*Carr v. Dudley*, 2022 WL 16568124 (C.D.Cal. 2022): motion to dismiss granted with leave to amend, in case for failure to state a claim; court held that claim for seizure of plaintiff's person, while prosecutor's investigators waited for arrival of search warrant stated a § 1983 claim, and  claims for defamation plus, and RICO could "plausibly be pled with amendment. (Search and seizure case.)

*Carr v. Dudley*, 2022 WL 16568123 (C.D.Cal. 2022): setting forth standards for excusable neglect in context of relief from lapsed deadline. (Search and seizure case.)

*Carr v. Dudley*, 2022 WL 16568115 (C.D.Cal. 2022): denying motion to dismiss based on defense counsel failure to comply with pre-filing conference requirement of Cent. Dist. of Cal. Local Rule 7-3. (Pleading case.)

*Casares v. Antonovich*, 2001 WL 503462 (9th Cir. May 11, 2001)(table): re-affirming *Trevino II* and *Cunningham*, *infra*, that public officials who rubber-stamp indemnifications of punitive damages awarded

27

against police in civil rights cases themselves may be held liable under section 1983. (Illegal strip- body-cavity search case.)

*Chavez v. Villanueva*, 2023 WL 2324286 (C.D. Cal. 2023): "Because the Ninth Circuit has not directly addressed the issue of the pleading standard for affirmative defenses, this court will apply the standard set forth in Geomc Co., Ltd. v. Calmare Therapeutics Incorporated, 918 F.3d 92, 98 (2d Cir. 2019) (concluding "that the plausibility standard of [Bell Atlantic Corp. v. ]Twombly[, 550 U.S. 544, 127 S.Ct. 1955 (2007),] applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in [Ashcroft v.] Iqbal[, 556 U.S. 662, 129 S.Ct. 1937 (2009)], applying the plausibility standard to any pleading is a 'context-specific' task") (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950)." (Denial of access to courts and pleading case.)

\*Children Who Want an Education v. Wilson*, 54 F.3d 599 (9th Cir. 1995) (order re procedure on appeal and on motions to consolidate and to expedite appeals), 59 F.3d 1002 (9th Cir. 1995):  district court correctly applied abstention law for purposes of granting a preliminary injunction against California's implementation of Proposition 187 (a voter initiative barring a plethora of government services to undocumented inhabitants of California).   (Equal protection case.)(The proposition 187, anti-immigrant case.)

\*Children Who Want an Education v. Wilson*, 908 F. Supp. 755 (C.D. Cal. 1995):   on summary judgment, declaring most parts of Proposition 187 to be unconstitutional.  (Equal protection Case)(The Proposition 187, anti-immigrant case.)

\*Children Who Want an Education v. Wilson*, 997 F.Supp. 1244 (C.D. Cal. 1997):  final decision (of case immediately above) declaring most parts of Proposition 187 to be unconstitutional by virtue of federal preemption.   (Equal protection Case)(The Proposition 187, anti-immigrant case.)

*Chuman v. Wright*, 980 F.2d 736 (9th Cir. 1992)(table):   denial of summary judgment based on qualified immunity ground that, because

plaintiffs could not state which of raiding officers actually inflicted damage, all officers were immune, affirmed. Argued only. (Raid case.)

*Chweya v. Yaroslavsky*, 2002 WL1316484 (9th Cir. 2002): summarily affirming denial of motion to dismiss Los Angeles County supervisors based on their claims of absolute and qualified immunities. (False arrest, excessive force case; issue of indemnification of punitive damages.)

*Chweya v. Baca*, 65 Fed. Appx. 598 (9th Cir. 2003): order dismissing appeal on ground of, and discussing, appealability of final orders. (Appellate jurisdiction, false arrest case.)

*Chweya v. Baca*, 130 Fed. Appx. 865 (9th Cir. 2005): court reversed dismissal in arrest/malicious prosecution case.

***City of Los Angeles v. Heller*, 475 U.S. 796 (1986)(*per curiam*): in a bifurcated officer liability/*Monell* liability Section 1983 action, loss of the officer liability phase removes the "deprivation of federal right" predicate for proceeding in the *Monell* phase. (Excessive force case.)

*Clark v. State Farm Ins. Co.*, 2005 WL 885007 (C.D. Cal. 2005): setting forth requirements person who signs proof of service must be the person who made service and that service of papers after summons and complaint must precede filing of those papers. (Insurance breach of contract and bad faith case.)

*Clark v. State Farm Mutual Ins. Co.*, 2005 WL 1124730 (C.D. Cal. 2005): court sets aside default entered against insurer in insurance bad faith case, and sets forth standards for setting aside of defaults. (Insurance bad faith case.)

*Clark v. Time Warner Cable*, 2007 WL 1334965 (C.D.Cal. 2007): Unless a movant has "demonstrated through declaration that a thorough discussion of the contemplated motion occurred between the parties" and even when there is "counsel's general statement in the Motion . . . that [t]he meeting required to be held by L.R. 7-3 was

[timely] initiated . . . [this is] insufficient to satisfy the requirements of Local Rule 7-3." *Clark v. Time Warner Cable*, 2007 WL 1334965, * 1 (C.D.Cal. 2007) (Telecommunications slamming action.)

*Clark v. Time Warner Cable*, 276 Fed.Appx. 591 (9th Cir. 2008): writ of mandamus when review can be had by contemporaneous appeal. (Telecommunications slamming action.)

*Clark v. Time Warner Cable*, 523 F.3d 1110 (9th Cir. 2008): upholding referral of telecommunications slamming action to FCC under primary jurisdiction doctrine. (Telecommunications slamming action.)

*Clark v. Weber*, 557 F.Supp.2d 1010 (C.D.Cal. 2021): denying preliminary injunction to prevent California Sept. 2021 recall election, holding that plaintiff had standing, but was unlikely to succeed on the merits, as required for an injunction. (Election law action.)

*Clark v. Weber*, 54 F.4th 590 (9th Cir. 2022): case challenging California's recall election process; holding challenge to be not moot, because nominal damages were claimed, so that there had been a past injury, but finding that recall process was not unconstitutional, under federal law.

*\*Coalition of Clergy, Lawyers & Professors v. George Walker Bush,* 189 F.Supp. 2d 1036 (C.D. Cal. 2002): in case seeking habeas corpus relief on behalf of 2001 Afghanistan War detainees transferred by United States to naval base in Cuba and held at Guantanamo Naval Base, Cuba, court held: (1) petitioners had no standing; (2) court was without subject matter jurisdiction; and, (3) Supreme Court's disposition in *Johnson v. Eisentrager*, 339 U.S. 763 (1950), was a bar to petitioners seeking habeas corpus relief, and rendered United States courts without jurisdiction to entertain habeas corpus petition.

*\*Coalition of Clergy, Lawyers & Professors v. George Walker Bush,* 310 F.3d 1153 (9th Cir. 2002), *cert. denied*, 123 S.Ct. 2073 (2003): in case seeking habeas corpus relief on behalf of 2001 Afghanistan War

detainees transferred by United States to naval base in Cuba and held at Guantanamo Naval Base, Cuba, court held: (1) petitioners had no standing; (2) court was without subject matter jurisdiction; and, (3) Supreme Court's disposition in *Johnson v. Eisentrager*, 339 U.S. 763 (1950), was a bar to petitioners seeking habeas corpus relief, and rendered United States courts without jurisdiction to entertain habeas corpus petition.

*Cockerham v. Johns*, 2010 WL 374345 (E.D.N.C. 2010): denying motion to dismiss based on lack or ripeness. (Prisoner rights case in which BOP denied eligibility for credit to time served for participation in substance abuse program, under 18 U.S.C. § 3621[e][2][B], in which briefs were written for fellow prisoner).

*\*Complaint of Judicial Misconduct (In re Manuel L. Real)* 425 F.3d 1179 (9h Cir. 2005): discusses corruption complaint against U.S. Dist. Judge Manuel L. Real and dismisses complaint on basis that bad conduct will not recur and that corrective action was taken. (Judicial misconduct case.)

*Corder v. Gates*, 688 F. Supp. 1418 (C.D. Cal. 1988)(*Corder I*): the determination of whether a Rule 68 settlement offer exceeds a subsequent judgment for purposes of cutting off post-offer Section 1988 attorneys' fees must include a computation of pre-offer attorneys' fees, so that if the judgment plus the pre-offer attorneys' fees exceeds the offer, post offer attorneys' fees are not cut off and are recoverable. (Raid, illegal entry, house trashing, and search case.)

*Corder v. Gates*, 947 F.2d 374 (9th Cir. 1991)(*Corder II*): issue of whether a civil rights plaintiff had only "limited success" in prevailing against defendant is issue to be subsumed in calculation of lodestar fee amount, and there may not be a further reduction of a fee award for "limited success;" rejection of a Rule 68 settlement offer may not be used as a basis for reducing the lodestar amount or applying a negative multiplier if the plaintiff who rejects such an offer in fact recovers more by verdict than by accepting the offer; fees may not be apportioned among defendants in proportion to their relative

culpability.  (Citing *Cabrales v. County of Los Angeles*, 864 F.2d 1464 [9th Cir. 1988]).  (Raid, illegal entry, house trashing, and search case.)

*Corder v. Brown*, 25 F.3d 833 (9th Cir. 1994)(*Corder III*): a non-settling defendant in a Section 1983 action is entitled to an offset of unapportioned Section 1988 attorneys' fees against a plaintiff who has settled with other defendants and in which settlement attorneys' fees were included.  (Search/raid case.)

*Corder v. Gates*, 104 F.3d 247 (9th Cir.  1996)(*Corder IV*): no Section 1988 appellate attorneys' fees are awarded when, after an appeal, a plaintiff recovers less attorneys' fees than before an appeal, notwithstanding defendant's claim that plaintiff was entitled to no fees at all, and plaintiff prevailing on the no fees claim. (Fees case.)

*\*Cornwell v. City of Riverside*, 896 F.2d 398 (9th Cir.) *cert. denied*, 497 U.S. 1026 (1990):   California Government Code Section 825(b), permitting indemnification of punitive damages awarded against a defendant in a civil rights action, may be applied to permit indemnification over objection of plaintiff.  (Excessive force case.)

*\*Crumpton v. Gates*, 947 F.2d 1418 (9th Cir. 1991):  a civil rights plaintiff who is *in utero* at the time police kill his or her parent may sue those police under Section 1983 once he or she is born.  The claim under the Fourteenth Amendment Due Process Clause for deprivation of the liberty interest to the familial right of having a parent accrues not when the wrongful act that deprived one of a parent occurs, but rather when the harm of not having a parent occurs--at the time of birth.  A case of first impression, nationally.  (Excessive force case.)(Death squad case.)

*\*Cunningham v. Gates*, 989 F. Supp. 1256 (C.D. Cal. 1997):  summary judgment denied to members of LAPD death squad, with court finding that they potentially could be held liable for structuring arrest situation so that excessive force was likely to be used by them, and so that it was likely that when they used excessive force then they could claim defense of self-defense.  (Deadly force case.)

32

*Cunningham v. Gates*, 989 F. Supp. 1262 (C.D. Cal. 1997)(same as immediately preceding case):  summary judgment denied to Los Angeles City council members, board of police commission members, and city attorney and his deputies, with finding that they all potentially could be held liable upon convincing a jury that they had fostered and condoned custom of use of excessive force by routinely approving of police uses of unconstitutional force and by rubber-stamping indemnifications by the City of punitive damages awards made by juries against police officers.  (Excessive force/*Monell* case.)  *See also, Trevino v. Gates*, 99 F.3d 911 [9th Cir. 1996]), below.

*Cunningham v. Gates*, 45 F.Supp. 2d 783 (C.D. Cal. , 1999): (same as immediately preceding case):  judge *sua sponte* recuses self because of animus against defense counsel, based on continued false attacks on judge and based on nomination to federal court of appeals of defendant, former police commissioner who participated in prior motion to recuse judge (but who, in fact, then claimed he did not authorize recusal motion to have been made on his behalf). (Excessive force/*Monell*, judicial recusal case.)

\**Cunningham v. Gates*, 229 F.3d 1271 (9th Cir. 2000), *as amended*: reaffirming *Trevino* holding that there can be Section 1983 liability for rubber-stamping punitive damages indemnifications for police officers; holding that *Heck v. Humphrey* issue is not immediately appealable; denying qualified immunity to shooting officers in SIS; upholding potential liability of members of board of police commissioners under Section 1983.  (Death squad, excessive force, qualified immunity case.)

*Cunningham v. Gates*, 2001 WL 1855344 (C.D. Cal. 2001): granting summary judgment on *Heck v. Humphrey* and collateral estoppel grounds, but upholding potential danger creation cause of action. (Death squad, excessive force, accrual case.)

*Cunningham v. Gates*, 312 F.3d 1148 (9th Cir.), *as amended*, *cert. denied*, 123 S.Ct. 1749 (2003): holding *Heck v. Humphrey* applies to bar accrual of section 1983 claim when section 1983 plaintiff has been convicted as result of shooting involving provocative act of firing at

police when there was no break between the provocative act and the police response, and collateral estoppel would not apply against conspirator, by reason of privity, to conspirator who was ultimate victim of felony murder of which other co-conspirator was convicted. Petition for certiorari pending on first issue. (Death squad, excessive force, accrual case.)

*Cunningham v. Gates*, 2004 WL 502309 (C.D. Cal. 2004): discussing qualified immunity in light of Saucier v. Katz, 533 U.S. 194 (2002), and denying qualified immunity, again, and denying summary judgment based on qualified immunity because "the existence of disputed, historical facts material to the objective reasonableness of an officer's conduct will give rise to a jury issue. See *Wilkins v. City of Oakland*, 250 F.3d 949, 955-56 (9th Cir. 2003)(analyzing the ability to find a jury question in the qualified immunity inquiry following Saucier; "'Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, summary judgment is not appropriate.'" *Id*. at 956.).

*Cunningham v. Gates*, 2006 WL 2294877 (C.D. Cal. 2006): order denying various defense motions *in limine* to prevent plaintiff from introducing evidence of custom through officer personnel histories, indemnification of punitive damages payments, prior lawsuits, and 10 years' worth of newspaper clippings (to show knowledge of higher-ups and policymakers), denying bifurcation, and denying quashing trial subpoenas on high-ranking government officials. (Excessive force, LAPD death squad case.)

*\*Curry v. Baca*, 497 F.Supp. 2d 1128 (C.D. Cal. 2007): setting forth inapplicability of *Heck v. Humphrey* accrual-bar rule on motions for judgment on the pleadings in Section 1983 actions when uses of force either are sequential or occur before or after an arrest or are fact-specific, and setting forth civil RICO pleading requirement of pleading more than one RICO predicate to survive motion for judgment on pleadings. (Excessive, deadly force case.)

34

*Dang v. Cross*, 2002 WL 432197 (C.D. Cal. 2002), setting forth standards for judge review of magistrate judge discovery order, under Rule 72(a), F.R. Civ. P. (Excessive force case.)

*Dang v. Cross*, 2002 WL 826604 (C.D. Cal. 2002), setting forth proper standards for ex parte applications. (Excessive force case.)

*Dang v. Cross*, 2002 WL 31368991 (C.D. Cal. 2002): setting forth standards for arrest and use of force by police. (Arrest, excessive force case.)

*Dang v. Cross*, 2002 WL 31548738 (C.D. Cal. 2002): order on discovery/sanction motion setting forth standards for award of discovery sanctions. (Arrest, excessive force case.)

*Dang v. Cross*, 2003 WL 21251801 (C.D. Cal. 2003): fees order in excessive force case, immediately above, in which judge said following: "[Stephen Yagman] is an able lawyer with extensive experience in civil rights litigation[,] . . . an expert in the field of civil rights law [who] has represented a large number of Plaintiffs in police brutality cases[,] [and t]he Court knows, based on its own dealings with counsel, that he is intimately familiar with the cases and principles that govern litigation in this area[,] is well known in the community and is regarded has having extensive knowledge and experience in the field of federal civil rights law."

*Dang v. Cross*, 2003 WL 21530137 (C.D. Cal. 2003): amended fees order in excessive force case (raising hourly rate from $375 to $400), immediately above, in which judge said following: "[Stephen Yagman] is an able lawyer with extensive experience in civil rights litigation[,] . . . an expert in the field of civil rights law [who] has represented a large number of Plaintiffs in police brutality cases[,] [and t]he Court knows, based on its own dealings with counsel, that he is intimately familiar with the cases and principles that govern litigation in this area[,] is well known in the community and is regarded has having extensive knowledge and experience in the field of federal civil rights law."

35

***Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005): holding that punitive damages jury instruction must contain basis of oppression, as well as other predicates supported by evidence, to be valid, and ordering new trial on issue of punitive damages because predicate of oppression was refused to be included. (Excessive force case.)**

***D'Agostino v. Delgadillo*, 111 Fed. Appx. 885 (9th Cir. 2004): holding that losing party in Los Angeles City Attorney election had no property interest in office so as to confer standing to sue to challenge officeholder who was alleged to have been unqualified for office due to his not having been an active member of the State Bar for the five years required by the City Charter. (Due process action to challenge qualifications of officeholder.)**

***D'Antignac v. Gates*, 981 F.2d 1257 (9th Cir. 1993)(table): district court has discretion not to award costs attendant to filing abstracts of judgment, and to order plaintiff to file satisfactions of judgment. (Search case.)(Dalton Avenue Raid.)**

***DelPercio v. Thornsley*, 877 F.2d 785 (9th Cir. 1989):  *amicus curiae* on petition for rehearing with suggestion for rehearing *en banc* on issue of applicable statute of limitations for Section 1983 actions brought in federal courts in California.  (Employment discrimination case.)**

***Deraddo v. Anaheim*, 785 F.2d 315 (9th Cir. 1986) (table), reversing summary judgment in favor of defendants.  (Excessive force case.)**

***Diaz v. Gates*, 354 F.3d 1169 (9th Cir. 2004): holding that, in civil RICO actions, loss of employment or employment opportunities does *not* satisfy the injury to business or property requirement of standing, and that a RICO plaintiff must plead actual, concrete damages to state an injury to business or property. (Rampart scandal, police brutality case, pleading case.) Withdrawn and amended, see next case below.**

***Diaz v. Gates*, 380 F.3d 480 (9th Cir. 2004), *as amended*: holding that, in civil RICO actions, loss of employment or employment opportunities does not satisfy the injury to business or property requirement of standing, and that a RICO plaintiff must plead actual,**

36

concrete damages to state an injury to business or property. Now with one judge dissenting. (Rampart scandal, police brutality case, pleading case.) Withdrawn, see next case below.

