STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Proposed Intervenors

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **L.A. ALLIANCE FOR HUMAN RIGHTS**, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF LOS ANGELES**, *et al.,* <br><br> Defendants. | ) 2:20-cv-02291-DOC(KES) <br> ) <br> ) <br> ) **PROPOSED INTERVENORS'** <br> ) **RESPONSE TO THE PARTIES** <br> ) **STATUS REPORT RE** <br> ) **SETTLEMENT NEGOTIATIONS,** <br> ) **DOC. 633** <br> ) <br> ) Sept. 18, 2023 <br> ) 10:00 a.m. <br> ) Courtroom 10C <br> ) <br> ) Judge David O. Carter <br> ) <br> ) |

Proposed intervenors oppose as strongly as they can the potential effect of the parties' Status Report Re Settlement Negotiations, Doc. 633.

After over three and one-half years of litigation, late in the evening, on Friday, Sept. 15, and long after the close of business, the parties filed Doc. 633, as a transparent attempt to create a *fait accompli* as to their efforts not to proceed to trial on Nov. 6, 2023 and to continue that trial date.

In a previous stipulation, Doc. 609, the parties requested a continuance of the Nov. 6, 2023 trial date, which was not granted.

1

But in their current submission they include, *sub silentio*, information that they have granted themselves both a continuance of the discovery cutoff date and of the trial date: they state that "To concentrate on settlement discussions, and avoid significant and likely unnecessary discovery costs, the parties have temporarily suspended discovery and again request the Court grant the parties' stipulation to continue associated dates (Dkt 609)." Doc. 633 at 2:10-13. The parties' previous stipulation, Doc. 609, sought to continue the trial date from Nov. 6 to Feb. 5, 2024. That stipulation request was *not* granted.

Rather than submit a new stipulation and order, instead the parties have slipped into their Status Report a continuance of the Nov. 6 trial date, and, too-cleverly-by-half, the parties have put a poison pill in their Status Report: they unilaterally (actually, bilaterally) have "temporarily suspended discovery," so that they will have taken their own relief as to the Nov. 6 trial date. No doubt that if the action is not settled, then the parties will contend that they can't go to trial because they have not completed the discovery necessary to go to trial. The court should not fall for this subterfuge. It is a version of "the dog ate my homework." This is a ploy to back-door a continuance of the Nov. 6 trial date.

What glaringly is missing from and should have been included in the Status Report is the fact of whether, or not, as part of the proposed agreement to a settlement agreement there is a provision that this court, Judge Carter, will have oversight and supervision of a consent decree for five years; because, as the parties well-know, the court would not approve a settlement without such a provision.

The Status Report warrants that the court instruct the parties to continue apace with discovery, so that not completing discovery would not be an excuse to derail and to continue the Nov. 6 trial date.

//

//

2

Respectfully submitted,
**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
**STEPHEN YAGMAN**

## CERTIFICATE OF COMPLIANCE
(L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 388 words, which complies with the word limit of L.R. 11-6.1.

**YAGMAN + REICHMANN, LLP**

By: _____

**STEPHEN YAGMAN**