UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, ET AL., | ) CASE NO: 2:20-CV-02291-DOC-KES |
| | ) |
| | ) CIVIL |
| Plaintiffs, | ) |
| | ) Los Angeles, California |
| vs. | ) |
| | ) Monday, September 18, 2023 |
| CITY OF LOS ANGELES, ET AL., | ) |
| | ) (10:02 a.m. to 10:13 a.m.) |
| Defendants. | ) (10:42 a.m. to 10:50 a.m.) |

STATUS CONFERENCE

BEFORE THE HONORABLE DAVID O. CARTER,
UNITED STATES DISTRICT JUDGE

APPEARANCES:                    CONTINUED ON PAGE 2

For Plaintiffs:          ELIZABETH A. MITCHELL, ESQ.
                         Umhofer Mitchell & King
                         767 S. Alameda Street, Suite 270
                         Los Angeles, CA 90021
                         213-394-7979

For Defendants:          JENNIFER M. HASHMALL, ESQ.
                         Miller Barondess, LLP
                         1999 Avenue of the Stars, Suite 1000
                         Los Angeles, CA 90067
                         310-552-4400

Court Reporter:          Recorded; CourtSmart

Courtroom Deputy:        Karlen Dubon

Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

APPEARANCES FOR:            (CONTINUED)


Plaintiffs:                MATTHEW D.  UMHOFER, ESQ.
                           Umhofer Mitchell & King
                           767 S. Alameda Street, Suite 270
                           Los Angeles, CA 90021
                           213-394-7979

Defendants:                LAUREN M. BRODY, ESQ.
                           Miller Barondess, LLP
                           1999 Avenue of the Stars, Suite 1000
                           Los Angeles, CA 90067
                           310-552-4400

Intervenor:                SHAYLA R. MYERS, ESQ.
                           Legal Aid Foundation of LA
                           7000 S. Broadway
                           Los Angeles, CA 90003
                           213-640-3983

Proposed Intervenor:       STEPHEN YAGMAN, ESQ.
                           Yagman & Reichmann
                           333 Washington Boulevard
                           Venice Beach, CA 90292
                           310-452-3200

Also present:              U.S. DISTRICT JUDGE ANDRÉ BIROTTE

**Los Angeles, California; Monday, September 18, 2023; 10:02 a.m.**

--oOo--

THE COURT:  And counsel, I'd like to call LA Alliance for Human Rights versus the City of Los Angeles at 20-02291 please.

And counsel, enter your appearances please.  We'll begin with Plaintiff.

MR. UMHOFER:  Good morning, Your Honor.  Matthew Umhofer and Elizabeth Mitchell --

THE COURT:  Thank you.

MR. UMHOFER:  -- on behalf of the Plaintiff.

THE COURT:  Nice seeing you.

And then as proposed intervenor?

MR. YAGMAN:  Good morning, Your Honor.  Steven Yagman --

THE COURT:  Oh just have a seat, use the microphone. I'm trying to keep folks from cross pollinating on the lectern during the flu season so seated is fine.

MR. YAGMAN:  Good morning, Your Honor.  Steven Yagman on behalf of the Proposed Intervenors.

THE COURT:  Thank you.  Counsel on behalf of the County?

MS. HASHMALL:  Good morning, Your Honor. Mira Hashmall for the County of Los Angeles.

THE COURT:  And Counsel?

MS. BRODY:  Good morning --

THE COURT:  As the -- I'm sorry.

MS. BRODY:  This is Lauren Brody.  I'm also here for the County.

THE COURT:  All right, thank you.

And as the intervenor?

MS. MYERS:  Good morning, Your Honor.

THE COURT:  Pleasure.

MS. MYERS:  Shayla Myers on behalf of the Intervenors.

THE COURT:  All right.  I received a email that was -- or I'm sorry, a docketing on Friday evening.

(Quote):  "The parties have reached an agreement in principle and are continuing to work diligently and expeditiously in good faith to negotiate the few remaining terms.

"On Friday, September 15th, 2023, the parties met with United States District Court Judge André Birotte and Special Master Michelle Martinez to update them regarding the terms and to discuss the remaining issues.

