MATTHEW DONALD UMHOFER
(State Bar No. 206607)
matthew@umklaw.com
ELIZABETH A. MITCHELL
(State Bar No. 251139)
elizabeth@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda St., Suite 270
Los Angeles, California 90031
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

Attorneys for Plaintiffs

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

[*Additional counsel continued on following page.*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**JOINT SUBMISSION OF SECOND ADDENDUM TO SETTLEMENT AGREEMENT AND STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(2)**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

*SECOND ADDENDUM TO SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL*

[*Additional counsel continued from previous page.*]

DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

*SECOND ADDENDUM TO SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL*

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiffs LA Alliance for Human Rights, Joseph Burk, Harry Tashdjian, Wenzial Jarrell, Karen Pinsky, Charles Malow, and George Frem (collectively, "Plaintiffs") and Defendant County of Los Angeles ("County" and together with Plaintiffs, the "Parties") have reached a second amended settlement in the above-captioned case and respectfully request an order pursuant to Federal Rule of Civil Procedure 41(a)(2) dismissing Plaintiffs' claims against the County with prejudice.

Attached hereto as **Exhibit A** is the Parties' previously-filed Stipulation for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which the Parties submitted on October 17, 2022, along with an executed copy of their Settlement Agreement [Dkt. 485]. The Parties requested dismissal of this action due to settlement because they believed their agreement was critical to effectuating Plaintiffs' settlement with the City of Los Angeles and would bring valuable additional resources to people experiencing homelessness ("PEH").

At its core, the Settlement Agreement between the County and Plaintiffs was intended to build on the success of the City and County's collaboration under the "freeway deal"—as memorialized in the June 2020 Memorandum of Understanding [Dkt. 136, 185].[1] Under the terms of the Settlement Agreement, the County committed to funding a suite of wraparound services at the thousands of interim and permanent supportive housing units financed by the City pursuant to its settlement with Plaintiffs through the end of the 2026–2027 fiscal year, connecting clients with available local, State, and federal benefits to which they are entitled (including linkage to mental health and substance use disorder ("SUD") treatment services. [*See* Dkt. 421 (City

---

[1] The freeway deal is an agreement between the City and County, whereby the City agreed to provide 6,700 housing or shelter beds for vulnerable PEH, including those residing under freeway overpasses, and the County agreed to assist the City with funding services for the new beds in the amount of $293 million and provide a package of mainstream services to PEH residing in facilities established by the City pursuant to this MOU.

---

*SECOND ADDENDUM TO SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL*

settlement).] Experts agree that it is only the combination of housing/shelter and supportive services that will bring meaningful relief to PEH by helping them transition out of homelessness and receive access to benefits to maintain housing.

The Settlement Agreement contained a number of other benefits for PEH, including but not limited to:

- The County agreed to make reasonable best efforts to ensure County outreach teams have access to County Homeless Initiative-funded high service need interim housing beds for PEH in the City.

- The County agreed to dramatically expand the number of Multi-Disciplinary Teams ("MDTs") and Homeless Outreach & Mobile Engagement ("HOME") teams that do field engagement (including on Skid Row) to connect the most vulnerable PEH—unsheltered and living with complex health or behavioral conditions, and/or a serious mental illness—and connect them to necessary services and housing. The agreement guarantees a 50 to 80 percent increase from current numbers.

- The County agreed to work with the City in making available to each other appropriate City- and/or County-owned land, to create new interim or permanent supportive housing units.

As a sign of its commitment, the County moved forward with implementing the key terms of the Settlement Agreement even after the Court denied dismissal which is why the bed funding agreement within the Settlement Agreement is retroactive to 2022.

Attached hereto as **Exhibit B** is the Parties' Proposed Second Addendum to their Settlement Agreement.[2] This Second Addendum further supplements the

---

[2] The Parties' submitted their First Addendum to the Settlement Agreement on April 18, 2023, along with a renewed request for an order dismissing Plaintiffs' claims against the County with prejudice under Rule 41(a)(2) [Dkt. 533]. Attached hereto as **Exhibit C** is the Parties' fully-executed First Addendum to their Settlement Agreement. The Second Addendum further augments the material terms of the Agreement and First Addendum.

