## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. LA CV 20-02291-DOC-KES                    Date: October 25, 2023

Title: LA ALLIANCE FOR HUMAN RIGHTS, et al., v. CITY OF LOS ANGELES, et al

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| | |
|---|---|
| Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER RE: NOTICE OF ERRATA [646, 647]**

In its Order granting the Amended Second Addendum to Settlement Agreement and Stipulation for Voluntary Dismissal ("Order") (Dkt. 646), on September 29, 2023, the Court erroneously submitted an incomplete scan of Page 39 of the document that omitted the handwritten word "Monitor" at the bottom of the page. *See* Order at 39. As noted in the transcript of the hearing, *see* Dkt. 648 at Page 23, and as demonstrated in the attached scan of the full page, the complete text of the last sentence should read: "The Monitor must be willing to take to the streets, and learn from the community, not the bureaucracy, and has an absolute fiduciary duty to the Court as Special Monitor." The omission was reproduced in Dkt. 647, the countersigned agreement, on Pages 40-45. This Order shall serve to correct all docketed instances of this scanning error.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk:
                                                                         kdu
CIVIL-GEN

## SECOND ADDENDUM TO SETTLEMENT AGREEMENT

This Second Addendum to Settlement Agreement (the "Addendum") is entered into by and between the County of Los Angeles ("County"); LA Alliance for Human Rights, Joseph Burk, Harry Tashdjian, Wenzial Jarrell, Karyn Pinsky, Charles Malow, and George Frem (collectively, "Plaintiffs"). Each of the County and Plaintiffs is referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, on October 11, 2022, the Parties entered into a Settlement Agreement ("Agreement"), wherein they memorialized their agreement to settle and finally resolve the matter entitled *LA Alliance for Human Rights et al. v. City of Los Angeles et al.*, U.S. District Court for the Central District of California, Case No. 2:20-cv-02291 (the "Action"); and

WHEREAS, on October 17, 2022, the Parties filed a copy of the Agreement with the Court and jointly requested the Court to dismiss the Action against the County; the Court scheduled a hearing regarding the Agreement; and

WHEREAS, on January 17, 2023, the Parties attended the hearing, and in light of the new leadership at the County and City of Los Angeles level, the Parties indicated their interest in reviewing and potentially increasing resources for the People Experiencing Homelessness ("PEH"); and

WHEREAS, the Parties subsequently negotiated and entered into an Addendum to Settlement Agreement (the "First Addendum"), pursuant to which the County agreed to provide substantial new resources to ameliorate homelessness, including developing/contracting 1,000 new mental health and substance use disorder beds for PEH, as well as making available 450 new subsidies for enriched residential care for Adult Residential Facilities and Residential Care Facilities for the Elderly beds (commonly called "Board and Care" beds) that are frequently utilized by individuals with a serious mental illness who are at risk of homelessness; and

WHEREAS, the County calculated that the value of the resources in the Settlement Agreement and First Addendum was over $850 million; and

WHEREAS, on April 18, 2023, the Parties filed the fully executed First Addendum, re-submitted their F.R.C.P. 41(a)(2) Stipulation for Voluntary Dismissal, and requested the Court enter an order dismissing the Action with prejudice; and

WHEREAS, on April 20, 2023, the Court held a hearing at which the Court stated that the Agreement and First Addendum did not provide for a sufficient number of beds or oversight, and

Page **1** of 5

denied the Parties' Stipulation for Voluntary Dismissal, declining to accept continuing jurisdiction;

WHEREAS, on May 9, 2023, the Court set trial for November 6, 2023, and issued a scheduling order requiring the completion of all discovery in five months;

WHEREAS, on June 15, 2023, the Court issued a Supplemental Order regarding the denial of the Parties' stipulation to dismiss the Action against the County stating that it declined jurisdiction over the terms of the Parties' settlement and also found that the Parties did not have a finalized or enforceable settlement agreement; and

WHEREAS, on August 17, 2023, the Parties filed a Stipulation to Continue Trial and All Pretrial Deadlines and informed the Court the Parties have resumed settlement negotiations; and

WHEREAS, the Parties still desire to fully and finally compromise and settle all claims arising out of or relating to all matters alleged or that could have been alleged in the Action, without any admission of fault, liability, or wrongdoing, in the interests of avoiding the additional expense and the inherent uncertainties of protracted litigation and trial on the terms and conditions of the Agreement, the First Addendum, and this Addendum;

NOW, THEREFORE, the Parties hereby agree to modify the terms of the Agreement, as modified by the First Addendum, as follows:

## TERMS OF SECOND ADDENDUM

A. Paragraph A, Effective Date and Duration, is deleted in its entirety, and replaced with the following:

A.   **Effective Date and Duration:** The obligations of the Parties, and the releases contained in the Agreement, shall become effective and operative on the date the Court enters an Order dismissing Plaintiffs' claims against the County with prejudice. The Court will have continuing oversight and enforcement of the Agreement. The Agreement shall terminate on June 30, 2027.

B. Paragraph C, Settlement Payment and Attorneys' Fees, Subparagraph 1, shall be deleted in its entirety and replaced with the following:

1.   In addition to the County's obligations set forth in Section D below, and further valuable consideration for the promises, representations, warranties, acknowledgements, and releases herein, the County shall pay the sum of $2,400,000 (the "Payment") as separately directed by Plaintiffs' counsel, which shall be inclusive of all claims for attorneys' fees and costs claimed by Plaintiffs in the Action. Plaintiffs' Counsel may enter into a separate distribution agreement at their discretion. The County shall not be responsible for the allocation or

Page **2** of **5**

payment of any sum between and among any of Plaintiffs, Plaintiffs' counsel, and any of their affiliates, representatives, members, agents, and assigns. Except for the Payment, each Party shall be responsible for and bear its own attorneys' fees and costs incurred in the Action including in connection with the negotiation and execution of this Agreement. Payment to be made within forty-five (45) days of an order by the Court dismissing the Action with prejudice.

C. Paragraph D, County's Obligations, Subparagraph 3, Mental Health/Substance Use Disorder Beds, shall be deleted in its entirety and replaced with the following:

    **3.**     **Mental Health/Substance Use Disorder Beds**: The County shall develop/contract 3,000 mental health and substance use disorder beds according to the greatest need as solely determined by the County. The 3,000 beds shall be open and operational on the following timeline: 600 by December 31, 2023; 1,200 by December 31, 2024; 1,800 by December 31, 2025; and 3,000 by December 31, 2026. The beds herein shall exclude those previously funded in any agreement effective before June 14, 2022, between the County and a provider agency for contracted facilities, and shall exclude beds that the County directly operated and became available before June 14, 2022. Funding shall not include any advance payments for startups.

D. Paragraph F, Dismissal With Prejudice, shall be deleted in its entirety and replaced with the following:

    **F.**     **Dismissal With Prejudice:** On September 25, 2023, Plaintiffs shall file a Joint Stipulation For Voluntary Dismissal With Prejudice Pursuant to F.R.C.P. 41(a)(2).

E. Paragraph Q, Notices, shall be deleted in its entirety and replaced with the following:

    **Q.**     **Notices.** All notices to be sent under this Agreement shall be delivered as follows and shall reference the Action in the subject line of the notice:

    **1.**     *For Plaintiffs:*
    Umhofer, Mitchell & King LLP
    767 S. Alameda St., Suite 270
    Los Angeles, CA 90021
    Attention: Matthew Donald Umhofer, Elizabeth A. Mitchell
    matthew@umklaw.com; elizabeth@umklaw.com

    **2.**     *For the County:*
    Office of County Counsel
    500 West Temple Street, Suite 648
    Los Angeles, California 90012
    Attention: Ana Lai; Katherine Bowser
    alai@counsel.lacounty.gov; kbowser@counsel.lacounty.gov

Any Party may change its notice recipient or address for providing notice to it by notifying the other Party(ies) in writing setting forth such new notice recipient or address.

F. Paragraph T, Special Master, shall be added to the Agreement as follows:

T. **Special Master:** The Parties agree to the Court's recommendation of Hon. Jay C. Gandhi (Ret.) as Special Master for the purpose of assisting the Court in overseeing and enforcing this Agreement, including resolving Disputes per Section P.1.i. The Special Master shall have discretion to involve Intervenors, including in proceedings arising under Section P.1.i. The Special Master costs shall not exceed $200,000 per year and shall be paid by County. Should Hon. Jay C. Gandhi (Ret.) be unable to perform his duties as Special Master for any reason, the Parties and the Court will work together to select a mutually agreeable replacement.

This Second Addendum is hereby incorporated into and shall become a part of the Agreement. In all other respects, the Agreement and its First Addendum shall remain unchanged and in full force and effect.

AGREED TO AND ACCEPTED.

**COUNTY OF LOS ANGELES**

By: _____

Title:

Dated: ___9/28/23___

**LA ALLIANCE FOR HUMAN RIGHTS**

By: _____

Title:

Dated: _____

[Additional signatures on following page]

1. This agreement is a floor not a ceiling. While this agreement does not solve homelessness in Los Angeles County, it is a huge step forward.

Page 4 of 5

2. All future billings from providers must be completely transparent and all invoices are to be public documents.

[Signatures cont'd from previous page]

**JOSEPH BURK**

_____          Dated: _____

**GEORGE FREM**

_____          Dated: _____

**WENZIAL JARRELL**

_____          Dated: _____

**CHARLES MALOW**

_____          Dated: _____

**KARYN PINSKY**

_____          Dated: _____

**HARRY TASHDJIAN**

_____          Dated: _____

3. For the first year, Judge Gandhi will work for free as Special Monitor or alternatively will be compensated commensurately with Special Master Michele Martinez. Additionally, Judge Gandhi will work under the guidance of Ms. Martinez for the first year to ensure continuity. The monitor must be willing to take to the streets, and learn from the community, not the bureaucracy, and has an absolute fiduciary duty to the Court as Special Monitor.

Page 5 of 5

Judge David O. Carter
United States District Court.

September 28, 2023