HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 North Main Street, City Hall East, 7th Floor
Los Angeles, California 90012
Telephone: 213-978-6952
Facsimile: 213-978-7011
Email:  Scott.Marcus@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 20-02291 DOC (KES)<br><br>**JOINT STIPULATION TO RESOLVE MOTION FOR ORDER RE: SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS**<br><br>Date:  April 4, 2024<br>Time:  9:00 a.m.<br>Courtroom:  1<br><br>**Hon. David O. Carter**<br>**United States District Judge** |

Plaintiffs LA Alliance for Human Rights and Defendant City of Los Angeles (collectively, the "Parties") respectfully submit the following stipulation to resolve Plaintiffs' Motion for Order Re: Settlement Agreement Compliance and Sanctions [Dkt. No. 706].

The Parties further stipulate to the following facts:

1.    LA Alliance, represented by Elizabeth Mitchell and Daniel Conway, met with the City, represented by Scott Marcus, David Michaelson, and Mercedes Marquez, on March 8 and again March 15, 2023 to discuss the City's encampment milestones.  On March 15, 2023, the City—through then-Chief Housing and Homelessness Officer Mercedes Marquez—stated that the City had plans intended to come into compliance with Section 5.2(ii) and (iv).  Specifically, Chief Marquez stated that the City had already put out an RFQ (Request for Qualification) for service/outreach providers, expected to be "fully staffed" with an assigned service/outreach provider for each district by July 1, 2023, and planned to "have each district fully assessed" (which was described as identifying the numbers of unsheltered PEH, plus a description of the needs of various groups, including an estimate of the number of individuals with serious mental illness and substance use disorder, in each district) by September 30, 2023.  Ms. Marquez promised that once that effort was complete, the City would then provide the LA Alliance its proposed encampment milestones and deadlines by October 1, 2023.

2.    Elizabeth Mitchell summarized the meeting in an email thereafter, directed to Scott Marcus, Mercedes Marquez, and David Michaelson:

> In our last meeting we talked about the RFQ that the City has put out for a list of qualified service/outreach providers, and that the City expects to be fully staffed with the District's chosen providers by July 1 . . . . We also discussed that the City could commit to having each district fully assessed and get us a list of proposed milestones and deadlines within 3 months thereafter (October 1).

1

3.      Relying upon the promises of the new mayor's representative, and extending a good faith opportunity to a new administration, LA Alliance agreed to the extension.  Mr. Marcus, on behalf of the City, confirmed the request for extension and agreed the City would provide district-specific encampment milestones by October 1, 2023.

4.      Although the City did issue the RFQ in January 2023 and received proposals by March 2023, the City did not finalize the RFQ process.  The City did not have each district fully assessed to help establish appropriate milestones as the City had committed to on March 15, 2023.  Nor did the City inform the LA Alliance or its counsel when the RFQ plan changed.  Two days after October 1, the City emailed its "Encampment Engagement, Cleaning, and Resolution" proposal that did not contain any proposed district by district deadlines or milestones at all.

5.      The parties further met and conferred on the encampment milestones on October 13, 2023, at which time the City informed LA Alliance, for the first time, that the City did not complete the RFQ process, never hired preferred service/outreach providers for encampment reduction in each district, and had not had each district assessed.

6.      LA Alliance brought the City's non-compliance with Section 5.2 (ii) and (iv) to the attention of Special Master Martinez on October 19, 2023.  Special Master Martinez ordered the parties to continue to meet and confer, which they did.  Still unable to agree on encampment milestones required under the Agreement, LA Alliance requested the Court resolve the matter.  The Court convened the parties on December 14, 2023, at which time the City expressed interest in adopting LA Alliance's milestone number of 9,782.  The Court requested that the City provide revised milestones by December 29, 2023.  The City proposed milestones of 12,000 encampment reductions on December 29, 2023, but did not include milestones broken down district-by-district.

7.      The parties met again on January 4, 2024, this time with the Mayor, the Mayor's Chief of Staff, Chief Castro Ramirez, Chief Administrative Officer Szabo, and

JOINT STIPULATION TO RESOLVE MOTION FOR ORDER
RE: SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS

others present.  Two days after this meeting, the City proposed encampment milestones of 9,800 (agreeing to and rounding up from LA Alliance's proposed number of 9,782) over the 5 year term of the Agreement, and included breakdowns of the milestones district by district.  In response, LA Alliance requested the City agree to 12,000 encampment reductions over 5 years or 9,800 reductions over 4 years, address specific encampments (Skid Row and Ave. 45), and to pay sanctions of $1 million.  On January 10, 2024, the City agreed to LA Alliance's demand for 9,800 encampment reductions—including district-by-district milestones—over 4 years, and rejected LA Alliance's other demands.

8.    The 9,800 encampment reduction plan and milestones were presented to the City Council on January 31, 2024, which approved them without delay.  On February 1, 2024, the milestones and deadlines agreed to on January 10, 2024, were sent to Plaintiffs' counsel.

Based on the foregoing facts, the Parties agree to resolve the Motion, subject to City Council approval, by stipulating that:

A.    The City agrees to pay for the Court-ordered audit [Dkt. Nos. 698, 700];

B.    The Parties agree to meet at least once a month to discuss any issues concerning the City's progress under the terms of the Settlement Agreement [Dkt. No. 421];

C.    The City agrees to pay the LA Alliance's fees and costs; and

D.    The Parties respectfully request the Court hold the hearing on the Motion in abeyance until the next scheduled hearing date when the Parties report back to the Court the City Council's action on this matter.

DATED: April 4, 2024          By: /s/ *Scott Marcus*
                              Scott Marcus, Chief Assistant City Attorney
                              Counsel for Defendant City of Los Angeles

                              By:  /s/ *Elizabeth Mitchell*
                              Elizabeth Mitchell,
                              Counsel for Plaintiff LA Alliance for Human Rights

JOINT STIPULATION TO RESOLVE MOTION FOR ORDER
RE: SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS