STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Proposed Intervenor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | No. 2:20-CV-02291-DOC(KESx)<br><br>**BURYING THAT "*CITY OF LOS ANGELES WILL PAY $6.4 MILLION, TO AVOID COURT SANCTION*," AND REQUEST TO STRIKE STIPULATION**<br><br>Judge David O. Carter |

## INTRODUCTION

This court repeatedly has stressed that virtually everything that occurs in this action would be on the record and be "transparent"

Yet, on April 4, 2024, the parties filed a stipulation that "The City agrees to pay the LA Alliance's fees and costs[.]" Joint Stipulation to Resolve Motion for Order Re: Settlement Agreement Compliance and Sanctions[,]" Doc. 713, at 4:20, and notably, and significantly, that Stipulation does not set forth the amount of the fees and costs, which is **$6,400,000.00**. This is no oversight. It is a burial.

1

**THE SEEMING REASON FOR OMITTING THE NUMBER.**

The seeming reason for omitting the number is that the City seeks to bury and to hide from the public the potential newspaper headline were the number to have been included in the stipulation, to wit, "**CITY SANCTIONED $6.4 MILLION IN HOMELESSNESS CASE**," and the sub-headline, **"Mayor and Council for a year failed to abide by agreement to reduce homeless population."**

What was pending before the court, and what the court was poised to rule on, was the Alliance motion for sanctions, made up of attorneys' fees, of **$6.4 million**, and the court already had stated that it was going to award attorneys' fees.

**THE STIPULATION VIOLATES TWO OF COURT'S LOCAL RULES.**

Central District Local Rule 7-1 (*Stipulations*) provides that "Written stipulations affecting the progress of the case will be filed with the Court, [and must] be accompanied by a separate order as provided in L.R. 52-4.1 . . . ." The stipulation affects the progress of the case because it provides that "The Parties respectfully request the Court hold the hearing on the Motion [to sanction the City] until the next scheduled hearing date when the Parties report backs to the Court the City Council's action on this matter [instead of on April 6, *see* April 6 docket, at 8]." Doc. 713, at 21-23. (Obviously, what will be submitted City Council to approve will have the number **$6.4 million** in it.)

Cent. Dist. L.R. 52-4.1 provides that "A separate proposed order shall be submitted with any stipulation . . . ." There is no separate proposed order, much less any order at all.

For failure to comply with these two local rules, the stipulation should be stricken.

**WHAT REALLY IS GOING ON HERE.**

The City and its lawyers never have been forthcoming and on the up-and-up, as is evidenced by the Chief Assistant City Attorney, Scott Marcus' signature

on the stipulation, and by his very passive and reticent conduct when in court, when the court has posed very direct questions to him. He has been evasive.

The Stipulation does not specify from what source the sanction funds are to come, and they should be earmarked not to come from funds dedicated for the homeless and should come from the City general fund. The homeless should not be burdened for the City's non- or malfeasance.

## WHAT SHOULD HAPPEN.

The Stipulation should be stricken, and it should not be re-filed unless the City includes in it the fact that the amount of fees and costs is *$6.4 MILLION*, so that there will be transparency.

**YAGMAN + REICHMANN, LLP**

By: _____
**STEPHEN YAGMAN**

3