**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC-KESx                    Date:  May 13, 2024

Title: LA Alliance for Human Rights et al v. City of Los Angeles et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| | |
|---|---|
| Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    NOTICE REGARDING ASSESSMENT ENGAGEMENT LETTER**

The Court and Alvarez & Marsal ("A&M") have agreed to the attached engagement letter regarding A&M's assessment/audit of the City of Los Angeles's homelessness programs. The engagement letter is attached as Exhibit 1.

The City is requested to submit to the docket a countersigned copy of this engagement letter by 2:00 p.m. on Thursday May 16, 2024.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: kdu

CIVIL-GEN

# EXHIBIT 1

**ALVAREZ & MARSAL**
**PUBLIC SECTOR SERVICES**

Alvarez & Marsal
Public Sector Services, LLC
655 15th Street, NW
Suite 600
Washington, D.C. 20005
Phone: +1 202 729 2100
Fax: +1 202 729 2101

May 13, 2024

District Judge David O. Carter
United States District Court
California Central District Court
411 West Fourth Street, Courtroom 10 A
Santa Ana, CA 92701

Dear Judge David O. Carter:

This letter confirms and sets forth the terms and conditions of the engagement between Alvarez & Marsal Public Sector Services, LLC ("A&M") and District Judge David O. Carter (the "Court"), including the scope of the services to be performed and the basis of compensation for those services. Upon execution by each party, this letter will constitute an agreement between the Court and A&M.

1.      Description of Services

(a) A&M shall conduct an independent assessment of the City of Los Angeles's homelessness programs; specifically, this financial and performance assessment is limited to funding from the City of Los Angeles and the three identified programs: 1) Freeway Agreement – Roadmap Program, 2) Inside Safe Program, and 3) Alliance Settlement Program (the "Programs")[1]. This assessment will have a lookback period from the date of this engagement's execution to the initiation of the respective Program.[2] A&M will not review, use, collect, or retain any personal information obtained through interviews or personal interactions.

(b) A&M's assessment shall encompass the following:

a.  A&M will perform financial analyses and reconciliation of funds disbursed from the City of Los Angeles directly or/and through the Los Angeles Homeless Services Authority ("LAHSA") to the Programs[3].

---

[1] Due to the information available at the time of this engagement letter, the distributed funds to these Programs will be prioritized and assessed based on estimated materiality upon agreement with Judge David O. Carter.

[2] The Freeway Agreement – Roadmap Program lookback period begins in June 2020. Alliance Settlement Program lookback period begins in June 2022. The Inside Safe Program lookback period begins in December 2022.

[3] A&M's financial and performance analyses and reconciliations will include the quantitative and qualitative data produced by the City of Los Angeles and/or LAHSA, and any real time spot checks at the auditors' discretion. A&M is not responsible for obtaining data directly from each subprogram, or project, within the Programs and their stakeholders.

**District Judge David O. Carter**
May 13, 2024
Page 2 of 7

ALVAREZ & MARSAL
PUBLIC SECTOR SERVICES

    b. A&M will report on the Programs, as outlined above, intended to address homelessness, including their objectives, target populations, methods of delivery, reporting, and management.

    c. A&M will perform an analysis and evaluation of the Programs limited to the funding by the City of Los Angeles, specifically whether the Programs:

        i. Increase, reduce, or otherwise impact housing and shelter placements and stability of people experiencing homelessness.

        ii. Assist or hinder people experiencing homelessness in enrolling and receiving proper care and services including behavioral health, access to treatment beds, and substance use treatment.

        iii. Increase, reduce, or otherwise impact the number of individuals experiencing unsheltered and chronic homelessness.

        iv. Reduce, increase, or otherwise impact barriers to individuals attempting to obtain permanent housing.

        v. Increase the prospects that outreach services and referrals result in securing shelter, housing and /or treatment or rehabilitative services for people utilizing homelessness assistance projects.

        vi. Result in individuals obtaining shelter and permanent housing.

    d. A&M will conduct interviews with various stakeholders at the request of the Court.

    e. A&M will prepare a detailed report outlining findings, observations, and recommendations to assist in increased performance and effective City oversight and management of the homeless Programs. This report will include but is not limited to whether the funds effectively reduced the number of people living unsheltered, and the effectiveness and efficiency of various related processes.

(c) The specific procedures to be performed by A&M with respect to the services outlined above will be established based on discussions with the Court, or its designee, Special Master Michele Martinez, as this engagement progresses and as additional information is obtained. Because A&M will act as independent experts or consultants, its reports or advice must be objective and impartial. A&M agrees to perform its work in consultation with the Court, but A&M shall have sole control over the substance of its conclusions and the form and content of its reports.

(d) A&M will inform the Special Master if any of the requested information required for the assessment is either not provided upon A&M's request or informed the information is not available.

(e) A&M and the Court agree that A&M's work shall not constitute a formal review or audit in accordance with any applicable accounting standards.

**District Judge David O. Carter**
May 13, 2024
Page 3 of 7

The Court understands that A&M is not a public accounting firm or CPA firm and does not issue opinions on financial statements or provide audit or other attestation services. While A&M's work may include an analysis of financial accounting data, the Court acknowledges that A&M's engagement is an assessment and shall not constitute an examination, review of any kind, compilation or compilation of agreed-upon procedures as defined by the AICPA, or any other type of financial statement reporting engagement that is subject to the rules of the AICPA, GASB or other state or national professional or regulatory body. All financial information and data that is reviewed and relied on by A&M during the course of this engagement is the responsibility of the entity providing the information and data. Accordingly, as part of this engagement, A&M will not express an opinion or other form of assurance on the financial statements or financial components of any entity that is reviewed and relied on by A&M.

It is understood and agreed that A&M's work may include advice and recommendations, but all decisions in connection with the implementation of such advice and recommendations shall be the responsibility of, and made by, the Court. In connection with its services hereunder, A&M shall be entitled to rely on all decisions and approvals of the Court. Further, A&M assumes no responsibility for the selection, approval, or implementation of any actions that it assists the Court in formulating.

(f) Diane Rafferty, a Managing Director of A&M, will be responsible for the overall engagement. Other A&M personnel will assist her as required. A&M personnel providing services to the Court may also work with other A&M clients in conjunction with unrelated matters. In connection with the services to be provided hereunder, from time to time A&M may utilize the services of employees of its affiliates. Such affiliates are wholly owned by A&M's parent company and employees.

2.    Compensation

(a) A&M will perform the services described herein for a fixed fee of $2,200,000, which includes any additional expenses A&M incurs for travel and administrative expenditures. That said, the purpose of this assessment is to (1) provide transparency to the public, (2) ensure the assessment is adequate and transparent on behalf of the public, and (3) help policymakers make data-driven decisions to address the homelessness crisis. These objectives will not be compromised by a budget imposed by the City Council that limits the adequacy and sufficiency of this assessment. Accordingly, the Court retains the right to modify the terms of this agreement to seek any additional services from A&M that are reasonably required to ensure that the assessment is comprehensive.

(b) A&M will invoice the City of Los Angeles on a monthly basis of $440,000 over five months. Invoices are payable upon receipt.

**District Judge David O. Carter**
May 13, 2024
Page 4 of 7

3.    <u>Term</u>

Upon the execution of this letter, the duration of this engagement will be performed within 20 to 24 weeks. A&M normally does not withdraw from an engagement unless its client misrepresents or fails to disclose material facts, fails to pay fees or expenses, or makes it unethical or unreasonably difficult for A&M to continue the performance of the engagement, or other just cause exists.

The provisions of this engagement letter that give the parties rights or obligations beyond its termination shall survive and continue to bind the parties.

4.    <u>Relationship of the Parties</u>

The parties intend that this engagement letter will create an independent contractor relationship. Neither A&M nor any of its personnel or subcontractors are to be considered an employee or agent of the Court or City of Los Angeles. The personnel and subcontractors of A&M are not entitled to any of the benefits that the Court provides for the Court employees.

5.    <u>No Third-Party Beneficiary</u>

There are no third-party beneficiaries to this agreement.  The Court acknowledges that all work product (written or oral) provided by A&M in connection with this engagement is intended solely for the benefit and use of the Court (limited to its Board and management) in considering the matters to which this engagement relates.  No such work product shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks referred to herein without A&M's prior approval (which shall not be unreasonably withheld), except as required by law. The work product is not being rendered by A&M as an agent of the Court or the City of Los Angeles or any of its constituents and A&M shall not have any liability or obligation with respect to its services hereunder to such constituents or to any other person, firm or public or private entity.

6.    <u>Conflicts</u>

A&M is not currently aware of any relationship that would create a conflict of interest with the Court or those parties-in-interest of which you have made us aware. Because A&M and its affiliates and subsidiaries comprise a consulting firm (the "<u>Firm</u>") that serves clients on a global basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to or have business associations with other entities or people which had or have or may have relationships with the Court or the City of Los Angeles.  The Firm will not be prevented or restricted by virtue

ALVAREZ & MARSAL
PUBLIC SECTOR SERVICES

of providing the services under this Agreement from providing services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Court's or the City of Los Angeles, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

7.      Confidentiality

A&M shall keep as confidential all non-public information received in conjunction with this engagement, except: (i) as requested by the Court; (ii) as required by legal proceedings or (iii) as reasonably required in the performance of this engagement.  All obligations as to non-disclosure shall cease as to any part of such information to the extent that such information is or becomes public other than as a result of a breach of this provision. If any person or entity requests or subpoenas any information or materials related to the services, A&M will inform the Court of such request or subpoena.

8.      Limitation on Liability and Indemnification

In no event shall A&M be liable to the Court, whether a claim be in tort, contract or otherwise, for any amount in excess of the total professional fees A&M receives for the services under this agreement except to the extent that such liability is finally determined to have been caused primarily and directly by the fraud or willful misconduct of A&M relating to such services. In no event shall A&M be liable for any consequential, special, indirect, incidental, punitive, or exemplary loss, damage, or expense relating to this engagement (including, without limitation, loss of revenue, data, goodwill, or similar damages) even if advised of the possibility of such damages. For avoidance of doubt, none of A&M's affiliates, nor its or its affiliates' respective partners, principals and personnel, shall have any liability hereunder.

The Court agrees to hold harmless A&M and its affiliates (including their officers, partners, principals, members, managers, employees, and agents) against all claims, damages, and costs (including reasonable attorney's fees and disbursements) arising out of this engagement, except for such claims, damages and costs resulting from any actions by A&M constituting fraud or willful misconduct.

Termination of this engagement shall not affect these limitations on liability and indemnification provisions, which shall remain in full force and effect.

9.      Miscellaneous

This engagement letter incorporates the entire understanding of the parties with respect to the subject matter hereof and may not be amended or modified except in writing executed by both parties hereto.



This Agreement, and all claims, proceedings or causes of action (whether in contract, tort or statute) that may be based upon, arise out of or relate to this Agreement, or the negotiation, execution or performance of this Agreement or the services provided hereunder (the "Related Matters"), shall be governed by, and enforced in accordance with, the internal laws of the State of California, including its statutes of limitations, without regard to principles of conflict of law that would defer to the laws of another jurisdiction.

The parties agree to waive trial by jury in any action, proceeding or counterclaim brought by or on behalf of the parties hereto with respect to any Related Matters. Furthermore, to the extent permitted by applicable law, any action with respect to any Related Matters shall be brought and adjudicated exclusively in the United States District Court for the Central District of California or, if such court lacks jurisdiction, in the California state courts with jurisdiction over Los Angeles, California; that those courts shall have exclusive jurisdiction over any Related Matters; to submit to the personal jurisdiction of such courts; and to waive any and all personal rights under the law of any jurisdiction to object on any basis (including, without limitation, inconvenience of forum) to jurisdiction or venue in any legal proceeding.

Notwithstanding anything herein to the contrary, A&M may reference or list the Court's name and/or logo and/or a general description of the services in A&M's marketing materials, including, without limitation, on A&M's website.

10.  Coronavirus Impact

Depending on future developments the spread of the Coronavirus has the potential to affect the services provided under this Agreement. Travel, workplace, and mobility restrictions (to include measures reasonably mandated by A&M with respect to its employees and personnel) may restrict travel to Court and other work sites as well as limit access to facilities, infrastructure, information and personnel of A&M, Court, or others. Such circumstances may adversely affect the timetable or content of A&M's deliverables and completion of the scope of services included in this Agreement. We will discuss with you if we believe that the services may be impacted in this way. You accept and acknowledge that A&M employees and personnel may attend at the Court's locations or physically interact with the Court's employees and personnel in connection with the services unless A&M or the Court decide that this should not be the case.

If the foregoing is acceptable to you, kindly sign the enclosed copy to acknowledge your agreement with its terms.

ALVAREZ & MARSAL
PUBLIC SECTOR SERVICES

Very truly yours,

**Alvarez & Marsal Public Sector Services, LLC**

By: _____
   Name:  Diane Rafferty
   Title:   Managing Director

Accepted and agreed:

**District Judge David O. Carter**

By: _____
   Name:  Judge David O. Carter
   Title: District Judge

Accepted and agreed:
(*Court requests either Mayor Karen Bass or City Council President sign below*)

**Mayor Karen Bass**

By: _____
   Name:  Karen Bass
   Title: Mayor of Los Angeles

**Paul Krekorian**

By: _____
   Name:  Paul Krekorian
   Title: City Council President