UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 221
Los Angeles, California 90017
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
mumhofer@umklaw.com
emitchell@umklaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>         Plaintiffs,<br><br>     v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>         Defendants. | Case No. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE**<br><br>Before:  Hon. David O. Carter<br>Courtroom: 1<br>Hearing Date:  October 2, 2024<br>Hearing Time:  9:00 p.m. |

*MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE*

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE on the above date and time Plaintiffs will and hereby do move for an order compelling specific performance by the City of Los Angeles. This motion is set for hearing on October 2, 2024, at 9:00 a.m. before the Honorable David O. Carter in the United States District Court, Central District of California, Western Division, located at 350 West First Street, Courthouse 1, Los Angeles, California 90012.

The motion is made following the conference of counsel that has taken place numerous times, most recently on August 27, 2024 with Special Master Michele Martinez.  This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Elizabeth A. Mitchell and exhibits attached thereto, the pleadings and records on file in this action, and any further oral or written documentation that may be provided to the Court as necessary or requested.

Dated: September 4, 2024                   Respectfully submitted,


                                           */s/ Elizabeth A. Mitchell*
                                           UMHOFER, MITCHELL & KING, LLP
                                           Matthew Donald Umhofer
                                           Elizabeth A. Mitchell

                                           *Attorneys for Plaintiffs*

ii
*MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE*

## I.    INTRODUCTION

On January 31, 2024, after more than a year of being out of compliance with the Settlement Agreement, and only after the Alliance indicated its intent to file a motion for significant sanctions, the City finally provided a written plan for encampment reduction pursuant to Section 5.2 of the Settlement Agreement. (*See* Declaration of Elizabeth A. Mitchell, Ex. A, City of Los Angeles, LA Alliance Milestone Goals.) The City has since reported on the number of encampment resolutions, but has not reported on the location of those resolutions as requested by the Alliance in multiple meetings.  The City recently indicated it was ultimately unwilling to do so.

Identification of location of these encampments (whether by address, street, corner, or some other method) is crucial to maintain accountability to ensure that said reductions are occurring.  The concern on the part of the Alliance is that basic maintenance and sanitation work (such as regularly scheduled street cleanings) are being counted as "reductions" when no individuals are being offered shelter or housing but simply moved from one block to the next, only to move back to the same sidewalk after cleaning is over.  If this is the case, nothing is "reduced" other than trash which is within the City's standard operating procedure (and in fact separately called for as part of the agreement).

The entire purpose of bringing this lawsuit, and the intent behind the settlement agreements with the City and County is for housing and shelter to be built at scale, bringing thousands of desperate unhoused individuals inside and paired with necessary services and treatment, overall reducing unsheltered homelessness.  Simply cleaning areas without further engagement is not helping individuals come inside and does not reduce unsheltered homelessness—it is simply picking up trash.

Because the City has refused to provide the locations of these alleged Encampment Resolutions, the Alliance and the Court have no basis by which to confirm the work is actually being done as anticipated and required by the Settlement

1

*MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS*

Agreement.  The Alliance requests the Court order the City to provide details of Encampment Resolutions to maintain accountability and confirm compliance.

## II.      STATEMENT OF FACTS

The City and Plaintiffs entered into a Settlement Agreement on May 24, 2022 which was subsequently approved by the Court.  That Settlement Agreement in part required the City to provide milestones and deadlines for "encampment engagement, cleaning, and reduction" in each Council District and Citywide, and required the City to "employ its best efforts to comply with established plans, milestones, and deadlines." (Fully Executed [Proposed] Stipulated Order of Dismissal as to Defendant City of Los Angeles Only, Ex. 1, Settlement Agreement ("Settlement Agreement") § 5.2, May 24, 2022, ECF No. 426-1.) The City was in willful violation of that provision from November, 2022 until January 31, 2024 at which time it finally provided the requisite Milestones and Deadlines.  (Mitchell Decl. ¶ 1, Ex. A.)

The City, as of January 31, 2024, committed to 9,800 Encampment Resolutions by the end of Fiscal Year 2025-2026. (*Id.*) On April 15, 2024 the City provided its first status report of Encampment Resolutions, identifying 2,137 resolutions in the first quarter of 2024, which was nearly a quarter of the resolutions in a three-month period (a shockingly high number after representing capabilities of much lower during multiple meetings from November, 2022 to January, 2024). (Mitchell Decl. ¶ 2.) Thereafter, at a scheduled meeting between LA Alliance and the City of Los Angeles designed to address early concerns, the Alliance requested locations of these encampment reductions to confirm resolutions, given the disparity in representations and apparent performance. (*Id.*)  The City deferred response, having to internally confer. On July 11, 2024, at another scheduled meeting, the Alliance again raised this issue and the City again deferred response. (*Id.*)

On July 15, 2024, the City filed its second Encampment Resolutions report, identifying errors in the prior reporting, and reporting only 1,688 Resolutions from January 2024-June 2024 (inadvertently omitting tents and vehicles due to internal

2

*MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS*

error). (Mitchell Decl. ¶ 6.) To date the City does not appear to have an accurate number of Encampment Resolutions, or is possibly behind in Resolutions according to its Milestones and Deadlines. This report was also devoid of any location information. (Mitchell Decl. ¶ 7.)

On August 16, 2024 LA Alliance served on the City a demand letter requesting, *inter alia*, commitment to providing the details of encampment resolutions. (Mitchell Decl. ¶ 8.) The City and LA Alliance met and conferred on August 21, 2024 wherein the City confirmed it was unwilling to provide location data. The parties met with Special Master Michele Martinez the following week, on August 27, 2024, and no resolution was reached. This issue is now ripe for Court adjudication. (Mitchell Decl. ¶ 9.)

## III. INFORMATION REGARDING ENCAMPMENT RESOLUTION LOCATIONS IS NECESSARY TO PROVIDE ACCOUNTABILITY AND ENSURE WORK IS BEING COMPLETED.

This lawsuit was brought ultimately to bring unhoused individuals off the street where it is unsafe and unhealthy, and inside where they can have access to necessary services and treatment to help them stay housed and off the street. Encampments are exceedingly dangerous and unsafe to both the people living in them and to the communities in which they reside. Reducing these encampments has always been part of the Settlement Agreement and is a significant part of the benefit Plaintiffs bargained for in entering into the operative settlement agreement with the City. (Motion for Order re Settlement Agreement Compliance and Sanctions, Feb. 7, 2024, ECF No. 668.)

The City's reporting on Encampment Resolution has been confusing and inconsistent, first reporting 2,137 reductions in a three-month period, then admitting internal error and subsequently reporting 1,688 in a six-month period, not including vehicles and RVs. Regardless of the true number, the Alliance is concerned that "Resolutions" are not being appropriately documented.

*MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS*

Many Alliance members report observing regularly scheduled cleanings ("CARE" and "CARE+") wherein unhoused individuals are asked to move their belongings to another area in order to dispose of trash and clean the area. If a person is not present and nobody moves the person's items for them, the tent and other personal valuables are trashed. Likewise, if tents or personal items are abandoned, they are disposed of. After the cleaning is finished, unhoused individuals are free to return to the area. There are no outreach workers present and nobody is offered housing or shelter during these clean-ups.

The Alliance is concerned that these regularly scheduled clean-ups are being counted as "resolutions" when in fact nothing is being resolved but instead people's items (or abandoned items) are being thrown away. The Alliance did not bring this lawsuit to encourage or facilitate destruction of personal items (though sanitation is very welcome), but rather to *bring people inside*. Cleaning an area, only to have unhoused individuals move back in without offers of shelter or housing, is not a "resolution" in the Alliance's view.

The locations where these Encampment Resolutions are taking place is necessary to maintain accountability and ensure these identified encampments are in fact being resolved/reduced rather than simply tracking sanitation routes. While Special Master Martinez has been instrumental in personally observing some projects and clean-ups, she has not been to each location at each time to observe progress and it is unreasonable for her to be expected to do so. Moreover, to the Alliance's understanding, she is not provided with each location, date, and time for personal observation.

The Alliance hereby requests that the Court order the City to report—either confidentially or publicly—the locations and dates of each Encampment Resolution reported to verify accuracy of reporting and ensure accountability.

4

*MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS*

## IV.   CONCLUSION

No person in the City of Los Angeles should have to or be allowed to live outside where it is unsafe and unhealthy for both the individuals living on the streets and the surrounding communities.  The Alliance requests increased reporting on Encampment Reductions—specifically the locations and dates of Encampment Resolutions—to verify that people are actually being offered shelter or housing, and encampments are being permanently reduced, and not simply moved from one place to another.

Dated: September 4, 2024                    Respectfully submitted,

*/s/ Elizabeth A. Mitchell*

UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell

*Attorneys for Plaintiffs*

5

*MOTION FOR ORDER RE SETTLEMENT AGREEMENT COMPLIANCE AND SANCTIONS*