UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 221
Los Angeles, California 90017
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
mumhofer@umklaw.com
emitchell@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, *et al.*, <br><br> Defendants. | Case No. 2:20-CV-02291-DOC-KES <br><br> Assigned to Judge David O. Carter <br><br> **NOTICE OF FILING PRESENTATION** <br><br> Before: Hon. David O. Carter <br> Courtroom: 10A |

*NOTICE OF FILING PRESENTATION*

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to the Court's request, LA Alliance for Human Rights hereby files the presentation made by Matthew Donald Umhofer at the hearing on October 16, 2024.

Dated: October 17, 2024       Respectfully submitted,

*/s/ Elizabeth A. Mitchell*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell

*Attorneys for Plaintiffs*

*NOTICE OF FILING PRESENTATION*



Nov. 21, 1985: A sleeping man pulls himself into fetal position for extra warmth before dawn on cold sidewalk on Hill Street in downtown Los Angeles.  (Ken Lubas / Los Angeles Times )



# LA Alliance v. City & County of Los Angeles

## *enforcing the settlement agreements*

1 the city's proposed violation

# MEMORANDUM OF UNDERSTANDING
# BETWEEN
# THE COUNTY OF LOS ANGELES and
# THE CITY OF LOS ANGELES

This Memorandum of Understanding ("MOU") is entered into this 9th day of October 2020 by and be[...] ("COUNTY"), and the [...] stablishing roles, [...] (i) peo[...] helter for underp[...] verpasses, City of Los Angeles, and (iii) other vulnerable PEH within the City of Los Angeles. COUNTY and CITY will be referred to herein individually as "PARTY" and together as "PARTIES."

PARTIES agree to the following for purposes of this MOU only:

I.    TERM OF MOU

**2020: "6,000 New Beds and 700 Other Beds"**

# 2020 Roadmap Settlement: +**6,700**

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between the following Parties:

1)    Plaintiffs LA Alliance for Human Rights, Joseph Burk, Harry

**2022: "3.1 The City agrees to create a Required Number of housing or shelter solutions ...."**

District of California, Case No. Case 2:20-cv-02291-DOC-KES (the "Action") naming the City and the County of Los Angeles (the "County") as co-defendants

# 2020 Roadmap Settlement: +**6,700**

# 2022 City Settlement: +**12,915**

---

# Total New Beds: +**19,615**

# 2020 Roadmap Settlement: +**6,700**

# **-2,500**

# 2022 City Settlement: +**12,915**

---

# Total New Beds: +~~19,615~~

# 2020 Roadmap Settlement: +**6,700**

**-2,500**

**4,200**

# 2022 City Settlement: +~~12,915~~

**+2,500**

**+10,415**

| | **Original** | **Proposed** |
|---|---|---|
| 2020 Roadmap Settlement: | +**6,700** | **4,200** |
| | | **2,500** |
| 2022 City Settlement: | +**12,915** | **10,415** |
| | | |
| Total New Beds: | +**19,615** | **17,115** |

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between the following

Parties:

1)    Plaintiffs LA Alliance for Human Rights, Joseph Burk, Harry

**2022: "3.1 The City agrees to create a Required Number of housing or shelter solutions …."**

District of California, Case No. Case 2:20-cv-02291-DOC-KES (the "Action")

naming the City and the County of Los Angeles (the "County") as co-defendants

city is not ==creating== the required number of additional beds—it is ==reducing== the number of beds created

**Original**  **Proposed**

2020 Roadmap Settlement: +**6,700**  **4,200**

2022 City Settlement: +**12,915**  **10,415**

---

Total New Beds: +**19,615** ➡️ **17,115**

# why?

*because the county refuses to continue to fund Roadmap beds*

MR. SZABO:  I would prefer to speak because I have notes.  These are just my notes.  But I will -- I will identify some key numbers.

So as we're looking at our financing plan for the remaining 4,252 beds, as I said, I wanted to take just a minute to talk about the Freeway agreement that -- and again, as the Court knows, we had an obligation to establish 6,700 beds.  The County contributed for a period of the five years, the period of the agreement, the settlement, $60 million a year to pay for those services.

As the Court knows, the Freeway agreement expires this year, so we have received our last check from the County to subsidize those services.  I say subsidize because when we made the agreement, the amount that the County was contributing was about half of what it would cost to provide the services for those beds.

So, number one, we have the expiration of the Freeway agreement.  We will not be getting any more funding from the County for those.  At the same time there is a conversation and a process ongoing that will likely result in a very significant increase in the bed rate.

So overnight, at the end of this fiscal year with the loss of the County 60 million and the increase of the bed rate, we could be looking at having to pay out $150 million to add no beds, no new beds, and to provide no additional services just to keep open what we have open.

So we have a financing plan for 1,752 beds, and I would be making that recommendation to the council.  We have identified the funding for that.  For the remaining 2,500, our proposal would be to extend 2,500 of those 4,100 Freeway agreement beds under the new regime.

So our request to the Court would be to allow our final calculation of that 12,000 to include preserving 2,500 of our Roadmap beds in addition to the master leasing, the tiny homes, the congregate shelter, and the long-term agreements in the motel.

MS. HASHMALL: Your Honor, so I am hearing the details of Mr. Szabo's plan that it sounds like he is working up to present to his council and his mayor. I obviously need to learn more about that, and I look forward to seeing that plan in more detail.

The agreement between the City and the County was a term of years, so it was always contemplated that it would expire. But I think, as Matt has identified in his proposal, if he is allowed to move those beds to his agreement with the City and the plaintiffs to which the County is not a party, the County would continue to provide resources for those beds.

So I don't think it's an issue of why is the County stopping.  The County has always been committed to providing resources and, it sounds like under this proposal, would still be providing resources.  It would just be in a different framework.

As the Court knows, the Freeway agreement expires this year, so we have received our last check from the County to subsidize those services.  I say subsidize because when we made the agreement, the amount that the County was contributing was about half of what it would cost to provide the services for those beds.

"the City Council urges the Board of Supervisors to direct their departments to cover the full cost to operate and service all City beds and units created before and after the Roadmap agreement"

# why we need an evidentiary hearing:

- *does the city's proposal violate their settlement agreement?*

- *does the county's refusal to fund beds violate their settlement agreement?*

city officials

supervisors

councilmembers

county officials

# Why won't the county continue funding for Roadmap beds?



Nov. 21, 1985: A sleeping man pulls himself into fetal position for extra warmth before dawn on cold sidewalk on Hill Street in downtown Los Angeles.  (Ken Lubas / Los Angeles Times )

