UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 221
Los Angeles, California 90017
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
mumhofer@umklaw.com
emitchell@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, *et al.*, <br><br> Defendants. | Case No. 2:20-CV-02291-DOC-KES <br><br> Assigned to Judge David O. Carter <br><br> **LA ALLIANCE FOR HUMAN RIGHTS' REQUEST FOR CLARIFICATION** <br><br><br> Before:  Hon. David O. Carter <br> Courtroom: TBD <br> Hearing Date:  October 25, 2024 <br> Hearing Time:  1:00 p.m. |

On October 18, 2024 this Court issued an order for an evidentiary hearing on October 25, at 1:00pm, consistent with the Court's oral order on October 16, 2024. *See* ECF 795; 798.  The Court also ordered: "[I]t is expected that the city and county will duly notify all individuals listed as witnesses, ensuring their presence at the hearing."  Communications with the city and the county suggest they do not believe the Court has ordered witnesses to be present for the evidentiary hearing.  Plaintiff seeks clarification to avoid any undue confusion or delay at the evidentiary hearing.

On October 17, 2024 and again on October 22, 2024, Plaintiff LA Alliance notified counsel for both the city and the county of their intent to call witnesses

*LA ALLIANCE FOR HUMAN RIGHTS' REQUEST FOR CLARIFICATION*

identified on the filed witness list.  *See* ECF 800.  Counsel for the County has refused to confirm presence of the county witnesses identified but has also failed to object to the presence of either witness; as such, Plaintiff seeks an order from the court clarifying that the Court's order (ECF 795) stands and the County witnesses are ordered to appear.

The City, on the other hand, has confirmed the presence of City Administrative Officer Matt Szabo but indicated it would object to Councilmember Blumenfield and Mayor Bass being called as witnesses under the apex witness doctrine[1] and, as of yesterday, the "deliberative process/mental processes privilege."[2]  However, the apex witness doctrine is only applicable to protect high-ranking officials from testifying about "matters of which they ha[ve] no personal knowledge of the events or decisions at issue." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 369 (N.D. Cal 2000) (permitting deposition of police chief and distinguishing other cases precluding depositions of high-ranking officials "about matters of which they had no personal knowledge); *see also Green v. Baca*, 226 F.R.D. 624, 648-50 (C.D. Cal 2005) (permitting plaintiff to call Los Angeles Sheriff Lee Baca in its case in chief because "it cannot be said that Baca has no personal knowledge of the facts at issue."). Similarly, the deliberative process/mental process privilege is a qualified immunity which protects only "predecisional" testimony "generated before the adoption of a policy or decision" and can be overcome by demonstration that "the need for accurate fact-finding override[s] the government's interest in non-disclosure." *FTC,* 742 F.2d at 1161 (N.D. Cal 2003).  Relevant factors courts consider are:

---

[1] In support of its objection under the Apex Witness doctrine, the City cited the following authority: *Pinn, Inc. v. Apple Inc.*, Case No. SA 19-CV-01805-DOC-JDE, 2021 WL 4775969, at *3 (C.D. Cal. Sept. 10, 2021) ("the 'apex doctrine' is usually applied to depositions but can also be applied to protect a senior executive from being compelled to appear at trial.") (citing *Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-CV-05632-PSG, 2015 WL 4648008, at *4 & n.38 (N.D. Cal. Aug. 5, 2015)).

[2] No legal authority was cited for this objection.

1

*LA ALLIANCE FOR HUMAN RIGHTS' REQUEST FOR CLARIFICATION*

(1) the relevance of the evidence; (2) the availability of other evidence, (3) the government's role in the litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. [] Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law.

*North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal 2003) (ordering testimony from city council members because their "motive and intent" was relevant to the claim and the "decisionmaking process" was central to the case which involved allegations of governmental misconduct"); *see also Thomas v. Cate*, 715 F. Supp. 2d 1012, 1020, 1037" (E.D. Cal 2010) (noting that "[a] number of courts have held that the deliberative process privilege does not apply in actions where the government's decision making is central to the plaintiff's case" and overruling the California Governor's objections to certain interrogatories because, among other issues, "Petitioner's interest in accurate fact-finding outweighs the Governor's interest in keeping [decisions] confidential.").

To be clear, Plaintiff seeks only testimony concerning the witnesses' personal knowledge, communications, intent, and decision-making, which is central to the issue of the evidentiary hearing: the reasons behind the City's request for modification of the settlement agreement and the implications on the County's agreement.

Accordingly, the Plaintiff respectfully seeks clarification of the Court to confirm that the City and County have obligations to produce all witnesses identified by Plaintiff because the City's objections are inapplicable.

2

*LA ALLIANCE FOR HUMAN RIGHTS' REQUEST FOR CLARIFICATION*

Dated: October 24, 2024          Respectfully submitted,

*/s/ Elizabeth A. Mitchell*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell

*Attorneys for Plaintiffs*

3

*LA ALLIANCE FOR HUMAN RIGHTS' REQUEST FOR CLARIFICATION*