DAWYN R. HARRISON (State Bar No. 173855)
*County Counsel*
KATHERINE M. BOWSER (State Bar No. 230626)
*Assistant County Counsel*
ANA WAI-KWAN LAI (State Bar No. 257931)
*Senior Deputy County Counsel*
alai@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
500 West Temple Street, Suite 648
Los Angeles, California 90012
Telephone: (213) 974-1830
Facsimile: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)**<br><br>**COUNTY OF LOS ANGELES' RESPONSE TO LA ALLIANCE FOR HUMAN RIGHTS' WITNESS LIST FOR OCTOBER 25, 2024 HEARING**<br><br>Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

701149.2

1    On October 22, 2024, Plaintiff LA Alliance for Human Rights filed a witness list for the October 25, 2024 evidentiary hearing that includes the Chair of the County of Los Angeles ("County")'s Board of Supervisors, Lindsey Horvath, and the County Chief Executive Officer, Fesia Davenport.  (Dkt. 800.)  Neither are available to attend the evidentiary hearing on October 25th, and, in any event, are not appropriate witnesses.

During a status conference on October 16, 2024, the Court scheduled an "evidentiary hearing" in the afternoon of October 25, 2024 regarding the City's proposed "Bed Plan" with the knowledge that Chair Horvath was not available then. (10/16/24 Hrg. Tr. at 67:19-23; *see also* Dkt. 795.)  Both the Chair and the current Chair Pro Tem, Kathryn Barger, have pre-existing commitments to the Executive Committee for Regional Homeless Alignment, an executive leadership table that includes Mayor Karen Bass, City Councilmember Nithya Raman, and other key local and state officials.  The Executive Committee was one of the evidence-based recommendations of the Blue Ribbon Commission on Homelessness in order to create a forum for decision-makers across the region to convene as a single, collaborative body and discuss policy, data, resources, strategies, and solutions to address homelessness on a regional scale.  This meeting of the Executive Meeting has been scheduled for many months now.

This Court has also recognized that the apex doctrine precludes efforts like Plaintiff's to elicit testimony from high-level officials.  *E.g.*, *Pinn, Inc. v. Apple Inc.*, 2021 WL 4775969, at *3 (C.D. Cal. Sept. 10, 2021) ("the 'apex doctrine' is usually applied to depositions but can also be applied to protect a senior executive from being compelled to appear at trial.") (citing *Reddy v. Nuance Commc'ns, Inc.*, 2015 WL 4648008, at *4 & n.38 (N.D. Cal. Aug. 5, 2015)).  The apex doctrine reflects a judicial recognition that obtaining information from high-ranking officials is inherently burdensome because they "have greater duties and time constraints than other witnesses," *Lull v. Cty. of Sacramento*, 2020 WL 3412708, at *1 (E.D. Cal.

June 22, 2020), and permitting such intrusion "creates a tremendous potential for abuse or harassment." *Est. of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017); *accord Lull*, 2020 WL 3412708, at *1. There is no question the Chair and Chief Executive Officer are "apex" witnesses. *Kern*, 320 F.R.D. at 525–26. Nor do they have any information relevant to the City's proposed bed plan, which concerns the City's "compl[iance] with the terms of its Settlement Agreement with LA Alliance." (Dkt. 775.) The County's compliance with its settlement obligations is not at issue. Plaintiff's attempt to *only* obtain testimony from these apex witnesses gives rise to an inference that it is for the improper "purpose to harass or annoy." *Levingston*, 320 F.R.D. at 527.

The requested testimony is also protected by the deliberative process privilege, which protects "not only the mental processes by which a given decision was reached, but the substance of conversations, discussions, debates, deliberations and like materials reflecting advice, opinions, and recommendations by which government policy is processed and formulated." *Citizens for Open Gov't v. City of Lodi*, 205 Cal. App. 4th 296, 305 (2012); *accord See San Joaquin Cty. Local Agency Formation Comm'n v. Superior Court*, 162 Cal. App. 4th 159, 172 (2008); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Plaintiff's witness list concedes that Plaintiff is seeking testimony about "County Board deliberations and decisions" and "budget and spending allocations"—the very heart of information protected by deliberative process privilege.

DATED: October 24, 2024        MILLER BARONDESS, LLP

By:    */ s / Mira Hashmall*
MIRA HASHMALL
Attorneys for Defendant
COUNTY OF LOS ANGELES