HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California 90012
Telephone: 213-978-7508
Facsimile: 213-978-7011
Email:  Arlene.Hoang@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>Defendants. | Case No. 2:20-cv-02291 DOC (KES)<br><br>Hon. David O. Carter<br>United States District Judge<br><br>**DEFENDANT CITY OF LOS ANGELES' RESPONSE TO OCTOBER 25, 2024 EVIDENTIARY HEARING [DKT. 795], PLAINTIFFS' WITNESS LIST [DKT. 800], AND PLAINTIFFS' REQUEST FOR CLARIFICATION [DKT. 803]**<br><br>**Date:**      October 25, 2024<br>**Time:**      1:00 p.m.<br>**Location:**  First Street Courthouse<br>                  Courtroom 1 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant City of Los Angeles ("City") hereby responds and objects to the evidentiary hearing concerning the City's proposed bed plan scheduled for Friday, October 25, 2024 at 1:00 p.m. [Dkt. 795], to Plaintiffs' Witness List [Dkt. 800], and to Plaintiffs' Request for Clarification [Dkt. 803] on the following grounds:

Plaintiffs have not alleged – much less with any credible evidence – that the City has breached its agreement, or that there is even any material dispute about the terms of the agreement. In the absence of any alleged breach of any agreement, rushing to proceed with an evidentiary hearing is premature and unnecessary.

Particularly in light of the lack of evidentiary basis for such a hearing, proceeding with the hearing is also an unnecessary burden on the parties, witnesses, and the Court. *See, e.g., Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) ("District courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful."). Proceeding on such short notice further raises due process concerns due to the lack of adequate and reasonable time for the parties to prepare for this hearing. *See, e.g., Application of Gault*, 387 U.S. 1, 33 (1967) ("Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded…").

With respect to the witness list filed by Plaintiffs, the City maintains its already-asserted objection to Plaintiffs' attempt to call high-ranking "apex" witnesses, including the Mayor and any Council Member, who lack unique, first-hand knowledge of relevant facts, nor have Plaintiffs attempted – much less exhausted – other less burdensome and intrusive ways of obtaining the information they seek. *See, e.g., Pinn, Inc. v. Apple Inc.*, Case No. SA 19-CV-01805-DOC-JDE, 2021WL4775969, at *3 (C.D. Cal. Sept. 10, 2021) ("the 'apex doctrine' is usually applied to depositions but can also be applied to

1

DEFENDANT CITY OF LOS ANGELES' RESPONSE TO EVIDENTIARY HEARING, PLAINTIFFS' WITNESS LIST, AND REQUEST FOR CLARIFICATION

protect a senior executive from being compelled to appear at trial.") (citing *Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-CV-05632-PSG, 2015 WL 4648008, at *4 & n.38 (N.D. Cal. Aug. 5, 2015)). Plaintiffs cannot meet their burden to show the necessary, extraordinary circumstances to justify compelling testimony from these apex witnesses. *See, Dunsmore v. San Diego County Sheriff's Dep't*, 2024WL2869984, at *1 (2024).[1]

In addition, the deliberative process privilege protects from disclosure "the decision making processes of government agencies" with the goal of protecting candid discussions between officials, and the underlying mental processes that go into the policymaking. To the extent Plaintiffs are seeking to probe beyond public statements or a written resolution – which speaks for itself – into the thought processes or motives behind the Mayor's or a Councilmember's decision-making in their capacity as policymakers, Plaintiffs would not be entitled to discover such information, even if they could establish the relevance of such mental processes. *See, e.g., William Jefferson & Co., Inc. v. Bd. of Assessment and Appeals No. 3 for Orange County*, 482 Fed. Appx. 273, 274 (9th Cir. 2012) (no abuse of discretion in granting protective order on basis of privileges, including deliberative process privilege); *Bd. of Supervisors v. Superior Court*, 32 Cal. App. 4th 1616, 1625-26 (1995) (citing *County of Los Angeles v. Superior Court,* 13 Cal.3d 721, 1626-27 (1975)) (holding that trial court improperly permitted discovery aimed at determining when and why County Board of Supervisors made a particular decision); *County of Los Angeles v. Superior Court*, 13 Cal. 3d 721, 727 (1975 ("the authorities, both in California and more generally, make clear that the rule barring judicial probing of lawmakers' motivations applies to local legislators as well as to members of the state Legislature or of Congress.").

Should the Court be inclined to overrule the City's objections, the City respectfully requests the opportunity to brief the issues more fully prior to any ruling consistent with due process considerations. Indeed, Plaintiffs' Request for Clarification

---

[1] Counsel for the City further advised Plaintiffs' counsel that the Mayor was not available to attend the evidentiary hearing on Friday afternoon.

2

DEFENDANT CITY OF LOS ANGELES' RESPONSE TO EVIDENTIARY HEARING, PLAINTIFFS' WITNESS LIST, AND REQUEST FOR CLARIFICATION

[Dkt. 803] was filed less than 24 hours before the evidentiary hearing is scheduled to proceed, and the City has not been afforded ample opportunity to address Plaintiffs' arguments or cited case authorities.

DATED:  October 24, 2024  HYDEE FELDSTEIN SOTO, City Attorney
            DENISE C. MILLS, Chief Deputy City Attorney
            KATHLEEN  KENEALY, Chief Asst City Attorney
            ARLENE N. HOANG, Deputy City Attorney
            JESSICA MARIANI, Deputy City Attorney

            By: */s/*
            Arlene N. Hoang, Deputy City Attorney
            Counsel for Defendant City of Los Angeles

DEFENDANT CITY OF LOS ANGELES' RESPONSE TO EVIDENTIARY HEARING, PLAINTIFFS' WITNESS LIST, AND REQUEST FOR CLARIFICATION