**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02291-DOC-KES                    Date:  October 30, 2024

Title: LA Alliance for Human Rights, et al. v. City of Los Angeles, et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Rolls Royce Paschal for Karlen Dubon                    Not Present
Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFF:                               DEFENDANT:
None Present                             None Present

PROCEEDINGS (IN CHAMBERS):    ORDER RE: PRODUCTION OF
                              CONFIDENTIAL DATA AND
                              INFORMATION; ORDER
                              REQUESTING DATA

At the recommendation of the Special Master and numerous emails between the parties, the parties agree to the following language about data that will be provided by the County to Alvarez and Marsal:

The County seeks to ensure protection of confidential information contained in the requested data;

To comply with the data requests, the County of Los Angeles must disclose medical, mental health, and substance use disorder data protected from disclosure by various federal and State statutes, including but not limited to: Substance Use Disorder Patient Records subject to 42 Code of Federal  Regulations (CFR) Part 2 (e.g., treatment and referral for treatment information as set forth in 42 CFR 2.11), as well as Protected Health Information subject to the Health Insurance Portability and Accountability Act (HIPAA),  Medical Information subject to California Civil Code. §§ 56.10, et seq., as well as Welfare and Institutions Code (WIC) 5000 to 5550 (Lanterman-Petris-Short Act).

The Parties agree to maintain confidentiality of all records at issue, confine the use of said records to this lawsuit, and deem them "confidential" within the parameters of this Protective Order;

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                                      Date: October 29, 2024

                                                                                    Page 2

With respect to disclosure of Substance Use Disorder Patient Records, under federal regulations  under 42 CFR 2.66 and 42 CFR Part 2.64(d) and (e), the court must make the following findings:

(1) Other ways of obtaining the information are not available, would not be effective; and
(2) The public interest and need for the use or disclosure outweigh the potential injury to the patient, the physician-patient relationship, and the treatment of services." (42 CFR 2.64(d)

Additionally, the content of an order authorizing a use or disclosure Substance Use Disorder Patient Records must:

(1) Limit use or disclosure to only those parts of the patient's record, or testimony relaying those parts of the patient's record, which are essential to fulfill the objective of the order;
(2) Limit use or disclosure to those persons whose need for information is the basis for the order; and
(3) Include such other measures as are necessary to limit use or disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which use or disclosure of a patient's record, or testimony relaying the contents of the record, has been ordered. (42 CFR 2.64(e))

Federal district courts also have the power to authorize disclosure of HIPAA and 42 CFR Part 2 protected material in discovery proceedings, without a patient's consent in response to a court order, or in discovery where a qualifying protective order is in place.  See 45 C.F.R. §§ 164.512(e)(l)(i); (e)(l)(ii)(B); (e)(l)(v); see also Briggs v. Adel, No. CV-18-02684-PHX-EJM, 2020 WL 4003123, at *12 (D. Ariz. July 15, 2020); Garey v. Anderson, No. 2:22-CV-0069-TOR, 2022 WL 17327846, at *2 (E.D. Wash. Nov. 29, 2022),

1.      FINDINGS AND <u>ORDER</u>

The Court hereby finds and orders as follows:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                              Date: October 29, 2024

                                                              Page 3

A.    PURPOSES AND LIMITATIONS
        Sensitive, confidential information protected from disclosure under federal and
State law may be required under the data request by A & M.  This Order does not entitle
them to file confidential information under seal; Civil Local Rule 79-5 sets forth the
procedures that must be followed and the standards that will be applied when a party
seeks permission from the court to file material under seal.

B.    GOOD CAUSE
        The data request from A & M is likely to involve disclosure of personal health
information, substance use disorder treatment information, personally identifying
information, and other records deemed confidential pursuant to several laws and
regulations including, but not limited to, Cal. Welf. & Inst. Code §§ 362.5, 827, 5328,
and 10850, Cal. Civ. C. §§ 56.10, et seq., Cal. Civ. Code section 1798 et seq. (the
Information Practices Act of 1977), Cal. Health & Safety Code section 11845.5,  45
C.F.R. §§ 160.103 and 164.512(e) of the Privacy Regulations issued pursuant to the
Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 CFR Part 2,
the federal Drug Abuse Office and Treatment Act of 1972 (PL 92–255), and the federal
Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and
Rehabilitation Act of 1970 (PL 91–616); and Welfare and Institutions Code (WIC) 5000
to 5550 (Lanterman-Petris-Short Act).
        Such confidential materials and information consist of among other things,
medical records.  In this, context medical records means any information whether
recorded or not, saved, or acquired by a Part 2 program relating to a patient (e.g.,
diagnosis, treatment and referral for treatment information, billing information, emails,
voicemails, and texts), and including patient identifying information.
Accordingly, to ensure adequate protection of confidential information, to expedite the
flow of information, to facilitate the prompt resolution of disputes over confidentiality of
materials, to adequately protect information the Parties are entitled to keep confidential,
to ensure that the Parties are permitted reasonably necessary uses of such material in
preparation for an audit of the County's services, a protective order for such information
is justified in this matter.

C.    ADDITIONAL FINDINGS AND ORDERS
        Based on the foregoing, the court finds that other ways of obtaining the
information are not available, would not be effective; and the public interest and need for
the use or disclosure outweigh the potential injury to the patient, the physician-patient
relationship, and the treatment of services

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                          Date: October 29, 2024

Page 4

This order limits use or disclosure to only those parts of the patient's record, or testimony relaying those parts of the patient's record, which are essential to fulfill the objective of the order; and limits use or disclosure to those persons whose need for information is the basis for the order.

2.      DEFINITIONS

2.1     Action:  LA Alliance for Human Rights, et al. v. County of Los Angeles, et al., Case No. 2:20-cv-02291-DOC-KES.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     Confidential Information:  All personally identifiable information of individuals; information that qualifies for protection under Federal Rule of Procedure 26(c) and as specified above in the Good Cause statement, and any other information that is protected or restricted from disclosure by statute or regulation, but which a party is seeking in connection with this case, including without limitation the provision of Cal. Welf. & Inst. Code Sections 362.5, 827, 5238, and 10850, Cal Civ. Code Sections 56.10 et. seq. and 1798 et seq., Cal. Health & Safety Section 121845.5, HIPAA, the federal Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 (PL 91-616), and Welfare and Institutions Code (WIC) 5000 to 5550 (Lanterman-Petris-Short Act).

2.4     Privileged Material:  Material that is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or doctrine.

2.5     Protected Material:  All Material, designated as "CONFIDENTIAL" that is Protected Health Information, Personally Identifiable Information, or Confidential Information.  If a Party determines that information not defined as Protected Material should be covered by this Order, the Parties shall negotiate the appropriateness of that request in good faith and endeavor to resolve any dispute prior to the production of that information.  Nothing herein shall waive or limit a Party's right to seek additional relief as to the scope of what constitutes Protected Material.

2.6     Personally Identifiable Information:  All "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, social security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information."  Cal.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                    Date: October 29, 2024

                                                                Page 5

Civ. Code § 1798.80(e).  Personally Identifiable Information does not include publicly available information that is lawfully made available to the general public from federal, state, or local government records or otherwise.

2.7     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.8     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.9     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10    House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

This Order authorizes the Parties to:

1)      Designate Protected Material as subject to the terms, limitations and requirements of this Order;

2)      Disclose and/or produce Protected Material in this Action, upon compliance with this Order.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                              Date: October 29, 2024

                                                                      Page 6

To the extent that HIPAA, the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970, and other federal and State privacy laws allow the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.

This Order is not intended to resolve any other confidentiality issues and the Parties explicitly reserve their right to bring disagreements regarding the applicability or requirements of other confidentiality protections to the Court at a later date.

The protections conferred by this Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order is subject to the Local Rules of this District, the Court's civil standing order, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial and does not serve to waive any evidentiary objections to production or introduction of Protected Material made prior to or during trial.

4.      DURATION
Any use of Protected Material at trial shall be governed by the orders of the court. This Order does not govern the use of Protected Material at trial.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment  herein after the completion and exhaustion of all appeals, rehearing's, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. All data must be returned to the County of Los Angeles upon final disposition of this litigation, as more fully described in paragraph 9.

5.      DESIGNATION OF CONFIDENTIAL INFORMATION AND PRODUCTION OF DATA
5.1     Notwithstanding HIPAA, the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970, and 42 CFR 6.22, the Court orders production of Confidential Information within the Parties' possession, custody, or control pursuant to the protections established in this Order.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                          Date: October 29, 2024

Page 7

5.2     Confidential Information shall be marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

5.3     In light of the foregoing, to minimize burden to the Producing Party, any materials marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" need not be redacted prior to production.

5.4     Documents marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" may be filed under seal pursuant to Local Rule 79-5.

6.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If A &M learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this  Order, it must immediately (a) notify the County in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

7.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
         PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

8.     <u>MISCELLANEOUS</u>

8.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

8.2     Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                                   Date: October 29, 2024

Page 8

8.3     Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

9.     FINAL DISPOSITION
     After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all  the Protected  Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above (DURATION).

     10. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt  proceedings and/or monetary sanctions.

     11.     The County does not waive any privileges and rights afforded to it, including, but not limited to, California Civil Code section 56.10; Welfare and Institutions Code section 5300 et seq. and 5550, also known and the (Lanterman-Petris Short Act); 42 CFR Part 2, and the right to privacy embodied by the California Constitution and the United States Constitution.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                              Date: October 29, 2024

Page 9

## AMENDMENT TO ENGAGEMENT LETTER

The Court hereby addresses the amendment to the engagement letter between the City of Los Angeles and A&M regarding the assessment of County data and outlines the funding responsibilities related thereto.

1. **Extension of Time for Data Assessment:**
   The Court notes that the initial timeline for A&M's assessment was contingent upon the receipt of necessary data from the County of Los Angeles by Friday, October 18, 2024. Due to unforeseen delays in obtaining this crucial data, A&M anticipates that the timeline for completing the assessment, as stipulated in the Engagement Letter, will need to be extended to Wednesday, January 29, 2025. A&M expresses hope that the County of Los Angeles will provide the requisite data for the lookback period spanning June 1, 2020, to June 30, 2024, by Friday, November 1, 2024.

2. **Proposed Pricing and Cost Reimbursement:**
   To accommodate the aforementioned time extension and scope expansion, A&M proposes an increase in its fixed fee of $1,060,000, adjusting the total fixed fee to $3,530,000. A&M will continue to issue monthly invoices to the City of Los Angeles, commencing at a rate of $442,500 per month, which will apply from October 2024 to January 2025. These invoices are due upon receipt.
   The Court recognizes that an estimated $620,000 of the total fixed fees corresponds to services rendered specifically concerning the County of Los Angeles. The County of Los Angeles is expected to reimburse the City of Los Angeles promptly, in accordance with a separate payment agreement for the services attributed to it.

3. **Conditions Affecting Completion Timeline**
   A&M's ability to complete the work within the proposed timeline and pricing is contingent upon several critical factors, including the timely availability of City and County leadership, the cooperation of other involved experts for interviews, prompt responses to data requests, and the accuracy and completeness of data provided by the City of Los Angeles, the Los Angeles Homeless Services Authority (LAHSA), and the County of Los Angeles. Should any of these conditions be unmet, the completion timing for A&M's work may be adversely affected, potentially necessitating future adjustments to both the timetable and the associated fees for services rendered.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                                   Date: October 29, 2024

Page 10

It is hereby ordered that the City of Los Angeles is to pay the amended fees to A&M as stated, and the County of Los Angeles is requested to reimburse the City in an expedient manner as outlined above, ensuring that the work can proceed without further delay.

## DATA REQUEST

The Court requests that the County of Los Angeles provide the data to Alvarez and Marsal requested herein below by Friday, November 1, 2024, for the lookback period of June 1, 2020 through June 30, 2024.

1. Data Request #1: For the interim and permanent supportive housing beds established by the City and City and County-funded outreach teams under the Programs, please provide the data supporting the referrals received for services funded by the County for each respective department as well as by County-funded providers.
    1. Data fields to include a unique client identifier, date of the referral [date the County received the referral], type of referral, referral destination (specific County department, name of provider), outcome of referral (including client refusals), and the location/site of the bed established by the City. Please provide the data sources and data definitions.

2. Data Request #2: For the interim housing beds established by the City under the Programs, please provide data supporting the mainstream and other supportive services provided to the eligible clients served by the County as well as by County-funded service providers.
    1. Data fields to include a unique client identifier, the date of the initial referral (as applicable), type of referral, referral destination (specific County department), date of the initial visit (as applicable), date the service was provided, type of service rendered, outcome (as applicable), service provider (specific County department, name of provider), and the location/site of the interim housing bed established by the City. Please provide the data sources and data definitions.

3. Data Request #3: Please provide a listing of the clients placed in County Homeless Initiative-funded unlicensed high service need interim housing, including the site locations of the high service need interim housing beds and the origin of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                    Date: October 29, 2024

Page 11

clients (such as location of unsheltered City people experiencing homelessness, the interim housing site).

  1. Data fields include a unique client identifier, date of referral (as applicable), date of placement into the high service need interim housing bed, location of the high service need interim housing bed placement, and origin of the clients. Please provide the criteria and eligibility requirements for placement in high service need interim housing as well as the data sources.

4. Data Request #4: Please provide a listing of the people experiencing homelessness in the City as defined in the City County MOUs signed on May 2, 2024, who received access and placement into mental health/SUD beds, including the site locations of the beds and the origin/location of the client.

  1. Data fields include a unique client identifier, date of referral (as applicable), date of placement into the mental health/SUD bed, location of the mental health/SUD bed, and origin of the City-funded bed. Please provide the criteria and eligibility requirements for placement in a mental health/SUD bed as well as the data sources.

5. Data Request #5: For the permanent housing beds established by the City under the Programs, please provide data supporting the Permanent Supportive Housing (PSH) services provided to the eligible clients served by the County as well as by County-funded service providers. These PSH services include social welfare or benefits administered by or through the County, including (1) Intensive Case Management Services ("ICMS") and integrated health services; (2) Mainstream Services; and (3) services to facilitate a tenant's connection to primary care, specialty mental health services, and substance abuse disorder services.

  1. Data fields to include a unique client identifier, the date of the initial referral (as applicable), date of the initial visit (as applicable), date the service was provided, type of service rendered, outcome (as applicable), service provider (specific County department, name of provider), and the location/site of the permanent housing bed established by the City. Please provide the data sources and data definitions.

6. Data Request #6:  Please provide the definition of "services commenced" in reference to the reports to the Court on the supportive services for City interim housing.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-CV-02291-DOC                                    Date: October 29, 2024

Page 12

7.  Data Request #7: Please provide the definition or parameters that define the threshold that the County uses to provide services onsite at a City-funded interim housing site (e.g., a certain occupancy rate, number of participants).

8.  Data Request #8: Please provide a listing of all locations of the County Homeless Initiative-funded unlicensed high service need interim housing and the types of services provided at each respective location.

9.  Data Request #9: Please provide a listing of all locations of mental health / SUD beds and the types of services provided at each respective location.

**The County, if there are any objections, should respond to this Order within 48 hours.**

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                         Initials of Deputy Clerk: kdu

CIVIL-GEN

**ALVAREZ & MARSAL**
**PUBLIC SECTOR SERVICES**

Alvarez & Marsal
Public Sector Services, LLC
655 15th Street, NW
Suite 600
Washington, D.C. 20005
Phone: +1 202 729 2100
Fax: +1 202 729 2101

October 25, 2024

Honorable David O. Carter
United States District Court
Central District of California
411 West Fourth Street, Courtroom 10A
Santa Ana, CA 92701

Re: Amendment Two to Engagement Letter dated May 17, 2024

Dear Judge Carter:

This letter serves as an amendment to the engagement letter between Alvarez & Marsal Public Sector Services, LLC ("A&M") and District Judge David O. Carter (the "Court") dated May 17, 2024 (the "Engagement Letter").

1.      Updated Scope of Services

(a) Alvarez & Marsal Public Sector Services LLC ("A&M") was retained to conduct an independent assessment of the City of Los Angeles's homelessness programs per the Engagement Letter.  Specifically, the financial and performance assessment set forth in the Engagement Letter was limited to a review of funding from the City of Los Angeles and the three identified programs: 1) Freeway Agreement – Roadmap Program, 2) Inside Safe Program, and 3) Alliance Settlement Program (the "Programs"). This assessment has a lookback period from June 30, 2024 to the initiation of the respective Program. The ongoing assessment is hereby amended to include a review of services funded by the County of Los Angeles, limited to their involvement with the Programs. This amendment does not extend to a financial assessment of the County of Los Angeles in delivering these services.  A&M will not review, use, collect, or retain any personal information obtained through interviews or personal interactions.

(b) A&M's scope of work will be revised in accordance with the court order dated October 21, 2024 granting a time extension for the assessment per the Engagement Letter to Wednesday, January 15, 2025 due to data delays from the Los Angeles Homeless Services Authority ("LAHSA"); this extension will also include supplemental fieldwork related to the Los Angeles Police Department and the County of Los Angeles which was previously agreed upon with the Court.

(c) This original time extension was dependent on receiving the data from the County of Los Angeles by Friday, October 18, 2024. However, due to unforeseen delays in receiving the necessary data from the County of Los Angeles, A&M anticipates the time extension for the assessment per the Engagement Letter to Wednesday, January 29, 2025 in hopes the County of Los Angeles can produce the data for the lookback period (June 1, 2020 through June 30, 2024) to A&M by Friday, November 1, 2024.

Honorable David O. Carter
October 25, 2024
Page 2 of 3

**ALVAREZ & MARSAL**
**PUBLIC SECTOR SERVICES**

2.    Proposed Pricing

(a) To provide for the time extension and the expansion of scope outlined above, A&M estimates an increase in its fixed fee price of $1,060,000 for a total fixed fee of $3,530,000.  A&M will continue to submit monthly invoices to the City of Los Angeles which will be adjusted going forward for the aforementioned fixed fee increase to an amount of $442,500 per month, covering the period from October 2024 through January 2025. Invoices are payable upon receipt. A&M estimates $620,000 of the total fixed fees are attributed to services provided in relation to the County of Los Angeles. A&M understands that the County of Los Angeles is expected to reimburse the City of Los Angeles in a timely manner under a separate payment agreement for the portion of the services related to the County of Los Angeles. A&M's completion of the work within the timeframe provided above and at the pricing proposed herein is subject to and dependent upon several conditions including the timely availability of City and County leaders as well as other experts for interviews, timely responses to data requests, and the accuracy and completeness of the data provided by the City of Los Angeles, LAHSA, and the County of Los Angeles.  Should any of these conditions not be met, the timing of A&M's completion of the work could be adversely impacted which may potentially require a future adjustment to the timetable and associated fees for A&M's work.

Except as expressly amended by this letter, all terms of the Engagement Letter shall remain unchanged and in full force and effect.

Very truly yours,

**Alvarez & Marsal Public Sector Services, LLC**

By:    _____
       Name:  Diane Rafferty
       Title:   Managing Director

Accepted and agreed:

**District Judge David O. Carter**

By:    _____
       Name: Honorable David O. Carter
       Title: District Judge

Accepted and agreed:
(*Court requests either the Mayor of Los Angeles or City Council President sign on the next page*)

Honorable David O. Carter
October 25, 2024
Page 3 of 3

**ALVAREZ & MARSAL**
**PUBLIC SECTOR SERVICES**

**Mayor Karen Bass**                                    **Marqueece Harris-Dawson**


By:    _____                    By:    _____
      Name:  Karen Bass                                  Name:  Marqueece Harris-Dawson
      Title: Mayor of Los Angeles                        Title: City Council President

**Independent Assessment of the City of Los Angeles's Homelessness Programs**

Outstanding Data Requests from Alvarez & Marsal
October 25, 2024

<u>Notes:</u>
For the purpose of this data request, relevant Programs include: (1) Freeway Agreement - Roadmap Program, (2) Alliance Settlement Program, and (3) Inside Safe.
Please note if the information requested is not available.

A&M kindly requests that the parties provide the requested data as soon as possible. Receiving this information promptly is essential to ensure the timely completion of this assessment.

| Item # | Party | Requested Item | Time Period | Description / Notes | Preferred Format | Date Requested | Target Date |
|---|---|---|---|---|---|---|---|
| 42a. | LAHSA | "Compliance Team File Structure" for Family Crisis Center, LA/US Veterans Initiative, National Health Foundation, Safe Parking LA, and Urban Alchemy, Inc. (service providers related to contracts AD-BH-ABH-014, GT-BH-ABH-020, GT-BH-PHKCO-016, GT-SS-SP-016, GT-SS-SS-001) | June 2020 - June 2024 | | Various | 10/01/2024 | 10/09/2024 |
| 42b. | LAHSA | Monitoring and reporting information for these specific contracts were not included in the "Compliance Team File Structure" (although LAHSA provided compliance file structures for the respective vendors): GT-BH-RIH-004/2020IHRM08, GT-BH-RTV-002, GT-BH-RTV-007, GT-BH-PHKCO-011, GT-BH-ABH-016, GT-BH-RIH-024 | June 2020 - June 2024 | *Please provide written confirmation that the omission is due to the fact that monitoring report activities have not been conducted for these specific contracts and/or their exclusion was unintentional.* | Various | 10/01/2024 | 10/09/2024 |
| 42c. | LAHSA | Record of all internal monitoring reviews completed by LAHSA's subrecipients [service providers] of the program they operate, including monitoring of their subcontractors for Family Crisis Center, LA/US Veterans Initiative, National Health Foundation, Safe Parking LA, Urban Alchemy, Inc., Volunteers for America, Home At Last, LA Family Housing, and Hope of the Valley. | June 2020 - June 2024 | *Please provide written confirmation that this omission is due to the fact that LAHSA has not received records of any internal monitoring reviews from these providers and/or their exclusion was unintentional.* | Various | 10/01/2024 | 10/09/2024 |
| 42d. | LAHSA | Record of all grievances filed by site (including grievance and complaint log(s)), action taken by subrecipient and LAHSA to address the grievance, and disposition status | June 2020 - June 2024 | *LAHSA produced a summary, which does not detail the grievance filed, action taken by the subrecipient and LAHSA to address the grievance, and disposition status. Please provide record of all grievances filed by site (including grievance and complaint log(s)), action taken by subrecipient and LAHSA to address the grievance, and disposition status* | Various | 10/01/2024 | 10/09/2024 |
| 42e. | LAHSA | Record of all completed Risk Investigations for each site, action taken by subrecipient and LAHSA to address risk, and disposition status. | June 2020 - June 2024 | *For any ongoing, pending investigations that LAHSA is unable to provide details for, please share the number of pending investigations and the estimated time for their completion.*<br><br>*LAHSA produced a summary table, which included one completed risk investigation for the lookback period and six pending investigations. Please provide the support documentation of the only risk investigation completed within the lookback period: Record of all completed Risk Investigation(s) for each site, action taken by subrecipient and LAHSA to address risk, and disposition status.* | Various | 10/01/2024 | 10/09/2024 |
| 52 | LAHSA | Master "status report trackers" for fiscal years 2020 through 2024 | June 2020 - June 2024 | *Example of master status report tracker would be* <u>FY23-24 Master Status Report Tracker.xlsx</u> | XLSX | 10/21/2024 | 10/30/2024 |
| 53 | LAHSA | Locations (residential addresses) for the Time-Limited Subsidies contracts previously provided under Data Request #35 | June 2020 - June 2024 | *A&M requested a meeting with the LAHSA financial team to discuss the bed/slot count, rental assistance for participants, funding plans, and braided-funding structure. Awaiting scheduling of this meeting by LAHSA.* | XLSX | 10/23/2024 | 10/30/2024 |
| 54 | LAHSA | EGMS extracts (subrecipient invoices) for the following contracts:<br> - GT-TLS-N-049<br> - GT-TLS-N-069 | June 2020 - June 2024 | | PDF | 10/23/2024 | 10/30/2024 |
| 55 | LAHSA | Please identify the grant code within LAHSA's chart of accounts that align with the following City-funded contracts: C-144656; C-138006; c-135536; C-136465 | June 2020 - June 2024 | *Upon review, A&M identified that the* <u>LAHSA Chart of Accounts_Crosswalk_revised incld closed grants_08.31.24.xlsx</u> *did not include C-144656, C-138006, C-135536, and C-136465 under the "Funder Contract No." column* | XLSX | 10/23/2024 | 10/30/2024 |
| 56 | LAHSA | Please provide any policies, guidelines, and criteria used to determine the prioritization for a person experiencing homelessness in the City of Los Angeles for interim housing placement throughout the lookback period. Please include all criteria including specific guidance provided by council districts, as applicable. | June 2020 - June 2024 | *Please include any specific factors (e.g., vulnerability, health conditions, age, period of being unsheltered) that influenced prioritization decisions, including any relevant supporting materials created during this lookback period that could provide further clarity on the prioritization and placement procedures* | No Preference | 10/25/2024 | 11/01/2024 |
| 57 | LAHSA | Please provide the steps of the overall placement process, including steps from initial contact through to interim housing placement throughout the lookback period | June 2020 - June 2024 | *Please include timeframes typically involved in each stage of the process* | No Preference | 10/25/2024 | 11/01/2024 |
| 58 | LAHSA | Pleased provide an outline of the decision-making process, including all roles involved internally and externally | June 2020 - June 2024 | *Please include any review or oversight mechanisms in place for consistent prioritization and placement* | No Preference | 10/25/2024 | 11/01/2024 |

**Independent Assessment of the City of Los Angeles's Homelessness Programs**

Outstanding Data Requests from Alvarez & Marsal
October 25, 2024

**Notes:**
For the purpose of this data request, relevant Programs include: (1) Freeway Agreement - Roadmap Program, (2) Alliance Settlement Program, and (3) Inside Safe.
Please note if the information requested is not available.

A&M kindly requests that the parties provide the requested data as soon as possible. Receiving this information promptly is essential to ensure the timely completion of this assessment.

| Item # | Party | Requested Item | Time Period | Description / Notes | Preferred Format | Date Requested | Target Date |
|---|---|---|---|---|---|---|---|
| 59 | LAHSA | Please provide any policies, guidelines, and/or criteria used to determine the prioritization for a person experiencing homelessness in the City of Los Angeles for permanent supportive housing placement throughout the lookback period. Please include all criteria including specific guidance provided by council districts, as applicable | June 2020 - June 2024 | *Please include any specific factors (e.g., vulnerability, health conditions, age, period of being unsheltered) that influenced prioritization decisions, including any relevant supporting materials created during this lookback period that could provide further clarity on the prioritization and placement procedures* | No Preference | 10/25/2024 | 11/01/2024 |
| 60 | LAHSA | Please provide the steps of the overall placement process, including steps from initial contact through to permanent supportive housing placement throughout the lookback period | June 2020 - June 2024 | *Please include timeframes typically involved in each stage of the process, including communication with HACLA* | No Preference | 10/25/2024 | 11/01/2024 |
| 61 | LAHSA | Pleased provide an outline of the decision-making process, including all roles involved internally and externally | June 2020 - June 2024 | *Please include any review or oversight mechanisms in place for consistent prioritization and placement* | No Preference | 10/25/2024 | 11/01/2024 |
| 62 | LAHSA | Please provide any policies, guidelines, and/or criteria used to determine the prioritization for a person experiencing homelessness in the City of Los Angeles for time-limited subsidies placement throughout the lookback period. Please include all criteria including specific guidance provided by council districts, as applicable | June 2020 - June 2024 | *Please include any specific factors (e.g., vulnerability, health conditions, age, period of being unsheltered) that influenced prioritization decisions, including any relevant supporting materials created during this lookback period that could provide further clarity on the prioritization and placement procedures* | No Preference | 10/25/2024 | 11/01/2024 |
| 63 | LAHSA | Please provide the steps of the overall placement process, including steps from initial contact through to time-limited subsidies placement throughout the lookback period | June 2020 - June 2024 | *Please include timeframes typically involved in each stage of the process* | No Preference | 10/25/2024 | 11/01/2024 |
| 64 | LAHSA | Pleased provide an outline of the decision-making process, including all roles involved internally and externally | June 2020 - June 2024 | *Please include any review or oversight mechanisms in place for consistent prioritization and placement* | No Preference | 10/25/2024 | 11/01/2024 |

**Independent Assessment of the City of Los Angeles's Homelessness Programs**

Outstanding Data Requests from Alvarez & Marsal
October 25, 2024

<u>Notes:</u>
For the purpose of this data request, relevant Programs include: (1) Freeway Agreement - Roadmap Program, (2) Alliance Settlement Program, and (3) Inside Safe.
Please note if the information requested is not available.

A&M kindly requests that the parties provide the requested data as soon as possible. Receiving this information promptly is essential to ensure the timely completion of this assessment.

| Item # | Party | Requested Item | Time Period | Description / Notes | Preferred Format | Date Requested | Target Date |
|---|---|---|---|---|---|---|---|
| Email 10.8.24 | CITY | Direct City Funding for Selected Sites | June 2020 - June 2024 | *The selected sites were provided as an email attachment (Sites for Detailed Funding Review.xlsx) on October 8th* | No Preference | 10/08/2024 | 10/30/2024 |
| 61 | CITY (LAPD) | Expenses [salaries and wages] for the employees assigned to the Homeless Coordinator Office and RESET divisions | June 2020 - June 2024 | *Fiscal Group and Homeless Coordinator Office to collaborate on providing this data* *To the extent possible, please provide the expenses for total compensation including fringe benefits.* | XLSX | 10/01/2024 | 10/30/2024 |
| 65 | CITY (LASAN) | Supporting documentation for the "encampment resolutions" reported to the Court on a quarterly basis under the Alliance Program | June 2020 - June 2024 | | XLSX | 10/25/2024 | 10/30/2024 |
| 66 | CITY (LASAN) | Performance reports provided to the Mayor's Office in relation to Inside Safe | June 2020 - June 2024 | | No Preference | 10/25/2024 | 10/30/2024 |
| 67 | CITY (LASAN) | Crosswalk of work orders to Inside Safe operations | June 2020 - June 2024 | *Confirm the work orders included in the financial data that relate to Inside Safe Operations* | XLSX | 10/25/2024 | 10/30/2024 |