LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **CASE NO. 2:20-cv-02291 DOC (KES)** <br><br> **COUNTY OF LOS ANGELES' RESPONSE TO COURT MINUTE ORDER RE: PRODUCTION OF CONFIDENTIAL DATA AND INFORMATION; OBJECTIONS TO ORDER REQUESTING DATA [DKT. 811]** <br><br> Assigned to the Hon. David O. Carter and Magistrate Judge Karen E. Scott |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

702731.5

COUNTY OF LOS ANGELES' RESPONSE TO COURT MINUTE ORDER [DKT. 811]

The County of Los Angeles ("County") submits the following response to the Court's October 30, 2024, Minute Order Re: Production of Confidential Data and Information; Order Requesting Data ("Order") [Dkt. 811].

## I. PROTECTIVE ORDER

The County has voluntarily agreed to provide information to Alvarez & Marsal ("A&M") in connection with its assessment of the City of Los Angeles ("City")'s homelessness programs under Inside Safe, the City-Plaintiffs' settlement in this action ("LA Alliance"), and the 2020 City-County Memorandum of Understanding, referred to as the "Freeway Agreement" (together, "City Programs"). As indicated in the Order, A&M's data requests seek, *inter alia*, information regarding medical, mental health, and substance use disorder treatment services protected from disclosure by 42 C.F.R. Part 2, the Health Insurance Portability and Accountability Act ("HIPAA"), and various other federal and state laws. In recognition of the highly "sensitive, confidential" nature of the data requested by A&M, the County appreciates the Court's prompt attention to entering its proposed protective order, and the County is pleased to report it will be able to produce data responsive to A&M's requests later today.

## II. THE COUNTY'S OBJECTIONS TO A&M'S AUGMENTED SCOPE AND COSTS

### A. The County Is Committed To Transparency And Cooperating With The Audit Of The City's Homelessness Programs

Plaintiffs and the City have retained A&M to conduct an audit of "City-Funded Homeless Assistance Programs." [Dkt. 700.] At an August 29, 2024, status conference, A&M informed the County and the Court that the County was in possession of data that might assist A&M in performing its assessment of the aforementioned City Programs. Following several productive conferences between the County and A&M, on September 25, 2024, A&M provided the County with a list of six data requests, all of which "pertain[ed] to the services provided and

702731.5

funded by the County to City-funded beds under the relevant Programs." At the same time, A&M provided the County with a quote of $180,000 to cover A&M's fees to incorporate its analysis of the County's data into its assessment of the City Programs. Based on the provided data requests and this estimate, the County's Board of Supervisors ("Board") agreed to cooperate with the City's audit and provide A&M with the requested data. Shortly thereafter, A&M clarified that its original data requests had inadvertently requested information about interim but not permanent supportive housing, and the County agreed in good faith to accommodate this increase in scope. A&M has described the County as having been "amazingly cooperative" in this process. (10/2/24 Hr'g Tr. at 40:16).

**B.**     **The County Objects To The Expansion Of A&M's Data Requests To The County To Include Fieldwork**

A&M first raised the suggestion of fieldwork at the October 16, 2024 court conference. To date, A&M has not provided the County with any further details about the nature or scope of such fieldwork, which is not aligned with the scope of the audit for multiple reasons.

First, the County agreed to A&M's assessment of the County's services provided to the City's three homelessness programs from June 2020-June 2024. The Court made it clear at the Status Conference on October 2, 2024, that this is a retrospective audit, not a prospective audit. (10/2/24 Hr'g Tr. at 8:13-14 ("the A&M audit" is "looking backwards to where and how the money was spent".)

Conducting fieldwork of County facilities now as part of a backwards-looking audit makes no sense and would not be consistent with auditing standards. A&M cannot validate regulated healthcare and mental health services from months to years ago through present-day spot visits. Clients receiving services in County facilities today are not limited to people experiencing homelessness, let alone people experiencing homelessness who reside in the City, and may have no connection to any of the City Programs. Incorporating fieldwork stands to engender confusion in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

702731.5

3

any findings, potentially undermining confidence in A&M's overall report, and risks creating an inaccurate portrayal of the County's services.

Such an expansion of the audit's scope would also constitute a clear departure from A&M's objectives, which relate to assessing only the three agreed-upon City homelessness programs, not the County's provision of services. Additionally, even with the protective order safeguarding Protected Health Information, allowing the auditor to visit and interview patients at mental health and substance use facilities could still raise significant legal, ethical, and practical concerns.

### C.    The County Objects To A&M's Increased Cost Assessment

Based on letters from A&M to the Court in the last week, the Order contains an increased cost estimate of $620,000—more than three times A&M's initial quote from a month ago that was agreed to by the Board. A&M has provided no justification for this cost increase to the County.

A&M does not explain how any delays in obtaining information have increased A&M's workload with respect to analyzing the County's data. The County is responding to A&M's data requests approximately one week later than expected, due to delays in receiving information regarding the City Programs that the County needed to export relevant data (such as program IDs), and the necessity of securing appropriate protections, such as a protective order or agreement, prior to disclosure. Given the sensitive nature of the data involved, these protections were critical to ensure compliance with the law and safeguard the privacy rights of the thousands of County patients whose health information have been requested by A&M. However, this one-week delay created no additional work for A&M (the County drafted the requisite protective order) and, therefore, does not reasonably explain the significant upward adjustment in costs.

To the extent the proposed cost increase relates to A&M's suggested fieldwork, it is likewise unjustified for the reasons stated above. The County respectfully requests that the audit proceed within the originally agreed budget,

COUNTY OF LOS ANGELES' RESPONSE TO COURT MINUTE ORDER [DKT. 811]

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

based on documented information and with clear alignment to the intended audit scope.

### D.     The County Objects To Amending A&M's Engagement Letter With The City To Include County Services And Costs

Consistent with the County's contracting processes, the County has already circulated an engagement letter to A&M related to the County's provision of data in connection with A&M's assessment of the City Programs, which would allow the County to pay A&M directly.  As the County has made clear to A&M, A&M's delayed execution of that agreement has not and will not delay the County's response to A&M's data requests.  There is therefore no need to include the data requests to the County in the City's engagement letter with A&M, which the County is not a party to.  To the extent A&M has any edits to the County's engagement letter, A&M is invited to provide them.  However, the County needs an agreement in place with A&M to the extent the County has agreed to pay A&M related to the County's voluntary participation in its assessment of the City Programs.

In addition, a separate agreement would allow the County to use our standard contractual language to protect the County adequately.  For example, if privacy concerns arise regarding the handling of the County's sensitive data, liability for any breaches would be clear.

## IV.     CONCLUSION

The County remains committed to cooperating with A&M and providing the necessary data and information with the original agreed-upon scope.  A&M has already made several additional data requests regarding County's services, and the County has agreed to provide them with no issue.  The County's current concerns lie with A&M's request to expand the scope to include site visits and associated costs, not with the County's willingness to provide information or data.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DATED:  November 1, 2024          MILLER BARONDESS, LLP

By: _____

MIRA HASHMALL
Attorneys for Defendant
COUNTY OF LOS ANGELES

COUNTY OF LOS ANGELES' RESPONSE TO COURT MINUTE ORDER [DKT. 811]

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400