# Exhibit 2

73266

JOINT EXERCISE OF POWERS AGREEMENT
BETWEEN
COUNTY OF LOS ANGELES, CITY OF LOS ANGELES
CONTINUING THE LOS ANGELES HOMELESS SERVICES AUTHORITY

THIS AMENDED AND RESTATED JOINT EXERCISE OF POWERS AGREEMENT ("AGREEMENT"), is made this _____28th_____ day of _____February_____ _____, 2001, by and between the County of Los Angeles, a body corporate and politic and political subdivision of the State of California (the "County"), and the City of Los Angeles, a municipal corporation of the State of California (the "City").

WITNESSETH:

WHEREAS, the parties did, as of the seventeenth day of December, 1993, make an agreement known as the Joint Exercise Of Powers Agreement Between County Of Los Angeles, City of Los Angeles, Creating An Agency To Be Known As The Los Angeles Services Authority (the "Initial Agreement", and

WHEREAS, the parties amended the Initial Agreement as of the twenty-eighth day of April, 1994, to change the name of the Agency to The Los Angeles Homeless Services Authority; and

WHEREAS, the term of the Initial Agreement was for an initial five year period, which could be extended year to year until terminated by either party; and

WHEREAS, the parties desire to extend the Initial Agreement on an indefinite basis until terminated by either party, and also desire that the Initial Agreement, as amended, be updated and revised and (for purposes of convenience) restated in certain respects;

NOW, THEREFORE, IT IS AGREED that the Initial Agreement (as heretofore amended) is amended and restated to read in its entirety as follows:

Section 1.    Purpose.

This Amended and Restated Joint Exercise of Powers Agreement (hereinafter "Agreement") is made pursuant to the provisions of Article

1

continuing the Los Angeles Homeless Services Authority (hereinafter "the Authority"), by extending the term of the Initial Agreement indefinitely until terminated by the Parties, to expand options for designation of the Treasurer and Controller of the Authority, and to update, revise, and (for purposes of convenience) restate the Initial Agreement as provided herein. The Authority shall be a public entity separate and apart from the entities of the parties to this Agreement, which is capable of exercising independent powers, separate and apart from the entities of the parties to this Agreement, to coordinate the operation of existing services for the homeless which the parties operated separately prior to forming the Initial Agreement, and to design, fund and operate other homeless and related social services to assist those in the community who are eligible for those services. County and City each possess the powers necessary to implement and accomplish this Agreement. The purpose of this Agreement shall be accomplished and common powers exercised in the manner set forth in the Agreement. Nothing contained in this Agreement shall preclude City or County from establishing, maintaining or providing social programs or services to its residents as it deems proper and necessary.

Section 2.    Term.

The initial five year term of this Agreement is extended on an indefinite basis until terminated by either or both Parties, as provided herein. At least every five years from the date this Agreement is executed, or at such earlier time or times as the Board of Commissioners of the Authority (herein "the Commissioners") deem appropriate, the Commissioners may review the continued viability of the Authority to carry out its intended purposes.

Section 3.    Termination and Amendments.

(a)    No termination or amendment shall be made which is contrary to any contract and/or grant agreement entered into by the Authority with the United States of America, or with the State of California, or any department, administration or agency of either, if such contract or grant agreement was previously approved by the County or City.

(b)    Subject to the provisions of subsection (a), the Parties may terminate or amend this Agreement as follows:

(1)    This Agreement may be amended on 30 days' written notice pursuant to Section 12 hereof, and approval by the Parties.

(2)    Either Party may terminate its participation in this Agreement by giving written notice, pursuant to Section 12 hereof, no later than 180 days prior to the effective date of termination. In the event the Agreement is

2

terminated, any property acquired by the Authority as a result of the Agreement, including but not limited to money, shall be divided and distributed to the Parties in proportion to the contributions made by or attributed to the Parties respecting the property to be distributed unless otherwise required by law or by a franchise, license, permit, contract or other prior action of the Authority.

(c)    No addition to, or alteration of, the terms of this Agreement, whether by written or oral understanding of the parties, their officers, employees or agents, shall be valid or effective unless made in the form of a written amendment which is formally adopted and executed by the Parties in the same manner as this Agreement.

(d)    Additional separate political entities may become associated parties to this Agreement (the "associated parties") on such terms and conditions as the Parties may require, provided that the County and City consent and formal action approving such association is taken by the associated party's governing body.  Associated parties shall have all the rights of the Parties hereto, except the right to terminate or amend this Agreement.

Section 4.    The Authority.

(a).    Creation of Authority.

Pursuant to the Act, there is hereby created a new, public entity, separate and apart from the Parties, to be known as the "Los Angeles Homeless Services Authority."  The debts, liabilities and obligations of the Authority do not constitute debts, liabilities, or obligations of the Parties, or either of them, or of any associated party.

(b).    Powers and Duties of the Authority.

The Authority shall have the powers common to the Parties to this Agreement to provide homeless programs and services and other related social services to assist those persons in the community who are eligible to receive those services.  The Authority shall undertake such acts in furtherance of the programs and goals of County and City under this Agreement.  The Authority is hereby authorized to do all acts necessary for the exercise of said common powers, including, but not limited to, any or all of the following: to make and enter into contracts; to employ agents, servants and employees; to acquire, construct, manage, maintain, operate and lease buildings, works or improvements; to acquire, hold or dispose of property within the County; to incur debts, liabilities or obligations, which shall not constitute debts, liabilities or obligations of any Party to this Agreement; to receive services and other forms of assistance from persons, firms, corporations and any governmental entity; and to sue and be sued in its

3

own name, except that in no event shall the Authority have the power to sue the Parties to this Agreement  The Authority may also solicit charitable contributions from private sources  Said powers shall be exercised in the manner provided in said Act and, except as expressly set forth herein, subject only to such restrictions upon the manner of exercising such powers as are imposed upon the City and County in the exercise of similar powers.  The powers herein delegated to the Authority shall be exercised in accordance with the mode, manner and procedures of the City.

    (c).    The Commission.

    (1).    Appointees.

The Authority shall be governed by a Commission composed of ten (10) members.  Five (5) Commissioners shall be appointed by the County Board of Supervisors ("Board"), and five (5) Commissioners shall be appointed by the Mayor and confirmed by the City Council ("Council"); provided however that if any of the City's appointees are members of the City Council, that appointment shall be concurred in only by the President of the Council.  Of the five (5) City appointees, one member shall be appointed to represent the business interests in the downtown area.  The Parties find and declare that the City downtown business appointee is intended to represent and further the interest of downtown businesses and that such representation and furtherance will ultimately serve the public interest and constitutes the public generally within the meaning of Government Code Section 87103.  Commissioners shall serve at the pleasure of their respective appointing powers and may include at least one (1) elected official from each appointing power, which official may designate a representative to serve on his or her behalf.

    (2).    Terms.

All terms shall begin on appointment and shall be for three years, unless extended by the appointing powers.

    (3).    Successors and Vacancies.

Each Commissioner shall hold membership on the Commission during the term for which the Commissioner was appointed and until the Commissioner's successor is appointed, except that any Commissioner may be removed by the appointing party.  In the case of a vacancy in membership on the Commission, the same shall be promptly filled by appointment thereto by the same party that made the original appointment.  An appointment to fill a vacancy

4

occurring during an unexpired term shall be for the period of the unexpired term. The composition of the Commission may be amended from time to time by County and City to accommodate associated parties pursuant to Section 3(d) hereof.

(d).   Regular Meetings.

The Commission shall provide for its regular, adjourned regular, and special meetings; provided, however, that it shall hold at least one regular meeting in each month of the year unless there is an unforeseen emergency or a quorum cannot be present, and such further meetings as may be necessary to conduct the business of the Authority. The dates upon which and the hour and place at which any regular meeting shall be held shall be fixed by resolution and a copy of such resolution shall be filed with County and City. At least seventy two hours prior to each Commission meeting, notice of said meeting shall be sent to each of the Parties.

(1)   Ralph M. Brown Act.

The Commission shall adopt rules for conducting its meetings and other business. All meetings of the Commission, including without limitation regular, adjourned regular and special meetings, shall be called, noticed, held and conducted in accordance with the provisions of applicable state law, including the Ralph M. Brown Act (commencing with Section 54950 of the California Government Code.)

(2)   Minutes.

The Commission shall keep minutes of all regular, adjourned regular and special meetings, and shall, as soon as possible after each meeting, cause a copy of the minutes to be forwarded to each Commissioner and to the Parties and associated parties, according to the provisions of Section 12 hereof.

(3)   Quorum.

A majority vote of the total membership of the Commission, not counting unfilled seats, shall be necessary for the transaction of business or for the approval of any matter, except for adjournment of a meeting which shall only require a majority vote of those present. Each member shall have one vote. No proxy or absentee voting shall be permitted.

(e).   Officers

The Commission shall elect a chairperson and a vice chairperson from among its members at the first meeting held in each fiscal year.

5

In the event that the chairperson or vice chairperson so elected ceases to be a Commissioner, the resulting vacancy shall be filled at the next regular meeting of the Commission held after such vacancy occurs or at a special meeting called for that purpose. In the absence or inability of the chairperson to act, the vice chairperson shall act as chairperson. The chairperson, or in the chairperson's absence, the vice chairperson, shall preside at and conduct all Commission meetings.

      (f).    <u>Attorney</u>.

The County Counsel and the City Attorney shall be and act as Attorney for the Authority. In the event both are precluded from acting because of a conflict of interest or other legal impediment, the Commission may employ independent counsel with the consent of the County and City, and provided funds are available in the Authority's budget and are appropriated by the Authority for such purpose.

      (g).    <u>Advisory Board</u>.

The Authority may establish an Advisory Board (hereinafter "the Advisory Board") whose membership shall be determined by the Commission. The Advisory Board may adopt by-laws which shall be subject to the Commission's approval. The role of the Advisory Board is to advise the Commission on matters related to policy and planning for any of the purposes for which the Authority was formed. As such, the Advisory Board is charged with the following responsibilities: to provide legislative updates and public policy reviews to the Commission, to advise the Commission regarding standards and programs, to facilitate collaboration and communication between agencies serving the homeless, and to make recommendations to the Commission regarding homeless policies, programs and services. In carrying out these responsibilties, any such recommendations are advisory.

      (h).    <u>Budget</u>.

The Commission shall annually, on or before the first day of February of each year, submit a proposed budget to the Parties. The proposed budget shall show each of the purposes for which the Authority will need money and the estimated amount of money that will be needed for each such purpose for the ensuing fiscal year. Each Party shall review the proposed budget and may make recommendations to the Commission for its final adoption.

6

Section 5.    Personnel.

The Authority may employ an Executive Director, Chief Financial Officer, and such other officers or employees as the Authority may deem necessary to carry out any of its powers, upon such terms and conditions as the Authority may require, including the retaining of professional and technical assistance, provided that adequate funds are available in the Authority's budget and are appropriated by the Authority therefor. The Authority may fix and pay the compensation of its officers and employees. The officers and employees of the Authority shall not be deemed to be officers or employees of the City or County.

Section 6.    Executive Director.

The Executive Director shall act as the general manager of the Authority to direct the day-to-day operations of the Authority. The Executive Director shall not concurrently be an employee of any of the parties or associated parties to this Agreement. The Executive Director shall serve at the will of the Commission and be subject to its policies, rules, regulations and instructions. The Executive Director shall have the powers delegated and assigned by the Commission.

Section 7.    Treasurer and Auditor/Controller

Subject to the restrictions contained in Sections 6505.6 of the California Government Code, the Authority may appoint its Chief Financial Officer to be the Authority's Treasurer and/or Auditor/Controller. If so appointed, the Chief Financial Officer shall comply with the duties and responsibilities of the office or offices as set forthwith in subdivisions (a) to (d) inclusive, of Section 6505.5.

Until such time as the Chief Financial Officer is appointed as the Authority's Treasurer and/or Auditor/Controller, and the funds of the Authority in County accounts are transferred to the Authority, the Auditor-Controller and Treasurer of the County will continue in their capacities to assume these responsibilities.

Section 8.    Accounts and Reports

The books and records of the Authority in the hands of the Chief Financial Officer shall be open to inspection at all reasonable times by representatives of County and City. The Chief Financial Officer shall make a complete written report of all the Authority's Financial activities for each fiscal year within 180 days after the fiscal year closes, and shall provide such report to

7

County and City. City and/or County may conduct an independent financial and management report at its own expense.

Once the Authority appoints the Chief Financial Officer to be the Authority's Treasurer and/or Auditor-Controller and the funds of the Authority in County accounts are transferred to the Authority, the County Auditor-Controller shall conduct a quarterly financial review of the Authority's accounts and records during the succeeding twelve months and a semi-annual review during the second and third year. Such reports of these reviews shall be filed with the County and City.

The Chief Financial Officer shall cause an annual independent audit of the accounts and records of the Authority and records to be made by a certified public accountant or firm of certified public accountants in accordance with Government Code Section 6505. Such audits shall be filed with County and City and shall be made available to the public.

Section 9.   Funds.

In the event the Authority designates its Chief Financial officer to fill the functions of Treasurer and/or Auditor/Controller, the Chief Financial Officer shall:

(a)   Establish and maintain such funds and accounts as may be required by standard accounting practice or by any provisions of any resolution of the Authority, including a separate account for receipt and disbursement of contributions from any source.

(b)   Receive and receipt for all money of the Authority and place it in the proper account with the treasury of the Authority.

(c)   Be responsible, upon his or her official bond, for the safekeeping and disbursement of all Authority funds so held by him or her.

(d)   Be responsible for the deposit of all money belonging to or in the custody of the Authority, as referred by California Government Code Section 53635.

(e)   Be responsible for the investment of surplus funds of the Authority not required for the immediate needs of the Authority, in accordance with the investment policy adopted annually by the Commission of the Authority and then in effect and Government Code Section 53601 and 53635.

8

(f)     Pay, when due, out of money of the Authority held by him or her, all sums payable on outstanding bonds of the Authority (if any).

(g)     Pay any other sums due from the Authority, or any portion thereof, as determined by the Commission and then in effect.

Section 10.   Assistance To Authority.

The Parties, except as prohibited by law and this Agreement, may at any time make contributions from their treasuries or other sources to the Authority for the purposes set forth herein, may make advances of public funds for such purposes, and may use their personnel, equipment or property in lieu of other contributions or advances. Such sums shall be paid to and disbursed by the Authority. The method and manner of such payment, disbursement and possible repayment shall be determined by the Commission.

Section 11.   Contributions By The Parties.

(a).    Annual Contributions.

Each Party agrees to cooperate with the Authority to determine which program services and program and administrative funds will be made available to the Authority in each fiscal year. In order to further the purposes set forth in this Agreement for each fiscal year that this Agreement is in effect, each Party shall contribute to the Authority as follows:

1)      Program Funds

The full amount of the Emergency Shelter Grant (ESG) program funds as allocated to the City and County annually by the U.S. Department of Housing and Urban Development, or any successor grant program funds serving essentially the same purposes. Either Party may contribute additional program funds as deemed appropriate for the construction and/or operation of homeless facilities and programs.

2)      Administrative Funds

Each Party shall contribute funds annually towards the Authority's administrative overhead to administer homeless programs in the City and County under the Supportive Housing Program, Emergency Services Grant Program, Los Angeles Homeless Initiative Program, and Emergency Food and Shelter Program grants. Annual Contributions by each Party shall initially be determined by establishing an administrative overhead base for Fiscal Year 2000-2001 as set forth in subsections (a) and (b) below. The Authority may request

9

adjustments to each Party's administrative overhead base in subsequent budget years in accordance with subsection (c).

a)      The County of Los Angeles shall contribute up to $912,000 for Fiscal Year 2000-2001. This contribution will include $556,000 from the General Fund with up to $40,000 allocated for the provision of legal counsel to the Authority, and the amount of ESG administrative funds allocated to the County by HUD. The balance and source of funds will be determined by the County.

b)      The City of Los Angeles shall contribute up to $1,166,570 for Fiscal Year 2000-2001. The contribution will include the amount of ESG administrative funds allocated to the City by HUD.

c)      At its discretion, either Party may contribute additional administrative funds to the Authority as deemed appropriate. The Authority may also request either Party to contribute additional administrative funds annually by submitting a proposed budget to each Party in accordance with Section 4 (h) of the Agreement. The proposed budget shall show each of the purposes for the additional administrative funds and estimated amount for each purpose. Each Party shall review the proposed budget and present final funding recommendations for adoption by the governing body of each Party. The annual approved budget by each Party shall constitute the combined approved budget of the Authority for the ensuing fiscal year.

### (b).    Unavailability of Grant Funds for Homeless Programs

In the event that grant funds for homeless programs or services are no longer available to either Party, this contribution obligation shall cease. In the event this obligation ceases, either Party may exercise its right to withdraw or terminate pursuant to Section 3 hereof.

### (c).    Use of Contributed Funds

The contribution of the City shall be used to fund services only within the City. The contribution of the County may be used to fund services within both the City and Countywide, consistent with grant restrictions. The Authority shall comply with all Federal statutory and legal requirements in respect to all Federal grant funds contributed by each party.

The intent of the Parties is that the homeless be served in any location in the County where service is available. The County agrees, insofar as programs administered by the Authority are concerned, not to unilaterally reduce its level of effort in the City relative to its efforts elsewhere in the County. In

10

addition, the Authority shall ensure that homeless needs identified in urban County areas are given due consideration for funding based upon the needs and priorities established in the Consolidated Planning process.

Section 12.  Notices.

Notices required or permitted hereunder shall be sufficiently given if made in writing and delivered either personally or by registered or certified mail, postage prepaid, to the persons and entities listed herein at the following addresses, or to such other address as may be designated to the Authority for formal notice:

(a)   Los Angeles Homeless Services Authority:

Executive Director,
Los Angeles Homeless Services Authority
548 South Spring Street, Suite 400
Los Angeles, California   90013

(b)   County of Los Angeles:

Director,
Los Angeles County Department of Community
        And Senior Services
3175 West Sixth Street
Los Angeles, California   90020

(c)   City of Los Angeles:

General Manager,
City of Los Angeles Community Development
        Department
215 West Sixth Street
Los Angeles, California   90014

Section 13.  Other Obligations.

The responsibilities and obligations of each Party to this Agreement shall be solely as provided in this Agreement, or as may be provided in supplemental agreements or amendments executed by the Parties.

11

Section 14.  Severability.

Should any part, term, portion or provision of this Agreement, or the application thereof to any person or circumstance, be held to be illegal or in conflict with any law of the State of California, or otherwise be rendered unenforceable or ineffectual, it shall be deemed severable, and the remainder of this Agreement or the application thereof to other persons or circumstances shall continue to constitute the agreement the Parties intended to enter into in the first instance.

Section 15.  Miscellaneous.

(a).  Section Headings.

The section headings herein are for convenience only and are not to be construed as modifying or governing or in any manner affecting the scope, meaning or intent of the provisions or language of this Agreement.

(b).  Laws Of California.

This Agreement is made in the State of California under the Constitution and laws of such State, and shall be construed and enforced in accordance with the laws of California.

(c).  Fiscal Year.

For the purposes of this Agreement, the "fiscal year" shall mean the period from July 1 of each year to and including the following June 30.

(d)  Consent Not Unreasonably Withheld.

Whenever in this Agreement any consent or approval is required the same shall not be unreasonably withheld.

Section 16.  Successors.

This Agreement shall be binding upon and shall inure to the benefit of the successors of the Parties hereto.

12

(c).    Fiscal Year.

For the purposes of this Agreement, the "fiscal year" shall mean the period from July 1 of each year to and including the following June 30.

(d)    Consent Not Unreasonably Withheld.

Whenever in this Agreement any consent or approval is required the same shall not be unreasonably withheld.

Section 16.    Successors.

This Agreement shall be binding upon and shall inure to the benefit of the successors of the Parties hereto.

13

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and attested by their proper officers hereunto duly authorized, their official seals to be hereto affixed as of the date first herein above written.

DATE: **FEB 2 8 2001**

ATTEST: VIOLET VARONA-LUKENS
EXECUTIVE OFFICER -
CLERK OF THE BOARD OF SUPERVISORS

By: _____ Deputy
Clerk of the Board

APPROVED AS TO FORM:

LLOYD W. PELLMAN,
County Counsel

By: _____
Principal Deputy County Counsel

COUNTY OF LOS ANGELES

By: _____
Mayor of the Board

**ADOPTED**
BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES

2 2                    FEB 1 3 2001

VIOLET VARONA-LUKENS
EXECUTIVE OFFICER

* * * * * * * *

DATE: 2-23-01

ATTEST:

By: _____
City clerk

APPROVED AS TO FORM:

JAMES K. HAHN,
City Attorney

By: _____
Senior Assistant City Attorney

CITY OF LOS ANGELES

By: _____
General Manager, Community
Development Department

14