HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
ARLENE N. HOANG, Deputy City Attorney (SBN 193395)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California 90012
Telephone: 213-978-7508
Facsimile: 213-978-7011
Email:  Arlene.Hoang@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, a Municipal entity, et al., <br><br> Defendants. | Case No. 2:20-cv-02291 DOC (KES) <br><br> Hon. David O. Carter <br> United States District Judge <br><br> **DEFENDANT CITY OF LOS ANGELES' OBJECTIONS TO LA ALLIANCE'S RESPONSE RE ISSUES RAISED BY COURT ON MARCH 27, 2025 [DKT. 899] AND REQUEST FOR APEX TESTIMONY [NO DKT.]** <br><br> **Date:** May 15, 2025 <br> **Time:** 9:00 a.m. <br> **Location:** First Street Courthouse <br> Courtroom 1 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant City of Los Angeles ("City") hereby files these preliminary objections to Plaintiff LA Alliance's Response Re Issues Raised By Court On March 27, 2025 [Dkt. 899] ("Response"); to LA Alliance's undocketed request for apex testimony sent to the Court on Friday, May 9, 2025; and to the matters raised in the Response (and any possible testimony) being heard and decided at the hearing now rescheduled for Tuesday, May 27, 2025 [Dkt. 900].

By making these preliminary objections, City does not waive, and expressly reserves, its rights, objections, and arguments with respect to the issues raised in the Motion, the Response, and any other matter at issue in these proceedings. City intends to file briefs addressing the assertions, arguments, and misstatements in the request for a receiver filed by LA Alliance, in accordance with a proper briefing schedule to be set by the Court. The untimely filing by LA Alliance precludes the City from making its substantive arguments here. Accordingly, these objections deal only with procedural and collateral issues

**Plaintiff's Response Regarding a Receivership is Improper**

LA Alliance's Response to the Court's request for briefing on LA Alliance's demand that a receiver be appointed was filed in violation of this Court's Procedures and the Local Rules of the Central District of California, and a hearing and resolution of

1

those issues at the hearing originally scheduled on May 15, 2025, or as rescheduled to May 27, 2025, will violate due process.

At the March 27, 2025 hearing, this Court requested LA Alliance brief its improperly late-raised request that a receiver be appointed.  Dkt. 878, pp. 78-80, 121. However, LA Alliance did not file its brief on the receivership issue until late in the evening of May 8, 2025, some six weeks later and less than 7 days before the hearing scheduled for 9:00 am on May 15.  See Declaration of Arlene Hoang ("Hoang Decl."), ¶ 2; Exhibit A to Hoang Decl.  That the hearing has been rescheduled to May 27 does not cure the procedural and due process infirmities in the pleadings, as follows:

- LA Alliance did not raise the appointment of a receiver as a potential remedy for its Motion for Order re Settlement Agreement Compliance [Dkt. 863] until its reply brief [Dkt. 872, p.4].  Not only is this contrary to the law (*see, e.g., Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments raised for the first time in a reply brief are deemed waived)), it has left City without an opportunity to properly brief the issue or to sufficiently prepare for a hearing on the issue, thus violating due process.  *See*, *e.g.*, *Application of Gault*, 387 U.S. 1, 33 (1967) ("Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded…").  This is especially egregious here because LA Alliance did not provide any

2

legal or evidentiary basis in its reply brief for the drastic and severe request for a receiver, which has only now been set forth in the Response.

- LA Alliance's Response is essentially a new motion (albeit one requested by the Court after LA Alliance floated the concept for the first time in its reply brief) asking for the appointment of a receiver. Motions are required to be filed 28 days before the hearing. LR 6-1.

- This Court's Procedures states that "Memoranda of Points and Authorities are subject to a 25-page limit; only in rare cases and for good cause shown will the Court grant leave to exceed that page limitation." See www.cacd.uscourts.gov/honorable-david-o-carter, #6. The Response is 39 pages, and LA Alliance did not seek, nor obtain, leave of court to exceed the page limit. Similarly, the Local Rules require briefs to be no more than 7,000 words and for the moving party to submit a Certificate of Compliance. LR 11-6.1, LR 11-6.2. LA Alliance violated both of these rules as well.

**LA Alliance's Request for Apex Testimony is Improper**

LA Alliance's request that Mayor Karen Bass and other elected City officials testify at the evidentiary hearing on its Motion similarly violates the law and several local rules.

LA Alliance filed a Motion for Order re Settlement Agreement Compliance [Dkt. 863] and a Reply in support of that Motion [Dkt. 872.] LA Alliance was required, at

3

those times, to file any and all evidence in support of the motion in writing.  LR 7-5, 7-6.  LA Alliance submitted declarations from counsel with exhibits attached thereto.  Dkts. 863-1 through 863-10; 872-1, 872-2.  That evidence, and those exhibits, did not include a request for testimony from anyone.

Despite this lack of notice, LA Alliance sent an email to the Court on May 9 – less than six calendar days before the original date for the hearing – requesting to call Mayor Bass, Councilmember Monica Rodriguez, and others.  See Hoang Decl., ¶ 3; Exhibit B to Hoang Decl.  Counsel for the City who were copied on the email, Deputy City Attorneys Arlene Hoang and Jessica Mariani, were out of the office on that date, which was communicated to LA Alliance.  See Hoang Decl., ¶ 4; Exhibit C to Hoang Decl.

- If LA Alliance believed the evidence it presented in support of its Motion was insufficient, and that it needed additional evidence to be presented at the hearing, it should have raised the issue much sooner than 6 calendar days before the original hearing.  *See, e.g., Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) ("District courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when

4

there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful.").

- The City has previously objected to testimony by the witnesses identified by LA Alliance [Dkt. 806], and the City maintains and re-asserts its objections here.[1]  LA Alliance once again attempts to call high-ranking "apex" witnesses, including the Mayor and Councilmembers, without even bothering to attempt—much less exhaust—other less burdensome and intrusive ways of obtaining the information it seeks.  *See, e.g., Pinn, Inc. v. Apple Inc.*, Case No. SA 19-CV-01805-DOC-JDE, 2021WL4775969, at *3 (C.D.Cal. Sept. 10, 2021) ("the 'apex doctrine' is usually applied to depositions but can also be applied to protect a senior executive from being compelled to appear at trial.") (citing *Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-CV-05632-PSG, 2015 WL 4648008 (N.D.Cal. Aug. 5, 2015)).

---

[1]   In addition to the objections regarding testimony from City elected officials, to the extent that LA Alliance seeks to question any City witness about the thought processes or motives behind the decision-making of elected officials in their capacity as policymakers, City maintains and re-asserts its objection based on the deliberative process privilege, which protects from disclosure "the decision making processes of government agencies." *See, e.g., William Jefferson & Co., Inc. v. Bd. of Assessment and Appeals No. 3 for Orange County*, 482 Fed. Appx. 273, 274 (9th Cir. 2012) (no abuse of discretion in granting protective order on basis of privileges, including deliberative process privilege); *Bd. of Supervisors v. Superior Court*, 32 Cal.App.4th 1616, 1625-26 (1995); *County of Los Angeles v. Superior Court*, 13 Cal.3d 721, 727 (1975) ("the authorities, both in California and more generally, make clear that the rule barring judicial probing of lawmakers' motivations applies to local legislators as well as to members of the state Legislature or of Congress.").

DEFENDANT CITY OF LOS ANGELES' OBJECTION TO LA ALLIANCE'S RESPONSE
RE ISSUES RAISED BY COURT ON MARCH 27, 2025 AND REQUEST FOR APEX TESTIMONY

Indeed, heads of government agencies, like those LA Alliance seeks testimony from, are not normally subject to discovery "absent extraordinary circumstances." *Green v. Baca*, 226 F.R.D. 624, 648 (C.D.Cal. 2005) (citing *Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231–32 (9th Cir. 1979)). That is because seeking apex testimony from high-level executives "creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D.Cal. 2012). LA Alliance has not tried to meet its burden to justify the apex testimony it seeks (because it cannot), leading to the conclusion that its request had the effect of or is intended to abuse and harass the City and its elected officials.

**The Order Setting The Evidentiary Hearing Should Be Amended**

Because LA Alliance's Response violates due process, this Court's procedures, and several Local Rules, the Court should strike the Response, and set an appropriate briefing schedule on the receivership issue in accordance with the Court's Procedures and the Local Rules. The hearing on the Motion for Order Re Settlement Agreement Compliance [Dkt. 863], and LA Alliance's late request for a receiver [Dkt. 899], should be continued from May 27 to an appropriate hearing date that allows for a proper briefing schedule, and should not be heard or resolved at the May 15 or the May 27 hearing.

In addition, the Order Setting the May 27, 2025 Hearing [Dkt. 900] improperly attempts to include in that hearing an alleged potential breach of the Roadmap

6

Agreement [Dkt. 185].  However, no motion has been filed contending a breach of the Roadmap Agreement by the City, and neither party to the Roadmap Agreement has sought resolution of any dispute by this Court.  LA Alliance is not a party to the Roadmap Agreement, therefore its request for an evidentiary hearing on the Roadmap Agreement is procedurally improper, prejudicial, violates the City's due process rights, inappropriate and unnecessary.

In light of the foregoing and the current posture of this case, the witnesses identified by LA Alliance, including the Mayor, as well as Council President Harris-Dawson, will not be present at the May 15 hearing.  Persons knowledgeable and with authority to speak on the remainder of the issues to be addressed at the May 15 hearing pursuant to the Court's March 31, 2025 and May 8, 2025 Orders [Dkt. 880 and 898] will be in attendance on behalf of City.

DATED:  May 13, 2025

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN  KENEALY, Chief Asst City Attorney
ARLENE N. HOANG, Deputy City Attorney
JESSICA MARIANI, Deputy City Attorney

By: */s/ Arlene N. Hoang*
Arlene N. Hoang, Deputy City Attorney
Counsel for Defendant City of Los Angeles

DEFENDANT CITY OF LOS ANGELES' OBJECTION TO LA ALLIANCE'S RESPONSE RE ISSUES RAISED BY COURT ON MARCH 27, 2025 AND REQUEST FOR APEX TESTIMONY