UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 221
Los Angeles, California 90017
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
mumhofer@umklaw.com
emitchell@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>            Defendants. | Case No. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY'S REQUEST FOR CONTINUANCE**<br><br>Before:  Hon. David O. Carter<br>Courtroom: 10A |

Plaintiff LA Alliance for Human Rights ("LA Alliance") hereby opposes and objects to Defendant City's request for continuance of the May 27, 2025 hearing.  As a preliminary matter, it is procedurally improper and does not meet the requirements for ex parte applications contained in Local Rule 7-19, this court's standing order, or the standards articulated in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)

Moreover, Defendant City has been aware of the date set for this hearing since May 13, 2025, when the Court continued the evidentiary hearing on Plaintiff's multiple pending motions. (Minute Order, May 13, 2025, ECF No. 900.) And Defendant City has known about Plaintiff's intent and request to call Mayor Bass and

*PLAINTIFF'S OPPOSITION TO DEFENDANT CITY'S REQUEST FOR CONTINUANCE*

Councilmember Rodriguez to testify since at least May 9, 2025, when City's counsel was included in an email to chambers requesting clarification. (*See* Defs.' Objs. to Pl.'s Resp. re Issues Raised by the Court ("Defs.' Objs.") Ex. 3, Email, dated May 9, 2025, ECF No. 903–03.) Indeed, on May 13, Defendant City responded with various objections, including to Plaintiff calling "apex" witnesses. (Defs.' Objs. at 3, ECF No. 903.)

At the May 15 hearing, Defendant City was given an opportunity to continue the May 27, 2025 hearing and briefing on the pending issues by stipulating to refrain from arguing that this Court loses jurisdiction over the Roadmap Agreement on June 30, 2025; the City declined to do so. (Hr'g Tr. at 34–38, May 15, 2025, ECF 909.) Indeed, rather than continue the hearing or extending the briefing schedule, Defendant City agreed to Plaintiff's proposal to limit the hearing to a maximum of four days, with a stipulated briefing schedule thereafter (*Id*. at 37:8–14.) ("[W]e have just agreed . . . the hearing will be done by May 30th, upon agreement of all parties.  We will then by June 2nd, the Alliance will submit its evidentiary cites, one week later by June 9th the City will oppose.  And one week later, the 16th will be due the replies, and then any additional briefing by the County or the intervenors if they so choose.")

Additionally, Plaintiff and Defendant City discussed submitting early supplemental briefing on the Apex Witness Doctrine, to request an early decision by the Court so both parties may be better prepared for the hearing. (Declaration of Elizabeth Mitchell ("Mitchell Decl.") ¶¶ 2–3.) Plaintiff's counsel sent a proposed stipulation—based on historical cites by both parties—on Sunday, May 18. (*Id*. ¶ 4.) Plaintiff has received no response at all from the City's counsel—on any issue— despite multiple emails over the last several days. (*Id*. ¶ 5.) Had Defendant City acted diligently, the Apex Witness issue would be fully briefed and before this court for decision already.

While Plaintiff is sympathetic to the difficult situation new counsel finds themselves in, that was new counsel's choice to represent the City under the pending

*PLAINTIFF'S OPPOSITION TO DEFENDANT CITY'S REQUEST FOR CONTINUANCE*

schedule. The City cannot now object based on lack of time to prepare when the City has been well aware of these pending issues for quite some time, had an opportunity to continue the hearing and briefing schedule but declined, and waited until six (6) days prior to the upcoming hearing to hire additional counsel (during an alleged budget crisis).  And given that the LA City Attorney's Office appears on the most recent caption, and no notice of withdrawal has been filed, it appears that the City's historic counsel will still be present to participate.

Plaintiff respectfully requests this Court deny Defendant City's request for continuance.

Dated: May 22, 2025                    Respectfully submitted,

*/s/ Elizabeth A. Mitchell*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*

*PLAINTIFF'S OPPOSITION TO DEFENDANT CITY'S REQUEST FOR CONTINUANCE*