GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter, United States District Judge<br><br>**MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER QUASHING SUBPOENAS**<br><br>Dept: 7A<br><br>Trial Date:      None Set<br>Action Filed:   March 10, 2020 |

MEMO. IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)

Gibson, Dunn & Crutcher LLP

## I.    INTRODUCTION

Less than one week before the May 27 evidentiary hearing, the Alliance subpoenaed the Mayor of Los Angeles and two City Councilmembers.  Declaration of Theane Evangelis ("Evangelis Decl."), Exs. A, B, C.  None of these witnesses has unique, first-hand knowledge of the pertinent facts, nor has the Alliance exhausted other, less intrusive discovery methods.  Given the upcoming hearing and these last-minute subpoenas, *ex parte* relief is required because there is "insufficient time to bring a regularly noticed motion."  *Thompson v. Cnty. of Riverside*, 2023 WL 8168859, at *3 (C.D. Cal. July 26, 2023) (granting *ex parte* application to quash deposition subpoenas).  The parties have separately filed a Joint Stipulation objecting to the subpoenas and addressing many of these same issues.  But in an abundance of caution, and given the importance of these issues, the City separately files this Application to request specific relief as to the Alliance's subpoenas and to address the subpoenas' deficiency as to timing.  The Court should quash the subpoenas in full.  At a minimum, the Court should stay enforcement of the subpoenas while the City petitions the Ninth Circuit for a writ of mandamus.

As required by Local Rule 7-19.1, the City provided the Alliance's counsel with oral and emailed notice of this *ex parte* application.  The Alliance indicated that it opposes the application to quash the subpoenas at issue.  *See* Evangelis Decl. ¶¶ 3, 4.

## II.    ARGUMENT

The Alliance's apex-witness subpoenas should be quashed for at least three independent reasons.  First, they impose an "undue burden" on the high-ranking City officials they seek to force to testify.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  Second, they "require[] disclosure of privileged or other protected matter" by intruding upon issues protected by the deliberative-process privilege.  Fed. R. Civ. P. 45(d)(3)(A)(iii).  And third, they "fail[] to allow a reasonable time to comply."  Fed. R. Civ. P. 45(d)(3)(A)(i).

Gibson, Dunn & Crutcher LLP

1

### A.      The Apex Doctrine Bars the Alliance's Attempt to Force the Mayor and Councilmembers to Testify

Parties generally cannot depose or call to testify high-level (or apex) governmental officials.  This prohibition applies to requests for testimony from high-level officials at all levels of government.  *See, e.g.*, *United States v. Morgan*, 313 U.S. 409, 422 (1941) (federal cabinet secretary); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (federal agency head); *Coleman v. Schwarzenegger*, 2008 WL 4300437, at *4 (E.D. Cal. Sept. 15, 2008) (state governor); *Sargent v. City of Seattle*, 2013 WL 1898213, at *3 (W.D. Wash. May 7, 2013) (city police chief).  And it protects both executive officials like mayors, *e.g.*, *Marisol A. v. Giuliani*, 1998 WL 132810, at *4 (S.D.N.Y. Mar. 23, 1998); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007), and legislative officials like councilmembers, *e.g.*, *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977).

Calling an apex witness to testify is an extraordinary request that requires "extraordinary circumstances."  *K.C.R. v. Cnty. of Los Angeles*, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014).  The apex doctrine prevents parties from obtaining testimony from high-level officials unless, at minimum, the official "'has unique first-hand, non-repetitive knowledge of the facts at issue in the case,'" plus "'the party seeking the deposition'" (or, as here, live testimony at a hearing) "'has exhausted other less intrusive discovery methods.'"  *Id.*  These circumstances are met only rarely because testimony from apex witnesses is supposed to be rare.  High-level officials—and, in particular, mayors of large cities—"ha[ve] large demands on [their] time."  *Marisol A.*, 1998 WL 132810, at *4.  An attempt to seek testimony from an apex witness "creates a 'tremendous potential for abuse or harassment.'"  *K.C.R.*, 2014 WL 3434257, at *3.  Magnifying that potential for harassment, a large city like Los Angeles at any given time could be involved in hundreds, if not thousands, of active cases.  And the apex doctrine, at bottom, reflects a fundamental principle of comity:  The Judiciary should not subject high-level governmental officials like Mayor Bass and Councilmembers Rodriguez and

Gibson, Dunn &
Crutcher LLP

2

Park to undue scrutiny. *See Morgan*, 313 U.S. at 422.

The Alliance has not disputed that the apex doctrine applies to Mayor Bass and the Councilmembers. After all, Mayor Bass leads the second-largest city in the Nation—she is at the apex of apex witnesses in Los Angeles. *See, e.g.*, *Bogan*, 489 F.3d at 423 (holding that the mayor of Boston, the 25th-largest city, is an apex witness). The Alliance therefore must demonstrate *both* that Mayor Bass and the Councilmembers "ha[ve] direct personal information of material issues in the action" *and* "that the information may not be gained from any other source." *Sargent*, 2013 WL 1898213, at *3; *accord, e.g.*, *Coleman*, 2008 WL 4300437, at *2.

The Alliance doesn't even clear the first bar of proving that Mayor Bass and the Councilmembers have personal information relevant to deciding the issues before this Court. This Court has jurisdiction only to determine compliance with the Settlement Agreement, which was the only agreement over which this Court retained jurisdiction when dismissing the Alliance's claims against the City. Dkt. 429-1 ¶ 2; *see Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994). The Alliance's motions for compliance raise discrete issues regarding whether the City has created the number of beds it agreed to create, and whether the City used its best efforts to comply with certain milestones under the agreement. *See* Dkts. 767, 863. The Alliance never explains how Mayor Bass and the Councilmembers have critical, firsthand knowledge of those specific issues. Instead, the Alliance has referred primarily to Mayor Bass's leadership role within the City—precisely why the apex doctrine *protects* her from rather than exposes her to being called as a witness. The Alliance's basis for calling the Councilmembers is equally thin: a few allegedly critical comments about unspecified aspects of the City's homelessness response without substantiating any connection to the City's compliance with the settlement agreement.

Just as fundamentally, the Alliance doesn't even try to explain why Mayor Bass and the Councilmembers *alone* possess information that they need to try to prove noncompliance with the Settlement Agreement. *See Marisol A.*, 1998 WL 132810, at

*5 (blocking deposition of New York mayor because plaintiff had not established that information was "not available from any other source"). Nor could they: The City officials who are *most* knowledgeable about compliance with the Settlement Agreement are City Administrative Officer Matthew Szabo and Deputy Mayor of Homelessness and Community Health Dr. Etsemaye Agonafer—not Mayor Bass or the Councilmembers. *See* Dkt. 918 at 2–3. The Alliance has not cited a single case holding that a court can force a high-ranking official to testify merely on the grounds of personal knowledge of *something*, let alone where the plaintiff does not even attempt to exhaust all other avenues to secure information relevant to the case.

The apex doctrine recognizes that subpoenas directed to high-ranking governmental officers typically impose "undue burden" on the government's proper functioning. Fed. R. Civ. P. 45(d)(1). This case is no exception. Mayor Bass and Councilmembers Rodriguez and Park would have to prepare on short notice over a holiday weekend to testify under oath on specific matters concerning compliance with the Settlement Agreement where they are not the most knowledgeable witnesses available. The Alliance has identified no case supporting such an imposition on high-ranking governmental officials—because none exists.

### B.    The Subpoenas Seek Disclosure of Information Protected by the Deliberative-Process Privilege

To the extent the Alliance seeks testimony regarding Mayor Bass's and the Councilmembers' private communications and decision-making processes when crafting and implementing the City's homelessness policy, that information is protected by the deliberative-process privilege. That privilege is rooted in the "fundamental, historically enshrined legal principle that precludes any judicially authorized inquiry into the subjective motives or mental processes of legislators." *Cnty. of Los Angeles v. Superior Court*, 13 Cal. 3d 721, 726 (1975). The privilege blocks "the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's

ability to perform its functions." *Lab. & Workforce Dev. Agency v. Superior Court*, 19 Cal. App. 5th 12, 27 (2018) (quoting *Dudman Commc'ns v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)).

The Alliance's attempts to avoid the apex doctrine are not only unsuccessful on their own terms but also bring them into direct conflict with the deliberative-process privilege. Compelling Mayor Bass and the Councilmembers to testify would deter frank deliberations on future issues and take them away from the important day-to-day duties they were elected to fulfill. Unsurprisingly, courts have found that similar probing into city officials' mental processes is protected by the deliberative-process privilege. *See, e.g.*, *San Joaquin Cnty. Loc. Agency Formation Comm'n v. Superior Court*, 162 Cal. App. 4th 159, 170 (2008) (prohibiting plaintiff from deposing local officials because of deliberative-process privilege); *Bd. of Supervisors v. Superior Court*, 32 Cal. App. 4th 1616, 1626–27 (1995) (holding that the deliberative-process privilege protected the Los Angeles County Board of Supervisors' decision-making process). The Alliance's apparent desire to peer into the minds of the City's elected officials is particularly inappropriate because the information is—at best—only tangentially relevant to the issues raised in its motions—again, whether the City has created the number of beds it agreed to create, and whether the City used its best efforts to comply with the agreed-upon encampment resolution milestones. *See FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (per curiam) (considering relevance of sought evidence in weighing privilege).

### C.  The Subpoenas Do Not Allow a Reasonable Time to Comply

The subpoenas' unreasonably short time to comply is an independently sufficient reason the Court should quash them. *See MAP Co. v. Lebanese Arak Corp.*, 2017 WL 10434017, at *4 (C.D. Cal. Oct. 26, 2017) (quashing subpoenas "providing less than ten days to comply"); *Gordon v. Sonar Cap. Mgmt. LLC*, 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015) ("courts generally have found that fewer than ten days is not reasonable"); *Free Stream Media Corp. v. Alphonso Inc.*, 2017 WL 6209309, at *4 (N.D.

Cal. Dec. 8, 2017) ("nine or ten days to comply with the subpoena . . . was not reasonable given the timing and scope of the subpoena"); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36–37 (D.D.C. 2004) ("Needless to say, notice of three business days, especially to busy litigators who need to prepare to testify about events occurring six to nine years previously, does not constitute 'reasonable notice.'").

Today, on the eve of Memorial Day weekend, the Alliance served its subpoena for Councilmember Park, just five calendar days (two business days) before the date it seeks to compel her testimony (May 28). Evangelis Decl. Ex. C. Two business days is a patently unreasonable amount of time to sufficiently prepare to testify under oath on these issues. The Alliance's timing as to the other two witnesses is also unreasonable: just eight calendar days (four business days) for Mayor Bass and just seven calendar days (three business days) for Councilmember Rodriguez. Evangelis Decl. Exs. A, B. The City has consistently told the Alliance that it objects to these witnesses—non-parties to the suit—being forced to testify, so the only way the Alliance could secure their testimony would be through subpoenas, which the Alliance didn't serve until this week (or, in the case of Councilmember Park, today). *See Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (reasoning that the "appropriate procedure" for a likely witness to challenge an order to testify "would be . . . to file a motion to quash if and when he is served with a trial subpoena").

## III.   CONCLUSION

This Court should quash the subpoenas directing Mayor Bass and Councilmembers Rodriguez and Park to testify next week. If the Court is inclined to deny this application, it should at a minimum stay enforcement of the subpoenas while the City petitions the Ninth Circuit for a writ of mandamus.

Gibson, Dunn & Crutcher LLP

6

MEMO. IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)

DATED: May 23, 2025                    Respectfully submitted,


                                       BY: */s/ Theane Evangelis*
                                            Theane Evangelis

                                       GIBSON, DUNN & CRUTCHER LLP
                                       THEANE EVANGELIS, SBN 243570
                                         tevangelis@gibsondunn.com
                                       MARCELLUS McRAE, SBN 140308
                                         mmcrae@gibsondunn.com
                                       KAHN SCOLNICK, SBN 228686
                                         kscolnick@gibsondunn.com
                                       BRADLEY J. HAMBURGER, SBN 266916
                                         bhamburger@gibsondunn.com
                                       333 South Grand Avenue
                                       Los Angeles, California  90071-3197
                                       Telephone:  213.229.7000
                                       Facsimile:   213.229.7520

                                       HYDEE FELDSTEIN SOTO, SBN 106866
                                       DENISE C. MILLS, SBN 191992
                                       KATHLEEN KENEALY, SBN 212289
                                       ARLENE N. HOANG, SBN 193395
                                       JESSICA MARIANI, SBN 280748
                                       200 North Main Street, City Hall East, 6th Floor
                                       Los Angeles, California  90012
                                       Telephone:  213.978-7508
                                       Facsimile:   213.978.7011
                                       Email: arlene.hoang@lacity.org

                                       *Attorneys for Defendant*
                                       *CITY OF LOS ANGELES*

Gibson, Dunn & Crutcher LLP

7

**L.R. 7-19 COUNSEL LISTING**

Pursuant to Local Rule 7-19, below are the names and contact information for Plaintiffs' counsel of record:

UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell
767 S. Alameda St., Suite 221
Los Angeles, California 90017
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
mumhofer@umklaw.com
emitchell@umklaw.com

MEMO. IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for City of Los Angeles, certifies that this application contains 2,003 words, excluding the portions exempted by and complying with Local Rule 11-6.1.

Dated:  May 23, 2025

By: /s/ Theane Evangelis
Theane Evangelis

MEMO. IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)

Gibson, Dunn & Crutcher LLP