UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S Alameda St., Suite 221
Los Angeles, California 90017
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
mumhofer@umklaw.com
emitchell@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | Case No. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF LOS ANGELES' EX PARTE APPLICATION FOR ORDER QUASHING SUBPOENAS**<br><br>Before:          Hon. David O. Carter<br>Courtroom(s):   7A and 1 |

PLEASE TAKE NOTICE that Plaintiff LA Alliance for Human Rights ("Plaintiff") hereby opposes the City's *ex parte* application for an order quashing the May 21, 2025 subpoenas of Mayor Karen Bass and Councilmember Monica Rodriguez, and the May 23, 2025 subpoena of Councilmember Traci Park.

*OPPOSITION TO CITY OF LOS ANGELES' EX PARTE APPLICATION*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Testimony From the Mayor and Councilmembers on This Critical Issue is Not an Undue Burden nor Privileged

The City's "apex witness" and "deliberative process" arguments are nearly identical to the joint briefing submitted to this court yesterday pursuant to the parties' agreement in court on May 15, 2025.  *See* Joint Stipulation regarding Defendant's Motion for Protective Order, May 23, 2025, ECF No. 925.  *See also* Hr'g Tr. 31:17–24, May 15, 2025, ECF No. 909; Second Amended Minute Order, May 15, 2025, ECF No. 908; Notice re Apex Witness Briefing, May 22, 2025, ECF No. 922.

Plaintiff respectfully refers the court to the Plaintiff's portion of the joint stipulation (ECF No. 925) and incorporates all arguments therein by reference.

It must be emphasized, however, that Defendant City fundamentally misses a significant point of the mayor's and councilmembers' testimony: *what should the Court do if it finds the City breached the Agreement?*  Contrary to the City's assertion, this Court does *not* "only" have "jurisdiction . . . to determine compliance with the Settlement Agreement" (Memo ISO Ex Parte App., ECF No. 928 p. 4) this Court has jurisdiction and authority to "enforce the terms of the Settlement Agreement." Order Approving Stipulated Dismissal and Proposed Settlement, June 14, 2022, ECF 445, p.3.  Which means if the Court does determine the City has breached the Agreement, the Court must then determine the appropriate remedy.  *TNT MKtg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (district court has "inherent power to enforce the agreement in settlement of litigation" including ordering specific performance, damages, and attorneys fees); *Kelly v. Wengler*, 822 F.3d 1085, 1097 (9th Cir. 2016) (where court incorporated settlement agreement into dismissal order and defendant breached, "extension of the settlement agreement" by two years was "suitably tailored to Correct [Defendant's] non-compliance."); *Brown v. Plata*, 563 493, 538 (2011)

1

*OPPOSITION TO CITY OF LOS ANGELES' EX PARTE APPLICATION*

("Once invoked, the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.")

Plaintiff has argued that the City's homelessness response system is so fundamentally broken, it cannot meet the terms of the Agreement much less meet the ultimate goal of the Agreement (to "achieve a substantial and meaningful reduction in unsheltered homelessness in the City of Los Angeles" Settlement Agreement, May 24, 2022, ECF No. 429-1) and therefore must be placed into receivership. *See* Plaintiff's Response, May 8, 2025, ECF No. 899. There is no witness with more direct evidence on these issues than the Mayor and Councilmembers who make up the leadership of the City of Los Angeles.[1] And all three identified witnesses have made significant statements within the last several weeks regarding the City's "broken" system, the basis for which must be before this Court when it evaluates potential remedies.

**II.    The Subpoenas Provide Sufficient Time for Compliance**

In a desperate attempt to avoid testimony, the City argues that the subpoenas were not served with sufficient time for compliance. Memo ISO Ex Parte, ECF 928-1, p. 4-5. But the City disingenuously ignores the fact that the City has been on notice about the Alliance's intent to call Bass and Rodriguez as witnesses since at least May 9, 2025, and the updated date for the evidentiary hearing since the court ordered it on May 13, 2025. *See* Plaintiff's Opposition to Defendant City's Request for Continuance, May 22, 2025, ECF No. 920 and exhibits thereto. Subpoenas were only required because the City stopped responding to Plaintiff; prior to this week, subpoenas had been unnecessary because the parties were working cooperatively. *Id.* And while Councilmember Park was a recent addition to the witness list, that was only due to comments she made at City Council on Thursday, May 22, 2025—the City's counsel was notified the very next day.

---

[1] Indeed, if Plaintiff's intent was harassment, it would have identified all fifteen councilmembers to testify, to capture the entire leadership. Instead, Plaintiff chose only two councilmembers to minimize impact on the City.

Importantly, the City has not identified *any* conflicts, hardships, or other reasons why the mayor or councilmembers are unavailable to testify next week.  And Plaintiff's counsel notified Defendant City that the schedule could be negotiated; the City has declined to do so.

**III.     Conclusion**

For the foregoing reasons, Defendant City's ex parte application to quash should be denied.

Dated: May 24, 2025          Respectfully submitted,

*/s/ Elizabeth A. Mitchell*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiffs*

3
*OPPOSITION TO CITY OF LOS ANGELES' EX PARTE APPLICATION*