GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, a Municipal entity, et al., <br><br> Defendant. | CASE NO. 2:20-cv-02291 DOC (KES) <br><br> Honorable David O. Carter, United States District Judge <br><br> **REPLY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER QUASHING SUBPOENAS** <br><br> Dept:      7A <br><br> Trial Date:      None Set <br> Action Filed:    March 10, 2020 |

REPLY IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)

The Alliance's opposition provides no justification for refusing to quash the subpoenas or at least staying their enforcement while the City seeks immediate protection from the Ninth Circuit via a petition for a writ of mandamus.

1.      The Alliance still has not identified the "extraordinary circumstances" necessary to compel the City's high-ranking officials to testify.  At minimum, the Alliance must show that "the information sought" from Mayor Bass and Councilmembers Rodriguez and Park (1) "is essential to the case" and (2) "cannot be obtained in any other way." *In re U.S. Dep't of Educ.*, 25 F.4th 692, 702 (9th Cir. 2022) (granting writ of mandamus); *see Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (applying both requirements to attempt to depose Boston mayor).  The City has already explained why the Mayor and Councilmembers do not possess any first-hand knowledge of the City's compliance with the Settlement Agreement that the Alliance could not obtain from other officials with day-to-day oversight of the City's compliance. *See* Dkt. 925 at 4–5; Dkt. 928-1 at 3–4.

The Alliance now runs from any argument that the Mayor and Councilmembers have unique knowledge relevant to the motions for compliance with the Settlement Agreement and instead says that this Court should enforce the subpoenas because these high-ranking officials should be forced to testify about the "appropriate remedy" in the event of a breach.  Dkt. 934 at 1.  The Alliance puts the cart before the horse:  The purpose of the hearing is to determine whether there is any breach in the first place.  The Alliance also never explains *what* factual information the Mayor and Councilmembers might possess that is relevant to any potential remedy (which is a legal question), much less that lower-level officials could not provide that same information.  And in any event, the Alliance has not committed to asking these high-ranking officials factual questions only about a "remedy" for breach (whatever the Alliance might mean by that).

2.      The Alliance suggests that its untimeliness should be excused—at least as to Mayor Bass and Councilmember Rodriguez—because it previously informed the City that it wanted testimony from them.  But the Alliance gets things backward.  While the

Gibson, Dunn &
Crutcher LLP

REPLY IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)

Alliance expressed its intention to elicit testimony from Mayor Bass and Councilmember Rodriguez, the City never agreed to produce either witness voluntarily. The Alliance offers no excuse for waiting to serve subpoenas until a few business days before their compliance dates, forcing both the City and this Court to address this issue in an emergency posture. And while the Alliance contends that a last-minute subpoena to Councilmember Park was necessary based on statements she made this past Thursday, the Alliance's demand that she prepare to testify under oath in just two business days remains an unreasonable one.

3. The Alliance does not address or otherwise oppose the City's request that this Court stay enforcement of the subpoenas in the event that it refuses to quash them. If the Court is inclined to deny this application, it should at a minimum stay enforcement of the subpoenas while the City petitions the Ninth Circuit for a writ of mandamus.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)

DATED: May 24, 2025                    Respectfully submitted,


BY: /s/ Theane Evangelis
        Theane Evangelis

GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS McRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East,
6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

Gibson, Dunn &
Crutcher LLP

4

REPLY IN SUPPORT OF EX PARTE APP. FOR ORDER QUASHING SUBPOENAS
2:20-cv-02291 DOC (KES)