GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>                 Plaintiffs,<br><br>        v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>                 Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter,<br>United States District Judge<br><br>**BRIEF REGARDING APPLICABILITY OF THE HEARSAY RULES TO THE EVIDENTIARY HEARING**<br><br>Action Filed:    March 10, 2020 |

BRIEF REGARDING APPLICABILITY OF THE
HEARSAY RULES TO THE EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

At today's evidentiary hearing, the Alliance repeatedly elicited hearsay not subject to any exception and suggested that the hearsay rules—which are found in Federal Rules of Evidence 801 through 807—do not apply to these proceedings. The City repeatedly objected to the Alliance's attempts to elicit hearsay and moved to strike answers containing hearsay, but the Court largely overruled the City's objections and denied its motions to strike. The City submits this brief to rebut the Alliance's suggestion that the hearsay rules do not apply to the evidentiary hearing. There is no basis for refusing to apply the full scope of the Federal Rules of Evidence to the evidentiary hearing, including the hearsay rules.

The Federal Rules of Evidence expressly state that they apply broadly in district courts to all "civil cases and proceedings." Fed. R. Evid. 1101(b). Exceptions to this general rule are few and far between. The rules do not apply during: (1) hearings regarding threshold admissibility issues; (2) grand jury proceedings; and (3) miscellaneous proceedings in which a court or jury is not tasked with making an ultimate factual determination like extradition, sentencing, and bail hearings. Fed. R. Evid. 1101(d)(3). Courts consistently apply the rules to all hearings that fall outside of these narrow exceptions. For example:

- In *United States v. Brewer*, 947 F.2d 404 (9th Cir. 1991), the Ninth Circuit held that "the Federal Rules of Evidence apply in pretrial suppression proceedings pursuant to Rule 1101(d) because such evidentiary hearings are not expressly excluded under Rule 1101(d)(2) and Rule 1101(d)(3)." *Id.* at 410.

- In *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233 (5th Cir. 1988), the Fifth Circuit held that a "district court erred when it admitted this evidence on the ground that hearsay is admissible in a bench trial." *Id.* at 238.

- In *Hollywood Foreign Press Association v. Red Zone Capital Partners II, L.P.*, 2012 WL 13005997 (C.D. Cal. Jan. 3, 2012), the court explained that the "rules of evidence and common sense nonetheless apply" to bench trials. *Id.* at *2.

1

BRIEF REGARDING APPLICABILITY OF THE
HEARSAY RULES TO THE EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

- And in *United States v. Brier*, 2011 WL 917981 (D.R.I. Mar. 15, 2011), the court held that "[h]earsay is not admissible in a contempt hearing." *Id.* at *1.

The consistent application of the Federal Rules of Evidence to essentially all proceedings in federal courts makes perfect sense. The purpose of the rules is to ensure fairness "and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102; *see also United States v. Robinson*, 544 F.2d 110, 115 (2d Cir. 1976) ("[R]eliability is the foundation upon which all exceptions to the hearsay rule are built."). The Alliance's attempt to introduce hearsay that isn't subject to any exception to the rules against hearsay—including testimony with multiple layers of hearsay—and other inadmissible evidence presents the very problems that the rules were designed to address.

In sum, the Court should not base any factual findings on evidence that does not satisfy the standards of the Federal Rules of Evidence. To the extent the Court is inclined to allow these proceedings to continue without applying the Federal Rules of Evidence in full, including the hearsay rules, the City objects to that erroneous approach as a clear violation of Federal Rule of Evidence 1101 and on the grounds that it would result in a violation of due process.

Gibson, Dunn & Crutcher LLP

2

BRIEF REGARDING APPLICABILITY OF THE
HEARSAY RULES TO THE EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

DATED: May 27, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Theane Evangelis*
Theane Evangelis

GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS McRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

3

BRIEF REGARDING APPLICABILITY OF THE
HEARSAY RULES TO THE EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)