UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
767 S. Alameda St., Suite 221
Los Angeles, California 90017
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
mumhofer@umklaw.com
emitchell@umklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-CV-02291-DOC-KES<br><br>Assigned to Judge David O. Carter<br><br>**PLAINTIFF'S BRIEF RE: ADMISSIBILITY STANDARDS IN EVIDENTIARY HEARINGS**<br><br>Before: Hon. David O. Carter<br>Courtroom: 1 |

*PLAINTIFF'S BRIEF RE: ADMISSIBILITY STANDARDS IN EVIDENTIARY HEARINGS*

Through a multitude of objections by new counsel for the City of Los Angeles, the City has displayed a fundamental misunderstanding of the admissibility standards in an evidentiary hearing where the judge—not a jury—is the factfinder.

The City's objections miss what many courts have made clear: whenever a judge is the factfinder, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005). "Indeed, courts have held that all evidence rules are generally relaxed when a judge is the fact-finder." Cervantes v. CRST International, Inc., No. 20-CV-75-CJW-MAR, 2024 WL 4511623, at *4 (N.D. Iowa Oct. 7, 2024) (citing Null v. Wainwright, 508 F.2d 340, 344 (5th Cir. 1975) ("Strict evidentiary rules of admissibility are generally relaxed in bench trials ....")).

This is why Courts conclude that "the exclusion of evidence is [generally] disfavored in a bench trial." Teel v. City of Greenville (NC) Police Dep't, 2007 WL 9760002, at *1 (E.D.N.C. Sept. 21, 2007); see Schultz v. Butcher, 24 F.3d 626, 631-32 (4th Cir. 1994) (noting that the Federal Rules of Evidence's requirements are relaxed in bench trials, where "the district court can hear relevant evidence, weigh its probative value and reject any improper inferences"). In fact, some courts have suggested all evidence be provisionally admitted in a bench trial unless it is clearly inadmissible, privileged or too time consuming. Nat'l R.R. Passenger Corp. v. Catalina Enterprises, Inc. Pension Tr., 147 F. App'x 378, 384 (4th Cir. 2005) (Widener, J., dissenting) (discussing generally the exclusion of evidence in a bench trial); Eagle–Picher Indus., Inc. v. Liberty Mut. Ins. Co., 682 F.2d 12, 18 (1st Cir. 1982) ("a district court, sitting without a jury, might be well advised to admit provisionally all extrinsic evidence of the parties' intent, unless it is clearly inadmissible, privileged, or too time consuming, in order to guard against reversal").

The City's specific evidentiary objections suffer from similar flaws.

**1. The City's Hearsay Objections Fall Flat**

Among the City's favorite objections today was "hearsay."  For several reasons, these objections are not well taken.

    a. "As the Ninth Circuit has noted, this Court may take judicial notice of court filings and other matters of public record, as such documents "are not subject to reasonable dispute." <u>Hogan v. Unum Life Ins. Co. of Am.</u>, 81 F. Supp. 3d 1016, 1020 (W.D. Wash. 2015); <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

    b. The agreements reached in this case are legal instruments exempt from hearsay objections.  <u>Irigaray Dairy v. Dairy Emps. Union Loc. No. 17 Christian Lab. Ass'n of the United States of Am. Pension Tr.</u>, 153 F. Supp. 3d 1217, 1234 (E.D. Cal. 2015) ("But 'out-of-court statements that are offered as evidence of legally operative verbal conduct are not hearsay.' The Trust Agreement is an operative document, or 'verbal act.' Operative documents include contracts, commercial paper, and negotiable instruments. They are not hearsay, and therefore need not fall under an exception to hearsay in order to be admitted into evidence.") (quoting <u>United States v. Pang</u>, 362 F.3d 1187, 1192 (9th Cir. 2004)).

    c. The audit in this case falls under the hearsay exception for public records. <u>Smart v. Allegheny Cnty.</u>, No. 2:15CV953, 2018 WL 10230909, at *3 (W.D. Pa. May 23, 2018) ("Finally, the Audits prepared by the County Controller's Office are public records being used in a civil case and must be excepted from the hearsay exclusion under Rule 803 of the Federal Rules of Evidence. Under Rule 803, 'factual findings from a legally authorized investigation' used in a civil case are exceptions to the Rule against Hearsay.") (citing and quoting Fed. R. Evid. 803(8)(a)(iii)).

*PLAINTIFF'S BRIEF RE: ADMISSIBILITY STANDARDS IN EVIDENTIARY HEARINGS*

    d.  The city's filings and statements (and the statements of its agents) constitute party admissions under Rule 801(d)(2) of the Federal Rules of Civil Evidence.

    e.  Witnesses may testify about out of court statements when they are offered for purposes other than the truth of the matter asserted, such as state of mind, effect on the listener, and to explain witness or party conduct. United States v. Lin, No. 15-cr-00065-BLF-1, 2018 U.S. Dist. LEXIS 68194, *17 (N.D. Cal. April 23, 2018) ("[S]tatements offered for their effect on the listener/reader ... are admissible.  Specifically, the Government intends to offer the questions made and posed to Defendants not for their truth, but for the purpose of establishing the 'effect on listener' and each Defendants' state of mind."); see also United States v. Payne, 944 F.2d 1458, 1472 (9th Cir. 1991) (finding statement was non-hearsay to show effect on the listener and explain the circumstances under which other actions were taken).

    f.  Compilations or charts which are used only to summarize or organize testimony or documents which have themselves been admitted into evidence are distinguished from those used as evidence pursuant to Rule 1006 of the Federal Rules of Evidence ("Rule 1006"). Charts that summarize documents or testimony, already admitted into evidence, may be admissible under Rule 611(a) ("Rule 611(a)") of the Federal Rules of Evidence, as demonstrative evidence, as opposed to Rule 1006, as substantive evidence.

The Court correctly overruled many of the City's hearsay objections based on these uncontroversial principles, and the City's failure to grasp these principles is perplexing.  Notably, the City's hearsay brief conveniently sidesteps the foregoing authority in favor of an insistence that this Court must treat evidence in this evidentiary hearing in the same manner it would in a bench trial—a proposition that is at odds with both law and common sense.

*PLAINTIFF'S BRIEF RE: ADMISSIBILITY STANDARDS IN EVIDENTIARY HEARINGS*

**2.   The City's "Expert" Objections Make No Sense**

At the threshold, the City's expert testimony objections suffer from a lack of actual expert testimony to object to.  The City's brief cites not a single portion of testimony that qualifies as expert testimony, and its objection falters on that ground alone.

The City has complained that Plaintiff's failed to provide notice of expert testimony—but Rule 26's expert notice requirements apply to trial, not to evidentiary hearings.  Universal Life Ins. Co. v. Lindberg, No. 1:20CV681, 2023 WL 6554451, at *8 (M.D.N.C. Sept. 21, 2023) ("As the Court noted at the hearing, given the scope of the post-judgment evidentiary hearing, there was no Rule 26(f) period that required expert disclosures."), report and recommendation adopted, No. 1:20CV681, 2023 WL 7062058 (M.D.N.C. Oct. 25, 2023); Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC, No. 22-CV-14296, 2023 WL 4970704, at *2 (S.D. Fla. May 11, 2023) ("Property Matters objected to Naylor's testimony as an improperly disclosed expert. The Court overruled this objection. Although a variety of rules govern the timing for disclosure for experts at trial, see e.g., Fed. R. Civ. P. 26; Fed. R. Civ. P. 36, these rules do not apply to the evidentiary hearing on this Motion."), report and recommendation adopted, No. 22-14296-CIV, 2023 WL 4345337 (S.D. Fla. July 5, 2023), aff'd, 108 F.4th 1358 (11th Cir. 2024), cert. denied, 145 S. Ct. 1177, 221 L. Ed. 2d 256 (2025).

The City has also suggested that any expert testimony should be excluded under Rule 702 of the Federal Rules of Evidence.  But "[t]he gatekeeping function of the court is relaxed where a bench trial is to be conducted ... because the court is better equipped than a jury to weigh the probative value of expert evidence." Traxys N. Am., LLC v. Concept Mining, Inc., 808 F. Supp. 2d 851, 853 (W.D. Va. 2011) (citation omitted); see also In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) (holding that "where the factfinder and the gatekeeper are the same," a court can admit evidence without

erring, subject to the court's later ability to exclude or disregard unreliable evidence under Rule 702).

While Plaintiff has not had the opportunity to review every case cited by the City in its mid-hearing brief, it is likely that all of the City's citations are to ***trial*** cases, not ***evidentiary hearing or bench trial*** cases where the judge is the factfinder. See, e.g., United States v. Lang, 717 F. App'x 523, 537 (6th Cir. 2017) (failure to disclose expert witnesses **before trial** "was a tactical ambush, designed to circumvent Rule 702 and avoid revealing [the party's] witnesses to the other side"). The City's fixation on those cases and its failure to mention the foregoing authority further support the rejection of its objections.

Finally, while reading the text of a settlement agreement or describing a party's subjective concern that the agreement had been violated is not a giving a "legal conclusion," the City need not fret, as this Court is perfectly capable of discerning the difference between opinion and legal conclusions. KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc., 43 F. Supp. 3d 965, 985 (D. Ariz. 2014) ("a motion [to exclude legal conclusions ]in a bench trial is unnecessary because the Court is not in danger of being swayed by the aura of the expert's testimony and certainly will be able to distinguish between proper expert opinion and mere legal conclusions").

*   *   *

The City appears to be using admissibility objections to angle for a potential appellate argument—but case authority suggests that this Court is unlikely to commit reversible error by admitting evidence. BIC Corp. v. Far E. Source Corp., 23 F. App'x 36, 39 (2d Cir. 2001) (stating that "admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis."); In re Unisys Sav. Plan Litig., 173 F.3d 145, 172 (3d Cir. 1999) (Becker, C.J., dissenting) ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence.").

5

*PLAINTIFF'S BRIEF RE: ADMISSIBILITY STANDARDS*<br>*IN EVIDENTIARY HEARINGS*

For the foregoing reasons, the City's overwrought evidentiary concerns are unfounded.

Dated: May 27, 2025    Respectfully submitted,

*/s/ Matthew Donald Umhofer*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for Plaintiff*

*PLAINTIFF'S BRIEF RE: ADMISSIBILITY STANDARDS IN EVIDENTIARY HEARINGS*