GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>                   Plaintiffs,<br><br>       v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>                   Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter,<br>United States District Judge<br><br>**REPLY IN SUPPORT OF BRIEF ADDRESSING APPLICABILITY OF FEDERAL RULES OF EVIDENCE IN EVIDENTIARY HEARING**<br><br>Action Filed:    March 10, 2020 |

The City of Los Angeles files this reply in support of both its objection to undisclosed expert testimony, Dkt. 937, and its brief concerning the applicability of the Federal Rules of Evidence, including the hearsay rules, to this evidentiary hearing, Dkt. 939.

## I.    The Federal Rules of Evidence Apply to This Hearing.

The City filed a brief last night to confirm that in this evidentiary hearing, as in just about every other type of judicial proceeding involving the presentation of evidence, the Federal Rules of Evidence apply, including hearsay rules. *See* Fed. R. Evid. 1101 (setting out general rule of applicability and listing narrow set of exceptions). The Alliance has responded to that brief in two contradictory ways. First, it insists that the Federal Rules of Evidence don't apply to bench trials, such that literally anything can come in as evidence. Dkt. 941 at 1. Second, it goes on to argue that much of the testimony it has sought to elicit and presumably will continue to seek to elicit doesn't run afoul of the rule against hearsay. *Id.* at 2–3. The first theory is dead wrong—the Federal Rules of Evidence very much do apply in evidentiary hearings like this one. And the second theory reflects exactly the sort of debate the City wishes to have when it makes objections to the Alliance's questioning and evidence. What the City is asking the Court to confirm is that its objections are not fruitless and will be measured against the Federal Rules of Evidence.

The Alliance insists that when a court is the finder of fact, the normal evidence rules don't apply, so the court might as well admit anything and everything. Dkt. 941 at 1. But the cases the Alliance cites don't stand for that proposition. Those cases instead make clear that courts still cannot rely on inadmissible evidence when making factual findings. Take, for example, *Null v. Wainwright*, 508 F.2d 340 (5th Cir. 1975). The Alliance plucks this quote from the case: "Strict evidentiary rules of admissibility are generally relaxed in bench trials." Dkt. 941 at 1 (quoting *Null*, 508 F.2d at 344). But there's more to the sentence the Alliance quotes:  the rules can be relaxed, the Fifth

Gibson, Dunn &
Crutcher LLP

1

REPLY IN SUPPORT OF BRIEF ADDRESSING APPLICABILITY OF
FEDERAL RULES OF EVIDENCE IN EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

Circuit explains, because "appellate courts assume that trial judges rely upon properly admitted and relevant evidence." *Null*, 508 F.2d at 344.  Similarly, another decision cited by the Alliance states that "[w]here there is adequate admissible evidence to support the findings of the trial judge, any error in admitting other evidence will generally be deemed harmless." *Eagle-Picher Indus., Inc. v. Liberty Mut. Ins. Co.*, 682 F.2d 12, 18 (1st Cir. 1982).  That means, of course, that the district court shouldn't admit inadmissible evidence in the first place.

It's one thing for a district court presiding over a bench trial or an evidentiary hearing to permit testimony that it may later decide to disregard as inadmissible under Federal Rule of Evidence 403.  The cases cited by the Alliance defend that sort of wait-and-see approach.  But the Alliance doesn't cite any authority permitting courts to sidestep basic determinations of the admissibility of evidence (like applications of the rule against hearsay).  Nor does it cite any cases suggesting that courts may not only provisionally admit potentially inadmissible evidence, but also *rely* on that evidence in reaching their decisions.  At the end of the day, the Federal Rules of Evidence must be applied in this proceeding, and the Alliance cites nothing at all supporting its position that they do not.

Perhaps recognizing that they cannot avoid application of the Federal Rules of Evidence, the Alliance quickly pivots to a defense of its questioning and evidence under the Rules. Dkt. 941 at 2–3.  For present purposes, it doesn't matter whether the Alliance is right or wrong.  What matters, and what the City is seeking to confirm, is that the parties should be measuring the evidence against the Federal Rules of Evidence in the first place.  Because the answer is yes, the Court should consider the City's objections in just the same way it would in any trial.

In any event, the Alliance's defense of much of its evidence is incorrect under the Federal Rules of Evidence.  For example, the Alliance insists that some of its evidence is subject to judicial notice, Dkt. 941 at 2, but the Ninth Circuit has repeatedly made

Gibson, Dunn &
Crutcher LLP

2

REPLY IN SUPPORT OF BRIEF ADDRESSING APPLICABILITY OF
FEDERAL RULES OF EVIDENCE IN EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

clear that judicial notice permits district courts to acknowledge the *existence* of a document, but not the *truth* of its contents to resolve disputed issues of fact. *E.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688, 690 (9th Cir. 2001) (district court improperly "took judicial notice of the truth of disputed factual matters").

The Alliance also defends an assessment prepared by an outside consultancy, Alvarez and Marsal, as a "public record," but a document meets that standard only when it is a "record or statement of a public office." Fed. R. Evid. 803(8). There are three reasons the Alvarez and Marsal assessment doesn't meet that standard.

*First*, it wasn't prepared by a public office. Courts have declined to admit as public records documents that were prepared by outside consultants or investigators. For example, the Seventh Circuit held that an eyeglasses manufacturer's report about a defendant's glasses was not "admissible under Rule 803(8)" because the manufacturer "was not the equivalent of government investigators." *United States v. Blackburn*, 992 F.2d 666, 672 (7th Cir. 1993); *see also, e.g.*, *Johnson v. City of Fort Worth*, 565 F. Supp. 3d 817, 825 n.4 (N.D. Tex. 2021) (consultants' report commissioned by city); *Bernard v. E. Stroudsburg Univ.*, 2014 WL 12738932, at *5 (M.D. Pa. Oct. 16, 2014) (outside counsel's report); *Watts v. City of Hartford*, 2004 WL 717132, at *4 n.9 (D. Conn. Mar. 31, 2004) (collecting additional cases); see also 7 Handbook of Fed. Evid. § 803:8 (9th ed.) ("Rule 803(8) does not provide a blanket hearsay exception for reports or statements made by non-public officials to public offices even when made pursuant to statutory duty.").

*Second*, the Alvarez and Marsal assessment—while funded by the City under a stipulated order to resolve a motion filed by the Alliance—has never been adopted by the City. Courts have excluded reports prepared for (or even by) government agencies when the agencies never adopted them. For example, the Ninth Circuit affirmed the exclusion of reports sent to an agency by outside consultants but not adopted by that agency. *Brown v. Sierra Nevada Mem'l Miners Hosp.*, 849 F.2d 1186, 1189–90 (9th

Gibson, Dunn &
Crutcher LLP

3
REPLY IN SUPPORT OF BRIEF ADDRESSING APPLICABILITY OF
FEDERAL RULES OF EVIDENCE IN EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

Cir. 1988).

*Third*, the Alvarez and Marsal assessment was prepared specifically for litigation, not for independent purposes. The hearsay exception for public records "is designed to allow admission of official records and reports prepared by an agency or government office for purposes independent of specific litigation." *United States v. Stone*, 604 F.2d 922, 923 (5th Cir. 1979). Courts exclude documents prepared by public officials when they are "likely to be used in litigation." *United States v. Hernandez-Rojas*, 617 F.2d 533, 535 (9th Cir. 1980). The assessment was forged in the crucible of litigation and isn't the sort of document, created in the usual run of government business, that could qualify as a public record.

Finally, it appears that that Alliance wishes to put the Alvarez and Marsal assessment into evidence because of the legal conclusions it contains. But "[p]ure legal conclusions are not admissible as factual findings." *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010); *see also, e.g.*, *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302 (11th Cir. 1989) ("Rule 803(8)(C) does not provide for the admissibility of the legal conclusions contained within an otherwise admissible public report."); *Zeus Enters., Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 243 (4th Cir. 1999) ("The NTSB order involved no factual determinations and was strictly a legal ruling. As such, the NTSB order was not admissible under Rule 803(8)(C).").

## II.    The Court Should Not Admit Expert Undisclosed Expert Testimony That Also Flunks Rule 702.

The City agrees with the Alliance's apparent position that the witnesses the Court has referred to as "experts" lack scientific, technical, or specialized knowledge and therefore do not qualify as experts under Rule 702. Dkt. 941 at 4. For that reason, the Alliance's questioning of witnesses should not be subject to the standards applied when questioning experts—including allowing leading questions, permitting witnesses to rely on hearsay or other inadmissible evidence, and allowing them to offer free-ranging

REPLY IN SUPPORT OF BRIEF ADDRESSING APPLICABILITY OF
FEDERAL RULES OF EVIDENCE IN EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

Gibson, Dunn & Crutcher LLP

opinions divorced from their own perceptions.

But even if these witnesses could be properly designated as experts, they should not be permitted to testify with virtually no limitations and without proper notice to the City. The Alliance suggests that it can bypass the typical notice requirements for expert testimony contemplated by the Federal Rules of Civil Procedure because these proceedings are not technically a trial. Dkt. 941 at 4. But it is difficult to envision proceedings that resemble a trial more closely than this evidentiary hearing, at which each side will produce numerous witnesses for direct and cross examination and the Court will assess their credibility and make factual findings. In any event, in any proceeding where expert testimony is given, the party offering that testimony must articulate what specialized expertise these witnesses have and how such knowledge would assist the Court in making factual determinations. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590–91 (1993) (expert witnesses must possess relevant technical knowledge). And regardless of her qualifications, a witness may never opine on ultimate legal issues. *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017).

Finally, the Alliance suggests that excluding improper expert testimony under Rule 702 is unnecessary in bench trials, where courts serve as both factfinders and gatekeepers. Dkt. 941 at 4–5. But "Rule 702 applies whether the trier of fact is a judge or a jury." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020). And courts must discredit expert testimony that doesn't satisfy Rule 702, even in bench trials. *E.g.*, *United States v. Brown*, 415 F.3d 1257, 1270 (11th Cir. 2005).

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF BRIEF ADDRESSING APPLICABILITY OF
FEDERAL RULES OF EVIDENCE IN EVIDENTIARY HEARING
2:20-cv-02291 DOC (KES)

DATED: May 28, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Theane Evangelis*
        Theane Evangelis

GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS McRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

6

Gibson, Dunn &
Crutcher LLP