GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
DENISE C. MILLS, SBN 191992
KATHLEEN KENEALY, SBN 212289
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>**DECLARATION OF MATTHEW W. SZABO IN RESPONSE TO JUNE 5, 2025 AMENDED ORDER REQUIRING CITY VERIFICATION OF TLS REPORTING**<br><br>Honorable David O. Carter, United States District Judge<br><br>Action Filed:    March 10, 2020 |

DECLARATION OF MATTHEW W. SZABO IN RESPONSE TO JUNE 5, 2025 AMENDED ORDER REQUIRING CITY VERIFICATION OF TLS REPORTING
2:20-cv-02291 DOC (KES)

I, Matthew W. Szabo, declare as follows:

1.      I am the City Administrative Officer for the City of Los Angeles.  I submit this declaration in response to the Court's June 5, 2025 Amended Order Requiring City Verification of TLS Reporting.  If called and sworn as a witness, I could and would testify competently to the following:

2.      Attached as **Exhibit A** is a true and correct copy of a spreadsheet provided by the Los Angeles Homeless Services Authority ("LAHSA") to the City containing the data requested by the Court for each of the 2,679 TLS slots (line 1 in Dkt. 891-1) as of March 31, 2025, and an accompanying appendix provided by LAHSA to the City defining the data fields in the spreadsheet.

3.      Attached as **Exhibit B** is a true and correct copy of a spreadsheet provided by LAHSA to the City containing the data requested by the Court for each of the 2,679 TLS slots (line 1 in Dkt. 891-1) as of June 5, 2025, and an accompanying appendix provided by LAHSA to the City defining the data fields in the spreadsheet.

4.      I understand that the Court has requested data regarding the 130 Scattered Sites of Rapid Rehousing/Shared Housing listed in lines 60 and 61 in Dkt. 891-1. LAHSA has informed the City that the 130 Scattered Sites of Rapid Rehousing/Shared Housing should not have been separately listed because slots under those programs were already included within the 2,679 TLS slots listed in line 1 in Dkt. 891-1 to the extent they were occupied as of March 31, 2025.  There is thus no additional data to provide regarding the 130 Scattered Sites of Rapid Rehousing/Shared Housing that is not already contained in the spreadsheets attached as Exhibit A and Exhibit B.  Removing those 130 Scattered Sites of Rapid Rehousing/Shared Housing reduces the total number of open and occupiable beds reported for the Roadmap agreement in the quarterly report for the quarter ended March 31, 2025 from 7,624 to 7,494.

5.      At my direction, members of my staff compared the 2,679 addresses in the spreadsheets attached as Exhibit A and Exhibit B with the addresses reported for the LA

1

DECLARATION OF MATTHEW W. SZABO IN RESPONSE TO JUNE 5, 2025 AMENDED ORDER REQUIRING CITY VERIFICATION OF TLS REPORTING
2:20-cv-02291 DOC (KES)

Alliance settlement in the quarterly report for the quarter ended March 31, 2025 (Dkt. 892-1). Out of the 11,002 open and in process beds listed in the LA Alliance settlement quarterly report for the quarter ended March 31, 2025 (Dkt. 892-1), the City has determined (based upon its review and analysis of the information provided by LAHSA in Exhibits A and B) that 12 beds overlap with addresses associated with the 2,679 TLS slots and should not have been listed in the quarterly report for the Roadmap agreement for the quarter ended March 31, 2025 (Dkt. 891-1). Specifically, 1 bed in row 23 in Dkt. 892-1, 1 bed in row 38 in Dkt. 892-1, 7 beds in row 52 in Dkt. 892-1, 2 beds in row 60 in Dkt. 892-1, and 1 bed in row 86 in Dkt. 892-1 overlap with addresses associated with the 2,679 TLS slots listed in line 1 in Dkt. 891-1. Removing those beds further reduces the total number of open and occupiable beds reported for the Roadmap agreement in the quarterly report for the quarter ended March 31, 2025 from 7,494 to 7,482.

6.     In addition to what was described in paragraph 5, there are 6 building addresses associated with the 2,679 TLS slots listed in line 1 in Dkt. 891-1 that are the same as some of the building addresses listed in the LA Alliance settlement quarterly report for the quarter ended March 31, 2025 (Dkt. 892-1)—specifically, the addresses corresponding to rows 39, 61, 94, 98, and 138 in Dkt. 892-1. But this does not reflect overlap in actual beds because the building addresses contained multiple distinct units and no TLS slots for those buildings were reported in the LA Alliance settlement quarterly report for the quarter ended March 31, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 11, 2025

_____
Matthew W. Szabo

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF MATTHEW W. SZABO IN RESPONSE TO JUNE 5, 2025 AMENDED ORDER REQUIRING CITY VERIFICATION OF TLS REPORTING
2:20-cv-02291 DOC (KES)