Shayla R. Myers (SBN 264054)
Isabelle M. Geczy (SBN 349594)
**LEGAL AID FOUNDATION**
**OF LOS ANGELES**
1550 W. 8th St
Los Angeles, CA 90017
Tel: (213) 640-3983
     (323) 801-7990
Email: smyers@lafla.org
       igeczy@lafla.org

Carol A. Sobel (SBN 84483)
**LAW OFFICE OF CAROL A. SOBEL**
725 Arizona Ave.
Santa Monica, CA 90401
Telephone: (310) 393-3055
Email: carolsobel@aol.com

*Attorneys for Intervenors*
*Additional Counsel listed on next page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, *et. al.*<br>Plaintiff(s),<br><br>v.<br><br>City of Los Angeles, *et. al.*<br>Defendant(s). | CASE NO.: 20-CV-02291-DOC-KES<br><br>Hon. David O. Carter<br><br>**DECLARATION OF SHAYLA MYERS ISO INTERVENORS' MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>*[Filed Concurrently with Intervenors' Motion for Award of Attorneys' Fees, Declaration of Carol Sobel]*<br><br>Action Filed:   March 10, 2020 |

*Additional Counsel*

Catherine Sweetser (SBN 271142)
**SCHONBRUN SEPLOW HARRIS
& HOFFMAN, LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Tel: (310) 396-0731
Email: catherine.sdshhh@gmail.com

Brook Weitzman (SBN 301037)
William Wise (SBN 109468)
**ELDER LAW AND DISABILITY
RIGHTS CENTER**
1535 E. 17th Street, Suite 110
Santa Ana, California 92705
Tel: (714) 617-5353
Email: bweitzman@eldrcenter.org
Email: bwise@eldrcenter.org

*Attorneys for Orange Catholic Worker*

2

**DECLARATION OF SHAYLA MYERS**

## DECLARATION OF SHAYLA MYERS

1.      My name is Shayla Myers. I have personal knowledge of the facts contained in this declaration, and if called to testify, I could and would testify competently as to the truth of the facts in this declaration.

2.      I graduated Order of the Coif from UCLA School of Law in 2008 with specializations in Critical Race Studies and Public Interest Law and Policy.  I then clerked for the Honorable Sandra Ikuta on the United States Court of Appeals for the Ninth Circuit. After clerking, I was awarded the Skadden Fellowship to provide legal services to homeless LGBTQ people in Hollywood.  I worked directly with unhoused youth and adults on a wide variety of legal issues and worked with a number of service providers in and around Hollywood.

3.      After working directly with unhoused clients for three years, I spent two years at a civil rights firm in Los Angeles litigating complex class actions and civil rights cases. I joined the Legal Aid Foundation of Los Angeles in 2014.  During my time at LAFLA, I have litigated and now lead significant housing and civil rights litigation on behalf of low income tenants and unhoused people in both state and federal court.  In 2023, LAFLA expanded its impact to protect the rights of unhoused people by creating the Unhoused People's Justice Project.  I am currently the Senior Attorney and oversee legal work on behalf of unhoused residents in Los Angeles, both through significant systemic litigation and direct services to unhoused residents facing termination from interim housing programs and the seizure and destruction of their vehicles.

4.      In addition to representing unhoused people and community organizations working with and on behalf of unhoused residents, I work on policy issues related to homelessness.  I am routinely asked to speak as an expert on the legal issues facing unhoused residents, including at national conferences and in the media. I lead and participate in research on a number of substantive areas of law impacting unhoused residents, including as relevant here, the towing of RVs and vehicles, tenant rights in interim housing, and the use of Time-Limited Subsidies.  I frequently serve as a guest

3

**DECLARATION OF SHAYLA MYERS**

lecturer at area law schools and the UCLA Geffen School of Medicine on the intersection of law and homelessness.  I was awarded the UCLA School of Law Margaret Levy Fellowship related to my work on criminalization of homelessness.

5.    My colleague, Isabelle Geczy, is a 2022 UCLA School of Law graduate where she was Chief Articles Editor of the UCLA Law Review.  She is currently a staff attorney in the Unhoused People's Justice Project at Legal Aid Foundation of Los Angeles.  In addition to participating in systemic litigation on behalf of unhoused residents, Ms. Geczy directly represents unhoused residents in facing termination from interim housing programs and other services in Los Angeles.  Prior to joining LAFLA, Ms. Geczy worked at a civil rights law firm and was the Pretrial Justice Fellow with the Criminal Justice Program at UCLA School of Law.

6.    The Legal Aid Foundation of Los Angeles (LAFLA) is one of the largest public interest law firms in Los Angeles.  For over 95 years, LAFLA  has represented low income residents in a wide range of substantive areas of law and has deep expertise on the complexity of the legal issues facing low income communities, from civil rights to homelessness prevention, veterans benefits, immigration, and workers rights. Attached as Exhibit D is a true and correct copy of our 2024 Annual Report.

7.    The Unhoused People's Justice Project combats the criminalization of homelessness and advances the civil rights of unhoused people by bringing complex civil rights litigation in state and federal court, as well as providing direct representation to unhoused residents in shelters and living in their vehicles.  UPJP provides some of the only dedicated legal services in Los Angeles to unhoused residents in shelters and other interim housing programs, which are designed to disrupt the cycle that moves people from the streets to the shelter and back onto the streets, a cycle that exacerbates the homelessness crisis in Los Angeles.

8.    LAFLA has one of the largest and oldest and largest legal programs addressing housing justice. Nearly one half of the Foundation's staff are dedicated to preventing homelessness by representing low income tenants through eviction

4

**DECLARATION OF SHAYLA MYERS**

proceedings.  That work has been a cornerstone of LAFLA's work in the community since the founding of the Eviction Defense Center in the 1980s.  Housing justice attorneys also focus on housing preservation, including representing the Los Angeles Community Action Network in enforcing a settlement that has preserved affordable housing in Skid Row for decades.

9.      In addition to housing justice, attorneys at LAFLA are experts in veterans' benefits, language access, immigration law, government benefits, reentry, and domestic violence, all of which impact unhoused residents and intersect with issues at stake in this litigation.  Attorneys at the Legal Aid Foundation have engaged in significant systemic litigation across substantive areas impacting low-income members of the community, including litigating the lead cases related to Welfare and Institutions Code Section 17000, upon which the LA Alliance litigation was built. All of this substantive expertise across LAFLA made it possible for Intervenors' counsel to participate in the evidentiary hearing with no time to prepare.

10.     I have reviewed the fees submitted by the attorneys and staff billing on the case. In reviewing specific time, I exercised billing discretion with regards to the fees we are seeking.  Specifically, Intervenors do not seek compensation from any of the other co-counsel representing the Intervenors who consulted but did not staff the hearing.  I also omitted billing entries for other LAFLA attorneys and staff who consulted on the case during the hearing, including lead counsel for litigation related to the Venice Dell affordable housing project; and counsel responsible for the enforcement of the Wiggins Settlement, which preserves affordable housing in Skid Row through 2032.  Finally, Intervenors exercised billing discretion by not billing for paralegal work performed by either attorneys on the case who worked through the night to prepare for the evidentiary hearing and submit the brief.

11.     A true and correct summary of billing records in this matter related to 1) the evidentiary hearing; 2) the post-hearing briefing; and 3) this motion are attached as Exhibit A.

**DECLARATION OF SHAYLA MYERS**

12. A true and correct spreadsheet reflecting the billing records of the Legal Aid Foundation of Los Angeles staff working on this matter for the relevant work listed above is attached as Exhibit B.

13. A true and correct spreadsheet listing costs associated with the hearing is attached as Exhibit C.

14. Participating in the hearing to the level our team was required to participate in order to represent Intervenors' interests in the hearing created a significant strain on our team. We had to forgo work in other matters and move litigation deadlines to accommodate the seven day hearing and subsequent briefing, including this briefing. The need to participate in the hearing delayed a significant filing in another matter. We also had to forgo participation in community meetings and work on research related to homelessness.

15. Participating in the hearing also disrupted my team's ability to provide direct legal representation and provide know your rights information to unhoused individuals residing in shelters, a project that developed after we launched the Unhoused People's Justice Project in 2023. It also disrupted our ability to provide legal representation to Intervenors on other legal issues they and their members face.

16. Over the course of the past five years, LAFLA has devoted significant resources to representing Intervenors in this matter. I have dedicated more than 1500 hours over the past five years to the litigation. I have actively participated in every stage of the litigation, including settlement enforcement proceedings going back to when the Encampment Resolution Plan was initially disclosed, meeting with the auditors from A&M, and reviewing and actively participating in hearings related to the scope of work, progress, and finally draft of the audit.

17. Other attorneys and support staff at LAFLA have likewise contributed more than 500 hours. The other attorneys on the case, Catherine Sweetser, Brooke Weisman, and Carol Sobel have likewise contributed hundreds of hours over five years to the case.

**DECLARATION OF SHAYLA MYERS**

18.    A true and correct copy of the Justice Gap Report, released by the Legal Services Corporation is attached as Exhibit D.

19.    Following the August 29, 2024 hearing, I followed up with Ms. Marianni regarding what it meant to "create" a bed and where that appeared in the settlement.  A true and correct copy of our email communication is attached as Exhibit E.  Ms. Marianni did not respond.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8. 2025 in Los Angeles, California

_____  **/s/**
                    **Shayla Myers**

**DECLARATION OF SHAYLA MYERS**