# EXHIBIT C

24

MATTHEW DONALD UMHOFER, SBN 206607
matthew@umklaw.com
J. ANTHONY KING, SBN 297279
anthony@umklaw.com
DIANE H. BANG, SBN 271939
dbang@umklaw.com
**UMHOFER, MITCHELL & KING LLP**
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Nominal Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC. and ATA RANCHES, INC., | Case No.: 2:20-cv-02375-FLA-AJRx<br><br>*Hon. Fernando L. Aenlle-Rocha*<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Hearing Date: January 10, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 6B |
| Plaintiff, | |
| vs. | |
| KEDRIN E. VAN STEENWYK, et al., | |
| Defendants, | |
| and | |
| APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC., and ATA RANCHES, INC., | |
| Nominal Defendants. | |

**NOTICE OF MOTION AND MOTION**

**TO THE HONORABLE FERNANDO L. AENLLE-ROCHA, DISTRICT COURT JUDGE, TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 10, 2025 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 6B, 6th Floor of the above captioned court, located at 350 W. 1st Street, Los Angeles, California, Plaintiff Matthew Van Steenwyk, individually, and as Trustee and Beneficiary of the Matthew Van Steenwyk GST Trust and the Matthew Van Steenwyk Issue Trust, and as Co-Trustee of the Gretchen Marie Van Steenwyk-Marsh GST Trust and the Gretchen Marie Van Steenwyk-Marsh Issue Trust, and derivatively on behalf of Nominal Defendants Applied Technologies Associates, Inc., Scientific Drilling International, Inc., and ATA Ranches, Inc. ("Matthew" or "Plaintiff") will and hereby does move for an award of attorneys' fees in the amount of $10,476,734.67 against Defendants and/or ATA and SDI. Plaintiff is also entitled to an award of attorneys' fees in the amount of $6,536,124.67 for his efforts to obtain corporate records under California Corporations Code Sections 1601 and 1604 against ATA.

This Motion is made following the conference of counsel pursuant to United States District Court, Central District of California, Local Rule 7-3 which took place telephonically on August 26, 2024, and in the courthouse on October 29, 2024, between counsel for Plaintiff and counsel for Defendants. The parties were unable to reach agreement on the issues raised by this motion.

/ /
/ /
/ /
/ /
/ /
/ /
/ /

*MOTION FOR ATTORNEYS' FEES*

26

This Motion is based upon this Notice of Motion; the Memorandum of Points and Authorities filed herein; the Declaration of Matthew Donald Umhofer and accompanying exhibits; any reply memorandum; the pleadings previously filed in this action; and all evidence submitted in connection with this Motion at or before any oral argument permitted.

Dated: December 13, 2024          **UMHOFER, MITCHELL & KING LLP**

By:    /s/ Matthew Donald Umhofer
       Matthew Donald Umhofer
       J. Anthony King
       Diane H. Bang

       *Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES .........................................................................................ii

MEMORANDUM OF POINTS & AUTHORITIES .......................................................1

I.      INTRODUCTION ..................................................................................................1

II.    ARGUMENT.........................................................................................................2

        A.     Plaintiff Is Entitled to Attorneys' Fees Under the Common Fund Doctrine ........................................................................................................3

        B.     Plaintiff Is Entitled to Attorneys' Fees Under the Substantial Benefit Doctrine ............................................................................................5

        C.     Plaintiff's Attorneys' Fees Are Reasonable...............................................7

        D.     Plaintiff's Hourly Rates Are Reasonable.................................................10

        E.     The Hours Incurred Are Reasonable........................................................12

        F.     Plaintiff Is Also Entitled to Attorneys' Fees for Defendants' Violation of California Corporations Code Section 1601........................13

III.   CONCLUSION ...................................................................................................15

CERTIFICATE OF COMPLIANCE.............................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aetna Life & Cas. Co. v. City of Los Angeles,
170 Cal. App. 3d 865 (1985)...........................................................................8, 11

Akins v. Enterprise Rent–A–Car Co.,
79 Cal. App. 4th 1127 (2000)................................................................................13

Amtower v. Photon Dynamics, Inc.,
158 Cal. App. 4th 1582, (2008).............................................................................13

Baker v. Pratt,
176 Cal. App. 3d 370 (1986).....................................................................................6

Barjon v. Dalton,
132 F.3d 496 (9th Cir. 1997)..................................................................................10

Barton v. Drummond Co.,
636 F.2d 978 (5th Cir. 1981)....................................................................................4

Bellinghausen v. Tractor Supply Co.,
306 F.R.D. 245 (N.D. Cal. 2015)...........................................................................11

Chambers v. Whirlpool Corp.,
214 F. Supp. 3d 877...............................................................................................11

Consumer Privacy Cases,
175 Cal. App. 4th 545 (2009)...................................................................................8

Cotton v. City of Eureka,
889 F. Supp. 2d 1154 (N.D. Cal. 2012) .................................................................10

Counts v. Meriwether,
2016 WL 1165888 (C.D. Cal. 2016)......................................................................11

Cziraki v. Thunder Cats, Inc.,
111 Cal. App. 4th 552 (2002)....................................................................................6

*MOTION ATTORNEYS' FEES*

Emond v. Murphy,

  2019 WL 13039332 (C.D. Cal. Aug. 27, 2019) ............................................6, 8

Estate of Reade,

  31 Cal. 2d 669 (1948) ...................................................................................4

Estate of Stauffer,

  53 Cal. 2d 124 (1959) ...................................................................................4

Feuer v. Thompson,

  2013 WL 2950667 (N.D. Cal. June 14, 2013) .............................................6

Fleischmann Distilling Corp. v. Maier Brewing Co.,

  386 U.S. 714 (1967) ......................................................................................3

Fletcher v. A. J. Indus., Inc.,

  266 Cal. App. 2d 313 (1968) .........................................................................4

Fox v. Hale & Norcross S. M. Co.,

  108 Cal. 475 (1895) ......................................................................................4

Grady v. Pacific Mutual Life Ins. Co.,

  61 Cal. 2d 673 (1964) ...................................................................................4

In re Bluetooth Headset Prod. Liab. Litig.,

  654 F.3d 935 (9th Cir. 2011) ........................................................................5

In re Galena Biopharma, Inc. Sec. Litig.,

  2016 WL 3457165 (D. Or. June 24, 2016) ...................................................6

In re Oracle Sec. Litig.,

  852 F. Supp. 1437 (N.D. Cal. 1994) .........................................................4, 5

In re Rambus Inc. Derivative Litig.,

  2009 WL 166689 (N.D. Cal. Jan. 20, 2009) ................................................6

In re Wash. Pub. Power Supply Sys. Sec. Litig.,

  19 F.3d 1291 (9th Cir. 1994) ........................................................................5

In re Wells Fargo & Co. S'holder Derivative Litig.,

  445 F. Supp. 3d 508 (N.D. Cal. 2020) .......................................................4, 5

iii

*MOTION ATTORNEYS' FEES*

In re Wells Fargo & Co. S'holder Derivative Litig.,
  523 F. Supp. 3d 1108...................................................................................4

Jordan v. Multnomah County,
  815 F.2d 1258 (9th Cir. 1987)....................................................................10

Ketchum v. Moses,
  24 Cal. 4th 1122 (2001).................................................................................8

Knebel v. Capital Nat'l Bank,
  518 S.W.2d 795 (Tex.1974)..........................................................................4

Lewis v. Anderson,
  692 F.2d 1267 (9th Cir. 1982)..................................................................4, 6

Libhart v. Copeland,
  949 S.W.2d 783 (Tex. App. 1997)................................................................4

Loring v. City of Scottsdale, Ariz.,
  721 F.2d 274 (9th Cir. 1983).........................................................................5

Mergens v. Sloan Valve Co.,
  2017 WL 9486153 (C.D. Cal. Sept. 18, 2017)...........................................11

Mills v. Elec. Auto-Lite Co.,
  396 U.S. 375 (1970) ...........................................................................3, 4, 6

Moreno v. City of Sacramento,
  534 F.3d 1106 (9th Cir. 2008).......................................................................8

O'Neill v. Church's Fried Chicken, Inc.,
  910 F.2d 263 (5th Cir. 1990).........................................................................7

Perfect 10, Inc. v. Giganews, Inc.,
  2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) ...........................................11

Pipefitters Loc. No. 636 Defined Benefit Plan,
  v. Oakley, Inc., 180 Cal. App. 4th 1542 (2010)...........................................6

Prudential-Bache Sec., Inc. v. Matthews,
  627 F. Supp. 622 (S.D. Tex. 1986) ...........................................................4, 7

*MOTION ATTORNEYS' FEES*

Reynolds Metals Co. v. Alperson,
   25 Cal. 3d 124 (1979) ...................................................................................13

Robbins v. Alibrandi,
   127 Cal. App. 4th 438 (2005) ........................................................................8

Rodriguez v. Cty. of L.A.,
   96 F. Supp. 3d 1012 (C.D. Cal. 2014) .........................................................11

ScripsAmerica, Inc. v. Ironridge Global LLC,
   2016 WL 6871280 (C.D. Cal. Jan. 12, 2016) ...............................................11

Serrano v. Priest,
   20 Cal.3d 25 (1977) ........................................................................................6

Six (6) Mexican Workers v. Ariz. Citrus Growers,
   904 F.2d 1301 (9th Cir. 1990) ........................................................................5

Smith v. Szeyller,
   31 Cal. App. 5th 450 (2019) .....................................................................6, 12

Vizcaino v. Microsoft Corp.,
   290 F.3d 1043 (9th Cir. 2002) ........................................................................5

Vogel v. Harbor Plaza Ctr., LLC,
   893 F.3d 1152 (9th Cir. 2018) ........................................................................8

Winslow v. Harold G. Ferguson Corp.,
   25 Cal. 2d 274 (1944) .....................................................................................4

Wixon v. Wyndham Resort Dev. Corp.,
   2010 WL 3630124 (N.D. Cal. Sep.14, 2010) .................................................6

**Statutes**

Cal. Corporation Code § 1604 ...............................................................................13, 15

California Corporations Code Sections 1601 and 1604 ...................................1, 2, 13, 14


**Other Authorities**

Central District of California, Local Rule 7-3 ................................................................1

*MOTION ATTORNEYS' FEES*

## MEMORANDUM OF POINTS & AUTHORITIES

## I.   INTRODUCTION

After litigating this case on behalf of Nominal Defendants ATA and SDI for over four years and prevailing at a complex two-week jury trial, resulting in an $8,788,720 judgment on behalf of ATA and SDI, Plaintiff Matthew Van Steenwyk is entitled to an award of attorneys' fees.[1] Because of Plaintiff's tireless commitment to this case and his successful efforts, the rights of Nominal Defendants ATA and SDI were vindicated and their directors, officers, and controlling shareholders are being held accountable for their brazen and flagrant breaches of fiduciary duty and acts of corporate waste. Plaintiff's perseverance in the face of Defendants' meritless obstinacy, obstruction, and frivolous litigation tactics resulted in a common fund benefiting Nominal Defendants ATA and SDI. Accordingly, Plaintiff is entitled to an award of attorneys' fees.

Plaintiff filed his complaint on March 12, 2020. (ECF No. 1.) Since then, Defendants have engaged in scorched-earth litigation tactics and have used every opportunity to obfuscate and delay. Over the course of this case, Plaintiff was required to oppose *seven* motions to dismiss and two motions for summary judgment. Plaintiff defended against several frivolous motions for reconsideration, and opposed Defendants' meritless attempt at an interlocutory appeal, which was denied by the Ninth Circuit. (ECF No. 328.)

This case also required six discovery motions and dozens of meet and confers in an effort to avoid those motions because Defendants repeatedly refused to meaningfully participate in discovery. (Decl. of Matthew Umhofer ("Umhofer Decl.") ¶23.) In just one example, ATA initially produced just 562 pages of discovery, but after being ordered by the Court, ATA's production ballooned to over 34,000 documents. (Ibid.) Even after being ordered to produce documents, Defendants continued to wrongfully withhold discovery and then brazenly attempted to use withheld documents in their

---

[1] Judgement was entered on August 13, 2024 in the amount of $4,106,879 and prejudgment interest in the amount of $287,481 in favor of ATA and $4,394,360 in favor of SDI. (ECF No. 515.)

1

*MOTION FOR ATTORNEYS' FEES*

motion for summary judgment, requiring one of three motions for sanctions. (Id. ¶24; ECF No. 388) Beyond paper discovery, this case required thirty-nine depositions.

After all of Defendants' obstruction, Plaintiff brought his own, successful motion for summary judgment. (ECF No. 342.) Defendants, unbowed even by their loss at summary judgment and refusing to accept reality, filed a motion for reconsideration so frivolous that the Court issued an order to show cause why they should not be sanctioned. (ECF No. 342.) Plaintiff then prevailed in a two-week jury trial resulting in a judgment of nearly $9 million benefiting ATA, SDI, and their shareholders. Plaintiff also is likely to obtain equitable relief that will result in long-needed corporate governance reforms and removal of corrupt officers and directors that will be a boon to the company and shareholders for years to come.

Plaintiff is also entitled to an award of attorneys' fees for his efforts to obtain corporate records under California Corporations Code Sections 1601 and 1604. There is no dispute as to whether ATA violated Section 1601, as Defendant ATA admitted that it withheld corporate records that Plaintiff had requested. The only question remaining—whether Defendants' refusal to provide the requested records was without justification—was answered resoundingly at trial. While ATA offered several excuses as to why they refused to produce documents that were critical to determining whether breaches of fiduciary duty and corporate waste were occurring, they could not muster a single valid justification for their obstruction. Rather, the evidence unequivocally showed that ATA did not produce certain documents because it knew they constituted the smoking gun evidence that exposed Defendants' grift—as evidenced by the fact that Defendants continued to withhold these corporate records in discovery.

In short, Plaintiff earned the fees requested in the face of Defendants' commitment to drive up the cost of litigation as severely as possible and through an unwavering commitment to prosecute this case on behalf of ATA and SDI.

II. **ARGUMENT**

Plaintiff prevailed at trial after four years of hard-fought litigation and obtained a

judgment of nearly $9 million on behalf of Nominal Defendants ATA and SDI. Accordingly, Plaintiff is entitled to recover fees and costs incurred on behalf of the nominal defendants and other shareholders of ATA and SDI.

"While the general American rule is that attorneys' fees are not ordinarily recoverable as costs, both the courts and Congress have developed exceptions to this rule for situations in which overriding considerations indicate the need for such a recovery." Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 391–92 (1970). "A primary judge-created exception has been to award expenses where a plaintiff has successfully maintained a suit…that benefits a group of others in the same manner as himself." Id. (citing Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967)). This includes where, as here, there was a "deceit practiced on the stockholders as a group…and the expenses of petitioners' lawsuit have been incurred for the benefit of the corporation and the other shareholders." Mills, 396 U.S. 375, 392 (internal citations omitted). In shareholder derivative actions such as the instant case, "the expenses incurred by one shareholder in the vindication of a corporate right of action can be spread among all shareholders through an award against the corporation, regardless of whether an actual money recovery has been obtained in the corporation's favor." Mills, 396 U.S. 375, 394. This exception to the American rule in cases of a common fund is universally recognized under federal, California, and Texas law.

### A. Plaintiff Is Entitled to Attorneys' Fees Under the Common Fund Doctrine

The judgment obtained by Plaintiff derivatively on behalf of ATA and SDI is a common fund to which others are entitled. ATA and SDI and, indirectly, their shareholders, will share in the benefits obtained at Plaintiff's expense. Courts have the power to award attorneys' fees to successful plaintiffs who through their efforts have created a common fund of money to which similarly situated individuals are also entitled. Accordingly, Plaintiff is entitled to an award of attorneys' fees from the common fund created through his efforts.

Under federal, California, and Texas law, "a court may grant fees and expenses

3

to derivative counsel when the derivative suit creates a common fund or confers a substantial corporate benefit." <u>In re Wells Fargo & Co. S'holder Derivative Litig.</u>, 445 F. Supp. 3d 508, 518–19 (N.D. Cal. 2020), aff'd, 845 F. App'x 563 (9th Cir. 2021) (citing <u>In re Oracle Sec. Litig.</u>, 852 F. Supp. 1437, 1445 (N.D. Cal. 1994); <u>Mills</u>, 396 U.S. 375, 396; <u>Lewis v. Anderson</u>, 692 F.2d 1267, 1270 (9th Cir. 1982)). "Fifth Circuit holdings recognize the 'common benefit' or 'common fund' equitable doctrine which allows for the assessment of attorneys' fees against a common fund created by the attorney's efforts." <u>Prudential-Bache Sec., Inc. v. Matthews</u>, 627 F. Supp. 622, 625 (S.D. Tex. 1986) (citing <u>Barton v. Drummond Co.</u>, 636 F.2d 978, 982 (5th Cir. 1981)).

"[W]here a common fund exists to which a number of persons are entitled and in their interest successful litigation is maintained for its preservation and protection, an allowance of counsel fees may properly be made from such fund. By this means All of the beneficiaries of the fund pay their share of the expense necessary to make it available to them." <u>Fletcher v. A. J. Indus., Inc.</u>, 266 Cal. App. 2d 313, 320 (1968) (citing <u>Winslow v. Harold G. Ferguson Corp.</u>, 25 Cal. 2d 274, 277 (1944); <u>Estate of Stauffer</u>, 53 Cal. 2d 124, 132 (1959); <u>Estate of Reade</u>, 31 Cal. 2d 669, 671-72 (1948)). "The common-fund doctrine has been held to apply in favor of a plaintiff who has successfully maintained a stockholder's derivative action on behalf of a corporation in this state." <u>Fletcher</u>, 266 Cal. App. 2d 313, 320 (citing <u>Grady v. Pacific Mutual Life Ins. Co.</u>, 61 Cal. 2d 673, 676-79 (1964); <u>Fox v. Hale & Norcross S. M. Co.</u>, 108 Cal. 475, 477 (1895)). "The common fund doctrine allows for the recovery of attorney fees in equity where a plaintiff 'has maintained a successful suit for the preservation, protection, or increase of a common fund[,] or [of] common property.'" <u>Libhart v. Copeland</u>, 949 S.W.2d 783, 803 (Tex. App. 1997) (quoting <u>Knebel v. Capital Nat'l Bank</u>, 518 S.W.2d 795, 799 (Tex.1974)).

"Courts may use either the common fund or lodestar approach when awarding attorney's fees in a shareholder derivative suit." <u>In re Wells Fargo & Co. S'holder Derivative Litig.</u>, 523 F. Supp. 3d 1108, 1111 (citing <u>In re Oracle Sec. Litig.</u>, 852 F. Supp. 1437, 1449). "[W]here the litigation results in a 'common fund' that benefits the

general class of shareholders, courts may allocate a percentage of the total fund as the fee award." In re Oracle Sec. Litig., 852 F. Supp. at 1449. Under the lodestar approach "the fee is determined based on the time and materials spent by derivative counsel." Id. (citing Loring v. City of Scottsdale, Ariz., 721 F.2d 274, 275–76 (9th Cir. 1983)). "Either of these methods, depending on the circumstances, can be used to determine a reasonable fee." In re Oracle Sec. Litig., 852 F. Supp. at 1449 (citing Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)). "Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002) (citing In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1295–96 (9th Cir. 1994)). "[T]he court has broad discretion to choose the appropriate method for determining the fee award." In re Oracle Sec. Litig., 852 F. Supp. 1437, 1449.

Using the percentage-of-recovery method, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). "Ninth Circuit has made clear that courts may adjust a percentage fee award upward or downward to take into account any equities created by the attorney time and effort devoted to the case." In re Oracle Sec. Litig., 852 F. Supp. at 1450 (citing Six Mexican Workers, 904 F.2d at 1311). "Courts often also cross-check the amount of fees against the lodestar. 'Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award.'" In re Wells Fargo & Co. S'holder Derivative Litig., 445 F. Supp. 3d 508, 519 (quoting Vizcaino, 290 F.3d at 1050).

**B.** **Plaintiff Is Entitled to Attorneys' Fees Under the Substantial Benefit Doctrine**

The Court is not limited to the common fund in awarding attorneys' fees. "Attorney's fees may be awarded in successful shareholder derivative suits that confer

a substantial benefit on the corporation."[2] <u>Emond v. Murphy</u>, 2019 WL 13039332, at *11 (C.D. Cal. Aug. 27, 2019) (citing <u>Mills v. Elec. Auto-Lite Co.</u>, 396 U.S. 375, 396-97 (1970); <u>Cziraki v. Thunder Cats, Inc.</u>, 111 Cal. App. 4th 552, 557 (2002)). "[I]f a judgment confers a substantial benefit on a defendant, such as in a corporate derivative action, the defendant may be required to pay the attorney fees incurred by the plaintiff." <u>Cziraki</u>, 111 Cal. App. 4th at 558 (citing <u>Baker v. Pratt</u>, 176 Cal. App. 3d 370, 378 (1986)).

"[U]nder the substantial benefit exception, the trial court may exercise its 'equitable discretion ... [to] determine[ ] whether the interests of justice require those who received a benefit to contribute to the legal expenses of those who secured the benefit.'" <u>Smith v. Szeyller</u>, 31 Cal. App. 5th 450, 460 (2019) (quoting <u>Pipefitters Loc. No. 636 Defined Benefit Plan v. Oakley, Inc.</u>, 180 Cal. App. 4th 1542, 1547 (2010)). The substantial benefit doctrine "is an 'outgrowth' of the common fund doctrine." <u>Smith v. Szeyller</u>, 31 Cal. App. 5th 450, 460 (2019) (quoting <u>Serrano v. Priest</u>, 20 Cal.3d 25, 38 (1977)). The substantial benefit doctrine "permits the award of fees when the litigant, proceeding in a representative capacity, obtains a decision resulting in the conferral of a 'substantial benefit' of a pecuniary or nonpecuniary nature." <u>Id.</u>

"Both monetary and specific, immediately discernible non-monetary benefits, such as corporate governance reforms, may be considered in evaluating the benefit provided to the corporation." <u>In re Galena Biopharma, Inc. Sec. Litig.</u>, 2016 WL 3457165, at *4 (D. Or. June 24, 2016) (citing <u>Feuer v. Thompson</u>, 2013 WL 2950667, at *2 (N.D. Cal. June 14, 2013); <u>Wixon v. Wyndham Resort Dev. Corp.</u>, 2010 WL 3630124, at *3 (N.D. Cal. Sep.14, 2010); <u>In re Rambus Inc. Derivative Litig.</u>, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009)). Texas law similarly "allows shareholders who pursue a successful derivative suit to recover their attorneys' fees from the corporation if they show that they have conferred a substantial benefit to the corporation through

---

[2] "[F]ederal and California law [are] indistinguishable with respect to the substantial benefit doctrine." <u>Lewis v. Anderson</u>, 692 F.2d 1267, 1270 (9th Cir. 1982).

*MOTION FOR ATTORNEYS' FEES*

their efforts." O'Neill v. Church's Fried Chicken, Inc., 910 F.2d 263, 265 (5th Cir. 1990); see also Prudential-Bache Sec., Inc. v. Matthews, 627 F. Supp. 622, 625 (S.D. Tex. 1986) ("Where a derivative suit has conferred substantial benefits to a corporation and its shareholders, plaintiff can recover attorney fees and expenses from the corporation.").

Plaintiff's successful prosecution of his derivative claims led to ATA and SDI to make some limited corporate governance reforms[3], such as retaining outside counsel to provide advice on corporate governance. More importantly, Plaintiff also has several additional reforms that will be instituted pending the Court's ruling on the equitable claims, including:

(i) voiding the boondoggle 2017 Agreement for Services that is still in effect, which requires ATA and SDI to perform a variety of professional services for Adelaida and KMBG for a fraction of their value;

(ii) finally removing Defendants found liable for breach of fiduciary duty from their positions as directors and officers of ATA and SDI, since the Board continues to refuse to do so; and

(iii) issue a permanent injunction preventing further breaches of fiduciary duty and enjoining Defendants from causing ATA and SDI to indemnify any Defendant found liable by the jury. (ECF No. 501.)

Accordingly, Plaintiff is entitled to attorneys' fees from ATA and SDI for conferring several substantial benefits upon the companies that otherwise would not have occurred.

### C.     Plaintiff's Attorneys' Fees Are Reasonable

The $10,476,734.67 requested by Plaintiff is reasonable. As the Court is

---

[3] While the limited, recent corporate governance reforms instituted to date are positive on their face, such as retaining outside corporate governance counsel, the execution of these reforms are still done with the same self-dealing corrupt intent as their prior misconduct. For instance, Defendants hired the same firm that is prosecuting a case against Plaintiff in Texas, to serve as the "independent" corporate governance counsel that is providing legal advice to the Board about the propriety and benefit of that lawsuit despite the firm's inherent conflict of interest.

doubtlessly aware, this judgment comes after over four years of hard-fought litigation and a two-week jury trial. Defendants' delay tactics and frivolous motion practice unfortunately pushed this higher. The amount of fees is more than adequately justified by the amount of time Plaintiff's counsel incurred in prosecuting this action.

"The evaluation of a fee request 'begins with a lodestar figure...'" Emond v. Murphy, 2019 WL 13039332, at *12 (C.D. Cal. Aug. 27, 2019) (quoting Robbins v. Alibrandi, 127 Cal. App. 4th 438, 449 (2005)); Ketchum v. Moses, 24 Cal. 4th 1122, 1131–32 (2001); Consumer Privacy Cases, 175 Cal. App. 4th 545, 556 (2009). "[T]he lodestar amount is calculated by multiplying "the number of hours reasonably expended on the litigation by a **reasonable** hourly rate." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis in original) (citation omitted). "The question presented by a fee request is whether it is 'fair and reasonable.'" Emond, 2019 WL 13039332, at *12 (quoting Robbins, 127 Cal. App. 4th 438, 449).

"The reasonableness of attorney fees is generally determined by consideration of the following factors: the number of hours spent on the case, reasonable hourly compensation for the attorney, the novelty and difficulty of the questions involved, the skill displayed in presenting them, and the extent to which the litigation precluded other employment by the attorney." Aetna Life & Cas. Co. v. City of Los Angeles, 170 Cal. App. 3d 865, 880 (1985). "The district court's inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008).

//
//
//
//
//
//

8

Plaintiff's lodestar figures, based on attorney time and expense records, are as follows:

| Attorney | Hours Worked | Hourly Rate | | Fee Total | |
|---|---|---|---|---|---|
| Adam Snyder | 19.2 | $ | 600.00 | $ | 11,520.00 |
| Allen Bowman | 13.2 | $ | 350.00 | $ | 4,620.00 |
| Allen Bowman | 4.0 | $ | 400.00 | $ | 1,600.00 |
| Anthony King | 2783.8 | $ | 700.00 | $ | 1,948,660.00 |
| Brendan Pratt | 592.6 | $ | 500.00 | $ | 296,300.00 |
| Chase Martin | 68.8 | $ | 275.00 | $ | 18,920.00 |
| Chase Martin | 337.6 | $ | 280.00 | $ | 94,528.00 |
| Chase Martin | 484.9 | $ | 300.00 | $ | 145,470.00 |
| Chase Martin | 245.8 | $ | 320.00 | $ | 78,656.00 |
| Chase Martin | 2.8 | $ | 350.00 | $ | 980.00 |
| Christa Wasserman | 407.3 | $ | 700.00 | $ | 281,460.00 |
| Diane Bang | 4740.7 | $ | 600.00 | $ | 2,844,420.00 |
| Dolly Hansen | 46.4 | $ | 700.00 | $ | 32,480.00 |
| Elizabeth Rader | 19.8 | $ | 600.00 | $ | 11,880.00 |
| Eugene Lim | 417.4 | $ | 500.00 | $ | 208,700.00 |
| Ezra Landes | 83.3 | $ | 700.00 | $ | 58,310.00 |
| Hans Allhoff | 77.1 | $ | 650.00 | $ | 50,115.00 |
| Jonas Mann | 389.7 | $ | 600.00 | $ | 233,820.00 |
| Jonas Mann | 22.7 | $ | 700.00 | $ | 15,890.00 |
| Martin Moroski | 1634.4 | $ | 325.00 | $ | 531,180.00 |
| Matthew Umhofer | 1799.3 | $ | 700.00 | $ | 1,259,510.00 |
| Matthew Wallace | 88.0 | $ | 500.00 | $ | 43,975.00 |
| Melissa Rapp | 579.0 | $ | 500.00 | $ | 289,500.00 |
| Melissa Rapp | 2286.9 | $ | 550.00 | $ | 1,257,795.00 |
| Riley Smith | 23.4 | $ | 500.00 | $ | 11,700.00 |
| Riley Smith | 108.1 | $ | 550.00 | $ | 59,455.00 |
| Thomas Madden | 12.0 | $ | 410.00 | $ | 4,920.00 |
| Thomas Madden | 2.9 | $ | 420.00 | $ | 1,218.00 |
| Thomas Madden | 1.6 | $ | 425.00 | $ | 680.00 |
| Thomas Madden | 8.5 | $ | 430.00 | $ | 3,655.00 |
| Thomas Madden | 0.9 | $ | 460.00 | $ | 414.00 |

*MOTION FOR ATTORNEYS' FEES*

41

| Paralegal | Hours Worked | Hourly Rate | Fee Total |
|---|---|---|---|
| Anita Jonian | 225.7 | $ 200.00 | $ 45,130.00 |
| Darlene Mayfield | 1.2 | $ 200.00 | $ 240.00 |
| George Olguin | 1390.4 | $ 150.00 | $ 208,560.00 |
| George Olguin | 465.1 | $ 175.00 | $ 81,392.50 |
| George Olguin | 2.8 | $ 190.00 | $ 532.00 |
| Gretchen Eddy | 258.4 | $ 200.00 | $ 51,680.00 |
| Jennifer Grayson | 10.1 | $ 150.00 | $ 1,515.00 |
| Jennifer Mitchell | 296.5 | $ 200.00 | $ 59,300.00 |
| Jon Powell | 580.6 | $ 200.00 | $ 116,126.67 |
| Jordan Zim | 42.4 | $ 200.00 | $ 8,480.00 |
| Maggie Boneso | 26.4 | $ 185.00 | $ 4,884.00 |
| Maggie Boneso | 10.6 | $ 210.00 | $ 2,226.00 |
| Nolan Burkholder | 23.2 | $ 200.00 | $ 4,640.00 |
| Patrick Nitchman | 447.3 | $ 200.00 | $ 89,460.00 |
| Vickie Bengard | 0.3 | $ 175.00 | $ 52.50 |
| Vickie Bengard | 1.0 | $ 185.00 | $ 185.00 |
| | | | |
| **Grand Total** | **21,084.0** | | **$ 10,476,734.67** |

### D. Plaintiff's Hourly Rates Are Reasonable

When performing the lodestar cross-check, the first step "requires the district court to determine a reasonable hourly rate for the fee applicant's services." Cotton v. City of Eureka, 889 F. Supp. 2d 1154, 1167 (N.D. Cal. 2012). "This determination is made by examining the prevailing market rates in the relevant community charged for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. (internal quotation marks omitted). The relevant community is the district in which the case is proceeding. See id. (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). "The fee applicant has the burden of producing satisfactory evidence ... that the requested rate is in line with those prevailing in the community." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). The fee applicant may provide affidavits from the attorney who worked on the case, as well as affidavits from other area attorneys

10

MOTION FOR ATTORNEYS' FEES

42

or examples of rates awarded to counsel in previous cases. Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 262 (N.D. Cal. 2015).

Here, Plaintiff's lodestar calculation is based upon Plaintiff's counsel's customary hourly rates that the firm charges for its services ranging from $200 for paralegals to $700 for partners. Plaintiff's counsel's rates are in line with and, in some cases, lower than the rates of their colleagues who have similar experience and qualifications and who also practice complex civil litigation and those that have been approved by courts in the Central District. (Umhofer Decl. ¶¶ 8-19.) For instance, in litigation that lasted from 2011 to 2014, the Central District approved Defendants' counsel's rates ranging from $825 to $930 for senior partners, $610 to $750 for junior partners, $350 to $690 for associates, and $240 to $345 for paralegals. Perfect 10, Inc. v. Giganews, Inc., 2015 WL 1746484, at *15-21 (C.D. Cal. Mar. 24, 2015). This is just one example of many where courts in the Central District have approved rates well above Plaintiff's counsel. See Chambers v. Whirlpool Corp., 214 F. Supp. 3d 877, 899 (observing that attorney hourly rates between $485 and $750 are common in Los Angeles and that rates from $500 to $975 were approved in complex cases as far back as 2014) (citing Counts v. Meriwether, 2016 WL 1165888, at *3-4 (C.D. Cal. 2016) and Rodriguez v. Cty. of L.A., 96 F. Supp. 3d 1012, 1023 (C.D. Cal. 2014) (approving hourly rates of $700-$975 for partners, $600 for a tenth-year lawyer, and $500 for sixth-year lawyer); 3M Company v. Phoenix Automotive Refinishing Co., Ltd., 2018 1989536, at *7 (C.D. Cal. Apr. 25, 2018) (approving rates of $790 for partner, $580 for counsel, and $260 for paralegal in IP case and observing that reasonable hourly fees for similar complex cases ranged from $610 to $930 for partners, $360 to $690 associates, and $240 to $345 for paralegals in 2015); Mergens v. Sloan Valve Co., 2017 WL 9486153, at *12 (C.D. Cal. Sept. 18, 2017) (approving rates up to $890 for partners in consumer class action settlement); ScripsAmerica, Inc. v. Ironridge Global LLC, 2016 WL 6871280, *4 (C.D. Cal. Jan. 12, 2016) (approving hourly rates of $950 for a partner who had practiced since 1978 and $700 for an associate practicing for ten years). Here, Plaintiff's counsel's current rate is

*MOTION FOR ATTORNEYS' FEES*

reasonable considering the complexity of the lawsuits and the experience and skill required to succeed against such formidable opponents.

In fact, the Magistrate in this case previously found "that the billing rates of Plaintiff's counsel are reasonable." (R. & R. of U.S. Magistrate Judge at 8, ECF No. 295; Order Accepting in Part R. & R. of U.S. Magistrate Judge with Modifications, ECF No. 321.)

### E.    The Hours Incurred Are Reasonable

Plaintiff obtained a jury verdict on behalf of ATA and SDI after four years of extremely contentious litigation. This case involved seven motions to dismiss, three motions for summary judgment, six *ex parte* applications, multiple frivolous motions for reconsideration, and a frivolous interlocutory appeal. (Umhofer Decl. ¶ 21.) Because of Defendants' abuse of the protective order and their wanton confidentiality designations, Plaintiff was forced to file large portions of his motion for summary judgment under seal, necessitating more work as a result of arguably confidential designations. (Id. at ¶ 22.) There were six motions to compel and every defendant had to be ordered to comply before producing substantive responses. (Id. at ¶ 23.) Even then Defendants improperly withheld documents and then, shockingly, attempted to rely on those same documents later, resulting in one of three motions for sanctions. (Id. at ¶ 24.) There were thirty-nine depositions taken and tens of thousands of pages of documents produced. (Id. at ¶ 22.) In the end, Plaintiff prepared for and prevailed in a two-week jury trial. (Id.) In short, the amount of time spent by Plaintiff is eminently reasonable given the scope of the case, necessitated by the scale of Defendants' opposition and dilatory tactics.

To the extent that Defendants argue that the hours must be reduced because Plaintiff also had direct claims, such a reduction is unnecessary and unsupported by the law. "Apportionment…was not necessary because the pleadings were completely intertwined and relied on the same factual allegations." Smith v. Szeyller, 31 Cal. App. 5th 450, 462–63 (2019). "[F]ees need not be apportioned 'when incurred for representation on an issue common to both a cause of action in which fees are proper

12

*MOTION FOR ATTORNEYS' FEES*

and one in which they are not allowed. All expenses incurred with respect to the [issues common to all causes of action] qualify for award.'" <u>Amtower v. Photon Dynamics, Inc.</u>, 158 Cal. App. 4th 1582, 1603–04, (2008), <u>as modified</u> (Feb. 15, 2008) (quoting <u>Reynolds Metals Co. v. Alperson</u>, 25 Cal. 3d 124, 129-130 (1979)). "Thus, allocation is not required when the issues are 'so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not.'" <u>Amtower</u>, 158 Cal. App. 4th at 1603–04 (quoting <u>Akins v. Enterprise Rent–A–Car Co.</u>, 79 Cal. App. 4th 1127, 1133 (2000)).

### F. Plaintiff Is Also Entitled to Attorneys' Fees for Defendants' Violation of California Corporations Code Section 1601

If this Court finds that ATA failed to comply with Plaintiff's proper demand for corporate records under California Corporations Code Section 1601 without justification, the court may reimburse the shareholder reasonable expenses incurred, including attorney's fees. Cal. Corporation Code § 1604. ATA admitted in the recent Section 1601 trial that it did not provide numerous records that Plaintiff had requested in 2019. The evidence also showed that ATA had no valid justification for withholding the records requested. Nor could it, as the evidence in this case clearly showed that Defendants purposefully hid their misconduct from Plaintiff. And the documents requested, such as the general ledger, were critical to uncovering Defendants' scheme of funneling millions of ATA's money every year to Adelaida and KMBG for their benefit. Rather, ATA could only muster flimsy excuses for its failure to produce these documents.

Accordingly, Plaintiff should be awarded his attorneys' fees incurred in pursuing his Section 1601 claim, which includes, among other things: submitting the requests; reviewing ATA's responses and records produced; correspondence with counsel to follow up on the requests; drafting the complaint and amended complaints; drafting discovery requests regarding records that ATA did not produce in response to the Section 1601 requests; motion practice to finally obtain documents withheld; deposing

witnesses regarding these records and requests; preparing for trial; trial of the Section 1601 claim; and post-trial briefing related to the Section 1601 trial and this motion.

Plaintiff has separately calculated these fees as follows:

| Attorney | Hours Worked | Hourly Rate | Fee Total |
|---|---|---|---|
| Adam Snyder | 17.0 | $ 600.00 | $ 10,200.00 |
| Allen Bowman | 13.2 | $ 350.00 | $ 4,620.00 |
| Allen Bowman | 0.2 | $ 400.00 | $ 80.00 |
| Anthony King | 1298.5 | $ 700.00 | $ 908,950.00 |
| Brendan Pratt | 52.5 | $ 500.00 | $ 26,250.00 |
| Chase Martin | 68.8 | $ 275.00 | $ 18,920.00 |
| Chase Martin | 317.9 | $ 280.00 | $ 89,012.00 |
| Chase Martin | 431.8 | $ 300.00 | $ 129,540.00 |
| Chase Martin | 125.1 | $ 320.00 | $ 40,032.00 |
| Chase Martin | 2.3 | $ 350.00 | $ 805.00 |
| Christa Wasserman | 371.5 | $ 700.00 | $ 256,400.00 |
| Diane Bang | 3167.9 | $ 600.00 | $ 1,900,740.00 |
| Dolly Hansen | 44.3 | $ 700.00 | $ 31,010.00 |
| Elizabeth Rader | 19.8 | $ 600.00 | $ 11,880.00 |
| Eugene Lim | 48.2 | $ 500.00 | $ 24,100.00 |
| Ezra Landes | 72.5 | $ 700.00 | $ 50,750.00 |
| Hans Allhoff | 29.1 | $ 650.00 | $ 18,915.00 |
| Jonas Mann | 8.4 | $ 600.00 | $ 5,040.00 |
| Jonas Mann | 21.5 | $ 700.00 | $ 15,050.00 |
| Martin Moroski | 1249.9 | $ 325.00 | $ 406,217.50 |
| Matthew Umhofer | 1257.2 | $ 700.00 | $ 880,040.00 |
| Matthew Wallace | 76.4 | $ 500.00 | $ 38,175.00 |
| Melissa Rapp | 452.4 | $ 500.00 | $ 226,200.00 |
| Melissa Rapp | 1708.7 | $ 550.00 | $ 939,785.00 |
| Riley Smith | 23.4 | $ 500.00 | $ 11,700.00 |
| Riley Smith | 101.4 | $ 550.00 | $ 55,770.00 |
| Thomas Madden | 12.0 | $ 410.00 | $ 4,920.00 |
| Thomas Madden | 2.9 | $ 420.00 | $ 1,218.00 |
| Thomas Madden | 1.6 | $ 425.00 | $ 680.00 |
| Thomas Madden | 8.2 | $ 430.00 | $ 3,526.00 |
| Thomas Madden | 0.9 | $ 460.00 | $ 414.00 |

14

*MOTION FOR ATTORNEYS' FEES*

| Paralegal | Hours Worked | Hourly Rate | | Fee Total | |
|---|---|---|---|---|---|
| Anita Jonian | 116.3 | $ | 200.00 | $ | 23,250.00 |
| Darlene Mayfield | | $ | 200.00 | $ | - |
| George Olguin | 1212.4 | $ | 150.00 | $ | 181,860.00 |
| George Olguin | 216.9 | $ | 175.00 | $ | 37,957.50 |
| George Olguin | 1.3 | $ | 190.00 | $ | 247.00 |
| Gretchen Eddy | 174.3 | $ | 200.00 | $ | 34,860.00 |
| Jennifer Grayson | 10.1 | $ | 150.00 | $ | 1,515.00 |
| Jennifer Mitchell | 58.0 | $ | 200.00 | $ | 11,600.00 |
| Jon Powell | 445.8 | $ | 200.00 | $ | 89,166.67 |
| Jordan Zim | 37.3 | $ | 200.00 | $ | 7,460.00 |
| Maggie Boneso | 26.4 | $ | 185.00 | $ | 4,884.00 |
| Maggie Boneso | 4.0 | $ | 210.00 | $ | 840.00 |
| Nolan Burkholder | 22.2 | $ | 200.00 | $ | 4,440.00 |
| Patrick Nitchman | 134.6 | $ | 200.00 | $ | 26,920.00 |
| Vickie Bengard | 1.0 | $ | 185.00 | $ | 185.00 |
| | | | | | |
| **Grand Total** | **13,466.0** | | | **$** | **6,536,124.67** |

## III.  CONCLUSION

After four years of contentious litigation and a two-week jury trial, Plaintiff successfully obtained a judgment of over $8 million on behalf of Nominal Defendants ATA and SDI and will likely cause significant corporate governance reforms. Plaintiff should thus be entitled to recover his attorneys' fees of $10,476,734.67 from Defendants and/or ATA/SDI.

Plaintiff is also entitled to his attorneys' fees and costs under California Corporations Code Section 1604 for ATA's refusal to provide corporate records he had requested.  Accordingly, Plaintiff is entitled to recover $6,536,124.67 in attorneys' fees from ATA.

Dated: December 13, 2024       **UMHOFER, MITCHELL & KING LLP**

By:     /s/ Matthew Donald Umhofer
Matthew Donald Umhofer
J. Anthony King
Diane H. Bang
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains **4,862** words, which complies with the word limit of L.R. 11-6.1.

December 13, 2024                    **UMHOFER, MITCHELL & KING LLP**


                                     /s/ *Matthew Donald Umhofer*
                                     Matthew Donald Umhofer, Esq.
                                     J. Anthony King, Esq.
                                     Diane H. Bang, Esq.
                                     *Attorneys for Plaintiff*

*MOTION FOR ATTORNEYS' FEES*