# Exhibit A

*LA Alliance v. City of Los Angeles and County of Los Angeles*

**United States District Court, Central District of California, Case No. 20-cv-02291- DOC (KES)**

**Proposed Scope of Work for Monitor Pursuant to Section 7.2 of the Settlement Agreement between Plaintiffs and the City of Los Angeles (Dkt. No. 429-1)**

**I.      The Parties' Agreement**

Plaintiffs and the City "will engage a mutually agreed-upon third party to provide data collection, analysis, comments, and regular public reports on the City's compliance with the terms of this Agreement.  The City shall be responsible for paying all fees, if any, or for obtaining grants or other private funding, if needed."  (Settlement Agreement, Dkt. 429-1, § 7.2.)

**II.      Scope of Duties**

1.      The City will provide its draft quarterly reports to the Monitor  along with the underlying data the City relied on for preparation of the quarterly reports in the form the data was provided to CAO's office, which is the office that prepares the reports.

2.      The Monitor will review the data provided to the CAO's office before the publication of the City's quarterly report to verify that the information contained in the quarterly report is supported by the data that was provided to the CAO's office.

3.      The Monitor can review any relevant raw data that is sourced in any City department and to which the City has access.  As for any data from outside sources (including LAHSA), the City cannot give the Monitor access to data from outside sources beyond that which the City has received from those outside sources.  For the avoidance of doubt, this means the City is not responsible for giving the Monitor access to data from outside sources that the City does not control and maintain.

4.      If the Monitor believes occasional field-work or spot-checking is necessary, any such field work is limited to 10 hours per quarter.  This field work can include observation of any CARE+ operations, as well as review of whether offers of shelter or housing were made to individuals whose tents, makeshift shelters, or vehicles were removed in connection with an encampment reduction, and/or whether tents, makeshift shelters, or vehicles that were removed were abandoned.

5.      The Monitor will provide public reports on data compliance.

6.      The Monitor will engage with the Plaintiff, the City, and LAHSA to resolve data issues as necessary.

7.      The Monitor will review and provide guidance on public accessibility to contracts with third-party service providers and invoices for homelessness services.

8.      The Monitor will review whether offers of shelter or housing were made to individuals whose belongings are removed in connection with an encampment reduction.