# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA Alliance for Human Rights, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Los Angeles, *et al.*<br><br>Defendants. | Case No. 2:20-CV-02291-DOC-KES<br><br><br>**ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR**<br><br><br>Action Filed:   March 10, 2020 |

## I.    BACKGROUND

On June 24, 2025, the Court issued an order that, in relevant part, addressed the appointment and duties of a third-party monitor ("Monitor"). Order Granting in Part and Denying in Part Plaintiffs' Motions for Settlement Compliance ("Settlement Compliance Order") (Dkt. 991) at 49-50. As stated in the Settlement Compliance Order:

> [t]he Settlement Agreement provides that the "Parties will engage a mutually agreed-upon third party to provide data collection, analysis, comments, and regular public reports on the City's compliance with the terms of this Agreement. The City shall be responsible for paying all fees, if any, or for obtaining grants or other private funding, if needed."

*Id.* at 49. The Court ordered that "[t]he Monitor shall have full access to the data that the City uses to create its reports to the Court." *Id.* at 50.

On October 14, 2025, the Court issued an Order Resolving Third-Party Monitor Appointment and Scope of Work. (Dkt. 1048) ("Order Appointing Monitor"). The Court explained that the Monitor:

- will 'at least be' responsible for reviewing and verifying the [C]ity's data prior to publication, resolving data issues, and providing public reports on data compliance;
- will have full access to the data the City uses to create its reports;
- shall review and provide guidance on public accessibility to the City's contracts and invoices;
- will confirm that shelter or housing offers were made with respect to the encampment reductions.

(Dkt. 1048 at 2, *citing* Dkt. 991 at 50 and Dkt. 1034) ("Monitor's Duties").

The Court recognizes that, for the Monitor to discharge these duties, the City of Los Angeles ("City"), the County of Los Angeles ("County"), and certain third

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

parties (*e.g.*, Los Angeles Homeless Services Authority ("LAHSA") and Housing Authority of the City of Los Angeles ("HACLA")) must disclose medical, mental health, and substance use disorder data that is protected from disclosure by several federal and State statutes, including but not limited to: 42 CFR Part 2 (*"Confidentiality Of Substance Use Disorder Patient Records"*); the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Public Law 104-191; California Civil Code Section 56.10-1007; and the California Welfare and Institutions Code, Sections 5000 to 5550 ("Lanterman-Petris-Short Act"). Several of these statutes require the Court to make specific findings prior to the disclosure of confidential information.

The Parties agree to maintain confidentiality of all records at issue, confine the use of said records to this lawsuit, and deem them "confidential" within the parameters of this Protective Order.

Under 42 CFR 2.66 and 42 CFR Part 2.64(d) and (e), the Court must make the following findings regarding the disclosure of Substance Use Disorder Patient Records

(1) Other ways of obtaining the information are not available, would not be effective; and

(2) The public interest and need for the use or disclosure outweigh the potential injury to the patient, the physician-patient relationship, and the treatment of services.

42 CFR 2.64(d). In addition, the content of an order authorizing the use or disclosure Substance Use Disorder Patient Records must:

(1) Limit use or disclosure to only those parts of the patient's record, or testimony relaying those parts of the patient's record, which are essential to fulfill the objective of the order;

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

(2) Limit use or disclosure to those persons whose need for information is the basis for the order; and

(3) Include such other measures as are necessary to limit use or disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which use or disclosure of a patient's record, or testimony relaying the contents of the record, has been ordered.

42 CFR 2.64(e)).

Federal district courts have the power to authorize disclosure of HIPAA and 42 CFR Part 2 protected material in discovery proceedings, without a patient's consent in response to a court order, or in discovery where a qualifying protective order is in place. *See* 45 C.F.R. §§ 164.512(e)(l)(i); (e)(l)(ii)(B); (e)(l)(v); *see also Briggs v. Adel*, No. CV-18-02684-PHX-EJM, 2020 WL 4003123, at *12 (D. Ariz. July 15, 2020); *Garey v. Anderson*, No. 2:22-CV-0069-TOR, 2022 WL 17327846, at *2 (E.D. Wash. Nov. 29, 2022).

## II.    FINDINGS AND ORDER

The Court hereby finds and orders as follows:

### A.    PURPOSES AND LIMITATIONS

Sensitive, confidential information protected from disclosure under federal and State law may be required under the data request by A & M. This Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

B.     GOOD CAUSE

The data request from A & M is likely to involve disclosure of personal health information, substance use disorder treatment information, personally identifying information, and other records deemed confidential pursuant to several laws and regulations including, but not limited to, Cal. Welf. & Inst. Code §§ 362.5, 827, 5328, and 10850, Cal. Civ. C. §§ 56.10, et seq., Cal. Civ. Code section 1798 et seq. (the Information Practices Act of 1977), Cal. Health & Safety Code section 11845.5, 45 C.F.R. §§ 160.103 and 164.512(e) of the Privacy Regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 CFR Part 2, the federal Drug Abuse Office and Treatment Act of 1972 (PL 92–255), and the federal Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 (PL 91–616); and Welfare and Institutions Code (WIC) 5000 to 5550 (Lanterman-Petris-Short Act).

Such confidential materials and information consist of, among other things, medical records. In this context medical records means any information whether recorded or not, saved, or acquired by a Part 2 program relating to a patient (e.g., diagnosis, treatment and referral for treatment information, billing information, emails, voicemails, and texts), and including patient identifying information.

Accordingly, to ensure adequate protection of confidential information, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for an audit of the City's, the County's, LAHSA's, and/or HACLA's services, a protective order for such information is justified in this matter.

4
ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

C. ADDITIONAL FINDINGS AND ORDERS

Based on the foregoing, the Court finds that other ways of obtaining the information are not available, would not be effective; and the public interest and need for the use or disclosure outweigh the potential injury to the patient, the physician-patient relationship, and the treatment of services

This order limits use or disclosure to only those parts of the patient's record, or testimony relaying those parts of the patient's record, which are essential to fulfill the objective of the order; and limits use or disclosure to those persons whose need for information is the basis for the order.

## III. DEFINITIONS

3.1 Action: *LA Alliance for Human Rights, et al. v. County of Los Angeles, et al.*, Case No. 2:20-cv-02291-DOC-KES.

3.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 Confidential Information: All personally identifiable information of individuals; information that qualifies for protection under Federal Rule of Procedure 26(c) and as specified above in the Good Cause statement, and any other information that is protected or restricted from disclosure by statute or regulation, but which a party is seeking in connection with this case, including without limitation the provision of Cal. Welf. & Inst. Code Sections 362.5, 827, 5238, and 10850, Cal Civ. Code Sections 56.10 et. seq. and 1798 et seq., Cal. Health & Safety Section 121845.5, HIPAA, the federal Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 (PL 91-616), and Welfare and Institutions Code (WIC) 5000 to 5550 (Lanterman-Petris-Short Act).

3.4 Privileged Material: Material that is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

doctrine.

3.5    Protected Material: All Material, designated as "CONFIDENTIAL" that is Protected Health Information, Personally Identifiable Information, or Confidential Information. If a Party determines that information not defined as Protected Material should be covered by this Order, the Parties shall negotiate the appropriateness of that request in good faith and endeavor to resolve any dispute prior to the production of that information. Nothing herein shall waive or limit a Party's right to seek additional relief as to the scope of what constitutes Protected Material.

3.6    Personally Identifiable Information: All "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, social security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information." Cal. Civ. Code § 1798.80(e). Personally Identifiable Information does not include publicly available information that is lawfully made available to the general public from federal, state, or local government records or otherwise.

3.7    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

3.8    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.10    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.11   House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.12   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.13   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

3.14   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.15   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.   SCOPE

This Order authorizes the Parties to:

1)   Designate Protected Material as subject to the terms, limitations and requirements of this Order; and

2)   Disclose and/or produce Protected Material in this Action, upon compliance with this Order.

To the extent that HIPAA, the Comprehensive Alcohol Abuse and Alcoholism

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

Prevention, Treatment, and Rehabilitation Act of 1970, and other federal and State privacy laws allow the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.

This Order is not intended to resolve any other confidentiality issues, and the Parties explicitly reserve their right to bring disagreements regarding the applicability or requirements of other confidentiality protections to the Court at a later date.

The protections conferred by this Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order is subject to the Local Rules of this District, the Court's civil standing order, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial and does not serve to waive any evidentiary objections to production or introduction of Protected Material made prior to or during trial.

## V.    DURATION

Any use of Protected Material at trial shall be governed by the orders of the Court. This Order does not govern the use of Protected Material at trial.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

exhaustion of all appeals, rehearing's, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. All data must be returned to the original data owner upon final disposition of this litigation, as more fully described below.

## VI.    DESIGNATION OF CONFIDENTIAL INFORMATION AND PRODUCTION OF DATA

6.1    Notwithstanding HIPAA, the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970, and 42 CFR 6.22, the Court orders production of Confidential Information within the Parties' possession, custody, or control pursuant to the protections established in this Order.

6.2    Confidential Information shall be marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

6.3    In light of the foregoing, to minimize burden to the Producing Party, any materials marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" need not be redacted prior to production.

6.4    Documents marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" may be filed under seal pursuant to Local Rule 79-5.

## VII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If the Monitor learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (a) notify the data owner in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

## VIII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## IX.  MISCELLANEOUS

9.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

9.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## X.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section III, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V, above (DURATION).

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR

The Parties do not waive any privileges and rights afforded to them, including, but not limited to, California Civil Code section 56.10; Welfare and Institutions Code section 5300 et seq. and 5550, also known and the (Lanterman-Petris Short Act); 42 CFR Part 2, and the right to privacy embodied by the California Constitution and the United States Constitution.

**IT IS SO ORDERED**.

DATED: November 10, 2025.

_____
HON. DAVID O. CARTER

UNITED STATES DISTRICT COURT

12
ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND
INFORMATION PRODUCED TO THE MONITOR

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],of ____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of____ **[insert formal name of the case and the number and initials assigned to it by the Court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint__[print or type full name] of____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

13
ORDER REGARDING THE PROTECTION OF CONFIDENTIAL DATA AND INFORMATION PRODUCED TO THE MONITOR