GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
VALERIE L. FLORES, SBN 138572
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978.7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter, United States District Judge<br><br>**DEFENDANT CITY OF LOS ANGELES'S REQUEST FOR OPPORTUNITY TO RESPOND TO NOVEMBER 7, 2025 ORDER TO SHOW CAUSE (DKT. 1066)**<br><br>Action Filed:    March 10, 2020 |

On Friday afternoon, November 7, the Court issued an Order to Show Cause directing the City to show cause why it should not be held in contempt at an in-person hearing just two business days later on November 12. Dkt. 1066. The City respectfully requests an opportunity to respond in writing to that order and to be fully heard on this matter. The City is particularly concerned to the extent that the Court's order was prompted by Mr. Garrie's accusations of delays allegedly caused by the City's choice to exercise its right to counsel. Whatever the basis for the Court's order, the City intends to respond fully in writing to demonstrate that there is no basis for any contempt sanctions. If the Court is not inclined to discharge the Order to Show Cause after the November 12 hearing, the City respectfully requests leave to file a brief of up to 25 pages by November 19 and to be fully heard on the matter. Out of an abundance of caution and to correct the record before the hearing, the City addresses below two points raised in the Special Master's November 7 submission.

1. **The City's responses to the Special Master's questions were not untimely.** Special Master Martinez sent the City a "Request for Updates on City of Los Angeles Quarterly Report" on October 30, and requested that the City provide "written responses by November 6, 2025." Dkt. 1065 at 9. The City did exactly as requested. As Special Master Martinez acknowledges, the City sent her its written responses on November 6. *Id.* at 4. Special Master Martinez's complaint that the City's responses "arrived a full week after [her] inquiry" ignores the fact that the Special Master herself provided the City a full week to respond. And her assertion that the City's responses were not "timely" is demonstrably false. The City is committed to providing accurate information in response to the Special Master's requests. The process of collecting that information takes time and effort to coordinate across various departments and persons with relevant knowledge.

Gibson, Dunn & Crutcher LLP

2.   **Mr. Garrie has not requested any data from the City.**   The Special Master also contends that Mr. Garrie "has not received the data or access needed to perform his duties."   Dkt. 1065 at 4.   While Mr. Garrie has submitted questions about the data systems containing the information the City uses to complete the quarterly reports—including a list of questions a member of Mr. Garrie's team sent just 20 minutes before the Court issued its order to show cause—Mr. Garrie has not yet requested any data from the City.   Without a specific request from Mr. Garrie, the City does not know what information Mr. Garrie wants or what format to provide it in. The Special Monitor's report seemingly suggests that the City must simply turn over all unspecified "data" in its possession without regard for what would actually be useful to Mr. Garrie or what he even wants.   In reality, in response to Mr. Garrie's hundreds of initial questions, the City provided substantial details regarding the various systems that house data.   And the City coordinated with Mr. Garrie to make Matt Szabo available for two meetings, which resulted in about an hour of questions and answers about the relevant data systems.   The City has also scheduled further times for Mr. Garrie to meet again with Mr. Szabo and, in response to Mr. Garrie's requests, had also scheduled interviews with other individuals with knowledge regarding the relevant data systems.   The Special Master's suggestion that the City is not cooperating with Mr. Garrie's is meritless. Notably, neither the Special Master nor Mr. Garrie have identified any specific person Mr. Garrie has not had access to, any specific questions that have gone unanswered, or any specific information that the City is not providing.

DATED: November 10, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: /s/ Theane Evangelis
      Theane Evangelis

*Attorneys for Defendant*
CITY OF LOS ANGELES

Gibson, Dunn &
Crutcher LLP

DEFENDANT CITY OF LOS ANGELES'S REQUEST FOR OPPORTUNITY TO RESPOND
TO NOVEMBER 7, 2025 ORDER TO SHOW CAUSE (DKT. 1066)