GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
VALERIE L. FLORES, SBN 138572
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:   213.978.7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter, United States District Judge<br><br>**DEFENDANT CITY OF LOS ANGELES'S REQUEST FOR CLARIFICATION REGARDING NOVEMBER 19, 2025 EVIDENTIARY HEARING**<br><br>Action Filed:    March 10, 2020 |

During today's hearing, the Court set an evidentiary hearing for November 19, 2025, for potential contempt sanctions against Defendant the City of Los Angeles. Counsel for the City inquired multiple times during the hearing today about the scope of the hearing on November 19—namely, the issues to be addressed and the bases for any potential contempt sanctions.  The Court invited the City to make that request in writing.

Accordingly, the City respectfully requests that the Court provide clarification regarding the issues to be addressed at the evidentiary hearing scheduled for November 19.  Establishing civil contempt requires proof by "clear and convincing evidence" of "a party's disobedience to a *specific and definite court order* by failure to take all reasonable steps within the party's power to comply."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 683, 695 (9th Cir. 1993) (emphasis added).  Given that the Court has stated that the evidentiary hearing concerns potential contempt sanctions, the City is entitled at a minimum to know which order(s) the Court believes that the City has failed to comply with, as well as which specific parts of those order(s), so that it may prepare its defense in advance of the evidentiary hearing.  Due process likewise "requires that there be an opportunity to present every available defense," *Lindsey v. Normet*, 405 U.S. 56, 66 (1972), and that cannot be done unless the City knows specifically what issues are to be addressed at the evidentiary hearing.

DATED: November 12, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Theane Evangelis*
Theane Evangelis

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

DEFENDANT CITY OF LOS ANGELES'S REQUEST FOR CLARIFICATION REGARDING NOVEMBER 19, 2025 EVIDENTIARY HEARING