Case 2:20-cv-02291-DOC-KES   Document 1080   Filed 11/15/25   Page 1 of 6   Page ID #:31084

GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
VALERIE L. FLORES, SBN 138572
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978.7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter, United States District Judge<br><br>**DEFENDANT CITY OF LOS ANGELES'S REQUEST FOR FURTHER CLARIFICATION RE NOVEMBER 19 HEARING**<br><br>Date:      November 19, 2025<br>Time:      9:00 a.m.<br><br>Action Filed:     March 10, 2020 |

Gibson, Dunn & Crutcher LLP

DEFENDANT CITY OF LOS ANGELES'S REQUEST
FOR FURTHER CLARIFICATION RE NOVEMBER 19 HEARING

The Court issued an order yesterday clarifying the scope of the evidentiary hearing currently scheduled for November 19. Dkt. 1079. The Court explained that the hearing would cover three topics: (1) "The Stipulated Facts (Dkt. 678)" filed in March 2024 "that led to the Court's finding of bad faith in the prior contempt proceeding," (2) claims of "delay" that purportedly "continues to this day as documented in the Special Master and Monitor's Reports," and (3) "whether the City has complied with the obligations of Section 7.1 of the Settlement Agreement." Three hours later, in an order attached here, the Ninth Circuit stayed this Court's order appointing Daniel Garrie as the monitor. The City respectfully submits that these two orders, one from this Court and one from the Ninth Circuit, call for further clarification of the scope of the hearing currently scheduled for November 19.

First, while the monitor-appointment order is stayed, there is no basis for compelling compliance with that order. The Supreme Court recently held as much, explaining that it is impermissible "to enforce an injunction that [a higher court's] stay rendered unenforceable" using "civil contempt." *DHS v. D.V.D.*, 145 S. Ct. 2627, 2629 (2025). The City respectfully submits it had been working diligently to comply with Mr. Garrie's various requests—right up until the moment the Ninth Circuit stayed his appointment yesterday. Nevertheless, there is now no reason to adjudicate whether the City is complying with the monitor-appointment order, unless and until the Ninth Circuit terminates the stay.

Second, the City submits that the Court may not impose civil contempt sanctions on the basis of past conduct, as the Court's clarification order suggests it is contemplating. *See* Dkt. 1079 at 2 ("[A]t the forthcoming hearing on November 19, 2025, the Court will consider these past instances of delay in complying with the Court's orders *as a basis for* holding the City in contempt." (emphasis added)). Civil contempt serves "two separate and independent purposes." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016). It can be a sanction to compensate a wronged party "'for losses sustained.'" *Mine Workers v. Bagwell*, 512 U.S. 821, 829 (1994). It

Gibson, Dunn & Crutcher LLP

DEFENDANT CITY OF LOS ANGELES'S REQUEST
FOR FURTHER CLARIFICATION RE NOVEMBER 19 HEARING

can also "coerce[]" a party "into compliance with" a court order. *Id.* When contempt is coercive, "the contemnor is able to purge the contempt . . . by committing an affirmative act, and thus carries the keys of his prison in his own pocket." *Id.* at 828 (cleaned up).

Here, the Alliance has already been compensated for the past conduct identified in the Court's order. In fact, after the Alliance filed its first motion for settlement compliance in February 2024, Dkt. 668, the City agreed to pay $725,000 to cover "the LA Alliance's fees and costs," Dkt. 713 at 3. (And that was on top of the millions more the City ended up paying for the Alvarez & Marsal assessment.) The Alliance has therefore already been compensated for the past noncompliance it alleged in that February 2024 motion. Any additional sanction for past conduct would allow the City no "opportunity to purge" and thus would be a form of criminal contempt that would require a jury trial and proof of a violation beyond a reasonable doubt. *Bagwell*, 512 U.S. at 829, 833–34.

Third, at most the November 19 hearing should cover only the third topic this Court identified in yesterday's order—the City's efforts to comply with Section 7.1 of the Settlement Agreement—but any evidentiary hearing on this issue is premature. The City, including representatives from the Office of the City Administrative Officer, is meeting with the Alliance, Intervenors, LAHSA, and Special Master Martinez on November 17 to address Section 7.1. It is the City's hope that this meeting, and ongoing cooperation among the parties and LAHSA after the meeting, will obviate the need for the hearing on November 19. *See* Dkt. 1076 at 141:14–20 (explaining that the Court "can vacate the hearing" if the parties resolve "the 7.1 issues").

Given these developments, the City respectfully requests that the Court vacate the November 19 contempt evidentiary hearing or, at a minimum, further clarify the issues to be addressed.

Gibson, Dunn & Crutcher LLP

2

DEFENDANT CITY OF LOS ANGELES'S REQUEST
FOR FURTHER CLARIFICATION RE NOVEMBER 19 HEARING

DATED: November 15, 2025          Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Bradley J. Hamburger*
Bradley J. Hamburger

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

3
DEFENDANT CITY OF LOS ANGELES'S REQUEST
FOR FURTHER CLARIFICATION RE NOVEMBER 19 HEARING

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, | No. 25-6760 |
| Plaintiff - Appellee, | D.C. No. 2:20-cv-02291-DOC-KES Central District of California, Los Angeles |
| v. | |
| ORANGE COUNTY CATHOLIC WORKER; et al., | ORDER |
| Intervenors - Appellees, | |
| CITY OF LOS ANGELES, | |
| Defendant - Appellant. | |

Before: SILVERMAN, TALLMAN, BUMATAY, Circuit Judges.

The court has received the emergency motion for a stay pending appeal. Dkt. 7. The request for an administrative stay is granted in part and denied in part. An administrative stay "is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and does not constitute in any way a decision as to the merits of the motion for stay pending appeal." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019).

The district court's October 14, 2025, appointment order is temporarily stayed pending further order. *Id.* To the extent that Defendant-Appellant requests an administrative stay of contempt proceedings scheduled for November 19, 2025, that

request is denied.  The district court is free to proceed with that hearing.

The response to the emergency motion is due November 24, 2025.  The optional reply in support of the motion is due December 1, 2025.  Fed. R. App. P. 27(a)(3).

**Administrative Stay GRANTED IN PART AND DENIED IN PART.**

25-6760