GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
VALERIE L. FLORES, SBN 138572
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone: 213.978.7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter, United States District Judge<br><br>**DEFENDANT CITY OF LOS ANGELES'S OBJECTION TO ANTICIPATED SCOPE OF EVIDENTIARY HEARING**<br><br>Date:       November 19, 2025<br>Time:      9:00 a.m.<br><br>Action Filed:    March 10, 2020 |

Gibson, Dunn &
Crutcher LLP

On November 14, 2025, the Court issued an order stating that the evidentiary hearing scheduled for November 19 will cover three topics:  (1) stipulated facts from March 2024, Dkt. 678; (2) alleged delays in the City's responses to monitor Daniel Garrie's requests; and (3) the City's compliance with Section 7.1 of the parties' Settlement Agreement. *See* Dkt. 1079.  The City respectfully submits that if the hearing moves forward, it should concern at most the City's compliance with Section 7.1.  The Court should not permit litigation over stipulated facts from nearly two years ago because the City has already compensated the Alliance for any claimed harm.  And evaluating the City's cooperation with Mr. Garrie would be inappropriate in light of the Ninth Circuit's recent stay of the order appointing him as the monitor.  Neither issue could possibly be relevant to any purported ongoing contempt, and thus should not be the subject of any contempt-related evidentiary hearing.  The City therefore submits this formal objection to the extent that the evidentiary hearing addresses any topic beyond the City's compliance with Section 7.1.[1]

**1.** The Court signaled that it would "consider" the City's "past instances of delay in complying with the Court's orders *as a basis* for holding the City in contempt." Dkt. 1079 at 2 (emphasis added).  The City objects to the theory that undefined concerns about "delay," unattached to specific orders or obligations, could serve as a lawful predicate for a finding of civil contempt.  The Alliance must prove that the City has willfully disobeyed court orders that required action by a certain time; it is not enough to question, in general terms, the manner of the City's performance under the parties' agreement.

The Court did note one specific instance of past conduct that it suggested could be a basis for sanctions:  delays that were documented through a stipulation of the parties in 2024.  Dkt. 1079 at 2.  The facts addressed in that stipulation should not be the basis

---

[1] On November 15, the City filed a request for further clarification on the scope of the evidentiary hearing in light of the Court's November 14 order and the Ninth Circuit's stay order. *See* Dkt. 1080.  Out of an abundance of caution, and because the Court has not responded to that request, the City submits this formal objection to reserve its rights.

DEFENDANT CITY OF LOS ANGELES'S OBJECTION TO ANTICIPATED SCOPE OF EVIDENTIARY HEARING

of further litigation and cannot serve as a predicate for contempt sanctions.

Civil contempt sanctions must either compensate a wronged party or coerce a recalcitrant party into compliance. *Mine Workers v. Bagwell*, 512 U.S. 821, 829 (1994). When a sanction neither "compensate[s] the complainant for losses sustained" nor "coerce[s] the defendant into compliance with the court's order," it becomes criminal in nature. *Id.* (quoting *United States v. Mine Workers*, 330 U.S. 258, 303–04 (1947)). And no criminal sanction may be imposed without affording the defendant a right to a jury trial and requiring proof beyond a reasonable doubt. *Coleman v. Newsom*, 131 F.4th 948, 962 (9th Cir. 2025).

The City compensated the Alliance in connection with the noncompliance documented in the stipulated facts in 2024 when it agreed to pay $725,000 to the Alliance in fees and costs, as well as submit to and fund in significant part the Alvarez & Marsal assessment. Dkts. 713 at 3, 720 at 9–14, 743 at 3. Because compensatory sanctions have already been imposed, any additional civil contempt sanctions involving the stipulated facts from the 2024 contempt proceedings must be coercive in nature. But fines "imposed retrospectively for a 'completed act of disobedience'" would punish rather than coerce, thus removing them from the realm of civil penalties. *Bagwell*, 512 U.S. at 828.

Coercion can be accomplished through the imposition of fines directed to *future* violations of court orders, but they cannot be used to punish past conduct. Consider, for example, *Coleman v. Newsom*, which involved a years-long judicial effort to get the State of California to comply with a court-ordered remedial program. After multiple enforcement proceedings that did not result in compliance, the court "set a schedule of prospective fines" that would accumulate at the end of the following month but only if "the State failed to comply for a three-month period." 131 F.4th at 955. The Ninth Circuit held that the sanctions were civil because they were "forward-looking" and "conditional," as opposed to "'fixed, determinate, [and] retrospective.'" *Id.* at 963. In

Gibson, Dunn & Crutcher LLP

DEFENDANT CITY OF LOS ANGELES'S OBJECTION TO ANTICIPATED SCOPE OF EVIDENTIARY HEARING

other words, the State had an opportunity to purge itself of contempt because the fines applied only to theoretical future breaches—not previous noncompliance.

To be clear, the City is confident that its recent efforts towards fulfilling its settlement agreement obligations confirm that there is no reason to threaten sanctions to coerce future compliance. But the point remains that any civil contempt sanctions can be used only to coerce *future* compliance, not to punish the City for "'completed act[s] of disobedience'" that it has no opportunity to correct. *Bagwell*, 512 U.S. at 828. For this reason, the City objects to any attempt to use the 2024 stipulated facts as a basis for civil contempt sanctions.

**2.** The City also objects to these proceedings to the extent the Court seeks to enforce its now-stayed October 14 order appointing Mr. Garrie as monitor. *See* Dkt. 1048. Stays operate "either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428 (2009). Accordingly, as the Supreme Court made clear just this year, a district court may not "enforce an injunction that [a higher court's] stay rendered unenforceable" using "civil contempt." *DHS v. D.V.D.*, 145 S.Ct. 2627, 2629 (2025). Without a basis to enforce the order, there is no reason to adjudicate compliance unless and until the Ninth Circuit terminates the stay.

The Alliance doesn't dispute this general principle. Dkt. 1082 at 1 n.1. But the Alliance nevertheless seeks to circumvent this rule by seeking contempt sanctions for the City's "delay[ed]" response to the monitor-appointment order, insisting that the City's response is relevant to the broader question of the City's compliance with the Settlement Agreement. *Id.* That suggestion is an impermissible attempt to smuggle through the back door what can't come in through the front. No aspect of compliance with a stayed order can be the subject of a coercive civil contempt sanction. The Ninth Circuit's stay order raises the possibility that the monitor-appointment order will be vacated—and the reality that the order is not currently enforceable. Until that situation

Gibson, Dunn & Crutcher LLP

3

DEFENDANT CITY OF LOS ANGELES'S OBJECTION TO ANTICIPATED SCOPE OF EVIDENTIARY HEARING

changes, the City cannot be held in contempt for either the substance or the manner of its compliance with the order.

DATED: November 18, 2025                    Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Theane Evangelis_
Theane Evangelis

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

4

DEFENDANT CITY OF LOS ANGELES'S OBJECTION TO ANTICIPATED SCOPE OF EVIDENTIARY HEARING