# Exhibit C

| From: | Elizabeth Mitchell |
|---|---|
| To: | Hamburger, Bradley J.; Matthew Umhofer |
| Cc: | McRae, Marcellus; Evangelis, Theane; Scolnick, Kahn A.; Valerie Flores; Arlene Hoang; Jessica Mariani |
| Subject: | RE: LA Alliance v. City of LA -- Section 8.2 Meet and Confer |
| Date: | Friday, October 17, 2025 9:34:57 AM |

Hi Bradley,

When I asked about the status of the City's claimed 8.2 emergencies, I was asking whether the City is still claiming it is in an emergency, still claiming its obligations are "paused" and what that means to the City. I don't think squishy or undefined obligations are helpful to anybody at this point. Please provide me with the City's position regarding: 1) which of these emergencies does the City still claim is "active" and why, 2) exactly what obligations, if any, the City is "pausing" and on what basis— specifically what is it about each emergency that is necessitating a pause in which obligations? and 3) in light of our last two meet-and-confers about these issues, and recognizing the Alliance's position, what modifications or amendments is the City proposing based on these emergencies? It's been nearly three months since we began meeting and conferring on these issues and I'm not seeing any movement—if we can't agree, I'd like to get this in front of the court ASAP for resolution.

Thank you for providing the City's reasonable estimate on reductions. Can you please describe to me in detail the basis for the determination and any underlying data relied upon to reach the conclusions? Assuming the validity of the number, that leaves 8,335 resolutions the City is required to make in the next eight months. Does the City reasonably believe that is possible? How? If not, please let us know the City's proposed modifications and how those relate to the City's claimed emergencies. We'd love to be part of the solution and cheer the City on to accomplish its obligations here, but the Alliance will not facilitate or enable the City's current lackadaisical approach to encampment reductions.

Our availability to meet next week:
- Monday, 10/20: 9am-11am
- Tuesday, 10/21: 9am-1pm
- Thursday, 10/23: 8am-11am; 3-5pm

Thanks,
Liz

**From:** Hamburger, Bradley J. <BHamburger@gibsondunn.com>
**Sent:** Thursday, October 16, 2025 6:35 PM
**To:** Matthew Umhofer <matthew@umklaw.com>; Elizabeth Mitchell <elizabeth@umklaw.com>
**Cc:** McRae, Marcellus <MMcRae@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Scolnick, Kahn A. <KScolnick@gibsondunn.com>; Valerie Flores <valerie.flores@lacity.org>; Arlene Hoang <arlene.hoang@lacity.org>; Jessica Mariani <jessica.mariani@lacity.org>
**Subject:** LA Alliance v. City of LA -- Section 8.2 Meet and Confer

Matt and Liz:

I am following up on our ongoing Section 8.2 meet and confer.  Of the total number of reductions of tents, makeshift shelters, RVs or cars that the City has already reported in prior quarterly reports, the City has reasonably determined, after a careful review of the relevant data, that 313 reductions were accompanied by an offer of shelter, and 1,152 reductions constituted removals of abandoned tents or makeshift shelters (specifically, tents or makeshift shelters that were unattended when removed, meaning no person was present with the personal property who asserted or claimed ownership over the personal property after notice of the removal was posted), for a total of 1,465 reductions City-wide.  Note that this figure likely underestimates the actual number of reductions that satisfy the Court's interpretation of the encampment reduction obligation (which, as you know, the City contends is erroneous and has appealed to the Ninth Circuit), given that the City did not believe it was necessary to track offers of shelter made when tents, makeshift shelters or vehicles were removed.  For example, the City has not tracked offers of shelters that may have been made by LAHSA outreach workers in conjunction with encampment cleanups conducted by the City.

You have also inquired about the status of the Section 8.2 events.  We are unsure what you mean by that, but I am attaching the documentation that we previously sent you regarding the (a) the fiscal impact of the fires in January 2025, (b) the fiscal impact of the civil unrest this summer, and (c) the City's on-going fiscal emergency.

We would also like to get a time on calendar to further conference regarding proposed modifications of the settlement agreement in light of the Section 8.2 events.  Please let us know some times that your team is available.  Thanks.

**Bradley J. Hamburger**
Partner

T: +1 213.229.7658 | M: +1 818.219.3917
BHamburger@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to

2

advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.