GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
POONAM G. KUMAR, SBN 270802
  pkumar@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
VALERIE L. FLORES, SBN 138572
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, a Municipal entity, et al.,<br><br>    Defendant. | CASE NO. 2:20-cv-02291 DOC (KES)<br><br>Honorable David O. Carter,<br>United States District Judge<br><br>**DEFENDANT CITY OF LOS ANGELES'S OBJECTION REGARDING SUPPLEMENTAL NOTICE TO OSC IN RE CONTEMPT**<br><br>Action Filed:    March 10, 2020 |

Gibson, Dunn & Crutcher LLP

OBJECTION REGARDING SUPPLEMENTAL
NOTICE TO OSC IN RE CONTEMPT

The City objects to the Court's January 14 supplemental notice expanding the scope of the ongoing contempt proceedings.  Dkt. 1133.

The Court's order expanding the scope of the ongoing contempt proceedings is based on a recent ruling in the Los Angeles County Superior Court case, *CANGRESS v. City of Los Angeles*, No. 25STCP00261, issued by Judge Curtis Kin, and "reports published in the mainstream media" relating to that ruling.  Dkt. 1133 at 2.  The City submits that any expansion of the scope of the ongoing contempt proceedings is premature, would necessarily interfere with the *CANGRESS* litigation, and would threaten the City's appellate rights in that litigation.

The ruling issued by Judge Kin is not final; no final judgment will be issued until the City has a chance to object to a proposed judgment and a final judgment is entered.  Dkt. 1133, Ex. A at 10.  In the event Judge Kin overrules the City's objections and a final judgment is issued in the petitioner's favor, the City will appeal.  Expanding the scope of the ongoing contempt proceedings to encompass the subject matter at issue in the *CANGRESS* litigation before the decision in that case is final and enforceable, and before that decision has been subjected to appellate review, would necessarily interfere with that separate, state-court litigation and would threaten to deprive the City of its appellate rights in that litigation.  For example, if the contempt proceedings are expanded to cover topics related to the closed sessions of the City Council at issue in the *CANGRESS* litigation before the appellate process is completed, the City would be forced to choose between (1) effectively giving up its right to appeal in the *CANGRESS* litigation by disclosing matters it contends are privileged, or (2) foregoing its right to fully defend itself in the contempt proceedings in this Court.

In light of these significant concerns, and in accordance with basic principles of comity and abstention doctrines, the Court should abstain from expanding the ongoing contempt proceedings until the conclusion of the *CANGRESS* litigation (including the resolution of any appeal in that litigation).  *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (noting the "'longstanding public policy against federal court

1
OBJECTION REGARDING SUPPLEMENTAL
NOTICE TO OSC IN RE CONTEMPT

interference with state court proceedings'") (quoting *Younger v. Harris*, 401 U.S. 37, 43 (1971)); *Lake Luciana, LLC v. Cnty. of Napa*, 2009 WL 3707110, at *2 (N.D. Cal. Nov. 4, 2009) (finding abstention under *Younger* appropriate where a "state court proceeding touche[d] upon whether the Board acted in compliance with the Brown Act" and thus "implicate[d] important state interests").

To the extent the Court nonetheless intends to proceed with expanding the ongoing contempt proceedings before the conclusion of the *CANGRESS* litigation, the Court should clarify the new scope of these proceedings. In its order, the Court expressed "concern[] about the City's representation that the City Council had passed the homeless encampment reduction plan," Dkt. 1133 at 1–2, but did not identify any specific representation, when any such representation was made, or who made it on the City's behalf. Without additional detail regarding what the Court is now putting at issue, the City will be deprived of a fair opportunity to investigate the facts and prepare its defense against a potential finding of contempt. *See, e.g.*, *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("'Due process requires that there be an opportunity to present every available defense.'").

As a matter of fairness and basic due process, the Court should clarify the scope of the expanded contempt proceedings and identify the specific representation(s) at issue and the specific concern the Court has with any such representation(s) so that the City may adequately prepare its defense against these serious allegations.

DATED: January 20, 2026                    GIBSON, DUNN & CRUTCHER LLP


                                           By: */s/ Theane Evangelis*
                                               Theane Evangelis

                                           *Attorneys for Defendant*
                                           *CITY OF LOS ANGELES*

Gibson, Dunn & Crutcher LLP

2
OBJECTION REGARDING SUPPLEMENTAL NOTICE TO OSC IN RE CONTEMPT