GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
POONAM G. KUMAR, SBN 270802
  pkumar@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

HYDEE FELDSTEIN SOTO, SBN 106866
VALERIE L. FLORES, SBN 138572
ARLENE N. HOANG, SBN 193395
JESSICA MARIANI, SBN 280748
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:  213.978-7508
Facsimile:   213.978.7011
Email: arlene.hoang@lacity.org

*Attorneys for Defendant*
*CITY OF LOS ANGELES*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA ALLIANCE FOR HUMAN RIGHTS, et al., | CASE NO. 2:20-cv-02291 DOC (KES) |
| Plaintiffs, | Honorable David O. Carter, United States District Judge |
| v. | **DEFENDANT CITY OF LOS ANGELES'S OBJECTION REGARDING ORDER SETTING FEBRUARY 10, 2026 HEARING AND REQUEST FOR STAY** |
| CITY OF LOS ANGELES, a Municipal entity, et al., | |
| Defendant. | **RULING REQUESTED BY MONDAY, FEB. 9 AT 12 P.M.** |
| | Action Filed:    March 10, 2020 |

Gibson, Dunn &
Crutcher LLP

OBJECTION REGARDING ORDER SETTING FEBRUARY 10, 2026 HEARING

The City objects to the Court's February 4 order setting a contempt hearing for February 10 "focus[ed] solely on the alleged Brown Act violation" at issue in the Los Angeles County Superior Court case, *CANGRESS v. City of Los Angeles*, No. 25STCP00261, "and potential misrepresentations made to the Court regarding the encampment reduction resolution." Dkt. 1148 at 2. That order deprives the City of due process and fair notice of the basis of the purported contempt, sets a hearing that will interfere with a pending case in the court of another sovereign, improperly seeks privileged information, and appears to inject the threat of criminal prosecutions into the proceedings by requesting the attendance of the top federal and local prosecutors in Los Angeles. The City respectfully—but in the strongest terms possible—objects to the setting of the February 10 contempt hearing, which extends far beyond this Court's authority to enforce the terms of the Settlement Agreement. The City also requests that the Court stay any proceedings involving the *CANGRESS* case while that litigation is pending, and rule on that request by 12 p.m. on Monday, February 9.

**1.** The Court's February 4 order, which incorporates portions of its January 14 order, Dkt. 1133, is based on a recent ruling in the *CANGRESS* litigation, issued by Judge Curtis Kin. In that case, the petitioner CANGRESS alleges that certain closed City Council sessions involving the City's and Alliance's Settlement Agreement were held in violation of the Brown Act. The City maintains that the sessions at issue complied with the Act because they involved privileged conversations about the ongoing litigation in this Court, and therefore were not required to be public.

On January 20, the City objected to the Court's January 14 order expanding the scope of the ongoing contempt proceedings to include the *CANGRESS* litigation, in part because the Court's order "expressed 'concern[] about the City's representation that the City Council had passed the homeless encampment reduction plan,' Dkt. 1133 at 1–2, but did not identify any specific representation, when any such representation was made, or who made it on the City's behalf." Dkt. 1140 at 2. The Court has yet to respond to the City's prior objection and has still not identified any representations that will be at

issue at the upcoming hearing. That leaves the City in the untenable position of defending itself in contempt proceedings without an adequate opportunity to investigate facts and prepare a defense against the unfounded charge. At a minimum, the Court should tell the City what statements it is concerned about and allow the parties to file briefing regarding any such statements. Absent that, the City lacks fair notice as to the basis of the expanded contempt proceedings and insufficient time to respond, hampering its due process right to assert "every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972).

The January 14 and February 4 orders posit "that a vote may have been taken by the City Council in violation of the Brown Act." Dkt. 1148 at 2 (quoting Dkt. 1133 at 1–2). The Court also suggests that the City misrepresented "that the City Council had passed the homeless encampment reduction plan that was a critical and material issue before the Court" because "reports published in the mainstream media . . . suggest the City Council never voted to pass such a resolution." *Id.* Based on this limited information, it appears the Court is assuming that: (1) the City represented to the Court that a vote was taken on the encampment reduction plan, and (2) a City Council vote was required to approve the encampment reduction plan. Neither assumption is accurate.

The City is aware of only one representation to the Court regarding the presentation and approval of the encampment reduction plan: that "[t]he 9,800 encampment reduction plan and milestones were presented to the City Council on January 31, 2024, which approved them without delay." Dkt. 713 ¶ 8; *see also* Dkt. 668-1 ¶ 20 (counsel for the Alliance was "informed that on January 31, 2024, the City Council considered and approved the 9,800 resolutions by June 2026"); Dkt. 674 at 16 (Special Master Martinez reporting that "[o]n January 31, 2024, the City Council approved the milestones"). This representation contains no mention of a vote, and the City is not aware of—and the Court has not identified—any representations made by the City regarding a City Council vote.

OBJECTION REGARDING ORDER SETTING FEBRUARY 10, 2026 HEARING

Without commenting on what did or did not occur in closed session, the assumption that a City Council vote was required to approve the encampment reduction plan is also incorrect.  As the City recently explained in its objection to CANGRESS'S proposed judgment and writ of mandate (which is attached here), "the Encampment Reduction Plan . . . did not require a formal vote of the City Council to effectuate approval."  Ex. A at 3–4.  That remains the City's position.  Nor did the Settlement Agreement with the Alliance *require* any such vote.  And any attempt by this Court to superintend the City's compliance with its own approval procedures would violate the Tenth Amendment.  *Gregory v. Ashcroft*, 501 U.S. 452, 463 (1991).  The Supreme Court has found it "difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law," contrary to constitutionally grounded "principles of federalism." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984).  Put simply, nothing in the Constitution or the Settlement Agreement empowers this Court to second-guess the City's conclusion regarding whether a Council vote was required.  *Cf. Moore v. Harper*, 600 U.S. 1, 36 (2023) (discussing limited "'areas in which the Constitution requires [federal courts] to undertake an independent, if still deferential, analysis of state law'").

Because this Court has put the contempt hearing on a direct collision course with the Constitution, the City again requests clarification regarding which of the City's representations the Court will put at issue in the February 10 hearing, why any such representation(s) was supposedly inaccurate, and the basis for the Court to exercise its limited jurisdiction to enforce the Settlement Agreement to include any such representation(s).  Due process demands such basic notice.  *See, e.g., Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019) (explaining that "civil contempt is a severe remedy, and that principles of basic fairness requir[e] that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt" (cleaned up)); *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) ("A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of

conduct that is forbidden or required."); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005) (explaining that "adequate procedural due process," including "notice and an opportunity to be heard[,] are indispensable prerequisites" before a court can impose contempt sanctions).

**2.**  The City objects to expanding the scope of the ongoing contempt proceedings for four additional reasons.  First, Judge Kin's ruling that the closed sessions were not privileged is not even final.  The City objected to CANGRESS's proposed judgment and writ of mandate on January 22, *see* Ex. A, and that objection is pending before the court. If Judge Kin overrules the City's objection and a final judgment is issued in the petitioner's favor, the City will take an appeal from the decision, which will likely result in an automatic stay of the order until the appeal is final.

Second, an inquiry into those closed sessions would necessarily seek information that the City maintains is privileged for multiple distinct reasons (under the attorney-client privilege, the deliberative process privilege, the legislative privilege, and the official information privilege).  *See* Ex. A at 2–5.  As a result, any decision by this Court to proceed with the planned hearing will place the City in the unacceptable position of having to choose between vigorously defending itself against the Court's threats of contempt or instead waiving multiple privileges (all of which are at issue in the *CANGRESS* litigation).

Third, the Brown Act specifically provides that "[a] person may not disclose confidential information that has been acquired by being present in a closed session . . . to a person not entitled to receive it, unless the legislative body authorizes disclosure of that confidential information."  Cal. Gov. Code § 54963(a).  Seeking testimony from witnesses regarding the closed sessions of the City Council would violate state law, force an irreparable breach of the attorney-client privilege, and expose witnesses to consequences such as discipline and even criminal prosecution.

Fourth, holding a hearing involving the alleged Brown Act violation also would necessarily interfere with the separate *CANGRESS* litigation, contravening the

Gibson, Dunn & Crutcher LLP

4

OBJECTION REGARDING ORDER SETTING FEBRUARY 10, 2026 HEARING

"'longstanding public policy against federal court interference with state court proceedings'" at the heart of the *Younger* abstention doctrine.  *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (quoting *Younger v. Harris*, 401 U.S. 37, 43 (1971)).

Under *Younger*, a court must abstain if "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so." *Lake Luciana, LLC v. Cnty. of Napa*, 2009 WL 3707110, at *1 (N.D. Cal. Nov. 4, 2009).  Those requirements are satisfied here.  The *CANGRESS* litigation is ongoing and the Brown Act "implicates important state interests." *Lake Luciana*, 2009 WL 3707110, at *2.  Abstaining would also not have the effect of limiting any party's rights to litigate federal constitutional issues in the state proceedings.  And if the Court demands testimony from the City and the waiver of numerous privileges, its appeal in state court will be moot.

*     *     *

The only constitutionally legitimate course of action is for this Court to abstain from any inquiry into the *CANGRESS* litigation and stay the February 10 contempt hearing pending final resolution of the *CANGRESS* litigation.  *See Lake Luciana*, 2009 WL 3707110, at *3 (staying federal case pending resolution of the state-court proceedings).  In light of the serious concerns discussed above, the City requests that the Court reconsider its decision to expand the contempt proceeding or, at a minimum, defer any such expansion until the *CANGRESS* litigation, including any appeals, has fully concluded.

If the Court nevertheless insists on moving forward with the hearing, the City respectfully asks that it issue an order to that effect by 12 p.m. on Monday, February 9.

Gibson, Dunn &
Crutcher LLP

5

OBJECTION REGARDING ORDER SETTING FEBRUARY 10, 2026 HEARING

DATED:  February 7, 2026                    GIBSON, DUNN & CRUTCHER LLP


                                        By: */s/ Theane Evangelis*
                                              Theane Evangelis

                                        *Attorneys for Defendant*
                                        *CITY OF LOS ANGELES*

OBJECTION REGARDING ORDER SETTING FEBRUARY 10, 2026 HEARING