# EXHIBIT A

HYDEE FELDSTEIN SOTO, City Attorney, State Bar No. 106866
DENISE C. MILLS, Chief Deputy City Attorney, State Bar No. 191992
KATHLEEN KENEALY, Chief Assistant City Attorney, State Bar No. 212289
GABRIEL S. DERMER, Assistant City Attorney, State Bar No. 229424
200 North Main Street, Room 675
Los Angeles, California  90012
Phone:  (213) 978-7558
Fax:  (213) 978-7011
Email:  gabriel.dermer@lacity.org

THOMAS A. WILLIS, State Bar No. 160989
KRISTEN MAH ROGERS, State Bar No. 274672
ERIC LEE, State Bar No. 337815
EMILY A. UCHIDA, State Bar No. 357130
OLSON REMCHO, LLP
1901 Harrison Street, Suite 1550
Oakland, CA  94612
Phone:  (510) 346-6200
Email:  twillis@olsonremcho.com
        krogers@olsonremcho.com
        elee@olsonremcho.com
        euchida@olsonremcho.com

Attorneys for Defendant and Respondent
City of Los Angeles

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CANGRESS dba LOS ANGELES COMMUNITY ACTION NETWORK,<br><br>Plaintiff and Petitioner,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant and Respondent. | No.:  25STCP00261<br><br>Assigned for All Purposes to:<br>The Honorable Curtis A. Kin, Department 86<br><br>Action Filed:  January 24, 2025<br><br>**RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE**<br><br>**No Fee:**<br>**Cal. Gov't Code § 6103** |

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

Pursuant to Local Rule 3.231(n) of the Superior Court of Los Angeles County, and reserving all rights to contest the Court's ruling and any subsequent orders, Respondent City of Los Angeles hereby objects to Petitioner's Proposed Judgment Granting Petition for Writ of Mandate and Proposed Writ (the "Proposed Judgment and Writ") for all of the reasons set forth below.

**GENERAL OBJECTIONS**

Respondent objects to the Proposed Judgment and Writ on the basis that Government Code section 54960(a) only authorizes mandamus, declaratory, or injunctive relief "for the purpose of *stopping or preventing violations or threatened violations* of this chapter by members of the legislative body of a local agency *or to determine the applicability of this chapter to ongoing actions or threatened future actions* of the legislative body, *or to determine the applicability of this chapter to past actions* of the legislative body[.]" *Id.* (emphasis added).  Thus, Petitioner seeks relief beyond what is authorized by the Brown Act in section 54960(a) because it requests the court not simply determine the applicability of the Brown Act to past acts but instead provide Petitioner far-reaching remedies as result of those past acts.  Separately, the Proposed Judgment also impermissibly demands disclosure of communications protected by the attorney-client privilege, in contravention of Government Code section 54960(c)(5), confidential information from closed session conferences with legal counsel, in contravention of Government Code section 54963, and information protected from disclosure by the deliberative process, legislative, and official information privileges.  *See also id.* § 54956.9(f) (statute allowing closed sessions for local agencies to confer with and receive advice from legal counsel makes clear that "[n]othing in this section shall require disclosure of written communications that are privileged and not subject to disclosure pursuant to the California Public Records Act").

Petitioner is not entitled to such relief.  *County of Los Angeles v. Superior Court*, 130 Cal. App. 4th 1099, 1106 (2005) (foreclosing relief not authorized by the Brown Act because "the Legislature has provided statutory remedies for [Brown Act] violations" in Government Code sections 54960, 54960.1, and 54959); *Kleitman v. Superior Court*, 74 Cal. App. 4th 324, 333-35 (1999) (because the Legislature has provided for compelled disclosure in certain limited circumstances, "it

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

would be improper to read . . . a provision [compelling disclosure] into the [Brown] Act where none exists"); *see also De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile Estates*, 94 Cal. App. 4th 890, 912 (2001) ("Where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate."); *Beach & Bluff Conservancy v. City of Solana Beach*, 28 Cal. App. 5th 244, 262 (2018) (citing *De Anza* in holding that petitioner's challenge to an agency's certification decision must be through administrative mandamus, as provided by the statutory scheme).

By demanding a full view of how the Council and their lawyers interacted during past closed sessions, Petitioner's Proposed Judgment and Writ strikes at the heart of the attorney-client privilege and departs from the Brown Act's remedial scheme.  The Brown Act contemplates that local legislative bodies such as the City Council need to be able to receive legal advice with respect to litigation it is (or could) become involved in, and protects the confidentiality of such attorney-client communications.  *E.g.*, Gov't Code §§ 54956.9, 54960(c)(5), 54963.  In doing so, local agencies may provide direction to their legal counsel in any number of ways, including by consensus or by non-objection to recommendations; not all matters require that a vote be taken.  For example, with regard to the MOU with the County of Los Angeles, the City Council's formal approval was not legally required.  The Charter of Los Angeles exempts contracts entered into with other governmental agencies from the requirement that the City Council approve all contracts.  City of L.A. Charter § 373.  And under the Mayor's Declaration of Local Housing and Homelessness Emergency, the Mayor was empowered to coordinate the City's efforts to address the declared emergency with the County.  City of L.A. Admin. Code § 8.33(c); Mayor of the City of Los Angeles Karen Bass, Declaration of Local Housing and Homelessness Emergency (July 7, 2023).[1]  (Of course, the City Council's not formally approving a contract or proposed course of action is consistent with its approving of it.)  And the Encampment Reduction Plan ("ERP") similarly did not require a formal vote of the City Council to

---

[1] *See* https://mayor.lacity.gov/sites/g/files/wph2066/files/2023-07/20230707%20Mayor%20Declaration%20of%20Local%20Housing%20and%20Homelessness%20Emergency%20Signed%20and%20Attested.pdf.

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

effectuate approval. The Proposed Judgment and Writ nevertheless demands disclosure of votes, abstention of votes, or information on the manner of approval (if no vote was taken) of the ERP and MOU with the County of Los Angeles. Allowing a litigation adversary such as Petitioner to probe the manner of how the City Council, as the privilege-holder, directs its team regarding its ongoing defense of the *L.A. Alliance* case intrudes on the attorney-client privilege. Furthermore, forced disclosure of the attorney-client privileged discussions, as Petitioner demands, is not only barred by the Brown Act, it would be patently injurious here. Petitioner is adverse to the City in the ongoing *L.A. Alliance* litigation. Compelled disclosure of the City's attorney-client confidences concerning that case would harm its ability to defend itself in that litigation.

Moreover, Respondent further objects that Petitioner's requested relief is overbroad and seeks disclosure from closed sessions outside the two discrete alleged violations of the Brown Act identified in the Petitioner's October 30, 2024 demand letter to the City and in their Petition for Writ of Mandate, which focused only on alleged actions to approve the ERP and MOU during closed sessions on January 31, 2024 and May 1, 2024, and they therefore cannot obtain relief for other unidentified closed sessions under the Brown Act. Gov't Code § 54960.2(a) (demand letter must "clearly describ[e] the past action of the legislative body and nature of the alleged violation" and requiring a responding agency have an opportunity to respond to such allegations); *cf.* Proposed Judgment & Writ ¶¶ (f) & (g). There is no basis for Petitioner's request for judgment and a writ on any other actions or closed sessions, either past or future.

Moreover, compelling the City Council to record "with videotape and audiotape" *all* of its closed sessions for the next *three years*, including on matters entirely unrelated to the two closed session issues (approval of the ERP and the MOU) at issue in this case is overbroad. It also threatens the Council's ability to obtain candid, frank legal advice as well as the members' ability to have a candid discussion of highly sensitive, confidential matters. *See, e.g.*, Gov't Code §§ 54956.7, 54956.8, 54956.9, 54957, 54957.6, 54956.86, and 54956.75.

Lastly, Respondent objects on the grounds that by requesting sweeping relief unrelated to the specific actions and closed sessions at issue in this litigation, Petitioner's Proposed Judgment

4

and Writ exceeds the scope of the Court's ruling, which concerned *only* the approval of the ERP and MOU at the January 31, 2024 and May 1, 2024 closed sessions.  Ruling at 9 ("Accordingly, for all the foregoing reasons, the Court finds that the City's approval of the ERP and MOU during closed sessions on January 31, 2024, and May 1, 2024 violated the Brown Act . . . ").  The ruling does not contemplate relief that extends beyond those discrete actions in those specific closed sessions.

For all of the foregoing reasons, Respondent objects to Petitioner's Proposed Judgment and Writ.  Furthermore, Respondent objects that Petitioner requests judgment declaring that it is entitled to recover its attorneys' fees and costs, when the Brown Act limits fee recovery to court costs and *reasonable* attorney fees.  Gov't Code § 54960.5.  Given that the parties disagree about the scope of permissible remedies under the Brown Act, Respondent requests that Petitioner meet and confer pursuant to Local Rule 3.231(n) and agree to brief the issue of permissible remedies with the Court prior to Judgment being entered, and agree to a briefing schedule.

With respect to each paragraph of the Proposed Judgment and Writ, Respondent further objects for the reasons stated below.  These general objections are incorporated into each response to the specific paragraph of Petitioner's Proposed Judgment and Writ.  The fact that a specific response may mention one or more of the general objections does not mean that the other general objections do not apply.

<u>**OBJECTIONS TO PROPOSED JUDGMENT AND WRIT**</u>

<u>**PETITIONER'S PARAGRAPH (A)**</u>[2]

Immediately disclose the contents of the Encampment Resolution Plan and all drafts of that plan that were considered by the City Council.

<u>**OBJECTIONS TO PARAGRAPH (A)**</u>

The Encampment Reduction Plan is a public document, of which Petitioner already has a copy and which was also filed on the *L.A. Alliance* docket (*see* AR-1173 & ECF No. 668-1).  Concerning the demanded drafts, Respondent objects as follows.

---

[2] Petitioner's Proposed Judgment and Writ contain seven identical paragraphs commanding the City to perform certain actions, and the objections herein apply to both equally.  *Compare* Proposed Judgment ¶¶ 3(a) through (g) *with* Proposed Writ of Mandate ¶¶ (a) through (g).

5

Respondent incorporates by reference the General Objections as though fully set forth herein.  Subject to those objections and without conceding that any responsive records exist, Respondent objects on the grounds that Government Code section 54960(a) only authorizes mandamus, declaratory, or injunctive relief "for the purpose of *stopping or preventing violations or threatened violations* of this chapter by members of the legislative body of a local agency *or to determine the applicability of this chapter to ongoing actions or threatened future actions* of the legislative body, *or to determine the applicability of this chapter to past actions* of the legislative body[.]"  *Id.* (emphasis added).  Petitioner asks for relief beyond what is authorized by the Brown Act in section 54960(a).

Respondent further objects to paragraph (a) on the basis that it seeks information protected from disclosure by the attorney-client privilege, the legislative and deliberative process privileges, the official information privilege, and the Brown Act's prohibitions against disclosure of closed session proceedings except as specifically provided.  Evid. Code §§ 950 – 955, 1040 – 1047; Gov't Code §§ 54950 – 54963; *San Joaquin Cty. Local Agency Formation Comm'n v. Superior Court*, 162 Cal. App. 4th 159, 169-72 (2008) (*San Joaquin*); *Kleitman*, 74 Cal. App. 4th at 333-35; *Bd. of Supervisors v. Superior Court*, 32 Cal. App. 4th 1616, 1625-27 (1995); *Rogers v. Superior Court*, 19 Cal. App. 4th 469, 478-80 (1993).  Respondent further objects that Petitioners have already obtained the ERP, as it was included at AR-1173.

Respondent further objects on the grounds that the scope of the Court's ruling is limited only to the approval of the ERP at the January 31, 2024 closed session.  *See* Ruling at 9 ("Accordingly, for all the foregoing reasons, the Court finds that the City's approval of the ERP and MOU during closed sessions on January 31, 2024, and May 1, 2024 violated the Brown Act . . . ").  The ruling in no way extends beyond that discrete action in that specific closed session.

**PETITIONER'S PARAGRAPH (B)**

Immediately disclose the contents of the City Council's discussion regarding the Encampment Resolution Plan, including all documents, reports, minutes, transcripts, and tapes of closed sessions during which the Encampment Resolution Plan was discussed.

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

**OBJECTIONS TO PARAGRAPH (B)**

Respondent incorporates by reference the General Objections as though fully set forth herein.  Subject to those objections and without conceding that any responsive records exist, Respondent objects on the grounds that Government Code section 54960(a) only authorizes mandamus, declaratory, or injunctive relief "for the purpose of *stopping or preventing violations or threatened violations* of this chapter by members of the legislative body of a local agency *or to determine the applicability of this chapter to ongoing actions or threatened future actions* of the legislative body, *or to determine the applicability of this chapter to past actions* of the legislative body[.]"  *Id.* (emphasis added).  Petitioner asks for relief beyond what is authorized by the Brown Act in section 54960(a).

Respondent further objects to paragraph (b) on the basis that it seeks information protected from disclosure by the attorney-client privilege, the legislative and deliberative process privileges, the official information privilege, and the Brown Act's prohibitions against disclosure of closed session proceedings except as specifically provided.  Evid. Code §§ 950 – 955, 1040 – 1047; Gov't Code §§ 54950 – 54963; *San Joaquin*, 162 Cal. App. 4th at 169-72; *Kleitman*, 74 Cal. App. 4th at 333-35; *Bd. of Supervisors*, 32 Cal. App. 4th at 1625-27; *Rogers*, 19 Cal. App. 4th at 478-80.

Respondent also objects that this relief is overbroad and exceeds the two alleged violations of the Brown Act identified in the Petitioner's complaint and demand letter, which focused on the January 31, 2024 and May 1, 2024 closed sessions and alleged actions to approve the ERP and MOU during those closed sessions, and that therefore they cannot obtain this relief.  Gov't Code § 54960.2(a) (demand letter must "clearly describ[e] the past action of the legislative body and nature of the alleged violation").  Respondent further objects on the grounds that the scope of the Court's ruling with respect to the ERP is limited to the approval of the ERP at the January 31, 2024 closed session.  *See* Ruling at 9 ("Accordingly, for all the foregoing reasons, the Court finds that the City's approval of the ERP and MOU during closed sessions on January 31, 2024, and May 1, 2024 violated the Brown Act . . . ").  The ruling in no way extends beyond that discrete action in that specific closed session.

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

**PETITIONER'S PARAGRAPH (C)**

Immediately disclose the vote or abstention of vote for each member of the City Council present on each action taken in closed session relating to the LA Alliance matter during the January 31, 2024 meeting or, if no vote was taken, the method by which approval was given for the agreement regarding the Encampment Resolution Plan.

**OBJECTIONS TO PARAGRAPH (C)**

As stated in Respondent's responses to Petitioner's Requests for Admission (Set One) and Special Interrogatories (Set One), the City Council did not hold a vote on the ERP at its January 21, 2024 closed session, and therefore there were no vote abstentions.

Insofar as paragraph (c) seeks information in addition to what Respondent has already provided, Respondent incorporates by reference the General Objections as though fully set forth herein and further objects to paragraph (c) on the basis that Government Code section 54960(a) only authorizes mandamus, declaratory, or injunctive relief "for the purpose of *stopping or preventing violations or threatened violations* of this chapter by members of the legislative body of a local agency *or to determine the applicability of this chapter to ongoing actions or threatened future actions* of the legislative body, *or to determine the applicability of this chapter to past actions* of the legislative body[.]" *Id.* (emphasis added).  Petitioner asks for relief beyond what is authorized by the Brown Act in section 54960(a).

Respondent also objects to paragraph (c) because it seeks information protected from disclosure by the attorney-client privilege, the legislative and deliberative process privileges, the official information privilege, and the Brown Act's prohibitions against disclosure of closed session proceedings except as specifically provided.  Evid. Code §§ 950 – 955, 1040 – 1047; Gov't Code §§ 54950 – 54963; *San Joaquin*, 162 Cal. App. 4th at 169-72; *Kleitman*, 74 Cal. App. 4th at 333-35; *Bd. of Supervisors*, 32 Cal. App. 4th at 1625-27; *Rogers*, 19 Cal. App. 4th at 478-80.

Respondent further objects that Petitioner's demand for disclosure of "each action taken in closed session relating to the LA Alliance matter during the January 31, 2024 meeting," is vague, ambiguous, overbroad and exceeds the two specific alleged violations of the Brown Act identified in

8

the Petitioner's Petition and demand letter, which focused on the January 31, 2024 and May 1, 2024 closed sessions and alleged actions to approve the ERP and MOU during those closed sessions, and that therefore they cannot obtain this relief. Gov't Code § 54960.2(a) (demand letter must "clearly describ[e] the past action of the legislative body and nature of the alleged violation"). Respondent further objects on the grounds that the scope of the Court's ruling with respect to the ERP is limited to the approval of the ERP at the January 31, 2024 closed session. *See* Ruling at 9 ("Accordingly, for all the foregoing reasons, the Court finds that the City's approval of the ERP and MOU during closed sessions on January 31, 2024, and May 1, 2024 violated the Brown Act . . . "). The ruling in no way extends beyond that discrete action in that specific closed session.

**PETITIONER'S PARAGRAPH (D)**

Immediately disclose the contents of the City Council's discussion regarding the Memorandum of Understanding ("MOU") with the County of Los Angeles, including all documents, reports, minutes, transcripts, and tapes of closed sessions during which the MOU was discussed.

**OBJECTIONS TO PARAGRAPH (D)**

The MOU is a public document, of which Petitioner already has a copy and which was also filed on the *L.A. Alliance* docket (*see* AR-823 & ECF No. 830). Concerning the demanded documents, reports, minutes, transcripts, and tapes of closed sessions during which the MOU was discussed, Respondent objects as follows.

Respondent incorporates by reference the General Objections as though fully set forth herein. Subject to those objections and without conceding that any responsive records exist, Respondent objects on the grounds that Government Code section 54960(a) only authorizes mandamus, declaratory, or injunctive relief "for the purpose of *stopping or preventing violations or threatened violations* of this chapter by members of the legislative body of a local agency *or to determine the applicability of this chapter to ongoing actions or threatened future actions* of the legislative body, *or to determine the applicability of this chapter to past actions* of the legislative body[.]" *Id.* (emphasis added). Petitioner asks for relief beyond what is authorized by the Brown Act in section 54960(a).

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

Respondent further objects to paragraph (d) on the basis that it seeks information protected from disclosure by the attorney-client privilege, the legislative and deliberative process privileges, the official information privilege, and the Brown Act's prohibitions against disclosure of closed session proceedings except as specifically provided.  Evid. Code §§ 950 – 955, 1040 – 1047; Gov't Code §§ 54950 – 54963; *San Joaquin*, 162 Cal. App. 4th at 169-72; *Kleitman*, 74 Cal. App. 4th at 333-35; *Bd. of Supervisors*, 32 Cal. App. 4th at 1625-27; *Rogers*, 19 Cal. App. 4th at 478-80.

Respondent further objects that "the content of the discussion regarding the MOU" is vague and ambiguous, and this relief is overbroad insofar as it exceeds the two alleged violations of the Brown Act identified in the Petitioner's October 30, 2024 demand letter to the City, which focused only on the January 31, 2024 and May 1, 2024 closed sessions and alleged actions to approve the ERP and MOU during those closed sessions, and that therefore they cannot obtain this relief under the Brown Act.  Gov't Code § 54960.2(a) (demand letter must "clearly describ[e] the past action of the legislative body and nature of the alleged violation").  Respondent further objects on the grounds that the scope of the Court's ruling with respect to the MOU is limited to the approval of the MOU at the May 1, 2024 closed session.  *See* Ruling at 9 ("Accordingly, for all the foregoing reasons, the Court finds that the City's approval of the ERP and MOU during closed sessions on January 31, 2024, and May 1, 2024 violated the Brown Act . . . ").  The ruling in no way extends beyond that discrete action in that specific closed session.

**PETITIONER'S PARAGRAPH (E)**

Immediately disclose the vote or abstention of vote of each member of the City Council present on each action taken in closed session related to the LA Alliance litigation during the May 1, 2024 meeting or if no vote was taken, the method by which approval was given for the agreement.

**OBJECTIONS TO PARAGRAPH (E)**

As stated in Respondent's responses to Petitioner's Requests for Admission (Set One) and Special Interrogatories (Set One), the City Council did not hold a vote on the MOU at its May 1, 2024 closed session, and therefore there were no vote abstentions.

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

Insofar as paragraph (c) seeks information in addition to what Respondent has already provided, Respondent incorporates by reference the General Objections as though fully set forth herein and further objects on the grounds that Government Code section 54960(a) only authorizes mandamus, declaratory, or injunctive relief "for the purpose of *stopping or preventing violations or threatened violations* of this chapter by members of the legislative body of a local agency *or to determine the applicability of this chapter to ongoing actions or threatened future actions* of the legislative body, *or to determine the applicability of this chapter to past actions* of the legislative body[.]" *Id.* (emphasis added). Petitioner asks for relief beyond what is authorized by the Brown Act in section 54960(a).

Respondent further objects to paragraph (e) on the basis that it seeks information protected from disclosure by the attorney-client privilege, the legislative and deliberative process privileges, the official information privilege, and the Brown Act's prohibitions against disclosure of closed session proceedings except as specifically provided. Evid. Code §§ 950 – 955, 1040 – 1047; Gov't Code §§ 54950 – 54963; *San Joaquin*, 162 Cal. App. 4th at 169-72; *Kleitman*, 74 Cal. App. 4th at 333-35; *Bd. of Supervisors*, 32 Cal. App. 4th at 1625-27; *Rogers*, 19 Cal. App. 4th at 478-80.

Respondent further objects that Petitioner's demand for disclosure of "each action taken in closed session relating to the LA Alliance litigation during the May 1, 2024 meeting," and "the agreement," undefined, is vague, ambiguous, overbroad and exceeds the two specific alleged violations of the Brown Act identified in the Petitioner's Petition and demand letter, which focused on the January 31, 2024 and May 1, 2024 closed sessions and alleged actions to approve the ERP and MOU during those closed sessions, and that therefore they cannot obtain this relief. Gov't Code § 54960.2(a) (demand letter must "clearly describ[e] the past action of the legislative body and nature of the alleged violation"). Respondent further objects on the grounds that the scope of the Court's ruling with respect to the MOU is limited to the approval of the MOU at the May 1, 2024 closed session. *See* Ruling at 9 ("Accordingly, for all the foregoing reasons, the Court finds that the City's approval of the ERP and MOU during closed sessions on January 31, 2024, and May 1, 2024 violated the Brown Act . . . "). The ruling in no way extends beyond that discrete action in that specific closed session.

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

**PETITIONER'S PARAGRAPH (F)**

Record with videotape and audiotape all of the City Council's closed sessions pursuant to Section 54960 for three years following entry of judgment in this matter, and to maintain those recordings according to law.

**OBJECTIONS TO PARAGRAPH (F)**

Respondent incorporates by reference the General Objections as though fully set forth herein.  Respondent further objects to paragraph (f) insofar as it seeks information protected from disclosure by the attorney-client privilege, the legislative and deliberative process privileges, the official information privilege, and the Brown Act's prohibitions against disclosure of closed session proceedings except as specifically provided.  Evid. Code §§ 950 – 955, 1040 – 1047; Gov't Code §§ 54950 – 54963; *San Joaquin*, 162 Cal. App. 4th at 169-72; *Kleitman*, 74 Cal. App. 4th at 333-35; *Bd. of Supervisors*, 32 Cal. App. 4th at 1625-27; *Rogers*, 19 Cal. App. 4th at 478-80.

Respondent further objects that Petitioner's demand for audio and video recording all Council closed sessions for three years without limitation is excessive, overbroad, and unduly burdensome and greatly in excess of the two specific alleged violations of the Brown Act identified by Petitioner's Petition and demand letter, which focused on the January 31, 2024 and May 1, 2024 closed sessions and alleged actions to approve the ERP and MOU during those closed sessions, and that therefore they cannot obtain this relief.  Gov't Code § 54960.2(a) (demand letter must "clearly describ[e] the past action of the legislative body and nature of the alleged violation").  Moreover, the proposed relief is vague and ambiguous because it is not clear whether the closed sessions Petitioner seeks to have recorded include closed sessions of committees or other subsidiaries of the Council.  Respondent further objects on the grounds that the scope of the Court's ruling was limited to approval of the ERP and MOU in the January 31, 2024 and May 1, 2024 closed sessions, respectively, and that the relief demanded here is disproportionate and not tailored to the Court's ruling.  *See* Ruling at 9 ("Accordingly, for all the foregoing reasons, the Court finds that the City's approval of the ERP and MOU during closed sessions on January 31, 2024, and May 1, 2024 violated the Brown Act . . . ").

12

**PETITIONER'S PARAGRAPH (G)**

Discuss and act upon in closed session only those items expressly authorized to be discussed and acted upon in closed session pursuant to Section 54954.2.

**OBJECTIONS TO PARAGRAPH (G)**

Respondent incorporates by reference the General Objections as though fully set forth herein. Respondent further objects to paragraph (g) on the basis that Section 54954.2 does not set forth the bases for which closed sessions are permissible nor does it "expressly authorize" any actions to be taken in closed session. *Compare, e.g.*, Gov't Code § 54954.5, and statutes cited therein. Respondent therefore objects that the relief sought in paragraph (g) lacks foundation, and is vague and ambiguous. Respondent also objects that paragraph (g) is vague and ambiguous for the additional reason that it is unclear if it applies to the City Council's closed sessions or extends to committees as well.

Furthermore, Respondent objects that the relief sought by paragraph (g) is overbroad because it is not tailored to the Petitioner's two identified violations or Court's ruling in this case, which focused on the approval of the ERP and MOU during the January 31, 2024 and May 1, 2024 closed sessions, respectively. Given the scope of the Court's ruling and the allegations underlying Petitioner's complaint, as well as the presumption that the City will comply with its legal obligations, there is no basis for Petitioners to demand relief as to all City Council closed sessions into perpetuity, particularly those closed sessions unrelated to the ERP and MOU.

**CONCLUSION**

Without waiving, and subject to Respondent's rights to contest the Court's January 5, 2026 ruling and any subsequent orders, all of which are hereby expressly reserved, Respondent submits the following proposed alternative remedy:

1. The Court declares that the City Council's approval of the ERP during the January 31, 2024 closed session violated the Brown Act only to the extent the City Council approval of the ERP was required by formal vote.

2. The Court declares that the City Council's approval of the MOU during the May 1, 2024 closed session violated the Brown Act only to the extent the City

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE

Council approval of the ERP was required by formal vote.

3.    The City Council shall issue any final approvals (if necessary) to amend the ERP or MOU in open session if required by formal vote.

4.    For the avoidance of doubt, the City Council shall remain entitled to confer with, and receive advice from, its legal counsel with respect to the pending *L.A. Alliance* litigation in closed session.

Given that the parties disagree about the scope of permissible remedies under the Brown Act, Respondent requests that Petitioner meet and confer pursuant to Local Rule 3.231(n) and agree to brief the issue of permissible remedies with the Court prior to Judgment being entered, and stipulate to a briefing schedule.

Dated:  January 22, 2026

Respectfully submitted,

OFFICE OF THE LOS ANGELES CITY ATTORNEY

OLSON REMCHO, LLP

By: _____
Kristen M. Rogers

Attorneys for Defendant and Respondent
City of Los Angeles

14

**PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury that:

I am a citizen of the United States, over the age of 18, and not a party to the within cause of action.  My business address is 555 Capitol Mall, Suite 400, Sacramento, CA  95814.

On **January 22, 2026** I served a true copy of the following document(s):

**Respondent City Of Los Angeles' Objections To Petitioner's
Proposed Judgment And Proposed Writ Of Mandate**

on the following party(ies) in said action:

| | |
|---|---|
| Jonathan L. Segal<br>Samantha Lachman<br>Davis Wright Tremaine LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA  90071<br>Phone:  (213) 633-6800<br>Email:  jonathansegal@dwt.com<br>        samlachman@dwt.com | *Attorneys for Petitioner and Petitioner Cangress dba Los Angeles Community Action Network* |
| Shayla Myers<br>Isabelle M. Geczy<br>Legal Aid Foundation of Los Angeles<br>1550 W. 8th Street<br>Los Angeles, CA  90013<br>Phone:  (213) 640-3983<br>Email:  smyers@lafla.org<br>        igeczy@lafla.org | *Attorneys for Petitioner and Petitioner Cangress dba Los Angeles Community Action Network* |

☐ **BY UNITED STATES MAIL:**  By enclosing the document(s) in a sealed envelope or package addressed to the person(s) at the address above and

> ☐ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid.

> ☐ placing the sealed envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, located in Sacramento, California, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:**  By enclosing the document(s) in a sealed envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed.  I placed the sealed envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

15

☐ **BY MESSENGER SERVICE:** By placing the document(s) in a sealed envelope or package addressed to the persons at the addresses listed and providing them to a professional messenger service for service.

☐ **BY FACSIMILE TRANSMISSION:** By faxing the document(s) to the persons at the fax numbers listed based on an agreement of the parties to accept service by fax transmission. No error was reported by the fax machine used. A copy of the fax transmission is maintained in our files.

☒ **BY EMAIL TRANSMISSION (ONE LEGAL):** By electronically submitting for filing and service the document(s) listed above through One Legal, an electronic filing vendor approved by this Court. The name of the vendor and the transaction receipt I.D. are given in the vendor's emailed Notification of Service.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on **January 22, 2026**, in Sacramento, California.

*Thuy Le*
_____
Thuy Le

(2,219,931)

16

RESPONDENT CITY OF LOS ANGELES' OBJECTIONS TO PETITIONER'S
PROPOSED JUDGMENT AND PROPOSED WRIT OF MANDATE