FROM DA KINGDOM OF Adrian 'daredeemer'

By Proclamation And Decree Under Da Blood of Yeshua Jesus Christ da Messiah...

**ADRIAN DAMICO MOON, GBN# Chosen one**
**926 La Canada Verdugo Road, Altadena Ca 91001**
**Cell ( 771) 215-8153  admmon172@gmail.com**

2026 APR -3 PM 3: 25

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**
**CIVIL AND CRIMINAL DIVISIONS**
**IN DA CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **L.A. ALLIANCE HUEMAN RIGHTS, ADRIAN DAMICO MOON ET. AL. ,**<br><br>PLAINTIFFS, PETITIONERS, AND APPELLANTS,<br><br>vs.<br><br>**COUNTY AND CITY OF LOS ANGELES ET. AL. ,**<br><br>Defendants, Respondents, and Appellees, | Case No.  **2:20-cv-02291-DOC (resx)**<br><br>( PROPOSED ) ORDER |

As these matters came by regularly to da Court and having considered attached Motions A- F Ex Parte Applications to da satisfaction that da court ought to grant these matters !

**FOR GOOD CAUSE SHOWING AND AGREED UPON BY ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IT IS SO ORDERED , THAT:**

1. All da Ex Parte Applications A through F are hereby granted in their entirety
2. Satan, roes /does 1-350 inclusively are found guilty for Stalking Petitioner Moon under 18 U.S.C. 2661, 1201(a) ; 1113 ; 2381 ; 871-880 Chapter 41.
3. Arrest Warrants shall issue immediately against Satan, roes/does 1-350 inclusively so that Respondents can await arraignment and bond hearings.
4. Default Judgment in da amount of Seven ( 7) Billion Dollars shall issue in favor of ADRIAN DAMICO MOON and against Satan , roes/does 1-350 inclusively forthwith...
5. All and Any orders and rulings  made by Edward Simpson, recused Judicial officer  in case Slusher/Garbutt  vs. Moon , case no. GC037352, GC040261, C040442 et. al.  shall be Vacated, Set-Aside, and Stricken from all court records, and these cases shall be Dismissed With Prejudice , Forthwith...

DATED: APRIL    , 2026

by: _____

HONORABLE                                      ,JUDGES
UNITED STATES CENTRAL DISTRCT COURT

( PROPOSED ) ORDER - 1

ADRIAN DAMICO MOON
926 LA CANADA VERDUGO Road
Altadena CA 91001
Cell (771) 215-8153
admoon172@gmail.com

LODGED

2026 APR -3 PH 4: 04

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ADRIAN DAMICO MOON | CASE NUMBER: 2:20-CV-02291-DOC (resx) |
|---|---|
| PLAINTIFF(S), | C.O.A. Case No. 26-784; 26-1589 |
| v. | ORDER ON MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS: |
| DAVID ORMON CARTER; KARLEN DUBON et al | ☑ 28 U.S.C. 753(f) |
| DEFENDANT(S). | ☑ 28 U.S.C. 1915   GOV'T EXEMPT $505 |

The Court, having reviewed the Motion for Leave to Appeal In Forma Pauperis and Affidavit thereto, hereby ORDERS: *(The check mark in the appropriate box indicates the Order made.)*

☐ **The court has considered the motion and the motion is DENIED.** The Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. 1915(a) and is frivolous, without merit and does not present a substantial question within the meaning of 28 U.S.C. 753(f).

The Clerk is directed to serve copies of this Order, by United States mail, upon the parties appearing in this cause.

_____
*Date*

_____
*United States District Judge*

☐ **The Court has considered the motion and the motion is GRANTED.** It appears to the Court that the proposed appeal is taken in good faith within the meaning of 28 U.S.C. 1915(a). The Court certifies that the proposed appeal is not frivolous, that it presents a substantial question. The within moving party is authorized to prosecute an appeal in forma pauperis to the United States Court of Appeals for the Ninth Circuit without pre-payment of any fees or costs and without giving security therefor.

☐ A transcript is needed to decide the issue presented by the proposed appeal, all within the meaning of 28 U.S.C. 753 (f). The Court Reporter is directed to prepare and file with the Clerk of this Court an original and one copy of a transcript of all proceedings had in this Court in this cause; the attorney for the appellant is advised that a copy of the transcript will be made available. The expense of such transcript shall be paid by the United States pursuant to 28 U.S.C. 1915(c) and 753(f).

The Clerk is directed to serve copies of this Order upon the parties appearing in this cause.

_____
*Date*

_____
*United States District Judge*

A-18 ORDER (02/08)          ORDER ON MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

ADRIAN DAMIEO MOON
924 LA CANADA VERDUGO Road
Altadena CA 91001
cell (771) 245-8153
admoon172@gmail.com

LODGED

2026 APR -3 PM 4: 04

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ADRIAN DAMICO MOON

**PLAINTIFF/PETITIONER**

V.

DAVIO armon CARTER
KAREN DUBON et. al.

**DEFENDANT/RESPONDENT**

CASE NUMBER

2:20-cv-02291-DOC(resx)

**REQUEST TO PROCEED IN FORMA PAUPERIS WITH DECLARATION IN SUPPORT**

C.O.A. Case No. 26-784; 26-1589

I, _____Adrian Damico Moon_____ declare under penalty of ~~perjury~~, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you currently employed?   ☐ Yes   ☒ No

   a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer: _____

   _____

   b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2. Have you received, *within the past twelve months*, any money from any of the following sources?

   | | |
   |---|---|
   | Public benefits? | ☐ Yes   ☒ No |
   | Business, profession or form of self-employment? | ☐ Yes   ☒ No |
   | Rent payments, interest or dividends? | ☐ Yes   ☒ No |
   | Pensions, annuities or life insurance payments? | ☐ Yes   ☒ No |
   | Gifts or inheritances? | ☐ Yes   ☒ No |
   | Any other income (other than listed above)? | ☐ Yes   ☒ No |
   | Loans? | ☐ Yes   ☒ No |
   | Any other income (other than listed above)? | ☐ Yes   ☒ No |

   If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: _____

   _____

   _____

3. Do you own any cash, or do you have money in a checking or savings account? (include any funds in prison accounts, if applicable)  ☐ Yes  ☐ No

If the answer is yes, identify each account and separately state the amount of money in each account for each of the *six (6) months* prior to the date of this declaration.  _____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes  ☐ No

If you answer is yes, describe the property and state its approximate value:  _____

_____

_____

5. In what year did you last file an Income Tax Return? _____

Approximately how much income did your last return reflect? _____

6. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

7. Estimate your average monthly expenses below:

| | | | | |
|---|---|---|---|---|
| Housing | | Credit Cards | | |
| Transportation | | Child Care | | |
| Food | | Insurance | | |
| Medical | | Loans | | |
| Utilities | | Other | | |

_California_____
State

_L. A. County_____
County (or City)

I, _Adrion Domnico Morn_ declare under penalty of perjury that the foregoing is true and correct. Executed on:

_April 3, 2026_____
Date

_____
Plaintiff (Signature)

## FROM DA KINGDOM OF Adrian 'daredeemer' LODGED
By Proclamation And Decree Under da Blood of Yeshua Jesus Christ da Messiah...

Adrian Damico Moon,GBN# Chosen one

926 La Canada Verdugo Road

Altadena, CA. 91001

Cell( 771)215-8153  admoon172@gmail.com

2026 APR -3  PM 3: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY: _____ ووو

### UNITED STATES DISTRICT COURT
### CIVIL AND CRIMINAL DIVISIONS
### IN DA CENTRAL DISTRICT OF CALIFORNIA

L.A. ALLIANCE HUE-MAN RIGHTS , ADRIAN DAMICO MOON, AN INDIVIDUAL SNAP RECIEPT AND ALSO SUING AS CZAR OF HOMELESSNESS AND ANTI-SEMITIC REFORM,  ET. AL. ,

Plaintiffs, Petitioners,

Appellants,

vs.

COUNTY AND CITY OF LOS ANGELES, ET. AL.,

Defendants, Respondents , Appellees,

" JUDGMENT IS COMING "
# $ 7,000,000,000.00

COVID-19: HOST, HOAX OR HOLY SPIRIT

Case No.  2:20-cv-02291-DOC (resx)

SUPPLEMENTAL EVIDENCE IN SUPPORT OF:

EXTREME EMERGENCY UNDER PRE-FILING ORDER FOR LEAVE OF COURT TO ISSUES DEPOSITION SUBPOENAS AND PRODUCTION OF DOCUMENTS FROM DEFENDANTS MARY ANN MURPHY AND JILL CHRISTIE BODDIE OR IN DA ALTERNATIVE ISSUE ARREST WARRANTS  PURSUANT TO ANTI-STALKING (T.R.O. ) PURSUANT TO FEDERAL RULE OF CRIMINAL AND CIVIL PROCEDURE 4 ; 9;  65 (b) (1-4) ; 18 U.S.C. 2661; 241;242; 1201(a) ; 1113 ; 2381 ; 871-880 Chapter 41 ET. SEQ. SEE, READ, UNDERSTAND, AND CONSIDER AND TAKE JUDICIAL NOTICE OF CASES ON APPEAL CASE NO. 26-784 ; 26-1589 ET. SEQ. (Proposed ) ORDER THEREON

### OFFER OF PROOF
### DECLARATION OF ADRIAN DAMICO MOON
### MEMORANDUM OF POINTS AND AUTHORITIES

EXTREME EMERGENCY UNDER PRE-FILING ORDER FOR MOTION FOR LEAVE OF COURT TO ISSUES DEPOSITION SUBPOENAS AND PRODUCTION OF DOCUMENTS FROM DEFENDANTS MARY ANN MURPHY AND JILL CHRISTIE BODDIE OR IN DA ALTERNATIVE ISSUE ARREST WARRANTS PURSUANT TO FEDERAL RULE OF CRIMINAL AND CIVIL PROCEDURE 4;9; 65 (B) (1-4) ET. SEQ.  - 1

**I AM ADRIAN DAMICO MOONM,** ( hereinafter, 'daredeemer') Plaintiff, Petitioner, and Appellant in Pro Se, Israelite , chosen one , begotten son of da Almighty Creator Sovereignty of da Universe in da mighty names of Yahawshi, Yeshua , Jesus Christ da Messiah… paragon, with integrity and veracity, proclaim and decree as follow,

1. On of About September 1, 2006, Defendants Jill Christie Boddie and Mary Ann Murphy at da behest of Satan ( lucifer da fallen loser ) begin their quest to Kill , Steal, and destroy 'daredeemer' by filing a false/ forged Document pre-filing order dated April 1, 2008 in case entitled Moon vs. Cade et.al. case no. BC340942 and Boddie-Moon vs. Moon ,case no. BD481244 to date Defendants in all pending cases in several courts and court of appeal  will not grant Request to proceed in forma pauperis ( I.F.P.) pending for more than two months ! Especially in da Ninth Circuit court case no. 26-784 ; 26-1589 and U.S Court of Appeal , D.C. case no. 26-5061 and 25-5207  see , read , understand , and consider attached Motion A ( 3) pages incorporated by this reference .

2. 'daredeemer' demand a U.S. Congressional ( En Banc ) for investigation , indictment , impeachment, and prosecution , but Defendants Satan, roes/does 1- 350 inclusively et. al. won't allow it. 'daredeemer' has also demanded that da case be removed to da International Criminal Courts. As da court has Global jurisdiction. *see, read, understand and consider attached Motions A, B, C, incorporated by this reference*

EXTREME EMERGENCY MOTION FOR LEAVE - 2

'daredeemer' proclaim and decree under da penalty of sin that da foregoing is true and correct, so help ME God!!!

DATED : March 31, 2026    by: _____
KING Adrian 'daredeemer' Moon, Attorney In Pro se

EXTREME EMERGENCY MOTION FOR LEAVE - 3

EX) PARTE APPLICATION TO VACATE, SET-ASIDE AND STRIKE FROM ALL court records order dated April 1, 2008 retroactively to April 1, 2008.

4/2/2008

Motion A (4) pages

25

**FILED**
LOS ANGELES SUPERIOR COURT

APR 0 1 2008

JOHN A. CLARKE, CLERK

BY CECILIA GUERRERO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| A. D. MOON, | Case No. BC 340942 |
| Plaintiff, | ORDER |
| vs. | |
| WARREN CADE, an individual, et al., | |
| Defendants. | |
| AND CROSS-COMPLAINT | |

The issues presented are whether plaintiff, A.D. Moon, is a vexatious litigant within the meaning of CCP §391 and, if so, whether plaintiff must obtain a prefiling order from the Presiding Judge of the court where the litigation is to be filed prior to filing any action in propria persona.

California's vexatious litigation statute is constitutional. *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal. App. 4th 43; *see also*, *PBA, LLC v. KPOD, LTD* (2003) 112 Cal App. 4th 965; *Luckett v. Panos* (2008) -- Cal. App. 4th --, 2008 Daily Journal DAR 4046.

For the purpose of this motion, the court has considered whether plaintiff has, in the immediately preceding seven year period, commenced, prosecuted or maintained, as a

1

Motion A (7) pages

self represented party, at least five litigations, other than small claims, that have been finally determined adversely to plaintiff. CCP § 391(b)(1)

The seven year period is measured retroactively from the date the motion is filed, here, August 22, 2007 and amended on 9-21-07.[1] *Stolz v. Bank of America* (1993) 15 Cal. App. 4th 217, 222-223.

Cases voluntarily dismissed by plaintiff are included for the purpose of the vexatious litigant statute. *Tokerud v. Capitol Bank Sacramento* (1995) 38 Cal. App. 4th 775, 779; Weil, Brown, *Civil Procedure Before Trial* (Rutter Group 2007) ¶1:919.4, page 1-217.

Litigation includes any appeal or writ proceeding. *Luckett v. Panos* (2008) -- Cal. App. 4th --, 2008 Daily Journal DAR 4046; *McColm v. Westwood Park Ass'n.* (1998) 62 Cal. App. 4th 1211. It appears that litigation also includes a cross-complaint. *Taliaferro v. Hoogs* (1965) 236 Cal. App. 2d 521.

<u>Plaintiff's Litigation as a Self Represented Party</u>

<u>Determined Adversely to Plaintiff During the Last Seven Years</u>

Plaintiff has, in the immediately preceding seven year period, commenced, prosecuted or maintained, as a self represented party, at least five litigations, other than small claims, that have been finally determined adversely to plaintiff. CCP § 391(b)(1) Those cases are:

1.    *A. D. Moon v. Brian Lee*, No. 00U29884, filed by self represented plaintiff A.D. Moon on 12-29-00, dismissed on court's own motion on 2-15-01. Unlawful detainer case.

2.    *A.D. Moon v. Aaron Williams*, No. 01C00434. Self represented plaintiff A. D. Moon filed a complaint on 2-21-01. Trial on the merits occurred on 3-16-01, the Hon.

---

[1] The motion was continued due to a bankruptcy court stay.

2

Lillian M. Stevens presiding. Judgment was entered against plaintiff A. D. Moon in favor of defendant on 3-16-01.

3. *A.D. Moon v. Jessie Aviado*, No. 01C2205, filed 8-28-01. Dismissed without prejudice on 8-28-01. Unlawful detainer case.

4. *A.D. Moon v. Douglas*, 2C01699, filed 6-12-02. Dismissed by the court on, on 7-31-02, on an order to show cause for failure of self represented plaintiff, A. D. Moon, to file documents necessary to bring the case to a final conclusion. Unlawful detainer case.

5. *Untung v. A.D. Moon*, GC029605. Self represented defendant A.D. Moon filed a cross-complaint against Untung and Kolopaking on 6-28-02. The case ended in a stipulated judgment against A.D. Moon in the sum of $14,000. (Judgment on Stipulation for Entry of Judgment, filed 1-21-04).

6. *A.D. Moon v. Anthony McFarland; Abundant Harvest Christian Center*, No. GC033768, filed 5-12-04, voluntarily dismissed without prejudice by plaintiff on 7-29-04.

7. *A.D. Moon v. Anthony McFarland, d.b.a. bookstore and Micheline McFarland d.b.a. Virtuous Day Spa & Salon*, BS095133, LASC Appellate Division, Petition for Writ of Mandate/Prohibition/Certorari or Other Appropriate Relief filed 2-22-05 and denied on 3-1-05.

8. *A. D. Moon v. Anthony McFarland d.b.a. Abundant Harvest Ministries*, No. 05-U-00062, GC 036301. Filed 1-27-05, Reclassified on 11-22-05 and transferred to Pasadena Unlimited. Demurrer to plaintiff's complaint sustained without leave to amend on 5-26-06. Appeal (B197051) abandoned on 4-26-07 and Court of Appeals deemed case complete on 4-26-07.

3

9.    *A.D. Moon v. Anthony McFarland, an indiv., dba bookstore; Micheline McFarland, an indiv, dba Virtuous Day Spa and Salon,* 04U00356, filed 5-12-04 by self represented A.D. Moon. Dismissed without prejudice on 6-4-04. Unlawful detainer case.

10.   *A.D. Moon v. Anthony McFarland, an individual dba, Abundant Harvest Offices,* 04U00357, filed 5-12-04 by self represented A.D. Moon. Dismissed without prejudice on 6-4-04. Unlawful detainer case.

11.   *A.D. Moon v. Anthony McFarland, an individual, dba Source Café and Lab,* 04U00358, filed 5-12-04 by self represented A.D. Moon. Dismissed without prejudice on 6-4-04. Unlawful detainer case.

12.   *A.D. Moon v. Beverly Joyce Spear,* BC 315933. Filed by self represented plaintiff . on May 21, 2004. Complaint voluntarily dismissed without prejudice on 9-10-04.

13.   *A.D. Moon v. Anthony McFarland, dba Bookstore; Michelene McFarland, an Indiv. dba Virtuous Day Spa,* No 04U00455, filed by self represented plaintiff on 6-25-04. Consolidated with 04U00457 and 04U00456 on 8-2-04. Summary judgment granted against plaintiff A.D. Moon on 11-30-04. Notice of appeal filed on 12-23-04. Remittitur and order dismissing appeal filed on 1-4-07.

14.   *A.D. Moon v. Anthony McFarland, an Indiv, dba Abundant Harvest Offices,* No. 04U00456, filed by self represented A.D. Moon on 6-25-04. Consolidated with 04U00457 and 04U00455 on 8-2-04. Summary judgment granted against plaintiff A.D. Moon on 11-30-04. Notice of appeal filed on 12-23-04. Remittitur and order dismissing appeal filed on 1-4-07.

15.   *A.D. Moon v. Anthony McFarland, an indiv, dba Source Café and Lab,* No.04U00457, filed by self represented A.D. Moon on 6-25-04. Consolidated with

4

04U00455 and 04U00456 on 8-2-04. Summary judgment granted against plaintiff A.D. Moon on 11-30-04. Notice of appeal filed on 12-23-04. Remittitur and order dismissing appeal filed on 1-4-07.

16. *Moon v. SCLA*, B196253 (Court of Appeal, Second District) (BC340942) Writ filed 1-23-07 and summarily denied by order on 1-26-07.

17. *Moon v. McFarland*, B187998 (Court of Appeal, Second District). Notice of appeal filed on 12-26-05. Appeal dismissed on 1-12-06 as having been taken from a non-appealable order.

18. *Moon v. SCLA*, B183156 (Court of Appeal, Second District). Petition filed 5-19-05. Petition summarily denied by order on 5-25-05.

19. *Moon v. SCLA*, B182708 (Court of Appeal, Second District) Petition filed 5-3-05. Petition summarily denied by order on 5-6-05.

20. *Moon. v. McFarland*, B197501 (Court of Appeal, Second District) Notice of Appeal lodged 3-1-07. Case complete; abandonment of appeal filed in trial court on 4-26-07.

The names plaintiff has used are not considered for the purpose of whether plaintiff is a vexatious litigant or whether a pre-filing order should be imposed. They are relevant for the purposes of listing plaintiff on vexatious litigant list.

Plaintiff filed this action using the name A.D. Moon.

In *A.D. Moon v. Garbutt*, et al., No. BC 367789, on July 19, 2007, Mr. Moon advised the Court that in a real estate transaction in which he was the broker, he sold property using the last name "Daniels" and that Daniels is his "a.k.a." and a fictitious name he was using as the seller of property. TR. 7-19-07 2:19-6:11. When the Court asked Mr. Moon

5

if he used any other fictitious names, Mr. Moon denied having any fictitious names other than A.D. Moon Company. TR 7-19-07 6:12-15 The form of the business entity A.D. Moon Company is unclear. It is not a California Corporation or LP/ LLC; it appears that Mr. Moon has not filed a fictitious name statement in the County of Los Angeles for A.D. Moon Company.

In *Trust One Mortgage Corp. v. Gloria Black, Adrian Moon, aka AD Moon Construction Company aka Kaavon Moon aka Damico Lott*, No. BC316884 on 7-19-04, Mr. Moon filed a cross-complaint using the names Adrian Moon, a.k.a. AD Moon Construction Company a.k.a Kaavon Moon a.k.a Damico Lott. The form of the business entity A D Moon Construction Company is unclear. It is not a California Corporation or LP/ LLC; it appears that Mr. Moon has not filed a fictitious name statement in the County of Los Angeles for A.D. Moon Construction Company.

In *Moon v. Beverly Joyce Spear*, BC315933, paragraph 5 of self represented plaintiff's complaint, filed 5-21-04, states in pertinent part:

> Plaintiff, on or about purchase [sic] a Mercury Villager from Star Ford. Plaintiff purchase [sic] said Mercury Villager in the alter ego, (alias) aka Damico Lott.

Plaintiff's Broker's license (number 942841), issued by the California Department of Real Estate, is in the name of Adrian Moon. Plaintiff's Notary Commission (number 1119753, expired 12-15-00) is in the name of Adrian D. Moon. Plaintiff operates "A.D. Moon Co" in Altadena California, which appears to be realty and mortgage broker company.

6

## Conclusion

Defendant, Edmond Daire's Motion to declare plaintiff A. D. Moon a vexatious litigant and for prefiling review orders is granted. Plaintiff A.D. Moon, a.k.a. Adrian D. Moon, a.k.a., Adrian Damico Moon, a.k.a., Adrian Moon, a.k.a. Kaavon Moon, a.k.a. Damico Lott, a.k.a. A D Moon Company, a.k.a. A D Moon Co., a.k.a. A D Moon Construction Company, a.k.a. A D Moon Construction Co. is a vexatious litigant within the meaning of CCP § 391(b)(1).

The Court imposes a prefiling order, pursuant to CCP § 391.7(a). Plaintiff A.D. Moon, a.k.a. Adrian D. Moon, a.k.a., Adrian Damico Moon, a.k.a., Adrian Moon, a.k.a. Kaavon Moon, a.k.a. Damico Lott, a.k.a. A D Moon Company, a.k.a. A D Moon Co., a.k.a. A D Moon Construction Company, a.k.a. A D Moon Construction Co. is prohibited from filing any new litigation in the courts of this State, in propria persona, in his own name or using any other name, without first obtaining leave of the Presiding Judge of the court where the litigation is proposed to be filed.

Dated: April 1, 2008

*Mary Ann Murphy*
MARY ANN MURPHY
Judge of the Superior Court

7

EX PARTE APPLICATION
for Recusal of
Defendant MARy Ann Murphy
retroactively to August
26, 2000

4/2/2026

Motion B (5) pages

25

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 0 5 2009

JOHN A. CLARKE, CLERK
BY CECILIA GUERRERO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

A.D. MOON,

      Plaintiff,

    vs.

WARRING CADE-DAIRE, et al.,

      Defendants.

AND CROSS COMPLAINT

Case No. BC340942

ORDER STRIKING "PEREMPTORY CHALLENGE"

This is the third challenge plaintiff has filed against this Court.

<u>Plaintiff's November 20, 2008 Challenge</u>

On November 20, 2008, Plaintiff A.D. Moon filed a document entitled "Peremptory Challenge" "Pursuant to C.C.P. § 170, et seq. and C.C.P. § 397(b)." The November 21, 2008 order analyzed the document both as a peremptory challenge (CCP §170.6) and as a statement of disqualification for cause (CCP §170.1). On November 21, 2008, the Court ordered the document stricken because, as a challenge for cause it was not verified as required by CCP § 170.3(c), utilizing the language required by CCP § 446(a) and as a peremptory challenge it was untimely

Plaintiff's sole remedy following the Court's November 21, 2008 order striking his Statement of Disqualification was writ review. "The determination of the question of

1

Motion B (5) pages

the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate Court of Appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding." CCP § 170.3(d); *People v. Hull* (1991) 1 Cal.4th 266, 276 (CCP § 170.3(d) applies to challenges for cause and to peremptory challenges)

<u>Plaintiff's December 1, 2008 Challenge</u>

Nevertheless, on December 1, 2008, Plaintiff filed a pleading entitled: "Plaintiff's Objection to Judge Mary Ann Murphy Motion Striking [sic] the Timely Served and Accepted Peremptory Challenge of A.D. Moon; Request for a Hearing Pursuant to CCP § 170.3; Declaration of A.D. Moon."

On December 9, 2008, the Court struck the December 1, 2008 challenge. See December 9, 2008 Order.

<u>The Instant January 5, 2009 Challenge</u>

On January 5, 2009, Plaintiff A.D. Moon filed a document entitled "Peremptory Challenge." The following appears under the title of the pleading: "[pursuant to Government Code secd [sic] 68616(i); Code of Civil Procedure § 170 through 170.9 et seq.; Code of Civil Procedure § 397(b) California Rules of Court 10.20.

The "Peremptory Challenge" erroneously states that this action has been "Re-assigned for all purposes to the Hon. Lee Smalley Edmon, and Judge Elihu M. Berle, Dept. 1"

To the extent Plaintiff intended the document to be a challenge filed pursuant to C.C.P. § 170.6, the peremptory challenge was not made by affidavit as required by CCP 170.6(5) or under penalty of perjury as required by CCP § 170.6(6) and the peremptory

challenge is stricken on that basis. *See*, CCP § 2015.5 (form of declaration under penalty of perjury); *see also*, *Kulshrestha v. First Union Commerical Corp.* (2004) 33 Cal. 4th 601. Additionally, the language required by CCP § 170.6(5) was not included and the peremptory challenge stricken on that basis.

The peremptory challenge, if made pursuant to CCP §170.6, is stricken as untimely. As noted in the court's 11/21/08 order striking Plaintiff's previously filed C.C.P. § 170.6 challenge, this case was assigned to Department 25 for all purposes at the time the original complaint was filed on October 5, 2005. To be timely, any C.C.P. § 170.6 challenge by Plaintiff had to have been filed by October 20, 2005. Following the Court's 11/21/08 strike order, plaintiff's sole remedy was writ review. "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days notice to the parties of the decision and only by the parties to the proceeding." C.C.P. § 170.3(d); *People v. Hull* (1991) 1 Cal.4th 266 (holding C.C.P. § 170.3(d) applicable to peremptory challenges).

Inasmuch as Plaintiff purports to extend the C.C.P. § 170.6 challenge to any other judicial officer, the challenge is repetitive and without legal effect. "Except as provided in this section, no party or attorney shall be permitted to make more than one such motion in any one action or special proceeding . . ." C.C.P. §170.6(a)(3). On December 15, 2008, Plaintiff filed a "NOTICE OF OBJECTION". In an order dated December 23, 2008, the Honorable Elihu M. Berle deemed this objection a C.C.P. § 170.6 challenge filed against the Honorable Lee Smalley Edmon and accepted the challenge.

3

Accordingly, Plaintiff is precluded from making further C.C.P. § 170.6 challenges against any other judicial officer. C.C.P. §170.6(a)(3).

Alternatively, the court considers the document a statement of disqualification for cause pursuant to C.C.P. § 170.1. A statement of disqualification for cause must be verified. C.C.P. § 170.3(c)(1).

The object of verification is to assure good faith in the averments or statements of the party. *H. G. Bittleston Law and Collection Agency v. Howard* (1916) 172 Cal. 357, 360; *Silcox v. Lang* (1889) 78 Cal. 118, 122. Where, as here, plaintiff is accusing the trial court judges of engaging in criminal acts, aiding and abetting criminal activity of other judges' criminal activity," it would seem appropriate to ensure that such an accusation in a C.C.P. § 170.1 challenge for cause is verified in accordance with the provisions of C.C.P. § 446(a) and as required by C.C.P. § 170.3(c)(1).

Plaintiff's statement of disqualification is not verified in accordance with the provisions of C.C.P. § 446(a) and as required by C.C.P. § 170.3(c)(1) and is stricken on that basis

The statement of disqualification is repetitive of Plaintiff's previous statements in that it is based solely upon an unsupported, conspiratorial theory that the court refuses to disqualify itself. "A party may file no more than one statement of disqualification against a judge unless facts suggesting new grounds for disqualification are first learned of or arise after the first statement of disqualification was filed. Repetitive statements of disqualification not alleging facts suggesting new grounds for disqualification shall be stricken by the judge against whom they are filed." C.C.P. §170.4(c)(3). No new facts suggesting grounds for disqualification have arisen since Plaintiff's prior statements of

4

disqualification.  Rather, Plaintiff is merely dissatisfied with a series of rulings made by several judicial officers regarding his status as a vexatious litigant and Plaintiff's attempts to disqualify the court.

The challenge is also made pursuant to Code of Civil Procedure section 397(b). That section governs transfers where there is reason to believe that an impartial trial cannot be had in the county where the action is filed.  Weil, Brown, *Civil Procedure Before Trial* (Rutter Group 2008) paragraph 3:560, page 3-137.  Such a request must be made by motion.

The challenge is also made pursuant to CRC 10.20. That rule is not a basis for a peremptory challenge or a challenge for cause.

The parties are reminded that this determination of the question of the disqualification is not an appealable order and may be reviewed only by a writ of mandate from the Court of Appeal sought within 10 days of notice to the parties of the decision.  Code of Civil Procedure §170.3(d).  In the event that a timely writ is sought and an appellate court determines that an answer should have been timely filed, such an answer is filed herewith.  *PBA, LLC v. KPOD*, Ltd. (2003) 112 Cal.App.4th 965, 972; *Fine v. Superior Court (DeFlores)* (2002) 97 Cal.App.4th 651, 658 n.3.

DATED: January 5, 2009

MARY ANN MURPHY
JUDGE OF THE SUPERIOR COURT

5

EX PARTE APPLICATION

Back To Top

TO VACATE, SET-ASIDE
AND STRIKE All orders
AND ruling decided
adversely to Adrian Damico
Moon the Dismiss Case
with prejudice retroactively
to April 14, 2021

Motion c (an) pages

# Case Access Information

## Case Information

**Case Number**
21PDUD00319

**Case Title**
LEAH WHETSTONE VS ADRIAN MOON

**Filing Date**
4/14/2021

**Filing Courthouse**
Stanley Mosk Courthouse

**Status**
Jury Verdict

**Case Type**
Unlawful Detainer/Residential (not drugs or wrongful eviction) (General Jurisdiction)

**Judicial Officer**
Victor G. Viramontes

ILLEGAL EVICTION IN SPITE OF (7) STANDING COVID-19 EVICTION MORATORIUMS

4-2-2024

Motion C (92) pages