*Diaz v. Gates*, 389 F.3d 869 (9th Cir. 2004): granting rehearing *en banc* and withdrawing immediately preceding opinion. (Rampart scandal, police brutality case, pleading case.)

\*\**Diaz v. Gates,* 420 F.3d 897 (9th Cir. 2005)(*en banc*)(*per curiam*), *cert. denied sub nom. Parks v. Diaz*, 546 U.S. 1131 (2006), *reh'g denied*, 546 U.S. 1226 (2006): holding that injury to employment or employment opportunities is sufficient to satisfy the civil RICO requirement of injury to business or property; concurrence goes further by suggesting that harm by way of personal injury is not excluded by civil RICO. (Section 1983, Rampart scandal, civil RICO case.)

\*\**Dooley v. Reiss*, 736 F.2d 1392 (9th Cir.), *cert. denied*, 469 U.S. 1038 (1984):  first case to construe 42 U.S.C.  1985 to exclude from its ambit the giving of perjurious testimony in a federal action.  (Illegal entry and search case.)

*Eichenlaub v. Baca*, 2007 WL 809676 (C.D. Cal. 2007): pleading case on *ex parte* applications. (Excessive force case.)

*Eichenlaub v. Baca*, 2007 WL 1223897 (C.D. Cal. 2007): setting forth standards for contempt. (Excessive force case.)

*Elwell v. Gates*, 2001 WL 185090 (C.D. Cal. 2001): in order for a child to state a section 1983 claim based on interference with child-parent relationship, child need *not* prove a *permanent* interference with relationship, and may prove a complete, though *temporary*, cessation of the relationship. (Wrongful conviction and incarceration of parent case.)

*Elwell v. Gates*, 2001 WL 1142256 (C.D. Cal. 2001): imposing sanctions on Los Angeles City Attorney for bad faith or willful disobedience of a court order, under local rules of court, to deter undesirable conduct. (Wrongful conviction and incarceration of parent case.)

*Erickson v. Knapp*, **938 F. Supp. 581 (C.D. Cal. 1996): police may not seize camera from news photographer without probable cause to do so. (Unreasonable seizure case.)**

*Escobar v. Scutella*, **97 F.3d 1459 (9th Cir. 1996)(table): court of appeals overturned district court's grant of judgment as a matter of law on the issue of qualified immunity, after $285,000 jury verdict in plaintiff's favor on her unlawful arrest claim, reinstating verdict, and holding that court could not substitute its finding of objective reasonableness for the jury's finding that arrest was unreasonable and should have been perceived to have objectively unreasonable by defendant police officers, because there was substantial evidence to support the jury's verdict; jury's finding of maliciousness, oppressiveness, and wantonness as predicate for award of $160,000 in punitive damages made impossible district judge's finding of objective reasonableness under** *Larez v. Holcomb*, **16 F.3d 1513 (9th Cir. 1994),** *infra*. **(Arrest case.)**

*Fields v. Gates*, **184 F.R.D. 342 (C.D. Cal. 1999): sanctions imposed on Stephen Yagman by Judge Real for alleged judge shopping. Reversed, 233 F.3d 1174 (9th Cir. 2000)(per curiam). (LAPD death squad case.)**

*Fields v. Gates*, **233 F.3d 1174 (9th Cir. 2000)(per curiam): reversing sanctions imposed on Stephen Yagman by Judge Real for alleged judge shopping. (Attorney sanction case.)**

*Fields v. Gates*, **243 F.3d 547 (9th Cir. 2000)(table): filing federal action does not toll filing of second federal action when first action is dismissed. (Statute of limitations, equitable tolling case.)**

*Figueroa v. Gates*, **120 F.Supp. 2d 917 (C.D. Cal. 2000): city council members and city attorneys could be held liable for deciding to indemnify police for punitive damages awards if they did so in bad faith. (Excessive force, LAPD death squad case.)**

*Figueroa v. Gates*, **2001 WL 1182889 (C.D. Cal. 2001): (1) joinders in motions serve the limited purpose of making it possible for joiners to**

assert only identical arguments as parties who already have moved on same grounds; (2) board members' arguments that they may not be held liable individually for action that requires vote of board of which member is a constituent is unavailing; (3) court may not involuntarily substitute into action government entity who has not been named as defendant, for government officers in their official capacities; (4) construing F.R. Civ. P. Rule 4(m) to preclude dismissal for failure timely to serve summons and complaint when dismissal would come after statute of limitations had run and thereby constitute a dismissal with prejudice. (Excessive force, LAPD death squad case.)

*Figueroa v. Gates*, 207 F.Supp. 2d 1085 (C.D. Cal. 2002): denying motion for summary judgment in death squad case, and setting forth standards, and indemnification of punitive damages issue. (Excessive force, LAPD death squad case.)

*Figueroa v. Gates*, 2002 WL 31572968 (C.D. Cal. 2002): setting forth summary judgment standards, motions for reconsideration or renewed motions standards, and sanction standards for brining baseless motion for reconsideration. (Excessive force, LAPD death squad case.)

*Figueroa v. Gates*, 2006 WL 1828733 (C.D. Cal. 2006): setting forth standards on Rule 72(a) motions for reconsideration of magistrate judge discovery orders and affirming award of $8,325.00 discovery sanction for discovery abuses. (Excessive force, section 1983 action, and RICO action.)

*\*Figueroa v. Gates*, 2006 WL 1991729 (C.D. Cal. 2006): denying application for more time to do ordered RICO discovery, 10 years' worth of all LAPD activity that could constitute RICO predicates, and imposing both compensatory sanctions and compliance sanctions of, first, $5,000 a week, and then, after three months' non-compliance, $5,000 per day, until there is full compliance. (Excessive force, LAPD death squad case.)

*Finley v. Williams*, 2021 WL 6496811 (C.D.Cal. 2021): granting motion to dismiss for failure to allege sufficient facts to support claim. (Threat and intimidation case, against homeless person.)

*Fikes v. Cleghorn*, 47 F.3d 1011 (9th Cir. 1995):  court need not instruct jury on three specific *Graham v. Connor* use of force factors as part of excessive force jury instruction.  (Excessive force/police dog mauling case.)

*Fitzpatrick v. Gates*, 2001 WL 630534 (C.D. Cal. April 18, 2001): Rampart scandal case, re-enforcing supervisorial liability, and holding that those without *de jure*, but with potential *de facto* supervisorial authority over police may be held liable for police misconduct. (Rampart scandal, false arrest case.)

*Fitzpatrick v. Gates*, 2001 WL 1408246 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)

*Fitzpatrick v. Gates*, 2003 WL 22385397 (C.D. Cal. 2003): summary judgment and *ex parte* application case, seeming to set forth requirement that, contrary to F.R. Civ. P. Rule 5(b)(2)(D), *ex parte* applications must be served by fax, notwithstanding that Rule 5(b) does not permit that absent a stipulation. (Rampart scandal case, false charges case.)

*Fitzpatrick v. Gates*, 2004 WL 239825 (C.D. Cal. 2004): granting motion to dismiss for want of service within the 120 days required by Rule 4(m), F.R. Civ. P., and stating that custom and policy claim survives dismissal of individual defendants pursuant to Rule 4(m). (Rampart scandal, police brutality case.)

*Fleisher v. City of Signal Hill*, 829 F.2d 1491 (9th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988):  overturning $175,000 jury verdict for terminated police officer, and holding that (1) probationary police officers do not have property interest in their employment, (2) police officer's privacy right does not extend to private sexual conduct, and (3) police officer's private sexual conduct is not protected by right of freedom of association.  (Wrongful termination of police officer case.)

*Forney v. Underhill*, 785 F.2d 315 (9th Cir. 1986) (table): reversing summary judgment in favor of defendants.  (Excessive force case.)

40

***Forrett v. Richardson*, 112 F.3d 416 (9th Cir.),** *cert. denied*, **523 U.S. 1049 (1998):   jury determined that four cops who shot unarmed, fleeing felon in the back, then-chief of police, government, and current chief of police were liable for using excessive force and having custom of excessive force, and awarded $180,000+ in punitive damages.  Trial judge declared verdict was a miscarriage of justice, reversed, and alternatively granted a new trial.  Appeals court affirmed, stating that second *Garner* prong, that dangerous fleeing felon could be subjected to deadly force applied, and that unless plaintiff had proved that police had set up an "escape proof cordon," plaintiff could not prevail. (Excessive force case.)**

***County of Los Angeles v. U.S. Dist. Ct. (Forsyth v. Block)*, 223 F.3d 990 (9th Cir. 2000):  disqualification of plaintiff's section 1983 counsel is impermissible when disqualification is sought because retired U.S. Magistrate Judge joined plaintiff's counsel's law firm, after judge presided at settlement conference in different case in which same deputy sheriff was defendant; walling off procedures put in place protected against disqualification. Chief Judge Alex Kozinski, U.S. Ct. of Appeals, Ninth Circuit: "[C]ounsel, Stephen Yagman, has a formidable reputation as a plaintiff's advocate in police misconduct cases; defendants in such cases may find it advantageous to remove him as an opponent." (Excessive force, legal ethics case.)**

***Fowler v. Block*, 2 F. Supp. 2d 1268 (C.D. Cal. 1998):   it is unconstitutional for pre-trial detainees who have been ordered released by a court to be held in detention for purpose of running checks for warrants, wants, or holds, before release.  (Over-detention, illegal seizure case.)**

***Fowler v. Block*, 185 F.3d 866 (9th Cir. 1999)(table)(same as immediately preceding case): reversing *Fowler v. Block*, immediately above, on ground that neither district court nor court of appeals had sufficient records to determine qualified immunity issue. (Overdetention, illegal seizure case.)**

41

*Franklin v. Johns*, 2008 WL 8162541 (E.D.N.C. 2008): attacking forced prison labor as involuntary servitude on Eighth Amendment, Fifth Amendment, and Thirteenth Amendment grounds. (Prisoner rights case in which briefs were written for fellow prisoner.)

*Franklin v. Johns*, 2011 WL 9977048 (E.D.N.C. 2011): *Bivens* action, based on exposure to secondhand tobacco smoke, noise pollution, and seizure of various items of personal property, retaliation for filing grievances, and denial of adequate halfway house placement, denial of furloughs, denial of adequate release programs, and denial of adequate educational opportunities, dismissed. (Prisoner rights case in which briefs were written for fellow prisoner.)

*Fugitt v. Tronstein*, 807 F.2d 177 (9th Cir. 1986) (table): district court refusal to instruct on punitive damages in premises liability case was not error. (Diversity, premises liability case.)

*Galatz v. Franscell*, 95 F.3d 1157 (9th Cir. 1996)(table): judge's post trial finding that police officers were entitled to qualified immunity from liability for damages based on their objectively reasonable belief that there was probable cause to arrest, because civil rights plaintiff gave conflicting versions of events that led up to arrest to police, is not issue preclusive on issue of truth or falsity in subsequent defamation action against defense counsel for police, who told press plaintiff admitted on the witness stand during the underlying civil rights trial that plaintiff had lied to the police; but, prior judge's finding could be relied upon as basis to find defense counsel's utterance to press was "substantially truthful." (Defamation case.)

*Gallagher v. City of West Covina*, 2002 WL 826603 (C.D. Cal. 2002), setting for standard for culpability in a jail, failure to provide medical care case. (Prisoner lack of provision of medical care case.)

*Gallagher v. City of West Covina*, 2002 WL 1770761 (C.D. Cal. 2002): ruling *in limine* that section 1983 plaintiff's prior misdemeanor and felony convictions, evidence of plaintiff's alleged propensity for violence, and evidence of possible bias against police could not be

introduced in evidence to impeach plaintiff. (Excessive force; jail deliberate indifference; discovery case.)

*Gallagher v. City of West Covina*, 2002 WL 1836300 (C.D. Cal. 2002): ruling on motion *in limine* that evidence of post-incident conspiracy and cover-up is relevant and admissible to prove government's reaction to incident and to support *Monell* claims, and ruling that potential prejudicial impact does not substantially outweigh probative value. (Excessive force; jail deliberate indifference; discovery case.)

*Gates v. Rivera*, 993 F.2d 697 (9th Cir. 1993):  character evidence normally is not admissible in civil rights action; evidence that police officer had prior clean record is inadmissible character evidence in civil rights action when intent is not in issue, but its admission is harmless error; test for harmless error standard set forth; prior consistent statements of witnesses are inadmissible hearsay in civil rights action.  (Excessive force/death case.)

*Gelfuso v. Bell*, 590 F.2d 754 (9th Cir. 1978): a different judge is not required to hear a petition under 28 U.S.C. 2255 when claims are made under *Townsend v. Burke*, 334 U.S. 736 (1948).   Case of first impression.  (Habeas corpus.)

*Gelfuso v. Tennant*, 451 F. Supp. 539 (C.D. Cal.  1978):  failure to exhaust internal administrative remedies bars petition for habeas corpus.  (Habeas corpus.)

*General Steel Domestic Sales, LLC v. Suthers*, 2007 WL 704477 (E.D. Cal. 2007): discussing motions to dismiss and civil RICO claims, personal jurisdiction, conspiracy theory RICO jurisdiction, stay, and abstention. (RICO case.)

*Gherebi v. Bush*, 262 F. Supp. 2d 1064 (C.D. Cal. 2003): Guantanamo Bay detainee case in which court held that federal courts are without subject matter jurisdiction of American government's actions in geographical territory in which another sovereign, and not the United States, has sovereignty, notwithstanding the United States has complete power and control in the geographical territory.

*Gherebi v. Bush*, 352 F.3d 1278 (9th Cir. 2003): Guantanamo Bay detainee case in which court held U.S. courts do have jurisdiction to entertain claims of detainees; stay issued by Supreme Court in *Bush v. Gherebi*, 124 S.Ct. 1197 (2004); application for attorney visit denied in *Bush v. Gherebi*, 2004 WL 292923 (U.S. Sup. Ct. Feb. 17, 2004), *cert. granted, judgment vacated by Bush v. Gherebi*, 542 U.S. 952 (2004).

*Gherebi v. Bush*, 374 F.3d 727 (9th Cir.2004): on remand from *Bush v. Gherebi*, *cert. granted, vacated and remanded*, 542 U.S. 952 (2004), reinstating subject matter and personal jurisdiction holdings of 352 F.3d 1278, and transferring venue to Dist. Ct. for Dist. of Columbia. "[W]e share the desire of all Americans to ensure that the Executive enjoys the necessary power and flexibility to prevent future terrorist attacks. However, even in times of national emergency -- indeed, particularly in such times -- it is the obligation of the Judicial Branch to ensure the preservation of our constitutional values and to prevent the Executive Branch from running roughshod over the rights of citizens and aliens alike. Here, we simply cannot accept the government's position that the Executive Branch possesses the unchecked authority to imprison indefinitely any persons, foreign citizens included, on territory under the sole jurisdiction and control of the United States, without permitting such prisoners recourse of any kind to any judicial forum, or ever access to counsel, regardless of the length or manner of their confinement. We hold that no lawful policy or precedent supports such a counter-intuitive and undemocratic procedure . . . . In our view, the government's position is inconsistent with fundamental tenets of American jurisprudence and raises most serious concerns under international law." "[T]he government's position here is at odds with the United States' longtime role as a leader in international efforts to codify and safeguard the rights of prisoners in wartime. It is also at odds with one of the most important achievements of these efforts -- the 1949 Geneva Conventions, which require that a competent tribunal determine the status of captured prisoners."

*Gherebi v. Bush*, 338 F.Supp. 2d 91 (D.C.D. 2004), on remand from *Gherebi v. Bush*, 374 F.3d 727 (9th Cir. 2004): denying motion by

government to transfer venue from the District of Columbia to either the Eastern District of Virginia or the Southern District of Florida.(Habeas corpus case).

*Gherebi v. Bush, In re Guantanamo Detainee Cases*, 355 F.Supp. 2d 443 (D.D.C. 2005): upholding rights of Guantanamo Bay detainees to due process under the Fifth Amendment and to rights under the Geneva Convention. (Habeas corpus case.)

*Gillen v. Gates*, 847 F. Supp. 1475 (C.D. Cal. 1994): on attorneys' fees motion by prevailing Section 1983 plaintiff, district court held that it could use prevailing hourly rate in legal community for *defense* counsel to set same rate for *plaintiff's* counsel. (Subsequently overruled, *sub silentio*, in *Trevino v. Gates*, 99 F.3d 911 [9th Cir. 1996], *cert. denied*, 117 S.Ct. 1249 [1997]).

*Gillen v. Gates*, 56 F.3d 71 (9th Cir. 1995) (table): upholding court, in case immediately above.

\***Gomez v. Gates**, 804 F. Supp. 69 (C.D. Cal. 1992): fee order awarding 1.7 multiplier in death squad case against LAPD, with multiplier based on extreme undesirability of the case (for reasons set forth at page 1, No. 7 [Judge Letts], above). (Excessive force case.)(Death Squad Case.)

*Gorio v. Block*, 972 F.2d 1339 (9th Cir. 1992) (table): refusing to find inconsistency in special verdict in which three jurors voted there was excessive force, and three jurors voted there was no excessive force, thus preventing a unanimous verdict. Court found that finding of qualified immunity made any inconsistency immaterial. (Excessive force case.)

*Green v. Baca*, 2003 WL 23181015 (C.D. Cal. 2003): discovery order defining the scope of discovery and of undue burden on discovery. (Jail over-detention case.)

*Green v. Baca*, 219 F.R.D. 485 (C.D. Cal. 2003): setting forth standards on Rule 72(a), F.R. Civ. P., reconsideration motion on discovery,

**stating blanket assertion of privileges is inadequate, and holding detainee's need for discovery sought regarding prior jail detentions of others outweighed any burden on defendant sheriff in producing such evidence. (Jail over-detention case; discovery case.)**

***Green v. Baca*, 306 F.Supp. 903 (C.D. Cal. 2004): summary judgment not granted to sheriff defending against an over-detention section 1983 claim: Fourteenth Amendment standards govern; fact issues as to when release notice was received from state parole board by county jail prevent summary judgment; fact issues remain as to whether or not there was deliberate indifference, thus precluding summary judgment; and fact issues in dispute as to nonliability for delay in release preclude summary judgment.**

***Green v. Baca*, 2004 WL 1151649 (C.D. Cal. 2004): order requiring massive discovery and holding claims of attorney client privilege to have been without any foundation; denying official information privilege; denying claim under attorney work product rule; order defendants to explain their misrepresentations to the court as requisite to possible sanctions.**

***Green v. Baca*, 2004 WL 1146595 (C.D. Cal. 2004): order denying defendant's application for leave to file out-of-time second summary judgment motion; setting forth standards governing modification of Rule 16(b) scheduling order.**

***Green v. Baca*, 2004 WL 1151618 (C.D. Cal. 2004): order denying application to stay magistrate judge's discovery order on ground it properly should be presented to magistrate judge, who issued subject discovery order, in first instance.**

***Green v. Baca*, 2004 WL 1151612 (C.D. Cal. 2004): magistrate judge's order denying extension of time to comply with discovery order to provide time to seek Rule 72(a) reconsideration because Rule 72(a) reconsideration would have no merit.**

*Green v. Baca*, 226 F.Supp. 2d 624 (C.D. Cal. 2004), *order clarified*, 2005 WL 283361: various holdings on motions *in limine*, denying bifurcation, calling sheriff to testify as witness.

\*Green v. Baca*, 225 F.R.D. 612 (C.D. Cal. 2005): order imposing $54,375.00 sanction on defense counsel for concealing 11,704 pages of documents regarding over-detentions in L.A. County jail.

*Green v. Baca,* 2005 WL 283361 (C.D. Cal. 2005): order discussing and clarifying Rule 45's requirement that subpoenas need not be served in-hand.

*Griffith v. Davis*, 161 F.R.D. 687 (C.D. Cal. 1995): discovery of materials granted over objections of attorney-client privilege and work product doctrine. (Excessive force case.)

*Guerrero v. Baca*, 154 Fed. Appx. 601 (9th Cir. 2005): action may be dismissed for failure to serve within 120 period set by F.R. Civ. P. Rule 4(m) even if dismissal operates as a dismissal with prejudice because the statute of limitations has run out. (Pleading case.)

\*Guerrero v. Gates*, 110 F.Supp. 2d 1287 (C.D. Cal. 2000): affirming ability to state parallel RICO claim against LAPD in Section 1983 action; upholding standing to seek injunctive relief. (Rampart scandal, corruption, excessive force, false arrest case.)

*Guerrero v. Gates*, 2001 WL 739811 (C.D. Cal. June 22, 2001): reversing prior order, court rules that claims against city council members and city attorney defendants for rubber-stamping indemnifications of punitive damages awarded against police may proceed. (Rampart scandal, false charges case.)

*Guerrero v. Gates*, 2001 WL 1408244 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)

*Guerrero v. Gates*, 357 F.3d 911 (9th Cir. 2004): holding that, (1) the accrual bar rule of *Heck v. Humphrey* applies even though habeas

47

corpus relief has not been sought, if it could have been sought, was not sought, and no longer is available to a prisoner who has been released from custody, and (2) in civil RICO actions, loss of employment or employment opportunities does not satisfy the injury to business or property requirement of standing. (Rampart scandal, police brutality case.)

*Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006): holding that *Heck v. Humphrey* does not bar section 1983 excessive force claims and that, based on the court's *en banc* disposition in *Diaz v. Gates*, *supra*, loss of employment or employment opportunities is sufficient to confer "injury to business or property" RICO standing requirement. Withdrawing and reversing 357 F.3d 911 (9th Cir. 2004). (Rampart scandal, excessive force and RICO action.)

*Hamblen v. County of Los Angeles*, 803 F.2d 462 (9th Cir. 1986): qualified immunity defense is available in Section 1983 cases based on illegal seizure of the person.  (Excessive force case.)

*Hammer v. Gross*, 884 F.2d 1200 (9th Cir. 1989), *rehearing en banc granted*, 902 F.2d 774 (9th Cir. 1990):  it is constitutional to use physical force to compel a blood test to determine alcohol level. (Excessive force case.)

*Hammer v. Gross*, 932 F.2d 842 (9th Cir. 1991) (*en banc*) (reversing 884 F.2d 1200 [9th Cir. 1989], *supra*:  a police officer who stops a person based on alleged driving while intoxicated [1] may not administer a forced blood alcohol test when the arrestee agrees to take another form of test [breath], and [2] the Supreme Court's decision in *Schmerber v. California* does not permit the use of excessive force in administering a blood test, no matter if the test is performed pursuant to approved medical standards.  Request for rehearing *en banc* by the entire 28-member 9th Cir. rejected; petition for certiorari denied 112 S.Ct. 582 [1991]).  (Excessive force case.)

*Hammer v. Gross*, 24 F.3d 246 (9th Cir. 1994) (table):  a district court can make a Section 1988 fees award without setting forth the numbers of hours compensated for or the hourly rate set if the appeals court can

48

figure out from the record a close approximation of what the district court did.  (Excessive force case.)

*Harris v. Baca*, 2003 WL 163210 (C.D. Cal. 2003): setting forth extreme emergency standards that govern bringing of *ex parte* applications. (Jail force use case.)

*Harris v. Baca*, 2003 WL 21384306 (C.D. Cal. 2003): holding that all administrative remedies under the PLRA must be exhausted before a prisoner may file suit, and holding that an attorney may not file a grievance for a prisoner at a former institution at which the prisoner was detained at the time of an alleged incident. (Prisoner abuse case.)

*Harris v. Baca*, 131 Fed. Appx. 89 (9th Cir. 2005):  affirming prior case and holding that all administrative remedies under the PLRA must be exhausted before a prisoner may file suit, but not reaching issue or holding that an attorney may not file a grievance for a prisoner at a former institution at which the prisoner was detained at the time of an alleged incident. (Prisoner abuse case.)

*Harris v. Baca*, 324 Fed. Appx. 635 (9th Cir. 2009):  holding that all administrative remedies under the PLRA must be exhausted before a prisoner may file suit, but not reaching issue or holding that an attorney may not file a grievance for a prisoner at a former institution at which the prisoner was detained at the time of an alleged incident. (Prisoner abuse case.)

*Hart v. Parks*, 2001 WL 636444 (C.D. Cal. 2001): setting forth law of defaults, and imposing sanction on Los Angeles City Attorney for bad conduct. (False arrest case.)

*Hart v. Baca*, 204 F.R.D. 456 (C.D. Cal. 2001): (1) setting forth law on motions to strike affirmative defenses; (2) holding Rule 11, F.R. Civ. P., does not require express statement that matter is pled or asserted in order to modify or change law or in good faith; (3) county governing board members not entitled to qualified immunity for over-detentions resulting from past decisions to indemnify sheriffs for punitive damages, but were entitled to qualified immunity on claim of alleged

49

failure to train, supervise, or discipline sheriff and deputies; (4) construing *Bogan v. Scott-Harris*, 523 U.S. 44 (1998), as not overturning *Trevino v. Gates*, 23 F.3d 1480 (9th Cir. 1994), *see infra*. (Over-detention case.)

*Hart v. Baca*, 2002 WL 368529 (C.D. Cal. 2002), setting forth standards on motion for more definite statement, refusing involuntary substitution of government entity for official capacity defendant (contrary to *Luke v. Abbott, infra.*). (Overdetention case.)

*Hart v. Baca*, 2002 WL 368530 (C.D. Cal. 2002), setting forth standards on motion to dismiss and upholding pleading of indemnification claim, *see Cunningham, supra*, and *Navarro* and *Trevino, infra*. (Overdetention case.)

*Hart v. Baca*, 2005 WL 1168422 (C.D. Cal. 2005): court finds misconduct by defense counsel but declines to award sanctions. (Over-detention case.)

*Hart v. Gaione*, 2003 WL 22846344 (C.D. Cal. 2003): setting forth standard, under F.R. Civ. P. Rule 56(f), for denying summary judgment until party in opposition has opportunity to conduct discovery needed to defend against motion. (False charges case against BATF agent.)

*Hart v. Gaione*, 2005 WL 419696 (C.D. Cal. 2005): order granting Rule 56(f) application.

*Hart v. Gaione*, 315 Fed.Appx. 3 (9th Cir. 2007): federal agent entitled to qualified immunity in *Bivens* action based on alleged baseless prosecution for crime of making false statement on gun purchase form that required specific intent for its commission. (Baseless prosecution case.)

*Hart v. Gaioni*, 2003 WL 21149935 (C.D. Cal. 2003): in baseless prosecution-type action, sets forth standards on motion for summary judgment and finds underlying criminal prosecution terminated in

favor of plaintiff, former defendant, by virtue of acquittal on one of several charges. (False charges case against BATF agent.)

*Hart v. Gaioni*, 2003 WL 21308891 (C.D. Cal. 2003): in baseless prosecution-type action, sets forth standards on motions for Rule 72(a) reconsideration and basis for staying discovery pending outcome of issue of affirmative defense of qualified immunity, holding that stay is appropriate only when issue is raised before the commencement of discovery. (False charges case against BATF agent.)

*Hart v. Gaioni*, 2006 WL 1314810 (C.D. Cal. 2006): denying judgment on pleadings on plaintiffs' *Bivens* claims that federal defendants (law enforcement officers and federal prosecutors and defense attorneys) violated plaintiffs' right to hire and consult attorney to pursue federal claims, and interfered with attorney-client relationship by leaking information to press that plaintiffs' counsel was under federal grand jury investigation. (First Amendment infringement on attorney-client relationship case.)

*Hart v. Gaione*, 2004 WL 316507 (C.D. Cal. 2004): upholding requirement of compliance with service requirements of F.R. Civ. P. Rule 5(b)(2)(B) and Local Rule 5-3.1 on proofs of service. (False charges case against BATF agent; proof of service case.)

*Hart v. Gaioni*, 2004 WL 2091478 (C.D. Cal. 2004): setting forth standard that there must be reason to expedite relief in order to grant *ex parte* relief, reiterating requirement that service be by mail and may not be by dropping service papers in office out box. (*Bivens* action for obstruction of justice.)

*\*Hart v. Gaioni*, 354 F. Supp. 2d 1127 (C.D. Cal. 2005): establishing right to sue under *Bivens* for denial of access to the federal courts by interfering with *Bivens* plaintiffs' right to counsel. Case of first impression. (*Bivens* action for obstruction of justice.)

*Hart v. Gaioni*, 2005 WL 3115902 (C.D. Cal. 2005): affirming right of civil rights plaintiffs to assert a First Amendment claim for interference with the attorney-client relationship under First

Amendment associational clause: "The right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition." (Quoting *Denius v. Dunlap*, 209 F.3d 944, 953 [7th Cir. 2000]).

*Hart v. Gaioni*, 2006 WL 1431480 (C.D. Cal. 2006): granting motion to dismiss RICO claim based on claims that federal defendants (law enforcement officers and federal prosecutors and defense attorneys) violated plaintiffs' right to hire and consult attorney to pursue federal claims, and interfered with attorney-client relationship by leaking information to press that plaintiffs' counsel was under federal grand jury investigation, on ground that two predicate acts had not been pled, and granting leave to amend. (Obstruction of justice, RICO case.)

*Hart v. Parks*, 450 F.3d 1059 (9th Cir. 2006): upholding dismissal of claims of false arrest and malicious prosecution, based on wrongful arrest and prosecution for alleged theft of 2000 Oscar statuettes. (False arrest, malicious prosecution case.)

*\*Hawkins v. Baca*, 114 F.Supp. 2d 987 (C.D. Cal. 2000): local legislators are neither absolutely nor qualifiedly immune from section 1983 damages if they rubber stamp indemnifications of punitive damages awarded against police. (Theft of legal materials from pre-trial detainee case.)

*Hawkins v. Cambra*, 2002 WL 1987970 (C.D. Cal. 2002): report and recommendation granting conditional *habeas corpus* petition to petty theft third-strike criminal defendant on ground that enhanced penalty violated Eighth Amendment cruel and unusual punishment prohibition. (*Habeas corpus*.)

*\*Hawkins v. Comparet-Cassani*, 33 F. Supp. 2d 1244 (C.D. Cal. 1998): pending action against Los Angeles County judge, and others, for application of 50,000 volts of electricity, via a "stun belt," against prisoner in courtroom, who, in representing himself, interrupted the judge, and then was subjected to torture of stun belt. The on November 16, 1998 tentatively court certified the case as a class action,

and issued a preliminary injunction prohibiting the placement of a stun belt on any defendants who appear in court.  (International law violations, and violations of First Amendment [right to free speech], Fourth Amendment [right to be free from use of excessive force], Sixth Amendment [right to counsel and assistance of counsel in criminal cases], Eighth Amendment [right to freedom from cruel and unusual punishment], Fourteenth Amendment [rights to equal protection and due process of law] case of first impression, nationally).

*Hawkins v. Comparet-Cassani*, 251 F.3d 1230 (9th Cir. 2001): stun-belt case; affirming certification of class, and affirming preliminary injunction; affirming in part and reversing in part case immediately above. (Excessive force, Sixth Amendment, First Amendment case.)

*Hawkins v. Comparet-Cassani*, 2002 WL 227081 (C.D. Cal. 2002): dissolving preliminary injunction and de-certifying class (in case immediately above) upon compliance with injunction by changing allegedly unconstitutional stun-belt policy. (Excessive force, Sixth Amendment, First Amendment case.)

*Hawkins v. Davis*, 2001 WL 721095 (C.D. Cal. 2001): pleading and standing case involving alleged, constitutionally impermissible surcharges on collect telephone calls by California prison inmates and alleged, unconstitutional surcharges on prisoners', inmate accounts. (Inmate telephone overcharge case.)

*Hawkins v. Davis*, 2001 WL 1548961 (C.D. Cal. 2001), setting forth standards for pre-motion filing conference under Local Rule 7.4.1 (now Rule 7-3). (Inmate telephone overcharge case.)

*Hawkins v. Davis*, 2000 WL 33936254 (C.D. Cal. 2000): denying motion to dismiss based on venue and for transfer based on inconvenient forum, setting forth standards. (Inmate telephone overcharge case.)

\**Heath v. Cast*, 813 F.2d 254 (9th Cir.), *cert. denied*, 484 U.S. 849 (1987).  It is error to select alternate jurors by lot in violation of F. R. Civ. P. Rule 47(b); availability of issue preclusion is a mixed question of fact and law in which legal issues predominate and which is reviewed de novo; California State Court motions to suppress are not

53

final judgments and do not support issue preclusion; F. R. Evid. Rule 403 requires relevancy of evidence to be substantially outweighed by prejudice for exclusion of relevant evidence; evidentiary rulings are reviewed for abuse of discretion; failure to give a warranted jury instruction is reviewed de novo; a court is not required to instruct jury in precise words chosen by party, so long as instructions allow jury to determine intelligently the issues presented; jury must be instructed on each element of case and must accurately reflect controlling law; and violation of discovery order is not appropriately sanctioned by exclusion of expert testimony when expert's report has been withheld by proponent of expert's testimony.  (Excessive force case.)

*Heath v. Feeley*, 815 F.2d 408 (9th Cir. 1987) (table):  upholding dismissal of claim of obstruction of justice.  (Obstruction of justice case.)

\***Heller v. Bushey**, 759 F.2d 1371 (9th Cir. 1985), *cert.  granted and rev'd sub nom. City of Los Angeles v. Heller*, 475 U.S. 796 (1986)(*per curiam*):  defines elements of action under 42 U.S.C. 1983, defines permissible scope of qualified immunity defense in Section 1983 action, defines class of defendants.  (Excessive force case.)

*Helmick v. Peasant Fare*, 790 F.2d 85 (9th Cir.) (table), *cert. denied sub nom. Helmick v. Launders*, 479 U.S. 854 (1986):  prosecutor entitled to absolute immunity for actions taken during search of premises while assisting fire investigators who were investigating suspicious fire.  (Denial of equal rights case.)

*Hernandez v. Gates*, 100 F.Supp. 2d 1209 (C.D. Cal. 2000): taking opposite view to *Cunningham v. Gates*, *supra*, that government officials may *not* be held liable under 42 U.S.C. § 1983 for rubber-stamping indemnifications of punitive damages for police.  (Rampart scandal case.)

*Hernandez v. Gates*, 2001 WL 1403042 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)

54

*Hernandez v. Gates*, 2004 WL 291225 (C.D. Cal. 2004): denying order compelling compliance with service requirements of Rule 5(b), F.R. Civ. P., as inappropriate request for hypothetical relief. (Rampart scandal, false charges case.)

*Hernandez v. Gates*, 2004 WL 1146602 (C.D. Cal. 2004): ruling that, notwithstanding no showing of good cause so as to relieve plaintiff from the 120-day service of summons and complaint requirement of Rule 4(m), F.R. Civ. P., nevertheless, court will exercise its discretion to permit service over a year late because defendant timely had been served in and had been defending companion case that arises from the same facts and circumstances giving rise to the claim in this case, and holding any prejudice would be slight, so that giving leave would not eviscerate the statute of limitations' purpose.

*\*Herrera v. County of Los Angeles*, 2005 WL 2008194 (C.D. Cal. 2005): in case in which defendant removed to federal court a state court action containing both section 1983 claims and state law claims, district court, at plaintiffs' request, remanded state law claims and retained jurisdiction of federal claim, holding that, by removing, defendants waived ability to object to federal claim being heard in federal court and also were estopped from demanding remand of federal claims upon remand of state law claims. (Shooting death case.)

*Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986): petition for removal pursuant to federal question jurisdiction and civil rights cases removal in civil rights and state wrongful death action against former police officer and city that was former employer that did not join city was frivolous, in light of statutory requirement that all defendants except nominal parties join in removal, and city was not nominal party. (Excessive force, removal case.)

*Hodnett v. Dearing*, 802 F.2d 466 (9th Cir. 1986) (table): upholding dismissal of civil rights action founded on claim of negligent treatment of prisoner. (Excessive force case.)

*Honn v. Tousley*, **924 F.2d 1062 (9th Cir. 1991) (table):  chase of motor-vehicle-violation-suspect by police that results in death of suspect in crash entitles police to qualified immunity.  (Excessive force case.)**

*Hunter v. Gates*, **2001 WL 837697, RICO Bus. Disp. Guide 10,065 (C.D. Cal. 2001): interpreting** *Heck v. Humphrey* **not to apply to civil RICO claims. (Rampart scandal, false charges case.)**

*Hunter v. Gates*, **2003 WL 21437629 (9th Cir. 2003)(table): holding time-barred Rampart plaintiff's section 1983 claims, and refusing to rule on RICO claims, as time-barred also. (Rampart scandal case.)**

**\****Idaho v. Horiuchi***:   prosecution of F.B.I. agent Lon Horiuchi for homicide of Vicki Weaver at Ruby Ridge, Idaho on August 22, 1992, as Special Deputy Prosecuting Attorney for Boundary County, Idaho.**

**\****Idaho v. Horiuchi***, **215 F.3d 986 (9th Cir. 2000): court ruled that F.B.I. agent who shot and killed Vickie Weaver at Ruby Ridge, Idaho, on August 22, 1992, was entitled to federal Supremacy Clause immunity from state manslaughter prosecution.  (Criminal, excessive force case.)   Petition for** *en banc* **rehearing granted and opinion withdrawn, 228 F.3d 1069 (9th Cir. 2000).**

**\****Idaho v. Horiuchi***, **253 F.3d 359 (9th Cir. 2001)(***en banc***),** *vacated as moot*, **266 F.3d 979 (9th Cir. 2001)(***en banc***): reversing panel disposition, immediately above, and re-instating homicide charges against defendant, then vacated as moot after newly-elected, and subsequently removed for unethical conduct county prosecutor dismissed underlying charges with prejudice. (Same as case above, in which limited, 11-member** *en banc* **court rendered disposition.)**

**\****In re COMPLAINT OF JUDICIAL MISCONDUCT***, **425 F.3d 1179 (9th Cir. 2005): Ninth Circuit Judicial Council sitting as judicial disciplinary board pursuant to 28 U.S.C. § 351(a), held that U.S. Dist. Judge Manuel L. Real engaged in judicial misconduct and ordered private reprimand. On review to the United States Judicial Conference, case was remanded,** *In re Memorandum of Decision on Judicial Conduct and Disability,* **449 F. 3d 106 (U.S. Jud. Conf. 2006), to**

determine whether Judge Real's custom and practice of failing to provide reasons for his decisions was willful and, if it was, consideration of more severe sanction of public reprimand or suspension of Judge Real from hearing cases for particular period of time. Affirmed by Judicial Conference, 517 F.3d 56 (U.S. Jud. Conf. 2008). (Complaint of judicial misconduct.)

*Johnson v. Campbell, 92 F.3d 951 (9th Cir. 1996): "assum[ing] for purposes of decision . . . [that] a peremptory challenge [to a prospective juror] based on sexual orientation falls within the rule of Batson [that discriminatory challenges are unconstitutional,]" it was held that sufficient record did not exist to sustain claim of improper peremptory challenge against allegedly gay male juror. (Discrimination against gay juror by use of peremptory challenge.)

Jones v. Williams, 152 F.3d 926 (9th Cir. 1998)(table):  presentation of evidence that police who raided home had broken doors to which keys had been offered, had broken picture frames, and had urinated in a steam iron, created genuine issues of material fact so that district court's grant of summary judgment was erroneous. (Raid, search case.)

Jones v. Williams, 286 F.3d 1159 (9th Cir. 2002)(withdrawn): group liability jury instructions are incorrect unless they include concept of individual or integral part participation in wrongs. (Raid, search case.)

Jones v. Williams, 297 F.3d 930 (9th Cir. 2002)(replacing 286 F.3d 1159 on denial of request for rehearing en banc): group liability jury instructions are incorrect unless they include concept of individual or integral participation in wrongs, but res ipsa loquitur instruction may be given inappropriate section 1983 cases. (Raid, search case.)

Jones v. Williams, 41 Fed. Appx. 964 (9th Cir. 2002)(table)(withdrawn): defense counsel trial misconduct must permeate proceedings to warrant reversal and it is insufficient to preserve Monell claim by merely stating in appellate brief it is preserved. (Raid, search case.)

57

*Jones v. Williams*, **2002 WL 981531 (C.D. Cal. 2002): holding in contempt of court, publicly reprimanding, and sanctioning defense counsel for violation of** *in limine* **order that he not bring up issue of "gang affiliation" without first obtaining permission to do so from judge. (Raid, search case.)**

*Jones v. Williams*, **2003 WL 21540986 (9th Cir. 2003)(table): reversing finding of contempt against defense counsel, for having violated** *in limine* **order not to mention certain facts before jury, and discussing permissible bases for imposition of sanctions against counsel. (Raid, search case.)**

*Jordan v. Herrera*, **2003 WL 22668840 (C.D. Cal. 2003): holding that when a statute of limitations is enlarged, a claim that accrued but that has not lapsed gets the benefit of the new, longer statute of limitations period. (False charges case.)**

*Jordan v. Herrera*, **224 Fed. Appx.657 (9th Cir. 2007): holding that burden of proof on issue of lack of probable cause is on plaintiff. (False arrest case.)**

*Kendrick v. Baca*, **141 Fed. Appx. 511 (9th Cir. 2005): in case involving a search warrant, court reverses summary judgment in favor of defendants based on an arrest for which no warrant existed and in which plaintiffs whose home was to be searched were arrested several blocks from, after leaving, their home. One plaintiff is an LAPD detective. (False arrest case.)**

*Kendrick v. Baca*, **261 Fed. Appx. 32 (9th Cir. 2007): in case involving a search warrant, construing F.R. Civ. P. Rule 51(a) (submission of jury instructions) so that a court may require parties to submit instructions, although the language of the Rule is permissive. One plaintiff is an LAPD detective. (False arrest case.)**

*King v. Baca*, **2001 WL 682793 (C.D. Cal. 2001): claims against county supervisor defendants for rubber-stamping indemnifications of punitive damages awarded against police may proceed. (Jail mistreatment case.)**

58

***Klock v. Cain*, 813 F. Supp. 1430 (C.D. Cal. 1993):  there is no clearly-established right either to interstate travel or for a homeless person not to be taken outside city's limits by police, and therefore, police who take a homeless person outside a city's limits to rid the city of him do not violate that person's constitutional rights.  (Excessive force and arrest case, case of first impression.)**

***Lake v. Baca*, 2007 WL 2483509 (C.D. Cal. 2007): setting forth standards for motions for judgment on the pleadings, pursuant to F.R. Civ. P. Rule 12(c); setting forth standards for *Monell* liability; setting forth criteria to prove a "custom" under *Monell*, to wit, one of "practices of sufficient duration, frequency, and consistency that conduct has become a traditional method of carrying out policy;" and "implementation of . . .  policies that [was] . . . unreasonable." (Over-detention case.)**

***Lang v. Gates*, 36 F.3d 73 (9th Cir.), *cert. denied sub nom. Yagman & Yagman, P.C. v. Gates*, 513 U.S. 1017 (1994): on Section 1983 plaintiffs' application for Section 1988 attorneys' fees for work done after a Rule 68 offer was accepted by one of two plaintiffs and rejected by the other plaintiff, court ruled that plaintiff who accepted offer in fact would be considered to have rejected the offer by virtue of other plaintiff's rejection of offer, and that since both plaintiffs were deemed to have rejected the offer, their counsel could not recover fees for work done after the offer was deemed rejected by the plaintiff who accepted the offer.  Also, for purposes of Rule 68, a dismissal after settlement is the functional equivalent of a judgment, and thus the word "judgment" in Rule 68 is construed to include the word "settlement." (Dalton Avenue Raid.)**

***Larez v. City of Los Angeles*, No. 87-3640-RMT, first case in which Los Angeles chief of police ever held liable for acts of his officers, and assessed $170,000 in punitive damages which he must personally pay. (Excessive force, raid, house trashing, illegal search case.)**

***Larez v. City of Los Angeles,* 946 F.2d 630 (9th Cir. 1991):  affirming award of $90,000 compensatory damages against six LAPD CRASH**

officers in No. 87-3640-RMT, immediately above, and reversing award of \$170,000 punitive damages against LAPD Chief Gates on ground that court erred in admitting in evidence inculpatory statements by Gates, reported in the media, absent putting the reporters who heard (and then reported upon) Gates making those statements on the witness stand.  In rendering its decision the Court also made numerous points expanding and defining *Monell* liability; defining individual capacity liability and official capacity liability; prescribing the permissible allowance of awards of punitive damages; holding that a plaintiff in a civil rights action who prevails against police in the first half of a bifurcated trial still has a right to proceed in the second half of that trial against government officials both in their individual capacities and their official capacities; and explaining that both flawed investigations of police misconduct and failures to take remedial steps were bases for Section 1983 liability. (Excessive force, raid, house trashing, illegal search case.)

*\*Larez v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994):  affirming liability on issue of unlawful seizure; but reversing on issue of damages, and holding that a jury in a civil rights case may not be told that the government may indemnify police for either compensatory or for punitive damages.  (Illegal arrest case.)

*Lee v. Gates*, 2001 WL 1098070 (C.D. Cal. 2001): pleading case, dealing with section 1983 and civil RICO. (Illegal arrest case.)

*Lee v. Gates*, 2005 WL 67087 (C.D. Cal. 2005): granting Rule 72(a) motion for reconsideration of, and vacating, sanction imposed without affording due process rights to respond and to hearing on both imposition of sanction and amount of sanction.

*Luers v. Smith*, 941 F. Supp. 105 (C.D. Cal. 1996):  civil rights plaintiffs who wish to compel a governmental entity to relieve them from operation of California government code requiring presentment of a claim to public entity as precondition to bringing suit must do so in state court, and may not do so in federal court.  (Death, shooting case.)

*Linz v. City of Brea*, **19 F.3d 1441 (9th Cir. 1994) (table):  Section 1983 plaintiff who litigates in state court suppression hearing the issue of the way in which his blood was extracted for chemical analysis, may not later litigate excessive force issue in federal court, if he loses suppression motion in state court.  (Excessive force case.)**

*Luke v. Abbott*, **954 F. Supp. 202 (C.D. Cal. 1997):  Section 1983 plaintiffs may not sue government officials in their official capacities when they have sued the governmental entity, because suit against officials is redundant.  Further, if only the officials are sued, they may move to substitute in the governmental entity, and be dismissed themselves. It no longer is possible legally to sue government officials in their official capacities. (As of June 1997, there has not been an opportunity to appeal this bizarre, ipse dixit ruling because the case has not yet gone to trial, and there is no final judgment.) (False warrant application case.)**

*Lyons v. Williams*, **91 F.3d 1308 (9th Cir.  1996):  burden of proof on issue of consent in case in which female LAPD officer claimed she was raped by police commander/superior was on plaintiff to prove there was no consent, and not on defendant to prove there was consent. Petition for rehearing with suggestion for rehearing en banc denied. Petition for certiorari denied, 519 U.S. 1111 (1997).  (Police on police, rape/excessive force case.)**

*Marshall v. Gates*, **812 F.Supp. 1050 (C.D. Cal. 1993): dismissal of action based on plaintiff allegedly violating local rule that conflicted with Federal Rule of Civil Procedure, regarding when evidence in opposition to summary judgment motions is required to be submitted. (Adverse employment action/retaliation for free speech exercise case.) (Reversed,** *see* **next two cases.)**

**\****Marshall v. Gates*, **39 F.3d 1046 (9th Cir. 1995)(withdrawn and replaced by 44 F.3d 722): a federal court local rule that shortens the time in which a party who opposes a motion for summary judgment must submit evidence in opposition to the motion to require submission of the opposition more than one day before the motion is to be heard may not be the basis for granting summary judgment; and**

Central District of California Local Rule 7.6, which requires shortened time submission of oppositions to motions for summary judgment was incorrectly applied by district judge because, by its terms, the Local Rule was not to be applied in instances in which a different time was set by the federal rules.  Thus, in applying provisions of Local Rule to bar consideration of papers in opposition to summary judgment that were filed timely under the federal rules, the district court erred as a matter of law, and because the opposition papers that the district court refused to consider demonstrated that disputed issues of material fact existed, summary judgment was improper.  (Adverse employment action/retaliation for free speech exercise case.)

*Marshall v. Gates*, 44 F.3d  722 (9th Cir. 1995), replacing case opinion immediately above):  fact that all district courts in Ninth Circuit have local rule whose provisions require filing of oppositions to summary judgment motions 14 days before date set for hearing, in "apparent" conflict with F.R. Civ. P. Rule 56(f), which permits filing of affidavits in opposition to summary judgment up to day before hearing, necessitates the withdrawal of prior opinion in which local rule was declared to be void for violation of Rule 83, F.R. Civ. P., and the substitution of this, amended opinion holding:  "The instant apparent conflict is where we again must engage in interpretation in order to produce consistency."  "[W]e have exercised our ingenuity in doing so ...."  A motion for summary judgment may not be granted when papers are filed untimely in violation of a local rule, but, district courts have power to impose conditions on Rule 56(f), and may impose a sanction (though not granting of the motion for summary judgment) for a filing that is untimely under the local rules.  (First Amendment employment retaliation case.)

*Mattox v. Watson*, 2007 WL 4200213 (C.D. Cal. 2007): setting forth standards on motions to strike affirmative defenses and for imposition of sanctions. (Illegal surveillance case.)

*Mayberry v. Los Angeles Sheriff's Dep't*, 2021 WL 5236170 (C.D.Cal. 2021): report and recommendation (adopted, *Mayberry v. Los Angeles Sheriff's Dep't*, 2021 WL 5234400 (C.D.Cal. 2021)) to dismiss unconstitutional arrest, excessive force, and deliberate indifference to

serious medical needs action. (Fourth and Fourteenth Amendment violations case).

*McCall v. Bradley*, 977 F.2d 590 (9th Cir. 1992) (table):  affirming refusal to permit amendment to complaint to name additional *Monell* defendants.  (Excessive force case.)

*McCoy v. Launi*, 831 F.2d 1065 (9th Cir. 1987) (table), upholding dismissal based on statute of limitations.  (Illegal entry, search case.)

*Medina v. County of Los Angeles*, 2022 WL 16847547 (C.D.Cal. 2022): defense counsel failed to notice imprisoned witness deposition within discovery cutoff date and then moved to compel the deposition, which motion was granted  (Excessive force case.)

*Medina v. County of Los Angeles*, 2022 WL 16847550 (C.D.Cal. 2022): defense counsel failed to notice plaintiffs' depositions within discovery cutoff date, and then moved to compel the depositions, which motion was denied as having been made untimely, and also beyond the discovery cutoff date. (Excessive force case.)

*Medina v. Cnty. of Los Angeles*, 2022 WL 17096783 (C.D.Cal. 2022): denying *ex parte* application to modify scheduling order and setting forth standards.

*Medina v. Cnty. of Los Angeles*, 2022 WL 17097024 (C.D.Cal. 2022): grants in part and denies in part motion to quash service of summons and complaint, setting forth standard that under substituted service, person "apparently in charge" must be served, and what is required for due diligence (two or three attempts to serve are sufficient). (Service of process case.)

*Medina v. Villanueva*, 2022 WL 17494091 (C.D.Cal. 2022): order setting forth legal standards on motion to dismiss complaint; discussing statute of limitations, application of *Heck v. Humphrey* bar, application of equitable tolling, and contours of § 1983 action for malicious prosecution. (Excessive force case.)

*Mendoza v. Block*, **27 F.3d 1357 (9th Cir. 1994): police use of a police dog to subdue suspect was objectively reasonable, and hence officers were entitled to qualified immunity, because defendant would not come out from under bushes beneath which he was hiding; setting forth standard for qualified immunity. (Excessive force, qualified immunity case.)**

*Miller v. City of Long Beach*, **803 F.2d 526 (9th Cir. l986): right to seek Section l988 attorneys' fees lies with plaintiff, and not with plaintiff's attorney; civil rights action settlements may be conditioned on waiver of attorneys' fees, absent showing that defendant has a policy or custom of requiring waiver of fees as a condition of settlement (which was not made in this case, thus permitting court not to rule on this issue).**

*Milstein v. Cooley*, **2001 WL 1674087 (C.D. Cal. 2001): no qualified immunity for prosecutors who act as complaining witnesses, make and prosecute false charges, fabricate evidence, and suborn witness false testimony. (False charges by prosecutor case.)**

***Milstein v. Cooley*, **208 F.Supp. 2d 1116 (C.D. Cal. 2002): same as prior case; there is a clearly-established due process right not to be subjected to criminal charges based on false and fabricated evidence; but prosecutors entitled to qualified immunity when they neither knew nor should have known that defense attorney, whom they allegedly set up, was innocent and did not use coercive investigative tactics likely to lead to false information.**

*Minister v. Gates*, **2001 WL 1112684 (C.D. Cal. 2001): permitting bad faith indemnification claims against city council members, and holding board members' arguments that they may not be held liable individually for action that requires vote of board of which member is a constituent is unavailing. (False arrest case.)**

*Molski v. Arby's Huntington Beach*, **359 F.Supp. 2d 938 (C.D. Cal. 2005): order declaring ADA plaintiff not to be a vexatious litigant and finding ADA plaintiff had standing to sue for injunctive relief. (ADA case.)**

64

*Molski v. Mandarin Touch Restaurant*, **359 F.Supp. 2d 924 (C.D. Cal. 2005): order declaring ADA (another plaintiff's) counsel a vexatious litigant and ordering counsel to seek leave of court before filing any ADA actions, finding no organizational standing to sue, and refusing to exercise supplemental jurisdiction of state law claims. (ADA case.)**

*Molski v. Mandarin Touch Restaurant*, **2006 WL 220154 (C.D. Cal. 2006): one is not a prevailing party for fee-shifting purposes when judgment is not on the merits, such as on standing grounds. (ADA case.)**

*Molski v. Evergreen Dynasty Corp.*, **521 F.3d 1215 (9th Cir. 2008) (dissent from denial of** *en banc* **rehearing): upholding finding of vexatious litigant against attorney. (ADA case.)**

*Moore v. Avery*, **125 Fed. Appx. 763 (9th Cir. 2005)(table): court upholds dismissal of prisoner case on ground of non-compliance with administrative grievance filing requirement of PLRA. (Prisoner case.)**

*Moore v. Avery*, **308 Fed.Appx. 111 (9th Cir. 2009): court upholds dismissal of prisoner case on ground of non-compliance with administrative grievance filing requirement of PLRA. (Prisoner case.)**

*Moore v. Baca*, **2002 WL 1182882 (C.D. Cal. 2001): setting forth summary judgment standards and Rule 56(f) standards, case-specific discovery permitted, and permitting broad discovery on indemnification claims. (Jail race riot case.)**

*Moore v. Baca*, **2002 WL 31520477 (C.D. Cal. 2002): setting forth Rule 72(a) reconsideration standards. (Jail race riot case.)**

*Moore v. Baca*, **2002 WL 31870541 (C.D. Cal. 2002): setting forth PLRA standards, and dismissing section 1983 claims for failure to comply with exhaustion requirement of PLRA. (Jail race riot case.)**

*Moore v. Baca*, 130 Fed. Appx. 175 (9th Cir. 2005): court upheld finding of no exhaustion of PLRA administrative remedies as basis for dismissal. (Jail race riot case.)

*Moreno v. Baca*, 2001 WL 33356835 (C.D. Cal. 2000): court rules that claims against county supervisor defendant for rubber-stamping indemnifications of punitive damages awarded against police may proceed, and also rules that even when there is no *de jure* supervisorial authority over police, still there may be supervisorial liability when a supervisor is not precluded from creating a civilian review board to monitor police and fails to do so. (False arrest, false charges case.)

*Moreno v. Baca*, 2001 WL 1204113 (C.D. Cal. 2001): motion for judgment on pleadings based on collateral estoppel denied as premature, and interpreting possible collateral estoppel bar in light of failure of former criminal defendant, now plaintiff, to appeal from finding of probable cause to bind over at preliminary hearing, and who ultimately was found not guilty after jury trial. (False arrest, false charges case.)

*Moreno v. Baca*, 2002 WL 246767 (C.D. Cal. 2002): court agrees to permit summary judgment motion to be made after motion cut-off date, but imposes fine of $8,000, attorneys' fees of $1,400, and notification of defendants requirement on defense firm (Christensen, Miller), for inexcusable flagrant errors and rules violations and attempting to "sneak in" an untimely motion by defense counsel. (False arrest, false charges case.)

*Moreno v. Baca*, 2002 WL 338366 (C.D. Cal. 2002): denying summary judgment based on qualified immunity and collateral estoppel, based on failure to litigate probable cause for arrest in criminal preliminary hearing. (False arrest case.)

*Moreno v. Baca*, 2002 WL 434596 (C.D. Cal. 2002): granting summary judgment on indemnification claim when no evidence of indemnifications presented. (False arrest case.)

*Moreno v. Baca*, 400 F.3d 1152 (9th Cir. 2005): court upholds denial of qualified immunity to sheriffs who arrested parolee without

knowing he was on parole and then trying to use their after-acquired knowledge of plaintiff's parole status to justify the arrest, and holds that parole condition of submission to warrantless arrest does not constitute agreement to submit to a suspicionless arrest, and that Fourth Amendment applies to parole searches and seizures. (False arrest, malicious prosecution case.)

*Moreno v. Baca*, 431 F.3d 633 (9th Cir. 2005), *cert. denied sub nom. Baca v. Moreno*, 126 S.Ct. 2900 (2006): suspicionless arrest and search cannot be rendered reasonable retroactively by police officers' subsequent discovery that arrestee was on parole and/or subject to outstanding warrant, and police were not entitled to qualified immunity on this issue. (Arrest case.)

*Moreno v. Baca*, 2007 WL 549734 (C.D. Cal. 2007): setting forth standards for official information privilege. (False arrest and RICO action.)

*Moreno v. Baca*, 2007 WL 1021400 (C.D. Cal. 2007): setting forth contempt standards in discovery setting. (False arrest and RICO action.)

*Moreno v. Baca*, 2007 WL 809678 (C.D. Cal. 2007): setting forth standards for Rule 72(a) reconsideration motion.  (False arrest and RICO action.)

*Mortimer v. Baca*, 2002 WL 368528 (C.D. Cal. 2002): setting forth standards on vagueness in pleading and for motions for more definite statement; need not plead names of causes of action; refusal involuntarily to substitute in for official capacity defendant the government entity: "the plaintiff is the master of his complaint." (Over-detention case.)

*Mortimer v. Baca*, 2002 WL 368531 (C.D. Cal. 2002): setting forth standards on motion to dismiss and upholding pleading of indemnification claim, *see Cunningham, supra*, and *Navarro* and *Trevino, infra*. (Over-detention case.)

*Mortimer v. Baca*, 2005 WL 419695 (C.D. Cal. 2005): discussing and ruling favorably on class certification requirements under Rule 23(a)(2)-(4) and (b), but denying class certification without prejudice to satisfaction of numerosity requirement of Rule 23(a)(1). (Same as prior case.)

*Mortimer v. Baca*, 2005 WL 1457743 (C.D. Cal. 2005): granting damages and injunctive relief class action status in jail over-detention case. (Prisoner case.)

*Mortimer v. Baca*, 2005 WL 2160203 (C.D. Cal. 2005): holding that Rule 59(e), F.R. Civ. P., is an extraordinary remedy that should be granted in only highly unusual circumstances, and denying defendant's motion in over-detention class action to reconsider or clarify certification order. (Over-detention case.)

*Mortimer v. Baca*, 2005 WL 3497817 (C.D. Cal. 2005): ruling setting forth criteria for class notification under F.R. Civ. P. Rule 23(c)(2)(B). (Prison conditions class action involving over-detentions.)

*Mortimer v. Baca*, 478 F.Supp. 2d 1171 (C.D. Cal. 2007): order granting defense summary judgment and decertifying over-detention class for lack of numerosity. (Over-detention case.)

*Moss v. Gates*, 2001 WL 739806 (C.D. Cal. 2001): claims against city council members and city attorney defendants for rubber-stamping indemnifications of punitive damages awarded against police may proceed. (Rampart scandal, false charges case.)

*Moss v. Gates*, 2001 WL 1403045 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)

*Motley v. Parks*, 198 F.R.D. 532 (C.D. Cal. 2000): it is permissible to amend complaint to set forth true names of fictitiously-named defendants, and amendment would relate back to date original complaint was filed, provided motion to amend was brought within

68

three years of filing of action, under controlling California law. (Illegal residential entry and search case.)

*Motley v. Parks*, 2001 WL 682791 (C.D. Cal. 2001): local court rule requiring conditions precedent be met in order to make a motion for reconsideration is not applicable to making a motion under F.R. Civ. P. Rule 72(a) for review of a magistrate judge's ruling on a discovery motion. (Illegal residential entry case.)

*Motley v. Parks*, 2001 WL 849637 (C.D. Cal. 2001): discussing F.R. Civ. P. Rule 4(i)(2)(B) as to serving federal defendants sued on *Bivens* claims. (Illegal residential entry case.)

*Motley v. Parks*, 383 F.3d 1058 (9th Cir. 2004): reversing summary judgment in parole, police raid case, and setting forth both principles on summary judgment and rules that: there must be a parolee for there to be a parole search; pointing a gun may constitute excessive force; conducting a search in an over-aggressive or harassing manner is unconstitutional; supervisory officers are responsible for seeing to it that searches are supported by proper legal cause, have a legal duty to check the factual basis for a search, and are liable if they fail to do so; supervisors are not free to believe stale information is accurate; all searching officers have a duty to conduct a reasonable investigation in order to conduct a search. (Illegal residential entry case.)

*Motley v. Parks*, 401 F.3d 1030 (9th Cir. 2005): order taking case *en banc* and vacating prior disposition.

*\*Motley v. Parks*, 432 F.3d 1072 (9th Cir. 2005)(*en banc*): before conducting a warrantless search pursuant to a parolee's search condition, police must have probable cause to believe that the parolee in fact is a resident of the house to be searched; it is not objectively reasonable for police to point a gun on a baby while searching. (Entry and force case.)

*Mulgannon v. Gates*, 936 F.2d 578 (9th Cir. 1991) (table): in order to impose discovery sanctions a court must find either a continuing pattern of discovery abuses or more than a technical violation of

discovery rules.    Reversing a \$1,500 sanction against an assistant United States Attorney imposed for discovery abuses.    (First Amendment, seizure of press camera case.)

*Mulgannon v. Gates*, 972 F.2d 1341 (9th Cir. 1992) (table): reversing defense verdict on ground that court injected police officer's subjective belief into qualified immunity defense, and ordering new trial.  (Same as case above.)

*Mulgannon v. Gates*, 61 F.3d 911 (9th Cir. 1995) (table):  reversing court's grant of summary judgment based on qualified immunity after remand in 972 F.2d 1341, immediately above.

*Munoz v. Superior Court of Los Angeles County*, 2022 WL 7150155 (C.D.Cal. 2022): dismissing excessive bail case against court, on ground that the court had Eleventh Amendment immunity, and setting forth standards for both facial and factual attacks on subject matter jurisdiction. (Excessive bail case.)

*Murdock v. Stout*, 54 F.3d 1437 (9th Cir. 1995):  affirming grant of summary judgment based on defense claim that exigent circumstances exception to search warrant requirement justified entry into home based on these facts:  jogger told neighbor that a person was seen at 8:00 p.m. running out of plaintiffs' home (it was plaintiffs' son late for a date and getting into his girlfriend's waiting car); no one responded to police inquiry whether anyone was at home; back, sliding door was 8-10 inches ajar; television was on; can of Budweiser was on table near television; husband plaintiff was found asleep in his own bed with all of his clothing on and his hands under the covers; he was rousted from bed, quarreled with the invading police, who then identified him after searching his home.  (Illegal entry/false arrest/illegal search case.)

*Nava v. McMillan*, 123 Cal. App. 3d 262; 176 Cal. Rptr. 473 (1981): owner of fenced dog may not be held liable tortiously for simple negligence or on strict liability basis for acts of dog inside fenced area that have consequences outside fenced area.  (Premises liability case.)

*__Navarro v. Block__*, **250 F.3d 729 (9th Cir. 2001)(petition for rehearing _en banc_ denied):    re-affirming _Trevino II_ and _Cunningham_, _supra_, that public officials who rubber-stamp indemnifications of punitive damages awarded against police in civil rights cases themselves may be held liable under section 1983. (Excessive force case.)**

*__Navarro v. Block__*, **2001 WL 1182891 (C.D. Cal. 2001): discussing rules governing imposition of sanctions, holding that rules requiring signatures on papers filed with court apply only to those papers actually filed with the court and not to service copies, and holding that local rule governing and establishing conditions precedent to motions for reconsideration generally, do not apply to motions for reconsideration brought under Rule 72(a), F.R. Civ. P. (Excessive force case.)**

*__Nicoletti v. Gates__*, **2002 WL 1364114 (C.D. Cal. 2002): denying reconsideration of summary judgment and denying bifurcation of section 1983, _Monell_ claims. (Bystander liability, death squad case.)**

*__Nicoletti v. Gates__*, **2006 WL 925613 (C.D. Cal. 2006): order allowing pre-incident evidence and excluding post-incident evidence. (Bystander liability, death squad case.)**

*__Oborn v. Gates__*, **875 F.2d 319 (9th Cir. 1989) (table), upholding denial of defendants' summary judgment motion based on qualified immunity.  (Illegal search of and prosecution of police officer.)**

*__Oborn v. Gates__*, **936 F.2d 579 (9th Cir. 1991) (table):  reversing directed verdict in Section 1983 action, and holding that there was sufficient evidence for a jury to decide that a civilian agent of LAPD was acting under color of law when she searched a disabled LAPD officer's home and removed personal articles and turned them over to LAPD internal affairs detectives waiting outside.  (Illegal search of and prosecution of police officer.)**

*__Oliverria v. Gates__*, **2001 WL 1472573 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)**

*Oliverria v. Gates*, **2003 WL 251937 (C.D. Cal. 2003): pleading case setting forth rules for pleading conspiracy. (Rampart scandal case, false charges case.)**

*Onossian v. Block*, **103 F.3d 140 (9th Cir. 1996)(table):  police may be held liable legally under Section 1983, based on Fourteenth Amendment, for injuries to third party as a result of a police pursuit. (Vehicular pursuit case.)**

*Onossian v. Block*, **175 F.3d 1169 (9th Cir. 1999):   (same as immediately preceding case),** *cert. denied*, **120 S.Ct. 498 (1999): affirming summary judgment for defendants on ground that defendants' conduct did not rise to the new, "shocks the conscience" standard for police vehicular pursuit cases.  (Vehicular pursuit case.)**

*Ottman adv. U.S.*, **2008 WL 4371975 (M.D. Ga. 2008): upholding contention of lack of proper service and ordering return of property and business records withheld by prosecutor and criticizing prosecutor's misconduct, and holding that seeking reconsideration of court order without seeking a stay of that order was insufficient basis for non-compliance with order, because obligation to obey order is not excused by filing motion for reconsideration. (Criminal case in which the briefs were written for a fellow prisoner.)**

*Papadapoulos v. Johns*, **2010 WL 5056216 (E.D.N.C. 2010): prisoner rights case in which prisoner challenged length of his sentence based on BOP refusing to credit him for time served in federal custody, claiming he was serving a state sentence; discussing prudential exhaustion of administrative remedies, and finding prisoner  had exhausted his administrative remedies. (Prisoner rights case in which briefs were written for a fellow prisoner.)**

***Palmerin v. City of Riverside*, **794 F.2d 1409 (9th Cir. 1986):  where substance of evidentiary objection has been fully explored on hearing on motion** *in limine*, **objection need not be raised again during trial at time of introduction of evidence in order to preserve objection on appeal; a guilty plea to obstruction of justice is admissible against a**

**plaintiff in a civil rights action against police defendants when the guilty plea and the civil rights action arose from the same factual circumstances:  it is relevant to the issue of level of appropriate force used.  (Excessive force case.)**

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, **2021 WL 6103522 (C.D.Cal. 2021): denying TRO application to prohibit L.A. City officials from enforcing anti-camping ordinance, which prohibited parking over-size vehicles on city streets from 2:00 a.m. to 6:00 a.m., on ground it targeted homeless people who resided in campers and RVs. LAMC §80.69.4. Because the City placed a moratorium on the ordinance. (Homeless peoples' case.)**

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, **2021 WL 6103517 (C.D.Cal. 2021): denying TRO application to prohibit L.A. City officials from enforcing anti-camping ordinance, which prohibited parking over-size vehicles on city streets from 2:00 a.m. to 6:00 a.m., on ground it targeted homeless people who resided in campers and RVs. LAMC §80.69. Because plaintiffs failed to make an adequate showing of irreparable harm required for a TRO, because no oversize vehicle actually was towed and impounded, and because City placed a moratorium on the ordinance, the TRO application was denied. (Homeless peoples' case.)**

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, **2021 WL 6103518 (C.D.Cal. 2021): denying preliminary injunction application to prohibit L.A. City officials from enforcing anti-camping ordinance, which prohibited parking over-size vehicles on city streets from 2:00 a.m. to 6:00 a.m., on ground it targeted homeless people who resided in campers and RVs. LAMC §80.69. Because the City placed a moratorium on the ordinance the matter was moot. (Homeless peoples' case.)**

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, **2021 WL 6751982 (C.D.Cal. 2021): denying motion to impose sanctions on defense counsel for filing an allegedly frivolous motion to strike the second amended complaint. (Homeless peoples' case.)**

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, 2021 WL 6103522 (C.D.Cal. 2021): denying  motion to disqualify defense counsel on ground that same counsel could not represent both municipal defendants and individual police officers, under *Dunton v. County of Suffolk*, on ground that adverse party had no standing to make such a motion. (Reconsidered and reversed. *See*  next entry.) (Homeless peoples' case.)

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, 2021 WL 6103522 (C.D.Cal. 2021): reversing denial of  motion to disqualify defense counsel on ground that same counsel could not represent both municipal defendants and individual police officers, under *Dunton v. County of Suffolk*, on ground that adverse party had no standing to make such a motion, and holding that because court had supervisory authority over counsel, standing not required. (Reconsidered and reversed immediately prior case.) (Homeless peoples' case.)

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, 2021 WL 792302 (C.D.Cal. 2021): denying emergency TRO application after defendants, in the face of the moratorium, towed and impounded her RV, denied on ground of exception to moratorium that allowed towing of unoccupied vehicles or vehicles that posed a traffic hazard. (Homeless peoples' case.)

*People of the City of Los Angeles Who Are Un-Housed v. Garcetti*, 2021 WL 6103522 (C.D.Cal. 2021): denying second motion to disqualify defense counsel on ground that same counsel could not represent both municipal defendants and individual police officers, under *Dunton v. County of Suffolk*, on ground that adverse party had no standing to make such a motion; denied based on ground that alleged conflict was not "directly adverse" and not "so severe that it obstructs the orderly administration of justice." *See*  next entry.) (Homeless peoples' case.)

*People of Los Angeles Cnty. Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability to Pay Bail v. Villanueva*, 2022 WL 2189647 (C.D.Cal. 2022): denying preliminary injunction to release prisoners who cannot afford to pay cash bail; holding that there is standing and setting forth standard that

as a general rule, in an injunctive relief case, only one plaintiff needs to have standing. (Injunctive relief and standing case.)

*People v. Ruggles*, 39 Cal. 3d 1, 216 Cal. Rptr. 88 (1985): landmark California Supreme Court case in which it was held that although warrantless search of automobile was legal, a warrantless search of a briefcase and a tote bag found in the car's trunk was unlawful; and because it is not possible to assess impact of erroneous ruling on suppression motion upon the decision to plead guilty, harmless error rule is inapplicable on appeals of suppression motions and conviction is reversed.  (Search case.)

*People of City of Los Angeles (Finley) v. Garcetti*, 2021 WL 6103522 (C.D.Cal. 2021): denying TRO against City anti-camping (anti-homeless) ordinance that prohibited parking oversize vehicles on City streets between hours of 2:00 a.m. and 6:00 a.m. (Homeless case.)

*People of City of Los Angeles (Finley) v. Garcetti*, 2021 WL 6103517 (C.D.Cal. 2021): denying TRO against City anti-camping (anti-homeless) ordinance that prohibited parking oversize vehicles on City streets between hours of 2:00 a.m. and 6:00 a.m. (Homeless case.)

*People of City of Los Angeles (Finley) v. Garcetti*, 2021 WL 6103518 (C.D.Cal. 2021): denying preliminary injunction against City anti-camping (anti-homeless) ordinance that prohibited parking oversize vehicles on City streets between hours of 2:00 a.m. and 6:00 a.m. (Homeless case.)

*People of City of Los Angeles (Finley) v. Garcetti*, 2021 WL 6103520 (C.D.Cal. 2021): denying TRO injunction against City anti-camping (anti-homeless) ordinance that prohibited parking oversize vehicles on City streets between hours of 2:00 a.m. and 6:00 a.m. (Homeless case.)

*People of City of Los Angeles (Finley) v. Garcetti*, 2021 WL 6751982 (C.D.Cal. 2021): denying plaintiffs' motion for sanctions against City Attorney, on ground that the "[m]ere recklessness [of the City Attorney] is insufficient [ground to impose sanctions." (Homeless case.)

*People of City of Los Angeles (Finley) v. Garcetti*, 2021 WL 6751983 (C.D.Cal. 2021): denying plaintiffs' motion to recuse defense counsel, based on conflict of interests, in that representation of both police and *Monell* defendants presented an irreconcilable conflict, since if police did not follow policy they would be liable, but if police did follow policy the *Monell* defendants would be liable. (Homeless case.)

*People of Los Angeles County Who Are Being Penally Confined In Pre-Trial Detention Because of and Dependent Upon Their Inability to Pay Cash Bail v. Villanueva (Munoz)*, 2022 WL 2189647 (C.D.Cal. 2022): refusing to adjudge defense counsel in contempt for making false factual representation, absent bad faith and holding that "Defendant's counsel should exercise diligence in ensuring that factual representations to the Court are accurate in the future, especially where documentation exists to corroborate a fact." (Contempt case.)

*People of Los Angeles County Who Are Being Penally Confined In Pre-Trial Detention Because of and Dependent Upon Their Inability to Pay Cash Bail v. Villanueva (Munoz)*, 2022 WL 2189647 (C.D.Cal. 2022): denying plaintiffs' motion for preliminary injunction. (Excessive bail case.)

*People of Los Angeles County Who Are Being Penally Confined In Pre-Trial Detention Because of and Dependent Upon Their Inability to Pay Cash Bail v. Villanueva (Aguirre)*, 2022 WL 2189647 (C.D.Cal. 2022): dismissing action for failure to exhaust administrative remedies. (Excessive bail case.)

*People v. Souter*, first case in which Los Angeles County District Attorney's universal subpoena form held to be illegal and unenforceable. (Defense of compelled witnesses.)

*Peraza v. Delameter*, 722 F.2d 1455 (9th Cir. 1984): in Section 1983 action, evidence of prior bad acts is admissible to go to issue of damages when a plaintiff claims emotional distress from encounter with police. (Excessive force case.)

*Pittman v. Smith*, 210 F.3d 384 (9th Cir. 2000): in a case in which plaintiff veteran's administration chief of police claimed he was

stopped and detained by Riverside County deputy sheriffs only because he was a black man, court ruled *Terry* stop jury instruction was adequate, notwithstanding it did not inform jury that plaintiff needed to have engaged in actual conduct, beyond just sitting in his car, in order for there to have been reasonable suspicion required to stop plaintiff. (Illegal arrest case.)

*Postma v. Waters*, 934 F.2d 324 (9th Cir. 1991) (table): off-duty Los Angeles County undercover narcotics deputies could not be said to have been acting under color of state law when they allegedly took an intoxicated woman from a bar, raped her, mutilated her body, and then murdered her. (Death case.)

*Postma v. Waters*, 978 F.2d 1266 (9th Cir. 1992) (table) (same as above case): evidence was sufficient to warrant denial of summary judgment to off-duty Los Angeles County deputy sheriff, who allegedly took intoxicated female from bar, had sex with her, murdered her, and then mutilated her dead body; grant of summary judgment reversed; district court's refusal to award sanctions upheld because case was not frivolous. Case remanded for trial. (Death case.)

*Prien v. Trask*, 128 Fed. Appx. 616 (9th Cir. 2005)(table): holding that *Heck v. Humphrey* accrual bar applies in case in which first charge is dismissed but a second charge is filed and results in a conviction. (Malicious prosecution case.)

*Prien v. Trask*, 2005 WL 900188 (9th Cir. 2005): applying *Heck v. Humphrey*-accrual bar to section 1983 action in circumstance in which section 1983 action was based on prior, dismissed criminal case but not on case in which conviction was gotten. (Malicious prosecution, false evidence case.)

*Quach v. Cross*, 2004 WL 2860345 (C.D. Cal. 2004): dismissing civil RICO, police misconduct action, and setting for pleading rules for civil RICO. (Civil RICO action.)

*Quach v. Cross*, 2004 WL 2860346(C.D. Cal. 2004): dismissing civil RICO, police misconduct action, and setting for pleading rules for civil RICO. (Civil RICO action.)

*Quach v. Cross*, 2004 WL 2862285 (C.D. Cal. 2004): granting relief from default after case was up on appeal and ignoring rule that there is no district court jurisdiction when there is a final judgment and a case is up on appeal, and then dismissing same civil RICO claims as in prior two cases, police misconduct action, and setting for pleading rules for civil RICO. (Civil RICO action.)

*Quach v. Cross*, 252 Fed.Appx. 775 (9th Cir. 2007): RICO pleading case stands for propositions that (1) at least two predicate RICO acts must be pled with particularity, and (2) must plead relationship between act directed toward plaintiff and a threat of continuing activity. (RICO case.)

*Quintana v. Gates*, 2001 WL 755409 (C.D. Cal. 2001): reversing prior order, and now affirming right to sue city council members for indemnification in bad faith of punitive damages. (Rampart scandal, false arrest and charges case.)

*Quintana v. Gates*, 2001 WL 1403047 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)

*Quintana v. Gates*, 2004 WL 1661540 (C.D. Cal. 2004): dismissing section 1983 action based on *Heck v. Humphrey*. (Rampart scandal case, false charges case.)

*Quintana v. Baca*, 232 F.R. D. 631 (C.D. Cal. 2005): order refusing to impose Rule 11 or section 1927 sanctions on defense counsel for pleading 30 baseless, affirmative defenses because they were pled for the purpose of extreme caution. (Jail conditions case.)

*Quintana v. Baca*, 233 F.R. D. 562 (C.D. Cal. 2005): order striking numerous (30), baseless affirmative. (Jail conditions case.)

***Raphael v. Hertzberg*, 470 F. Supp. 984 (C.D. Cal. 1979), 636 F.2d 1227 (9th Cir. 1980) (appeal dismissed without opinion)(table), first case to hold that dual national not entitled to alienage diversity jurisdiction in federal court.

*Real Property Located in Venice Ca.,* 2013 WL 5421683 (C.D. Cal. 2013): on motion to intervene both as-of-right and permissively, court held that under Supplemental Rule G(5)(a)(1) filing claim and answer were conditions precedent to moving to intervene. (Civil forfeiture action).

*Real Property Located in Venice Ca.,* 2013 WL 5943222 (C.D. Cal. 2013): on motion to intervene both as-of-right and permissively, court held discussed principles of intervention and granted permissive intervention. (Civil forfeiture action).

*Real Property Located in Venice Ca.,* 2013 WL 6485185 (C.D. Cal. 2013): on motions to strike claims in civil forfeiture action, court held that only government could move to strike claims but claimants lacked statutory standing to move against one another to strike claims. (Civil forfeiture action).

*Rippey v. Dopp*, 2001 WL 1153479 (9th Cir. 2001)(table): affirming defense verdict in police pursuit, shooting death case.

*Rivas v. Gates*, 2001 WL 755417 (C.D. Cal. 2001): reversing prior order, and now affirming right to sue city council members for indemnification in bad faith of punitive damages. (Rampart scandal, false arrest and charges case.)

*Rivas v. Gates*, 2001 WL 1408245 (C.D. Cal. 2001): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)

*Rocha v. Baca*, 2000 WL 1909474 (C.D. Cal. 2000): county supervisor defendants may be held liable for rubber-stamping indemnifications of punitive damages awarded against police, California sheriffs are county, and not state, officials for section 1983 purposes, and local court rule requiring meeting of counsel before filing of motion does not

**require providing opposing counsel with legal authority in support of proposed movants position. (Jail, excessive force case.)**

***Rocha v. Baca*, 36 Fed. Appx. 260 (9th Cir. 2002): affirming summarily denial of motion to dismiss that held county supervisor defendants may be held liable for rubber-stamping indemnifications of punitive damages awarded against police, California sheriffs are county, and not state, officials for section 1983 purposes, *cert. denied sub nom. Burke v. Rocha*, 537 U.S. 973 (2002). (Jail, excessive force case.)**

***Rodriguez v. Gates*, 2001 WL 755408 (C.D. Cal. 2001): reversing prior order, and now affirming right to sue city council members for indemnification in bad faith of punitive damages. (Rampart scandal, false arrest and charges case.)**

***Rodriguez v. Gates*, 2001 WL 1472563 (C.D. Cal. 2001): ): pleading case setting forth rules of joinder under Rule 19, F.R. Civ. P. (Rampart scandal case, false charges case.)**

***Rodriguez v. Gates*, 2002 WL 1162675 (C.D. Cal. 2002): denying Rampart plaintiff's motion for class certification. (Rampart scandal, false charges case.)**

***Romberg v. Nichols*, 855 F.2d 862 (9th Cir. 1988) (table), reversing award of attorneys' fees to plaintiffs as being too low. (Illegal search case.)**

****Romberg v. Nichols*, 953 F.2d 1152 (9th Cir.) *cert. denied*, 516 U.S. 943 (1995): nominal damages supports attorneys' fees award in civil rights case; prevailing plaintiff in civil rights case entitled to compensation for delay in payment. *Nichols v. Romberg*, 506 U.S. 811, 506 U.S. 1075 (1993), *cert. granted, judgment rev'd, and remanded for reconsideration; cert. denied,* 516 U.S. 943 (1995). (Illegal search case.)**

****Romberg v. Nichols*, 48 F.3d 453 (9th Cir. 1995): nominal damages in civil rights case does *not* support award of attorneys' fees (reversing 953 F.2d 1152, above). Subsequently reversed, *sub silentio*, by *St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1062-64 (9th Cir. 2009)(nominal damages is not a "special**

circumstance" under any authority based on which attorneys' fees may be denied).

*Rosenfeld v. Talamantes*, 2022 WL 2903144 (C.D.Cal. 2022): granting motion to dismiss deliberate indifference/jail death action, on ground plaintiffs failed to plead with sufficient particularity. (Jail death case.)

*Rosenfeld v. Talamantes*, 2022 WL 16557652 (C.D.Cal. 2022): granting discovery motion to compel responses to requests for admissions, after making a reasonable inquiry to obtain information known to be readily available, including other police officers' information and other sources of information readily under the police chief's control.; contending that plaintiff should take depositions to get the information has no merit. (Jail death case.)

*Rosenfeld v. Talamantes*, 2022 WL 16846736 (C.D.Cal. 2022): granting discovery motion to compel responses to request for production for police complaints and discipline having to do with subject matter similar to the subject matter of the conduct alleged in the complaint, including dishonesty and/or conduct allegedly involving failure to respond properly to the medical needs of a police detainee; finding that defense failed to meet its burden to make an adequate showing of "good cause" for maintaining the confidentiality of videos of the subject incident, requiring a threshold showing that "specific prejudice or harm will result" from disclosure; finding that such showings must be supported by admissible evidence, not including a conclusory, generalized, attorney declaration, showing the attorney's competence to render any opinion regarding alleged danger of publicly disclosing video information. (Jail death, deliberate indifference to medical needs case.)

*Rosenfeld v. Talamantes*, 2022 WL 16944021 (C.D.Cal. 2022): party may not fail to appear at noticed deposition without first obtaining a protective order, regardless of whether objections are served and regardless of whether deponent's counsel believes that scheduling counsel was unreasonable not to grant continuance of deposition date; by doing so objections are waived. (Jail death, deliberate indifference and discovery case.)

*Rosenfeld v. Talamantes*, 2022 WL 17403162 (C.D.Cal. 2022): granting filing of fourth amended complaint, because it "satisfies Rule 15(a)'s liberal standard" even though "the slow progress of the pleadings in this case may be frustrating to the defense, the Court has no evidence that the proposed amendment is in bad faith, futile, or would cause undue delay," and modifying scheduling order governing last date on which to amend pleadings, since plaintiffs' counsel was diligent. (Jail death case.)

*Rosenfeld v. Talamantes*, 2022 WL 17400906 (C.D.Cal. 2022): granting discovery motion, and holding that "the fact, if it is a fact, that Burbank Police Chief Michael Albanese ('Defendant') does not have personal knowledge of all of the information sought [in interrogatories] does not adequately support a refusal to answer the interrogatories . . . . 'Rule 33 imposes a duty on the responding party to secure all information <u>available</u> to it[,] . . . [responding parties are] required to respond to those questions using all reasonably available information within their possession, custody or control, including records maintained[, and] . . . [an] individual party may not limit interrogatory answers to the individual's own knowledge to the exclusion of information under the individual's control[.] . . . [A]n individual who has under his control the means to supply straightforward answers to interrogatories [must do so,] . . . [and] a response to an interrogatory may not properly incorporate by reference the contents of documents [without having properly invoked Rule 33(d)]."

*Rosenfeld v. Talamantes*, 2023 WL 118622 (C.D.Cal. 2023): "while plaintiffs use some purposefully inflammatory language ['depraved indifference to serious medical needs, criminally negligent homicide/involuntary manslaughter'] that is largely unnecessary, the Court finds that it is not so unduly impertinent or scandalous as to warrant striking the allegations[,]" denying motion to strike. (Pleading case.)

*Rosenfeld v. Talamantes*, 2023 WL 240686 (C.D.Cal. 2023): order to show cause issued to defense counsel, based on her submission to the

court of a proposed order on a stipulation to dismiss some defendants to which she added the words "with prejudice," when those words did not appear in the stipulation the plaintiffs' counsel had signed. (Attorney misconduct matter.)

*Salinas v. Cooke*, 103 F.3d 140 (9th Cir. 1996)(table):  when there is a conflict in evidence as to whether or not hog-tying a suspect and then placing him face down constitutes excessive force, then police are entitled to qualified immunity.  (Excessive force case.)

*Saman v. Robbins*, 173 F.3d 1150 (9th Cir. 1999):  reversal of excessive force verdict in favor of completely innocent, bystander Jordanian national, who was kicked in chest by police officer who arrived at the scene of a police/citizen shooting, and who came upon plaintiff running from scene of shooting.  Court gave as justification for reversing judgment in plaintiff's favor that plaintiff, after having gotten to ground on police command, suddenly began to get up.  Plaintiff could not speak English.  (Excessive force case.)

*Sanchez v. Canales*, 574 F.3d 1169 (9th Cir. 2009): court lack interlocutory, qualified immunity jurisdiction to review legality of search and ruled that police were entitled to qualified immunity for conduct in detaining third-party plaintiffs during probation search because right to detain was categorical, assuming search was legal. (Fourth Amendment, probation sweep search.)

\**Santos v. Gates*, 287 F.3d 846 (9th Cir. 2002): directed verdict improper where circumstantial evidence and inferences create issue of fact for jury. (Excessive force case.)

*Schwarz v. Meinberg*, 2010 WL 4672134 (C.D. Cal. 2010): dismissal of Section 2241  habeas corpus petition in which prisoner alleged (1) he was discriminated against based on his national origin (Canadian) by BOP refusing placement to a minimum-security prison camp (instead of to a prison) to foreigners and (2) alleged unsanitary conditions (backed-up toilets) at Los Angeles Metropolitan Detention Center, in which court dismissed for failure to exhaust administrative remedies, based on failure to exhaust, and discussing futility of failure to

**exhaust. (Prisoner rights case in which briefs were written for fellow prisoner.)**

*Schwarz v. Meinberg,* **2013 WL 542859 (C.D. Cal. 2013): court (Gary Allen Feess) recused himself from hearing motion to disqualify Judge Manuel Real, due to Feess' "close personal relationship with Real;" setting forth standards for recusal under 28 U.S.C. §§ 144 and 455(a). (*Bivens* action.)**

*Schwarz v. Meinberg,* **2013 WL 1235682 (C.D. Cal. 2013): court (Fernando Olguin) ordered recused udge Manuel Real pursuant to 28 U.S.C. §§ 144 and 455(a), holding that "the long, contentious history between plaintiff [Stephen Yagman] and Judge Real coupled with Judge Real's testimony before the House Subcommittee [who was considering Judge Real's impeachment]" warranted Real's disqualification because "a reasonable person with knowledge of all the facts could conclude that Judge Real's impartiality might reasonably be question [under 28 U.S.C. § 455(a). (*Bivens* action.)**

*Seelig v. Parks*, **2002 WL 981612 (C.D. Cal. 2002): denying summary judgment, based on ground that defendants had not established stop of plaintiff was a *Terry* stop because its duration may have been unduly long; and reports made by law enforcement personnel, to the extent they are based on the reporters personal knowledge may be admissible in evidence. (False stop and arrest case.)**

*Seelig v. Gates*, **2004 WL 727168 (C.D. Cal. 2004): ruling on post-trial motion for judgment as matter of law, holding defense counsel's "Golden Rule" closing argument improper and that defense counsel's invitation to jury to put itself in defendants' shoes improper; reproving defense counsel for improper comments during closing argument.**

*Segal v. Fifteen Unknown Named Los Angeles County Deputy Sheriffs*, **first case in Central District of California in which local rule which prohibited naming fictitiously-named defendants was held to be void in federal question actions. (Excessive force case.)**

84

*Settles v. City of Signal Hill*, **732 F.2d 164 (9th Cir. 1984) (table):
reversing finding that plaintiff who prevailed in civil rights action by
way of voluntary dismissal was prevailing party for purposes of 42
U.S.C. 1988.  (Defense of police in death case.)**

***Shaw v. Hahn*, 56 F.3d 1128 (9th Cir.),** *cert. denied*, **516 U.S. 964
(1995):  holding that petit juror who claimed her right to equal
protection was violated by race-based use of peremptory challenge
against her was collaterally estopped from pursuing her claim because
party at trial who objected to the use of the peremptory challenge on**
*Baston* **grounds had fully and fairly litigated her claim and was her
virtual representative.**

*Sherman v. Byrd*, **83 F.3d 428 (9th Cir.  1996)(table):  district court's
grant of judgment as a matter of law on issue of reasonableness of
manner of detention and arrest was erroneous.  Female plaintiff's
being left handcuffed, clothed with only nightgown, whose straps were
down, and whose breasts were exposed to her young son and to others
who were detained en masse presented issue of fact for  jury to
determine reasonableness of detention.  (Raid, search, arrest case.)**

*Shuker v. Block*, **872 F.2d 430 (9th Cir. 1989) (table):  reversing
directed verdict in favor of defendants.  (Excessive force, jail beating
case.)**

*Shuker v. Block*, **990 F.2d 1260 (9th Cir. 1993) (table):  (same as prior
case) after remand on prior appeal tried to jury, and hung jury; third
trial resulted in verdict of $35,000 compensatory damages and $65,000
punitive damages, plus award of $117,000 attorneys' fees, with
punitive damages halved on remittitur.  Both sides appealed, and
judgment, as remitted, plus attorneys' fees upheld by appeals court.
(Excessive force, jail beating case.)**

*Singletary v. Gates*, **131 F.3d 148 (9th Cir. 1997)(table):  upholding
grant of summary judgment in illegal stop/arrest case, and finding
legal cause for stop/arrest as a matter of law.  (Illegal stop/arrest case.)**

*Slade v. Gates*, **2002 WL 31357043 (C.D. Cal. 2002): granting and denying motion to dismiss of police, setting forth pleading standards for Section 1983, conspiracy, and RICO. (False arrest, fabricated charges case.)**

*Slade v. Gates*, **2002 WL 31309810 (C.D. Cal. 2002): granting and denying motion to dismiss of prosecutor and holding no absolute, prosecutorial immunity for action taken by prosecutor prior to filing of criminal charges, setting forth pleading standards for Section 1983, conspiracy, and RICO. (False arrest, fabricated charges case.)**

*Slade v. Gates*, **2002 WL 31387263 (C.D. Cal. 2002): granting and denying motion to dismiss of police chief, setting forth pleading standards for Section 1983, conspiracy, and RICO. (False arrest, fabricated charges case.)**

*Slade v. Gates*, **2003 WL 21149840 (C.D. Cal. 2003): granting and denying motion to dismiss of police chief, setting forth pleading standards for Section 1983, conspiracy, and RICO; and, on RICO standing, reversing prior holding that loss or impairment of employment opportunities was not an injury to business or property under RICO. (False arrest, fabricated charges case.)**

*Slade v. Gates*, **2003 WL 21149789 (C.D. Cal. 2003): granting and denying motion to dismiss of prosecuting attorney, setting forth pleading standards for Section 1983, conspiracy, and RICO; RICO standing, reversing prior holding that loss or impairment of employment opportunities was not an injury to business or property under RICO; and, holding prosecutor could not be sued in official capacity, because of Eleventh Amendment immunity, since in official capacity prosecutor is state actor, but prosecutor could be sued in individual capacity. (False arrest, fabricated charges case.)**

*Slade v. Gates:* **2003 WL 21920285 (C.D. Cal. 2003): discovery order requiring Los Angeles District Attorney to make production and be deposed on oral examination, disallowing work product rule objection to production, and requiring District Attorney to produce ten years' of records concerning all investigations into potential crimes and crimes**

by LAPD officers. (RICO discovery issue in false arrest, fabricated charges case.)

*Slade v. Gates*, 2004 WL 316496 (C.D. Cal. 2004): upholding requirement of compliance with service requirements of F.R. Civ. P. Rule 5(b)(2)(B) and Local Rule 5-3.1 on proofs of service. (False charges case against BATF agent; proof of service case.)

*Slade v. Gates*, 2004 WL 2745657 (C.D. Cal. 2004): setting forth summary judgment standards, denying summary judgment on both section 1983 and civil RICO claims, but granting summary judgment insofar as civil RICO claim was based on loss of employment or employment opportunities. (Section 1983, civil RICO case.)

*Slade v. Gates*, 2004 WL 2744815 (C.D. Cal. 2004): reinstating civil RICO claim based loss of employment and employment opportunities (to extent it was dismissed in immediately preceding disposition), because of Ninth Circuit withdrawal, on granting petition for rehearing *en banc*, of opinion in *Diaz v. Gates,* 380 F.3d 480 (9th Cir. 2004), *supra*, based on which this court previously had dismissed loss of employment-based civil RICO claim. (Civil RICO case.)

*Slade v. Baca*, 70 Fed.Appx. 446 (9th Cir. 2003): reversing dismissal of prisoner abuse case, and holding that use of phrase "I *believe*" in declaration in opposition to summary judgment motion constitutes admissible evidence on personal knowledge, and does not constitute knowledge on information and belief. (Prisoner on prisoner abuse case.)

*Smith v. City of Los Angeles*, 96 F.3d 1451 (9th Cir. 1996)(table): officers who admittedly caused police dog to attack suspect trapped in bedroom are not entitled to judgment as a matter of law after trial (in which jury hung 8-3 in plaintiff's favor) on basis that law was not clearly established that use of police dog in such circumstances was not clearly established in 1990, because such law was clearly established at least as of 1988. (Excessive force, canine case.)

*Smith v. Gates*, 2002 WL 226736 (C.D. Cal. 2002): denying former Los Angeles police commissioners' (one of whom had become a Ninth Circuit Judge – Raymond Fisher) motion for summary judgment in LAPD death squad case, and holding that they could be held liable in their individual, but not official, capacities, setting forth standards for supervisorial liability, and rejecting defense contention that fact commissioners could act only by majority vote provided basis for them not to be held liable for failure to act individually.

*Standing Committee on Discipline v. Yagman*, 856 F. Supp. 1384 (C.D. Cal. 1994) (co-counsel with Ramsey Clark and Lawrence W. Schilling): district court suspended Stephen Yagman from practice in Central District of California for two years for publishing harshly negative criticism of U.S. Dist. Judge William D. Keller, calling him an anti-Semite and a drunk. (Attorney discipline case.)

\**Standing Committee on Discipline v. Yagman*, 55 F.3d 1430 (9th Cir. 1995) (co-counsel with Ramsey Clark and Lawrence W. Schilling): holding that Stephen Yagman had right to freedom of expression that prevented his being disciplined for uttering harshly negative criticism of U.S. Dist. Judge William Keller, calling him an anti-Semite and a drunk, and *reversing Standing Committee on Discipline v. Yagman*, 856 F. Supp. 1384 (C.D. Cal. 1994). (Attorney discipline, First Amendment, free speech case.)

*Stone v. Beaugh (Sullivan)*, 956 F.2d 274 (9th Cir. 1992) (table): Asst. U.S. Atty's misconduct in concealing evidence of the scene (photographs) until middle of trial does not warrant reversal, and his misconduct before and during trial does not warrant the imposition of sanctions by the district court, which is reversed. (Raid, illegal search case.)

*Sukman v. Amway* (C.D. Cal. 1980): first case in Central District of California in which local rule which prohibited service of process on out-of-state defendants by mail held to be void. (Products liability case.)

*Syfu v. Cooke*, 2002 WL 453225 (C.D. Cal. 2002): denying summary judgment based on qualified immunity where facts presented by defendants were not sufficiently specific to warrant finding no genuine issues of material fact were in dispute. (Illegal detention case.)

*Syfu v. Cooke*, 2002 WL 732101 (C.D. Cal. 2002): reversing denial of client privilege and imposing $7,500 sanction as condition to undoing waiver. (Excessive force case.)

*Syfu v. Cooke*, 67 Fed. Appx. 404 (9th Cir. 2003): affirming summary judgment in deadly force case and setting forth rules under which discovery sanctions may be imposed—requiring hearing on reason for and amount of sanctions. (Excessive force case.)

*Syfu v. Cooke*, 2003 WL 21938898 (C.D. Cal. 2003): denying application to file late summary judgment motion and setting forth standards applicable to sustain application to change Rule 16, F.R. Civ. P., scheduling order. (False arrest case.)

*Syfu v. Cooke*, 2004 WL 90067 (C.D. Cal. 2004): on remand from *Syfu v. Cooke*, 2003 WL 21259933 (9th Cir. 2003), affirming discovery sanction imposed as condition of relieving defendant from privilege waiver. (False arrest case.)

*Syfu v. Cooke*, 142 Fed. Appx. 312 (9th Cir. 2005): refusing to reverse denial of attorneys' fees incurred attendant to defending sanction. (Sanction case.)

*Tapia v. Gates*, 57 F.3d 1078 (9th Cir. 1995) (table): upholds dismissal of *Monell* claim based on custom of excessive force in case in which plaintiff proved excessive force against LAPD officer who shot plaintiff, but failed to prove the off-duty officer acted under color of state law. Court held that plaintiff's *Monell* claim was both vague and not separate from the claim against the officer and that therefore trial judge did not abuse his discretion in not permitting the claim to go to a jury. (Excessive force/custom of excessive force case.)

*Thomas v. Miller*, **928 F.2d 409 (9th Cir. 1991) (table): Section 1983 claim for conspiracy may not be made unless there is an underlying violation of Section 1983; that is, there may not be a simple, non-racially-based civil rights conspiracy unless there is an actual violation of rights. (Excessive force case.)**

*Thomas v. Baca*, **2003 WL 504755 (C.D. Cal. 2003): setting forth standard that affirmative defense of failure to exhaust administrative remedies under PLRA must be raised by an unenumerated Rule 12(b) motion, may not be raised after time for a Rule 12(b) motion has passed, and may not be raised by motion for summary judgment. (Jail riot case.)**

*Thomas v. Baca*, **2005 WL 293022 (C.D. Cal. 2005): order discussing and granting motion for more definite statement.**

*Thomas v. Baca*, **2005 WL 697986 (C.D. Cal. 2005): order denying motion to dismiss and setting forth principle of PLRA that it applies only to those who are in custody at the time they file a section 1983 action.**

*Thomas v. Baca*, **2005 WL 820265 (C.D. Cal. 2005): denying class certification without prejudice and setting forth principle that when a defendant is sued in both her individual and official capacities then they are sued as two, different persons who are entitled to two, different lawyers.**

*Thomas v. Baca*, **231 F.R.D. 397 (C.D. Cal. 2005): granting damages class action status in jail floor-sleeping case and ordering identification of class members by jail. (Prison conditions class action involving forcing inmates to sleep on floors of jail.)**

*Thomas v. Baca*, **2005 WL 1030247 (C.D. Cal. 2005): granting and denying motion to dismiss and setting forth appropriate bases for holding liable supervising government officials based on customs. (Prisoner case.)**

90

*Thomas v. Baca*, 2005 WL 1895457 (C.D. Cal. 2005): "deponents although they clearly have significant governmental responsibilities, do not appear to be of sufficient rank so as to be considered the type of "apex deponents" who may avail themselves of the type of relief sought. They are not heads of governmental agencies. Thus, no extraordinary circumstances need be shown to justify their depositions [and therefore, they may be deposed]." (Over-detention, floor-sleeper, jail conditions case.)

*Thomas v. Baca*, 2005 WL 3497819 (C.D. Cal. 2005): ruling setting forth criteria for class notification under F.R. Civ. P. Rule 23(c)(2)(B). (Prison conditions class action involving forcing inmates to sleep on floors of jail.)

*Thomas v. Baca*, 2006 WL 132078 (C.D. Cal. 2006): granting judgment on pleadings as to county supervisor official capacity defendants as duplicative on basis that  lack of funds may not serve as defense to claim of constitutional violation. (Prison conditions class action involving forcing inmates to sleep on floors of jail.)

*Thomas v. Baca*, 2006 WL 137363 (C.D. Cal. 2006): granting judgment on pleadings as to duplicative official capacity defendants on condition that official capacity defendant may not raise defense of lack of funding by the dismissed official capacity defendants. (Prison conditions class action involving forcing inmates to sleep on floors of jail.)

*Thomas v. Baca*, 2006 WL 1360989 (C.D. Cal. 2006): denying protective order to sheriff to prevent his being deposed, and holding that section 1983 plaintiffs may depose the official with ultimate responsibility for prisoners' safekeeping while in county jails. (Prison conditions class action involving forcing inmates to sleep on floors of jail.)

*Thomas v. Baca*, 2006 WL 1631645 (C.D. Cal. 2006): discovery order explaining requests for admissions and disguised interrogatories, and excluding from the proper form of requests for admissions requests that "cannot be easily answered without lengthy explanation, and

**because the Requests address complex factual issues)". (Prison conditions class action involving forcing inmates to sleep on floors of jail.)**

***Thomas v. Baca*, 2007 WL 738545 (C.D. Cal. 2007): discussing standards for section 1927 and inherent powers sanctions and sanctioning plaintiffs' counsel for suggesting in a civil RICO complaint footnote that defense counsel might be part of the alleged RICO conspiracy. (Obstruction of justice RICO action.)**

***\*Thomas v. Baca*, 514 F.Supp. 2d 1201 (C.D. Cal. 2007), *cert. denied*, 555 U.S. 1099 (2009): granting summary adjudication of issue of the unconstitutionality of forcing jail inmates to sleep on floors without bunks, under both Fourteenth and Eighth Amendments, and of liability in 500,000-member class action against the Los Angeles County jail system. (Prisoner case.)**

***Thompson v. City of Los Angeles*, 804 F.2d 146 (9th Cir. 1986) (table): equitable tolling is inapplicable to stop the running of the statute of limitations when police defendants had been named fictitiously in first action and had no notice it had been filed.  (Excessive force case.)**

***Thorsted v. Kelly*, 858 F.2d 571 (9th Cir. 1988):  the issue of qualified immunity in Section 1983 cases is a fact-specific one which must be decided by a jury if the court first finds that the law with respect to the constitutional rights allegedly violated was clearly established at the time of the alleged violation.  (Request for rehearing with suggestion for rehearing *en banc* denied.)  (Plaintiff's position accepted by U.S. Supreme Court in *Hunter v. Bryant*, 112 S.Ct. 534 [1991], and by Ninth Circuit in *Act-Up! Portland v. Bagley*, 971 F.2d 298 [9th Cir. 1992].) (Excessive force case.)**

***Tomer v. Gates*, 811 F.2d 1240 (9th Cir. 1987):  availability of qualified immunity defense in Section 1983 action is question of law, is immediately appealable collateral order, and defense may be asserted even when law is clearly established if defendant mistakenly believes what he or she did was lawful.  (Subsequently tried with defense of immunity, and verdict against defendant for $5,000 compensatory**

damages and $50,000 punitive damages.)  (Set-up of police officer/sting operation case.)

*Torres v. Bonilla*, 103 F.3d 141 (9th Cir.  1996)(table): police may be held liable legally under Section 1983, based on the Fourteenth Amendment, for injuries sustained by third parties as the result of a police pursuit.  (Vehicular pursuit case.)

*Torres v. Bonilla*,  185 F.3d 869 (9th Cir. 1999)(table):  (same as immediately preceding case): reversing denial of summary judgment to defendants, on ground that conduct did not rise to the new, "shocks the conscience" level.  (Vehicular pursuit case.)

**\*Trevino v. Gates**, 798 F. Supp. 621 (C.D. Cal. 1992)(*Trevino I*):  court denied legislative immunity to Los Angeles City Council members who were sued for voting to indemnify LAPD officers for punitive damages assessed against them in *Gomez v. Gates*, above, for killing three unarmed men.  Held that mere fact of voting for issue does not render issue legislative in nature, and that vote to pay money is administrative, and not legislative, in nature.   (Excessive force case.)(Death squad case.)

**\*Trevino v. Gates**, 23 F.3d 1480 (9th Cir.)(*Trevino II*), *cert. denied sub nom. Wachs v. Trevino*, 512 U.S. 1281 (1994):  members of Los Angeles City council are not entitled to affirmative defense of absolute (legislative) immunity in civil rights action, when they are sued for their decision (vote) to pay punitive damages awarded against police in prior civil rights action.  *See Gomez v. Gates*, 804 F. Supp. 69 (C.D. Cal. 1992), *supra*, the underlying case, and *Trevino v. Gates*, 798 F. Supp. 621 (C.D. Cal. 1992), *supra*, which this case affirms.  (Excessive force and immunity case.)(Death squad case.)

**\*Trevino v. Gates**, 888 F. Supp. 1509 (C.D. Cal. 1995) (*Trevino III*): holding that proper market from which to select plaintiff's attorney's Section 1988 hourly rate was market of defense counsel to whom municipal entity contracted outside defense of Section 1983 actions. (Fees case; overturned by *Trevino IV*, *infra*.) (Death squad case.)

*Trevino v. Gates*, 99 F.3d 911 (9th Cir.1996)(*Trevino IV*)(overturning *Trevino III*, *supra*, on fees issue), *cert. denied,* 520 U.S. 1117 (1997)(on issue No. [2], *infra*), *cert. denied sub nom. Gates v. Trevino*, 520 U.S. 1117 (1997)(on issue No. [3], *infra*):   (1) good faith government indemnification of punitive damages is not actionable under Section 1983; (2) bad faith, rubber-stamping, of indemnifications of punitive damages by government officials is actionable under Section 1983)(dictum); (3) selection of hourly fee rates under 42 U.S.C. 1988 may not be based on defense market rate or on rate for outside contract counsel retained by governmental entities, because such rates are irrelevant, and must be based on comparable private bar hourly rates for complex federal civil litigation. (*See also, Cornwell v. City of Riverside*, 896 F.2d 398 [9th Cir. 1990], on issues (1) and (2) *supra*.)(Excessive force case.)(Death squad case; attorneys' fees case.)

*Trevino v. Gates*, 145 F.3d 1341 (9th Cir. 1998)(table)(appeal after remand):   upholding fees award on remand from 99 F.3d 911. (Excessive force, attorneys' fees case).

*Turrett v. Jetblue Airways*, 2003 WL 22843134 (C.D. Cal. 2003): setting forth standards for class certification. (Invasion of privacy case.)

*Turrett v. Jetblue Airways*, 2003 WL 23171693 (C.D. Cal. 2003): setting forth standards for denial of stay, and denying stay, in action before multi-district litigation (MDL) panel for decision on motion to transfer to other district. (Invasion of privacy case.)

*United States v. City of Los Angeles* (consent decree case), 2002 WL 314976 (C.D. Cal. 2002): appointing Stephen Yagman as *amicus curiae* in LAPD consent decree case.

*\*United States v. City of Los Angeles (consent decree case)*, 2002 WL 31288087 (C.D. Cal. 2002): granting permissive intervention to Stephen Yagman in LAPD consent decree case.

*United States ex rel. Yagman v. Mitchell*, 711 Fed.Appx. 422 (9th Cir. 2018): false claims act, *qui tam*, action against CIA psychologists, based on their designing and implementing a torture program carried

94

out by them and other CIA personnel at "black sites" outside the United States. (False Claims Act action.)

*Valles v. City of Glendale*, 894 F.2d 410 (9th Cir. 1990) (table): upholding plaintiff's verdict and award of attorneys' fees to plaintiff. (Excessive force case.)

**\*Vanke v. Block**, No. 98-4111-DDP (C.D. Cal. 11-07-98):  first case to certify all 22,000 Los Angeles County jail inmates as a class, and in which preliminary injunction was issued prohibiting county and jail officials from refusing timely to release from custody inmates who have been ordered to be released, but whom the county refuses to release before it checks for outstanding warrants and wants and holds from other agencies.  *See Fowler v. Block*, 2 F. Supp. 1268 (C.D. Cal. 1998), *supra*, establishing unconstitutionality of practice of over-detaining detainees to perform wants and holds checks.

*Vanke v. Block*, 2002 WL 1836305 (C.D. Cal. 2002): ruling on section 1988 fees motion awarding Stephen Yagman fees for work done in 1998-2002 at rate of $400 per hour. (Over-detention; fees case).

*Vanke v. Block*, 77 Fed. Appx. 948 (9th Cir. 2003), *cert. denied*, 124 S.Ct. 1418 (2004): reversing fees award on ground that though plaintiffs were prevailing parties, nevertheless, since they had not shown actual harm to them before case became moot, they were barred under the Prison Litigation Reform Act from an award of attorneys' fees. (Over-detention, injunctive relief case.)

*Waknine v. Gates*, 961 F.2d 218 (9th Cir. 1992) (table):  reversed defense jury verdict based on defense counsel's misconduct in telling jury that, if plaintiff prevailed, plaintiff could be entitled to attorneys' fees.  Followed *Brooks*, above.  (Illegal arrest and search case.)

*Walker v. Gates*, 2002 WL 1065618 (C.D. Cal. 2002): setting forth pleading and substantive standards on motion to dismiss section 1983, conspiracy, and civil RICO claims. (False arrest, search case.)

*Weston v. Gates*, 99 F.3d 1148, (9th Cir. 1996)(table):  upholding award of $126,000 in Section 1988 attorneys' fees at rate of $400 per hour for work done from 1991 to 1994, on a verdict of $4,002, which was held not to be nominal, and recognizing the important societal interests of establishing a *Monell* custom.  (Illegal arrest; *Monell* case; appealed on fees issue.)

*White v. Moore*, 2021 WL 6751865 (C.D.Cal. 2021): denying motion to disqualify defense counsel. (False arrest case.)

*White v. Moore*, 2021 WL 3127820 (C.D.Cal. 2022): granting summary judgment on issue of probable cause, and ruling that "*prima facie*" probable cause trumps "*per se*" non-probable cause. (Denial of right to counsel, cross-motion for summary judgment case.)

*White v. Seabrooks,* 2022 WL 2189637 (C.D.Cal. 2022): granting in part and denying in part defendants' motion to dismiss complaint. (False arrest case.)

*White v. Seabrooks,* 2022 WL 2189629 (C.D.Cal. 2022): denying motion for reconsideration of motion to disqualify defense counsel, based on *Dunton v. County of Suffolk* conflict of interests between representing police officer and governmental entity, and stating lack of standing of one party to disqualify other party's counsel. (Conflict case.)

*White v. Seabrooks,* 2022 WL 16729422 (C.D.Cal. 2022): court denies motion to compel plaintiff's deposition on oral examination, on ground that there would be "little or no value to Plaintiff's deposition" since "Defendants have not demonstrated any meaningful or important information that could be expected from the deposition" and that "The burden of the discovery outweighs any benefit from it"; and "The Court is reluctant to enter an Order where there is a likelihood that Plaintiff cannot or will not comply with it, triggering potential terminating sanctions." (False arrest case; discovery case.)

*Wilkins v. Sayers*, 785 F.2d 318 (9th Cir. 1986) (table), *cert. denied*, 107 S.Ct. 3261 (1987):  upholding defense verdict based on qualified immunity.  (Excessive force case.)

*Wilks v. Reyes*, **5 F.3d 412 (9th Cir. 1993):  a civil rights plaintiff need not show significant or actual damage to prevail, but to prevail need show only that his or her constitutional rights were violated.  District court order entering judgment for *defendant* after jury found liability in favor of plaintiff reversed.  (Excessive force case.)**

*Willis v. Mullins*, **2006 WL 513812 (E.D. Cal. 2006): ordering and setting forth standards for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Unconstitutional entry and search case.)**

*Willis v. Mullins*, **2006 WL 894922 (E.D. Cal. 2006): setting forth standards for determination of location of plaintiffs' depositions in section 1983 actions, and discussing rules for discovery protective orders. (Unconstitutional entry and search case; discovery issue.)**

*Willis v. Mullins*, **517 F.Supp. 2d 1206 (E.D. Cal. 2007): holding that illegal entry into motel room of person who was not on parole, and without any other legal cause, and that resulted in overturning of conviction that resulted in six years in prison, required that police and state parole officer were not entitled to any qualified immunity from suit because the entry was in violation of clearly established law and was not the result of a mistake. (Illegal entry/qualified immunity case.)**

*Willis v. Mora*, **314 Fed.Appx. 68 (9th Cir. 2009): qualified immunity denied to state parole agent who participated in alleged parole search, because genuine issues of material fact existed, affirming case immediately above. (Illegal entry/qualified immunity case.)**

*Yagman v. Allianz Ins. Co.*, **2015 WL 5553460 (C.D. Cal. 2015): dismissal appropriate when complaint lacks a cognizable legal theory or sufficient facts to support one; court need not accept conclusory, unwarranted deductions of fact, or unreasonable inferences; courts look no farther than pleadings to determine amount in controversy in diversity-based actions, unless it is apparent "to a legal certainty" that plaintiff cannot recover amount claimed; punitive damages claimed may be considered in determining amount in controversy. (Diversity based insurance bad faith action.)**

*Yagman v. Allianz Ins. Co.*, **2015 WL 5553462 (C.D. Cal. 2015): in diversity-based action, amount in controversy alleged by plaintiff controls so long as the claim is made in good faith, and to justify dismissal, it must appear to a legal certainty that the claim really is for less than the jurisdictional amount; federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the action cannot involve the necessary jurisdictional amount; when injunctive relief is sought, it is to be considered in determining the amount in controversy, and value of injunctive relief is "measured by the value of the object of the litigation; punitive damages are part of the amount in controversy in a civil action; when it cannot be determined to a legal certainty that defendants' compliance with a injunction would not exceed the jurisdictional amount, defendants' cost of compliance with injunction may be used to determine amount in controversy. (Diversity based insurance bad faith action.)**

*Yagman v. Brennan*, **2015 WL 1285359 (C.D.Cal. 2015): Freedom of Information Act (FOIA) case against CIA, seeking identities of those who inflicted torture in black prisons, under CIA auspices; dismissed on ground of lack of district court jurisdiction (and reversed). (FOIA case.)**

*Yagman v. Brennan*, **2020 WL 1024897 (C.D.Cal. 2020) (same case as above): district court denial of defendants'** *ex parte* **application to stay discovery, holding that defendants failed to attempt to meet or to meet their burden of showing irreparable harm and an emergency that was not of their making. (FOIA case)**

*Yagman v. Brennan*, **2020 WL 5356701 (C.D.Cal. 2020) (same case as above): granting defense motion to stay discovery and denying plaintiff's motion for imposition of sanctions, based on defense counsel's violation of local rules. (FOIA case)**

*Yagman v. Brennan*, **2020 WL 4341592 (C.D. Cal. 2020): dismissing FOIA case, on ground that exemptions to FOIA were applicable. (FOIA case)**

*Yagman v. Pompeo*, 868 F.3d 1075 (9th Cir. 2017) (same case as immediately above): Freedom of Information Act (FOIA) case against CIA, seeking identities of those who inflicted torture in black prisons, under CIA auspices: request denied on ground it posed a question; reversed and remanded, holding that issue did not deprive district court of subject matter jurisdiction, that it was duty of CIA to assist requester to frame a request that CIA would respond to, and greatly liberalizing FOIA.  (FOIA case)

*Yagman v. Haspel*, 769 Fed.Appx. 484 (9th Cir. 2019) (same case as immediately above): Freedom of Information Act (FOIA) case against CIA, seeking identities of those who inflicted torture in black prisons, under CIA auspices: request again denied this time on ground it was unspecific and broadened from prior request; reversed and remanded, holding that description of information sought complied with immediately prior opinion.  (FOIA case)

*Yagman v. Colello*, 2007 WL 962883 (C.D. Cal. 2007): ordering remand on equitable grounds of removed, state court fee dispute litigation. (Contracts and fee dispute case.)

*Yagman v. Colello*, 2007 WL 1223899 (C.D. Cal. 2007): setting forth standards for imposition of Rule 11, 28 U.S.C. § 1927, and inherent powers sanctions. (Contracts, fee dispute, and removal case.)

*Yagman v. Colello*, 307 Fed.Appx. 115 (9th Cir. 2009): upholding denial of attorneys' fees attendant to improvident removal of state action to federal court and upholding dismissal of malicious prosecution action filed in response to improvident removal. (Removal and malicious prosecution actions.)

*Yagman v. Galipo,* 2013 WL 1287409 (C.D. Cal. 2013): in case to recover fees pursuant to an attorney's lien, the court held that defendant clients' defaults should be set aside even though clients willfully had failed to respond to complaint.  (Fee dispute.)

*Yagman v. Galipo,* 2013 WL 6247230 (C.D. Cal. 2013): in case to recover fees pursuant to an attorney's lien, the court held that

99

defendant clients' and their attorney-defendant's motion automatically to stay the action pending the completion of arbitration would be denied, since clients' and attorney had participated significantly in defendant the action before petitioning for arbitration.  (Fee dispute.)

\*_Yagman v. Garcetti,_ **852 F.3d 859 (9th Cir. 2017): substantive due process case, in which court held that a non-permanent, temporary taking of money was not substantial enough to constitute a substantive due process violation, and setting forth controlling Ninth Circuit case on substantive due process violations.  (Due process case)**

_Yagman v. Garcetti_**, 743 Fed.Appx. 837 (9th Cir. 2018): holding that res judicata effect of immediately prior case barred present case.**

_Yagman v. Garcetti_**, 2020 WL 7079355 (C.D.Cal. 2020): granting motion to dismiss FAC, granting leave to amend, and denying motion for preliminary injunction.  (Trip and fall and violation of excessive fines clause of Eighth Amendment case.)**

_Yagman v. Johns_**, 2009 WL 6669325 (E.D.N.C. 2009): Section 2241 prisoner rights habeas case in which it was alleged BOP violated Eighth Amendment by refusing to provide appropriate hypertension medication, and in which the court held that Section 2241 habeas petitions are** _not_ **appropriate to challenge conditions of confinement. (Prisoner rights case.)**

_Yagman v. Johns_**, 328 Fed.Appx. 280 (4th Cir. 2009): Section 2241 prisoner rights habeas case in which it was alleged BOP violated Eighth Amendment by refusing to provide appropriate hypertension medication, and in which the court held that Section 2241 habeas petitions are** _not_ **appropriate to challenge conditions of confinement, affirmed on appeal. (Prisoner rights case.)**

_Yagman v. Johns_**, 397 Fed.Appx. 841 (4th Cir. 2010):** _Bivens_ **prisoner rights case in which it was alleged BOP violated Eighth Amendment by refusing to provide appropriate hypertension medication, and in which the court held that BOP refusal to provide appropriate**

hypertension medication did not rise to level of Eighth Amendment violation. (Prisoner rights case.)

*Yagman v. Kittay*, 2017 WL 6060601 (C.D.Cal. 2017): in action against bankruptcy trustee, district court granted defendant trustee's motion to dismiss, based on the so-called "*Barton* doctrine," *Barton v. Barbour*, 104 U.S. 126 (1881), which holds that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee for acts done in the officer's official capacity, interpreted in *In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005). (Action against bankruptcy trustee for his alleged violation of a district court order sealing some district court filings, by filing in the public docket the papers ordered to be sealed, without filing them under seal.)

*Yagman v. Kittay*, 2017 WL 6060603 (C.D.Cal. 2017): same case as immediately above, denying plaintiff's reconsideration motion.

*Yagman v. Kittay*, 715 Fed.Appx. 770 (9th Cir. 2018): same cases as two, immediately above, affirming dismissal of action.

*Yagman v. Le Frois*, 2006 WL 2294879 (C.D. Cal. 2006): a diversity-based, intentional infliction of emotional distress case brought by Stephen Yagman against a former alleged LAPD death squad member, for sending hate mail expressing glee in Yagman being the subject of a federal indictment, expressing the wish that while in prison Yagman meet "Bubba," and that Yagman "get a nose job," a remark the court found could be interpreted as anti-Semitic. The case then resulted in a finding that the district judge would recuse himself, both because he was an active member of the Jewish community and because the defendant might have reason to question the capacity of the judge to be impartial. (Intentional infliction of emotional distress case.)

*Yagman v. Meinberg*, 2010 WL 4672132 (C.D. Cal. 2010): setting forth how due process rights were violated by federal BOP in connection with charge of violating half-way house drug policy. (Habeas corpus.)

101

*Yagman v. Republic Ins. Co.*, **136 F.R.D. 652 (C.D. Cal. 1991) (co-counsel with Ramsey Clark and Lawrence W. Schilling):  denial of Stephen Yagman's motion to recuse Chief U.S. Dist. Judge Manuel L. Real from hearing this case, based on Real's sanctioning Yagman $250,000 in** *Brown v. Baden*, **796 F.2d 1165 (9th Cir. 1986),** *supra*. **(Recusal case.)**

*Yagman v. Republic Ins. Co.*, **137 F.R.D. 310 (C.D. Cal. 1991) (co-counsel with Ramsey Clark and Lawrence W. Schilling):  imposing sanctions on Stephen Yagman for his alleged improper conduct in this case in moving to recuse Chief U.S. Dist. Judge Manuel L. Real, as set forth in 136 F.R.D. 652,** *supra*.  **(Attorney discipline case.)**

*Yagman v. Republic Ins. Co.*, **987 F.2d 622 (9th Cir. 1993): (co-counsel with Ramsey Clark and Lawrence W. Schilling): insurance, bad faith case in which, on motion to recuse Judge Real,** *see Brown v. Baden*, *supra* **(in which he was recused), Judge Keller accused Stephen Yagman of misconduct, and sanctioned him by referral to State Bar of California with recommendation for disbarment, 137 F.R.D. 310 (C.D. Cal. 1991).  On appeal, court vacated the sanction and reversed, finding no misconduct by Stephen Yagman.**

*Yagman, In re*, **2015 WL 1298472 (2d Cir. 2015): mandamus challenge to district court ordering pro se plaintiff to register to file papers electronically, in which appeals court held that district court's order was in conflict with then-Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Southern District of New York Local Rules 5.2 and 2.2(b), and that even though ''[w]e acknowledge that the district court order [on appeal] requiring Petitioner to register for electronic service conflicts with Federal Rule of Civil Procedure 5(b)(2)(E), S.D.N.Y. Local Rule 5.2, and S.D.N.Y. Electronic Case Filing Rule 2.2(b)[,]'' nevertheless, since the mandamus petition did not ''pose a 'novel and significant question of law . . . whose resolution will aid in the administration of justice' warranting the extraordinary remedy of mandamus[,]'' mandamus would be denied.  (Procedural case; in direct conflict with** *Yagman & Yagman & Reichmann v. U.S. Dist. Ct. for the Cent. Dist. of California*, **512 F.3d 521 (9th Cir. 2007), above).**

102

*Yagman v. Whittlesey,* **2012 WL 5831169 (C.D. Cal. 2012): in action to prevent allegedly over-levy on Social Security retirement benefits by failure to honor exemption, under the U.S. Treasury Offset Program, court dismissed APA action for lack of subject matter jurisdiction and denied request for preliminary injunction. (APA action to prevent improper levy).**

*Yagman v. Whittlesey,* **2013 WL 4746752 (C.D. Cal. 2013): in action to prevent allegedly over-levy on Social Security retirement benefits by failure to honor exemption, under the U.S. Treasury Offset Program (TOP), court dismissed complaint with leave to amend to state claim under Administrative Procedure Act. (APA action to prevent improper levy).**

*Yagman v. Whittlesey,* **2013 WL 4760968 (C.D. Cal. 2013): in action to prevent allegedly over-levy on Social Security retirement benefits by failure to honor exemption, under the U.S. Treasury Offset Program (TOP), court dismissed action and held that it had subject matter jurisdiction under the Administrative Procedures Act (APA) and interpreted the offset statutory offset regulation to be proper implementation of the statute. (APA action to prevent improper levy).**

*Yagman v. Whittlesey,* **641 Fed.Appx. 683 (9th Cir. 2016): same as case immediately above, affirming district court.**

*Yagman v. Wunderlich,* **2021 WL 5707166 (C.D.Cal. 2021): dismissing excessive fine case, in which City of Beverly Hills imposed $1,000 parking violation fine for not posting disabled placard on rear view mirror, when it had fallen from rear view mirror to dashboard. (Excessive fine case.)**

*Yagman & Yagman & Reichmann v. United States Dist. Ct. for the Cent. Dist. of California,* **512 F.3d 521 (9th Cir. 2007): order finding moot mandamus petition based on respondent court's concession that subscription to its electronic filing system's condition that attorneys also consent to receive electronic service from the court and other lawyers violated Fed. R. Civ. P. Rule 5(b)(2)(D)'s plain language, and**

103

court agreeing to change system and its rules so as not to require consent to electronic service. (Rules/mandamus case.) Superseded by statute: subsequent, 2018 removal of Rule 5's exemption from electronic filing.

*Yale v. Calaway* (C.D.Cal. 1978): first case in Central District of California in which tax returns held privileged from discovery in federal court diversity actions. (Diversity, fraud case.) (See *Calaway v. State Bar of California*, 41 Cal.3d 743 (Supreme Ct. Cal. 1986), for explanation of *Yale v. Calaway* action.)

*Yent v. Baca*, 2002 WL 32810316 (C.D. Cal. 2002): setting forth standards for modification of Rule 16(b) scheduling orders and for Rule 72(a) reconsideration motions.

*Youngblood v. Gates*, 112 F.R.D. 342 (C.D. Cal. 1985): various privileges may *not* be claimed by police defendants in Section 1983 actions. (Illegal search case.)