"To concentrate on settlement discussions and avoid significant and likely unnecessary discovery costs, the parties have temporarily suspended discovery and

again request the Court grant the parties'
stipulation to continue associated dates at
Docket 609.  This will allow the parties to
concentrate on finalizing and submitting necessary
settlement documents.

"The parties intend to have a fully executed
agreement, including all client signatures submitted
to the Court within 21 days."

Let me turn this over to the parties.  I represent to
you I've had a discussion with Judge Birotte and the Special
Master sometime on Friday evening.  I'm not sure of the certain
of the particulars of that, I've drawn somewhat of a wall in
good faith but I'll begin with Plaintiff.

**MS. MITCHELL:**  Thank you, Your Honor.

So the parties have reached an agreement on the
significant majority of the terms, updated agreements since the
last time on terms that we feel the Court would accept and
would be pleased with in order to retain continuing
jurisdiction which is something the Plaintiffs feel is quite
important.  So we're confident on that.

There are two remaining issues that we could use the
Court's direction in but other than, other than those two which
we feel are pretty minor issues compared to the significant
events that are agreed to in the settlement agreement, other
than those two remaining issues, we are in agreement.

**6**

THE COURT: Okay. I'll turn to the County please.

MS. HASHMALL: Thank you, Your Honor.

The parties are very very close to what we think will be an executed document to memorialize the agreement. And we do think we have made significant progress with the guidance that the Court has provided during the course of these proceedings. And so our hope is to really just hunker down and get that done and hopefully obviate the need for litigating these issues.

THE COURT: Okay. And counsel, the counsel --

MS. BRODY: I've nothing further to add.

THE COURT: Then as intervenor?

MS. MYERS: Your Honor, as you know the intervenors continue to be excluded from all settlement negotiations. We made that clear the last time. We were not invited to participate, we have not weighed in on this, we do not know the terms so I mean we are -- we don't have a position as to the settlement.

THE COURT: Okay. Then as the proposed intervenor?

MR. YAGMAN: I would respectfully request that the Court read Docket Number 634 if it already hasn't done that.

THE COURT: I have. You submitted that this morning and Docket 634, I think -- just a moment.

MR. YAGMAN: And I put that in writing because I was reluctant to say those things in open court.

**7**

**THE COURT:** Well, particularly I think all parties should be aware of page 2, lines 19 through 24. And this has been docketed by the way. So how would you like me to proceed?

I think I may be aware or at least be able to speculate on one of the two issues that may remain but I don't want to do that without Judge Birotte and Michelle Martinez, the special master involved.

Second, I would ask this. If we're going to reach a resolution, I know that we've gone back and forth in terms of the ability to communicate but this is really something that Mayor Bass would be I think want to have input in because she's got 15 to 17,000 people she's trying to move off the street. I think she deserves that courtesy of saying if this works with her efforts and certainly Janice Hahn who the Court has a great relationship with.

I'm going to ask if we can lift that so that the Court can communicate if need be with Janice Hahn or Janice Hahn can communicate with the Court directly because although the attorneys are involved, this is going to have to come from the highest levels and representations in court made by the respective parties. And I don't want any surprises, I don't want any embarrassment.

So let me turn to the County first.

**MS. HASHMALL:** Your Honor, I don't have authority as I sit here today --

EXCEPTIONAL REPORTING SERVICES, INC

**8**

THE COURT:  Okay.

MS. HASHMALL:  -- to agree to ex parte communications but I certainly will have a conversation with my client.

THE COURT:  Sure.

MS. HASHMALL:  And if the Court feels that that would meaningfully move --

THE COURT:  Why don't I take a recess and you make a call?  Because if we're going to go any further, I need that ability to have that relationship with the parties as I had in the past.  So let's ...

I need to know if this has reality or not and I'm going to trust all of the parties but it can't just go over 21 days or 30 days.  I need a time schedule and I would suggest that it is proposed settlements to the Court by next Monday.

And then I would propose that if this is going back to the Board for approval what that date would be, and then we have a date for an open hearing with and invite Mayor Bass and invite the Chairman of the Board, and also a chance for the intervenors to see what this document is -- which you haven't seen yet -- neither has the Court.

But unless we do that, what I'm afraid of is if I just start granting continuances, 30 days, et cetera, two issues that you've raised as the proposed intervenor; one, I don't know about the "enforcement" -- which is a bad word -- but enforcement provisions in the document itself and you set

that forth on page 2 at line 19. And second, building in a series of continuances that make dates impossible to comply with in case this isn't reality. So I'd like to get that back to the Court as quickly as possible to see if there's any issues. And I'm prepared to stay tonight if you'd like to work those issues out with Judge Birotte and Michelle Martinez because I just don't want to put this over 30 days.

So if that meets with your compliance, could you make that call to whomever the authority, say hello to them. Chairman of the Board, I've got a great relationship with her, okay? And see if we can start talking one on one just in case we run into that last moment issue because this, although you're able counsel on both sides -- I'll put that on the record -- this eventually has to come from the Mayor of the City, the Chairman of the Board and the Court, okay? So come back and see me when you've made that call. Thank you very much.

And Judge Birotte, by the way, is prepared to come down. He's in trial so we're going to work around his schedule, and he has a number of issues I think he wants to raise and I've asked for representation from Judge Birotte if he's comfortable going forward or not. I think he is but I haven't delved into the settlement discussions with him.

Okay. thank you very much.

**(Brief aside regarding next matter)**

EXCEPTIONAL REPORTING SERVICES, INC

And by the way, the last call came to the Court so counsel for the County knows?  Counsel, the last court [sic] came from Janice Hahn to me, okay?  It wasn't initiated by the Court but I think we've got a really good trusting relationship over working together in the past.

**MS. HASHMALL:**  Thank you.

**THE COURT:**  Okay, thank you.

**(Proceeding in recess from 10:13 a.m. to 10:42 a.m.)**

**(In progress)**

**THE COURT:**  -- sets up a delay and a potential continuance unless there's a settlement on the table with some reality, whether he objects or not we'll see.  Also Ms. Myers has -- is concerned because she's not been a participant and that would give time for you to see this document, whatever this document is.

I will share with all of you, three or four entities through Judge Birote and the Special Master that this Court feels comfortable with.  And eventually that special master, if reach an agreement, is the arm of the court.  That's ultimately it must be my decision but I'll put out three or four names, including some of the names that you've suggested on the County's part and the Plaintiff's part.

I want to reiterate though that the County's agreement, if there is one -- and the Plaintiff should include provisions that ensure accountability, including provisions of

enforcement.

And I would ask you to take a look at the City's settlement agreement which I believe provides useful or a useful model for those enforcement or accountability provisions.

And the Court's proceeded in good faith with Mayor Bass. This Court has not interjected itself needlessly in the last eight or nine months, giving her an opportunity to be successful, frankly, and without any intervention by the Court.

Judge Birotte, you're privy to these agreement discussions. Are they meaningful and worthwhile? And give me your best --

**JUDGE BIROTTE:** Well look, I was reached out I think last week. The parties seemed to be working in good faith diligently to try to come up with terms. They're details that they've been working on.

I told them I'd make myself available. I'm in trial right now but I think like last week I was in trial, made myself available at the conclusion of the trial in the afternoon to help facilitate to the extent I could.

My sense is that a lot of the terms -- or I should say my sense is that there are significant terms that there is agreement. There are some other terms that need to be worked through. My hope or I am cautiously optimistic that with some time and effort, those final details can be worked out. And

**12**

like I said, I'd make myself available every day at the conclusion of my trials if necessary to try to facilitate and get this resolved if that's what the parties are willing to do.

THE COURT: I've also asked counsel for the County to have communication with the chairman of the board, Janice Hahn, who I represent an excellent relationship with over the years.

By the same token, I think I'm going to remove myself from that any initial conversation and represent this to you but it's been a little bit disconcerting that the Court can talk to Janice Hahn or she phones me and I can't talk to her and it's gone back and forth. In other words, sometimes I can communicate, sometimes I can't. It puts all of us in an awkward position.

And eventually, if there is a settlement, I would expect that the Chairman of the Board would be able to represent that this is in the best interest of the citizens of this county in open court. I would expect that Mayor Bass would be here representing that this is in her best interest proceeding forward with a number of people that she's trying to find shelter or housing for. And I think that this would be or have to be obviously directly from the Court, having that kind of confidence in going forward.

So Judge Birotte, any further input from you?

JUDGE BIROTTE: Well, like I said, I'll make myself available if the parties reach out to me and let me know. Like

I said, I'm in trial right now but we conclude every day at 4:30 so if we need to meet after that then that's what we'll do so --

THE COURT:  And I'll be available.  I'll be in the building if needed but I won't be under foot.  I'll leave this to the Special Master.  But I would encourage you to meet as early as this evening if Judge Birotte's able to do that or as late as tomorrow and hammer things out if there's going to be a settlement.

Otherwise, then the proposed intervenor's taking the position that over 30 days, over 60 days, I think that that needs to stop.  We need to know if there's reality to this and these last provisions are worked out.

So did you have any input back from Janice from the chairman of the board?

MS. HASHMALL:  Your Honor, on behalf of the County, we will lift the prohibition on ex parte communications --

THE COURT:  Thank you.

MS. HASHMALL:  -- between the Court and Supervisor Hahn.

THE COURT:  Let me represent to you in good faith, I will not contact the supervisor at this time.  Okay.  So if you're lifting that provision, I want to thank you for that.

Number two, let that communication take place initially between Judge Birotte and the Special Master and the

Chairman of the Board and the Board just in case something goes wrong.  But if not, then I don't want any surprises, okay?  I don't want any embarrassment.

      **MS. HASHMALL:**  Thank you, Your Honor.  And I also think we can meet the Court's request to get you our deal points within a week.  I think that we can do that.

      **THE COURT:**  I'm prepared to supply those names immediately to you.

      **MS. HASHMALL:**  Okay, thank you.

      **THE COURT:**  Okay.  All right.  Thank you.  Well thank you.

      Just I'll put on the record, I couldn't have any better colleague to work with on a Friday evening or any better special master who's giving up their time.

      And I would say this to you on this next provision that we're going to examine about who's going to work with the Court, I want to represent to you that over the last seven years -- and where's Brooke Weitzman?  Every person the Court's been involved with has not accepted one penny.  Let me repeat that.  So I've been able to surround myself with virtuous people who have no other side issue other than helping the people of the City.  And I'll name a couple.  Tom La Bond (phonetic).  I mean those who's outstanding of the people who stepped forward with no pay.  Michelle Martinez, Judge Smith, General Quinlan, for goodness sakes.  I can go down the list

**EXCEPTIONAL REPORTING SERVICES, INC**

**15**

and list of people who just voluntarily joined.

Only in this last endeavor with the monitor has there been any payment to the special master and it's been minimal, you'll find, compared to what some of these other firms or entities are going to charge.  So I would encourage you in looking at this to be frugal and make this transaction as knowledgeable as possible, okay?

So we'll be available tonight.  Let us know and Judge Birotte will let us know if you want to meet with him tonight and if so I'll stay in the building or in the area.

I want to thank you very much.  I want to get to the next matter but if you meet and consult and get back to me maybe at lunch time about what the availability is for all of you folks and so we can communicate with Judge Birotte because he's paying us a tremendous service by interrupting his trial.

Thank you very much.

**MS. MITCHELL:**  Your Honor, briefly?  The entities or the individuals which the Court will accept, should we get that information from Judge Birotte or Ms. Martinez?

**THE COURT:**  Judge Birotte and Michelle Martinez have -- well, communicate with -- communicating with both of them on Sunday.

**MS. MITCHELL:**  Understood, thank you.

**THE COURT:**  Okay.  Thank you very much.

(Proceeding adjourned at 10:50 a.m.)

16

## CERTIFICATION


I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    **September 21, 2023**

     **Signed**                                        **Dated**


*TONI HUDSON, TRANSCRIBER*