2

*JOINT SUBMISSION OF SECOND ADDENDUM TO SETTLEMENT AGREEMENT*

Settlement Agreement in three key ways:

**_3,000 New Mental Health/Substance Use Disorder Beds_**: The Parties recognize the co-occurrence of homelessness, mental illness, and/or substance use disorder (SUD) and, by extension, the importance of connecting eligible PEH with mental health and SUD treatment and sustainable housing attached to needed treatment to help lift them out of homelessness.  Under the Second Addendum, the County is funding 3,000 new mental health/SUD beds for high acuity PEH and PEH with serious mental illness and/or SUD—a 900 percent increase from the original Settlement Agreement.[3]  These 3,000 beds are an array of beds along the continuum of care in order to best support the different levels of needs of the County's PEH population, from treatment beds to housing beds with treatment services.  The beds pair mental health and/or SUD services with eligible individuals and PEH in need of ongoing medical care.  The individuals consist of current Department of Mental Health (DMH)/Department of Public Health, Substance Abuse Prevention and Control (SAPC) clients who need these types of care for their recovery journey and individuals whom the departments are trying to enroll in DMH/SAPC services for their health.  Even if a client does not meet the licensed beds criteria, the continuum still provides options for mental health and/or SUD treatment and sustainable housing.  By offering a spectrum of treatment options and housing settings, the County is best able to meet the varied needs of PEH and more precisely address their individualized needs in order to maximize their likelihood of long-term recovery.

**_450 New "Board and Care" Subsidies_**: The County intends to make available 450 new enhanced-rate subsidies for enriched residential care at licensed Adult Residential Facilities ("ARFs") and Residential Care Facilities for the Elderly ("RCFEs").  These facilities are a vital housing resource for the County's indigent population and are often utilized by individuals who are homeless or at risk of

---

[3] The 3,000 new mental health/SUD beds under the Second Addendum is the total number of new beds under the Settlement Agreement between the Parties.

3

*JOINT SUBMISSION OF SECOND ADDENDUM TO SETTLEMENT AGREEMENT*

homelessness and need care and supervision to maintain housing.  The Enriched
Residential Care ("ERC") program is administered by the Department of Mental
Health and serves to decompress institutions such as hospitals or Institutes for Mental
Disease ("IMD"), including those who are homeless or at risk of becoming homeless
due to the need for a higher level of care.  Over the last few years, these facilities have
been facing an existential crisis due to low reimbursement rates that outpace
maintenance and operating costs, which has forced the closure of many facilities and
threatened the housing stability of many of the County's most vulnerable residents.
The subsidies under the First Addendum are valued at approximately $40 million and
will help add an additional 450 clients daily to the program, which currently serves
approximately 738 individuals.  In doing so, the First Addendum will help keep ARFs
and RCFEs in operation and encourage additional ARFs and RCFEs to open, thus
preserving this housing opportunity for clients who need the extra support provided by
licensed residential care facilities and 24/7 care and supervision. .

### ***Appointment of Hon. Jay C. Gandhi As Monitor of the Parties' Settlement*:**

The Second Addendum augments the accountability provisions under the existing
Settlement Agreement by adding Judge Jay C. Gandhi (Ret.) as a monitor of the
County's compliance with the settlement.  Judge Gandhi's oversight is in addition to
the County's quarterly reporting obligations to Plaintiffs and the Court's acceptance of
continuing jurisdiction (in the exercise of its discretion) through the end of fiscal year
2026/27, as already provided for in the Settlement Agreement.  Judge Gandhi is a
conscientious and thorough jurist who has a demonstrated track record of success
working with public entities and government officials.  He was also material to
brokering the Settlement Agreement between the Parties and thus has a meaningful
background in the case, the terms of the agreement, and the complexities of
homelessness, serious mental illness, and substance use disorder.  While Judge Gandhi
already has some background because of his involvement in the settlement discussions,
he is committed to getting up to speed and conducting meaningful assessments,

4

*JOINT SUBMISSION OF SECOND ADDENDUM TO SETTLEMENT AGREEMENT*

including anticipated on-site visits, so that he can provide comprehensive information to the Court.

\* \* \*

This Parties' Settlement Agreement and Addenda further the well-recognized public policy in favor of settlements, which conserve judicial and party resources. *See Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) ("The Ninth Circuit is firmly 'committed to the rule that the law favors and encourages compromise settlements.'" (citation omitted.))  Not only that, but it reflects the Parties' mutual desire to bring this historic litigation to a close and help PEH.  All Parties want this Agreement.  The Parties respectfully request that the Court approve the stipulation and enter an order dismissing Plaintiffs' claims against the County with prejudice.

DATED:  September 25, 2023          UMHOFER, MITCHELL & KING, LLP

By:  _____/s/ Elizabeth A. Mitchell_____
       ELIZABETH MITCHELL
       Attorneys for Plaintiffs

DATED:  September 25, 2023          MILLER BARONDESS, LLP

By:  _____/s/ Mira Hashmall_____
       MIRA HASHMALL
       Attorneys for Defendant
       COUNTY OF LOS ANGELES

5

*JOINT SUBMISSION OF SECOND ADDENDUM TO SETTLEMENT AGREEMENT*

## ATTORNEY ATTESTATION

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  September 25, 2023          UMHOFER, MITCHELL & KING, LLP


By:      /s/ Elizabeth A. Mitchell
         ELIZABETH MITCHELL
         Attorneys for Plaintiffs

*SECOND ADDENDUM TO SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL*